UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) | CASE NO. 1:19-cv-145 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| SOUTH UNIVERSITY OF OHIO, ) | |
| LLC, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## APPLICATION OF RECEIVER TO RETAIN WHITMER & EHRMAN LLC AS ATTORNEYS FOR THE RECEIVER

## NOTICE OF DEADLINE FOR THE FILING OF OBJECTIONS

Mark E. Dottore, the duly appointed and acting receiver herein (the "**Receiver**"), respectfully represents to the Court that, in order to fulfill his duties to marshal and preserve the Receivership Entities and the Receivership Property[1] and to otherwise carry out the duties and responsibilities described in the Order Appointing Receiver, he will require the assistance of experienced counsel. To that end, and pursuant to ¶¶ 15 through 19 of the Order Appointing Receiver, the Receiver requests the Court enter an order authorizing him to engage the firm of Whitmer & Ehrman LLC ("**W&E**") as his general counsel. In support of this request,

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Order Appointing Receiver [Docket No. 8].

the Receiver submits the Verified Statement of Mary K. Whitmer, a copy of which is attached hereto as Exhibit A (the "**Whitmer Statement**"), and says as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action under the U.S. Const. Art. III, § 2 and 28 U.S.C. § 1332. The Court exercises diversity because the parties are of complete diverse citizenship and the amount in controversy exceeds $75,000.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events giving rise to this action took place in this judicial district and a substantial part of the property that is the subject of the action is situated in this district.

3. The relief sought in this Application is governed by Fed. R. Civ. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio, and the Order Appointing Receiver.

### W&E's Qualifications

4. Whitmer & Ehrman LLC was established three years ago by partners Mary K. Whitmer, James W. Ehrman, who are experienced receivership, insolvency and bankruptcy professionals. One year ago, they were joined by partner Robert M. Stefancin, also a knowledgeable veteran in these matters.

5. W&E has substantial experience in receivership proceedings and is well qualified to represent the Receiver, and the various Receivership Entities in this proceeding. Ms. Whitmer, Mr. Ehrman and Mr. Stefancin have represented the Receiver or others in the following types of receiverships, *inter alia*,

- A state court special master (with the duties of a receiver) in the sale of substantially all of the assets of a not-for-profit university through state court receivership, satisfying bondholders of a public offering and approximately 80% of all of the outstanding debt.

- A federal court receivership brought by the Securities and Exchange Commission against a group of stock brokers and those who assisted them to recover assets that were implicated in a Ponzi scheme;

- Receiver for a Delaware publicly held international executive search firm, litigating validity of a UCC-9 secured party sale in Chancery Court

- A federal court receiver in an action brought by the Federal Trade Commission against a bogus debt consolidator/mortgage modification enterprise, involving simultaneous seizures of assets in Florida and Ohio and the sale of assets of the company and its owners, including art work.

- An Ohio bank in an action to recover payment on a loan and the appointment of a receiver to recover assets fraudulently transferred by the principals of a factoring company. Ms. Whitmer litigated the case to a successful verdict in which the United States District Court found actual fraud in the formation of a new, transferee entity and imposed successor liability; the matter was then upheld by the Sixth Circuit Court of Appeals. *See Per-Co Ltd. et. al. v. Great Lakes Factors, Inc. et. al.* 509 F.Supp.2d 642 (2007), affirmed by the Sixth Circuit, *2008 U.S. App. LEXIS 22941*.

- A state court receiver for a 55 acre industrial parcel of land with 5 acres under roof, and continuation of representation of the receiver after the case filed for bankruptcy.

- A state court receiver in the liquidation of 450 heavy commercial vehicles with conflicting lien priorities resulting from fraudulent conduct of the principal of the company and his son.

- A state court receiver for an operating commercial printing company.

- A state court receiver for an eight story commercial building in downtown Cleveland.

- A Chapter 11 trustee for a ski and golf resort which included a hotel, several restaurants, a convenience store and a spa, resolving several environmental issues and selling the property free and clear of liens in 78 days.

- A Chapter 7 trustee for a stockbroker who operated a Ponzi scheme.

Furthermore, W&E has expertise in all areas of the law that are likely to be significant in this case.

6. Neither W&E nor any of its partners represent an interest adverse to that of the within estate, and W&E is not a creditor, equity security holder or insider of any of the Plaintiff or the Defendant or any of the Receivership Entities in this case, except that they represented the Receiver immediately prior to the filing of this case in his capacity as a consultant to South University of Ohio and were compensated for their activities in that regard. In addition, W&E may have a small, unpaid balance due and owing to them for services rendered within days of the filing of the underlying case that could not be calculated and paid before this lawsuit was filed. In addition, except as previously stated, neither W&E, nor any of its partners has a direct or indirect relationship to, connection with, or interest in, the Defendant, the Receivership Entities or any known party in interest in this case.

