**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**UNOPPOSED JOINT MOTION OF FLAGLER MASTER FUND SPC LTD. AND**
**U.S. BANK, NATIONAL ASSOCIATION, TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Flagler Master Fund SPC Ltd., acting for and on behalf of the Class B segregated portfolio ("Flagler"), as a lender under the Credit Agreement[1] and as a secured party and beneficiary of each of the Second Lien Guaranty and the Second Lien Pledge and Security Agreement, and U.S. Bank, National Association ("U.S. Bank" and, together with Flagler, the "Movants"), acting in its capacity as administrative agent and collateral agent under the Credit Agreement and as a secured party and beneficiary of each of the Second Lien Guaranty and the Second Lien Pledge and Security Agreement, hereby jointly move the Court to intervene in this action.  Counsel to Plaintiff Digital Media Solutions, LLC ("Plaintiff") and counsel to Court-appointed receiver Mark E. Dottore (the "Receiver") have indicated that their respective clients consent to the Movants' request to intervene.  Counsel to the Receiver also indicated that Defendants Dream Center

---

[1]  Capitalized terms used but not defined in this Motion shall have the meanings ascribed to such terms in the accompanying *Flagler Master Fund SPC Ltd. and U.S. Bank, National Association Joint Memorandum in Support of Their Unopposed Motion to Intervene* (the "Memorandum").

Education Holdings, LLC, South University of Ohio, LLC, and Argosy Education Group, LLC (collectively, the "Defendants") consent to the Movants' request to intervene. The reasons for the Motion are set forth in the accompanying Memorandum. A copy of the proposed order approving the request to intervene is attached as <u>Exhibit A</u> to the Memorandum.

[<i>continued on next page</i>]

Dated: January 30, 2019

Respectfully submitted,

| | |
|---|---|
| s/ Jeffrey A. Lipps | s/ John C. Allerding |
| Jeffrey A. Lipps (0005541) | John C. Allerding (0087025) |
| David A. Beck (0072868) | THOMPSON HINE LLP |
| CARPENTER & LIPPS LLP | 3900 Key Center |
| 280 North High St., Suite 1300 | 127 Public Square |
| Columbus, OH 43215 | Cleveland, Ohio 44114-1291 |
| (614) 365-4100 (Telephone) | (216) 566-5500 (Telephone) |
| (614) 365-9145 (Facsimile) | (216) 566-5800 (Facsimile) |
| lipps@carpenterlipps.com | john.allerding@thompsonhine.com |
| beck@carpenterlipps.com | |
| | |
| OF COUNSEL:[2] | OF COUNSEL: |
| | |
| Gary S. Lee | Carey D. Schreiber |
| Todd S. Goren | Bart Pisella |
| James A. Newton | WINSTON & STRAWN LLP |
| MORRISON & FOERSTER LLP | 200 Park Avenue |
| 250 West 55th Street | New York, NY 10166-4193 |
| New York, NY 10019-9601 | Telephone: (212) 294-6700 |
| Telephone: (212) 468-8000 | Facsimile: (212) 294-4700 |
| Facsimile: (212) 468-7900 | cschreiber@winston.com |
| glee@mofo.com | bpisella@winston.com |
| tgoren@mofo.com | |
| jnewton@mofo.com | *Attorneys for U.S. Bank, National Association* |
| | |
| *Attorneys for Flagler Master Fund SPC Ltd.* | |

---

[2] Attorneys identified as "Of Counsel" are in the process of collecting good-standing certificates necessary for admission *pro hac vice* and will be filing motions for admission *pro hac vice* once all necessary supporting materials are available to comply with the local rules.

3

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FLAGLER MASTER FUND SPC LTD. AND U.S. BANK, NATIONAL
ASSOCIATION JOINT MEMORANDUM IN SUPPORT OF THEIR
<u>UNOPPOSED MOTION TO INTERVENE</u>**

This proceeding concerns the receivership and potential winddown of a chain of non-profit colleges indirectly owned by The Dream Center Foundation, a nonprofit organization based in Los Angles, California. Although possibly insolvent, the Defendants are not filing for relief under the United States Bankruptcy Code because they assert that, under applicable federal regulations, such a filing would cause the Defendants (and their students) to immediately lose access to federal funding under Title IV of the Higher Education Act of 1965. *See* Complaint ¶¶ 37-39. Accordingly, the Defendants have elected to pursue a federal receivership, which they believe to be the best available means to protect and preserve their going concern value for the benefit of their stakeholders and minimize disruption to their students.

