UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> SOUTH UNIVERSITY OF OHIO, LLC, ) <br> *et al.* ) <br> ) <br> ) <br> Defendants. ) | CASE NO. 1:19-cv-145 <br><br> JUDGE DAN AARON POLSTER <br><br> MAGISTRATE JUDGE <br> THOMAS M. PARKER |

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE BY STUDENT INTEVENORS, THE DUNAGAN PLAINTIFFS

Without the objection received from other parties, Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino and Stephanie Porreca, plaintiffs and named representatives in a proposed class action pending in the Circuit Court of Cook County, Illinois, Department–Chancery Division, *Dunagan et al. v. Illinois Institute of Art-Chicago, LLC, et al.*, Case No. 2018 CH15216 (the "Dunagan Plaintiffs"), move to intervene in this proceeding pursuant to Fed. R. Civ. P. 24(a).  The Dunagan Plaintiffs allege in their lawsuit that two of the entities that this Court has placed in receivership—their school, the Illinois Institute of Art, and the school's owner and operating company, Dream Center Education Holdings (DCEH)—misled students by intentionally concealing that the school had lost accreditation.  It has already been determined in a separate

proceeding to which DCEH is a party that this behavior was "inaccurate and misleading," and a corrective action plan to provide relief to students is necessary.

The interests of students and former students need to be represented before the Court. The Court is requested to grant the Dunagan Plaintiffs' motion to intervene to ensure that they have a forum to present their claims as well as represent the interests of students harmed by Defendants.

## I. BACKGROUND

### A. DCEH's Purchase of For-Profit Colleges

DCEH, one of the entities in receivership, was formed by its parent company the Dream Center Foundation (a California-based charity that is not part of this proceeding), to purchase a suite of for-profit colleges from a company called Education Management Corporation (EDMC). Dunagan Complaint ¶ 19. (Exh. A). The purchases of the schools closed in two phases, in October 2017 and January 2018. Declaration of Randall Barton in Support of South University of Ohio et al.'s Response to Plaintiff Digital Media Solutions' Emergency Motion for the Appointment of a Receiver (Dkt. 7-1 ¶ 6). The purchased schools are subject to the receivership ordered by the Court.

When DCEH acquired the schools, DCEH succeeded to a still-binding consent judgment entered into in 2015 between EDMC and forty states' attorneys general, that resolved a dispute about EDMC's recruitment practices, among other things. A Settlement Administrator was appointed to oversee the Consent Judgment and issue annual reports regarding first EDMC's, and subsequently DCEH's, compliance with its requirements. Relevant excerpts of the Settlement Administrator's Third Annual Report are attached as Exhibit B.

### B. DCEH's Concealment of the Loss of Accreditation

The sale of the Illinois Institute of Art from EDMC to DCEH closed on January 20, 2018. Dunagan Complaint ¶ 35. The Higher Learning Commission (HLC) informed DCEH that it was downgrading the Art Institute's accreditation status as of that date from "accredited" to "candidate." *Id.* at ¶¶ 50-51. HLC instructed the Art Institute to inform students taking classes or graduating during the candidacy period that their "courses or degrees are not accredited by HLC and may not be accepted in transfer to other colleges and universities or recognized by prospective employers." *Id.* at ¶ 55.

DCEH and the Art Institute did not follow HLC's directive to tell students about the loss of accreditation, and in fact, stated in the school's course catalogue and on its website that the school *was* accredited. Third Report at 44; Dunagan Complaint ¶¶ 67-68, 72. They did not inform students that their school and courses were not accredited until June 2018, after the concealment was reported by the media. *Id.* at ¶¶ 81-83. Within days of finding out that the school was not accredited, students were also informed that the school was closing in December 2018. *Id.* at ¶¶ 91-92; Third Report at 44. The Art Institute never recovered its accredited status. Dunagan Complaint ¶ 112. As a consequence, all students who were enrolled at the Illinois Institute of Art on or after January 20, 2018, wasted many months, paid tuition, and exhausted loan eligibility on classes that were not accredited, and may not transfer to other schools. Students who graduated from the school any time after January 20, 2018 earned degrees from an unaccredited college.

DCEH and the Art Institute's misrepresentations to students about accreditation were incorporated into the Settlement Administrator's oversight of the Consent Judgment. The Settlement Administrator concluded that the concealment of the loss of accreditation was "inaccurate and misleading" to students. Third Report at 44. The Administrator required DCEH

3

to develop a corrective action plan "to provide appropriate relief to students affected by the failure to disclose the HLC accreditation action." *Id.* The Administrator goes on to state that "[t]*he completion of an appropriate corrective action plan on this issue is clearly a necessary prerequisite to being in substantial compliance with the Consent Judgment*." *Id.* (emphasis added). The Dunagan Plaintiffs have not been made aware of any corrective action plans approved by the Settlement Administrator.

### C. DCEH's Receivership

The receivership ordered by the Court was requested in an Emergency Motion for Temporary Restraining Order by Digital Media Solutions, a company that claims unpaid invoices in the amount of $250,000 for identifying students for DCEH schools to recruit (commonly called lead generation). (Dkt.3). This is a tiny fraction of DCEH's financial liabilities, according to the Affidavit of DCEH Chairman Randall Barton, filed in support of DCEH's response agreeing with DMS's motion for a receivership. (Dkt. 7-1).

