UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION OF THE BUNCHER COMPANY TO INTERVENE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, The Buncher Company ("Buncher'"), as landlord under the Lease Agreement, hereby moves the Court to intervene in this action.[1] Buncher's support for the Motion is set forth in the accompanying Memorandum. A copy of the proposed order granting the requested relief is attached as **Exhibit A** to the Memorandum. Attached as **Exhibit B** to the Memorandum is a copy of the draft Complaint that Buncher will file. Attached to the Memorandum as **Exhibit C** is a copy of Buncher's proposed Motion (I) Seeking Timely Payment of Rent; and (II) Granting Relief from Stay and Memorandum in Support thereof. Prior to filing this Motion and Memorandum, Buncher conferred with counsel to the receiver, and counsel stated that he did not object to Buncher's intervention.

[*continued on next page*]

---

[1] Capitalized terms used but not defined in this Motion shall have the meanings ascribed to such terms in the accompanying *Memorandum of Law in Support of the Motion of the Buncher Company to Intervene* (the "Memorandum").

Dated: February 11, 2019

Respectfully submitted,

      /s/ Jared S. Roach
Eric A. Schaffer (admitted *pro hac vice*)
Jared S. Roach
REED SMITH LLP
Reed Smith Centre
225 Fifth Ave.
Pittsburgh, PA 15222
(412) 288-3131 (Telephone)
(412) 288-3063 (Facsimile)
eschaffer@reedsmith.com
jroach@reedsmith.com

*Attorneys for The Buncher Company*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNOPPOSED MOTION OF
THE BUNCHER COMPANY TO INTERVENE PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 24</u>**

The Buncher Company ("<u>Buncher</u>"), by and through its attorneys, submits this *Memorandum of Law in Support of the Unopposed Motion of The Buncher Company To Intervene Pursuant to Federal Rule of Civil Procedure 24* and respectfully states as follows:

## I. <u>INTRODUCTION</u>

Buncher files this Motion and supporting Memorandum because Dream Center Education Holdings, LLC ("<u>DCEH</u>") and The Dream Center Foundation ("<u>Dream Center</u>") have not made payments under the Lease Agreement (as defined below) since November 2018 and are using the Receivership Order to prevent Buncher from exercising its contractual rights and remedies. Buncher seeks to intervene in this action so that it can file (a) the draft Complaint (the "<u>Complaint</u>") for breach of contract and unjust enrichment; and (b) the draft Motion (I) Seeking Timely Payment of Rent; and (II) Granting Relief from Stay and Memorandum in Support (the "<u>Motion for Relief</u>").

The Complaint seeks a judgment against DCEH and Dream Center that the parties are in breach of the Lease Agreement and have been unjustly enriched for failing to pay monthly rental

payments while continuing to occupy the Leased Premises.  Through the Motion for Relief, Buncher seeks a Court order directing the Court-appointed receiver (the "Receiver") to immediately make all payments due to Buncher under the Lease Agreement since January 18, 2019, and relieving Buncher of the Receivership Order injunction prohibiting creditors from exercising legal and equitable rights and remedies.

## II. BACKGROUND

Buncher is a Pennsylvania corporation with its principal place of business in the City of Pittsburgh, Allegheny County, Pennsylvania.  Buncher and DCEH are parties to that certain Agreement of Lease dated September 30, 2005 (as amended and restated, the "Lease Agreement") pursuant to which Buncher leases the following premises to DCEH:  (i) a portion of Penn Liberty Plaza I, 1250 Penn Avenue, Pittsburgh, PA 15222; and (ii) a portion of Penn Liberty Plaza II, 1400 and 1500 Penn Avenue, Pittsburgh, PA 15222 (together, the "Leased Premises").

At the Leased Premises, DCEH operates The Art Institute of Pittsburgh ("AIP").  The Leased Premises include the AIP's headquarters and administrative offices, as well as classrooms and space to conduct online courses.  The monthly rent due to Buncher for the Leased Premises is $148,069.46.

On January 18, 2019, the Plaintiff filed its *Emergency Motion for the Appointment of Receiver* [Docket No. 3].  Also on January 18, 2019, the United States District Court for the Northern District of Ohio (the "Court") entered the *Order Appointing Receiver* [Docket No. 8] (the "Receivership Order").  Buncher did not receive notice of the Emergency Motion or the terms of the Receivership Order.[1]

---

[1] Since the commencement of this proceeding, Buncher and the Receiver communicate regularly to avoid unnecessary litigation and reduce costs.  Communications are ongoing, but Buncher cannot sit idly while DCEH and Dream Center use the Leased Premises without payment.

2

The Receivership Order provides, among other things, that creditors, including landlords, are enjoined from taking action against any of the entities in receivership and any property which could be part of the receivership estate. *See* Receivership Order ¶¶ 10, 11.

DCEH has failed to pay monthly rent for the months of December 2018, January 2019, and February 2019. DCEH also has failed to pay additional rental due under the Lease Agreement. The total amount owed to Buncher is $631,107.72, plus applicable late fees and interest as detailed in the Lease Agreement.

### III. RELIEF REQUESTED

Buncher should be allowed to intervene because it satisfies the requirements for intervention as of right, which are set forth in Rule 24(a) of the Federal Rules of Civil Procedure. First, the Lease Agreement, which Buncher is a party to, is part of the Receivership Property. *See* Receivership Order ¶ 1. Second, the Receivership Order impairs and impedes Buncher's ability to protect its interest in the Leased Premises. The Receivership Order grants complete control over the Receivership Property to the Receiver and stays Buncher from exercising its remedies under the Lease Agreement. *Id.* ¶10-11. Third, no other parties can adequately represent Buncher's interests as landlord under the Lease Agreement. Lastly, this Motion is timely filed and Buncher otherwise satisfies the requirements for intervention as of right under applicable law in the Sixth Circuit.

