# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| | ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF MAURA MARESH IN SUPPORT OF MOTION OF HEMINGWAY AT RICHMOND, LLC FOR LIMITED RELIEF FROM STAY PROVISIONS OF ORDER APPOINTING RECEIVER

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) SS: |
| COUNTY OF CUYAHOGA | ) |

I, Maura Maresh, being first duly sworn according to law, state the following:

1. I am in-house counsel for movant, Hemingway at Richmond, LLC ("Hemingway").

2. I have personal knowledge of the matters contained in this Affidavit, and I am the custodian of the records pertaining to the documents referred to herein, which records have been maintained in the ordinary course of business.

3. Hemingway is an Ohio limited liability company and the owner of the real property and improvements located at 4743 Richmond Road, Warrensville Heights, Ohio (the "Premises").

{02798441 - 1}   {02798441 - 1}

4. The Premises contain a 2-story building containing approximately 40,000 square feet of rentable space.

5. The Premises are part of a planned office-park development commonly known as "Hemingway at Richmond Office Park."

6. Hemingway, as landlord, leased the Premises to defendant, South University of Ohio LLC, as tenant, pursuant to the terms and conditions of a written Lease Agreement dated April 22, 2011, as amended (the "Lease") between Hemingway and South University. A true and complete copy of the Lease is attached hereto as Exhibit A. Subsequently, South University of Ohio LLC (an Ohio limited liability company) transferred its rights and obligations under the Lease to South University of Ohio, LLC (an Arizona limited liability company) pursuant to an Assignment and Assumption of Lease and Guaranty and Release, a true and complete copy of which is attached hereto as Exhibit B. The tenant under the Lease is hereafter referred to as "South University."

7. The term of the Lease commenced on April 22, 2011, and is set to expire on January 31, 2024, unless sooner terminated as provided in the Lease. A true and complete copy of the Commencement Date Agreement between Hemingway and South University is attached hereto as Exhibit C.

8. South University failed to pay the base rent, operating charges, and impositions that became due and payable under the Lease on December 1, 2018 in the total amount of $122,465.64.

9. On December 7, 2018, Hemingway sent written notice of default to South University, demanding that South University cure such default within five (5) business days as

required by the Lease. A true and complete copy of the December 7, 2018 Notice of Default is attached hereto as Exhibit D.

10. Despite Hemingway's demand, South University failed to cure its default in payment of rent within the cure period provided by the Lease.

11. As a result of South University's default under the Lease, on December 21, 2018, Hemingway caused to be served upon South University written notice to leave the Premises. A true and complete copy of the December 21, 2018 Notice to Leave Premises is attached hereto as Exhibit E.

12. South University did not respond to Hemingway's notice to leave the Premises, and consequently, on January 14, 2019, Hemingway filed its Complaint For Forcible Entry and Detainer (the "Eviction Complaint") in the Bedford Municipal Court seeking restitution of the Premises. A true and complete copy of Hemingway's Eviction Complaint is attached as "Exhibit A" to Hemingway's Motion for Limited Relief from Stay Provisions of Order Appointing Receiver.

13. Shortly after defaulting in the payment of rent, South University, through its attorneys, contacted Hemingway and asked Hemingway to commence an action in this Court to enable South University to seek the appointment of a federal receiver to, among other things, "promptly consummate a going concern sale of a substantial portion of the campuses of South Univ. and its affiliates, Argosy University and the Art Institutes." A true and complete copy of the December 7, 2018 email including this request is attached hereto as Exhibit F.

14. Wanting to better understand South University's goal, Hemingway asked South University to provide a copy of South University's teach-out program approved by the U.S. Department of Education.

15. South University responded by providing a copy of an Addendum to Temporary Provisional Program Participation Agreements ("TPPPAs") for Institutions owned by Dream Center Educational Holdings, LLC ("DCEH") (the "TPPPA"). A true and complete copy of the TPPPA provided to Hemingway is attached hereto as Exhibit G.

