# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | |
| | Case No. 1:19-cv-145 |
| Plaintiff, | |
| vs. | JUDGE DAN AARON POLSTER |
| | |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | MAGISTRATE JUDGE THOMAS M. PARKER |
| | |
| Defendant. | |

## DECLARATION OF KIMBERLY D. KANEN IN SUPPORT OF TECH PARK 6, LLC'S MOTION TO INTERVENE AND EMERGENCY MOTION TO EXPEDITE DECISION TO ASSUME OR REJECT LEASE

I, Kimberly D. Kanen, do hereby declare and state as follows:

1. I have personal knowledge of the facts stated herein, except as to those facts stated upon information and belief, and as to those facts, I believe them to be true. If called as a witness to testify herein, I could and would testify competently to the following.

2. I am a vice president ("Vice President") at Buchanan Street Partners Inc. ("Buchanan Street"). I have served in this capacity since 2008.

3. In my capacity as Vice President I manage and am familiar with the formulation and implementation of strategies for each property in the Buchanan commercial real estate portfolio, the oversight of disposition of assets and the underwriting and financing of new investments.

4. Except as otherwise noted, all matters set forth in this Declaration are based on my personal knowledge and belief.

5. If called to testify, I could and would testify to the facts set forth in this Declaration.

6. I am generally familiar with *Tech Park 6, LLC's Motion to Intervene and Emergency Motion to Expedite Decision to Assume or Reject Lease* (the "Motion") filed concurrently herewith. Initially capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or accompanying Memorandum in support thereof.

7. Tech Park is the owner of the Property. The Institute, an entity I understand is in receivership in this case pursuant to the Receivership Order, is the tenant of the Premises pursuant to the Lease, a true and correct copy of which is attached hereto as Exhibit A.

8. Prior to the Receivership, the Institute failed to pay Rent for more than two (2) months. On January 2, 2019, Tech Park issued a written notice of nonpayment to the Institute, a true and correct copy of which is attached hereto as Exhibit B. That notice was ignored. Before Tech Park could exercise any of the Landlord Remedies available under the Lease, however, the Receivership was commenced. As of the date of the entry of the Receivership Order, the aggregate amount of Rent outstanding under the Lease was approximately $230,232.77.

9. Since entry of the Receivership Order, the Institute continues to occupy the Premises, however, the Receiver has failed to pay Rent to Tech Park despite requests therefor. As of the filing of the Motion, the amount of Rent outstanding under the Lease following entry of the Receivership Order is approximately $335,074.72. Not including default interest contemplated under the Lease, Rent continues to accrue on a per diem basis in the amount of approximately $3,494.73 (monthly base rent in the amount of $103,938.32 + the Institutes share of Property operating costs and impositions in the amount of $903.63 / 30 days).

10. Shortly after the Receivership began, counsel to the Receiver sent a letter to Tech Park regarding the Lease. A true and correct copy is attached hereto as Exhibit C. That letter, among other things, cautioned Tech Park against "tak[ing], commenc[ing] or continu[ing] any

2

action against an entity which is in the receivership, or against the receivership estate, in the absence of the Court's leave to take that action." The letter also "invite[d Tech Park] to call us or e-mail us at your earliest convenience to discuss the matter." Upon receipt of the letter, I immediately reached out to counsel to the Receiver, and expressed a willingness to discuss the disposition of the Lease in the Receivership. Counsel to the Receiver promised a decision would be made within the next two weeks. All communication ceased shortly thereafter; counsel to the Receiver refused to respond to my or my counsel's subsequent phone calls and email correspondence.

      Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct:.

Dated: February 20, 2019

                                        */s/ Kimberly D. Kanen*
                                        Kimberly D. Kanen, in her capacity as
                                        Vice President
                                        Buchanan Street Partners Inc.

# CERTIFICATE OF SERVICE

In accordance with Section 1.4 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rule of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's filing system on all counsel of record on February 20, 2019.

*/s/ Richard A. Chesley*
Richard A. Chesley (OH-0029442)