UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC ) | CASE NO. 1:19-cv-145 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

**STUDENT INTERVENORS' RENEWED REQUEST FOR STATUS CONFERENCE TO ADDRESS UNPAID STUDENT STIPENDS**

In accordance with this Court's February 13, 2019 Order (Dkt. 50), Student-Intervenors Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino and Stephanie Porreca ("Dunagan Plaintiffs") renew their request for the Court to schedule a status conference in order to permit further inquiry and understanding concerning student loan stipends.

1. The Dunagan Plaintiffs, four students representing an uncertified class of former Illinois Institute of Art students with pending claims against several receivership entities, filed their Emergency Motion for Status Conference (Dkt. 48) in response to alarming reports that students at Argosy University, another school in receivership, were not receiving approved student-loan stipends.

2. While the Court denied the Dunagan Plaintiffs' request, it ordered the Receiver "to provide a status report regarding the student loan stipends and/or the steps he is taking to distribute the stipends." (Dkt.50).

3. On February 19, the Receiver filed a two-page Report on the Payment of Student Stipends. (Dkt. 55). The Receiver states that "the money to pay the Student Stipends *is not missing*." *Id.* (emphasis in original). That plainly is not true from the perspective of students who have not received their stipends.

4. The United States Department of Education shares movants' concerns. "The Department is deeply concerned that the Receiver and the institution are currently ***unable to fully account for the funds disbursed by the department to pay student account balances***." *Pittsburgh Post-Gazette* (Feb. 19, 2019) (quoting Department spokeswoman Liz Hill), *available at* https://www.post-gazette.com/business/career-workplace/2019/02/19/Financial-aid-Art-Institute-Dream-Center-EDMC-Mark-Dottore/stories/201902190084 (emphasis added). Has the money that should have been paid to students been used instead for other purposes, such as payroll? *See* Rachel Leingang, "Argosy University Withholding Financial Aid. Students Can't Pay Their Bills." *Arizona Republic* (Feb. 8, 2019), *available at:* https://www.usatoday.com/story/news/education/2019/02/08/argosy-university-financial-aid-closing-receivership-accreditation/2817950002/; Shannon Behnken, "Congress members want federal investigation into students' missing money at Argosy University." *WFLA* (Feb. 18, 2019), *available at* https://www.wfla.com/8-on-your-side/better-call-behnken/congress-members-want-federal-investigation-into-students-missing-money-at-argosy-university/1792100908.

5. Either the funds were disbursed by the Department, as the Department claims, and have gone missing, or they never were disbursed, and therefore "the money is not missing" as the Receiver reports. (Dkt. 55). This is known or knowable information, information which directly affects Argosy students and other creditors like the Dunagan Plaintiffs with claims to the assets of the Receivership.[1] Certainly the court and the public has a right to know. As the custodian of the schools' books and records, the Receiver should be able to determine and promptly report on the flow of funds from the Department of Education to the accounts established for student stipends and loan funds, and provide a reasonable accounting of what happened, when, to those funds.

6. Alternatively, if the Receiver confined his Report to the circumstances after January 18, 2019, the date the Receivership was established, then omitted from the Report is any review of the flow of funds from the Department to the schools or from the schools to the students prior to the date of the Receivership. But half a report is almost as troublesome as no report at all. Students and creditors as well as this Court and the public at large have a right to know and are entitled to know whether assets, public funds, were diverted before the Receiver was appointed. Pre-receivership information should be available to the Receiver, especially since one of the reasons he was appointed was his pre-receivership involvement with relevant parties. (Dkt. 3, pp. 12-13). Indeed, the Receiver's February 7, 2019 letter to the Department strongly suggests that funds *were* lost to the receivership entities as a result of transactions that took place shortly before the Receiver was appointed. (Dkt. 48, Exh. A). Moreover, part of the duties and responsibility of the Receiver is to provide information about whether pre-

---

[1] The Dunagan Plaintiffs sought clarification and further specifics from the Receiver, but to date have received no further information or even an indication as to when requested information would be provided.

receivership authority was proper and in accordance with law so as to identify additional sources of funds.

WHEREFORE, the Dunagan Plaintiffs respectfully request the Court schedule a status conference at the earliest possible date. Counsel would welcome the opportunity to work with Receiver's Counsel to provide specific questions, issues and agenda for that court conference.

                                            */s/ Richard S. Gurbst*
Richard S. Gurbst (Bar # 0017672)
Eleanor M. Hagan (Bar # 0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: +1 216 479 8500
E-mail: *richard.gurbst@squirepb.com*

Eric Rothschild (Bar # _____)
Admitted Pro Hac Vice
Alexander S. Elson (Bar # _____)
Admitted Pro Hac Vice

NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC 20005
Telephone: +1 202 734 7495
E-mail: *alex@nsldn.org*
        *eric@nsldn.org*

Counsel for Intervenors,
Emmanuel Dunagan, Jessica Muscari,
Robert J. Infusino and Stephanie Porreca

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing Renewed Motion For A Status Conference was served upon all parties of record by the Court's electronic filing system this 21st day of February 2019.

                                               */s/ Richard S. Gurbst*
                                               Richard S. Gurbst
                                               One of the Attorneys for Intervenors