**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DIGITAL MEDIA SOLUTIONS, LLC

       Plaintiff,

v.

SOUTH UNIVERSITY OF OHIO, LLC, et al.

       Defendants.

Case No. 1:19-cv-145

Judge Dan Aaron Polster
Magistrate Judge Thomas M. Parker

**MOTION TO INTERVENE**
**BY HEFCO MEADOWBROOK LLC**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, HEFCO Meadowbrook LLC, by and through its undersigned counsel, moves to intervene in this action. The grounds for this Motion are set forth in the accompanying Memorandum of Law, which also includes a proposed Order attached as Exhibit A.

Dated: February 21, 2019

Respectfully submitted,

/s/ Daniel N. Sharkey
Daniel N. Sharkey (0083076)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 971-1800; (248) 971-1801 – Facsimile
sharkey@bwst-law.com

*HEFCO Meadowbrook LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DIGITAL MEDIA SOLUTIONS, LLC

    Plaintiff,

v.

SOUTH UNIVERSITY OF OHIO, LLC, et al.

    Defendants.

Case No. 1:19-cv-145

Judge Dan Aaron Polster

**HEFCO MEADOWBROOK LLC'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE**

**I.    PRELIMINARY STATEMENT**

HEFCO Meadowbrook LLC ("HEFCO") owns the real property and improvements located at 41555 Twelve Mile Road, Novi, Michigan (the "Premises"). South University of Michigan, LLC ("South University"), one of the defendants herein, occupies the Premises under a commercial lease agreement (the "Lease"). In breach of that Lease, South University failed to pay the monthly rent due on February 1, 2019, in the amount of $85,820.25. As more fully stated in HEFCO's Motion for Limited Relief from the Order Appointing Receiver ("Motion for Relief from Stay"), attached as Exhibit B, HEFCO seeks to intervene to pursue its rights as the landlord of that Premises.

HEFCO meets the requirements for intervention of right under Rule 24(a) of the Federal Rules of Civil Procedure. First, this Motion is timely, as this Court recently issued its Order Appointing Receiver, on January 18, 2019, and HEFCO's intervention will not delay the proceedings or prejudice the parties. Second, HEFCO, South University's

landlord, possesses a substantial legal interest in this receivership through its contractual right to receive rent from South University (and South University's continuing payment default). Third, HEFCO's ability to protect its interests will be impaired without intervention because the Order Appointing Receiver prohibits it from exercising its rights under the Lease, and Michigan law, to evict South University and re-market the Premises to mitigate its damages. Fourth, the existing parties do not adequately represent HEFCO's interests under the Lease and as South University's landlord for the Premises.

## II. LAW AND ARGUMENT

### A. The Standard for Intervention under the Federal Rules.

Fed.Civ.R. 24 provides the standards for an intervention of right, including in pertinent part:

> (a) Intervention of Right. On timely motion, the court **must** permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) **claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.**
>
> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> (A) ) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

> \*\*\*
>
> (3) Delay or Prejudice. **In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.**

(Emphasis added).

The Sixth Circuit Court of Appeals has made clear that Rule 24 is to be "broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). Moreover, federal courts have "established a unique practice to protect the right to intervene in receiverships in particular" on the basis that "absent the right to intervene in receivership proceedings, third-parties' property rights could not be adequately protected because receiverships were lengthy and receivership orders prevented third parties from directly suing receivers." *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 488 (6th Cir. 2014).

### B. HEFCO is entitled to Intervene as of Right.

A party seeking to intervene as of right must establish the following:

> (1) timeliness of application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court.

*Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). HEFCO meets each of these four elements.

### 1. HEFCO's Motion is timely.

First, regarding timeliness, courts consider the following factors: (a) the point to which the suit has progressed; (b) the purpose for which intervention is sought; (c) the length

4

of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (d) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (e) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

Here, the suit has not substantially progressed, as the Order Appointing Receiver was entered, on January 18, 2019. The receivership is in its early stages, with no schedule or procedure for the submission of claims. HEFCO seeks to intervene for the proper purposes of obtaining relief from the stay order to require receiver to (a) accept the Lease and to pay rent due on February 1st and going forward, or, (b) reject the Lease and to allow HEFCO to re-market the Premises. It has been only a brief period since HEFCO learned of the Court's Order Appointing Receiver, and sent its demand letter to the receiver, on February 5th. HEFCO's motion will not delay these proceedings or prejudice any of the existing parties. Therefore, HEFCO's Motion to Intervene is timely.

