**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Mark E. Dottore (the "**Receiver**"), whose business address is 2344 Canal Road, Cleveland, Ohio 44113, was and is the appointed federal equity receiver, custodian and Liquidator of South Ohio, DCEH and all of the Receivership Entities. The Receiver is hereby authorized to take possession and control of all of the real and personal property of the Receivership Entities, including but not limited to, any and all cash and cash deposits, receivables and accounts receivable, obligations or commitments owed by any person or entity, equipment, furniture, fixtures and deposit accounts belonging to any Receivership Entity but held by a third party, the general intangibles, any real property (the "**Real Property**"), any and all tax attributes, and all other assets of whatever kind or nature belonging to the Receivership Entities and the Receiver shall have all authority and power of a receiver under 28 U.S.C. §§ 754, 959 and 1692, Rule 66 of the Federal Rules of Civil Procedure and Rule 66.1(d) of the Local Rules for the United States District Court for the Northern District of Ohio, this Court's inherent powers, and Ohio laws where applicable (the "**Receivership Authorities**"), and as ordered further by this Court. (Hereinafter, all of the assets described in this paragraph shall be referred to as the "**Property**").

2. The Receiver shall take immediate possession, control, management, operation and charge of the Receivership Entities and all of their Property and maintain all such entities and property in as many separate receivership estates as

**Style Definition:** Hyperlink

**Style Definition:** List Paragraph: Font: (Default) +Body (Calibri), 11 pt, Space After: 8 pt, Line spacing: Multiple 1.08 li

**Formatted:** Font: Century Schoolbook

**Formatted:** Left

**Deleted:** is hereby appointed the federal equity receiver, custodian and Liquidator for South University of Ohio LLC, Dream Center Education Holdings LLC, The DC Art Institute of Raleigh-Durham LLC, The DC Art Institute of Charlotte LLC, DC Art Institute of Charleston LLC, DC Art Institute of Washington LLC, The Art Institute of Tennessee – Nashville LLC, ATIN Restaurant LLC, The Art Institute of Colorado LLC, DC Art Institute of Phoenix LLC, The Art Institute of Portland LLC, The Art Institute of Seattle LLC, The Art Institute of Pittsburgh, DC LLC, The Art Institute of Philadelphia, DC, LLC, DC Art Institute of Fort Lauderdale LLC, The Illinois Institute of Art LLC, The Art Institute of Michigan LLC, The Illinois Institute of Art at Schaumberg LLC, DC Art Institute of Phoenix, LLC and its direct subsidiaries the Art Institute of Las Vegas LLC, the Art Institute of Indianapolis, LLC, and Ailn Restaurant LLC; Dream Center Argosy University of California LLC and its direct subsidiaries, Argosy Education Group LLC and AU Student Funding, LLC; Dream Center Education Management LLC; and, South University of Michigan LLC (the "**Receivership Entities**"), effective upon the Receiver's posting of the bond as required below and taking the oath required by law.

**Formatted:** Font: Century Schoolbook

**Deleted:** arising out of, or pertaining to

**Formatted:** Font: Century Schoolbook

**Deleted:** including the United States Department of Education,

**Formatted:** Font: Century Schoolbook

**Formatted:** Font: Century Schoolbook

**Formatted:** Font: Century Schoolbook

**Deleted:** parties

**Formatted:** Font: Century Schoolbook

**Deleted:** **Receivership**

**Formatted:** Font: Century Schoolbook

**Deleted:** its Receivership

**Formatted:** Font: Century Schoolbook

**Deleted:** a

**Deleted:** 797048; 1425-0001

are required in the circumstances (the "Receivership Estate"). This Court hereby vests the Receiver with authority and jurisdiction over the Receivership Estate and the Property to the maximum extent permitted by the Receivership Authorities, and hereby empowers and permits the Receiver to take any and all actions necessary and proper to carry out the express provisions of this Order, including but not limited to the following powers and duties:

