# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | Case No. 1:19-cv-00145 |
| *Plaintiff*, | |
| v. | Judge Dan Aaron Polster |
| SOUTH UNIVERSITY OF OHIO, LLC *et al.*, | Magistrate Judge Thomas M. Parker |
| *Defendants*. | **MOTION TO INTERVENE OF THOMAS J. PERRELLI, SETTLEMENT ADMINISTRATOR** |

Proposed intervenor Thomas J. Perrelli (the "Administrator"), Settlement Administrator appointed by Consent Judgment in *Kentucky v. Education Management Corporation*, No. 15-CI-1202 (Ky. Cir. Ct. Nov. 16, 2015) and related cases, hereby files this Motion seeking to intervene as a party pursuant to Federal Rule of Civil Procedure 24. This motion is filed without objection from the other parties.

Defendant Dream Center Education Holdings, LLC ("DCEH") is currently subject to Consent Judgments with 40 state Attorneys General. Under those Consent Judgments, DCEH must comply with a detailed set of consumer protection and related requirements and is under the supervision of the Administrator, or monitor.

The Administrator seeks to intervene because his substantial legal interest in monitoring and promoting DCEH's compliance with the Consent Judgment and his duty to protect DCEH students from further abuses may be significantly impaired if he is unable to participate in these proceedings. The Administrator has a vital interest in the subject matter of this proceeding and his interest is not being adequately represented in this action by the existing parties. If the

2737329.4

Administrator is unable to intervene, the disposition of this action may, as a practical matter, impair or impede his ability to fulfill his duties to protect the interests of students under the Consent Judgment.

As is set forth more fully in the attached Memorandum in Support, which is incorporated by reference herein, Administrator is entitled to intervene in this action as a matter of right under Fed. R. Civ. P. 24(a)(2). Alternatively, Administrator respectfully requests that this Court permit him to intervene under Fed. R. Civ. P. 24(b)(2).

DATED: February 26, 2019         Respectfully submitted,

                                            s/Grant J. Keating
Grant J. Keating (#0079381)
Richard N. Selby, II (#0059996)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 | (440) 352-3469 Fax
Email: gkeating@dworkenlaw.com
rselby@dworkenlaw.com

Thomas J. Perrelli (appearing *pro hac vice*)
Jenner & Block LLP
1099 New York Avenue, NW
Washington, DC 20001
tperrelli@jenner.com
Telephone: (202) 639-6004
Facsimile: (202) 639-6066

Brian Hauck (appearing *pro hac vice*)
Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
bhauck@jenner.com
Telephone: (213) 239-2244
Facsimile: (213) 239-5199

*Attorneys for Proposed Intervenor*
*Thomas J. Perrelli, Settlement Administrator*

2

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

**I.     INTRODUCTION**

Defendant Dream Center Education Holdings, LLC ("DCEH") is currently subject to Consent Judgments with 40 state Attorneys General. Under those Consent Judgments, DCEH must comply with a detailed set of consumer protection and related requirements and is under the supervision of a settlement administrator, or monitor.[1] The Administrator is concerned that the Receiver is not complying or will not comply with the Consent Judgments, and most immediately with a requirement that as a result of conduct by DCEH over the last year, DCEH must refund moneys to over a thousand students who may have been deceived by misleading statements by DCEH regarding the accreditation status of two of its schools. The Administrator is required by the Consent Judgment to ensure that DCEH fulfills a Corrective Action Plan for this Consent Judgment violation.

Prior to these receivership proceedings, the Administrator sought and received assurance from DCEH that filings in this case would reflect the Company's obligations under the Consent Judgment and the Corrective Action Plan that is currently being developed. But because the filings failed to address the Consent Judgment and implement any required Corrective Action Plans, the Administrator must intervene in this proceeding to confirm that DCEH and the Receiver are obligated to comply with the Consent Judgment and implement any Corrective Action Plans

---

[1] This filing is submitted on behalf of the Administrator, not on behalf of any Attorney General party to the Consent Judgments. Further, "nothing in th[e] Consent Judgment limits the right of the Attorneys General to conduct investigations or examinations or file suit for any violation of applicable law, nor shall anything in the Consent Judgment be construed to limit the remedies available to the Consent Judgment be construed to limit the remedies available to the Attorneys General for any violation of applicable law that [wa]s not released by th[e] Consent Judgment." See Motion For Entry Of Order Clarifying Order Appointing Receiver attached hereto as Exhibit "A" at Ex. A-2, Consent Judgment at ¶ 119.

3

necessitated by violations thereof. Administrator therefore seeks leave to intervene and file a Motion For Entry Of Order Clarifying Order Appointing Receiver, to make sure the Consent Judgments are complied with. A copy of the Motion For Entry Of Order Clarifying Order Appointing Receiver is attached hereto as Exhibit "A" and incorporated herein.

