

THOMAS J. MILLER
ATTORNEY GENERAL

1305 E. WALNUT ST.
DES MOINES, IA 50319
P: 515-281-8760
www.iowaattorneygeneral.gov

**IOWA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**
**LICENSING AND ADMINISTRATIVE LAW DIVISION**

*Via Email and Overnight Mail*

Chris Richardson
Dream Center Education Holdings (DCEH)
General Counsel
1255 South Spectrum Boulevard
Chandler, Arizona 85286
crichardson@dcedh.org[1]

We, the offices of the attorneys general of the undersigned states of Connecticut, Illinois, Iowa, Kentucky, Oregon, and Pennsylvania (collectively the "Executive Committee"), write on behalf of the Attorneys General, to inform you of our decision to extend the term of the Settlement Administrator, pursuant to paragraph 49 of the Consent Judgment.[2]

The Settlement Administrator raises multiple issues that justify this extension in his Third Annual Report. Chief among them are accreditation issues, including the deception surrounding Dream Center Education Holdings' (DCEH's) loss of Higher Learning Commission (HLC) accreditation. Additionally, the Third Annual Report highlights problems surrounding the transition from for-profit to non-profit status, particularly the aborted Woz U initiative.

Prior to this extension, the Settlement Administrator's term was scheduled to end on December 31, 2018. The Consent Judgment allows for an extension of the term under certain circumstances. Specifically, paragraph 49 provides:

 If, at the conclusion of the Administrator's three-year term, the Attorneys General determine in good faith and in consultation with the Administrator that **justifiable cause exists**, the Administrator's engagement shall be extended for an additional term of up to two (2) years, subject to the right of EDMC to commence legal proceedings for the purpose of challenging the decision of the Attorneys General and to seek preliminary and permanent injunctive relief with respect thereto.  For purposes of this paragraph, **"justifiable cause" means a failure by EDMC to achieve and maintain substantial compliance with the substantive provisions of the Consent Judgment**. [Emphasis added.]

---

[1] It is our understanding that the parties designated for notice in paragraph 139 of the Consent Judgment are no longer with DCEH or no longer represent DCEH. Consequently, we are sending this notice to DCEH's current general counsel, rather than the parties listed in paragraph 139.
[2] The "Executive Committee" is defined in paragraph 19 of the Consent Judgment as the attorneys general of the aforementioned states. "Attorneys General" is defined in paragraph 8 of the Consent Judgment as the attorneys general of Alabama, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Mississippi, Missouri, Montana, Nebraska, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, and Wyoming.

As detailed below, the Attorneys General believe DCEH is not in substantial compliance with the Consent Judgment. As such, the Attorneys General require that the Administrator's engagement be extended for an additional term of six months, until June 30, 2019. Paragraph 39 of the Consent Judgment caps the Settlement Administrator's fees at $1,000,000 per year. Given that this is a six-month extension, our interpretation of that provision is that fees will be capped at $500,000. The extension of the Settlement Administrator's term is subject to further renewal, up to the two-year maximum allowed by the Consent Judgment.[3] Completion of the corrective action plan regarding the loss of HLC accreditation is a prerequisite for being in substantial compliance with the Consent Judgment.[4] If such a corrective action plan is incomplete, it would serve as a basis for further extension.

Earlier this year, Dream Center Education Holdings' (DCEH's) Art Institute campuses in Illinois and Colorado lost Higher Learning Commission (HLC) accreditation.  DCEH acknowledges that it failed to timely notify students of this fact, in violation of HLC policy.[5] In addition, DCEH publicly misrepresented its accreditation status, stating that the schools "remain accredited," when in fact they were not.[6] When it did disclose the loss of accreditation six months later, it also announced the closure of the affected campuses at the end of the year.  More than 1,400 students are impacted. They may not be able to transfer their credits because of the loss of accreditation, and the need for them to transfer the credits is essential given the closure of the campuses.[7] For the affected students that graduated, employers may not accept their degrees.

These deceptions regarding the loss of HLC accreditation are clear violations of the Consent Judgment, and our consumer protection laws. They provide justifiable cause to extend the Administrator's term.  The Administrator agrees, stating in the Third Annual Report: "The completion of an appropriate corrective action plan on [accreditation loss] is clearly a necessary prerequisite to being in substantial compliance with the Consent Judgment."[8] The Illinois and Colorado Attorneys General have been working closely with the Settlement Administrator on a corrective action plan. The parties have made significant progress, but DCEH's latest estimate is that it would take until April 2019 to complete.

The Third Annual Report highlights other changes in accreditation that could lead to similar student harm if handled in the same manner as the HLC accreditation loss. Specifically, Middle States Commission on Higher Education's requirement that DCEH "show cause … as to why its accreditation should not be withdrawn," requires close monitoring to insure that students and prospective students obtain the correct information regarding accreditation.[9] This issue is of concern to the Attorneys General not simply because of its gravity but also because of its scope. Middle States accredits DCEH's Art Institute of Pittsburgh campus, which houses the Art Institute's online offerings.[10] These offerings affect students nationwide, including in each of the Attorneys Generals' states.

Finally, the Third Annual Report details problems with Gainful Employment compliance and relationships with for-profit entities. Despite the fact that the U.S. Department of Education has not yet approved DCEH's application to change from for-profit to non-profit status, DCEH

---

[3] Consent Judgment ¶ 49.
[4] *See* Settlement Administrator's Third Annual Report, pp. 4, 5, 44, and 62.
[5] *See Id.* at 43-44.
[6] *Id.* at 44.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 42.
[10] *Id.*

elected earlier this year not to comply with Gainful Employment disclosure requirements.[11] While DCEH is now making the proper disclosures, this willful decision to avoid federal regulation warrants further monitoring. Similarly, while DCEH's proposed relationship with Woz U is now off the table, it raised a troubling set of circumstances that support further scrutiny. The messaging to students and prospective students surrounding Woz U had multiple representations that could be described as deceptive, including representations of the relationship between the Art Institutes and Woz U, the status of completers, job prospects, and outcomes.[12] DCEH's indication that it would consider similar arrangements moving forward is a basis for continued oversight by the settlement administrator.[13]

Given the importance of redressing student harm caused by DCEH's deception regarding HLC accreditation, the potential for further accreditation loss, continued uncertainty regarding DCEH's transition from for-profit to non-profit status, and DCEH's continued pursuit of for-profit transactions, the Attorneys General require that the Administrator's engagement be extended as described above.

Very Truly Yours,

Iowa Attorney General
On behalf of the Executive Committee Attorneys General Offices

*Cc via Email*:

Thomas J. Perrelli
Brian Hauck
Jenner & Block
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
tperrelli@jenner.com
bhauck@jenner.com

---

[11] Settlement Administrator's Third Annual Report, pp. 2-4, 28-30.
[12] *Id.* at 24-26
[13] *Id.* at 5-6.