1099 NEW YORK AVENUE, NW, SUITE 900, WASHINGTON DC 20001-4412

JENNER&BLOCK LLP

January 24, 2019

Thomas Perrelli
Tel +1 202 639 6004
TPerrelli@jenner.com

Randall Barton
Dream Center Education Holdings, LLC
1255 South Spectrum Blvd.
Chandler, AZ 85286

John T. Altorelli
Aequum Law
555 Madison Ave., 5th Floor
New York, NY 10022

Robert T. Glickman
McCarthy, Lebit, Crystal & Liffman Co., LPA
101 West Prospect Ave.
1800 Midland Building
Cleveland, OH 44115

Re: *Digital Media Solutions, LLC v. South University of Ohio, LLC*, No. 1:19-cv-145 (N.D. Ohio filed Jan. 18, 2019)

Dear Mr. Barton, Mr. Glickman, and Mr. Altorelli:

    As you know, I am the Settlement Administrator appointed pursuant to the Consent Judgment filed in the case of *Commonwealth of Kentucky v. Education Management Corporation et al.*, Case No. 15-CI-1202 (Franklin, KY Circuit Court entered Nov. 16, 2016), and other courts (collectively, the "Consent Judgment"), to oversee the implementation of the requirements of a settlement involving the Attorneys General of 39 states and the District of Columbia. The obligations of that Consent Judgment were transferred from the original defendant, Education Management Corporation ("EDMC") to Dream Center Education Holdings, LLC ("Dream Center"), and now, it appears, to a new entity.

    Over the past several weeks, my office has discussed with each of you or your staff the importance of ensuring that a receiver appointed to take possession and control of the assets of Dream Center Education Holdings, LLC ("Dream Center") have the clear authority to take all actions necessary to ensure compliance with the Consent Judgment. In particular, we emphasized that the receiver must have the clear authority to implement any corrective action plan required by the Settlement Administrator in order to ensure compliance with Consent Judgment.

    We received your assurance that you understood the importance of compliance with the Consent Judgment, and provided language to include in the papers that would be filed in connection with the receivership. Yet neither the Court's order appointing a receiver in the

above-captioned litigation on January 19, 2019, nor the papers filed on behalf of Dream Center or any other party, referred to the Consent Judgment or Dream Center's obligations thereunder.

I would appreciate receiving, by February 1, written assurance from the receiver, Mark Dottore, that he has the authority and intends to ensure compliance with the Consent Judgment, and in particular with any corrective action plan required thereunder. Receiving this assurance directly from Mr. Dottore seems preferable to the alternative of a public filing with Judge Polster, recounting the history of the Consent Judgment, the recent letter of the Attorneys General extending the term of the Settlement Administrator and the reasons for that extension, and our understanding that this issue would be expressly and specifically addressed in the papers filed with the Court.

Very truly yours,

Thomas J. Perrelli

cc: Attorney General Tom Miller
Kate Dillon Hogan