**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | : |
| | : CASE NO. 1:19-cv-145 |
| Plaintiff, | : |
| | : JUDGE DAN AARON POLSTER |
| vs. | : |
| | : MAGISTRATE JUDGE |
| SOUTH UNIVERSITY OF OHIO, LLC, | : THOMAS M. PARKER |
| *et al.* | : |
| | : |
| Defendants. | : |

## MOTION OF HISTORIC BERRIMAN-MORGAN, LLC FOR EXPEDITED RELIEF FROM STAY AND FOR PAYMENT OF POST-RECEIVERSHIP RENT

Pursuant to Section 362 and 365 of the Bankruptcy Code, Intervenor Historic Berriman-Morgan, LLC ("HBM") hereby moves the Court for an entry (1) granting HBM expedited relief from stay and (2) requiring the Receiver to make all post-receivership rent payments due to HBM under HBM's lease agreement (the "Lease") with Argosy Education Group, LLC ("Argosy").

The basis for seeking expedited relief is the recent news from February 27, 2019 that the U.S. Department of Education has blocked Argosy's plan to reorganize as a non-profit and will no longer provide loans or grants to any of Argosy's students.  HBM views the prospects for a successful reorganization of Argosy as prohibitively unlikely, and has significant concerns about the receivership estate's ability to fund administrative expenses such as post-receivership rent payments.  Thus, there is a high risk of irreparable harm to HBM by preventing HBM to exercise its rights under state law to evict Argosy.  The grounds for this Motion or more specifically set forth in the attached Memorandum in Support.

Respectfully Submitted,

*/s/ Daniel J. Bennett*
Katherine Connor Ferguson (0079207)
Daniel J. Bennett (0079932)
Kooperman Mentel Ferguson Yaross, Ltd.
100 South 4th Street, Suite 100
Columbus, Ohio 43215
Telephone: (614) 344-4800
Fax: (614) 344-4801
Email: KFerguson@kmfylaw.com
       DBennett@kmfylaw.com
*Counsel for Historic Berriman-Morgan, LLC*

2

## MEMORANDUM IN SUPPORT

### I.   FACTUAL BACKGROUND.

As detailed in HBM's Motion to Intervene (*Doc. #43*), HBM is the landlord for a building occupied by Argosy and the receivership estate located in Tampa, Florida (the "Property").  The receivership continues to use the Property despite the fact that no rent has been paid to HBM since November 2018.

On February 27, 2019 the U.S. Department of Education (the "DOE") notified the receiver that the DOE was refusing Argosy's attempt to reorganize as a non-profit, and further denied Argosy's students from receiving additional federal student loans or grants.  A copy of the February 27, 2019 letter is attached hereto as Exhibit A (the "DOE Letter").  The DOE based their decision on Argosy's failure to meet fiduciary standards with respect to student loans and grants, Argosy's failure to meet financial responsibility standards, and Argosy's failure to meet standards of administrative capability.  *Id.*

The DOE's decision appears to spell the end of Argosy.  *E.g., End of the Road for Argosy[1]*, February 28, 2019, Inside Higher Ed., attached as Exhibit B hereto.  Further, from a financial perspective, the DOE letter disclosed the following:

> Also on February 7, 2019, the Receiver sent a letter to the Department regarding the disposition of the Title IV, HEA funds that the Department paid to Argosy between January 1, 2019 and February 5, 2019.  The Cash Flow statement enclosed with the letter showed that although Argosy received $12,955,761 in Title IV, HEA program funds during that time period, Argosy paid $4,289,010 to its staff, paid $2,178,879 to vendors, paid $1,768,875 to DCEH for payroll expenses, and **maintained $3,811,883 in the receivership account**…The Department released approximately $9.2 million to Argosy on January 15, 2019, just days before the Receiver was appointed on January 18, 2019.  **Another $2.8**

---

[1] https://www.insidehighered.com/news/2019/02/28/education-department-boots-argosy-campuses-federal-student-aid-program?utm_source=Inside+Higher+Ed&utm_campaign=9d8b820c87-DNU_2019_COPY_01&utm_medium=email&utm_term=0_1fcbc04421-9d8b820c87-236028941&mc_cid=9d8b820c87&mc_eid=20364f7dee

4810-5035-1496, v. 1

**million was released on January 29, 2019, following the appointment of the Receiver**.

*DOE Letter*, P. 4 (emphasis added).  Based on the stated cash flow position, a $2.8 post-receivership advance from the DOE, and the likely administrative claims from landlords, vendors, and other professionals, the odds that the receivership estate is already insolvent is high. Moreover, because little to no revenue will be coming in based on the DOE no longer issuing loans and grants to Argosy's students, and a restructuring involving Argosy appears to be precluded by the DOE, HBM has no confidence that the receivership's financial health will improve to the point where all administrative expenses, such as post-receivership rent due to HBM, will be paid.

