UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | CASE NO. 1:19-CV-145 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | |
| Defendants. | |

**PRO SE UNOPPOSED MOTION TO INTERVENE
BY WESTERN STATE COLLEGE OF LAW STUDENT
MARINA AWED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### PRO SE UNOPPOSED MOTION TO INTERVENE BY WESTERN STATE COLLEGE OF LAW STUDENT MARINA AWED

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Marina Awed, ("Movant") third-year law student at Western State College of Law at Argosy University("WSCL"), Argosy University ("Argosy") being a subsidiary of Dream Center Education Holdings("DCEH") LLC, hereby moves the Court to intervene in this action. Prior to filing this Motion, Movant conferred with Counsel to the Plaintiff, Digital Media Solutions LLC, and counsel indicated that they will not oppose. Movant did not receive a response from Counsel to the Receiver. The reasons for the Motion are set forth in the accompanying Memorandum along with a copy of the Proposed Order for the Court.

[*continued on next page*]

1

## MEMORANDUM IN SUPPORT

Movant submits this Memorandum of Law in Support of the Motion and pursuant to Federal Rule of Civil Procedure 24 respectfully states the following:

### I. INTRODUCTION

**A. The Parties and the Mysteriously Missing Federal Financial Aid.**

Movant is in her final semester at Western State College of Law("WSCL") at Argosy University in Irvine, CA, an ABA accredited law school. WSCL is owned by Argosy and DCEH and is currently one of many entities under the Court ordered receivership. *See, the Receivership Order*, Doc. 8. The law school has failed to disburse federal financial aid owed to her[1] for the semester and a total of $2.5 million[2] in federal financial aid funds remain unpaid to students at the law school.

Movant signed a financial aid agreement at the start of the school year. The agreement described cost, scholarships, and federal financial aid awarded. Once federal aid and scholarships are used to pay any tuition balance on Movant's account, the rest of the federal financial aid is disbursed directly to her. These disbursements are commonly referred to as a "stipend."[3] The funds were expected to be delivered on or about January 7, 2019 when the current semester began. As of the date of this filing, Movant has not received any disbursement or any concrete information from the school or Receiver regarding the whereabouts of the federal funds owed her.

On January 18, 2019, the Plaintiff filed its Emergency Motion for the Appointment of Receiver ("the Emergency Motion") and the United States District Court

---

[1] Movant has elected not to provide financial documents at this time but would be able to provide a supplementary filing if requested.
[2] This number was provided to Movant by the Dean during a meeting on February 25, 2019.
[3] Stipends are commonly used for living expenses and other student expenses such as bar examination prep and fees.

2

for the Northern District of Ohio (the "Court") entered the Order Appointing Receiver (the "Order"). *See, the Receivership Order*, Doc. 8. As a result, the receiver is in control of all property belonging to every subsidiary of DCEH, which includes all property belonging to Movant's law school.

In the Order the Receivership was described as a way to prevent harm to students. *See, Receivership Order* ¶¶5. However, the Receivership has only been detrimental to students. The Receiver continues to make unfounded and potentially misleading comments to both the media and the Court regarding the funds and has left students uncertain about their futures, with no resolution in sight.

For example, on February 14, 2019, he was quoted saying "[The money] was used for payroll for three other universities, including Argosy that came down from the Department of Education."[4] Just a few days later on February 19, 2019 he filed a Report stating, "the Receivership has never had the money to pay the student stipends." *See*, Doc. 55. Then on February 22, 2019 he filed a Renewed Report stating it "appears that when the funding was received by the pre-receivership Dream Center Entities it was used to pay their operating expenses." *See*, Doc. 68.

### B. The Effect of the Receivership on Movant, the Law School, and the Community.

Movant's livelihood and future is at risk as a result of the missing federal funds and the Receivership. While, Plaintiff, Defendant, and other interveners have speculated as to the effect this situation is having on students, the current students themselves have not been heard.

