UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**LIMITED RESPONSE OF THE BUNCHER COMPANY TO THE
MOTION OF 3601 SUNFLOWER LLC TO VACATE THE INJUNCTION
AND RECEIVER ORDER OR, IN THE ALTERNATIVE, TO MODIFY
THE SCOPE OF THE RECEIVER ORDER AND INJUNCTION**

The Buncher Company ("Buncher"), by and through its attorneys, submits this Limited Response (the "Response") to the *Motion of 3601 Sunflower LLC to Vacate the Injunction and Receiver Order or, in the Alternative, to Modify the Scope of the Receiver Order and Injunction* [Docket No. 54] (the "Motion"), and respectfully states as follows:

## I. INTRODUCTION

Buncher files this Response as part of its ongoing effort to stop the receiver (the "Receiver") from continuing to use the Leases Premises (as defined below) without payment to Buncher.  The Receiver makes no effort to fulfil his obligations to the intervening creditors.  The Receiver's actions in this case make clear that he prefers some creditors at the expense of other, administrative priority creditors.

## II. BACKGROUND

Buncher and DCEH are parties to that certain lease agreement dated September 30, 2005 (as amended and restated, the "Lease Agreement") pursuant to which Buncher leases the following premises to DCEH:  (i) a portion of Penn Liberty Plaza I, 1250 Penn Avenue, Pittsburgh, PA

15222; and (ii) a portion of Penn Liberty Plaza II, 1400 and 1500 Penn Avenue, Pittsburgh, PA 15222 (together, the "Leased Premises").  At the Leased Premises, DCEH operates The Art Institute of Pittsburgh ("AIP").  The Leased Premises include the AIP's headquarters and administrative offices, as well as classrooms and space to conduct online courses.  The monthly rent due to Buncher for the Leased Premises is $148,069.46.

On January 18, 2019, the Plaintiff filed its *Emergency Motion for the Appointment of Receiver* [Docket No. 3] (the "Emergency Motion").  Also on January 18, 2019, the United States District Court for the Northern District of Ohio (the "Court") entered the Order Appointing Receiver [Docket No. 8] (the "Receivership Order").  Buncher did not receive notice of the Emergency Motion.

The Receivership Order provides, among other things, that creditors, including landlords, are enjoined from taking action against any of the entities in receivership and any property which could be part of the receivership estate.  *See* Receivership Order ¶¶ 10, 11.  DCEH and the Receiver have failed to pay monthly rent for the months of December 2018, January 2019, February 2019, and March 2019.  The Receiver also has failed to pay additional rental due under the Lease Agreement.  The total amount owed to Buncher is at least $779,177.18, plus applicable late fees and interest as detailed in the Lease Agreement.

On February 20, 2019, Buncher filed its *Motion and Memorandum of Law in Support of the Motion of the Buncher Company (I) Seeking Timely Payment of Rent; and (II) Granting Relief from Stay* [Docket No. 56] (the "Rent Motion").  Since the Court entered the Receivership Order, at least nine parties have intervened (or sought to intervene) in the litigation, and four parties, including Buncher, have filed motions seeking relief from the Receivership Order.

2

### III.  LIMITED RESPONSE

Buncher does not object to the relief sought by 3601 Sunflower LLC ("Sunflower") in its Motion.  Buncher files this Response to ensure that, should the Court determine that it would recommend that Receivership Order is vacated, Buncher's rights are protected.  Any order vacating the Receivership Order should include language that creditors, other than Digital Media Solutions, LLC, are permitted to enforce immediately their rights and remedies.  Any other result unfairly and inequitably prejudices Buncher.

As Sunflower makes clear, the Court should not allow the Receiver to operate pursuant to the Receivership Order at the expense of unsecured creditors.  The Receiver wields the Receivership Order as a sword to avoid paying landlords, all while using, and generating capital in, the landlords' property.  The Receiver is robbing Peter to pay Paul.

Alternatively, if the Court is inclined to modify the Receivership Order injunction, it should also lift the injunction as to Buncher.  Because the Receiver is not paying rent, has not followed through on his promise to make a payment proposal to Buncher, and has not responded to Buncher's counsel's demand for ongoing rental payments, Buncher should not be required to allow the Receiver continued access to the Leased Premises.  It is inequitable and improper for the Receiver to reorganize on the backs of the unsecured creditors.

If the Court is inclined to keep in the place the Receivership Order (as currently docketed), it should order the Receiver to pay immediately all post-Receivership Order rent due to the various landlords that have intervened in this case.  Buncher's Rent Motion sets forth the legal basis for requiring the Receiver to pay post-Receivership Order rent.

Dated: March 4, 2019

Respectfully submitted,

                                                                                                    */s/ Jared S. Roach*  
                                          Eric A. Schaffer (admitted *pro hac vice*)  
                                          Jared S. Roach  
                                          REED SMITH LLP  
                                          Reed Smith Centre  
                                          225 Fifth Ave.  
                                          Pittsburgh, PA 15222  
                                          (412) 288-3131 (Telephone)  
                                          (412) 288-3063 (Facsimile)  
                                          eschaffer@reedsmith.com  
                                          jroach@reedsmith.com

**Certificate of Service**

      In accordance with Section 14 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rule of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's ECF filing system on all counsel of record on

March 4, 2019

                                            */s/ Jared S. Roach*
                                            Jared S. Roach
                                            REED SMITH LLP

                                            *Attorney for The Buncher Company*