# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DIGITAL MEDIA SOLUTIONS, LLC,** | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| **SOUTHERN UNIVERSITY OF OHIO, LLC**, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION OF DOUGLAS EMMETT 2010, LLC'S
## MOTION FOR LIMITED RELIEF FROM STAY PROVISIONS OF ORDER
## <u>APPOINTING RECEIVER</u>

Now comes Movant Douglas Emmett 2010, LLC ("Movant"), by and through its undersigned counsel, and requests relief from those provisions of the Order Appointing Receiver issued by this Court in connection with the above-captioned action on January 18, 2019 (the "Order Appointing Receiver" – Doc. 8) for the limited purpose of allowing Movant to prosecute its actions for restitution of real property and improvements located at 1001 and 1003 Bishop Street, Honolulu, Hawaii (the "Property"), which Movant commenced prior to receiving notice of this matter.

As the lawful owner of the Property, Movant seeks to mitigate its losses arising from the unlawful detainer of the Property by defendant, Argosy Education Group, LLC ("Argosy"), which mitigation will benefit the receivership estate and the creditors of Argosy. More importantly, Movant will be irreparably harmed and its interest in the Property will be substantially impaired unless Movant is permitted to recover occupancy of the Property so that it may re-let the Property. Accordingly, an order from this Court granting Movant relief from the

stay provisions of the Order Appointing Receiver will both benefit the receivership estate and prevent irreparable harm to Movant.

For these reasons, Movant Douglas Emmett 2010, LLC requests an order from this Court granting Movant relief from the stay provisions of the Order Appointing Receiver for the limited purpose of prosecuting the claims for restitution set forth in the Eviction Complaints. The grounds for this Motion are more fully set forth in the attached and incorporated Memorandum of Law.

Respectfully submitted,

 /s/ Peter Turner
Peter Turner (0028444)
pturner@meyersroman.com
R. Scott Heasley (0087235)
sheasley@meyersroman.com
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Blvd., Suite 500
Cleveland, OH 44122
Phone: (216) 831-0042
Fax: (216) 831-0542
*Attorneys for Movant,*
*Douglas Emmett 2010, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was filed this 4th day of March 2018 via the Court's electronic filing systems. All parties of record may access the Motion through the Court's ECF system.

 /s/ Peter Turner
Peter Turner (0028444)
*Attorney for Movant,*
*Douglas Emmett 2010, LLC*

**MEMORANDUM IN SUPPORT**

I.   **FACTUAL BACKGROUND**

Movant Douglas Emmett 2010, LLC ("Movant" or "DE") is a commercial landlord that leased office and storage space (the "Property") to Argosy Education Group, LLC ("Argosy"), one of the entities placed in receivership in this action. (*See,* Eviction Complaints).[1] Similar to other lessor intervenors referenced herein, Argosy has not paid Movant rent in several months which has resulted in a current arrearage of $122,737.58, as set forth in the Eviction Complaints.

Movant began leasing office space to Argosy at two locations in Honolulu in 2010. (*See,* Leases attached to Exs. 1-3). After the initial leases expired, the parties entered into a series of extensions related to two office spaces and one storage area. (*Id.*) The current leases expire on March 1, 2021. (*Id.*) Unfortunately, Argosy has not paid any rent since November of 2018. (*Id.*) Nonetheless, Argosy, its staff, faculty, and students continue use the Property even though Argosy has stopped paying rent, based upon information and belief.

Movant filed the Eviction Complaints on February 1, 2019, prior to receiving notice regarding the Receiver Order entered in this matter. (*Id.*) The Eviction cases have been stayed since February 26, 2019, pursuant to paragraph 10 of the Receiver Order. [Doc. 8].

---

[1] True and accurate copies of Movant's eviction actions against Argosy (the "Eviction Complaints") are attached hereto as Exhibits 1-3. The Eviction Complaints include a detailed description of Movant's Property and copies of relevant lease agreements (the "Leases").

## II. LAW AND ARGUMENT

### A. Movant Is Entitled to Relief from the Stay Provisions of the Order Appointing Receiver Pursuant to Federal and State Common Law.

To avoid unnecessary repetition, Movant incorporates the authorities provided by Hemingway at Richmond, LLC, The Buncher Company, and other landlords in their respective memoranda in support of their Motions for Relief.[2]

A court's ability to lift a stay of litigation already in place is recognized as "an appropriate escape valve, which allows potential litigants to petition the court for permission to sue." *U.S. v. Acorn Technology Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005). In determining whether to lift a receivership stay, courts have adopted a three part test: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim. *S.E.C. v. One Equity Corp.*, S.D. Ohio No. 2:08–cv–667, 2010 WL 4878993, at *6-7 (Nov. 23, 2010) *citing S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) ("Wencke II"); *S.E.C. v. Universal Fin.*, 760 F.2d 1034, 1038 (9th Cir. 1985); *Acorn Tech.*, supra, at 443. Applying these tests to Movant's situation mandates that this Court grant Movant relief from the stay in the limited manner requested by Movant.

