# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| | ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## HEMINGWAY AT RICHMOND, LLC'S BRIEF IN SUPPORT OF MOTION TO VACATE THE INJUNCTION AND RECEIVER ORDER OF 3601 SUNFLOWER LLC

Now comes Hemingway at Richmond, LLC ("**Hemingway**"), by and through its undersigned counsel, and hereby submits its Brief in Support of the Motion to Vacate the Injunction and Receiver Order, or, in the Alternative, to Modify the Scope of the Receiver Order [Doc. 54] (the "**Motion to Vacate**") filed on February 15, 2019, by 3601 Sunflower LLC. The Court issued its Order [Doc. 69] establishing March 4, 2019, as the deadline for filing all briefs related to the issues raised in the Motion to Vacate.

Hemingway supports the Motion to Vacate for the reasons stated in the Memorandum of 3601 Sunflower LLC in support thereof, particularly that this Court lacked equitable jurisdiction to appoint the Receiver at the request of an unsecured creditor whose claim has not been reduced to judgment; that the Order Appointing Receiver is vastly overbroad in relation to the underlying lawsuit; and that the receivership is an improper substitute for bankruptcy.

Additionally, even if this Court does not vacate the Order Appointing Receiver, it must immediately either (1) terminate the receivership, or (2) charge the unpaid, ongoing operating

{02819657 -2}  1

costs of the receivership to the Plaintiff. Hemingway, for example, has not received any payments of rent since the Order Appointing Receiver was issued on January 18, 2019. It is apparent from the docket that landlords of the receivership defendants nationwide, including 3601 Sunflower LLC, find themselves in the same predicament.

When a receiver discovers the insufficiency of the assets to pay operating costs of the receivership, he must apply "to the court for instructions as to whether to continue his operations at the cost" of the party who moved for his appointment "or to terminate the receivership and put an end to further expense." *Bowersock Mills & Power Co. v. Joyce*, 101 F.2d 1000, 1004 (8th Cir. 1939). Moreover, where "business cannot be conducted except at the expense of reasonable prudence" the receiver "is bound…to discontinue operations unless otherwise specifically directed by the appointing court." *Id*.

Thus, there are two possibilities when a receivership estate has insufficient assets to pay its operating costs – either the receivership must be terminated, or alternatively, the costs of operating the receivership may be charged to the party who moved for appointment of the receiver.

In the instant case, the plaintiff, Digital Media Solutions ("Digital"), filed a motion seeking the appointment of a receiver to oversee the affairs of "DCEH and its subsidiaries." *See* Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction [Doc. 3]. It is a fundamental principle of law that the appointment of a receiver is ancillary to some other pending cause of action and cannot not survive as a stand-alone remedy where no other relief is sought. *Power Support (USA), Inc. v. Power Support, Ltd*, No. CV1210900BROFFMX, 2013 WL 12113231, at *4 (C.D. Cal. June 7, 2013)(citing *N.Y. Cmty. Bank v. Sherman Ave. Assocs.*, 786 F. Supp. 2d 171 at 174-75). In the

instant case, Digital's underlying claim is for breach of contract with Digital's alleged damages equaling $252,737.00. *See* Verified Complaint [Doc. 1].

Digital's breach of contract claim seeking legal remedies in the form of money damages is insufficient to support the appointment of a receiver over DCEH Education Holdings, LLC, the current obligor of Digital's contract, let alone the other 26 non-party entities, which have no contractual relationship whatsoever with Digital. *Id. (citing Concorde Equity II, LLC v. Miller*, No. 10-1041 SC, 2010 WL 2354189, at *2 (N.D. Cal. June 9, 2010) (finding that where plaintiff sought legal remedies in the form of monetary relief, plaintiff's injury was "compensable in damages and appointment of a receiver [was] not appropriate"). However, if Digital is so desirous of having a receiver appointed to help recover its $252,737.00 claim, then it should not be permitted to stand idly by while Hemingway and other similarly-situated landlords suffers ongoing, post-receivership losses, which in Hemingway's case alone consist of more than $100,000 per month.

It seems readily apparent that Digital was more concerned with assisting the Receiver in obtaining his appointment, than it was with pursuing an equitable remedy where adequate legal remedies existed. Digital consciously decided to partner up with the Receiver and DCEH Education Holdings, LLC to obtain the Receiver's appointment. As with any other partnership, Digital should be charged with sharing in the losses of the receivership, which it so desperately required. Unless and until Digital understands that it may be responsible for paying the ongoing losses relating to the nationwide receivership enacted at its emergency behest, Digital will have no incentive to discharge or conclude the receivership to cut-off the Receiver's further accumulation of costs and fees.

Digital likely will object to being charged with the ongoing losses of this receivership, in which case, it can elect to do the proper thing and seek to have the receivership it needlessly requested terminated. In any event, the Court cannot countenance the current situation, where rent payments of the receivership entities go unpaid while those receivership entities continue to enjoy the use and possession of hundreds of thousands of rentable square feet at the cost and expense, and to the detriment and damage, of innocent landlords. It is grossly inequitable for this Court to force Hemingway and other landlords like 3601 Sunflower LLC to fund this receivership. If this receivership is to remain in place, then this Court should exercise its equitable powers and charge the costs of this receivership upon Digital and the other intervening parties, if any, that want the receivership to remain in place; otherwise, the receivership should be terminated immediately.

For the reasons offered by 3601 Sunflower LLC, the Motion to Vacate should be granted and the receivership order should be vacated. Additionally, even if this Court is not inclined to vacate the Order Appointing Receiver, it must immediately enter an Order either (1) charging the Plaintiff to pay rent to the landlords of the receivership entities or (2) terminating the receivership.

> Respectfully submitted,
>
> WALTER | HAVERFIELD LLP
>
> */s/ Douglas M. Eppler*
> KIRK W. ROESSLER (0060931)
> DOUGLAS M. EPPLER (0087018)
> Email: kroessler@walterhav.com
>        deppler@walterhav.com
> Direct Dial: (216) 928-2905
> Direct Fax: (216) 916-2402
> 1301 East Ninth Street, Suite 3500
> Cleveland, OH 44114-1821
> *Attorneys for Movant, Hemingway at Richmond, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this 4th day of March 2019, a copy of the foregoing *Hemingway at Richmond, LLC's Brief in Support of Motion to Vacate the Injunction and Receiver Order of 3601 Sunflower LLC* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties can access this filing through the Court's system.

*/s/ Douglas M. Eppler*
KIRK W. ROESSLER (0060931)
DOUGLAS M. EPPLER (0087018)

*Attorneys for Movant,
Hemingway at Richmond, LLC*