IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | |
| | ) | **ORDER TO SHOW CAUSE** |
| Defendants. | ) | |

**Order to Show Cause**

In light of information set forth below, the Court, *sua sponte*, hereby ORDERS the original parties to this action, including but not limited to: Digital Media Solutions, LLC, DCEH Holdings, LLC, et al., and Receiver Mark Dottore to appear and show cause why the receivership order entered on January 18, 2019 (ECF Doc. 8) should not be vacated forthwith. The show-cause hearing shall be conducted in **Courtroom 18B on Monday March 11, 2019 at 2:15 p.m.** before Judge Dan Aaron Polster and Magistrate Judge Thomas M. Parker.  The court will hear argument on the motions to vacate the receivership.  Those parties who have filed or joined in motions to vacate the receivership shall be heard.  Parties seeking relief from the receivership order related to the non-payment of rent shall be heard.

The Court further ORDERS the following to appear:

1. A representative of the United States Department of Education with knowledge concerning DCEH Holdings, LLC and its subsidiary institutions to discuss the viability of DCEH Holdings, LLC institutions in receivership and related issues;

2. A representative of Studio Enterprise Manager, LLC;
3. A representative of U.S. Bank National Association;

   4. A representative of Flagler Master Fund, SPC, Ltd.

**Background Information**

On February 15, 2019, 3601 Sunflower LLC filed a motion to vacate the injunction and receiver order, or in the alternative, to modify the scope of the receiver order. ECF Doc. 54. The court established a deadline of March 4, 2018 for the filing of any and all briefs related to the issues raised in the motion. The court received the following filings:

   1. Limited Response by the Buncher Company, ECF Doc. 90.

   2. Receiver's Opposition to Motion to Vacate, ECF Doc. 94.

   3. Notice of Douglas Emmett of Joining in 3601 Sunflower's Motion to Vacate, ECF Doc. 96.

   4. Motion for Joinder filed by Tech Park 6, LLC, ECF Doc 97.

   5. Student Intervenors' Memorandum in Support of Vacating Order Appointing Receiver, ECF Doc. 98.

   6. Brief in Support of Motion to Vacate by Hemingway at Richmond, LLC, ECF Doc. 99; and

   7. Motion for Leave to Join Motion to Vacate filed by Fluorine, LLC, ECF Doc. 106.

The court has also received filings from landlords across the country requesting leave from the court's stay to pursue their contractual rights under leases with receivership entities. In addition to the motion to vacate filed by 3601 Sunflower, LLC, ECF Doc.54, similarly situated landlords have filed the following:

   1. Motion for Limited Relief from Stay by Hemingway of Richmond, LLC, ECF Doc. 47.

   2. Motion Seeking Timely Payment of Rent and Motion Granting Relief from Stay, filed by The Buncher Company, ECF Doc. 56.

3. Emergency Motion to Intervene and Emergency Motion to Expedite Decision to Assume or Reject Lease by Tech Park 6, LLC, ECF Doc. 59.

4. Motion to Intervene by HEFCO Meadowbrook, LLC, ECF Doc. 65.

5. Motion for Relief from Stay by Historic Berriman-Morgan LLC, ECF Doc. 86.

6. Motion to Intervene by Douglas Emmett 2010, LLC, ECF Doc. 93.

7. Motion to Intervene by Fluorine, LLC, ECF Doc. 102.

8. Motion for Limited Relief from the Order Appointing Receiver by HEFCO Meadowbrook, LLC, ECF Doc. 105.

9. Motion to Intervene by HGF, L.P., ECF Doc. 110.

Of particular interest to the court is the letter dated February 27, 2019 from the United States Department of Education to Receiver Mark Dottore and Randall K. Barton, Chairman of the Board of DCEH Holdings, LLC. That letter, from DOE Director Michael Frola, asserted that Argosy University would no longer be eligible to participate in funding under Title IV of the Higher Education Act of 1965. Among other things, the February 27 letter asserted that "Argosy's failure to pay Title IV, HEA credit balances [to students or parents] is a severe breach of the required fiduciary standard of conduct to disburse the students' . . . program funds . . . and demonstrates a blatant disregard of the needs of its students." (ECF Doc. 98-2, Page ID# 2739). The letter also asserted that Receiver Dottore took actions to terminate Argosy personnel despite repeatedly assuring DOE that he would not do so. *Id.* at Page ID# 2740. Notably, despite being directly accused of a breach of fiduciary duty, the Receiver never provided a copy of the February 27 letter to the court. Although the Receiver referred to the letter in his First Report of Receiver (ECF Doc. 91), he downplayed its significance. The text of the letter came to the court's attention in connection with a motion to vacate the receivership filed by student intervenors. (ECF Doc. 98-2).

3

Further, on March 6, 2019, the court was advised, with one hour's notice, that the Receiver was intending to put in motion a series of meetings that would announce the closing or sale of various Argosy University campuses. Only after the court inquired of the Receiver did he submit a motion to approve such actions.

Finally, another matter of concern to the court is the assertion by various landlords from whom DCEH entities are leasing commercial space that their interests are being harmed without their having received due process of law.

In seeking the appointment of a receiver, plaintiff cited the following standard:

> Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-317 (8th Cir. 1993). The court's concern is that the current receivership is doing more harm than good or that circumstances have changed to the degree that maintaining the receivership can no longer be justified. However, the court does not wish to vacate the receivership order without affording plaintiff, defendants and the receiver notice and an opportunity to be heard. Thus, said parties shall appear and show cause why the court should not vacate the receivership order. (ECF Doc. 8).

IT IS SO ORDERED.

Dated: March 6, 2019

Thomas M. Parker
United States Magistrate Judge