## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DIGITAL MEDIA SOLUTIONS, LLC,** | ) | **CASE NO. 1:19-cv-145** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE** |
| | ) | **THOMAS M. PARKER** |
| **SOUTH UNIVERSITY OF OHIO,** | ) | |
| **LLC, *et. al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## EMERGENCY MOTION TO SELL, TRANSITION OR CLOSE ARGOSY UNIVERSITY CAMPUSES AND ART INSTITUTES CAMPUSES

Mark E. Dottore, Receiver, ("**Receiver**"), the duly appointed and acting receiver for the Receivership Entities[1], moves the Court for the entry of an order authorizing the Receiver to sell, transition or close Argosy University Campuses and Art Institutes Campuses.[2]  The Receiver does not have funding to continue to operate the campuses. In support of this motion, the Receiver says as follows:

---

[1] The "Receivership Entities" are South University of Ohio LLC, Dream Center Education Holdings LLC, The DC Art Institute of Raleigh-Durham LLC, The DC Art Institute of Charlotte LLC, DC Art Institute of Charleston LLC, DC Art Institute of Washington LLC, The Art Institute of Tennessee - Nashville LLC, AiTN Restaurant LLC, The Art Institute of Colorado LLC, DC Art Institute of Phoenix LLC, The Art Institute of Portland LLC, The Art Institute of Seattle LLC, The Art Institute of Pittsburgh, DC LLC, The Art Institute of Philadelphia, DC, LLC, DC Art Institute of Fort Lauderdale LLC, The Illinois Institute of Art LLC, The Art Institute of Michigan LLC, The Illinois Institute of Art at Schaumberg LLC, DC Art Institute of Phoenix, LLC and its direct subsidiaries the Art Institute of Las Vegas LLC, the Art Institute of Indianapolis, LLC, and AiIN Restaurant LLC; Dream Center Argosy University of California LLC and its direct subsidiaries, and Argosy Education Group LLC; Dream Center Education Management LLC; and, South University of Michigan LLC. *See* Order Appointing Receiver [Docket no. 8, filed Jan. 18, 2019] (the "**Initial Receiver Order**") at 3-4; *see also* Order Clarifying Order Appointing Receiver [Docket no. 14, filed Jan 25, 2019] (the "**Clarifying Order**") at 1 (removing AU Student Funding, LLC as a "Receivership Entity").

[2] Capitalized terms used but not defined in this motion shall have the meanings given to them in the Initial Receiver Order as modified by the Clarifying Order (collectively, the "**Receiver Order**").

## Introduction[3]

This Court appointed the Receiver on January 18, 2019, on an emergency basis, pursuant to its Order Appointing Receiver [Dkt. No. 8] (the "**Initial Receiver Order**"). On January 25, 2019, after discussions with the secured lenders of the Receivership Entities, the Receiver filed his *Motion of Mark E. Dottore, Receiver for Entry of Order Clarifying Order Appointing Receiver* [Docket No. 12], pursuant to which the Court entered the Clarifying Order, *nunc pro tunc* to the entry of the Initial Receiver Order. [Dkt. No. 14].

On February 25, 2019, the Receiver filed his *Motion of Mark E. Dottore Receiver for Entry of Amended Order Appointing Receiver*, seeking the entry of an Amended Order Appointing Receiver (the "**Amended Receiver Order**"), incorporating changes requested by persons with significant interests in the Receivership Entities and the operations of the receivership proceedings, including government entities and lenders.  The various iterations of the orders appointing the Receiver shall be referred to herein as the "**Receiver Order**" because the differences between the Initial Receiver Order, the Clarifying Order and the Amended Receiver Order (if entered by the Court) are insignificant for the purposes of this Motion.

---

[3] This "Introduction" is substantially the same as the Introduction to the Memorandum in Support of Receiver's Motion for a Temporary Restraining Order and Preliminary Injunction filed by the Receiver in Northern District of Ohio Case No. 1:19-cv-380-DAP, entitled *Dottore, Receiver v. Studio Enterprise Manager, LLC, et al.* (the "**Receiver Action Against Studio**"), [Docket no. 2, filed Feb. 21, 2019].

## Jurisdiction and Venue

The relief requested in this motion is governed by FED. R. CIV. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio (the "**Local Rules**"), and the Receiver Order.

## Facts

The background of the Argosy and AI campuses is more fully set forth in the First Receiver Report [Dkt. No. 91] filed on March 4, 2019 (the "**First Report**"), which is incorporated herein as if fully rewritten. As was explained in the First Report, since the inception of the receivership, the Receiver has been on an extremely restricted cash management system. On February 27, 2019, the United States Department of Education (the "**DOE**") published a letter denying Argosy any further Title IV funding (the "**Denial Letter**"). The DOE's decision to cut off all Title IV funding to Argosy left the Receiver with over 10,000 students in the middle of their studies and virtually no money. Without these critical funds, Argosy is unable to continue educating students and the university is failing.

