UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | CASE NO. 1:19-cv-145 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et. al.*, | |
| Defendants. | |

**EMERGENCY MOTION OF MARK E. DOTTORE, RECEIVER OF ARGOSY EDUCATION GROUP LLC AND ARGOSY UNIVERSITY, FOR AN ORDER AUTHORIZING THE RECEIVER TO ENTER INTO AN ARTICULATION AGREEMENT WITH SOUTH UNIVERSITY**

Mark E. Dottore, (the "**Receiver**") duly appointed and acting Receiver, hereby moves this honorable Court, pursuant to the Order appointing him, federal common law and Fed. R. Civ. P. 66, and Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio for the entry of an Order authorizing him to enter into an Articulation Agreement between South University and Argosy University to allow Argosy students in specific programs to transfer to South University ("**South**") under certain terms and conditions, including discounted tuition for transferring Argosy students. The Articulation Agreement is attached hereto as Exhibit A, and the terms and conditions of the final agreement will be substantially similar or better than those in Exhibit A. Specifically, the Receiver and South are discussing better credit transferability with accreditors and educators. In support of this Motion, the Receiver says as follows:

## PROCEDURAL HISTORY

1. This Court appointed the Receiver on January 18, 2019, on an emergency basis, pursuant to its Order Appointing Receiver [Dkt. No. 8] (the "**Initial Receiver Order**"). On January 25, 2019, after discussions with the secured lenders of the Receivership Entities, the Receiver filed his *Motion of Mark E. Dottore, Receiver for Entry of Order Clarifying Order Appointing Receiver* [Docket No. 12], pursuant to which the Court entered the Clarifying Order, *nunc pro tunc* to the entry of the Initial Receiver Order. [Dkt. No. 14].

2. On February 25, 2019, the Receiver filed his *Motion of Mark E. Dottore Receiver for Entry of Amended Order Appointing Receiver*, seeking the entry of an Amended Order Appointing Receiver (the "**Amended Receiver Order**"), incorporating changes requested by persons with significant interests in the Receivership Entities and the operations of the receivership proceedings, including government entities and lenders. The Amended Receiver Order provides that the Receiver's authority to negotiate and effect a sale of the assets is subject to Paragraphs 13 and 14 of the Amended Receiver Order. Paragraph 13 affirms that the regulatory authority of the United States may not be stayed or constrained and Paragraph 14 affirms the validity of the Federal Priority Statute, 31 U.S.C. § 3713.

3. The various iterations of the orders appointing the Receiver shall be referred to herein as the "**Receiver Order**," when the differences between the Initial Receiver Order, the Clarifying Order and the Amended Receiver Order (if entered by the Court) are insignificant for the purposes of this Motion.

## JURISDICTION AND AUTHORITY OF THE RECEIVER

4. The relief requested in this motion is governed by FED. R. CIV. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio (the "**Local Rules**"), federal common law and the Receiver Order.

5. The Interim Receiver Order provides,

> 2.c. The Receiver shall have the authority to operate and manage the Receivership Entities and the Property as he deems prudent in his sole discretion throughout the litigation, subject to further order of this Court. The Receiver shall preserve and care for any and all of the Property and utilize any and all of the Property to preserve and maximize the value of the Property.
>
> 2.d. The Receiver shall secure the business premises, business equipment, data and documents; take control of all means of communication with students, investors, secured and unsecured lenders, landlords, vendors, agents and others doing business with the Receivership Entities (the "**Business**"). The Receiver shall have the authority to communicate and negotiate with and enter into agreements with the Department of Education regarding the "teach-out" or any other issue. The Receiver shall have the authority to take all reasonable and necessary steps to wind-down and liquidate the business operations.

## FACTS AND HISTORY OF ARGOSY

6. Dream Center Education Holdings LLC ("**DCEH**") is a not for profit holding company. Prior to the commencement of this case, DCEH held the equity interests of Argosy University of California, LLC, Dream Center South University, LLC, and The Arts Institutes International, LLC. Please see the First Report of Receiver [Dkt. No. 91], which is fully incorporated herein for further information as to DCEH's structure.

7. Argosy University of California, LLC held the equity of Argosy Education Group, LLC which owned 25 university campuses and Western State College of Law at Argosy University. On March 6, 2019, the Receiver filed an Emergency Motion to Sell, Transition or Close Argosy University Campuses and Art Institute Campuses [Dkt. No 112]. South wishes to provide students with transfer opportunities on the terms and conditions in the Articulation Agreement.

