**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) | CASE NO. 1:19-cv-145 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, ) | |
| LLC, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## SECOND SUPPLEMENT TO FIRST RECEIVER REPORT

## LANDLORD REPORT

Mark E. Dottore, the duly appointed and acting receiver for the Receivership Entities (the "**Receiver**"), hereby files this Second Supplement to his first Report (the "**First Report**")[1] to provide information on leases and landlord pending litigation. As and for this Report, the Receiver says as follows:

<u>Landlord Summary</u>

At the time of the Receiver's appointment, Argosy and AI campuses were identified as tenants at 57 locations across the continental United States, Hawaii and American Samoa. Argosy also was a tenant at two locations (Pittsburgh and Phoenix) which housed a data center and administrative staff. In each of the

---

[1] Capitalized terms used but not defined in this motion shall have the meanings given to them in the Initial Receiver Order as modified by the Clarifying Order (collectively, the "**Receiver Order**").

{00020940-1 }

locations, Argosy and AI were in default of the payment of rent; some for over four months.

The landlord-tenant issues at each of the locations fell into three categories:

1. Landlords who had already evicted the campus, taken possession, and sought the removal of the tenant's furniture, fixtures and equipment;

2. Landlords who had sought eviction of the campus and were waiting orders of possession from the various state courts in which cases were filed;

3. Landlords who had yet to seek dispossession of the campus but were demanding unpaid rent and possession of the space.

Compounding the problems in scenarios 2 and 3 above, were that some campuses were in the middle of the term and students needed to complete the teaching and testing of students for that term. To date, the Receiver has identified about 20 campuses where some students were still taking classes – this number may change because not all landlords have contacted the Receiver.  A list of 28 pending landlord matters is attached hereto as Exhibit A.

Upon his appointment, the Receiver sent a letter to each landlord introducing counsel and providing a copy of the Order Appointing Receiver. The letter demanded an immediate stay of any action taken by the landlords based upon the preliminary injunction set forth in the Order. Landlords immediately started to call. Each landlord was informed that any rent accrued prior to, or just after, the receivership would be treated as an administrative expense if the space was needed to effectuate a "teach out" of students.

If the Court grants the Receiver's Motion to Sell, Transition or Close Argosy University Campuses and AI University Campuses, it is the Receiver's intention to

grant each of the landlords' limited relief from the preliminary injunction and stay entered by the Court in its Receiver Order. Each landlord will be able to avail itself of state court remedies to recover possession of the leased property.

At each location, the Receiver will seek the cooperation of the landlord to gain access to the leased premises to secure student records for storage and for the protection of any personally identifiable information. The Receiver is taking steps to secure a storage location or locations where the records can be physically stored and electronically catalogued.

The Receiver will also work with landlords to detail what personal property remains at each location. If that personal property is leased, it will be returned to the lessor. It the personal property is not leased and has value, the Receiver will sell the personal property. If the personal property has no recoverable value for the receivership estate, the Receiver will abandon the personal property.

| | |
|---|---|
| Date: March 7, 2019 | **WHITMER & EHRMAN LLC** |
| | */s/Mary K. Whitmer* |
| | Mary K. Whitmer (0018213) |
| | James W. Ehrman (0011006) |
| | 2344 Canal Rd., Suite 401 |
| | Cleveland, OH 44114 |
| | Telephone: (216) 771-5056 |
| | Facsimile: (216) 771-2450 |
| | Email: mkw@weadvocate.net |
| | *Attorney for the Receiver* |

**CERTIFICATE OF SERVICE**

In accordance with Section 1.4 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rule of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's filing system on all counsel of record on March 7, 2019.

                                           */s/ Mary K. Whitmer*
                                           Mary K. Whitmer (0018213)