## SECOND AMENDMENT TO SETTLEMENT AGREEMENT

**THIS SECOND AMENDMENT TO SETTLEMENT AGREEMENT** (this "Second Amendment") is made as of March __, 2019 (the "Effective Date"), by and between Mark Dottore, not in his individual capacity but as receiver (the "Receiver") of the South University of Ohio LLC, Dream Center Education Holding LLC, The DC Art Institute of Raleigh-Durham LLC, the DC Art Institute of Charlotte LLC, DC Art Institute of Charleston LLC, DC Art Institute of Washington, LLC, the Art Institute of Tennessee-Nashville LLC, AiTN Restaurant LLC, The Art Institute of Colorado LLC, DC Art Institute of Phoenix LLC, The Art Institute of Portland LLC, the Art Institute of Seattle LLC, the Art Institute of Pittsburgh, DC LLC, the Art Institute of Philadelphia, DC, LLC, DC Art Institute of Fort Lauderdale LLC, the Illinois Institute of Art LLC, the Art Institute of Michigan LLC, the Illinois Institute of Art at Schaumberg LLC, DC Art Institute of Phoenix, LLC and its direct subsidiaries the Art Institute of Las Vegas LLC, the Art Institute of Indianapolis, LLC, and AiIN Restaurant LLC; Dream Center Argosy University of California LLC and its direct subsidiaries, Argosy Education Group LLC and AU Student Funding LLC, Dream Center Education Management LLC, and South University of Michigan LLC (collectively, the "Receivership Entities"), Studio Enterprise Manager, LLC ("Studio"), and Education Principle Foundation ("EPF" and together with Studio and the Receiver, the "Parties").

## RECITALS

**WHEREAS**, the Receiver, EPF, and Studio previously entered into that certain Settlement Agreement dated February 27, 2019 (the "Settlement Agreement");

**WHEREAS**, the Receiver, EPF, and Studio previously entered into that certain First Amendment to Settlement Agreement dated March 1, 2019 (the "First Amendment");

**WHEREAS**, all capitalized terms not otherwise defined in this Second Amendment shall have the meanings ascribed to such terms in the Settlement Agreement;

**WHEREAS**, the Receiver, EPF and Studio mutually desire to amend paragraph eight of the Settlement Agreement again (and add further changes to the language agreed to in paragraph one of the First Amendment);

**NOW THEREFORE**, on the basis of the foregoing, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1. The first sentence of Paragraph 5 shall be amended as follows:

"Studio waives its right of first refusal for all non-Art Institute campuses of Argosy, but retains its right of first refusal for all other campuses other than as expressly stated in the First Amendment to the Settlement Agreement."

2. The fourth sentence of paragraph eight of the Settlement Agreement is hereby deleted in its entirety and replaced with the following:

"If the Receiver fails to perform, Studio (or an assignee of Studio, including South University or the Arts Institutes) will have the option to purchase the

{7950087: }

**EXHIBIT**

_A_

Shared IT assets for $2 million, subject to the liens, consent rights, and other rights of DCEH's secured lenders and agents, and subject to higher and better bids (including a credit bid by any of DCEH's secured lenders and/or agents), and the purchaser of the Shared IT assets will have the option to extend an offer of employment to any of the employees of DCEH. Upon DCEH's sale of the Shared IT assets, the purchaser shall be obligated to assume DCEH's obligations under the TSA (as amended) and Studio shall have no further obligations to DCEH except those that had accrued prior to the termination. If Studio desires to purchase the Shared IT assets in accordance with this paragraph, the Receiver shall promptly file a motion with the Court seeking the approval of such sale with an objection schedule that will allow for a hearing 10 business days' after parties receive notice."

3. The change to the fourth sentence of paragraph eight of the Settlement Agreement outlined in paragraph one of the First Amendment is hereby replaced by the language outlined in paragraph one above.

4. Except as otherwise specifically set forth in this Second Amendment, the terms and conditions of the Settlement Agreement remain in full force and effect.

5. The provisions set forth in this Second Amendment shall be deemed to be and shall be construed as part of the Settlement Agreement to the same extent as if fully set forth verbatim therein. In the event of any variation or inconsistency between any provision contained in this Second Amendment and any provision contained in the Settlement Agreement, the provision contained herein shall govern. In this Second Amendment, unless the context otherwise requires: (i) this "Amendment" shall be construed as a reference to this Second Amendment as may have been, or may from time to time be, amended, varied, novated or supplemented; (ii) the execution, in and of itself, of this Second Amendment, and the negotiation of this Second Amendment by the parties hereto (including the transmission of any drafts of this Second Amendment between the parties hereto prior to the date hereof) shall not give rise to any right or claim of any kind by any third party, under any contract or otherwise.

6. This Second Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same.

7. The undersigned represent and warrant that they have full authority to execute this Second Amendment on behalf of their respective party and have obtained all necessary approvals.

8. This Second Amendment shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

9. The Parties agree that this Second Amendment shall be governed by Delaware law, and each of the Parties consents to the exclusive jurisdiction of the Court in the event there is any dispute about this Second Amendment.

10. This Second Amendment may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

**IN WITNESS THEREOF**, each party to this Second Amendment has caused it to be executed on the date indicated in the opening paragraph above, intending it to be legally bound by the terms and conditions hereof.

March 6, 2019

**MARK DOTTORE, RECEIVER**

*/s/ Mark E. Dottore as per*

MARK DOTTORE, not individually but solely in his capacity as Receiver of the Receivership Entities

**STUDIO ENTERPRISE MANAGER, LLC**

*/s/ Bryan Newman*

By: Bryan Newman

Title: Chief Executive Officer

**EDUCATION PRINCIPLE FOUNDATION**

*/s/*

By: Robin van Bokhorst

Title: President

3