UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF THE BUNCHER COMPANY TO THE
RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENT**

The Buncher Company ("Buncher"), by and through its attorneys, submits this Response (the "Response") to the Receivers' *Motion to Approve Settlement Agreement* [Docket No. 82] (the "Motion"), and respectfully states as follows:

## I.    INTRODUCTION

The interests of Buncher and the receiver (the "Receiver") align.  Buncher supports the Receiver's efforts to bring an action against Studio Enterprise Manager, LLC ("Studio") and to settle the case quickly to minimize estate costs and maximize recovery available to creditors.

Buncher files this Response to confirm its rights in and to settlement proceeds that the Receiver should use, at a minimum, to pay rent on the Leased Premises (as defined below) from January 18, 2019 to the present.  Buncher further responds that the Receiver should not distribute the Settlement Proceeds (as defined below) without further notice and hearing.  The Receiver cannot continue operating the estate for the benefit of a select few creditors and at the expense of others, such as Buncher, who have become post-petition involuntary lenders.

## II. BACKGROUND

Buncher and DCEH are parties to that certain lease agreement dated September 30, 2005 (as amended and restated, the "Lease Agreement") pursuant to which Buncher leases the following premises to DCEH: (i) a portion of Penn Liberty Plaza I, 1250 Penn Avenue, Pittsburgh, PA 15222; and (ii) a portion of Penn Liberty Plaza II, 1400 and 1500 Penn Avenue, Pittsburgh, PA 15222 (together, the "Leased Premises"). At the Leased Premises, DCEH operates The Art Institute of Pittsburgh ("AIP"). The Leased Premises include the AIP's headquarters and administrative offices, as well as classrooms and space to conduct online courses. The monthly rent due to Buncher for the Leased Premises is $148,069.46.

On January 18, 2019, the Plaintiff filed its *Emergency Motion for the Appointment of Receiver* [Docket No. 3] (the "Emergency Motion"). Also on January 18, 2019, the United States District Court for the Northern District of Ohio (the "Court") entered the Order Appointing Receiver [Docket No. 8] (the "Receivership Order"). Buncher did not receive notice of the Emergency Motion.

The Receivership Order provides, among other things, that creditors, including landlords, are enjoined from taking action against any of the entities in receivership and any property, which could be part of the receivership estate. *See* Receivership Order ¶¶ 10, 11. DCEH and the Receiver have failed to pay monthly rent for the months of December 2018, January 2019, February 2019, and March 2019. The Receiver also has failed to pay additional rental due under the Lease Agreement. The total amount owed to Buncher is at least $779,177.18, plus applicable late fees and interest as detailed in the Lease Agreement.

On February 20, 2019, Buncher filed its *Motion and Memorandum of Law in Support of the Motion of the Buncher Company (I) Seeking Timely Payment of Rent; and (II) Granting Relief*

*from Stay* [Docket No. 56] (the "Rent Motion"). Since the Court entered the Receivership Order, at least eleven parties have intervened (or sought to intervene) in the litigation, and at least five parties, including Buncher, have filed motions seeking relief from the Receivership Order.

On February 28, 2019, the Receiver filed the Motion in which he seeks Court approval of a proposed settlement agreement with Studio pursuant to which Studio will pay to the Receiver approximately $3.8 million (the "Settlement Proceeds"). The Motion and draft settlement agreement do not contain a proposed allocation of the Settlement Proceeds to creditors of the receivership estate.

### III. RESPONSE

A. *The Court Should Oversee the Distribution of the Settlement Proceeds.*

Buncher supports the settlement between the Receiver and Studio, but the Receiver should distribute the Settlement Proceeds only after notice to all parties and a further hearing. The Receiver is not paying landlords, including Buncher. As a matter of due process, the Receiver must provide the intervening parties notice of his proposed allocation of the Settlement Proceeds and provide parties with an opportunity to object. Absent such process, Buncher is concerned that the Receiver will distribute the Settlement Proceeds while ignoring Buncher's rent. Such a result is contrary to law and equity.

B. *The Receiver Should Surcharge the Secured Lenders' Collateral.*

It is also appropriate for the Receiver to surcharge the secured lenders' collateral to pay Buncher, and the other landlords. Applicable bankruptcy law provides guidance.

A court of equity should "follow wherever practical" analogous insolvency law. Clark, 3 *Law of Receivers*, § 667.4 at 1215 and n. 447 (3d. 1959); *see also White v. Ewing*, 159 U.S. 36, 40 (1895) (Jurisdiction of court in receivership "does not materially differ from that of the district

3

court in bankruptcy."). A source of analogous law is title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"). "Bankruptcy law repeatedly borrow[s] principles from receivership law and vice versa. Thus, in some ways the two bodies of law evolved together . . ." *Janey v. Alguire*, 2014 WL 12654910, *3 (N.D. Tex. July 30, 2014). In *Janey*, the court looked to bankruptcy law to supplement existing federal equity receiver law and when that law was sparse. *Id.* at *4.

Under section 506(c) of the Bankruptcy Code, a trustee "may recover from the property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c). "Pursuant to this statutory language, three requirements are necessary for a bankruptcy trustee to recover the cost and expenses in preserving collateral subject to a valid security interest: (1) the expenditure was necessary; (2) the amounts expended were reasonable; and (3) the creditor benefitted from the expenses. *In re Wiener*, 276 B.R. 810, 816 (Bankr. N.D. Ohio 2001)."

Here, the secured lenders benefit from the Receiver's use and occupancy of the Leased Premises. The Receiver's use of the Leased Premises generates revenue for the benefit of the secured lenders and receivership estate, but the Receiver is not using the revenue to pay Buncher. "'Great as are the equity powers of the court, it is yet to be suggested that included in these powers is the power to nullify or impair a legal contract solemnly and intelligently entered into between competent parties.'" *Metropolitan Life Ins. Co. v. Liberty Ctr. Venture*, 650 A.2d 887, 891 (Pa. Super 1994) (quoting *Galey v. Guffey,* 94 A. 238 (Pa. 1915)), The Leased Premises house AIP's headquarters and administrative offices. Without the continued use and access to the Leased Premises, the Receiver could not operate and the value of the secured lenders' collateral would deteriorate.

### IV. CONCLUSION

For the foregoing reasons, Buncher supports the Receiver's Motion and believes the Settlement Agreement is in the best interest of the receivership estate. Buncher further requests that the Court require the Receiver to provide notice and hearing before distributing the Settlement Proceeds.

Dated: March 8, 2019

Respectfully submitted,

> */s/ Jared S. Roach*
> Eric A. Schaffer (admitted *pro hac vice*)
> Jared S. Roach
> REED SMITH LLP
> Reed Smith Centre
> 225 Fifth Ave.
> Pittsburgh, PA 15222
> (412) 288-3131 (Telephone)
> (412) 288-3063 (Facsimile)
> eschaffer@reedsmith.com
> jroach@reedsmith.com

**Certificate of Service**

      In accordance with Section 14 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rule of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's ECF filing system on all counsel of record on

March 8, 2019

                                            */s/ Jared S. Roach*
                                            Jared S. Roach
                                            REED SMITH LLP

                                            *Attorney for The Buncher Company*