UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | : | Case No. 1:19-CV-145 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DAN AARON POLSTER |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| SOUTH UNIVERSITY OF OHIO, LLC., et al., | : | THOMAS M. PARKER |
| | : | |
| Defendants. | : | |

## LIMITED OBJECTIONS OF DREAM CENTER SOUTH UNIVERSITY, LLC TO THE SETTLEMENT AGREEMENT

Dream Center South University, LLC ("South"),[1] by and through its undersigned counsel files these Limited Objections to the Settlement Agreement pursuant to the March 1, 2019 Scheduling Order of the Court (ECF 84).

### I. INTRODUCTION

On February 27, 2019, the Receiver, on behalf of Dream Center Education Holdings LLC ("DCEH") and other receivership entities, entered into a Settlement Agreement with Studio Enterprise Manager, LLC ("Studio") and Education Principle Foundation ("EPF"). South, which continues to operate schools serving more than 10,000 students nationwide, is not a receivership entity and generally supports the efforts of the parties to the Settlement Agreement to continue untangling South from the receivership entities. That said, certain provisions in the Settlement Agreement could alter the legal and equitable rights and obligations of South under contractual agreements with or concerning South, Studio, and EPF. Specifically, the Settlement Agreement could, in certain scenarios, negatively affect South's access to critical services needed to operate its schools. Accordingly, South raises these limited objections to the Settlement Agreement.

---
[1] South filed a Motion to Intervene in this receivership on March 8, 2019.

## II. FACTUAL BACKGROUND

### A. South's Transitional Ties to DCEH

South is a nonprofit university system that, through its subsidiaries, consists of ten physical campuses in southeastern America as well as a robust online campus. South traces its roots back to 1899, when it was founded in Savannah, Georgia as a business college with courses in accounting, banking, shorthand, and bookkeeping. Today, more than 10,000 students are enrolled at South, pursuing studies in a wide variety of fields including nursing, information technology, business, and healthcare. The institution offers its students programs at the associate, baccalaureate, master, and doctoral levels.

South is not in receivership. Rather, this proceeding concerns the receivership of certain educational entities, including DCEH, the former sole member of South. South was acquired by DCEH in 2017, along with certain Arts Institutes schools and Argosy schools. Although the educational curricula offered by South was separate from those other systems, the schools did share certain administrative services and IT systems. In transactions preceding this receivership action, South was spun-off from DCEH and acquired by Studio's designee, EPF. While DCEH transferred its membership interest in South on January 7, 2019, DCEH nevertheless remains contractually required to provide certain services to South, and the Receiver purports to control certain shared IT assets in which South has material interests through a one-year transitional period. These services and assets are critical to South's continued operations as a nonprofit educational system and serving thousands of students throughout the country.

On January 7, 2019, Studio entered into a Transition Services and License Agreement with DCEH (the "TSA") under which DCEH was to continue to provide Shared IT Services, as defined in the TSA, to South with respect to the Shared IT Systems that were jointly used among

the university systems. (TSA ¶ 3.2.) At that same time, the transactional documents included a Master Services Agreement (the "MSA") between South and Studio. Under the MSA, Studio's obligations are defined or conditioned upon DCEH's provision of those requisite services to South per the TSA. (*See* MSA at ¶ 1.2.) Studio, DCEH, and South, among others, are parties to a January 7, 2019 Amended and Restated Framework Agreement ("Framework Agreement"). Both the MSA and the TSA purport to contain the terms (including payment terms) for the Shared IT Services and use of the Shared IT Systems.

### B. The Action and Settlement Agreement

DCEH along with various Argosy institutions, two South University institutions—which are not a part of South[2]—and several Arts Institutes institutions have entered into receivership. (ECF 8, Order Appointing Receiver.) The Receiver instituted a separate civil action against Studio and EPF in this Court on February 21, 2019, claiming that the heft of the January 2019 reorganizational documents should be rescinded, that Studio breached the Framework Agreement, the Equity and Asset Purchase Agreement, and the TSA, and that Studio had been unjustly enriched as a result of those agreements. (*See Dottore v. Studio Enterprise Manager, LLC*, 1:19-cv-00380 (N.D. Ohio) at ECF 1.) At the same time, the Receiver asked the Court to enter a temporary restraining order and preliminary injunction seeking the payment of funds purportedly necessary for DCEH to provide those critical services to the schools, including South, as contemplated under the TSA. (*See generally id.* at ECF 2.) Otherwise, the Receiver explained, "the Receivership Entities will be unable to operate, the Ai University System,

---

[2] Receivership entities South University of Michigan, LLC and South University of Ohio, LLC were formerly subsidiaries of South, but are now under DCEH. (*See* ECF 91 at Ex. A, Dream Center South University, LLC and Subsidiaries (highlighting receivership entities).)

Argosy University System and the South University System will close, and the schools' tens of thousands of students will bear the brunt of the damage." (*Id.* ECF 2-1 at 4-5.)

Within one week of that filing claiming that Studio had been unjustly enriched through the January 2019 transaction and seeking to rescind the reorganization documents, Studio, EPF, and the Receiver entered into a February 27, 2019 settlement agreement. (*See* ECF 82-1.) The following day, the Receiver filed a motion to approve the Settlement Agreement and set a schedule for objections (ECF 82), which was granted by the Court on February 28, 2019 (ECF 84). The Receiver subsequently filed two amendments to the settlement agreement (together, the "Settlement Agreement").[3] (*See* ECF 85; 118.)

Although South is not a party to the Settlement Agreement, the terms of that agreement potentially could affect South. Accordingly, South files the within limited objections to the Settlement Agreement in order to raise those concerns.

