# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| | ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## HEMINGWAY AT RICHMOND, LLC'S MOTION TO CHARGE ALL ACCRUED AND ONGOING POST-RECEIVERSHIP RENT AS A COST TO PLAINTIF

Now comes Hemingway at Richmond, LLC ("**Hemingway**"), by and through its undersigned counsel, hereby moves this Court for an Order charging all accrued and ongoing post-receivership rent as a cost to Plaintiff. The grounds for this Motion are more fully set forth in the Memorandum of Law below.

          Respectfully submitted,

          WALTER | HAVERFIELD LLP

          */s/ Douglas M. Eppler*
          KIRK W. ROESSLER (0060931)
          DOUGLAS M. EPPLER (0087018)
          Email: kroessler@walterhav.com
                    deppler@walterhav.com
          Direct Dial: (216) 928-2905
          Direct Fax: (216) 916-2402
          1301 East Ninth Street, Suite 3500
          Cleveland, OH 44114-1821
          *Attorneys for Movant,*
          *Hemingway at Richmond, LLC*

**MEMORANDUM OF LAW**

I.  **Introduction**

Hemingway is the record title owner of 4743 Richmond Road, Warrensville Heights, Ohio (the "**Premises**"), and is one of ten landlords across the United States that intervened in this action and requested relief from stay. Hemingway's Motion for Limited Relief from Stay Provisions of Order Appointing Receiver [Doc. 47] is fully briefed and pending. In addition, Hemingway filed a Brief in Support [Doc. 99] of 3601 Sunflower LLC's Motion to Vacate the receivership.

Hemingway, like the other intervening landlords, has been forced to act as an involuntary post-receivership creditor. Hemingway, like the other intervening landlords, was offered no opportunity to be heard prior to this obligation being thrust upon it with the entry of the Order Appointing Receiver, on January 18, 2019.

This receivership was orchestrated through a coordinated effort of Plaintiff, Digital Media Solutions, LLC ("**DMS**"); the receivership defendants; and the Receiver. *See* Docs. 1-8. Despite the fact that DMS alleges unsecured damages of only $252,737.00 [*see* Doc. 1], the extraordinary remedy of this receivership has cost landlords, including Hemingway, hundreds of thousands of dollars per month in rent. The receivership defendants and the Receiver approached at least one other creditor—Hemingway—before finding a willing plaintiff, DMS, to act as its vehicle for a self-imposed receivership. *See* Affidavit of Maura Maresh in Support of Hemingway's Motion for Limited Relief from Stay [Doc. 47-2] ("**Maresh Affidavit**"), at Ex. F.

When it moved for appointment of the Receiver, DMS was specifically aware of the rent obligation owing to Hemingway in connection with the Premises, and the inability of the receivership defendants to pay the obligation. *See* Emergency Motion for the Appointment of a

Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction [Doc. 3] at p. 2 ("DMS understands that DCEH and its subsidiaries are very likely insolvent, and face claims from a variety of creditors including a pending eviction action filed against the South University of Ohio campus located in Warrensville Heights, OH").

Moreover, DMS specifically predicted in its Motion for Appointment of Receiver a "landslide of adverse actions filed by landlords, other creditors and vendors." *Id*. at p. 4. According to DMS, it desired the receivership in part to "prevent a number of the Universities' campuses from being locked by zealous landlords." *Id*. at p. 6. DMS got what it asked for, and the predictable result, as this Court recently pointed out in its Order to Show Cause [Doc. 111], was requests for relief from ten separate landlords.

Every day it became increasingly clear that the costs of this receivership were vastly out of proportion with DMS's claim; yet, it was DMS that insisted upon the receivership in the first place, and DMS that has failed to take any action to terminate the receivership. To the contrary, the Receiver relies heavily, if not primarily, upon DMS's consent to argue that this Court should continue the receivership. *See* Receiver's Opposition to Motion to Vacate [Doc. 94], Part II (A) (1).

Thus, DMS is an ongoing, willing participant in this receivership. The Receiver, with the tacit endorsement of DMS, has argued that Hemingway, and other landlords, should be barred from seeking restitution of their property despite not receiving rent payments. *See, e.g., id*. at Part II (E); *see also*, Receiver's Opposition to Hemingway's Motion for Relief [Doc. 78]. Hemingway, for its part, has not received a rent payment since November 2018. *See* Maresh Affidavit, ¶ 8.

