UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DIGITAL MEDIAL SOLUTIONS, LLC,** | ) Case No. 1:19-cv-145 |
| | ) |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | )  THOMAS M. PARKER |
| **SOUTH UNIVERSITY OF OHIO, LLC, et, al.,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
MIDDLES STATES COMMISSION ON HIGHER EDUCATION'S MOTION TO INTERVENE**

Mid-Atlantic Region Commission on Higher Education, Inc., doing business as the Middle States Commission on Higher Education, ("MSCHE") submits this memorandum in support of its Motion for Mandatory Intervention or, in the Alternative, Permissive Intervention (the "Motion") in this receivership action under Fed. R. Civ. P. 24(a) and (b).

Digital Media Solutions, LLC ("DMS") brought this action for breach of contract and unjust enrichment and requested the appointment of a receiver over the South University of Ohio LLC and its related educational entities (the "Receivership Entities") to ensure an orderly wind down of those entities for the benefit of their creditors. On January 18, 2019, in the *Order Appointing Receiver* (the "Receiver Order") this Court appointed Mark E. Dottorre (the "Receiver") as the general receiver over the Receivership Entities. On March 6, 2019, the Receiver in its *Emergency Motion to Sell, Transition or Close Argosy University campuses and Art Institutes Campuses* (the "Sale Motion") requests the sale or transition of campuses held in the Receivership Estate, including but not limited to AI Las Vegas, AI Pittsburgh (campus and online) and AI Seattle.

MSCHE now moves to intervene in the receivership action to receive notices and documents and to monitor and protect its rights during the receivership.

## JURISDICTION AND VENUE

The relief requested in this motion is governed by Fed. R. Civ. P. 24(a) and (b) and the Receiver Order.

## FACTUAL BACKGROUND

The Receivership Entities are indebted to DMS for a sum in excess of $250,0000 and to other unsecured creditors for a sum in excess of $100,000.000. (Receiver Order, ¶¶ 2,3)

MSCHE is a regional accrediting agency recognized by the United States Department of Education and by the Council for Higher Education Accreditation. It is organized to provide educational, accrediting, quality assurance and other services to its member institutions, degree granting post-secondary educational institutions offering higher education and located inside or outside the United States.

Educational institutions apply for accreditation from MSCHE to be eligible to receive funding from the Unites States Department of Education through the Title IV of the Higher Education Act. 20 U.S.C. § 1001. The Commission is recognized by the United States Secretary of Education and is authorized to conduct accreditation and pre-accreditation activities for institutions of higher education in Delaware, the District of Columbia, Maryland, New Jersey, New York, Pennsylvania, Puerto Rico, and the U.S. Virgin Islands, including distance education and correspondence education programs offered at those institutions.

MSCHE is also recognized by the Council on Higher Education Accreditation (CHEA) to accredit degree-granting institutions which offer one or more post-secondary educational programs of at least one academic year in length in Delaware, the District of Columbia, Maryland, New

Jersey, New York, Pennsylvania, Puerto Rico, the Virgin Islands, and other geographic areas in which the Commission conducts accrediting activities. The Commission is a voluntary, non-governmental, membership association that defines, maintains, and promotes educational excellence across institutions with diverse missions, student populations, and resources.

MSCHE accredits educational institutions within the geographic scope of some of the Receivership Entities, including but not limited to, Art Institute of Pittsburgh DC, LLC. MSCHE is one of the accrediting agencies that has an interest in the Receivership Estate. (Receiver Order, ¶ 5). The Receiver is in possession of and desires to either close, sell, or transition AI Pittsburgh. (Sale Motion, 3-4.) MSCHE now moves to intervene in the receivership action to receive notices and documents and to monitor and protect its rights during the receivership.

## ARGUMENT

**A.  MSCHE is entitled to intervene in this action as a matter of right.**

MSCHE has an absolute right to intervene in this action pursuant to Fed. R. Civ. P. 24(a) because MSCHE has an interest in the Receivership Estate that is the subject of the action, and without MSCHE's participation, this interest may be impaired. Fed. R. Civ. P. 24(a).

