**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DIGITAL MEDIA SOLUTIONS, LLC,** | ) | **CASE NO. 1:19 CV 145** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MAGISTRATE JUDGE** |
| | ) | **THOMAS M. PARKER** |
| **SOUTH UNIVERSITY OF OHIO, LLC,** | ) | |
| et al., | ) | **MINUTES OF PROCEEDINGS** |
| | ) | and |
| Defendants. | ) | **ORDER** |
| | ) | |

Proceedings: On March 11, 2019, the Court conducted a hearing to show cause why the Order Appointing Receiver entered on January 18, 2019, Doc. 8, should not be vacated. Doc. 111. The Court's hearing was conducted, in part, to resolve the motion to vacate the Receivership filed by Interested Party, 3601 Sunflower, LLC. Doc. 54. Several parties joined the motion or filed briefs in support and against:

1. The Buncher Company filed a limited response to the motion to vacate. Doc. 90.
2. The Receiver filed an opposition to the motion to vacate. Doc. 94.
3. Douglas Emmett 2010, LLC, joined the motion to vacate. Doc. 96.
4. Tech Park 6, LLC, filed a motion to join the motion to vacate. Doc. 97.
5. Student Intervenors' filed a response in support of the motion to vacate. Doc. 98.
6. Hemingway at Richmond, LLC, filed a response in support of the motion to vacate. Doc. 99.
7. Fluorine, LLC, filed a motion for leave to join the motion to vacate. Doc. 106.
8. 3601 Sunflower LLC filed a reply in support of the motion to vacate. Doc. 135.
9. The United States filed a statement of interest concerning the order to show cause. Doc. 136.

The Court learned that many of the schools in the Receivership have already closed. Four schools remain open:

1. The Western State College of Law at Argosy University;
2. The Art Institute of Las Vegas, LLC;
3. South University of Michigan, LLC, Novi;
4. South University of Ohio, LLC.

The Receiver represented that he was in negotiations with a group called Save the Arts to purchase the Art Institute of Las Vegas, LLC.  One of the obstacles to this transaction is that the landlord, Intervenor Tech Park 6, LLC, does not want to rent its building to the new purchaser. The attorney for Tech Park 6, LLC, stated that the purchaser is a new entity with no financial history.  It is unable to make a deposit or provide a guaranty of the lease.  **The Court ordered that The Art Institute of Las Vegas, LLC, has 15 days to close or relocate and must pay the rent of $3,500.00 per day effective March 11, 2019 to Tech Park 6, LLC, for as long as it stays open.**

Intervenor Dream Center South University, LLC (a non-receivership entity) is paying for the teach out periods at the two South University schools in Receivership (South University of Ohio and South University of Michigan at Novi) that remain open.  However, it is not paying rent to the landlords.  **The Court ordered that the South University entities in Receivership would not be permitted to stay in any leased premises without paying rent.  As of March 11, 2019, the Receivership entities must either pay rent or surrender the properties.  The Court indicated that it would not require the landlords to give the Receiver 30 days to vacate.  However, the personal property at the schools including the students' records must be preserved.**

Intervenor Flagler Master Fund SPC, one of the secured creditors, has agreed to extend credit sufficient to permit the Receiver to pay for two more payroll cycles for the Western State College of Law at Argosy University.  This period will permit third year law students to

-2-

complete enough credits so that they may graduate and take the bar exam, and for the rest of the students to complete the semester. The first payroll period ends this Friday, March 15, 2019. Intervening party, Marina Awed, stated that she would not have enough credits to graduate. The Court stated that the Dean of the law school would need to make this work for her and all third-year students. The law school will remain open through the two payroll periods. **The Court directed the Receiver to pay the landlord for the four weeks that the law school would remain open.** A representative of Studio Enterprise Manager, LLC, ("Studio"), John Altorelli, asserted Studio's interest in purchasing the law school and keeping it open longer than the aforesaid four-week period. Should this option be pursued, the parties must notify the Court **no later than 12 noon on Monday, March 18, 2019**, and the Receiver must continue to pay the landlord until the purchase is completed.

Studio representative John Altorelli also urged the Court to maintain the Receivership because it is currently managing an IT platform at a data center in Pittsburgh owned by DCEH Education Holdings, LLC ("DCEH"). Mr. Altorelli asserted that the data center is needed to permit the continued operation of the Art Institute and South University campuses that are not in Receivership. He and Receiver Dottore represented that approximately 10,000 South University students and 5,000 Art Institute students rely on this IT platform for their education. Studio and Dream Center South University, LLC ("South University") are in the process of developing their own IT platforms. However, these parties represented that it will take them four to six months to finalize the development of such systems and to unlink from the DCEH IT platform. The DCEH center in Pittsburgh currently employs over 100 people, 55 of whom are engaged in the operation of the IT platform. As part of the settlement agreement pending Court approval, Studio has the

option to purchase the IT platform under certain circumstances.  However, Studio prefers that the Receiver continue to manage the IT platform in Pittsburgh.  **The Court ordered that the Receivership would remain in place for no more than six months until the IT platform issue could be resolved to ensure that the students using the IT platform would be able to continue their educations.**

