# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | CASE NO. 1:19-cv-145 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | MAGISTRATE JUDGE THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, et al., | |
| Defendants. | |

### RESPONSE AND RESERVATION OF RIGHTS OF BENEFIT ADMINISTRATIVE SYSTEMS, LLC REGARDING ORDER CONCERNING PAY STATUS OF DCEH HOLDINGS, LLC EMPLOYEES

Benefit Administrative Systems, LLC ("**BAS**"), intervenor herein, through its undersigned attorneys, respectfully submits this response and reservation of rights regarding the *Order Concerning Pay Status of DCEH Holdings, LLC Employees* (the "**Employee Order**") [Docket No. 172], entered by the Court in this case on March 15, 2019.  In support hereof, BAS respectfully states as follows:

1.     BAS is the third-party administrator for the employee welfare benefit plan (the "**Plan**") established by Dream Center Education Holdings LLC ("**DCEH**").  On December 19, 2018, shortly before the commencement of this receivership action, DCEH and BAS entered into a certain Welfare Plan Services Agreement (the "**Services Agreement**"), pursuant to which BAS agreed to administer the Plan for employees of DCEH and its related entities, including medical and benefits.

2.     The Services Agreement became effective on January 1, 2019.

3.     Pursuant to the Services Agreement, BAS processes and administers claims under the Plan and makes disbursements on account of employees' processed claims with funds provided by DCEH as plan sponsor.  The Services Agreement requires DCEH to pay certain fees to BAS in advance of providing services, and to fund disbursements for payment

of claims.

4. BAS has continued to provide services, including processing employee medical claims, pursuant to the Services Agreement since the commencement of this case and the entry of the *Order Appointing Receiver* (the "**Receivership Order**") [Docket No. 8], pursuant to which Mark E. Dottore was appointed as receiver (the "**Receiver**"). Notwithstanding the foregoing, the Receiver has not paid BAS any fees for February, 2019 or March, 2019, nor has he funded payment for any processed medical claims.

5. On February 14, 2019, shortly after learning of this action and entry of the Receivership Order, counsel for BAS contacted counsel for the Receiver and advised of the existence of the Services Agreement and the fact that BAS had not been paid. Notwithstanding such communication, BAS still has not been paid and processed medical claims have not been funded.

6. BAS has recently learned that some employees covered under the Plan may actually be employed by entities that were sold, apparently on or about January 7, 2019, to Studio Enterprise Manager, LLC ("**Studio**") and Education Principle Foundation ("**Foundation**").  As of the date of entry of the Receivership Order, BAS believes there may have been as many as 2,400 covered employees under the Plan.  While DCEH, and thus the Receiver, remains obligated for all obligations under the Services Agreement, BAS is working with Studio and Foundation to better understand which employees are employed by entities subject to the Receivership Order.

7. Because BAS has not been paid, and processed claims remain unfunded, BAS intends to file a motion for authority to terminate the Services Agreement and to compel the Receiver to perform through the effective date of termination – specifically, to pay BAS its fees and to fund processed medical claims, as expenses of operating the entities in receivership.  BAS expects to file such a motion soon, hopefully bolstered by additional

information obtained in light of its ongoing discussions with Studio and Foundation.

8. BAS believes the issues raised in the Employee Order may be addressed at the upcoming hearing on March 18, 2019.  Accordingly, BAS believes it is appropriate to advise the Court that the Receiver's obligations to employees extend beyond payment of salaries and wages, but also include the provision of health and welfare benefits, including paying BAS its fees under the Services Agreement and funding processed employee medical claims.  BAS hopes the Court will direct the Receiver to pay all such fee and expenses, which have been incurred since he was appointed.

9. BAS respectfully reserves all other rights in connection with the Services Agreement and this receivership action, including, without limitation, the right to supplement and amend any pleading, and to seek any additional relief, as additional facts are learned.

Respectfully Submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

March 17, 2019          By:     /s/ Aaron S. Applebaum_____
                                Aaron S. Applebaum, Esquire (*pro hac vice*)
                                Centre Square West
                                1500 Market Street, 38th Floor
                                Philadelphia, PA 19102-2186
                                Telephone: (215) 972-8582
                                Facsimile:  (215) 972-1817
                                aaron.applebaum@saul.com

                                *Attorneys for Benefit Administrative Systems, LLC*