UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | Case No. 1:19–cv–145 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | |
| Defendants. | |

RECEIVER'S REPORT TO THE COURT RE ISSUES
RAISED IN DEAN EASLEY'S LETTER TO JUDGE POLSTER
AND IN THE COURT'S ORDER OF MARCH 15, 2019

On March 14, 2019, the Court entered its Minutes of Proceedings and Order [Docket no. 162] (the "**March 14 Order**") concerning, *inter alia*, the Western State College of Law at Argosy University (the "**Law School**"). In his March 14, 2019 letter to Judge Dan Aaron Polster [Docket no. 168] (the "**Dean's Letter**"), Allen K. Easley, Dean of the Law School, raised a number of issues that were not addressed in the March 14 Order or that cannot be accomplished even with the assistance to be provided by Flagler Master Fund SPC ("**Flagler**") to the Law School. On March 15, 2019, the Court entered is Order Concerning Western State College of Law [Docket no. 170] instructing the Receiver to, *inter alia*,

> Report to the court . . . as to the specific steps that will be taken to keep the law school open through the conclusion of the current semester, consistent with the parameters outlined by the dean.

As the Receiver said in his Response to the Joseph Harbaugh Letter, "[T]he Receiver supports all efforts to help the students affected by the closing of Argosy University graduate or transfer to new institutions with as many of their course credits intact as possible. The Receiver has entered into dozens of transfer and teach-out agreements with responsible educational institutions to transition Argosy students to new opportunities." *See* Docket no. 173. The issues involved with law students are more numerous and much more complex than the issues involved with the continuation or transfer of non-law school students. Nonetheless, even with the reversal by Studio Enterprise Manager, LLC ("**Studio**") of its stated intent to purchase the Law School (*see* Docket no. 175; the "**Studio Statement**"), the Receiver has put in place the pieces necessary to allow the "77 Western State students who hope to graduate in May 2019" (*see* Dean's Letter at p. 3, par. 1) to complete the semester and (assuming sufficient credits) graduate from an accredited law school so that they can sit for the upcoming bar examination, to wit:

Payroll. Because the Receivership Estate lacked sufficient funds to pay the Law School payroll that was due to be paid on March 15, Flagler advanced the first of its promised "two . . . payroll cycles" early so that this obligation could be met. Flagler will advance the funds for the second payroll cycle in time for the payroll due on March 29. Since the entry of the March 14 Order, the Receiver has found funds in accounts previously not revealed to him by DCEH that will allow for the funding of the Law School payroll due to be paid on April 12.

Rent. In their review of documents, agents of the Receiver discovered that at the commencement (2015) of the lease of the premises used by the Law School, the Law School gave a Two Million Dollar ($2,000,000) security deposit to the landlord. Four Hundred Thousand Dollars ($400,000) was returned by the landlord at the end of the lease years ending in 2016 and 2017 leaving $1.2 million on deposit with the landlord. Even though rent for December 2018 and January 2019 was not paid and the Receiver did not pay rent for February 2019, the Law School's landlord has not moved to intervene in this case or requested relief from the injunction so that it could evict the Law School. The Receiver believes that the Law School's landlord took the December 2018 and January and February 2019 rent—$165,132 per month—from the security deposit. Based on reports from counsel for the landlord, the amounts now due are March rent and February CAM. Thus, the landlord still has a more-than-sufficient cash deposit to cover all rent and CAM still unpaid from the commencement of the Receivership through the end of law school classes this spring. The Receiver intends to document this arrangement for payment of rent out of the security deposit and bring the final agreement before the Court for its approval.

Other long-term issues. Discussions with Dean Easley have made it clear that one administrative position—the Law School's Registrar—must be funded even after the teaching, testing, and grading are completed. Only a Registrar can receive grades from professors and process transcripts. Then, after the registration periods for state bar examination has ended, state bar examiners contact the Registrar to

request (a) certification of those students who have registered and (b) copies of their transcripts. Unless a Registrar can perform this function, May 2019 graduates may be prevented from sitting for the July bar examination. A Registrar is also necessary for all students who do not graduate in May 2019 to certify their records to any school to which they might transfer or attend class as a visiting student.

The American Bar Association—the entity which accredits the Law School—has been very supportive of the efforts of Dean Easley to assure that the Law School will maintain its accreditation so that any May graduates will graduate from an accredited law school.

As noted in the Dean's Letter (p. 3, final paragraph), the solution described above does *not* solve the "completion of the semester" or "completion of the course of study" problems for any law students except those who are scheduled to graduate in May 2019. For all students who will not graduate in May 2019, salvation from the ruin inflicted on them by Argosy University's pre-receivership corporate owners and their corporate predecessors—Education Management Corporation ("**EDMC**") and its subsidiaries—will come only if the United States Department of Education ("**DOE**") reverses its decision to treat the Receiver or any acquirer of the Law School as a continuation of the EDMC/Dream Center ownership operation and thereby punish the current students by denying them the benefits of Title IV funding. *See* February 27, 2019 letter from DOE denying Title IV funds to Argosy University attached as Exhibit A to the Fourth Supplement to First Receiver Report and the Receiver's response to that letter attached as Exhibit B to the Fourth Supplement

[Docket no. 132]; *see also* the Studio Statement ("the Department of Education will not approve a sale of the Law School as a freestanding institution with its own Title IV eligibility").

Dated: March 18, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ James W. Ehrman*
　　　　　　　　　　　　　　　　　　　Mary K. Whitmer (0018213)
　　　　　　　　　　　　　　　　　　　James W. Ehrman (0011006)
　　　Robert M. Stefancin (0047184)
　　　　　　　　　　　　　　　　　　　WHITMER & EHRMAN LLC
　　　　　　　　　　　　　　　　　　　2344 Canal Road, Suite 401
　　　　　　　　　　　　　　　　　　　Cleveland, Ohio 44113-2535
　　　　　　　　　　　　　　　　　　　Telephone: (216) 771-5056
　　　　　　　　　　　　　　　　　　　Telecopier: (216) 771-2450
　　　　　　　　　　　　　　　　　　　Email: mkw@WEadvocate.net
　　　　　　　　　　　　　　　　　　　　　　　jwe@WEadvocate.net
　　　　　　　　　　　　　　　　　　　　　　　rms@WEadvocate.net
　　　　　　　　　　　　　　　　　　　*Attorneys for the Receiver*