# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-0145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | **MINUTES OF PROCEEDINGS AND** |
| | ) | **ORDER** |

Proceedings: On March 18, 2019, the Court conducted a hearing on the motion to approve settlement agreement (ECF Docs. 82 and 85) and related objections. ECF Docs. 122-2, 125, 126 and 128. Prior to the hearing, two of the objections were withdrawn or were rendered moot. Dream Center South University, LLC's ("South University") counsel, Morgan Hanson, stated an ongoing objection to the settlement agreement due to concerns about paying fees to Studio Enterprise Manager, LLC ("Studio"), which had the ability to hold those amounts for forty-five days before paying related bills. Counsel for Studio indicated that, although it had the right to hold amounts paid for forty-five days, it was not doing so. It was paying all bills for which it had received invoices and backup documents. Studio represented, however, that South University had not yet paid its March 2019 payment to Studio due under the parties Transition Services Agreement or Managed Services Agreement. The receiver expressed frustration over certain invoices not being paid by Studio. After hearing argument, the Court overruled South University's objection to the settlement agreement and approved the settlement agreement, subject to the modification of the date in ¶ 7 of the agreement from March 26 to April 26, thereby extending the period within which the receiver and/or Studio could receive offers to purchase Western State College of Law. The court also conditioned approval of the settlement agreement on funds being provided for prompt payment of all bills related to the IT platform. As stated during the hearing, the motion to approve the settlement agreement as expressed in the original agreement and supplements thereto (ECF Docs. 82, 85 and 118) is GRANTED.

The Court has received correspondence from Argosy and Art Institute teachers stating that they have not been paid for work performed in the receivership period. The receiver acknowledged an inability to make payroll payments for the period ending March 8, 2019 with a pay date of March 15, 2019 (due to the cut off of Title IV funding), but asserted he is working to pay all employees and submitted a proposed plan to the Court. ECF Doc. 183. Receiver's counsel acknowledged that the report inaccurately stated that the missed pay date was March 8, 2019.

The receiver will submit a corrected report as soon as possible. The Court ordered that all ongoing payroll and current expenses of operations for any entity in receivership must be paid or the Court would schedule a show cause hearing.

The Court addressed the response and reservation of rights filed by Benefit Administrative Systems, LLC ("BAS"). ECF Doc. 177. BAS claims that it has not been paid by the receiver. The receiver stated that the receivership entities have not received any services from BAS during the receivership period. Aaron Applebaum, attorney for BAS, stated that it had requested a cancellation of the contract from the receiver. As agreed on the record, the receiver must contact Mr. Applebaum as soon as possible to arrange for the contract to exclude the receivership entities. The non-receivership entities continue to receive services through the BAS contract and will be separately responsible to pay for the same.

The Court inquired as to status of the payroll and expenses for the Western State College of Law ("WSCL"). The receiver reported that he has secured sufficient funds to pay payroll for work performed through April 5th, which will be paid on April 12th. Rent for WSCL is being deducted from a security deposit with the landlord. Both the dean of the law school and the receiver asserted that several parties have expressed interest in purchasing the law school. However, Michael Frola, a representative of the United States Department of Education, stated that the only way to quickly receive Title IV funding is for WSCL to be brought under an existing OPE-ID of an existing entity (other than Argosy). The Court extended the time period to April 26, 2019, during which the receiver may market the assets of the law school to interested parties. Michael Frola stated that any formal proposals to purchase the law school must be presented to the DOE through the receiver. Although Mr. Frola did not define what constitutes a "formal proposal," the court presumes it would entail a written contract offer expressing the material terms of an unconditional offer to purchase. The Court encouraged the DOE to work with the parties interested in purchasing the law school. The Court ordered the receiver to work with the interested parties and the DOE to seek approval of the transfer of the law school's assets. **The receiver must file a report on the status of his efforts and the meetings that have taken place on or before noon on April 2, 2019.**

The Court asked how much money would be required to keep the law school running through May 29, 2019, the end of the current semester. Receiver's counsel estimated that it would take approximately $584,000.00. One possible source for this money is a fund that was raised for student scholarships. The chair of the fundraiser committee, Attorney Greg Bentley, participated in the hearing by telephone. The Court encouraged Mr. Bentley to consider how that money might be applied toward the ongoing expenses of the law school. The money raised for scholarships would need to be returned if the law school closes. **The Court ordered the receiver to continue funding the law school through May 29, 2019.**

**The receiver is not permitted to use the 1.5 million he is holding in a designated account without prior Court approval, but it may propose using a portion of said funds for ongoing operations of WSCL.**

The Court received two letters from Joseph D. Harbaugh, the Chair of the Argosy University Board of Trustees, regarding the masters and doctoral clinical psychology students. Dr.

Harbaugh expressed concern that certain advanced degree candidates are not being offered transfer opportunities to other schools accredited by the American Psychological Association. ECF Doc. 156. The Court ordered the receiver to talk to Mr. Harbaugh and determine whether students are not being offered appropriate transfer opportunities. The Court also ordered the receiver to determine the cost of the additional counseling and administrative services suggested by Dr. Harbaugh. **The Receiver must file a report of his efforts on or before noon on April 2, 2019.**

The Court reminded the receiver and all hearing participants that the purpose of the receivership was to provide for a teach-out period for the students at the receivership entities.

The following individuals attended the hearing: Mary Whitmer, James W. Ehrman, Robert T. Glickman, Nicholas R. Oleski, Charles A. Nemer, attorneys for the receiver; Mark Dottore, the receiver; M. Colette Gibbons and Maria Carr, attorneys for Studio Enterprise Manager; John Altorelli, general counsel for Studio Enterprise Manager; Ingrid Bohme and Morgan Hanson, attorneys for Dream Center South University, LLC; John Papp, CFO of Dream Center South University, LLC; Peter Turner, attorney for Douglas Emmett 2010, LLC; Grant Keating, attorney for Thomas Perelli; Audrey Bentz, representative for Digital Media Solutions, Bryan Newman and Kelly Kantola, representatives for Studio Enterprise Manager. Jonathan Jacobson, an attorney for the Department of Justice, and Michael Frola, a representative for the Department of Education participated in the hearing by telephone. Aaron S. Applebaum, attorney for Benefit Administrative Systems, LLC; Greg L. Bentley and William D. Shapiro, California attorneys and alumni of WSCL; Allen K. Easley, Dean and Professor of Law at the Western State College of Law at Argosy University; and Joshua Morse, Attorney for Tech Park 6, LLC, also participated by phone.

**IT IS SO ORDERED.**

                                                          *s/Dan Aaron Polster*
                                                          Dan Aaron Polster
                                                          United States District Judge

Dated: March 19, 2019

                                                          Thomas M. Parker
Time: 3 hours                                     United States Magistrate Judge