**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIGITAL MEDIA SOLUTIONS, LLC,** | ) | CASE NO. 1:19-cv-00145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| **SOUTH UNIVERSITY OF OHIO, LLC,** | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF INTERVENING LANDLORD DOUGLAS EMMETT 2010, LLC FOR CLARIFICATION OF MINUTES OF PROCEEDINGS AND ORDER [DOC. # 162] AND FOR ORDER THAT RECEIVER PAY PER DIEM RENT SINCE MARCH 11, 2019**

Intervenor Douglas Emmett 2010, LLC ("DE2010"), landlord of premises leased to Receivership entity Argosy Education Group, LLC ("AEG") in Honolulu, Hawaii, by and through its undersigned counsel, hereby seeks clarification of this Court's March 13, 2019 Minutes of Proceedings and Order (hereinafter "Order") [Doc. # 162] in an effort to curtail ongoing financial harm being suffered by DE2010. DE2010 also requests an order directing the Receiver to pay per diem rent to DE2010 as of no later than March 11, 2019. All of AEG's personal property and student records remain in the premises as of this time, thereby effectively preventing DE2010 from accessing and properly marketing the leased premises so as to mitigate its ongoing damages.

The Order states, in pertinent part, on page 2:

> **As of March 11, 2019, the Receivership entities must either pay rent or surrender the properties. The Court indicated that it would not require**

> **the landlords to give the Receiver 30 days to vacate. However, the personal property at the schools including the students' records must be preserved.**

Further, the Order states on page 5:

> **The stay is lifted as to all real properties. Landlords are permitted to take possession of their properties. Student records must be preserved. Personal property and/or assets on the property must be preserved for the Receiver.**

The Court made clear during the show cause hearing on March 11, 2019 that to the extent Receivership entities continued to occupy leased premises, landlords were to be paid rent as of March 11, 2019. However, where, as here, a Receivership entity has ceased operations but failed to remove its property and records, the Order does not provide for payment of rent on a going-forward basis. Put another way, the Order has had the effect of forcing DE2010 to make the leased premises available to the Receiver as a free storage facility.

Clarification of the Order is sought because although AEG ceased operations at the premises in Honolulu effective the close of business on Friday, March 8, 2019 and further AEG was to have voluntarily surrendered the Leased Premises effective close of business on Wednesday, March 13, 2019 pursuant to an Agreed Order [Doc. # 145], AEG left what appears to be all of its furnishings, equipment and, most importantly, student records on the leased premises. DE2010 is aware that the Receiver has engaged a moving and storage company (Island Movers) in Honolulu to clear the premises; however, to date nothing has been moved. The situation is complicated by the Order's requirement that all of AEG's personal property and records be preserved.

DE2010 understands that as of March 22, 2019, the Receiver and Island Movers had not yet decided on how and when to move furnishings and equipment, what to do about student records (reportedly situated in two locked rooms in the leased premises) and whether to arrange on-site shredding of certain records. DE2010 further understands that shredding must be performed by an entity other than Island Movers.

Undersigned counsel has twice asked for Receiver's agreement that it pay rent during the period of time from March 11, 2019 until it has vacated the premises. Those requests have been ignored.

DE2010 appreciates that the Receiver and the Court are dealing with many challenging issues in this case and that, relatively speaking, addressing the financial harm caused and being caused to DE2010 is not a high priority. To DE2010, the situation in Honolulu presents serious concerns and financial issues.

In order to mitigate its ongoing damages so it can market the leased premises and plan for possible reconfiguration and build out to suit prospective new tenants, DE2010 must have the premises cleared of all of AEG's personal property and student records as soon as possible. In the meantime, under the circumstances DE2010 requests an order directing the Receiver to pay per diem rent from no later than March 11, 2019 until the day the personal property and records of AEG are removed from the leased premises.

Respectfully submitted,

*/s/ Peter Turner*
Peter Turner (0028444)
pturner@meyersroman.com
R. Scott Heasley (0087235)
sheasley@meyersroman.com
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Blvd., Suite 500
Cleveland, OH 44122
Phone: (216) 831-0042
Fax: (216) 831-0542
*Attorneys for Movant,*
*Douglas Emmett 2010, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was filed this 25th day of March 2019 via the Court's electronic filing systems. All parties of record can access the Motion through the Court's ECF system.

*/s/ Peter Turner*
Peter Turner (0028444)
*Attorney for Movant,*
*Douglas Emmett 2010, LLC*

4