**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) |
| *Plaintiff*, | ) Case No. 1:19-cv-00145 |
| v. | ) Judge Dan Aaron Polster |
| SOUTH UNIVERSITY OF OHIO, LLC *et al.*, | ) Magistrate Judge Thomas M. Parker |
| *Defendants*. | ) **SECOND RESPONSE TO ORDER REQUESTING VIEWS OF THE SETTLEMENT ADMINISTRATOR** |

Intervenor Thomas J. Perrelli (the "Administrator"), Settlement Administrator appointed by Consent Judgment in *Kentucky v. Education Management Corporation*, No. 15-CI-1202 (Ky. Cir. Ct. Nov. 16, 2015) and related cases, hereby submits this Second Response to the Court's March 12, 2019 Order imposing an ongoing obligation on the Settlement Administrator to inform the Court of obligations that the Receiver must undertake in order to comply with the Consent Judgment. The Settlement Administrator filed an initial response on March 22, 2019, describing the Consent Judgment and its obligations in detail. Dkt. 199 ("First Response"). The Settlement Administrator submits this Second Response in light of the March 26, 2019 filings by Studio Enterprise Manager, Inc., the Receiver, and Dream Center South University regarding the future of the various schools under their management, the Shared IT Platform, and the Shared Compliance Employees. Dkts. 206, 207, & 208.

As noted in the Settlement Administrator's First Response, the obligations of the Consent Judgment that were originally imposed on EDMC and that now bind DCEH will also bind future successors or assignees of DCEH. For today's purposes, in light of the Studio, Receiver, and South

1

University filings, the Settlement Administrator notes that unless any of the transactions falls into the exception described in Paragraph 134 of the Consent Judgment, all schools in operation (and in teach-out) must have a compliance infrastructure and staff capable of ensuring compliance with the Consent Judgment's obligations.

This is true whether South University receives compliance services from Studio or independently, and whether the DCEH compliance staff remains within DCEH or is hired by Studio.  Each of these entities, to the extent they operate schools subject to the Consent Judgment, must ensure they have the necessary compliance infrastructure in place.

| | |
|---|---|
| DATED: March 27, 2019 | Respectfully submitted, |

s/Grant J. Keating
Grant J. Keating (#0079381)
Richard N. Selby, II (#0059996)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 | (440) 352-3469 Fax
Email: gkeating@dworkenlaw.com
rselby@dworkenlaw.com

Thomas J. Perrelli (appearing *pro hac vice* )
Jenner & Block LLP
1099 New York Avenue, NW
Washington, DC 20001
tperrelli@jenner.com
Telephone: (202) 639-6004
Facsimile: (202) 639-6066

Brian Hauck (appearing *pro hac vice*)
Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
bhauck@jenner.com
Telephone: (213) 239-2244
Facsimile: (213) 239-5199
*Attorneys for Proposed Intervenor*
*Thomas J. Perrelli, Settlement Administrator*

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2019 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    s/Grant J. Keating
Grant J. Keating (#0079381)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
Email: gkeating@dworkenlaw.com
*One of the Attorneys for Attorneys for Proposed Intervenor Thomas J. Perrelli, Settlement Administrator*