IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

On March 11, 2019, the court ordered the Receiver Mark Dottore and Intervenor Studio Enterprise Manager, LLC ("Studio") to file – by March 26, 2019 – a detailed plan for the extrication of ongoing South University and Art Institute entities from the DCEH Holdings, LLC IT platform ("IT Platform") within six months (ECF Doc. 162). Late in the day before his plan was due, on March 25, 2019, the receiver filed a motion for extension until April 9, 2019 to propose a plan to migrate data and operations to South and/or Studio (ECF Doc. 203). On March 26, 2019, Studio filed an opposition to the motion for an extension (ECF Doc. 204). Studio also filed a status report setting forth its detailed plan for the extrication of the ongoing campuses from the shared IT platform (ECF Doc. 206). The receiver filed a reply in support of his motion for extension on March 26, 2019 (ECF Doc. 207). Intervenor Dream Center South University, LLC ("South University") also filed a brief in support of the receiver's motion for extension (ECF Doc. 208). Studio filed a combined "reply in support of its opposition" to the receiver's motion for extension and a response to the South University brief (ECF Doc. 209). South

University responded to Studio's response (ECF Doc. 212). The receiver has filed a motion for leave to file a sur-reply in support of his motion for extension (ECF Doc. 211).

In Studio's filing regarding the plan to separate the IT platform, it explains that Studio, DCEH Holdings, South University, Art Institutes International, LLC and other entities entered into a comprehensive set of agreements the purpose of which was to restructure the three university systems that had been owned and operated by DCEH Holdings, LLC. This plan of reorganization was tacitly approved by the United States Department of Education. Included among the agreements were a Transition Services and License Agreement ("TSA") and certain Managed Services Agreements ("MSAs"), including one between Studio and South University. Studio asserts that these agreements necessarily will transition South University and the Art Institute campuses out of their use of DCEH's IT Platform. Studio asserts that these agreements were acknowledged in a settlement agreement between Studio and the receiver, which agreement, as later amended, was recently approved by the court (ECF Docs. 82, 85 and 118). Studio points out, and the court acknowledges, that the TSA and MSAs were filed in the related case of *Dottore v. Studio Education Management, LLC*, 1:19-cv-380. The court further notes that the parties' Amended and Restated Framework Agreement ("ARFWA") was also filed in the *Dottore* action.

Here, Studio asserts that the parties' existing agreements are in force and imminently will require actions by which Studio will begin hiring DCEH IT Platform-related employees and other DCEH employees. It will also be required to take other steps to comply with its contractual obligations. Receiver Dottore and South University did not comply with the court's order[1] to submit a plan to deal with the IT Platform. Their joint request for more time to submit a plan

---

[1] The court is aware the order applied to the receiver and Studio, not expressly to South University. But South University has injected itself into the matter for the reasons expressed in its briefs.

indicates they were unable to comply because Studio failed to provide certain information. They take issue with Studio's assertion of certain facts concerning former DCEH employees now employed by South University. And they dispute Studio's characterization that the parties' existing agreements will be sufficient to fairly separate South University and the Art Institutes from the shared use of the IT Platform.

From the inception of this receivership action, the court has been hamstrung by the inadequate provision of information concerning the structure, operation of, and plans to reorganize the DCEH university system. The impact of this limited submission of information has now come into sharper focus. The receiver, South University and Studio have each filed competing characterizations of what will happen – or not happen – should the court simply allow the parties to proceed under their existing contracts. But the parties have not cited to particular provisions of their contracts that will be impacted by or that control the separation of South University and the Art Institutes from DCEH's IT Platform. Generic references to the TSA or the MSAs do not assist the court.

A cursory review of the ARFWA, the TSA and the MSAs alone indicates that a comprehensive plan is in place to separate these universities which has accounted for the complexities involved in separating the parties' use of the IT Platform. South University is a party to the ARFWA and an MSA and is linked to the TSA. In Settling the *Dottore* case, the receiver bound himself to honor and abide by these existing agreements. Studio's filings persuade the court that it is unnecessary to order the parties to start from scratch in devising a new method for extricating the South University and the Art Institutes from the IT Platform. Instead, as a result of the demise of the Argosy system, the parties must reallocate costs to account for the inability of Argosy to contribute toward them during the extrication period.

3

The receiver, South University and Studio all assert that the court must keep the receivership in place in order to ensure the survival of South University, the Art Institutes and their ability to educate their 15,000 students. They assert that preserving the DCEH IT Platform – because it is used by both entities – is essential to accomplish that purpose. All parties have asserted that four to six months are needed to separate South University and the Art Institutes from the IT Platform. Because these parties unanimously agree about the importance of this topic, it is in their interest to come to an agreement promptly. This court does not intend to conduct adversary proceedings to resolve competing versions of IT Platform separation plans.

The court will allow two weeks (or until 4:00 p.m. EDT on April 11, 2019) for the receiver, Studio and South University to negotiate any changes <u>to the parties' existing agreements</u> that are needed to effect the separation of South University and the Art Institutes from the IT Platform not later than September 11, 2019. Should they fail to agree, the plan of reorganization will likely fail, thereby dooming South University and the Art Institutes. In the event the parties do not reach a final agreement by that deadline, the court will likely terminate the receivership and refer the case to the bankruptcy court for further proceedings.

The receiver's motion for leave to file a sur-reply brief ([ECF Doc. 211)](#) is GRANTED. However, in light of the foregoing, the receiver's motion for extension ([ECF Doc. 203)](#) is rendered moot and is hereby DENIED.

IT IS SO ORDERED.

Dated: March 28, 2019

*s/Dan Aaron Polster*
United States District Judge

Thomas M. Parker
United States Magistrate Judge