IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | **ORDER CONCERNING PAYROLL** |
| | ) | **PAYMENT PLAN** |
| Defendants. | ) | |

As reflected in earlier orders of the court, (ECF Doc. 172, ECF Doc. 190) the status of Receiver Mark Dottore's satisfaction of payroll obligations to the employees of entities in receiverships remains a concern. The court has received numerous additional reports and emails concerning the receiver's failure to make payroll payments for work done by receivership entities in the period after the receiver was appointed.

In the receiver's report regarding pay status of employees (ECF Doc. 183), Receiver Dottore reported his efforts to secure the funds necessary to satisfy payroll obligations. The receiver later updated that report, clarifying the dates from the first report (ECF Doc. 214). The receiver's two status reports described his efforts to accumulate funds held in various accounts connected to the entities in receivership, approximately $1.1 million. He also reported on $1.5 million in funds had been allocated for student stipend payments. He reported on the $10.5 million in letter of credit proceeds he asserts Argosy receivership entities posted with the United States Department of Education. Finally, the receiver reported on certain funds held back by DCEH's secured lenders.

The receiver asserts he is currently unable to commit to using any of these potential sources of funding to satisfy his payroll obligations, because he faces contingent obligations as to each source of funds.  Notwithstanding these contingencies, the receiver has proposed a plan to pay unpaid payroll.  Given the limited other options available to the receiver and the need to get receivership employees paid, at least in part, for periods worked after the receiver was appointed, the court hereby directs the receiver to:

1. Proceed with the payroll payment plan described in [ECF Doc. 214](), Page ID# 4204-4205.

2. Determine within seven (7) days whether the U.S. Department of Education will approve a limited draw down upon the letter of credit for the sole purpose of making prompt payment of any remaining, unpaid payroll obligations owed to receivership employees.  Should Department of Education require a court order for that purpose, this order shall be considered authorization to make such a draw.

IT IS SO ORDERED.

                                                   *s/Dan Aaron Polster*
                                                   United States District Judge

Dated: April 1, 2019

                                                 Thomas M. Parker
                                                 United States Magistrate Judge