UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | Case No. 1:19–cv–145 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | |
| Defendants. | |

### REPORT OF THE RECEIVER RE HIS EFFORTS TO TRANSITION WESTERN STATE COLLEGE OF LAW

The March 19, 2019 Minutes of Proceedings and Order [Docket no. 190] instructs the Receiver to file a report on his efforts to market and sell the Western State College of Law (the "**Law School**"). The Receiver is pleased to report that he has had negotiations with two suitors. However, it has become abundantly clear that there are deep and meaningful regulatory hurdles to overcome if a new owner is to take over the Law School. As discussed in more detail below, the Receiver has been involved in conversations with regulators and accreditors—the United States Department of Education ("**DOE**"), the Accrediting Commission for Schools, Western Association of Schools and Colleges ("**WASC**"), and the American Bar Association ("**ABA**")—and with two suitors—Sofia University and Westcliff University.

{00021240-1 }

The goal of each of the two suitors is essentially identical: to take over the Law School, allow its students to continue in their current courses of study, market the school to attract new students, and continue to use the name "Western State College of Law". To that end, as recently as March 25, Sophia's representatives and members of the Receiver's team spoke with DOE representatives regarding how it would be possible to proceed. During the course of the phone conference it became clear that the path was anything but simple and that a number of questions remain unanswered. While Sophia has its own Office of Postsecondary Education Identification Number ("**OPEID**") enabling it to participate in Title IV funding and while Sophia recently purchased a law school situated a few miles from the Law School, it is not as simple as moving the Law School from Argosy's OPEID number to Sophia's. Title IV funding would be available to Sophia if it enters a teach-out arrangement with the Law school, but Sophia would not be able to market and register new students. Obviously, Sophia ha an interest in ensuring that there will be a new first-year class of students if it is going to assume the financial obligations of the Law School. Simply acquiring the name alone triggers issues with the ABA which generally requires six to eight months to approve a change of control. Therefore, the DOE has recommended that Sophia continue to work with WASC and ABA to determine how best to proceed with an expedited accreditation process for a change of control while performing a teach-out. Once Sophia has completed those discussions, DOE invited Sophia to submit written questions to DOE so that follow-up discussions can take place.

{00021240-1 }

While Sophia has a law school under its OPEID, Westcliff University does not. Westcliff is interested in maintaining the Law School at its present location and has already had discussion with the landlord.

Meanwhile, in the background of these negotiations, the California Department of Consumer Affairs for the Bureau for Private Postsecondary Education filed what is captioned as an "Accusation" under Case No. 1004257 whereby the state's regulators sought to cease the operations of *all* Argosy-related campuses throughout California, including the Law School. The Receiver's team was successful in starting a dialogue with the regulators and is reasonably confident that a settlement will be reached whereby the Department of Consumer Affairs allows the Law School to remain in operation through the end of May if not longer.

The Receiver intends to continue to fund the Law school as ordered by the Court. He also intends to continue to work with Sophia, Westcliff, and any other suitors who present themselves. In the short term, he expects to continue the conversations with the two current suitors and to work to see if there is a way for either of the suitors to enter into a teach-out agreement under their OPEID number and appropriate accreditation. Ultimately, the Receiver will do whatever he can to enter into a teach-out arrangement with a suitor with the goal of assisting the suitor in obtaining an expedited accreditation process so that the Law School can remain in operation under new ownership.

{00021240-1 }

- 4 -

Dated: April 2, 2019            Respectfully submitted,

                                          */s/ James W. Ehrman*
                                          Mary K. Whitmer (0018213)
                                          James W. Ehrman (0011006)
                                          Robert M. Stefancin (0047184)
                                          WHITMER & EHRMAN LLC
                                          2344 Canal Road, Suite 401
                                          Cleveland, Ohio 44113-2535
                                          Telephone: (216) 771-5056
                                          Telecopier: (216) 771-2450
                                          Email: mkw@WEadvocate.net
                                                         jwe@WEadvocate.net
                                                         rms@WEadvocate.net

                                          *Attorneys for the, Receiver*