IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | **ORDER CONCERNING** |
| | ) | **EMPLOYEE FUNDED BENEFITS** |
| Defendants. | ) | **AND EMPLOYEE CONCERNS** |

In addition to the complaints regarding missing final paychecks, the court is now beginning to receive reports from employees that money was withheld from their paychecks for health insurance but that they have not received any reimbursements for services received as early as February 2019.  Some former employees have complained that they have not received letters of termination of their benefits preventing them from obtaining other insurance coverage. Recently, a group of faculty from the Western State College of Law sent a letter to the Court identifying a number of issues related to their ongoing employment and lack of benefits during the receivership period.  (Attached as Exhibit A).

In the motion for an emergency appointment of receiver, it was represented to the Court that the receivership would do more good than harm; that it would provide "a single, efficient, coordinated forum to resolve all of the disputes that surround the Universities; . . . "; that it would "serve as an alternative to a bankruptcy proceeding – allowing for the protection of the assets and operations of all Universities and provide for a coordinated and efficient resolution of the Teach-out Schools, continuing operation and sale of the Go-forward Schools, and

preservation of the assets, allowing the Universities to reorganize and cause the least impact in the process." ECF Doc. 3 at 7.  The reality of the receivership has been something quite different.  While the court is aware that cash flow is a concern, the inability to pay the ongoing expenses of operation suggests a receivership is not appropriate.  At every turn, the court has received complaints from groups of students, landlords, and now employees that the receiver has failed to meet basic obligations and is not responding to their concerns.  Many of these individuals have contacted the court directly to voice their concerns - placing a significant burden on the court's limited resources and calling into question the efficacy of the receivership.  The court cannot continue to proceed with the receivership under these circumstances.

The court hereby ORDERS the receiver to:

1. Respond directly to the concerns raised in the attached letter from the law school's faculty within 48 hours; and

2. To respond to all inquiries from students and employees, both past and present, within 48 hours of receipt.

If the receiver is unable to meet these requirements, he must notify the court immediately that he does not have the resources to proceed with the receivership.

IT IS SO ORDERED.

*s/Dan Aaron Polster*
United States District Judge

Dated: April 2, 2019

Thomas M. Parker
United States Magistrate Judge

2