# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | Case No. 1:19-cv-145 |
| Plaintiff, | JUDGE DAN AARAON POLSTER |
| vs. | |
| SOUTH UNIVERSITY OF OHIO, LLC, et al., | MAGISTRATE THOMAS M. PARKER |
| Defendants. | |

## MOTION OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned counsel, hereby moves this Court to intervene in the above-captioned action.  The grounds supporting this Motion are set forth in the accompanying Memorandum of Law, which includes a proposed Order granting the relief requested herein.

Dated:  April 2, 2019

Respectfully,

   */s/ Brian D. Sullivan*
Brian D. Sullivan  (0063536)
REMINGER CO., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio  44115-1093
216-687-1311 phone
bsullivan@reminger.com

-and-

-1-

7558143v.1

Mark G. Ledwin
(Pro Hac Vice Pending)
WILSON ELSER MOSKOWITZ
 EDELMAN& DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604
914-872-7148 (phone)
mark.ledwin@wilsonelser.com

Attorneys for The Prudential Insurance Company of America

7558143v.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | Case No. 1:19-cv-145 |
| Plaintiff, | JUDGE DAN AARAON POLSTER |
| vs. | MAGISTRATE THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, et al., | |
| Defendants. | |

## MEMORANDUM OF LAW

This Memorandum of Law is respectfully submitted in support of The Prudential Insurance Company of America's Motion to Intervene in the above captioned action pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Movant The Prudential Insurance Company of America ("Prudential") issued or entered into certain employee benefit related group insurance policies and an administrative services agreement for certain absence management services (collectively, the "Contracts") to and with Dream Center Education Holdings LLC ("DCEH"), one of the entities currently in receivership, and to several of its subsidiaries and affiliates who are also "Receivership Entities" herein.  The Contracts provide the employees of DCEH and its subsidiaries with coverage for short term disability for the period of October 1, 2018 to December 31, 2020.  The Contracts also provide coverage for basic employee life, basic employee accidental death and dismemberment ("AD&D"), and family medical leave administrative services, for the period of January 1, 2019 to December 31, 2021.  The foregoing employee benefit insurance coverages and administrative

services are paid for directly by DCEH and its subsidiaries. Optional long term disability, AD&D and life coverage is also provided by the Contracts to those employees (and their eligible dependents) who choose to purchase it. This optional coverage is paid directly by the employees through paycheck withholdings.

DCEH is thus required under the Contracts to pay certain monthly premiums to Prudential which are subject to adjustment based upon the actual number of employees of DCEH and its subsidiaries for any given month. As of the filing of this Motion, DCEH has failed to pay the premiums and service fees due under Policies for the months of December 2018, and January, and February 2019. The current total past due amount owed by DCEH to Prudential (excluding the month of March)[1] is as follows:

| Due Date | Due Premium | Paid Premium | Difference | Date Paid |
|---|---|---|---|---|
| 10/1/2018 | $ 93,071.71 | $ 93,071.71 | $ - | 11/14/2018 |
| 11/1/2018 | $ 83,221.92 | $ 83,221.92 | $ - | 1/8/2019 |
| 12/1/2018 | $ 82,182.40 | $ - | $ 82,182.40 | |
| 1/1/2019 | $ 215,357.46 | $ - | $ 215,357.46 | |
| 2/1/2019 | $ 215,357.46 | $ - | $ 215,357.46 | |
| **Total Due** | **$ 689,190.95** | **$ 176,293.63** | **$ 512,897.32** | |

This Court's Order Appointing Receiver (the "Receivership Order") [Docket No. 8] appointed Mark E. Dottore (the "Receiver") for DCEH and the other entities referenced in paragraph 1 of such Order (collectively, the "Receivership Entities"). Pursuant to the Receivership Order, the Receiver was authorized to operate and manage the Receivership Entities. Receivership Order, ¶2(c). The Receiver is further authorized to pay all necessary expenses related to the operation of the Receivership Entities. Receivership Order, ¶2(j). Finally, the Receiver is

---

[1] Because premiums are based on the number of employees, the amounts owed for the months of January forward are estimated.

