UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
AETNA LIFE INSURANCE COMPANY'S MOTION TO INTERVENE**

Aetna Life Insurance Company ("Aetna") moves the Court for permission to intervene in this Action.

**I.      STATEMENT OF FACTS**

**A.      The Plan and the MSA.**

Pursuant to an employee welfare benefit plan ("Plan") established under the Employee Retirement Income Security Act of 1974, as amended. 29 U.S.C. § 1001, *et seq.* ("ERISA"), Defendant Dream Center Education Holdings, LLC ("DCEH") provided various benefits, including medical and prescription drug benefits ("Benefits") to certain of its and its direct or indirect subsidiaries' employees, their dependents and some other covered individuals (collectively, "Plan Participants").

The Benefits that DCEH made available to the Plan Participants were self-insured by DCEH, meaning that all Benefits obligations under the Plan were obligations of DCEH.  Pursuant

to a certain Master Services Agreement ("MSA"), Aetna provided claim administration services for the Plan.[1]

Under the MSA, DCEH paid Aetna a monthly fee ("Fee") for Aetna to provide claims administration services. As part of the Fee, Aetna processed claims from health care providers for Benefits obtained by the Plan Participants ("Claims") and determined the amount approved for payment. While Aetna administered Claims pursuant to the MSA, Aetna had and has no liability for the Claims or Benefits. DCEH is the plan sponsor and the plan administrator for the Plan and is solely responsible for paying the Benefits.

### B.     Termination of the MSA and Amounts Owed Thereunder.

DCEH terminated the MSA effective December 31, 2018 ("Termination Date") and has failed to reimburse Aetna for funds that Aetna advanced under the MSA to pay the Claims. In particular, Aetna's records reflect that DCEH has not reimbursed Aetna for Claim that Aetna has paid in the amount of approximately $3,011,826.28 ("Unreimbursed Claims"). In addition, DCEH has not paid the December 2018 Fees in the amount of $110,872.06 ("Unpaid Fees").

### C.     Runout Claims.

In addition to the Unreimbursed Claims, Aetna has received Claims from providers for services provided prior to the Termination Date to be processed and paid, which as of April 3, 2019, are in the approximate amount of $5,980,083.56 ("Runoff Claims"), which continue to increase.

---

[1] While Aetna's records do not include an executed version of the MSA between Aetna and DCEH, the parties performed in accordance with the terms and conditions of the unexecuted MSA throughout their relationship. Aetna files this Motion to intervene for the purpose of seeking relief from any remaining obligations under the MSA, but Aetna reserves all rights regarding the effect and status of the MSA.

DCEH's inability to pay these amounts appears to be consistent with the Order Concerning Employee Funded Benefits and Employee Concerns.  Docket No. 222.

### D. Aetna's Rights Under the MSA.

The MSA provides that in the event of a failure by DCEH to pay the Fee or fund the Claims, Aetna may cease all Claims processing.  Consistent with Aetna's rights under the MSA, Aetna has stopped processing the Runoff Claims and has not advanced any funds for the Runoff Claims.  Indeed, the MSA does not require, absent Aetna's agreement, for Aetna to process Runoff Claims, nor has the Receiver requested Aetna to process such claims.  Again, DCEH is the plan sponsor and the plan administrator for the Plan and is solely responsible for paying the Benefits.

### E. The Amended Receivership Order.

Pursuant to the Amended Order Appointing Receiver [Docket No. 150] ("Amended Receivership Order"), the receiver is authorized to operate and manage the Receivership Entities (as defined therein).  Amended Receivership Order, ¶2(c).  The Receiver is further authorized to pay all necessary expenses related to the operation of the Receivership Entities.  *Id.,* ¶2(j).  Notwithstanding the authority granted to the Receiver, Aetna has not been paid for the Unpaid Fees and Unreimbursed Claims and has not received any request to process Runoff Claims, which continue to accrue.  Accordingly, Aetna seeks to intervene in this Action to:

(i) Obtain an Order compelling DCEH to decide whether it wants Aetna to process the Runoff Claims, in which event the Receiver must first pay for the Unpaid Fees, the Unreimbursed Claims, the Fees for the period Aetna is processing the Runoff Claims and advance funds for payment of the Runoff Claim; or

(ii)  Obtain an Order that Aetna has no further obligations under the MSA and to authorize Aetna to notify the providers and other persons necessary that the unfunded Claims are denied for lack of coverage.

For avoidance of doubt, in scenario (i), Aetna will not advance any additional funds and it is not required to do so under the MSA.  Further, although the MSA does not require, absent Aetna's agreement, to process Runoff Claims, to the extent DCEH complies with the foregoing terms, Aetna is prepared to provide Runoff services until December 31, 2019.

As to scenario (ii), Aetna states that the stay imposed by the Amended Receivership Order does not appear to stay the relief requested herein.  Rather, Aetna is requesting that relief out of an abundance of caution.

## RELIEF REQUESTED

For the reasons discussed in this Memorandum, Aetna respectfully requests that the Court enter the proposed order, attached to the Motion as Exhibit A (the "Proposed Order"), granting Aetna's request to intervene in this proceeding.

## DISCUSSION OF APPLICABLE LAW

**A.  The Standard for Intervention under the Federal Rules.**

Fed.R.Civ.P. 24 provides, in pertinent tart:

(a)  Intervention of Right.  On timely motion, the court must permit anyone to intervene who:

   (1)  is given an unconditional right to intervene by a federal statute; or

   (2)  claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b)  Permissive Intervention.

