UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | ) | CASE NO. 1:19-cv-145 |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | ) | |
| Defendants. | ) | |

**FORMER ARGOSY STUDENTS JAYNE KENNEY AND KENDRICK HARRISON'S MOTION TO INTERVENE TO PURSUE EXPEDITED DISCOVERY OF STUDENT LOAN STIPEND DIVERSION SCHEME**

Former Argosy students Jayne Kenney and Kendrick Harrison move to intervene in this proceeding pursuant to Fed. R. Civ. P. 24(a).  Kenney and Harrison are two of the thousands of Argosy students whose student loan stipends—which they rely on for living expenses while attending school full time—were taken from them through defalcations of their student accounts, misrepresentations to the Department of Education, and diversions of their money.  As a result, Kenney and Harrison have experienced severe financial distress.  Harrison, a disabled military veteran and father to six children, is homeless.

Until now, the interests of Argosy students in recovering their stolen stipends have been represented only by a single intervenor: pro se law student, Marina Awed.  The Receiver has produced no information about what happened to the stolen money nor disclosed what he is doing to recover it.  Kenney and Harrison seek to intervene, represented by counsel, to demand

information about their stolen stipends that is not being provided by the Receiver. Contemporaneous with this filing, they and Awed are filing a motion for expedited discovery so they can receive the documents and information necessary to determine the whereabouts of their money.

The Receiver does not oppose Kenney and Harrison's intervention.

### I. Background

#### a. Background of Intervenors

Jayne Kenney enrolled at the Illinois Institute of Psychology to earn her Psy.D. degree. Kenney Decl. ¶ 3. (Exh. A). The Institute was one of the schools in the Argosy system, owned by Dream Center Education Holdings ("DCEH"), which was placed in Receivership on January 18, 2019. In March 2019, the school closed. Kenney was on schedule to finish her course work by the Summer of 2020, after which she would have prepared her dissertation and done an internship. *Id.* ¶ 4. She attended school full time. *Id.* ¶ 6.

In order to pay living expenses, Kenney relied on stipends from a school scholarship and the federal government. *Id.* ¶ 6. However, for the semester starting in January 2019, she received none of her stipend funds. *Id*. The Receiver has now admitted that her federal government stipend was stolen—by falsifying her student ledger, misrepresenting to the Department of Education that she had received her stipend, and then diverting the money elsewhere. Dkt. 91. This deprived her of the funds she needs to pay rent and other bills. She has been forced to liquidate retirement funds and other stocks to pay her living expenses. Kenney Declaration ¶ 8. Her mother, near retirement age, has done the same. *Id.*

Kendrick Harrison is a disabled military veteran, and father of six children. Harrison Decl. ¶¶ 3-4 (Exh. B). He was attending Argosy-Online to earn a business degree, in order to provide a

2

better life for his family. *Id.* ¶ 5. His stipend was also taken. *Id.* ¶ 8. As a result, he was unable to pay rent and his family was evicted. *Id.* ¶ 12. Because he was delinquent on rent, his credit rating has suffered, and he has not been able to secure another lease. *Id.* ¶ 13. His family is now homeless—living temporarily in an extended-stay motel, while they try to find somewhere to live. *Id.* ¶ 12. They will likely have to split their children up among family members. *Id.* ¶ 13

The Receiver has acknowledged that the financial injuries being experienced by Kenney and Harrison are commonplace among Argosy students. Dkt. 55 at 2.

### b. The Receiver's Delays Investigating the Stipend Diversion

The Receivership has been in effect since January 18, 2019, the same day, according to the Receiver, that the original defalcations of student accounts occurred. 3/8/19 Tr. at 29 (excerpts at Exh. C). The Receiver claims to be conducting a detailed investigation of the fraud, but no documents or other information from that investigation has been produced in court, or to any party. The Receiver claims to have spoken to two employees who told him "what had been happening," but he has never told the Court what they said. *Id.* at 29, 44. The Receiver has communicated to counsel for intervenors that he does not see the investigation of the diverted stipends "as *the* critical issue for which precious resources should be diverted at this moment." Hugh Berkson Letter to Eric Rothschild (March 27, 2019) (Exh. D). He "also question[s] who you think should pay the bill required to engage in the electronic forensic examination you've demanded. The Receivership Estate's limited financial resources are no secret." *Id.* at 2.

### c. Intervenor's Participation in This Proceeding

Intervenor Awed and proposed intervenors Kenney and Harrison seek information from the Receiver about the whereabouts of their stipends—so that they can determine whether they have a means of recovering them. To that end, they have filed a motion for expedited discovery

3

contemporaneous with the filing of this motion, describing in greater detail the status of the Receiver's discovery and investigation of the stipend diversion. That motion is incorporated herein by reference.

