# EXHIBIT G



NATIONAL STUDENT
LEGAL DEFENSE NETWORK

1015 15th St. NW, Suite 600
Washington, DC 20005
www.nsldn.org

March 20, 2019

**VIA ELECTRONIC MAIL ONLY**
Mary K. Whitmer, Esquire
Whitmer & Ehrman LLC
2344 Canal Rd., Suite 401
Cleveland, OH 44114
mkw@weadvocate.net

Robert T. Glickman, Esquire
McCarthy Lebit, Crystal
 & Liffman Co., LPA
101 West Prospect Avenue
180 Midland Building
Cleveland, OH 44115
rtg@mccarthylebit.com

Re:    **Dream Center Student Loan Stipend Diversion**

Dear Mary and Robert:

We have been engaged by Student Intervenor Marina Awed, a law student at the Western State School of Law, and Jayne Kenney, a student at the now-shuttered Illinois School of Professional Psychology who intends to move for intervention in the Receivership proceeding, to seek information about their diverted stipends. Both Ms. Awed and Ms. Kenney are suffering immediate and material consequences from the fraudulent diversion of their stipends, including being unable to pay rent, liquidating retirement accounts, and incurring additional debt. While the Receiver purports to be undertaking a forensic investigation of the diversion, it does not appear to be doing so with the alacrity that could result in the recovery of the funds from whomever they were diverted to on a timeline that could meet the present needs of Ms. Awed and Ms. Kenney.

Accordingly, it is our intention to file a motion for expedited discovery, seeking the documents and information along the lines requested in the attached draft Requests for Production and Interrogatories. Before doing so, however, we are reaching out to request that, in lieu of motion practice, you provide the requested information by March 27, 2019—a week from today. We are available to discuss the document and information requests, to facilitate an efficient response by the Receiver. Where requests call for documents or information containing identifying information for students other than our clients, we are prepared to work with you on procedures to protect students' identities.

Very Truly Yours,

Eric Rothschild, Senior Counsel
Alexander Elson, Senior Counsel

Mary K. Whitmer, Esq.
Robert T. Glickman, Esq.
March 20, 2019
Page 2 of 2

                                              National Student Legal Defense Network


Enclosures

Cc:

Richard S. Gurbst, Esq.
Eleanor Hagan, Esq.
(via email only, with enclosures)

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce all documents relating to or evidencing communications in 2019 between the Receiver, DCEH, Argosy, and/or the Art Institutes, and the Department of Education about the payment of student loan stipends, including but not limited to all documents relating to "discussions with the DOE, seeking advancement from the DOE of the Student Stipends," as described in the First Report of the Receiver filed on March 4, 2019. (Dkt. 91).

2.     Produce all documents relating to DCEH and Argosy "altering their submissions to the DOE to reflect that the Student Stipend had been paid when in fact it had not been paid," as stated in the First Report of the Receiver filed on March 4, 2019 (Dkt. 91).

3.     Produce all documents relating to or evidencing that "DOE advanced . . . student's Title IV money" based on submissions to the Department of Education reflecting that student stipends had been paid, as stated in the First Report of the Receiver filed on March 4, 2019 (Dkt. 91).

4.     Produce all documents relating to or evidencing that "once money was received [from DOE], Argosy and DCEH voided their bookkeeping entries that showed the students had been paid and paid operating expenses with the money rather than paying the Student Stipend," as stated in the First Report of the Receiver filed on March 4, 2019 (Dkt. 91).

5.     Produce all documents relating to or evidencing the payment of operating expenses with money advanced by or drawn from the Department of Education to fund student stipends, as described in the First Report of the Receiver filed on March 4, 2019 (Dkt. 91).

6.     Produce the student account information reviewed by the Receiver that caused it to conclude that changes had been made to student accounts for the purposes of certifying to the Department of Education that DCEH, Art Institute and/or Argosy had paid stipends to Argosy students, as described to the Court on March 8, 2019 by counsel for the receiver.

7.     Produce the student account information for all years of school attendance for intervenors Jayne Kenney and Marina Awed, including all documents reflecting changes made to the students accounts in 2019 to reflect that DCEH, Art Institute and/or Argosy had paid stipends to them.

8.     Produce all records relating to or evidencing certifications made by DCEH, Art Institute and/or Argosy in 2019 to the Department of Education in order to draw down funds from the Department of Education.

9.     Produce all records held by DCEH, Art Institute and/or Argosy relating to or evidencing the receipt of student stipend money in 2019 from the Department of Education.

10.     For all accounts maintained by DCEH, Art Institute and/or Argosy into which money from the Department of Education was received or deposited in 2019, produce all records reflecting disbursements out of those accounts in 2019.

## INTERROGATOIRES

11.     Identify all persons that participated in the communications in 2019 between the Receiver, DCEH, Argosy, and/or the Art Institutes, and the Department of Education about the payment of student loan stipends, including but not limited to "discussions with the DOE, seeking advancement from the DOE of the Student Stipends," as described in the First Report of the Receiver filed on March 4, 2019. (Dkt. 91).

12.     Identify all persons with knowledge regarding DCEH and Argosy "altering their submissions to the DOE to reflect that the Student Stipend had been paid when in fact it had not been paid," as stated in the First Report of the Receiver filed on March 4, 2019 (Dkt. 91).

13.     Identify all persons with knowledge that "DOE advanced . . . student's Title IV money" based on submissions to the Department of Education reflecting that student stipends had been paid, as stated in the First Report of the Receiver filed on March 4, 2019 (Dkt. 91).

14.     Identify all persons with knowledge that "once money was received [from DOE], Argosy and DCEH voided their bookkeeping entries that showed the students had been paid and paid operating expenses with the money rather than paying the Student Stipend," as stated in the First Report of the Receiver filed on March 4, 2019 (Dkt. 91).

15.     Identify all persons with knowledge regarding the payment of operating expenses described in the First Report of the Receiver filed on March 4, 2019 (Dkt. 91).

16.     Identify all persons with knowledge regarding the disbursement of money received by DCEH, Argosy, and/or the Art Institutes from the Department of Education.

17.     Identify the titles of the accounts maintained by DCEH, the Art Institutes and/or Argosy into which money from the Department of Education was deposited in 2019.

18.     Identify the title of the account containing $1.5 million described by the Receiver at the hearings on March 8, 11, and 18, 2019.

19.     Identify all persons who have investigated the receipt and disbursement of student stipend funds for the Receiver.

20.     Identify the two employees who were interviewed on February 20, 2019 by the Receiver about the receipt and disbursement of student loan stipend money, as described by counsel for the Receiver at the court hearing on March 8, 2019.

21.     Describe in detail what the two employees who were interviewed on February 20, 2019 by the Receiver about the receipt and disbursement of student loan stipend money told the Receiver about the process by which student loan stipends were requested from the Department of Education, and what was done with the money after it was received.

22.     Identify all current or DCEH employees who have been interviewed by the Receiver about the receipt and disbursement of student loan money.