UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | : | Case No. 1:19-CV-145 |
| | : | |
| Plaintiff, | : | |
| v. | : | JUDGE DAN AARON POLSTER |
| | : | |
| SOUTH UNIVERSITY OF OHIO, LLC., et al., | : | MAGISTRATE JUDGE |
| | : | THOMAS M. PARKER |
| Defendants. | : | |
| | : | |

**DREAM CENTER SOUTH UNIVERSITY, LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR CLARIFICATION ON PAYMENT TERMS**

Intervenor Dream Center South University, LLC ("South"), by and through its undersigned counsel, files this Brief in Support of Its Motion for Clarification of Payment Requirements relating to the Court's March 19, 2019 Order (ECF 190 (the "Order")).

## I.     INTRODUCTION

The Court ordered the relevant parties to pay promptly for the provision of Shared IT Services from DCEH to ensure that services would be available through the transitional period. At the March 18, 2019 hearing, counsel for Studio agreed, representing to this Court that it would pay the necessary monies quickly to allow uninterrupted service.

In its recent Status Report, however, Studio Enterprise Manager, LLC ("Studio") states that it need not pay for these shared services received from DCEH until ten (10) business days into the month after those services are received. (ECF 229, PageID 4414.)  This would result in a nearly 45-day gap between Studio's receipt of payments from South and Studio's remittance of those amounts to DCEH.  In this scenario, the cash-strapped Receiver would almost certainly turn to South and the Arts Institutes to fund critical amounts necessary to keep the DCEH Shared IT System operating, resulting in South being forced to pay twice for the same services.

Further, as reflected in numerous other pleadings filed with this Court, Studio and South have a legitimate dispute over the propriety of certain fees Studio is seeking to collect from South under the Studio-South Managed Services Agreement ("MSA").  In the past, Studio chose to unilaterally compensate itself for these disputed fees by retaining more than $400,000 in funds that South paid Studio specifically for disbursement to DCEH for shared services.  Studio's proven willingness to seize for itself monies earmarked for DCEH further increases the risk that the Receiver will not receive the funds it needs to maintain the shared services, including the Shared IT System.  This was not Court's intent when it ordered the parties to fund the platform with due alacrity.

South seeks clarification from the Court on its directive requiring "prompt payment of all bills related to the IT platform." (ECF 190.)  The Court's objective would be met if Studio were required to remit the full amount of payments it receives for Shared IT Services to the Receiver within 24 hours.

## II. DISCUSSION

Currently, the only services needed by South with respect to the MSA between it and Studio and the related Transition Service and License Agreement between South and DCEH ("TSA") are compliance services, student financial services, and shared IT access and service.  In the aftermath of the shuttering of the Argosy schools, DCEH has continued to provide these vital shared services to South and the Arts Institutes.  Accordingly, DCEH requires money to pay for these important shared services.  The failure of Studio to provide this funding in a timely fashion previously caused the Receiver to institute a lawsuit against Studio and Education Principle Foundation alleging, among other things, that Studio's failure to promptly pay DCEH for shared services being provided by DCEH to South and the Arts Institutes was hindering

DCEH's ability to provide those services.  *See Dottore v. Studio Enterprise Manager, LLC*, 1:19-cv-00380 (N.D. Ohio), ECF 1.  The parties to the suit settled their dispute and subsequently sought Court approval of their settlement.  (ECF 82.)  After a hearing, the Court granted a qualified approval of the settlement agreement between Studio and the Receiver, specifically conditioning the approval on a requirement that funds be "provided for ***prompt payment*** of ***all bills related to the IT platform***."  (ECF 190 (emphasis added).)

During the March 18, 2019 hearing before the Court on the settlement agreement, the Receiver, South, and Studio agreed that timely payment is necessary to ensure that DCEH is able to continue to provide access to the shared services, including the Shared IT Services.  While South believes that the most efficient way for these shared services payments to be made is directly to DCEH rather than through Studio as a middleman—and Studio has agreed on multiple occasions[1]—Studio now contends that circumventing it for certain TSA related payments would be improper.[2]  At the same time, Studio has filed a Status Report for the Extrication of the Ongoing Campuses of South University and the Arts Institutes Entities From the [DCEH] Shared IT Platform (ECF 229 ("Status Report")), in which it asserts that Studio has no obligation to pay DCEH for shared services until the tenth business day of the month of service, *i.e.*, according to Studio the March payment for shared services is not due to DCEH until April 12, 2019, and the April payment for shared services is not due to DCEH until May 14, 2019.  (ECF 229, PageID 4412.)

