UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | ) CASE NO. 1:19-cv-145 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC *et al.*, | ) |
| Defendants. | ) |

## DECLARATION OF VICKI MCKENZIE

Vicki McKenzie hereby declares under penalty of perjury that the following is true and correct:

1. I am a resident of the State of Texas.

2. I make the within declaration from my own personal knowledge, and I am competent to so testify.

3. I am the Director of Project Management at Hilco Fixture Finders ("Hilco").

4. The Receiver, Mark Dottore, engaged Hilco to affect the removal of personal property located at campuses that were occupied by Receivership Entities. In turn, Hilco engaged Surplus Asset Management ("SAM") to conduct online auctions for the personal property located at these campuses.

5. One of these campuses is the former Art Institute of California – San Diego, which is located at 7650 Mission Valley Rd., San Diego, CA 92108 (the "Leased Premises").

HGF, L.P. ("HGF") is the landlord for the leased premises. I have principally dealt with HGF's representative Jeffrey Ditz and HGF's counsel Jeffrey Toole, Esq.

6. In early April, HGF permitted SAM agents to access the Leased Premises for purposes of allowing them to conduct an inventory of the personal property and take photographs of the personal property. For the most part, the personal property consists of general office equipment, like desks and chairs, and some electronic equipment, like computers and televisions.

7. SAM then conducted an online auction of this personal property. The online auction generated $202,357.

8. On April 3, 2019, SAM contacted HGF and provided HGF with a schedule for the removal of this personal property. In response, HGF's California counsel sent a letter to, among others, me, the Receiver, the Receiver's counsel, and SAM. A true and accurate copy of this letter is attached as Exhibit A.

9. HGF's letter conditioned granting Hilco and SAM access to the Leased Premises on Hilco, SAM, and the Receiver agreeing to, among other things, indemnify HGF "from any and all claims or demands of any kind (including, but not limited to, reasonable attorneys' fees and expenses that HGF incurs) arising from or relating to damages or injuries caused or suffered by any persons during or as a result of the removal of personal property at the Leased Premises." Exhibit A at ¶ 2.

10. The Receiver informed HGF that these terms were unacceptable. But SAM provided HGF with a certificate of liability insurance showing that it has insurance coverage and naming as HGF and its various affiliates as an additional insured under SAM's policy.

11. On April 5, 2019, Hilco and SAM were locked out of the Leased Premises. And on April 8, 2019, Hilco's representatives were escorted off the Leased Premises by HGF's agents.

12. As of the date of this Declaration, neither Hilco nor SAM can access the Leased Premises to remove the personal property that was auctioned off.

13. Because of this, I have been fielding calls from purchasers at the auction demanding that Hilco pay for their time and travel, as they were unable to retrieve the purchases that they made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief. Executed the 9 day of April, 2019 in Grand Rapids, Michigan.

*Vicki McKenzie* (signature)
Vicki McKenzie