**Services To Be Provided by W&E**

7. The Receiver anticipates that W&E will perform the following legal services:

- assisting the Receiver in taking possession and control, and assuming operation and management of the various Receivership Entities, securing the business premises located in the various locations and securing, seizing or otherwise recovering the Books and Records, and dealing with the myriad of legal issues that will arise from the operation of numerous universities in various states;

- reviewing the validity, priority, or extent of liens or other interests in the Receivership Property and filing proceedings to determine the payment priority of each lien or other interest;

- assisting the Receiver in negotiations and transactions with the United States Department of Education;

- assisting the Receiver in matters involving litigation whether pending against and on behalf of the Receivership Entities and advising the Receiver as to when the Receiver can or should institute, prosecute or intervene in any proceeding and/or lawsuit and as to when it is appropriate with withdraw the defense of a pending lawsuit;

- assisting with the identification and prosecution of claims and causes of action which might be asserted by the Receiver on behalf of the estate, including but not limited to, causes of action based on one or more of the following legal theories: breach of contract, breach of fiduciary duty, fraudulent transfer, fraud, conversion, and civil conspiracy;

- assisting the Receiver in employment issues that may arise in managing and administering over 1400 employees;

- assisting the Receiver in issues involving executory contracts and leases, and the equitable assumption and rejection of those executory contracts and leases;

- advising the Receiver with regard to bankruptcy issues, and the possible filing of a bankruptcy for any of the Receivership Entities;

- advising the Receiver regarding the distribution of Receivership Property;

- advising the Receiver with regard to risk management and insurance matters;

- advising and assisting the Receiver with regard to the use, transfer and/or assignment of any of the Receivership Property;

- using the legal process to further investigate the acts, conduct, assets, liabilities, and financial condition of the Defendant, the Receivership Entities and any other appropriate parties and any matters relevant to this receivership, including but not limited to the examination of

persons and parties with knowledge pursuant to orders obtained from this Court;

- taking those actions required under the law to recover assets for the estate;

- representing the Receiver in any action to obtain an injunction or other equitable relief or to recover Receivership Property;

- appearing on behalf of and representing the Receiver in any case brought by the Receiver or defended by the Receiver to the extent necessary to take control of and to defend Receivership Property and the Receivership Entities against the claims of others;

- preparing all necessary court pleadings, applications, motions, objections, legal memoranda, and other documentation as may be necessary to the general administration of the estate and generally to represent the Receiver at hearings and other proceedings; and

- performing all other legal services for the Receiver which may be required or deemed to be in the interest of the body of interest holders, including students and secured or general unsecured creditors in accordance with his powers and duties as set forth in the Order Appointing Receiver.

**Notice of Contact Information for Whitmer & Ehrman LLC**

8. This application is intended to serve as notice to all parties that have entered an appearance in this action that contact information for those at W&E is as follows:

> Mary K. Whitmer, Esq.
> James W. Ehrman, Esq.
> Robert M. Stefancin, Esq.
> WHITMER & EHRMAN LLC
> 2344 Canal Road, Suite 401
> Cleveland, OH  44113
> Telephone: (216) 771-5056
> Facsimile: (216) 771-2450
> E-mail:    mkw@WEadvocate.net
>            jwe@WEadvocate.net
>            rms@WEadvocate.net

## Notice

9. Notice of this motion will be given to all counsel of record by operation of the Court's electronic filing system. Further notice, if appropriate, will be provided and an additional Certificate of Service will be filed. In light of the nature of the relief requested herein, the Receiver submits that no other or further notice is required.

## NOTICE OF DEADLINE FOR THE FILING OF OBJECTIONS

**PLEASE TAKE NOTICE that this Application is filed for the purpose of providing information to the parties and other persons interested in these proceedings. Any objection to this Application must be filed within 14 days from the date of service as set forth on the certificate of service. If no response or objection is timely filed, the Court may grant the relief requested without further notice.**

**PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 66 and in accord with the practice in the administration of bankruptcy estates in this district, W&E will commence representation immediately upon the filing of this Application.**

WHEREFORE, the Receiver respectfully requests that this Court enter an order substantially in the form of the attached Exhibit B, authorizing him to retain Whitmer & Ehrman LLC as his counsel, allowing their representation to commence immediately upon the filing of this Application and granting such other and further relief as the Court may deem proper.

Dated: January 21, 2019                  Respectfully submitted,

                                         */s/ Mark E. Dottore*
                                         Mark E. Dottore, Receiver
                                         2344 Canal Road
                                         Cleveland, OH  44113
                                         Telephone: (216) 771-0727
                                         Facsimile: (216) 771-2450

## CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2019, I filed the foregoing APPLICATION OF RECEIVER TO RETAIN WHITMER & EHRMAN LLC AS ATTORNEYS FOR THE RECEIVER - NOTICE OF DEADLINE FOR THE FILING OF OBJECTIONS by electronic means. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                         */s/ Mark E. Dottore*
                                         Mark E. Dottore, Receiver