Flagler Master Fund SPC Ltd. ("Flagler") is an investment fund managed by Candlewood Investment Group, LP ("Candlewood"). Flagler is a secured lender under the Defendants' secured Credit Agreement[1] and a beneficiary of a Second Lien Guaranty[2] and Second Lien

---

[1] As used herein, the term "Credit Agreement" means that certain Senior Secured Credit and Guaranty Agreement, dated as of October 17, 2017, as amended by that certain Amendment No. 1 and Limited Forbearance Agreement dated as of August 31, 2018 and that certain Omnibus Amendment No. 2 to Credit Documents dated as of January 7, 2019, by and among Dream Center Education Holdings, LLC, Dream Center Argosy University of California, LLC,

Pledge and Security Agreement.[3]  U.S. Bank is the administrative agent and collateral agent under the Credit Agreement and a secured party and beneficiary of each of the Second Lien Guaranty and the Second Lien Pledge and Security Agreement.  In the aggregate, more than $115 million in secured obligations remain outstanding under the Credit Agreement, the Second Lien Guaranty, and the Second Lien Pledge and Security Agreement.

Over the course of the past eighteen months, in coordination with other secured lenders, Flagler and its investment advisor, Candlewood, have taken a leading role in negotiations with the Defendants, their current and former affiliates, and various other stakeholders regarding the terms of one or more consensual restructurings aimed to ensure the best possible outcome for students and creditors alike.  These efforts resulted in the January 7, 2019 spinoff of South University, LLC and The Arts Institutes International, LLC and certain of their respective subsidiaries (the "Spin-off Schools") to Education Principle Foundation, a non-profit organization unaffiliated with the Defendants.  None of the Spin-off Schools are party to this proceeding.  Flagler and Candlewood played a critical role in liaising with and obtaining the requisite consents for the spinoff from other secured lenders, and Flagler provided a material portion of the incremental funding necessary to facilitate the spinoff transaction.  Neither the Movants, nor any other secured lender, to the Movants' knowledge, received advance notice of

---

and Dream Center Education Management, LLC, as borrowers, certain subsidiaries of the borrowers, as guarantors, the lenders party thereto from time to time, and U.S. Bank National Association, as administrative agent and collateral agent, as the same may be amended, amended and restated, modified, supplemented, or otherwise modified from time to time.

[2] As used herein, the term "Second Lien Guaranty" means that certain Second Lien Guaranty dated as of October 17, 2017 made by each of the guarantors party thereto in favor of U.S. Bank National Association, as collateral agent under the EDMC Credit Agreement (the "EDMC Agent").  The Defendants and their affiliates agreed to provide the Second Lien Guaranty and the Second Lien Pledge and Security Agreement in exchange for, among other things, obtaining the benefit of certain letters of credit drawn under the EDMC Credit Agreement.

[3] As used herein, the term "Second Lien Pledge and Security Agreement" means that certain Second Lien Pledge and Security Agreement, dated as of October 17, 2017, between each of the grantors party thereto and U.S. Bank National Association, as collateral agent.

the filing of this proceeding or the terms of the *Order Appointing Receiver* [Docket No. 8] (the "Receiver Order") entered by the Court on January 18, 2019.[4]

The Movants plainly satisfy the requirements for intervention as of right, which are set forth in Rule 24(a) of the Federal Rules of Civil Procedure. *First*, pursuant to the Credit Agreement and the Second Lien Pledge and Security Agreement, the Movants have duly perfected security interests in substantially all of the Receivership Property (as defined the Receiver Order), which is the subject of this proceeding. *Second*, the Receiver Order impairs and impedes the Movants' ability to protect their interest in the Receivership Property. Among other things, the Receiver Order grants complete control over the Receivership Property to the Receiver (including the ability to sell such property) and stays the Movants from exercising their remedies under the Credit Agreement, the Second Lien Guaranty, and the Second Lien Pledge and Security Agreement with respect to such property. *Third*, none of the other parties to this proceeding are secured parties under the Defendants' various credit documents and, therefore, such parties cannot adequately represent the Movants' interests as secured creditors. *Finally*, this Motion is timely filed and the Movants otherwise satisfy the requirements for intervention as of right under applicable law in the Sixth Circuit.