The students have sued DCEH and the Art Institute, as well as DCEH's parent, the Dream Center Foundation, to recover the tuition paid to the Art Institute after it lost accreditation, along with other damages.[1] The Dunagan Plaintiffs have filed a Notice of Stay of their claims against DCEH and the Art Institute in the Cook County case. The claims against the Dream Center Foundation—which is not in receivership—remain pending in that court.

---

[1] HLC also withdrew the accreditation of the Art Institute of Michigan (a branch campus of the Illinois Institute of Art) and the Art Institute of Colorado, a separate Art Institute owned by DCEH. Third Report at 43. The Art Institute of Colorado and Art Institute of Michigan students are not currently part of the proposed *Dunagan* class, but are victims of the same misconduct (*id.* at 43-44), and may have their own claims to bring against entities that have been placed in receivership.

## II. DISCUSSION

The Dunagan Plaintiffs move to intervene pursuant to Fed. R. Civ. P. 24(a), which provides for intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Court has granted the unopposed motion to intervene of Flagler Master Fund SPC Ltd., and U.S. Bank, National Association, two of DCEH's creditors. Dkt. 19. For purposes of brevity, the Dunagan Plaintiffs incorporate the authorities cited in Flagler and U.S. Bank's motion.

The Dunagan Plaintiffs satisfy the standards for intervention under Rule 24. *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). First, the requested intervention is timely. The DMS lawsuit and emergency motion for receivership was filed less than three weeks ago (Dkt. 1), and no process to assess claims by creditors has been announced.

Second, the rights of the Dunagan Plaintiffs, and similarly situated students, to seek corrective action for Defendants' misrepresentations about their schools' accreditation status has not been presented in these proceedings. The Dunagan Plaintiffs have a substantial legal interest in the subject matter of the case. The Receivership Order stays their lawsuit in Cook County against DCEH and the Art Institute. Furthermore, DCEH assert that a possible purchaser of DCEH assets, Eastern Gateway Community College, will only do so if the assets are free and clear of claims and liens. Dkt. 7 at 3. The Dunagan Plaintiffs' claims must be resolved before that can occur.

Third, impairment of the Dunagan Plaintiffs and similarly situated students is a real and actual possibility if intervention is not granted. The Court has already allowed the intervention of Flagler and U.S. Bank, two creditors claiming more than $115 million in secured claims. (Dkt. 19,

26). It also has before it the claims of Plaintiff DMS, and likely will field claims from other vendors and landlords. The Dunagan Plaintiffs should be allowed to participate in the proceeding to ensure that their right to a corrective action plan under the Consent Judgment is enforced, and that their claims are considered along with those of other creditors before the Receiver disposes of the Defendants' assets.

Fourth, the existing parties will not adequately represent the interests of the Dunagan Plaintiffs. At this point, no current or former students are parties to this proceeding. Furthermore, while the claims of secured lenders, vendors, and landlords were described to the court in the pleadings seeking a receivership, the claims of students were omitted, even though DCEH is party to a long-standing Consent Judgment that imposes upon it obligations from it to the Dunagan Plaintiffs and similarly situated students.

As all four of the Sixth Circuit's elements for mandatory intervention under rule 24(a) are present here, and no party opposes intervention, the Dunagan Plaintiffs' motion to intervene as of right should be granted. In the alternative, the Court should exercise its discretion to grant permissive intervention under Rule 24(b) as the motion is timely and alleges at least one common question of law or fact. DCEH proposes to transfer assets free and clear of claims and liens while this receivership is in effect, but has not accounted for how it will do so until its obligations to the Dunagan Plaintiffs and similarly situated students are addressed.

## CONCLUSION

The Receivership Order was entered in this case, staying claims by students damaged by misrepresentations by some of the entities placed in receivership. The Dunagan Plaintiffs should be allowed to intervene to ensure that they have a forum in which to present their claims. No objection from any other party to this case has been received. Accordingly, the Dunagan Plaintiffs

respectfully request that the Court enter an Order in the form attached, granting their request to intervene as of right in this proceeding.

/s/ Richard S. Gurbst
Richard S. Gurbst (Bar # 0017672)
Eleanor M. Hagan (Bar # 0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Telephone: +1 216 479 8500
E-mail: richard.gurbst@squirepb.com

Eric Rothschild
(Admitted Pro Hac Vice)
Alexander S. Elson
(Admitted Pro Hac Vice)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC  20005
Telephone:  +1 202 734 7495
E-mail:  alex@nsldn.org
          eric@nsldn.org

Counsel for Proposed Intervenors,
Emmanuel Dunagan, Jessica Muscari,
Robert J. Infusino and Stephanie Porreca

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing Memorandum in Support of Unopposed Motion to Intervene was served upon all parties of record by the Court's electronic filing system this 6th day of February, 2019.

*/s/ Richard S. Gurbst*
Richard S. Gurbst
One of the Attorneys for Proposed Intervenors