### IV. LAW AND DISCUSSION

#### A. Intervention of Right

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention of right by non-parties. That Rule provides, in pertinent part, that:

> (a) Intervention of Right. On a timely motion, the court must permit anyone to intervene who:

3

    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). An applicant seeking to intervene as a matter of right under Rule 24(a) must establish the following elements: (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest. *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006) (internal citations omitted). Buncher satisfies the standard for mandatory intervention under Rule 24.

 First, the requested intervention is timely. In determining the timeliness of a motion for intervention as of right, courts consider five factors: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). No one factor is dispositive; rather, "the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000) (internal citation and quotation marks omitted).

 Buncher's request for intervention is being made less than a month after the commencement of this proceeding, rendering it timely under the first factor. Buncher is acting

4

promptly to protect its interests as a landlord at DCEH's most vital location – AIP's administrative offices – which satisfies the second factor. Concerning the third factor, the Court entered the Receivership Order on January 18, 2019. Buncher only learned of this proceeding on January 24, 2019, when counsel to the Receiver sent Buncher notice of the Receivership Order. Finally, concerning the fifth factor, there are unusual circumstances here that require Buncher's intervention. The Plaintiff and Defendants are using receivership as a substitute for a bankruptcy filing. As the landlord of the Leased Premises, Buncher is uniquely impacted by the Receivership Order. Buncher is not simply another landlord. Without access to the Leased Premises, AIP cannot operate and DCEH's financial problems will worsen. All of the factors considered under the first element governing intervention as of right are satisfied and weigh in favor of granting intervention.

Under the second element governing intervention of right, the proposed intervenor must establish that it "has a substantial legal interest in the subject matter of the case." *Blackwell*, 467 F.3d 999, 1007. "The Sixth Circuit has adopted a rather expansive notion of the type of interests sufficient to invoke intervention of right." *Bds. of Trs. of the Ohio Laborers v. Ford Dev. Corp.*, 2010 WL 3365927, at *4 (S.D. Ohio Aug. 20, 2010) (*citing Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Further, "close cases are to be decided in favor of recognizing an interest." *Id.* The Receivership Order grants the Receiver control over the Receivership Property, which includes the Lease Agreement and Leased Premises, and stays any proceeding against such assets. The Receivership Order impairs Buncher's rights, as landlord, which is a substantial legal interest justifying intervention.

In order to establish the third element for mandatory intervention — impairment of a proposed intervenor's interest if it is not permitted to intervene — Buncher "must show only that

impairment of [its] substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "[T]he requirement of impairment of a legally protected interest is a minimal one: the requirement is met if the applicant shows 'that representation of his interest 'may be' inadequate.'" *Blackwell*, 467 F.3d at 1007 (*quoting Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The Receivership Order prohibits Buncher from exercising its remedies under the Lease Agreement and applicable state law. These restrictions impair Buncher's interests as a landlord, creditor, and property owner. Further, Buncher has not received a rent payment since November 2018. *See Secs. and Exch. Comm'n v. Flight Transp. Corp.*, 699 F.2d 943, 948 (8th Cir. 1983) (noting that creditor had no real source of repayment other than the property held by the court-appointed receiver, and thus finding, that the creditor's ability to protect its interest could be impaired if it were not permitted to intervene). Without intervention, Buncher's rights will continue to be impaired; Buncher satisfies the applicable standard outlined in *Miller* and *Blackwell*.

Concerning the fourth element, the Supreme Court has explained that an applicant's burden on this factor is "minimal" because "the Rule is satisfied if the applicant shows that the representation of his interest 'may be' inadequate." *Trbovich*, 404 U.S. at 538 n.10. A brief consideration of the disparate interests of the current parties to the litigation and the interests of the existing parties shows that Buncher's interests may not be adequately represented. The Plaintiff is an unsecured creditor of the Defendants, whose interest is to maximize its recovery. The Defendants' interests in this lawsuit is to minimize their liabilities. The Receiver's interest is in acting as a fiduciary for the Court. None of the interests of these other parties to the proceeding align with Buncher's interests as landlord and creditor.

All four of the Sixth Circuit's elements for mandatory intervention under Rule 24(a) are satisfied, and Buncher's motion to intervene as of right should be granted.

B. Permissive Intervention

Even where an applicant fails to satisfy the requirements of intervention as of right, the Court has discretion to grant permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Once the proposed intervenor establishes those two requirements, the "court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

As discussed above, this Motion is timely and Buncher's rights as a landlord are adversely affected by the Receivership Order. Accordingly, if this Court is unable to grant intervention as of right under Rule 24(a), it should grant intervention on a permissive basis pursuant to Rule 24(b).

V. **CONCLUSION**

For the foregoing reasons, Buncher respectfully requests that this Court enter the Proposed Order (i) granting Buncher's request to intervene as of right in this proceeding; and (ii) granting such further relief to Buncher as is appropriate.

[*continued on next page*]

Dated: February 11, 2019

Respectfully submitted,

                                                */s/ Jared S. Roach*
Eric A. Schaffer (admitted *pro hac vice*)
Jared S. Roach
REED SMITH LLP
Reed Smith Centre
225 Fifth Ave.
Pittsburgh, PA 15222
(412) 288-3131 (Telephone)
(412) 288-3063 (Facsimile)
eschaffer@reedsmith.com
jroach@reedsmith.com

8

## Certificate of Service

In accordance with Section 14 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rule of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's ECF filing system on all counsel of record on

February 11, 2019

                                             */s/ Jared S. Roach*
                                             Jared S. Roach
                                             REED SMITH LLP

                                             *Attorney for The Buncher Company*