16. Since at least December 2018, South University's website has indicated that its campus operated upon the Premises will be closing and that South University is not currently enrolling students.

17. To the best of Affiant's knowledge, South University has largely abandoned the Premises and presently uses only one or two classrooms and a few administrative offices.

18. Since the filing of the Eviction Complaint, South University has neither tendered rent of any kind, nor given any indication that it intends to pay rent at any time in the future.

19. I have personal knowledge of Hemingway's record-keeping practices. It is Hemingway's regular practice, in the ordinary course of its regularly conducted business activity, to make records of all payments of rent received under the Lease. These records are made at or near the time payments are received, by, or from information transmitted by, a person with knowledge of the payments.

20. As of February 1, 2019, the rent arrearage existing under the Lease equals $352,856.09. A true and complete copy of Hemingway's Detailed Aging Receivable report, reflecting the balance of rent due under the Lease, is attached hereto as Exhibit H.

21. The base rent (excluding operating expenses, impositions and other charges) due from February 1, 2019, through the remaining unexpired term of the Lease equals $5,521,740.35. Adding operating expenses, impositions, and other charges payable by South University under the Lease to the base rent likely will result in a total claim against the receivership estate in

excess of $12,000,000, unless Hemingway is permitted to mitigate its damages by re-letting the Premises.

22. Hemingway has procured a potential new tenant that desires to lease the entire Premises beginning as soon as December 31, 2019.

23. In order to timely deliver the Premises to that new tenant, Hemingway needs to regain possession and control of the Premises as soon as possible, but in any event no later than June 1, 2019.

24. During the period that South University has been in default under the Lease, Hemingway has been forced to use its own funds to make payments that should be made by South University, including real estate taxes, water and sewer payments, insurance premiums and operating expenses of maintaining the Premises (including, without limitation, services to be performed for landscaping, snow removal, trash removal, life safety systems, elevator, plumbing and electrical).

25. In addition, Hemingway is the Borrower under a secured Loan Agreement relating to the Premises. South University's default under the Lease, and Hemingway's inability to evict South University and re-let the Premises due to the stay provisions of the Order Appointing Receiver, may have an adverse effect upon Hemingway's ability to pay its secured indebtedness and otherwise comply with the terms of the Loan Agreement, including the applicable debt service coverage ratio.

26. Moreover, Hemingway's secured indebtedness (which is also secured by the personal guaranties of certain individual guarantors) matures by its express terms on June 1, 2019.

27. Unless Hemingway is able to secure a new tenant for the Premises before its mortgage loan matures, it likely will not be able to obtain refinancing, thereby putting at risk its entire investment in the Premises.

28. Additionally, the mortgage loan secured by the Premises is further secured by additional real property owned by Hemingway so the stay provisions not only put at risk Hemingway's investment in the Premises, but also Hemingway's investment in other property adjacent to the Premises.

29. To the best of Affiant's knowledge, these adjacent premises include more than 140 employees who could be disrupted or displaced.

30. I make this Affidavit in Support of Hemingway's Motion for Limited Relief from Stay Provisions of Order Appointing Receiver.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MAURA MARESH

SWORN TO BEFORE ME and subscribed in my presence this 12th day of February 2019.

_____
Notary Public
My Commission Expires

CASIE A DOITORE

NOTARY PUBLIC
STATE OF OHIO

My Commission Expires
August 23, 2020

# CERTIFICATE OF SERVICE

A copy of the foregoing *Affidavit of Maura Maresh in Support of Motion of Hemmingway at Richmond, LLC for Limited Relief from Stay Provisions of Order Appointing Receiver* was served via the Court's e-filing system on the parties that have entered an appearance in this case and by regular U.S. mail, postage prepaid, this 12th day of February, 2019 upon:

Cheyanna Jaffke
P.O. Box 2520
Anaheim, CA 92814
*Interested Party Pro Se*

/s/ Kirk W. Roessler
KIRK W. ROESSLER (0060931)
*Attorney for Intervenor – Creditor,
Hemingway at Richmond, LLC*