### 2. HEFCO has a substantial legal interest.

Second, HEFCO has a substantial legal interest in the case as South University's landlord. As detailed more fully in HEFCO's Motion for Relief from Stay (Exhibit B), South University failed to pay rent due on February 1, 2019, and has paid no rent since; has failed to cure its payment default under the Lease, and despite demand to the receiver on February 5th, has refused to vacate. HEFCO has a valid claim against South University (and thus the receivership estate) for unpaid rent, which is continuing to accrue. Local Rule 66.1

specifies that the receiver "shall administer the estate as nearly as may be in accordance with the practice in the administration of estates in bankruptcy." Thus, similar to a creditor in bankruptcy, HEFCO should be allowed to participate as a creditor and submit its claim.

HEFCO recognizes Fed.Civ.R. 24(a) states that a Motion to Intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." This court has recognized, however, that this requirement may be dispensed with where the motion and memorandum in support articulates the intervenors claims. *See Jones v. Wittenberg*, No. 3:70CV388, 2017 WL 1422845, at *2 (N.D. Ohio, April 21, 2017) (citing *Baptist Church v. Hillandale Comm., Ltd*., 425 F.3d 309, 314–15 (6th Cir. 2005), which held that "[t]he failure to file an accompanying pleading does not always require a court to deny an intervention motion, provided that the motion itself articulates a claim or defense.") Here, HEFCO submits its Motion for Relief from Stay as Exhibit B, but has not filed a pleading against South University or the receiver, as it awaits further guidance from this Court regarding the timing and contents of formal claims. Other parties and the Court have recognized this is the more appropriate course in a receivership.

### 3. HEFCO's ability to protect its interest will be impaired without intervention.

Third, in the absence of intervention, HEFCO will be impaired in its ability to protect its interest. The Order Appointing Receiver [Doc. No. 8] enjoins HEFCO from instituting an eviction action in state court, or otherwise exercising its rights and remedies under the Lease and applicable Michigan law. *See* Order Appointing Receiver, ¶10. At the very least, HEFCO must be allowed to participate as a party to ensure its rights are preserved within the context of the receivership.

### 4. HEFCO is not adequately represented by the current parties.

Fourth, HEFCO is not adequately represented by parties before the Court. Plaintiff moved for the appointment of the receiver and, upon information and belief, the Defendants actively supported it. The effect of the Order Appointing Receiver is to allow the receiver (on behalf of South University) to continue to occupy HEFCO's Premises in Michigan, rent free. None of the existing parties have any interest in ensuring payment of rent to HEFCO, or the eviction of South University from the Premises. As argued more fully in HEFCO's Motion for Relief from Stay (Exhibit B), the stay also prejudices HEFCO's ability to mitigate its damages. Under analogous proceedings under the Bankruptcy Code, HEFCO would be entitled to receive rent or pursue its eviction rights. Only HEFCO has an incentive to advocate for its rights as a landlord of the Premises. *See e.g. In re Buttonwood Sec., Inc.*, 349 F. Supp. 273, 278 (S.D. Cal., 1972).

### C. HEFCO is also entitled to Permissive Intervention.

If HEFCO's right to intervene is denied (it shouldn't be), HEFCO requests the Court to otherwise allow it to intervene with permission. Permissive intervention under Fed.Civ.R. 24(b) "lies within the sound discretion of the trial court." *Berk v. Moore*, S.D. Ohio No. 2:10-CV-1082, 2011 WL 1792534, at *3 (May 9, 2011). "[S]o long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors" is within the court's discretion. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

As discussed above, HEFCO's motion is timely. In addition, as the owner of the Premises occupied by South University of Michigan, HEFCO shares common questions of

law and fact with the administration of the receivership estate. Moreover, as explained above, the balancing of equities weighs heavily in favor of intervention for several reasons. If this Court determines HEFCO is not entitled to intervention as of right, it requests the Court to allows its intervention with permission.

### III.   CONCLUSION

For the foregoing reasons, HEFCO requests the Court to grant its Motion and enter the order attached as Exhibit A, permitting it to intervene in this action pursuant to Rule 24 of Federal Rules of Civil Procedure.

Dated: February 21, 2019                                         Respectfully submitted,

/s/ Daniel N. Sharkey
Daniel N. Sharkey (0083076)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 971-1800; (248) 971-1801 – Facsimile
sharkey@bwst-law.com

*HEFCO Meadowbrook LLC*

## CERTIFICATE OF SERVICE

The foregoing was electronically filed this 21st day of February, 2019. Notice of this filing will be sent to all parties by operation of the Courts' electronic filing system. Parties may access this filing through the Court's system.

/s/ Daniel N. Sharkey
Daniel N. Sharkey (0083076)