a. The Receiver shall take immediate possession, control, management and charge of the Receivership Entities' accounting books and records of whatever nature and wherever located, in the possession of the Receivership Entities or any other person or Entities, including all information regarding the assets, liabilities, equity, income and expenses of the Receivership Entities. The Receiver shall take immediate possession, control, management and charge of all of any Receivership Entity's financial statements, ledgers and journals, balance sheets, trial balances, statements of cash flows, income statements, statements of retained earnings, accounting journals and books of original entry, including but not limited to (i) accounts receivable agings, rent rolls, and any other documentation which indicate the amounts owing from lessees and other debtors of the Receivership Entities on accounts receivable and from whom such amounts are or were owing and when any amounts were collected and deposited; (ii) fixed asset ledgers, schedules, records, documentation and/or any Receivership Entity's appraisals, equipment, motor vehicles, boats and their engines, accessories, furniture inventory, furnishings, and supplies; (iii) inventory listings or other detail; (iv) all information and documentation which relates or pertains to any checking, saving, banking and money management accounts of any kind or nature belonging to the Receivership Entities, or into which any proceeds of the collection or sale of any asset of the Property have been deposited; (v) all accounts payable documentation and information and all correspondence or written documents regarding negotiations with current accounts or proposed accounts; (vi) all information of whatever type or nature, regarding the payroll and benefits of the employees of the Receivership Entities, including wage or salary information,

Deleted: .
Formatted: Font: Century Schoolbook
Formatted: Font: Century Schoolbook
Deleted: Receivership
Formatted: Font: Century Schoolbook
Formatted: Left, Space After: 6 pt
Deleted: the
Formatted: Font: Century Schoolbook
Deleted: Entities's
Formatted: Font: Century Schoolbook
Deleted:
Formatted: Font: Century Schoolbook
Deleted: appraisals of the
Deleted: Entities's
Formatted: Font: Century Schoolbook
Formatted: Font: Century Schoolbook
Deleted: 797048; 1425-0001

medical insurance information, child support payments or other employee deductions withheld or to be withheld, and all information regarding withholding taxes whether federal, state, or local and any information regarding any and all of the employer matching obligations or the employer payroll tax obligations; (vii) all information and documentation of any asset transfers by the Receivership Entities any time in the past; (viii) all information and documentation regarding the federal, state and local tax liabilities and tax attributes of the Receivership Entities, including any and all federal, state and local tax returns filed or unfiled, and any documents generated during the planning of any construction project, including the Real Property, and the preparation and filing of tax returns for the Receivership Entities; (ix) all contracts and leases pertaining to the Property and/or to which Receivership Entities are a party; (x) all information and documentation of any other financial transaction or interest in and any asset of the Receivership Entities which may be necessary or pertinent to the Receiver's operation and management of any Receivership Entity's assets; and (xi) any documentation that relates or pertains to the Receivership Entities and is kept in the ordinary course of their business in connection with the record-keeping or accounting. The information described in this subparagraph shall hereinafter be referred to as the "**Books and Records**."

b. The Receiver shall take immediate possession, control, management and charge of the Property, including all assets and property appertaining thereto consisting of all personal property, real property (including leasehold interests), all cash or cash equivalents including, but not limited to, rights, title and interest in and to all bank accounts, all accounts and notes receivable, all inventory of any type or nature, all furniture, fixtures, equipment, computers (hardware and software), and all general intangibles, including, but not limited to, all licenses and liquor licenses applied for, owned or utilized by the Receivership Entities, rights in leases, rights to proceeds from any insurance or sales of equipment or other asset, all choses in action and causes of action, including avoidance actions for transfers of any of the assets of the Receivership Entities for less than equivalent value against the transferees of those assets, and any other asset or interest owned by the Receivership Entities or in which the Receivership Entities asserts an interest which has any value which pertains to the Property, and the Books and Records and the Property are

Deleted: the
Formatted: Font: Century Schoolbook
Deleted: Entities's
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: 797048; 1425-0001

hereby placed in *custodia legis* and are subject to the exclusive jurisdiction of this Court, except as necessary for government entities to exercise their authority as provided for in paragraphs 13 and 14. Receiver shall not be charged with the responsibility to take possession of any real estate or other assets which had or have existing hazardous or toxic contamination nor shall the Receiver be required to take possession of any hazardous or toxic materials owned or used by the Receivership Entities. Should the Receiver elect to take possession of, or exercise his dominion and control over, any real estate, hazardous or toxic materials, pollutants or contaminants, he shall do so in his capacity as Receiver for the Property.

c. The Receiver shall have the authority to operate and manage the Receivership Entities and the Property as he deems prudent in his sole discretion throughout the litigation, subject to further order of this Court and applicable law. The Receiver shall preserve and care for any and all of the Property and utilize any and all of the Property to preserve and maximize the value of the Property.