## II. ARGUMENT

### 1. The Administrator Is Entitled To Intervene In This Action As Of Right.

Intervention should be granted to the Administrator as of right under Rule 24(a)(2). An applicant for intervention under Rule 24(a)(2) must have an interest relating to the subject of the action and must be situated such that "disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest." Fed. R.Civ. P. 24(a). The Sixth Circuit has a "rather expansive notion of the interest sufficient to invoke intervention of right." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). An applicant need meet only the "minimal" burden of showing "that the impairment of its substantial legal interest is possible if intervention is denied." *Grutter v. Bollinger*, 188 F.3d 394, 399-400 (6th Cir. 1999) (quotation marks omitted); *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 496 (6th Cir. 2014) (holding that a proposed intervenor who had the authority to control receivership assets did not need to have constitutional standing to intervene). The requirement of inadequate representation is similarly forgiving. It is "satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Thus, "[t]he proposed intervenor need show only that there is a *potential* for inadequate representation." *Grutter*, 188 F.3d at 400 (emphasis in original).

The Administrator's substantial legal interests in overseeing effective implementation of the Consent Judgment and his duty to protect DCEH students from further abuses may be

4

significantly impaired if the Administrator is unable to participate in these proceedings. *See Grutter*, 188 F.3d at 399-400. Any disposition and management of DCEH assets during receivership will directly affect the resources available to DCEH to meet its court-ordered compliance obligations under the Consent Judgment. These obligations include the outstanding Corrective Action Plan and the Consent Judgment's general requirements to maintain certain compliance infrastructure at DCEH or any successor entities. In particular, the Corrective Action Plan arising from DCEH's misrepresentations regarding the accreditation status of the Illinois and Colorado Art Institutes is expected to require tuition reimbursement for those students who relied on DCEH's misrepresentations to their detriment. The Administrator must be able to participate in the receivership proceedings in order to ensure the availability of resources to comply with the Consent Judgment.

No other party adequately represents these interests. Given the oversight relationship between the Administrator and DCEH, there are "inherent inconsistencies between movants' interests and those of" Defendants. *See Linton ex rel. Arnold v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319-20 (6th Cir. 1992). Although the Plaintiff here—a creditor—invoked protection of DCEH students as basis to order receivership, only the Administrator has the legal mandate to oversee DCEH's compliance obligations to ensure the protection of students pursuant to the Consent Judgment and on behalf of the Attorneys General. "An interest that is not represented at all is surely not adequately represented, and intervention in that case must be allowed." *Grubbs v. Norris*, 870 F.2d 343, 347 (6th Cir.1989) (internal quotation marks omitted). Absent intervention by the Administrator, the proceedings will include no party designated specifically to protect the interests of students under the Consent Judgment.

### 2. The Administrator May Also Intervene Permissively.

For substantially the same reasons, the Administrator meets the standards for permissive intervention under Rule 24(b). "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties . . . and any other relevant factors." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citation omitted). The standards for both permissive intervention and intervention as of right should be "broadly construed in favor of potential intervenors." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quotation marks omitted). Enforcement of the Consent Judgment, which implicates the management and disposition of DCEH assets, shares common questions of law and fact with the claims of creditors already party to this action. This timely application, filed within two months of the commencement of this action, will not unduly delay or prejudice the rights of other parties. *See Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir.1990); *Mich. State AFL-CIO*, 103 F.3d at 1245-48. The intervention should be granted.

### III. CONCLUSION

WHEREFORE, for the reasons stated above, the Administrator respectfully requests that this Court issue an order permitting Administrator to intervene in this action.

DATED: February 26, 2019

Respectfully submitted,

s/Grant J. Keating
Grant J. Keating (#0079381)
Richard N. Selby, II (#0059996)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 | (440) 352-3469 Fax
Email: gkeating@dworkenlaw.com
rselby@dworkenlaw.com

    Thomas J. Perrelli (appearing *pro hac vice* )
Jenner & Block LLP
1099 New York Avenue, NW
Washington, DC 20001
tperrelli@jenner.com
Telephone: (202) 639-6004
Facsimile: (202) 639-6066

Brian Hauck (appearing *pro hac vice*)
Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
bhauck@jenner.com
Telephone: (213) 239-2244
Facsimile: (213) 239-5199

*Attorneys for Proposed Intervenor*
*Thomas J. Perrelli, Settlement Administrator*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 26, 2019 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Grant J. Keating
Grant J. Keating (#0079381)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
Email: gkeating@dworkenlaw.com
*One of the Attorneys for Proposed Intervenor*
*Thomas J. Perrelli, Settlement Administrator*

7