Because it appears that Argosy's closure is imminent, there is no longer any benefit to the receivership estate by enjoining HBM from seeking its state court remedies to evict Argosy. Conversely, HBM continues to be harmed by this Courts' order enjoining it from exercising its contractual rights.  Accordingly, under analogous bankruptcy law, HBM has the right to relief from stay for "cause" and it requests relief on an expedited basis.  Lastly, HBM requests that the receiver pay HBM for all rental charges incurred from January 18, 2019 (the date of the Court's Order Appointing Receiver) to the present and all future rent incurred while Argosy and/or the receivership estate are in possession of the Property.

## II.      LAW AND DISCUSSION

### A.      Bankruptcy Law Applies to the Administration of a Receivership in this Court.

Pursuant to Local Rule 66.1, "the receiver or similar officer shall administer the estate as nearly as may be in accordance with the practice in the administration of estates in bankruptcy." Notwithstanding the Local Rule, Federal Courts (including the Sixth Circuit) repeatedly apply

4

bankruptcy law in receiverships.  *Janey v. Alguire*, 2014 WL 12654910, *3 (N.D. Tex. July 30, 2014) ("Bankruptcy law repeatedly borrow[s] principles from receivership law and vice versa. Thus, in some ways the two bodies of law evolved together . . ."); *SEC v. Capital Consultants, LLC*, 397 F.2d 733, 745 (9th Cir. 2005) (considering equitable mootness doctrine from the bankruptcy context in receivership's interim distributions); *SEC v. Basic Energy & Affiliated Res.*, 273 F.3d 657, 665 (6th Cir. 2001) (considering "person aggrieved" doctrine from bankruptcy context in non-party litigant's standing to appeal receivership); *Unisys Fin. Corp. v. Resolution Trust Corp.*, 979 F.2d 609, 611 (7th Cir. 1992) (referring to principles of bankruptcy law to determine whether a creditor had an enforceable security interest in the property of a receivership estate established under federal banking laws); *Fidelity Bank, Nat. Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 883 (6th Cir. 1996) ("[G]iven that a primary purpose of both receivership and bankruptcy proceedings is to promote the efficient and orderly administration of estates for the benefit of creditors, we find it appropriate and helpful to refer to the rules … in bankruptcy proceedings.").

### B.  The Court Should Grant HBM Relief from the Stay of the Receivership Order on an Expedited Basis.

#### 1.  HBM Is Entitled to Relief From Stay Under 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2)

Section 362(d) of the Bankruptcy Code states in relevant part:

> On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including lack of adequate protection of an interest in property for such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section if –

> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1)-(2).

Cause, as used in section 362(d)(1), is not defined, leaving the Court to consider what constitutes cause based on the totality of the circumstances in each particular case. *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co.* (*In re Laguna Assocs. Ltd. P'ship*), 30 F.3d 734, 737 (6th Cir. 1994); see also *In re Miller*, 513 Fed. Appx. 566, 575 (6th Cir. 2013). "'[C]ause' is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Jeffers*, 572 B.R. 681, 684 (Bankr. N.D. Ohio 2017) (citing *In re River Estates*, 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003)).

Argosy has failed to (a) pay and perform its obligations under the Lease following this Court's appointment of the receiver and (b) provide adequate protection of HBM's interest in the Property by failing to reimburse HBM from ongoing operating expenses that HBM is advancing on the receivership estate's behalf, both of which put at risk HBM's ability to continue to timely service the mortgage on the Property. In analogous circumstances, Courts have determined cause exists. *E.g., In re Rocchio*, 125 B.R. 345, 347 (D. Rhod. Isl. 1991) ("Debtors failure to pay postpetition rent, together with a total absence of evidence that they will: (1) cure the default, (2) provide adequate protection, or (3) give adequate assurance of future performance, all violate the clear requirements of §365(d)(3), and we hold that said violations (individually and cumulatively) constitute 'cause' under §362(d)(1) to lift the stay and allow [landlord] to continue the state court eviction litigation.").