Additionally, the law school's inability to access its own funds due to the

---

[4] *See*, Ben Unglesbee, Amid Growing Scrutiny, Dream Center Receiver says Title IV Funds Not Missing, *available at*, https://www.educationdive.com/news/amid-growing-scrutiny-dream-center-receiver-says-title-iv-funds-not-missi/548759/

3

Receivership has created an imminent threat of the law school's sudden closure. Movant is just two short months away from graduating with a law degree and becoming eligible to sit for the July 2019 California Bar. Closure of the law school in the middle of her last semester of law school will prevent her graduation, will unduly extend her time in law school, and will prevent her from taking the bar examination and beginning her career as an attorney, a feat she has worked tirelessly to obtain.

The effects of the closure of the law school would be sweeping and devastating. An ABA accredited law school has *never* shut down in the middle of the semester.

WSCL is the oldest law school in Orange County, it has produced the most Orange County judges, and it encourages students to be active members of the community. Movant herself is in the Advanced Immigration Clinic where she represents indigent, detained immigrants in immigration court, under the guidance and supervision of prominent immigrant rights attorneys and leaders Professor Jennifer Koh, Professor Sabrina Rivera, and Professor Andrew Knapp. The closure of the law school will not only affect the students, it will affect the entire community, and will leave a lasting negative impact on the legal profession. Many WSCL graduates and current students are minority and first-generation lawyers; the school is essential to increasing diversity in the legal profession and improving access to legal services.

However, as of now, the fate of the law school remains in the hands of the Receiver. On February 21, 2019, the Receiver filed a motion for an injunction. In this motion he stated that if he is not awarded a large judgment against Southern Media, Argosy will close.[5] Despite Receiver's continued promises that the students are his priority, the first formal complaint he filed since his appointment demanded $2.1 million in fees before

---

[5] *See*, Dottore v. Studio Enterprise Manager, LLC, at page 12.

4

making any mention of the students. *See, Dottore v. Studio Enterpise Manager LLC,* <u>Doc. 2-1 at page 1</u>. Despite Receiver's continued promises that students are his priority, his first and only lawsuit since his appointment he first demanded $2.1 million in fees to himself, before even mentioning the schools and students. *See, Dottore v. Studio Enterprise Manager LLC,* (Doc. 2-1 at page 1). This suggests that Receiver is selecting his actions in a manner that ensures his own payouts, while students resort to creating fundraising campaigns on Go Fund Me to avoid their peers being evicted."[6]

On February 25, 2019, an email was sent out to students, including Movant, from the law school Dean. The email informed them that due to the Order preventing the law school from accessing *its own funds* a graduation ceremony is "uncertain." He also provided students with a "Closed Schools Guide," shortly thereafter.

Movant seeks to intervene in this action so that she may be relieved of the stay to pursue legal and equitable remedies under the law and file: A) a Motion for Relief seeking an emergency court order i) relieving Movant of the court ordered injunction preventing complainants from exercising legal and equitable remedies and ii) directing the receiver to release all funds owed to Movant immediately; B) a Complaint for damages for breach of contract, unjust enrichment, breach of fiduciary duty, and fraud; and C) a Motion asking the Court to determine whether the American Bar Association is a required party who should be joined in the lawsuit pursuant to Federal Rule of Civil Procedure 19. Under Rule 19, a person must be joined as a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may. . . as a practical matter impair or impede the person's ability to protect the interest." Rule 19 (a)(1)(B)(1).

---

[6] Movant, along with students Luis Bustamente, Chelsea Krueger, and Cannon Thomas created a Go Fund Me *available at,* https://www.gofundme.com/law-students-at-wscl

## II. LEGAL ANALYSIS

Movant seeks intervention pursuant to Federal Civil Procedure Rule 24(a) which provides for intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Sixth Circuit Court of Appeals has made clear that Rule 24 is to be "broadly construed in favor of potential intervenors." Purnell v. City of Akron, 925 F.2d 941, 950 (6th Cir. 1991).

At least four parties have previously sought and have been granted intervention in this matter. *See, Joint Motion to Intervene of Flagler Master Fund SPC Ltd. and U.S. Bank, NA*, Doc. 19, *Motion to Intervene by Dunagan Plaintiffs*, Doc. 35, *Motion to Intervene by the Buncher Company*, Doc. 40, and *Motion to Intervene by Studio Enterprise* Doc. 42. Movant incorporates the authorities previously cited by Flagler, U.S. Bank, the Dunagan Plaintiffs, and the Buncher Company in their memorandums, for the sake of brevity.