### *Wencke II* – Factor One

One of the rationales for imposing a stay in a receivership is to preserve the status quo while the receiver organizes and understands the assets under his control. The first of the three-

---

[2] *See e.g., Motion to Intervene of The Buncher Company* [Doc. 40]; *Motion to Intervene of Historic Berriman-Morgan, LLC* [Doc. 43]; *Motion to Intervene of Hemingway of Richmond, LLC* [Doc. 45]; *Motion to Vacate Injunction and Receiver Order of 3601 Sunflower, LLC* [Doc. 54]; *Emergency Motion to Expedite Decision to Assume or Reject Lease of Tech Park 6, LLC* [Doc. 59]; *Motion to Intervene of HEFCO Meadowbrook, LLC* [Doc. 65].

part test from *Wencke II* requires a court to consider not only the benefits of preserving the status quo, but also the consequences of such a stay to third parties such as Movant. This factor "essentially balances the interests in preserving the receivership estate with the interests" of the movant. *S.E.C. v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 341 (5th Cir. 2011); *Schwartzman v. Rogue Int'l Talent Grp., Inc.*, E.D.Pa. No. CIV.A. 12–5255, 2013 WL 460218 (Feb. 7, 2013); *U.S. v. ESIC Capital, Inc.*, 675 F.Supp. 1462, 1463 (D.Md. 1987).

In the instant case, Argosy is closing, and, therefore, it is not enrolling students. Granting Movant limited relief from stay for the purpose of regaining possession of the Property will not prevent Argosy from closing nor require Argosy to begin enrolling students. To the extent Argosy intends to continue offering educational or training programs or courses until its students can be transferred to another school, Argosy, through the Receiver, can find alternative space within which to provide such training and programs.

Further, prior to the issuance of the Order Appointing Receiver, Movant had a duty to mitigate its damages. *See, Frenchtown Square P'ship v. Lemstone, Inc.*, 99 Ohio St. 3d 254, 2003-Ohio-3648, ¶20, 259, 791 N.E.2d 417, 422 (landlords owe a duty to mitigate their damages caused by a breaching tenant). Lifting the stay to allow Movant to pursue restitution of the Property preserves Movant's duty to mitigate its damages and provides the receivership estate with the benefits afforded by the remedial provisions of the Leases and applicable state law.

In contrast, the consequences of staying Movant from regaining possession and control of the Property so it can re-lease the Property could be catastrophic – causing Movant to lose the entirety of its investment in the Property. The longer Argosy remains in possession of the Property without paying rent, the more likely Movant will lose opportunities to re-lease the Property.

A stay should never be imposed to preclude a party from preventing future harm to itself or the receivership estate, which is what Movant seeks to accomplish by obtaining restitution of the Property. The equities of the first part of the *Wencke II* test clearly lie in Movant's favor.

### *Wencke II* – **Factor Two**

The second *Wencke II* factor requires courts to analyze the time in a receivership in which a motion to lift a litigation stay is made. There is no "clear cut-off date after which a stay should be presumptively lifted." *Acorn Tech. Fund, L.P.,* 429 F.3d at 450. The timing factor is fact-specific and "based on the number of entities, the complexity of the scheme, and any number of other factors." *Stanford Int'l Bank Ltd.,* 424 F. App'x at 341; see also *S.E.C. v. Vescor Capital Corp.*, 599 F.3d 1189, 1197 (10th Cir. 2010) ("the timing factor is case-specific"). While case law suggests that the receiver is entitled to an extended stay of litigation in matters involving fraud, intensive research, satellite litigation, or an otherwise voluminous process, the instant case does not present the egregious situations typically favoring an extended stay. *See, e.g.*, *S.E.C. v. Byers*, 592 F.Supp.2d 532, 537 (S.D.N.Y. 2008) *aff'd*, 609 F.3d 87 (2d Cir. 2010); *S.E.C. v. Illarramendi*, D.Conn. No. 3:11CV78 JBA, 2012 WL 234016 (Jan. 25, 2012).

Plaintiff's Emergency Motion for Appointment of a Receiver envisions a "coordinated, consolidated [proceeding] through application of 28 U.S.C. §754 and 28 U.S.C. §1692" to liquidate assets of the newly closed campuses and "supervise and ultimately approve the sale of the Go-forward Schools." [Doc. 3, pp. 7, 9]. To the extent the Receiver intends to provide teach-out programs to the few remaining students of Argosy, it does not need Movant's Property to do so and may provide those programs at another location that costs substantially less to lease. Thus, no reasons exist to stay Movant from regaining possession of the Property for any extended period of time. It is important to remember that Movant seeks restitution of the

Property so that it can fulfill its duty to mitigate its damages and provide the Receiver and the receivership estate the benefit of liquidating its damage claim to the smallest amount possible.