The Receiver also has three campuses known as Art Institute ("**AI**") campuses: AI Las Vegas, AI Pittsburgh (campus and online), and AI Seattle (together, the "**AI Campuses**"). These campuses are also seeking buyers or a completion of a teach out or transfer.

Since the receipt of the Denial Letter, the Receiver has worked around the clock to locate parties interested in acquiring Argosy students or locations. He has

also been working to sell or transition the AI Campuses. The Receiver's goal is to transition students to new situations in the most efficient way possible.

There are a few options for each campus. First, if a buyer acquires the campus and meets state, federal, and accreditor requirements, the campus may continue operations. This would mean that students would continue their studies without interruption. There are interested buyers for a number of the DCEH campuses in receivership and are working as quickly as possible to secure them. Before Friday, the Receiver will be filing motions to approve transactions with interested buyers.

In addition to a sale or acquisition, there may be a "transfer partner" that has an interest in teaching out the campus; the campus may then continue operations. This could mean that students would continue their studies without interruption at the transfer partner's location. If a buyer does not acquire the campus, the Receiver proposes to close this Friday, March 8 and students will be provided information about transfer partners that are willing to assist them in reaching their educational goals.

The Receiver is partnering with schools and organizations to provide resources to help students make informed choices. Every campus will host an informational fair on Thursday, March 7 and Friday, March 8. Institutions that are qualified transfer or teach out partners will be invited. Email messages to students will provide the times for the informational fairs.

Students who need a copy of their official academic transcripts may request them from their registrar. All holds have been removed. Notifications have been made with the Department of Education, accreditors for the campus locations, the state grant agencies and state authorizing agencies.

The Receiver has authority under the Receiver Order to sell, transition or close each campus. The Receiver's authority to operating, wind-down and liquidate is contained in Paragraphs 2.c and 2.d of the Receiver Order:

    c.  The Receiver shall have the authority to operate and manage the Receivership Entities and the Property as he deems prudent in his sole discretion throughout the litigation, subject to further order of this Court. The Receiver shall preserve and care for any and all of the Property and utilize any and all of the Property to preserve and maximize the value of the Property.

    d.  The Receiver shall secure the business premises, business equipment, data and documents; take control of all means of communication with students, investors, secured and unsecured lenders, landlords, vendors, agents and others doing business with the Receivership Entities (the "**Business**"). The Receiver shall have the authority to communicate and negotiate with and enter into agreements with the Department of Education regarding the "teach-out" or any other issue. The Receiver shall have the authority to take all reasonable and necessary steps to wind-down and liquidate the business operations.

The Receivers authority to sell, transfer, use or assign the property of the Receivership Entities is located at Paragraph 2.n of the Receiver Order:

    n.  The Receiver is authorized to negotiate and effect an orderly sale, transfer, use or assignment of all or a portion of any of the Property in or outside of the ordinary course of business of the Receivership Entities and, from the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real Property. Payments to creditors by the Receiver shall include trade indebtedness which arises during the course of the Receiver's operation of

> the Property, which shall be paid first from the sale proceeds, together with the fees and expenses of the Receiver and his attorneys, accountants and other professionals.  The Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion, believes will maximize the proceeds received from the sale.

The Receiver is doing everything he can do in the short time available to him to help the students navigate this course. This is devastating news for all of the students and faculty, but the Receiver will continue to work to militate against further disruptions. The Court may expect motions to approve sales, transfers, and teach outs.

WHEREFORE, the Receiver moves this honorable Court for authority to close campuses, and to do those things that his finances allow to transition the students to new situations.

Dated:                                          Respectfully submitted,

                                          */s/ Mary K. Whitmer*
                                          Mary K. Whitmer  (0018213)
                                          James W. Ehrman  (0011006)
                                          Robert M. Stefancin  (0047184)
                                          WHITMER & EHRMAN LLC
                                          2344 Canal Road, Suite 401
                                          Cleveland, Ohio  44113-2535
                                          Telephone: (216) 771-5056
                                          Telecopier: (216) 771-2450
                                          Email: mkw@WEadvocate.net
                                                      jwe@WEadvocate.net
                                                      rms@WEadvocate.net

                                          *Counsel for Mark E. Dottore, Receiver*

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Section 1.4 of the Electronic Filing and Procedures

Manual of the Northern District of Ohio and Federal Rule of Civil Procedure

5(b)(2)(E), a copy of the foregoing has been served through the Court's filing system

on all counsel of record on March 6, 2019.

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