## THE TRANSACTION

8. The Articulation Agreement spells out the terms that will be offered to each Argosy student, including enrollment, credit transferability and financial arrangements. Each student would evaluate South's offer of transfer for him/herself. South's proposal may be appealing to Argosy students because South uses the same computer platform as Argosy, and therefore, the transition would be made easier for students. South also may hire Argosy faculty members and acquire Argosy curriculum for the programs that are listed in the Articulation Agreement. This would allow a smoother transition for students.

## THE ARTICULATION AGREEMENT IS CONSISTENT WITH SOUND BUSINESS JUDGMENT AND IS IN THE BEST INTEREST OF CREDITORS AND OTHER INTERESTED PARTIES, INCLUDING STUDENTS

9. From the time of his appointment, the Receiver has been approached by various groups and institutions who were interested in acquiring parts of Argosy and the other campuses. The Receiver has actively pursued discussions with 15 different potential purchasers, six for Argosy and nine for the other campuses. Although there has been no specific advertisement for sale, this case has been the subject of extensive press coverage. Through the press coverage and through his

predecessor's earlier efforts to sell the Receivership Entities, the Receiver's interest in a sale transaction and its financial situation are widely known among educators and educational institutions. To date, the Receiver and/or those assisting him have discussed selling various parts of Argosy, South and AI with many different groups who expressed interest in the purchasing the Assets.

10. On February 27, 2019, the United States Department of Education (the "**DOE**") published a letter denying Argosy any further Title IV funding (the "**Denial Letter**"). The Receiver is now accepting offers on an expedited basis.

11. All interested parties were invited to submit bids. Stated simply, South's Articulation Agreement offers students organized transfer opportunities and minimum interruption in their education path.

12. A transaction with South is consistent with good business judgment and the Receiver here asserts that South is a bona fide, good faith contract partner. For all of these reasons, it is the Receiver's opinion that this Court should authorize the Receiver to enter into the Articulation Agreement with South.

13. In order to transfer as many students as possible and allow students to continue their education, the Receiver must complete the transaction with South immediately. Argosy cannot continue as an educational institution for even a short time without financial assistance, and there is no one to provide it. The school's financial situation is endangering its accreditation, and Argosy's accreditor, WASC Senior College and University Commission (the "**Accreditor**") is carefully and strictly monitoring the progress of student transfers to insure that the students are

properly cared for. The Accreditor is prepared to take swift and appropriate action if the transaction is not approved. Thus, time is of the essence, and the Articulation Agreement must be entered into at the earliest possible time.

## LAW AND ARGUMENT

14. The Court's authority to impose and administer this receivership is derived from its inherent powers as a court of equity. See *S.E.C. v. Forex Asset Mgmt.*, LLC, 242 F.3d 325, 331 (5th Cir. 2001); *U.S. v. Durham*, 86 F.3d 70, 72 (5th Cir. 1996); see also Fed. R. Civ. P. 66 ("The practice in the administration of estate by receivers . . . shall be in accordance with the practice heretofore followed in the courts of the United States or as provided in rules promulgated by the district court."). A federal court exercises "broad powers and wide discretion" in crafting relief in an equitable receivership proceeding. See *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 668 (6th Cir. 2001).

15. Under Local Rule 66.1, the Court is to administer receivership estates "similar to that in bankruptcy cases." It is a bedrock principle of bankruptcy law that bankruptcy courts (which are courts of equity like courts administering receivership estates) may authorize the entering into contracts that benefit the estate. See 11 U.S.C. § 363.

## OBJECTIONS

16. Any person who has an objection to this Motion, must submit it in writing and file it with the Clerk of the United States District Court for the Northern District of Ohio **on or before 4:00 p.m. (Eastern Time) on March 11,**

**2019**, and must serve the same to those on the Court's filing system, and upon the following persons:

Jonathan E. Jacobson, Esq.
Trial Attorney
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875

WHEREFORE the Receiver moves this honorable court for an order authorizing the Receiver to enter into the Articulation Agreement with South University on substantially similar or better terms as are included in the attached Exhibit A, and for such other and further relief as is just.

Date: March 7, 2019 **WHITMER & EHRMAN LLC**

*/s/Mary K. Whitmer*
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
2344 Canal Rd., Suite 401
Cleveland, OH 44113
Telephone: (216) 771-5056
Facsimile: (216) 771-2450
Email: mkw@weadvocate.net

*Attorneys for the Receiver*

**CERTIFICATE OF SERVICE**

In accordance with Section 1.4 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rule of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's filing system on all counsel of record on March 7, 2019.

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)