### III.     LIMITED OBJECTIONS

In an equity receivership, "a district court has wide discretion to determine what relief is appropriate." *Gordon v. Dadante*, 336 F. App'x 540, 549 (6th Cir. 2009). There are no federal rules that "prescribe a particular standard for approving settlements." *Id.* South asserts these limited objections and request that the Court exercise its discretion to require modification of the problematic settlement terms to be more fair and equitable. "[A] district court has broad powers in fashioning relief in an equity receivership proceeding. . . ." *Liberte Capital Group, LLC v. Capwill*, 421 F.3d 377, 382 (6th Cir. 2005).

---

[3] The Court did not grant permission for the amendments to relate back to the original motion to approve the settlement agreement or adjust the schedule for filing objections. *See* Subsection 3 *infra*.

**A. The Settlement Agreement Grants Studio a Right to Purchase Assets in Which South Has an Interest for a Fixed Sum.**

The Receiver has explained that South has an interest in Shared IT Systems and Shared IT Services related to DCEH and other receivership entities. (ECF 91 at 3.) South requires access to these necessary shared systems and services that only DCEH can provide at this time. Accordingly, South has significant interest in DCEH's ability to perform the services and any disposal of those assets. (*See, e.g.*, South Mem. Supp. Mot. to Intervene at ECF 122-2.) The Receiver has repeatedly declared the potential impact that a lapse in the shared services might have on the receivership entities *and* South. (ECF 91 at 3.) The Settlement Agreement permits Studio to purchase what it calls "Shared IT assets" for $2 million from DCEH under certain circumstances. (*Id.* at ¶ 8.) That provision also contemplates the potential purchase of the "Shared IT assets" and performance of the TSA by an entity unknown to South. (*Id.*) Although undefined, it is presumed that the "Shared IT assets" relate to the Shared IT Systems and/or the Shared IT Systems, which are explicitly defined in the reorganization documents and are a significant basis of South's relationship with Studio and DCEH during the transitional period. (*See* Exhibit A at ¶ 1.2, Exhibit B. at ¶ 2.19.)

South objects to these provisions in the Settlement Agreement because they would exclude it from any future discussion about a sale of the "Shared IT assets." Insofar as these terms would allow an unknown entity to step into the shoes of DCEH, South potentially could be harmed immensely given the importance of the Shared IT Systems and Shared IT Services to its continued operations. South is also concerned that this phrase is ambiguous in terms of which assets would be included in such a sale. Such ambiguity could cause considerable operational uncertainty for South relative to the "Shared IT assets."

### B. The Settlement Agreement Changes the Terms Upon Which Services Are to Be Provided to South.

The Settlement Agreement states:

> If the Receiver believes that the TSA Services (as defined in the TSA) cannot be reasonably maintained for the Monthly Amount, the Receiver shall 1) provide notice to Studio, ii) provide the back-up information that is necessary for Studio to confirm this information; and iii) request an amendment to this Agreement and/or the TSA to confirm a monthly amount that is sufficient.

(ECF 82-1 at 3, ¶ 8.) To the extent this language purports to commit South to pay any changed fee amount, South objects to this provision. Such a provision is inherently unfair as it fails to provide South with an opportunity to participate in any renegotiation of the fees to be paid, including the evaluation to be conducted of whether the services can be maintained for the previously agreed upon per student TSA charge. If, however, Studio is committing to paying increased amounts for services without expecting South to foot the bill, South does not object.

### C. South Requests the Right to File Further Objections Upon Confirmation of the Terms Being Considered by The Court.

Three sets of settlement terms have been submitted to the Court: the settlement agreement dated February 27, 2019 and submitted to the Court on February 28, 2019 (ECF 82-1), the first amendment to the settlement agreement dated and filed March 1, 2019 (ECF 85), and the second amendment to the settlement agreement dated and filed March 7, 2019 (ECF 118). The Court entered an Order granting the "Motion to Approve Settlement, Deadline for Filing Objections" on March 1, 2019 ("Motion"). (ECF 84.) The Court has not granted or addressed the supplements to the Motion filed thereafter, and thus the status of the amendments as it relates to the Motion for approval are unclear to South. Understandably, South's Objections to the settlement depend on which terms constitute the final settlement agreement. This is especially true in light of critical changes to Paragraph 8 of that Agreement, which dramatically alter the

6

potential effect of the settlement on South's rights to the shared IT services and assets that are so critical to South. As a result, in the interests of fairness and equity, South requests permission to file further objections upon confirmation of the settlement terms that the Court is considering approving.

## IV. CONCLUSION

For all of the reasons discussed herein, South's Objections to the Settlement Agreement should be sustained and the Settlement Agreement modified accordingly.

        Respectfully submitted,

        COHEN & GRIGSBY, P.C.

        By: */s/ Fridrikh V. Shrayber*

        Fridrikh V. Shrayber (Ohio Bar No. 0095330)
        Ingrid A. Bohme (*pro hac vice* application forthcoming)
        Helen S. Ward (*pro hac vice* application forthcoming)
        625 Liberty Avenue
        Pittsburgh, PA 15222-3152
        412-297-4900 / 412-209-0672 (Fax)
        fshrayber@cohenlaw.com
        ibohme@cohenlaw.com
        hward@cohenlaw.com

        *Attorneys for Intervenor,*
        *Dream Center South University, LLC*

Dated: March 8, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of March, 2019, the foregoing *Limited Objections Dream Center South University, LLC to the Settlement Agreement* was filed with the Court electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. Parties identified as not receiving electronic filing notifications will be served by U.S. First Class Mail.

/s/ *Fridrikh V. Shrayber*
Fridrikh V. Shrayber

2965670.v1