As part of his effort to keep the litigation stay in place as to Hemingway, the Receiver explained that the Premises serve as "the campus for South University of Ohio." Receiver's Opposition to Hemingway's Motion for Relief [Doc. 78] at p. 2. Therefore, by the Receiver's own admission, Hemingway's property has been, and is being, used in the operation of the receivership. Yet, the Receiver has not paid this operating cost. DMS specifically contemplated this scenario when it moved for the appointment of a receiver, and it should bear the costs, not Hemingway.

**II.      Law and Argument**

Receivership law is clear that "the appointing court has not only the authority but also wide discretion to determine who shall bear the costs of the receivership. *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1442 (8th Cir. 1986). Where, as here, "receivership property may not yield adequate funds, the court may justifiably require [the] requesting party to pay costs and expenses of receivership." *Id*., citing 2 R. Clark, A Treatise on the Law & Practice of Receivers § 637.1(c) (3d ed. 1959).

In *Little Earth*, for example, HUD requested the appointment of a receiver over a multi-family rental project over which it had a mortgage and sought to foreclose. *Id*. at 1443-1435. The district court ordered HUD to pay outstanding invoices for rehabilitation of the property. *Id*. at 1436-1437. HUD argued, in part, that "the district court lacked the equitable power to require HUD to fund" the rehabilitation. *Id*. at 1437.

However, the Court of Appeals rejected HUD's argument, and in affirming the district court, reasoned that "[u]pon its own volition and for its own benefit, HUD asked the district court to appoint" the receiver, and "[a]fter submitting itself to the court's equitable authority, HUD cannot successfully contend that the district court was powerless to direct the terms of the

receivership." *Id*. at 1442. *See also, First Nat. Bank of Fairbanks v. Dual*, 392 P.2d 463, 466 (Alaska 1964) (applying analogous state law, holding that where a bank commenced a foreclosure action and moved for appointment of a receiver, it was "only equitable that the bank should be held responsible for the receivership expenses above and beyond the proceeds of the marshal's sale").

In the instant case, DMS explicitly requested that the Receiver be appointed. Given the relationship between the Receiver, the receivership defendants, DMS, and all of their counsel, DMS must have known that the receivership would be unable to pay its operating costs, particularly rent, during the receivership. It said as much in its Motion requesting the receivership. Yet, even after landlords from across the country began intervening and requesting relief from stay, and other relief, DMS never asked that the Order Appointing Receiver be vacated or that the stay be lifted as to Hemingway or any other landlord. The result for Hemingway has been, and continues to be, an inability to recover its property. It is only fair that DMS be held liable for any deficiency in past and ongoing receivership costs, including rent.

### III. Conclusion

In light of the foregoing, whether or not this Court terminates the receivership, it should order that DMS is liable for all post-receivership rent as a cost of this action.

Respectfully submitted,

WALTER | HAVERFIELD LLP

*/s/ Douglas M. Eppler*
KIRK W. ROESSLER (0060931)
DOUGLAS M. EPPLER (0087018)
Email: kroessler@walterhav.com
deppler@walterhav.com
Direct Dial: (216) 928-2905; Direct Fax: (216) 916-2402
1301 East Ninth Street, Suite 3500
Cleveland, OH 44114-1821
*Attorneys for Movant, Hemingway at Richmond, LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Hemingway at Richmond, LLC's Motion to Charge All Accrued and Ongoing Post-Receivership Rent as a Cost to Plaintiff* was served via the Court's e-filing system on the parties that have entered an appearance in this case and by regular U.S. mail, postage prepaid, this 11th day of March 2019 upon:

Cheyanna Jaffke
P.O. Box 2520
Anaheim, CA 92814
*Interested Party Pro Se*

                                          */s/ Douglas M. Eppler*
                                          KIRK W. ROESSLER (0060931)
                                          DOUGLAS M. EPPLER (0087018)
                                          *Attorneys for Movant,*
                                          *Hemingway at Richmond, LLC*