To intervene under Fed. R. Civ. P. 24(a) a party must show:

> (1) their motion to intervene was timely; (2) a substantial, legal interest in the subject matter of the case; (3) their ability to protect that interest may be impaired without intervention; and (4) the parties before the court may not adequately represent their interest.

*Harker v. Troutman (in Re Troutman Enters., Inc.)*, 286 F.3d 359, 361 (6th Cir. 2002). MSCHE satisfies these requirements.

First, MSCHE's motion to intervene is timely. In determining the timeliness of an application for intervention of right, courts consider five factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). No one factor is dispositive, "but rather the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Stupak-Thrall v. Glickman,* 226 F.3d 467, 472-73 (6th Cir. 2000) (citation and quotation omitted).

This case has not advanced through the court. The *Verified Complaint* was only filed on January 18, 2019. MSCHE recently became aware of its interest in this case and seeks to intervene to protect its interest in the Receivership Estate. All the factors considered for timeliness weigh in favor of mandatory intervention.

Second, MSCHE, as an accrediting agency, has a substantial interest in the subject matter of the case because it accredits educational institutions within the geographic scope of some of the Receivership Entities. The Sixth Circuit recognizes "a rather expansive notion of the type of interests sufficient to invoke intervention of right." *Mich. State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Moreover, "close cases should be resolved in favor of recognizing an interest under Fed. R. Civ. P. 24(a)." *Id.* Here, the Receiver Order specifically identifies the legal interests accrediting agencies have in the Receivership Estate. (Receiver Order, ¶ 5). MSCHE has a legal interest justifying intervention as a matter of right.

Third, if the property of the Receivership Estate is redistributed without taking into account MSCHE's processes and procedures relating to accreditation, closure, sale or transition, MSCHE's quality assurance functions will be impaired. The requirement of impairment is satisfied if the applicant shows "the representation of his interest 'may be' inadequate.'" *Trbovich v. united Mine*

*Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Accreditation is key to an educational institution's ability to receive funding from the United States Secretary of Education. Failing to take into account all the aspects and interests of an accrediting agency would affect the value of the Receivership Estate and directly impacts the interests of MSCHE.

Fourth, mandatory intervention should be granted because MSCHE's interests are different that the interests of the other parties in this action. MSCHE is an accrediting agency that relies on the accreditation of the educational institutions that make up part of the Receiverships Entities. These relationships are not common with any duties or liabilities to any other party and therefore, weigh in the favor of mandatory intervention.

**B.    Permissive Intervention is also appropriate for MSCHE in this action.**

Even if MSCHE does not have an absolute right to intervene under Fed. R. Civ. P. 24(a)—which it does—MSCHE deserves permissive intervention under Fed. R. Civ. P. 24(b). To intervene permissively, "a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *Michigan State v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). The district court must then "balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

Permissive intervention is proper here because MSCHE's interest as an accreditor of educational institutions within the Receiver's control creates common questions of law and fact with the main issues in the receivership action. Pursuant to the Receiver Order, and the Sale Motion the Receiver now has possession and control over educational facilities that MSCHE accredits. (Receiver Order at ¶ 3. The Receiver also has "sole and exclusive power and authority to manage

and direct the business and financial affairs of the Receivership Entities and its liquidation and wind-down..." (*Id.* at ¶ 2(f)). Given that the Receiver now has exclusive access to and control over AI Pittsburgh, the Receiver's actions with respect to those assets necessarily implicate MSCHE's interests. As a result, the Receiver's disposition of those assets presents "question[s] of law or fact in common" with MSCHE's claim. *See* Fed. R. Civ. P. 24(b). Permissive intervention is therefore appropriate.

## CONCLUSION

For the reasons set forth above, MSCHE respectfully asks the Court to grant its Motion to intervene in this receivership action.

Date: March 13, 2019

Respectfully submitted,

By: /s/ Adam C. Ballinger
Adam C. Ballinger (MN #0389058)
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 371-6203
Facsimile: (612) 371-3207
Email: ballingera@ballardspahr.com

**ATTORNEYS FOR MIDDLE STATES COMMISSION ON HIGHER EDUCATION**