**Pursuant to the suggestion of both Studio Enterprise and the Receiver, the Court hereby ORDERS Studio and the Receiver to submit to the Court, <u>no later than March 26, 2019</u>, a detailed plan for the extrication of ongoing South University and the Art Institute entities from the DCEH Holdings, LLC IT platform within six months from the date of this Order.**

The Court stated that the Receiver did not need to receive Court approval to enter into articulation agreements with schools willing to accept transfer students from the closed universities.  **The emergency motions filed by the Receiver to enter into articulation agreements, Docs. 116 and 137, are, therefore, DENIED AS MOOT.**

The Court questioned Michael Frola, a representative of the Department of Education ("DOE"), which agreed to make him available to participate in the hearing at the Court's request. Mr. Frola explained the process used by schools in heightened cash management one and two statuses for obtaining Title IV funding and how stipends were to be issued to the students.

David Linscott, the Chief Financial Officer for the Receiver's company, stated that after the Receivership was created, he determined that the Receivership entities owed approximately $16 million in student stipends that had not been paid in the pre-receivership period between

November 2018 and the beginning of January 2019.  DCEH had represented to the DOE that the stipends had been paid, and on that basis the DOE reimbursed DCEH.

Randall Barton, the former Chairman of the Board of DCEH, stated that he was unaware that the student stipends were not being paid.  Alison Edgerton, the Assistant Vice President of Student Accounts for DCEH, also stated that she was unaware that the student stipend money had not been paid, after representations were made that the stipends had been paid.  Edgerton stated that she worked at DCEH for fourteen and a half years.  She stated that she became the Assistant VP of Student Accounts in October 2018 and was terminated on March 1, 2019.  She stated, however, that she has been brought back to work for DCEH in some capacity.  Her fiscal operations ("draw") team is still in place at DCEH.  Three of the employees for the student stipends team are also still employed by DCEH.  **The Court directed the Receiver to question these employees to determine at whose direction the misleading self-certifications were submitted to DOE and how DCEH's records were manipulated to attempt to substantiate the draw-down of Title IV funding.**

**The stay is lifted as to all real properties.  Landlords are permitted to take possession of their properties.  Student records must be preserved.  Personal property and/or assets on the property must be preserved for the Receiver.**

Ric Selby, an attorney for the Settlement Administrator, Thomas Perrelli, explained that DCEH has an obligation pursuant to a consent judgment to correct accreditation issues for schools.  The Court declined to address this issue at this time.  Most of the schools in the Receivership are now closed.  Attorney Selby stated that the Receiver is now providing the proper communications to students of the closed schools.

-5-

The following individuals attended the hearing in person: Mary Whitmer, attorney for the Receiver; Mark Dottore, the Receiver; David Linscott, Chief Financial Officer for Dottore Companies; James W. Ehrman, attorney for the Receiver; Eric Rothschild, attorney for the student intervenors; Marina Awed, *pro se* law student intervenor; Canon Thomas, *pro se* student from Western State College of Law; Ric Selby and Grant Keating, attorneys for Intervenor Tom Perrelli; Carey Schreiber, representative for U.S. Bank, N.A.; Audrey Bentz and Cliff Libby, representatives for Digital Media Solutions; James Newton, Michael Lay and Jeff Lipps, representatives for Flagler Master Fund; M. Colette Gibbons, attorney for Studio Enterprise Manager; John Altorelli, representative for Studio Enterprise Manager; Jeffrey Toole, attorney for HGF, L.P.; Ingrid Bohme and Helen Ward, attorneys for Dream Center South University, LLC; Jared Roach, attorney for the Buncher Company; Peter Turner, attorney for Douglas Emmett 2010, LLC; Bill Stavole, attorney for 3601 Sunflower, LLC; Kirk Roessler, attorney for Hemingway at Richmond, LLC; Rob Glickman and Charles Nemer, attorneys for DCEH, Randall Barton, former chairman for DCEH; Deana Echols, a former employee of DCEH; Alison Edgerton, DCEH's Assistant Vice President of Student Accounts; and John Beck, representative for the South Family Trust. Jonathan Jacobson, an attorney for the Department of Justice, Michael Frola, DOE representative, and Joshua Morse, attorney for Intervenor Tech Park 6 appeared by phone.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     March 13, 2019*
**Dan Aaron Polster**
**United States District Judge**

 */s/ Thomas M. Parker     March 13, 2019*
**Thomas M. Parker**
**United States Magistrate Judge**

**Time: 4 Hours**