-4-

authorized to perform pursuant to the terms of any existing contracts executed by the Receivership Entities, and may reject contracts. Receivership Order, ¶2(q). Notwithstanding the authority granted to the Receiver pursuant to the Receivership Order, Prudential has not been paid any premiums or administrative service fees owed by DCEH and the other Receivership Entities under the Contracts for the months of December 2018 and thereafter, or that may have been withheld from employees' paychecks for optional coverage.

Prudential seeks to intervene in this action (a) to obtain relief from the Receivership Order to terminate the Contracts in accordance with their respective terms and applicable state law due to the non-payment of premiums and administrative services fees, and (b) to compel the Receiver to pay Prudential the premiums, fees and charges owed for the various employee benefits insurance coverages and absence management services provided by the Contracts since the entry of the Receivership Order. Following this Court's approval of Prudential's intervention herein, Prudential expects to promptly file a motion for relief from certain provisions of the Receivership Order so as to terminate the Contracts and compel payment of the post-Receivership Order amounts due under the Contracts, and to otherwise assert its rights in these proceedings as a creditor and party-in-interest.

Prudential clearly meets the requirements for intervention of right under Rule 24(a) of the Federal Rules of Civil Procedure. First, this Motion is timely, as this Court issued its Order Appointing Receiver a little over two months ago, on January 18, 2019, and Prudential's intervention will not delay these proceedings or unfairly prejudice any of the existing parties in any way.  Second, Prudential possesses a substantial legal interest in this receivership in light of its contractual rights to receive premiums, charges and fees for the employee benefits insurance coverages provided to DCEH.  Third, Prudential's ability to protect its interests will be impaired

without intervention, because the Receivership Order arguably prohibits Prudential from terminating the Contracts or compelling payment of the post-receivership amounts owed absent leave from this Court.

## LAW AND ARGUMENT

### A. The Standard for Intervention under the Federal Rules.

Fed.R.Civ.P. 24 provides, in pertinent part:

(a) Intervention of Right. On timely motion, the court **must** permit anyone to intervene who:

   (1) is given an unconditional right to intervene by a federal statute; or

   (2) **claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,** unless existing parties adequately represent that interest.

(b) Permissive Intervention.

   (1) In General. On timely motion, the court may permit anyone to intervene who:

      (A) is given a conditional right to intervene by a federal statute; or

      (B) **has a claim or defense that shares with the main action a common question of law or fact**.

\*\*\*

   (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

\*\*\*

(c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed.R.Civ.P. 24 (Emphasis added).

-6-

7558143v.1

The Sixth Circuit Court of Appeals has stated that Rule 24 is to be "broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). Moreover, federal courts have "established a unique practice to protect the right to intervene in receiverships in particular" because "absent the right to intervene in receivership proceedings, third-parties' property rights could not be adequately protected . . . ." *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 488 (6th Cir. 2014).

### B.  Prudential is entitled to Intervene as of Right.

A party seeking to intervene as of right must establish the following:

> (1) timeliness of application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court.

*Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006).

Prudential meets all of the foregoing elements and is entitled to intervene in this action as of right. First, regarding timeliness, courts consider all relevant circumstances, including the following factors: (a) the point to which the suit has progressed; (b) the purpose for which intervention is sought; (c) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (d) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (e) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

This action was commenced and the Receivership Order was entered on January 18, 2019. The docket indicates that this receivership remains in its early stages. The Court has not yet

established a schedule and/or procedure for the submission of claims against the receivership estate. Prudential seeks to intervene as a creditor and party in interest for the proper purposes of (a) requesting relief from the Receivership Order to terminate the Contracts for non-payment of premium and administrative service fees and to exercise any other rights and remedies under the parties' agreements and the applicable law, and (b) to compel the Receiver to pay to Prudential the premiums, charges and fees incurred under the Contracts after entry of the Receivership Order. It has been only a brief period since Prudential was notified of entry of the Receivership Order. Prudential's motion will not delay these proceedings or prejudice any of the existing parties. Therefore, Prudential's Motion to Intervene is timely.