   (1) In General. On timely motion, the court may permit anyone to intervene who:

    (A) is given a conditional right to intervene by a federal statute; or

    (B) has a claim or defense that shares with the main action a common question of law or fact.

\*\*\*

   (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed.R.Civ.P. 24 (Emphasis added).

  **B.** <u>**Aetna is entitled to Intervene as of Right**</u>.

The Sixth Circuit Court of Appeals has stated that Rule 24 is to be "broadly construed in favor of potential intervenors." *Purnell v. Cir of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). In this regard, the Sixth Circuit has set forth a four part test to determine whether a party may intervene as of right: (1) timeliness of application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006).

  Aetna meets all of the foregoing elements and is entitled to intervene in this action as of right. First, regarding timeliness, courts consider all relevant circumstances, including the following factors: (a) the point to which the suit has progressed; (b) the purpose for which intervention is sought; (c) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (d) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (e) the existence of unusual circumstances

militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

Here, this action was commenced on January 18, 2019 and the Court entered the Amended Receivership Order on March 13, 2019. The docket indicates that this receivership remains in its early stages. The Court has not yet established a schedule and/or procedure for submission of claims against the receivership estate. It has been only a brief period since Aetna was notified of entry of the Amended Receivership Order. Aetna's motion will not delay these proceedings or prejudice any of the existing parties. Therefore, Aetna's Motion to Intervene is timely.

Under the second element governing intervention as of right, the proposed intervenor must establish that it "has a substantial legal interest in the subject matter of the case." *Blackwell*, 467 F.3d at 1007. "The Sixth Circuit has adopted a rather expansive notion of the type of interests sufficient to invoke intervention of right." *Bds. of Trustees of the Ohio Laborers' Fringe Benefit Programs v. Ford Dev. Corp.*, No. 2:10-cv-0140, 2010 WL 3365927, at *4 (S.D. Ohio Aug. 20, 2010) (*citing Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Further, "close cases are to be resolved in favor of recognizing an interest." *Id*.

Here, Aetna has a substantial legal interest in the case having administered DCEH's health Plan and potentially being requested to administer the Runoff Claims. Aetna is entitled to know whether the Receiver will request it to process the Runoff Claims and is entitled to receive payment for the Unpaid Fees and Unreimbursed Claims. Further, Aetna's potential administration of Runoff Claims is important for the Plan Participants, who will likely face demands from providers if those Runoff Claims are not process by Aetna and paid by DCEH. Thus, Aetna has a valid interest in seeking the relief herein.

7

In order to establish the third element for mandatory intervention−impairment of a proposed intervenor's interest if intervention is not permitted−Aetna "must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247.  "[T]he requirement of impairment of a legally protected interest is a minimal one: the requirement is met if the applicant shows 'that representation of his interest 'may be' inadequate.'" *Blackwell*, 467 F.3d at 1007 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).

Here, in the absence of intervention, Aetna will be impaired in not receiving payment for the Unpaid Fees and Unreimbursed Claims and not having clear direction regarding the Runoff Claims.  Aetna is entitled to know what will be requested of it in this regard and whether such a request is legally required and factually acceptable to it.  Although, as stated, the stay imposed by the Amended Receivership Order does not appear to stay the relief requested herein, Aetna requests a Court order regarding its rights and obligations, so as to not potentially violate this Court's order.  At the very least, Aetna must be allowed to participate as a party in this case to ensure that its rights are preserved within the context of the receivership.

The fourth and final element requires that an applicant show that there will be inadequate representation of its interest by parties already before the Court.  The Supreme Court has explained that an applicant's burden with respect to this factor is "minimal" because "the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich*, 404 U.S. at 538 n.10.

Here, Aetna is not adequately represented by parties already before this Court.  While several parties have appeared in this case, none purport to represent the interests of Aetna – instead, each seeks only to represent their own interests.  There is no obvious reason why any of the existing

8

parties, or any other creditors who might intervene, would have any incentive to represent Aetna's interests. Without intervention in this action, Aetna will be left without an adequate remedy at law.

Accordingly, Aetna is entitled to intervene as a matter of right.

### C. **Aetna is Entitled to Permissive Intervention.**

"To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Once the proposed intervenor establishes those two requirements, the "court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*. Moreover, "permissive intervention under Rule 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation." *Berk v. Moore*, No. 2:10-cv-1082, 2011 WL 1792534, at *3 (S.D. Ohio May 9, 2011).

As discussed above, Aetna's motion is timely. In addition, as the administrator of the health Plan, Aetna clearly shares common questions of law and fact with the administration of the receivership estate. Moreover, as explained above, the balancing of equities weighs heavily in favor of intervention for numerous reasons, including the plain fact that no other party herein will seek to protect Aetna's unique interests in this matter. Thus, if this Court determines that Aetna is not entitled to intervention as of right, it should grant Aetna permissive intervention.

/ / /

/ / /

/ / /

/ / /

/ / /

9

## CONCLUSION

Wherefore, Aetna respectfully requests that the Court enter the Proposed Order granting its Motion to Intervene in this proceeding.

Respectfully submitted,

Dated:  April 4, 2019

/s/ *Branden P. Moore*
Branden P. Moore (0092716)
McGuireWoods LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
Phone: 412.667.6000
Fax: 412.667.6050
bmoore@mcguirewoods.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record via the Court's ECF system on this 4th day of April 2019:

*/s/ Branden P. Moore*

10