**II.  Discussion**

Kenney and Harrison move to intervene pursuant to Fed. R. Civ. P. 24(a), which provides for intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Court has granted the motions to intervene of numerous individuals and companies, including Ms. Awed (*See* Non-Document Order relating to Dkt. 88), and a group of students alleging misrepresentations by DCEH and the Illinois Institute of Art. Dkt. 49. For purposes of brevity, Kenney and Harrison incorporate the authorities cited in the motion of intervenors Flagler Master Fund SPC Ltd. and U.S. Bank, National Association (Dkt. 19), which was granted. Dkt. 26.

Kenney and Harrison satisfy the standards for intervention under Rule 24. The requested intervention is timely. The Receiver was appointed a little more than two months ago. The Court has granted interventions to other parties as recently as March 21. *See* Non-Document Order relating to Dkt. 191. Further, as discussed below, Kenney and Harrison are intervening now, to attempt to remedy a situation that has only become evident as a result of court hearings held during the first two weeks of March 2019: the Receiver is not urgently and diligently investigating the diversion of their stipends.

Next, the rights of Argosy students to find out what happened to their stipends is not sufficiently represented in these proceedings. No party represented by counsel has been able to

seek information that would allow Argosy students to find out what happened to their stipends. In the proceedings to date, the Receiver has acknowledged that a fraud has occurred; has referred to documents that demonstrate that fraud; and has acknowledged that certain employees had knowledge of that fraud. However, he has not produced any documents in this proceeding, nor identified the employees; nor disclosed what he learned from them. The barebones information disclosed was not done voluntarily, but only in response to court orders and at hearings requested by other parties. The discovery that Kenney and Harrison seek is most appropriately served by affected students like themselves.

Third, impairment of their interests and the interests of similarly situated students is a real and actual possibility if intervention is not granted. As explained in their Motion for Expedited Discovery and their declarations, intervenors' interests will be impaired if the information relating to the stipend diversion is not promptly surfaced for two reasons. First, they are being harmed right now by the loss of funds, in a way that can't be fully cured by subsequent recovery of damages or discharge of their loans. Second, the Receiver's leisurely investigation reduces the prospect for recovering funds that right now could still be recouped. The Receiver has posited that the stipends were diverted solely to "operating expenses" of DCEH or Argosy, *but there is no evidence that this is so*. Equally likely is that the funds were diverted to the benefit of the (unidentified) perpetrators of the fraud, who could be forced to disgorge the money—if the information necessary to identify them is ever disclosed. If the requested information is produced, the proposed intervenors will be in position to determine their prospects for redress from whomever benefited from the diversion of their stipends.

Fourth, the existing parties will not adequately represent the interests of the intervenors. The Court has constrained non-Argosy students from directly advocating for the disclosure of

5

information relating to the stipends. That has left only pro-se intervenor Marina Awed to advocate on this issue—she will now be jointly represented by undersigned counsel for the purposes of seeking information about the diverted stipends. Proposed intervenors also have experienced distinct harms that justify their intervention in this proceeding. In particular, proposed intervenor Harrison has experienced the eviction of his large family—a distinctly severe harm that deserves consideration in this proceeding.

As all four of the Sixth Circuit's elements for mandatory intervention under Rule 24(a) are present here, Kenney and Harrison's motion to intervene as of right should be granted. In the alternative, the Court should exercise its discretion to grant permissive intervention under Rule 24(b). The motion is timely, and there are common questions of law and fact arising from their being defrauded by entities in Receivership, either before or doing the receivership, which require redress.

For all these reasons, there is good cause for allowing Kenney and Harrison to intervene in this proceeding, to advance their interests in recovering the stipends that were taken from them.

Dated: April 5, 2019

Respectfully submitted,

*s/Richard S. Gurbst*
Richard S. Gurbst (Bar # 0017672)
Eleanor M. Hagan (Bar # 0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: +1 216 479 8500
E-mail: *richard.gurbst@squirepb.com*

Eric Rothschild
(Admitted Pro Hac Vice)
Alexander S. Elson

(Admitted Pro Hac Vice)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC 20005
Telephone: +1 202 734 7495
E-mail: *alex@nsldn.org*
*eric@nsldn.org*

Counsel for Intervenor,
Marina Awed and Proposed Intervenors Jayne
Kenney and Kendrick Harrison

7

## **CERTIFICATE OF SERVICE**

It is hereby certified that on the 5th day of April, 2019, the foregoing Motion was electronically filed through the Court's CM/ECF system, which caused the parties or counsel to be served by electronic means. The parties may access this filing through the Court's ECF system.

                                                *s/Richard S. Gurbst*
                                                Richard S. Gurbst
                                                One of the Attorneys for Intervenors