---

[1]  Studio agreed for the past three payrolls that the Arts Institutes and South should fund the shared services portion of DCEH's payroll through direct payment, with South paying 67.6% and the Arts Institutes paying 32.4% of the shared amounts.  (*See, e.g.*, Mar. 13, 2019 E. Russell (Studio) email excerpt attached as Exhibit 1 (Studio confirming, "[t]he agreed to split was 67.6/32.4.").)  Studio representatives actively participated in these conversations and agreed to the amounts and submission in advance.  (*Id.*)  Because direct payments to DCEH avoid the unnecessary delay from injecting Studio as an extra step to process payments, South sees the benefit in adopting this process.

[2]  Studio asserts that it must be the conduit for payment at the same time that the Receiver has informed the Court that Studio has not made payments for those key shared services.  (ECF 229-1.)

Studio's contention that its payments to DCEH need not be made promptly after receipt from South or the Arts Institutes creates a substantial risk to South because, if the Receiver faces a funding shortfall, he will likely (i) seek to recover those amounts from South and the Arts Institutes directly, causing South to pay twice for the same IT services or (ii) be unable to provide the services South requires to stay operational until the migration concludes. Neither scenario is acceptable for South.

Studio's willingness to delay payments to DCEH for 45-days after receipt is not the only risk to Studio's funding of DCEH's IT services. Studio has also previously intentionally misapplied South's payments that were to be directed to DCEH for shared services. Under the MSA, Studio may seek to recover certain of its costs incurred to provide services to South, subject to numerous requirements. (*See* MSA at App'x I-4 attached as Exhibit 2.) South has objected to certain charges Studio has attempted to exact on South beyond the TSA Fee amount on several grounds. (*See, e.g.*, S. Yoho to B. Newman Mar. 21, 2019 letter attached as Exhibit 3.)

In February, Studio refused to forward the entirety of South's payment intended to cover the TSA Fee to be paid to DCEH, retaining more than $400,000 of South's payment to cover disputed Studio charges without South's knowledge, authorization, or approval. (*See* "February True Up" attached as Exhibit 4.) Despite South's objections, Studio has not corrected its wrongful withholding and disbursed those amounts to DCEH. While Studio will likely claim that the MSA permits it to pay itself first and DCEH second, that provision was not designed to allow Studio to exercise self-help by seizing money earmarked for DCEH to pay itself for the disputed charges.[3] South cannot risk that future disagreements between Studio and South over

---

[3] The MSA requires Studio and South to litigate disputes about these charges in Wilmington, Delaware, not in this forum or through the exercise of self-help. (MSA § 10.6(b).)

charges will result in Studio remitting another partial payment to DCEH, thereby endangering DCEH's ability to provide essential transitional services.

For these reasons, South seeks a clarifying Order of the Court explaining that payments delayed by 45 days are not "prompt" and directing that all such payments made by South to Studio to fund DCEH's transitional services must then be wired in full from Studio to the Receiver promptly, *i.e.*, within 24 hours, avoiding any manufactured payment crises relating to Shared IT Services.  If Studio insists on circuitous payments from South to Studio to DCEH as suggested in its Status Report, this mechanism would satisfy the Court's condition to approving the settlement agreement: prompt payment in full.

### III.     CONCLUSION

WHEREFORE, South requests that the Court grant its Motion and enter an order clarifying its March 19, 2019 Order conditioning the approval of a settlement agreement between the Receiver and Studio upon prompt payment of the bills for shared services in substantially the same form as the Proposed Order attached to the Motion.

                                        Respectfully submitted,

                                        COHEN & GRIGSBY, P.C.
                                        By:  */s/ Ingrid A. Bohme*
                                        Fridrikh V. Shrayber (Ohio Bar No. 0095330)
                                        Ingrid A. Bohme (admitted *pro hac vice*)
                                        Morgan J. Hanson (admitted *pro hac vice*)
                                        Helen S. Ward (admitted *pro hac vice*)
                                        625 Liberty Avenue
                                        Pittsburgh, PA  15222-3152
                                        412-297-4900 / 412-209-0672 (Fax)
                                        fshrayber@cohenlaw.com
                                        ibohme@cohenlaw.com
                                        mhanson@cohenlaw.com
                                        hward@cohenlaw.com

                                        *Attorneys for Intervenor,*
Dated: April 8, 2019                    *Dream Center South University, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2019, the foregoing *Brief in Support of Its Motion for Clarification of Payment Requirements* was filed by Dream Center South University, LLC with the Court electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. Parties identified as not receiving electronic filing notifications will be served by U.S. First Class Mail.

/s/ *Ingrid A. Bohme*