Although a federal receivership may represent a promising alternative to bankruptcy for the Defendants, the Movants have the right to participate and will seek to ensure that this proceeding preserves the *status quo* and respects their interests as secured parties. As noted in the Motion, counsel to Plaintiff and the Receiver indicated that their respective clients consent to the Movants' request to intervene. Counsel to the Receiver stated that the Defendants likewise

---

[4] Since the commencement of this proceeding, the Movants have continued to engage actively with the Receiver and the other parties in interest in an effort to avoid unnecessary litigation. To date, these efforts have resulted in the filing of the *Motion of Mark E. Dottore, Receiver, for Entry of Order Clarifying Order Appointing Receiver* [Docket No. 12] on January 25, 2019, and the entry of the Order Clarifying Order Appointing Receiver [Docket No. 14] the same day.

3

consent to the Movants' request to intervene. Accordingly, for these reasons and for the other reasons discussed in this Memorandum, the Movants respectfully request that the Court enter the proposed order, attached hereto as <u>Exhibit A</u> (the "Proposed Order"), granting the Movants' request to intervene as of right in this proceeding.

## **LAW AND DISCUSSION**

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention as of right by non-parties. That Rule provides, in pertinent part, that:

> (a) <u>Intervention of Right.</u> On a timely motion, the court *must permit* anyone to intervene who:
>
> . . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 (emphasis added). "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). An applicant seeking to intervene as a matter of right under Rule 24(a) must establish the following elements: (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest. *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006) (citation omitted).

The standard for mandatory intervention under Rule 24 is satisfied. As detailed below, the Sixth Circuit's requirements for timeliness, substantial legal interest, inability for that interest to be protected without intervention, and the existing parties not adequately representing that interest are all satisfied.

4

First, the requested intervention is timely.  In determining the timeliness of a motion for intervention as of right, courts consider five factors:  (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).  No one factor is dispositive; rather, "the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000) (citation and quotation marks omitted).  The Movants' request for intervention is being less than 14 days after the commencement of this proceeding, rendering it timely under the first factor.  The Movants are acting promptly to protect their interests as secured creditors, which satisfies the second factor.  The Movants only learned of this proceeding on January 18, 2019, and promptly consulted with the parties about their desire to intervene, satisfying the fourth and fifth factors.  Additionally, there are unusual circumstances here that favor allowing the Movants to intervene; specifically, the Plaintiff and Defendants seek to use receivership as a substitute for a bankruptcy filing, due to the fact that a filing under the United States Bankruptcy Code could destroy the ability of the Defendants to access vital federal aid on behalf of their students.  As the largest secured creditors of the Defendants, the Movants are uniquely impacted by the Receiver Order.  Thus, all of the factors considered for timeliness weigh in favor of the timeliness element for mandatory intervention being found to be satisfied.

Under the second element governing intervention as of right, the proposed intervenor must establish that it "has a substantial legal interest in the subject matter of the case." *Blackwell*, 467 F.3d 999, 1007. As the Southern District of Ohio has noted, "[t]he Sixth Circuit has adopted a rather expansive notion of the type of interests sufficient to invoke intervention of right." *Bds. of Trs. of the Ohio Laborers v. Ford Dev. Corp.*, No. 2:10-cv-0140, 2010 WL 3365927, at *4 (S.D. Ohio Aug. 20, 2010) (*citing Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Further, "close cases are to be decided in favor of recognizing an interest." *Id.* The Receiver Order grants the Receiver control over the Receivership Property (which includes the Movants' collateral) and stays any court proceeding against such assets. This clearly impairs the rights of the Movants with respect to their collateral, which is a substantial legal interest justifying intervention.

In order to establish the third element for mandatory intervention — impairment of a proposed intervenor's interest if it is not permitted to intervene — the Movants "must show only that impairment of [their] substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247 (emphasis added). "[T]he requirement of impairment of a legally protected interest is a minimal one: the requirement is met if the applicant shows 'that representation of his interest 'may be' inadequate.'" *Blackwell*, 467 F.3d at 1007 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The Receiver Order prohibits the Movants from exercising their remedies under the Credit Agreement, the Second Lien Guaranty, and the Second Lien Pledge and Security Agreement with respect to the Receivership Property. These limitations impair the Movants' interests as secured creditors, and place at risk the more than $115 million in secured obligations still outstanding under the Credit Agreement, Second Lien Guaranty, and the Second Lien Pledge and Security Agreement. Thus, impairment of the

Movants' legal rights is clearly possible, satisfying the standard articulated in *Miller* and *Blackwell*.