d. The Receiver shall secure the business premises, business equipment, data and documents; take control of all means of communication with students, investors, secured and unsecured lenders, landlords, vendors, agents and others doing business with the Receivership Entities (the "**Business**"). The Receiver shall have the authority to communicate and negotiate with and enter into agreements with the DOE regarding the "teach-out" or any other issue. Subject to the constraints of applicable law, including any applicable provisions of the Higher Education Act, 20 U.S.C. §§ 1001-1161aa-1 ("**HEA**"), and regulations promulgated thereunder, the Receiver shall have the authority to take all reasonable and necessary steps to wind-down and liquidate the business operations.

e. The Receiver shall have the authority, responsibility and duty to review the participation of the directors, officers or managers of any entity whose stock shares or membership interest he holds and based upon his business judgment, to remove any director, officer or manager and nominate and elect any replacement director, officer or manager. The Receiver is hereby authorized to take any action, execute any document and do those things necessary to transfer a stock interest to

Formatted: Font: Century Schoolbook, Italic
Formatted: Font: Century Schoolbook
Deleted: .
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: .
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: Department of Education
Formatted: Font: Century Schoolbook
Deleted: The
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: However the Receiver shall not remove any officer or director without seeking and obtaining leave of Court.
Formatted: Font: Century Schoolbook
Deleted: 797048; 1425-0001

himself, or accept admission as a member of any limited liability entity.

f. The Receiver shall succeed to management of each of the Receivership Entities, to be the sole and exclusive managing member, representative, custodian, and, its Liquidator, as that term is described in each entity's Operating Agreement, with the sole and exclusive power and authority to manage and direct the business and financial affairs of the Receivership Entities and its liquidation and wind-down, including without limitation, the authority to petition for protection under the Bankruptcy Code, 11 U.S.C. §§ 101 et. seq. (the "**Bankruptcy Code**") for the Receivership Entities and in connection therewith be and be deemed a debtor in possession for the Receivership Entities in proceedings under the Bankruptcy Code, and prosecute such adversary proceedings and other matters as may be permitted under the Code and/or applicable law.

g. The Receiver may, without seeking further authorization from this Court, file voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") for each of the Defendants and for any entity whose membership interests are held in whole or in part by Dream Holdings. If any of Defendants, or any of the entities whose membership interests are held in whole or in part by Dream Holdings are placed in bankruptcy proceedings, the Receiver may become the management of any debtor in possession or may be appointed as the trustee of the debtor, and is thus empowered to operate each of those debtor entities as a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 2(e) above, the Receiver is vested with management authority for the Defendants and all entities whose membership interests are held in whole or in part by Dream Holdings and may therefore file and manage a Chapter 11 petition. *See, In re Bayou Group, LLC*, 564 F.3d 541, 548-49 (2nd Cir. 2009).

h. The Receiver shall, in his own business judgment, determine whether to file a plan for liquidation and distribution of the Property, and if the Receiver shall so determine, then in conjunction with and in consultation with, the Receivership Entities' secured and general creditors, the Receiver shall submit such a plan to this Court for approval.

Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: 797048; 1425-0001

i. The Receiver shall immediately implement the use of any state or federal historic tax credits (the "**Tax Credits**") that may be available to the Receivership Entities and take all necessary actions to preserve the value and prevent the waste of the Tax Credits.

j. Subject to paragraphs 13 and 14, the Receiver is authorized to collect all profits, rents, receivables and revenues of any nature whatsoever generated from the Property and/or the business operations of the Property and to pay all necessary expenses relating to said operations, including his fees and the fees of his attorneys, accountants and other professionals from funds in his possession, whether such funds are derived from the operation or the sale of the Property. All expenditures must be reasonable and are subject to the Court's review.

k. The Receiver shall have the authority without further order of this Court to maintain or purchase insurance from any agent or carrier, of any type reasonably necessary or desirable, on all the Property, subject to maintaining adequate coverage appropriately and naming appropriate loss payees as any properly perfected security interests provide within the corresponding security agreement.

l. The Receiver is authorized to establish or maintain one or more bank accounts in the Receiver's name for the operation of the Receivership Entities as Receiver in this matter at any federally insured bank as reasonably needed to engage in business operations on behalf of the Property. The Receiver shall keep a true and accurate account of any and all receipts and disbursements which the Receiver shall receive or make as Receiver in the course of the operation of the Property.