Relief from the stay should also be granted under section 362(d)(2) on the basis that the Property is not necessary to an effective reorganization. Based on the most recent news that the

4810-5035-1496, v. 1

U.S. Department of Education has blocked a proposed restructuring and will no longer provide funding for students of Argosy, there is no reasonable possibility that Argosy's Tampa location will be used for any reorganization.  *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375-76 (1988) ("[I]t is the burden of the debtor to establish that the collateral at issue is 'necessary to an effective reorganization.' What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'") (citations omitted).

### 2.     Relief From Stay Should Be Expedited.

11 U.S.C. §362(f) provides that:

> Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

Expedited relief is appropriate here.  HBM is continually paying out-of-pocket for expenses in connection with the Property, such as expenses to maintain the Property pursuant to the terms of the Lease and to make monthly payments on the mortgage.  No rent has been received since November 1, 2018, and HBM's cash reserves are not sufficient to continue funding all payments indefinitely.  Moreover, in light of the DOE cutting off all funding to Argosy's students and blocking Argosy's proposed reorganization, there is no reasonable benefit to the receivership estate by enjoining HBM from seeking state court remedies to re-take its Property.

4810-5035-1496, v. 1

### C.    Argosy/Receiver is Obligated to Pay Rent Under Section 365(d)(3) of the Bankruptcy Code

Section 365(d)(3) provides in relevant part:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

Section 365(d)(3) requires debtor-tenants to provide landlords of nonresidential real property full and timely payment for services due under an unexpired lease during the post-petition, pre-rejection period. *Id*; see also *In re Pahr-Mor, Inc.,* 290 B.R. 319, 322 (Bankr. N.D. Ohio 2003). The purpose of section 365(d) is to "prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate." *Tully Constr. Co., Inc. v. Cannonsburg Envtl. Assocs., Ltd*. (*In re Cannonsburg Envtl. Assocs., Ltd.*), 72 F.3d 1260, 1266 (6th Cir. 1996) (citations and quotations omitted). Section 365(d)(3) "relieve[s] the burden placed on nonresidential real property lessors (or 'landlords') during the period between [the date] a tenant's bankruptcy petition [is filed] and assumption or rejection of a lease." *Omni Partners, L.P. v. Pudgie's Dev. of NY, Inc.* (*In re Pudgie's Dev. of NY, Inc.*), 239 B.R. 688, 692 (S.D.N.Y. 1999) (quotations omitted).

Here, the Lease the between Argosy and HBM (i) concerns nonresidential real property; (ii) has not expired; and (iii) has neither been assumed nor rejected by Argosy or the Receiver. Under section 365(d)(3) of the Bankruptcy Code, HBM is entitled to receive all monthly and additional rent payments due after the Court entered the Receivership Order, and the Court should order immediate payment thereof. *See In re Revco D.S., Inc.*, 109 B.R. 264, 271 (Bankr. N.D. Ohio 1989) (ordering the immediate payment of rent in light of obligation pursuant to

8

section 365(d)(3)).

## III. CONCLUSION

For the foregoing reasons, HBM respectfully requests that this Court enter an Order (i) granting HBM expedited relief from the stay; (ii) directing the receiver to make timely rent payments; and (iii) granting such further relief to HBM as is appropriate.  A Proposed Order is being submitted for the Court's consideration.

Respectfully Submitted,

*/s/ Daniel J. Bennett*
Katherine Connor Ferguson (0079207)
Daniel J. Bennett (0079932)
Kooperman Mentel Ferguson Yaross, Ltd.
100 South 4th Street, Suite 100
Columbus, Ohio 43215
Telephone: (614) 344-4800
Fax: (614) 344-4801
Email: KFerguson@kmfylaw.com
        DBennett@kmfylaw.com
*Counsel for Historic Berriman-Morgan, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the forgoing *Motion to Intervene* to be filed electronically with the Clerk of Court using the CM/ECF system, which will automatically provide electronic notice upon all counsel of record in this case on the 4th day of March, 2019. Parties and counsel of record may access this filing through the CM/ECF System.

*/s/ Daniel J. Bennett*
Daniel J. Bennett

9

4810-5035-1496, v. 1