Movant satisfies the elements for intervention as of right. First, the Motion is timely filed. The receivership was ordered on January 18, 2019 and since then, Movant has been waiting for the Receiver to resolve the issue of the missing financial aid funds and clearly define the fate of the law school. Receiver has repeatedly stated that the student funds are his priority. But as of February 22, 2019, Receiver was only in "the *preliminary stages* of a detailed, forensic investigation [...] about the particulars of the advances of Student Stipend money." *See, Revised and Amended Report on Student Stipends*, Doc. 68.

Although it has only been about six weeks since the Order, Movant would have intervened even sooner if she was aware that Receiver planned to continuously convolute the issue of the missing funds and fail to inform students about whether the law school

6

would remain open. Nonetheless, this motion is timely.

Second, Movant has a substantial legal interest in the case as a current student of a DCEH subsidiary who 1) is a beneficiary of federal funds that have she has not received due to acts described by the Department of Education as a gross breach of fiduciary duty [7] and 2) is facing the potential closure of her law school as a result of these acts and the subsequent appointment of Receiver and revocation of federal funding by the Department of Education. On February 27, 2019 a letter was sent to Receiver from an office of the U.S. Department of Education indicating that, "**not only did Argosy fail to pay credit balances prior to submitting its requests for payment from the Department,** *even after Argosy received the funds***, it still failed to pay those credit balances.**"[8] Movant should be allowed to participate so that she can submit her claims to the Court.

Third, Movant's ability to protect her interest will be impaired if she is not permitted to intervene. "[T]he requirement of impairment of a legally protected interest is a minimal one" *Blackwell*, 467 F.3d at 1007 (*quoting Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538n.10 (1972)). If Movant is not permitted to intervene, her ability to protect her interest will be impaired because the Order stays Movant from pursuing any legal remedies under the law. *See*, Doc. 8.

The Order grants complete control over the Receivership Property to the Receiver and stays Movant from exercising any remedies under the law. Movant's federal financial aid is a part of the Receivership Property itself, although it remains unclear where it has gone exactly. If the injunction preventing her from filing a complaint is not lifted, Movant will remain unable to pursue remedies to: 1) obtain Receivership Property that in fact

---

[7] *See*, February 27, 2019 Letter Re: Denial of Ownership Change, *available at*, https://studentaid.ed.gov/sa/about/announcements/dream-center

belongs to her and to which Receiver either holds in trust, has wrongfully used, or has knowledge of such misuse and 2) to correct past harm and prevent future harm to her.

Lastly, Movant's interests are not adequately represented by any of the existing parties. Movant's interest as a current law student who has been directly affected by the withholding of financial aid is not represented by the Dunagan Plaintiffs. *See*, *Motion to Intervene by Dunagan Plaintiffs*, Doc. 35.

The Dunagan Plaintiffs are former students of a DCEH subsidiary and have a pending lawsuit which was filed in December 2018 for fraudulent concealment and they "seek corrective action for Defendants' misrepresentations about their schools' accreditation status." *See*, Doc. 35-1 at page 2. These claims, though serious, are not representative of Movant's interest to pursue legal and equitable remedies as a *current* student harmed by DCEH and who is a beneficiary to property that is either still part of the Receivership or has been wrongfully used.

### III.  CONCLUSION

Movant satisfies the requirements for intervention of right under applicable law in the Sixth Circuit, counsel for the Plaintiff did not object, and the Motion to intervene should be granted. Movant should be allowed to intervene to ensure she has a forum to present her claim, as a current student of a law school owned by Argosy and DCEH, who is presently being harmed by the company.

8

Dated: March 1, 2019               Respectfully Submitted,

                                   /s/ Marina Awed

                                   Marina Awed (*Pro Se*)
                                   P.O. Box 1278
                                   Tustin, CA 92781
                                   T: (310) 749-9328
                                   Email: mawed@stu.wsulaw.edu