The Court should also be mindful that Movant has not received rent payments for more than four months. Therefore, the harm to Movant increases with each passing day. Movant's exposure to a risk of loss is time-sensitive. It must try to re-lease the Property as quickly as possible or risk losing its investment in the Property in its entirety. Notwithstanding the early juncture of this receivership, it would be imprudent for Movant to delay its request for relief and prejudicial and unfair for this Court to delay granting the requested relief simply to allow the receiver to liquidate Argosy's assets at his leisure.

### *Wencke II* – **Factor Three**

The third consideration a court must make is the merit of the movant's underlying claim. "A district court need only determine whether the party has colorable claims to assert which justify lifting the receivership stay." *Acorn Tech.,* 429 F.3d at 444. The more meritorious a movant's underlying claim, the more heavily this factor will weigh in the movant's favor. *See, e.g.*, *Wencke I*, 622 F.2d at 1373 ("Where the claim is unlikely to succeed (and the receiver therefore likely to prevail), there may be less reason to require the receiver to defend the action now rather than defer its resolution.")

As described in the Movant's Statement of Facts, Movant has satisfied all the requirements for an eviction under Hawaii law. The merits of Movant's underlying claim are more than sufficient.

While the stay provisions of the Order Appointing Receiver likely were intended to prevent creditors from obtaining and enforcing money judgments against Argosy and the other receivership entities, the practical effect in Movant's situation is to force Movant to fund the

7

receivership by providing rent-free and expense-free business premises to Argosy to the detriment and prejudice of Movant. Such a result is unfair and inequitable and should not be allowed to continue.

> **B. The Analogous Stay Provisions of the United States Bankruptcy Code Mandate that Movant Be Provided Relief from the Stay Provisions of the Order Appointing Receiver.**

Fed.R.Civ.P. 66 provides that "the practice in administering an estate by a receiver…must accord with the historical practices in federal court or with a local rule." In this case, Local Rule 66.1 specifies that the receiver "shall administer the estate as nearly as may be in accordance with the practice in the administration of estates in bankruptcy." Thus, analogies to bankruptcy law are apt and useful guides for this Court in supervising the administration of a receivership estate.

If Argosy had filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Movant would be entitled to relief from the automatic stay imposed by Section 362 of the Bankruptcy Code. After the filing of a case under Chapter 11 of the Bankruptcy Code, a debtor, as lessee, must timely perform all of its obligations under any unexpired lease of nonresidential real property until the lease is assumed or rejected. *See*, 11 U.S.C. § 365(d)(3).

In this case, the Order Appointing Receiver, at ¶ 2(q) on page 9, specifies that the Receiver may "perform pursuant to the terms" of existing contracts or "may reject contracts…and the holder of any contract so rejected shall be allowed a claim as an unsecured creditor of the Property, said claim to be calculated consistent with the law." This too suggests that the Receiver is required to assume or reject the Leases within a reasonable amount of time, and cannot occupy the Property indefinitely without paying rent.

8

Under the Bankruptcy Code, a court may grant relief from the automatic stay to any party in interest upon one of three of the following grounds: (1) for cause, including lack of adequate protection of an interest of such party in property; (2) with respect to the stay of acts against property, upon a showing that the debtor has no equity in the property and that the property is not necessary for an effective reorganization; and (3) with respect to the stay of acts against real property, if the court finds that the filing of the case was part of a scheme to delay, hinder, or defraud creditors. *See* 11 U.S.C. § 362(d)(3).

Movant would be entitled to relief for cause because Argosy has failed to: (a) pay and perform its obligations under the Leases following the appointment of a receiver and (b) provide adequate protection of Movant's interest in the Property by failing to pay operating expenses and real estate taxes and by putting at risk Movant's ability to pay and/or refinance the mortgage loan secured by the Property. *See e.g., In re: Rocchio*, D. Rhode Island Bank. No. 90-12252, 125 B.R. 345, 347 (March 29, 1991).

Movant also would be entitled to relief under Bankruptcy Code Section 362(d)(3) as the Property is not necessary for an effective reorganization of Argosy, and Argosy already has determined to close its campus on the Property and liquidate its assets.

If Movant would be entitled to obtain relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, it certainly should be entitled to obtain relief from the stay imposed by the Order Appointing Receiver.

### III. CONCLUSION

Movant Douglas Emmett 2010, LLC should not be faced with the prospect of a significant financial loss in order to preserve the assets of other parties. Movant seeks limited

relief from the stay of litigation ordered by this Court in order to try to secure a replacement tenant for the Property and mitigate its losses.

For all of the foregoing reasons, this Court should grant Douglas Emmett 2010, LLC's motion and allow it to prosecute its claim for restitution set forth in the Eviction Complaints against Argosy Education Group, LLC.

Respectfully submitted,

 */s/ Peter Turner*
Peter Turner (0028444)
pturner@meyersroman.com
R. Scott Heasley (0087235)
sheasley@meyersroman.com
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Blvd., Suite 500
Cleveland, OH 44122
Phone: (216) 831-0042
Fax: (216) 831-0542
*Attorneys for Movant,*
*Douglas Emmett 2010, LLC*