Second, Prudential has a substantial legal interest in the case as DCEH's employee benefits insurer. The Receiver has not paid any premiums or administrative service fees under the Contracts since the entry of the Receivership Order. Nor has the Receiver provided Prudential with any indications or assurances whatsoever that it will pay the premiums, charges and fees due or to become due under the Contracts. Thus, Prudential has a valid interest in seeking to terminate the Contracts before additional premiums, charges and fees accrue. Local Rule 66.1 specifies that the receiver "shall administer the estate as nearly as may be in accordance with the practice in the administration of estates in bankruptcy." Similar to an administrative creditor in bankruptcy, Prudential should be allowed to participate to ensure the equivalent of post-petition performance under the Contracts and to terminate the Contracts in light of the Receiver's repeated failure to perform.

Third, in the absence of intervention, Prudential will be impaired in its ability to protect its interests under the Contracts. The Receiver is not entitled to free insurance coverage or absence management services. The Receivership Order arguably enjoins Prudential from unilaterally

terminating the Contracts or otherwise exercising its rights and remedies as a matter of contract and well-established state law principles. *See* Receivership Order, ¶10. At the very least, Prudential must be allowed to participate as a party in this case to ensure that its rights under the Contracts are preserved within the context of the receivership.

Fourth, Prudential is not adequately represented by parties already before this Court. While several parties have appeared in this case, none purport to represent the interests of Prudential – instead, each seeks only to represent their own interests as creditors of the Receivership Entities. There is no obvious reason why any of the existing parties, or any other creditors who might intervene, would have any incentive to represent Prudential's interests. Without intervention in this action, Prudential will be left without an adequate remedy at law, as it may be forced to continue to perform under the Policies without being paid.

Under an analogous proceeding under Title 11 of the United States Code (the "Bankruptcy Code"), Prudential would be entitled, at a minimum, to participate in the bankruptcy case as a creditor and party in interest, and to receive: (i) allowance and payment of an administrative expense claim under section 503(b) of the Bankruptcy Code for the unpaid premiums and other charges owed under the Contracts, (ii) to compel assumption or rejection of the Contracts under section 365 of the Bankruptcy Code and (iii) to relief from the automatic stay under section 362(d) of the Bankruptcy Code so as to terminate the Contracts for non-payment of premium and administrative service fees. No party other than Prudential has any incentive to advocate for Prudential's unique position as the Receivership Entities' employee benefits insurer.

C. **Prudential is Entitled to Permissive Intervention.**

Whether an applicant is permitted to intervene permissively under Fed.R.Civ.P. 24(b) "lies within the sound discretion of the trial court." *Berk v. Moore*, Case No. 2:10-CV-1082, 2011 WL

1792534, at *3 (S.D. Ohio, May 9, 2011). Thus, "so long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors" is within the court's discretion. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

As discussed above, Prudential's motion is timely. In addition, as the issuer of various employee benefits insurance policies and an administrative services agreement to the Receivership Entities, Prudential clearly shares common questions of law and fact with the administration of the receivership estate. Moreover, as explained above, the balancing of equities weighs heavily in favor of intervention for numerous reasons, including the plain fact that no other party herein will seek to protect Prudential's unique interests in this matter. Thus, if this Court for some reason determines that Prudential is not entitled to intervention as of right, it should grant Prudential permissive intervention.

## **CONCLUSION**

For the foregoing reasons, this Motion should be granted and Prudential should be permitted to intervene in this action pursuant to Rule 24 of Federal Rules of Civil Procedure.

Dated:  April 2, 2019

Respectfully,

 */s/ Brian D. Sullivan*
Brian D. Sullivan  (0063536)
REMINGER CO., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio  44115-1093
216-687-1311 phone
bsullivan@reminger.com

-and-

Mark G. Ledwin
(Pro Hac Vice Pending)
WILSON ELSER MOSKOWITZ
 EDELMAN& DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604
914-872-7148 (phone)
mark.ledwin@wilsonelser.com

Attorneys for The Prudential Insurance
Company of America