The fourth element on inadequate representation is a relatively light one. The Supreme Court has explained that an applicant's burden on this factor is "minimal" because "the Rule is satisfied if the applicant shows that the representation of his interest 'may be' inadequate." *Trbovich*, 404 U.S. at 538 n.10. A brief consideration of the disparate interests of the current parties to the litigation and the interests of the existing parties shows that the Movants' interests may not be adequately represented. The Plaintiff is an unsecured creditor of the Defendants whose interest is in maximizing recovery to it on its unsecured claim. The Defendants' interest in this lawsuit is to minimize their liabilities. The Receiver's interest is in acting as a fiduciary for the Court. None of these interests aligns with the Movants' interests as secured creditors. Indeed, it is possible that the Plaintiff, the Defendants, and the Receiver will have differing views from the Movants regarding how the receivership should be administered so as to maximize the assets available to satisfy Defendants' obligations to various classes of creditors, as well as other stakeholders.

All four of the Sixth Circuit's elements for mandatory intervention under Rule 24(a) are satisfied, and no parties oppose intervention. Accordingly, the Movants' motion to intervene as of right should be granted.

Finally, even where an applicant fails to satisfy the requirements of intervention as of right, however, the Court has discretion to grant permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citation omitted).

Once the proposed intervenor establishes those two requirements, the "court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*. (citation omitted). As the U.S. District Court for the Southern District of Ohio has recently noted, "permissive intervention under Rule 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation." *Berk v. Moore*, No. 2:10-cv-1082, 2011 WL 1792534, at *3 (S.D. Ohio May 9, 2011) (internal quotations and citations omitted). As discussed above, this Motion is timely and the disposition of the Receivership Assets, which is the Movants' collateral, lies at the heart of this proceeding. The parties to this proceeding have consented to Movants' intervention and, as set forth herein, all other relevant factors weigh in favor of granting permissive intervention. Accordingly, if this Court is unable to grant intervention as of right under Rule 24(a), it should grant intervention on a permissive basis pursuant to Rule 24(b).

## Conclusion

As two of the entities most directly impacted by the Receiver Order and the potential winddown of the Defendants' operations, the Movants have the right to intervene in this case so that their interests can be heard. The other parties in this case recognize that it is proper for the Movants to be involved and have indicated they consent to this relief. Accordingly, the Movants respectfully request that the Court enter the Proposed Order granting the Movants' request to intervene as of right in this proceeding.

[*continued on next page*]

Dated: January 30, 2019

Respectfully submitted,

| | |
|---|---|
| s/ Jeffrey A. Lipps | s/ *John C. Allerding* |
| Jeffrey A. Lipps (0005541) | John C. Allerding (0087025) |
| David A. Beck (0072868) | THOMPSON HINE LLP |
| CARPENTER & LIPPS LLP | 3900 Key Center |
| 280 North High St., Suite 1300 | 127 Public Square |
| Columbus, OH 43215 | Cleveland, Ohio 44114-1291 |
| (614) 365-4100 (Telephone) | (216) 566-5500 (Telephone) |
| (614) 365-9145 (Facsimile) | (216) 566-5800 (Facsimile) |
| lipps@carpenterlipps.com | john.allerding@thompsonhine.com |
| beck@carpenterlipps.com | |
| | |
| OF COUNSEL:[5] | OF COUNSEL: |
| | |
| Gary S. Lee | Carey D. Schreiber |
| Todd S. Goren | Bart Pisella |
| James A. Newton | WINSTON & STRAWN LLP |
| MORRISON & FOERSTER LLP | 200 Park Avenue |
| 250 West 55th Street | New York, NY 10166-4193 |
| New York, NY 10019-9601 | Telephone: (212) 294-6700 |
| Telephone: (212) 468-8000 | Facsimile: (212) 294-4700 |
| Facsimile: (212) 468-7900 | cschreiber@winston.com |
| glee@mofo.com | bpisella@winston.com |
| tgoren@mofo.com | |
| jnewton@mofo.com | *Attorneys for U.S. Bank, National Association* |

*Attorneys for Flagler Master Fund SPC Ltd.*

---

[5] Attorneys identified as "Of Counsel" are in the process of collecting good-standing certificates necessary for admission *pro hac vice* and will be filing motions for admission *pro hac vice* once all necessary supporting materials are available to comply with the local rules.

**Certificate of Service**

  In accordance with Section 14 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rule of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's ECF filing system on all counsel of record on January 30, 2019.

                s/ Jeffrey A. Lipps
                One of the Attorneys for Flagler Master
                Fund SPC Ltd.