m. The Receiver is hereby authorized to negotiate, enter into and execute leases of any portion or part of the premises of the Real Property at rental rates and for terms of years consistent with those that the market will bear, which he, in his business judgment concludes are in the best interest of the creditors of the Receivership Estate.

n. Subject to paragraphs 13 and 14, the Receiver is authorized to negotiate and effect an orderly sale, transfer, use or assignment of all or a portion of any of the Property in or outside of the ordinary course of business of the Receivership Entities and, from the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real

Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: ¶ The
Formatted: Font: Century Schoolbook
Deleted: , as he deems prudent in his sole discretion,
Formatted: Font: Century Schoolbook
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: its operations
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: ¶ The
Formatted: Font: Century Schoolbook
Deleted: 797048; 1425-0001

Property. Subject to paragraphs 13 and 14, payments to creditors by the Receiver shall include trade indebtedness which arises during the course of the Receiver's operation of the Property, which shall be paid first from the sale proceeds, together with the fees and expenses of the Receiver and his attorneys, accountants and other professionals. The Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion, believes will maximize the proceeds received from the sale.

o. The Receiver is authorized to institute, prosecute, or intervene in any lawsuit or summary proceeding against any other person(s) or entity(ies) to preserve and/or maximize the value of the Property or to obtain possession of any of the Property unlawfully in the possession of third parties.

p. The Receiver is authorized but not required to defend actions against the Property or the Receivership Entities and may incur expenses to defend such actions to the extent that he believes, in his sole discretion, it will protect and preserve the Property.

q. The Receiver is authorized to perform pursuant to the terms of any existing contracts executed by the Receivership Entities in connection with the Property to the extent that the Receiver determines, in his sole discretion, that such performance will preserve and maximize the value of the Property. The Receiver may reject contracts not deemed to be in the interest of creditors of the estate, and the holder of any contract so rejected shall be allowed as a claim of an unsecured creditor of the Property, said claim to be calculated consistent with the law.

r. The Receiver is authorized to employ any assistants, servants, agents, tax accountants, financial accountants, attorneys, or other persons deemed necessary to assist the Receiver in diligently executing the duties imposed upon the Receiver by this Order and pursuant to the Receivership Authorities.

s. The Receiver is authorized to repair the Property, and/or any fixtures and appurtenances as needed. Such repairs shall be made at the time and in the way that the Receiver, in his sole discretion, deems reasonable and necessary in the circumstances. Such repairs and construction include the time and expense of relocating tenants or caring for tenants while their suites are under construction.

Deleted: Payments
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Formatted: Font: Century Schoolbook
Deleted: as
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: or desirable
Formatted: Font: Century Schoolbook
Deleted: ¶
Formatted: Font: Century Schoolbook
Deleted: its
Formatted: Font: Century Schoolbook
Deleted: 797048; 1425-0001

t. Subject to paragraphs 13 and 14, any person or entity, other than the Receiver, is barred from placing any of the Receivership Entities in bankruptcy proceedings.

3. Subject to further order of the Court, any individual or entity receiving a copy of this Order is hereby enjoined and restrained from discontinuing service to the Receiver or the Receivership Estate based upon the non-payment of utility charges prior to the date of this Order and from attempting to collect utility charges from the Receiver pre-dating the date of this Order.

4. To the extent permissible under federal law, and subject to the right of the DOE and the DOJ to exercise their rights under paragraphs 13 and 14 of this Order to challenge any provision of this Order, no provision of this Order shall be deemed by any federal, state, or local governmental agency, or accrediting agency, as having triggered a substantive change of ownership or control requiring the approval of such agency.

5. To the extent permissible under federal law, and subject to the right of the DOE and the DOJ to exercise their rights under paragraphs 13 and 14 of this Order to challenge any action taken by the Receiver, the Receiver shall not be deemed, nor or at any point in the future, to exercise, or have exercised, "substantial control" as that term is defined in 20 U.S.C. § 1099c and 34 C.F.R. § 668.174, over the Receivership Entities, the Business, the Receivership Estate, or the Property based upon the Receiver's appointment by this Court or subsequent involvement in the operation and management of the Business and the Property.

6. Subject to paragraphs 13 and 14, the Receiver may obtain unsecured credit and incur unsecured debt in the ordinary course of business and said

**Deleted:** ¶ Any
**Formatted:** Font: Century Schoolbook
**Deleted:** ¶ Notwithstanding the foregoing, the Receiver and the Receivership Estate shall not be liable for the payment of taxes, assessments or utility charges pre-dating the date of this Order. Any…
**Formatted:** Left
**Formatted:** Font: Century Schoolbook
**Deleted:** such taxes or utilities
**Formatted:** Font: Century Schoolbook
**Deleted:** taxes and
**Formatted:** Font: Century Schoolbook
**Deleted:** No
**Formatted:** Font: Century Schoolbook
**Deleted:** ; further, the actions taken by the Receiver during the course of the receivership shall not be taken into account by any such agency in any future determination of whether the Receiver is qualified to hold the stock or membership interest of, or serve in any capacity with, an institution approved or regulated by that agency.
**Formatted:** Font: Century Schoolbook
**Deleted:** The
**Formatted:** Font: Century Schoolbook
**Deleted:** Receivership
**Formatted:** Font: Century Schoolbook
**Deleted:** Receivership
**Formatted:** Font: Century Schoolbook
**Deleted:** The
**Formatted:** Font: Century Schoolbook
**Deleted:** of this title
**Formatted:** Font: Century Schoolbook
**Deleted:** 797048; 1425-0001

unsecured debt shall be a charge upon all property of whatsoever kind or nature in the Receivership Estate and the lien shall extend to all proceeds of or arising from the Property or any other property in the Receivership Estate, including all after-acquired property which but for the date of the acquisition would have been Property in the Receivership Estate, second in priority to the Receiver's lien for fees and expenses.

7. If the Receiver is unable to obtain unsecured credit consistent with the terms and conditions set forth in Paragraph 6 above, this Court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt on such other terms and conditions as are equitable in the circumstances, including the granting of a lien secured by the Property of the Receivership Estate that is not otherwise subject to a lien or secured by a junior lien on property of the estate that is subject to a lien. Subject to paragraphs 13 and 14, the Court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on the Property of the Receivership Estate that is subject to a lien only if it is equitable in the circumstances and only if the holder of any lien on property receives adequate protection.

8. Subject to paragraphs 13 and 14, the reversal or modification on appeal of an authorization given to the Receiver to obtain credit or incur debt, or of a grant by this Court of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless

Deleted: shall be a lien
Formatted: Font: Century Schoolbook
Deleted: Receivership
Formatted: Font: Century Schoolbook
Deleted: Receivership
Formatted: Font: Century Schoolbook
Deleted: set forth in Paragraph 25 of this Order
Formatted: Font: Century Schoolbook
Deleted: 8
Formatted: Font: Century Schoolbook
Deleted: property
Formatted: Font: Century Schoolbook
Deleted: The
Formatted: Font: Century Schoolbook
Deleted: property
Formatted: Font: Century Schoolbook
Deleted: estate
Formatted: Font: Century Schoolbook
Deleted: The
Formatted: Font: Century Schoolbook
Deleted: 797048; 1425-0001

such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

9. Subject to paragraphs 13 and 14, but notwithstanding anything to the contrary in this Order or any prior order of this Court, the liens and security interests granted by the Receivership Entities prior to the entry of the Order Appointing Receiver (collectively, the "**Preexisting Liens**") shall not be primed by, made subject to, subordinated to, or made *pari passu* with any lien or security interest granted on or after the entry of the Order Appointing Receiver absent further order of the Court after notice and a hearing; *provided*, *however*, that the Preexisting Liens shall be subordinated to the lien securing repayment of fees and expenses incurred on behalf of the Receiver and his professionals in accordance with the applicable terms of this Order and approved by the Court after notice and a hearing.

10. Subject to paragraphs 13 and 14, the Receivership Entities and any persons, firms or entities acting under the direction of such Receivership Entities, and any third parties, persons, firms or entities, shall, upon presentation of a copy of this Order, identify the location of and deliver to the Receiver, any and all receivership assets and property, both the Books and Records and the Property, in the possession or under the control of such parties; and all persons are enjoined and restrained: (a) from payment of any amounts owing to the Receivership Entities relating to the Property to anyone other than the Receiver; and (b) from in any way

Deleted: The

Formatted: Font: Century Schoolbook

Formatted: Left

Formatted: Font: Century Schoolbook

Deleted: 797048; 1425-0001

disturbing or interfering with the collection, management or sale of any of the Property.

11. Subject to paragraphs 13 and 14, all creditors, claimants, parties in interest, and their respective attorneys, servants, agents, and employees, and all other persons, firms, and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against the Receivership Entities, the Property, or the Books and Records or Property, or against the Receiver, in any court. Subject to paragraphs 13 and 14, the parties described in the preceding sentence are further stayed from executing or issuing or causing the execution or issuance out of any court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon the Property owned by or in the possession of the Receivership Entities, or the Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of his duties in this proceedings or with the exclusive jurisdiction of this Court over the Property, its Books and Records and Property and the said Receiver.

12. Subject to paragraphs 13 and 14, parties in this case and their respective attorneys, servants, agents, and employees, and all other persons, firms, and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing any action at law or suit or proceeding in equity in any court or to

Deleted: All

Deleted: , bodies politic

Formatted: Font: Century Schoolbook

Formatted: Font: Century Schoolbook

Formatted: Font: Century Schoolbook

Deleted: its

Formatted: Font: Century Schoolbook

Deleted: The

Formatted: Font: Century Schoolbook

Formatted: Font: Century Schoolbook

Deleted: Parties

Formatted: Font: Century Schoolbook

Deleted: 797048; 1425-0001

prosecute any claim, or to execute or issue or cause the execution or issuance out of any court of any writ, process, summons, attachment or subpoena, against Mark E. Dottore, the individual, or any entities in which he holds an interest, without first obtaining permission of this appointing Court. Such a lawsuit may be used to intimidate the Receiver and therefore interfere with the discharge of his duties in this proceeding. Except with respect to a lawsuit under 31 U.S.C. § 3713(b), upon a request to sue Mark E. Dottore, the individual, or an entities in which he holds an interest, by any party, the Court will undertake a review of the facts and circumstances, and upon notice and hearing, determine whether the suit is meritorious or interposed for the purpose of harassment of the Receiver.

13. Nothing contained in this Order (and no action taken by any party in this case) shall require, stay or otherwise constrain any action or proceeding by any federal governmental unit (as that term is defined in 11 U.S.C. § 101(27)). Nothing in this Order authorizes the Receiver or the Receivership Entities to take any action that is inconsistent with federal law. Nothing in this Order shall preclude the United States from arguing at any time that any provision in this Order is void or inapplicable to the United States.

14. Nothing contained in this Order authorizes the Receiver to make any payment prohibited by the Federal Priority Statute, 31 U.S.C. § 3713.

15. The Receivership Entities and their agents and employees, and any other party, shall turn over to the Receiver, as soon as possible or within three (3) days from the date of this Order, any and all Books and Records.

Deleted:
Formatted: Font: Century Schoolbook
Deleted: Upon
Formatted: Font: Century Schoolbook
Deleted: its
Formatted: Font: Century Schoolbook
Formatted: Font: Century Schoolbook
Formatted: Left
Deleted: 797048; 1425-0001

16. The Receivership Entities and their agents and employees, and subject to paragraph 13, any other party, shall turn over to the Receiver, as soon as possible or within three (3) days from the date of this Order, all sums in existence on the date hereof that are related or pertain to, or derived from the Property, including, but not limited to (a) all cash on hand; (b) all cash equivalents and negotiable instruments (such as checks, notes, drafts or other related documents or instruments); and (c) all sums held in accounts in any financial institutions, including but not limited to, all sums of any kind relating to the use, enjoyment, possession, improvement or occupancy of all or any portion of the Property.

17. Except as directed by the Receiver, the Receivership Entities, their affiliates, agents, officers, directors, shareholders, members, employees, representatives or creditors, and subject to paragraph 13, all other persons or entities, are hereby prohibited from taking any act for or on behalf of the Receivership Entities, interfering in any way with the acts of the Receiver, and from in any way, manner or means wasting, disposing of, transferring, selling, assigning, pledging, canceling, concealing, interfering with, or hypothecating any of the Books and Records or the Property. Upon the request of the Receiver, the foregoing persons and entities shall cooperate and affirmatively assist the Receiver in making available to the Receiver or his agents, the Books and Records and the Property. Nothing in this paragraph shall be construed to require a waiver of any attorney-client privilege.

Deleted: its
Formatted: Font: Century Schoolbook
Formatted: Font: Century Schoolbook
Deleted:
Formatted: Font: Century Schoolbook
Deleted:
Formatted: Font: Century Schoolbook
Deleted:
Formatted: Font: Century Schoolbook
Deleted:
Formatted: Font: Century Schoolbook
Deleted: its
Formatted: Font: Century Schoolbook
Formatted: Font: Century Schoolbook
Deleted: 797048; 1425-0001

18. The Receiver, and his agents, including his attorneys, any special counsel and any accountants or other professionals that are appointed by the Court, shall be entitled to reasonable compensation for services rendered and reimbursement for expenses incurred which are (a) related to the Receiver's duties, rights, and obligations under this order or any future orders of the Court and applicable law; (b) related to the administration, management, protection or liquidation of the Property; or (c) related to the defense or prosecution of any claim or suit brought by or against the Receiver or by the Receiver against any person or entities. Such compensation of the Receiver and his agents, his counsel and his accountants shall be paid consistent with the Receivership Authorities, Paragraphs 18 through 22 of this Order Appointing Receiver and awarded from the Receivership Estate. As and for the payment of the Receiver's fees and expenses and the fees and expenses of his attorneys, accountants and other professionals, the Receiver is hereby granted a lien upon all of the Property in the Receivership Estate, which lien shall be a charge upon all property of whatsoever kind or nature in the Receivership Estate and the lien shall extend to all proceeds of or arising from the Property or assets in the Receivership Estate, including all after-acquired property which but for the date of the acquisition would have been Property of the Receivership Estate. If the Receivership Estate does not have funds to pay the fees and expenses of the Receiver and his attorneys, accountants and other professionals, those fees will be assessed as costs of this case.

Formatted: Font: Century Schoolbook

Deleted: 16

Formatted: Font: Century Schoolbook

Deleted: 19

Formatted: Font: Century Schoolbook

Deleted: Assets

Formatted: Font: Century Schoolbook

Deleted: Assets

Formatted: Font: Century Schoolbook

Deleted: other property

Formatted: Font: Century Schoolbook

Deleted: an Asset

Formatted: Font: Century Schoolbook

Deleted: 797048; 1425-0001

19. The Receiver shall be compensated at his normal hourly billing rate, which is the rate he charges in cases of like kind and complexity. At this time, the Receiver's billing rate is $400.00 per hour plus reimbursement for all reasonable and necessary out of pocket costs and expenses.

20. From time to time, the Receiver utilizes the assistance and expertise of persons on the payroll of his companies. These individuals are billed hourly as follows: administrative personnel ($125.00); Thomas Dottore ($300.00) and Charles Dottore ($300.00). If the services of others are required, they will be billed at an hourly rate consistent with or below the rates charged by others in this community with similar skills and ability, as is true with all hourly rates charged under this Order.

21. The Receiver will require the services of an accountant to comply with routine accounting services required as part of the receivership. Routine accounting services include bookkeeping, bank account review and reconciliation, and the filing of periodic reports required by this Order and under the Receivership Authorities. The Receiver must also file tax returns, and comply with other governmental reporting requirements, provide assistance to any governmental law enforcement agency, and perform other non-bookkeeping accounting functions. The Receiver will utilize the services of Mr. David S. Linscott, CPA, CIRA, at the rate of $325.00 per hour, but will be required to retain additional services at ordinary and customary hourly rates.

**Deleted:** Routine

**Deleted:** are included in the rates charged by

**Deleted:** Receiver.

**Formatted:** Font: Century Schoolbook

**Formatted:** Font: Century Schoolbook

**Formatted:** Font: Century Schoolbook

**Deleted:**

**Formatted:** Font: Century Schoolbook

**Deleted:** filing of

**Formatted:** Font: Century Schoolbook

**Formatted:** Font: Century Schoolbook

**Formatted:** Font: Century Schoolbook

**Formatted:** Font: Century Schoolbook

**Deleted:** will be charged at ordinary, hourly rates

**Formatted:** Font: Century Schoolbook

**Formatted:** Font: Century Schoolbook

**Deleted:** 797048; 1425-0001

22. The Receiver and his attorneys, special counsel, accountants, or other professionals hired by him, shall file with this Court monthly applications for payment of fees and expenses incurred in the conduct of this Receivership Estate, and each such application shall be served via electronic mail upon the Plaintiff, the Defendants, and other interested parties who have requested that such applications be served upon them. The Receiver shall be authorized to pay the fees and expenses requested by the Receiver or his attorneys, accountants or other professionals in any such application after ten (10) days have expired after service has been effected, without further order of this Court. If any party or person shall file an objection to the fees and expenses of the Receiver, or of his attorneys, accountants or other professionals, the Court shall consider the objection in the ordinary course. Pending consideration of the objection, the Receiver shall be authorized to pay any portion of the fees and expenses not subject to the objection.

Formatted: Font: Century Schoolbook

Deleted: may, at the Receiver's option,

Formatted: Font: Century Schoolbook

Deleted: (or less frequent, if he deems appropriate),

Formatted: Font: Century Schoolbook

Deleted: U.S. Mail

Formatted: Font: Century Schoolbook

23. The Receiver shall have full and unrestricted access to all of the Property, and the Receivership Entities and their officers, directors, shareholders, employees and agents, and any other party, are directed to take all steps necessary to give the Receiver access to the premises and to give the Receiver all keys to the facilities.

Deleted: its

Formatted: Font: Century Schoolbook

24. Nothing in this Order shall be read or interpreted as requiring Plaintiff to continue to extend credit to the Receivership Entities and Plaintiff shall continue to have all rights and remedies to which it is entitled under its agreements

Deleted: 797048; 1425-0001

with Defendants and pursuant to the Receivership Authorities and subject to the terms of this Order.

25. Subject to paragraphs 13 and 14, the Receiver may, from time to time, make payments to creditors on account of pre-receivership claims, especially secured creditors, according to their interests as they may appear. All payments made prior to the conclusion of the Receivership shall be made after application to the Court and pursuant to Court Order.

26. The Receiver shall, under his authority to operate and manage the businesses of the Receivership Entities, operate and manage such businesses in compliance with applicable statutes. Subject to paragraphs 13 and 14, nothing in this Order shall be read or interpreted, however, to abrogate the Receiver's immunities from personal liability for conduct related to his receivership duties.

27. The Bond of the Receiver is set at $100.00.

28. Subject to paragraphs 13 and 14, the Court retains jurisdiction with respect to any matters addressed in this Order, including without limitation any and all matters relating to or affecting the Receivership Estate, the Property, the Receiver and the scope of authority granted the Receiver hereunder. The terms of this Order shall continue in full force and effect unless and until further order of this Court.

29. Notwithstanding anything to the contrary in this Order or any prior order of this Court, all references to AU Student Funding, LLC ("**AUSF**") are hereby stricken from the Order Appointing Receiver, without prejudice. AUSF shall

**Deleted:** The

**Formatted:** Font: Century Schoolbook

**Deleted:** The Receiver, in his sole discretion, shall determine when or if it is appropriate to make payments to creditors, if any.

**Formatted:** Font: Century Schoolbook

**Deleted:** Nothing

**Formatted:** Font: Century Schoolbook

**Deleted:** The

**Formatted:** Font: Century Schoolbook

**Deleted:** 797048; 1425-0001

not be a Receivership Entity and the assets of AUSF shall not be Receivership Property or Property, unless otherwise ordered by this Court after notice and hearing. The authority of the Receiver with respect to AUSF shall not exceed the authority of Argosy Education Group, LLC, as the Member of AUSF, or Dream Center Education Holdings, LLC, as the Manager of AUSF, in each case, immediately prior to entry of the Order Appointing Receiver.[1]

**IT IS SO ORDERED** this ____ day of _________________, 2019.

**THOMAS M. PARKER**
**MAGISTRATE JUDGE**

[1] As used herein, the terms "Member" and "Manager" shall have the meanings ascribed to such terms in the Amended and Restated Limited Liability Company Agreement of AU Student Funding, LLC, dated as of January 15, 2019 and effective as of January 7, 2019.



Formatted: Font: Century Schoolbook
Formatted: MKW Signature
Deleted: ________________________________ ...
Formatted: Font: Century Schoolbook, Bold, Underline
Formatted: Font: Century Schoolbook, Bold, Underline
Deleted: U.S. DISTRICT
Formatted: MKW Signature
Formatted: Font: Century Schoolbook, Bold, Underline
Deleted:
Formatted: Font: Century Schoolbook, Bold, Underline
Deleted: ¶ ¶
Deleted: 797048; 1425-0001

Respectfully submitted,

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
WHITMER & EHRMAN LLC
2344 Canal Road
Suite 401
Cleveland, Ohio 44113-2535
Telephone: (216) 771-5056
Email: mkw@weadvocate.net

*Attorneys for Mark E. Dottore, Receiver*

**Formatted:** Font: Century Schoolbook

**Deleted:** 797048; 1425-0001