IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | **REPORT& RECOMMENDATION** |
| | ) | **(ECF Docs. 139 & 189)** |
| Defendants. | ) | |

## I. Introduction

On March 11, 2019, Hemingway at Richmond, LLC ("Hemingway,") filed a motion to charge all accrued and ongoing post-receivership rent as a cost to plaintiff. ECF Doc. 139. On March 19, 2019, 3601 Sunflower, LLC ("Sunflower,") filed a similar motion relying on the same cases. ECF Doc. 189. Hemingway and Sunflower ("the Landlords") are owed rent from receivership entities occupying their properties for periods before and after the court appointed the receiver at plaintiff's request. They argue that this case is the product of improper collusion between or among the receiver, DCEH and the plaintiff. They further argue that, because the plaintiff agreed to file this lawsuit knowing that the receivership entities were likely insolvent, plaintiff should bear the costs suffered by the landlords who were prevented from seeking other remedies as a result the stay order put in place when the receiver was appointed. Plaintiff Digital Media Solutions, LLC ("Digital Media,") and the receiver urge the court to apply the general rule that fees and expenses are satisfied from the receivership estate. ECF Docs. 201 & 202.

The Landlords' arguments are compelling. Digital Media did not present all of the facts to the court when it filed the motion for the appointment of a receiver. It worked with the receiver to have the case filed, even though it had no real hope of collecting any of the money owed to it. On the other hand, the court has already considered whether the receivership should be terminated and, at least as of March 11th, it appeared that the receivership was still doing some good by protecting law students at Western State College of Law and overseeing the separation of the DCEH IT platform being used by non-receivership entities. If the court were to charge Digital Media with the past due rents in this case, the result would be inequitable. Digital Media could be charged with millions of dollars in damages resulting from the receiver's failure to pay rent after taking possession of the receivership estate. Although Digital Media may have known that the receivership entities were insolvent, there is no evidence that it knew the receiver would fail to pay rent to the landlords. Nor is there evidence Digital Media had been advised pre-suit the United States Department of Education would imminently cut off Title IV funding to the Argosy campuses, funds the receiver required in order to maintain the Argosy campuses as going educational institutions. The cases cited by the Landlords are inapposite. I recommend that the Court DENY the motions to charge rent as a cost to the plaintiff. ECF Docs. 139 & 189.

## II.     Law & Analysis

The Landlords cite *Little Earth of the United Tribes, Inc. v. U.S. Dept. of Hous. & Urban Dev.* 807 F.2d 1433, 1442 (8th Cir. 1986) and *First Nat. Bank of Fairbanks v. Dual,* 392 P.2d 463, 466 (Alaska 1964) for the proposition that the Court has wide discretion in determining who will bear the cost of a receivership. However, in *Little Earth,* the receivership order required the plaintiff, to "fund all repair and rehabilitation." *Id.* at 1438. And, in *First Nat. Bank of*

*Fairbanks,* the court held that special facts and circumstances existed justifying holding the bank liable for that portion of the expenses that could not be satisfied out of the receivership fund.

The *First Nat. Bank of Fairbanks* decision cited *Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 373, 375-76, 28 S.Ct. 406, 52 L.Ed. 528, 534-36 (1908), the case relied on by Digital Media and the receiver. In *Atlantic Trust,* the Supreme Court applied the general rule that expenses are a charge on the property or fund under control of the receiver. The Court reasoned,

> When neither the order appointing a receiver nor the order authorizing him to borrow money and issue certificates was conditioned upon the plaintiff (in a suit for foreclosure and sale) being liable for the expenses of the receivership, and when no special circumstances appear which, upon equitable principles, would authorize the court to fix liability upon the plaintiff for such expenses, the general rule should be applied which makes such expenses a charge upon the property or fund under the control of the court, without any personal liability therefor upon the part of the plaintiff who invoked the jurisdiction of the court. The mere inadequacy of the property or fund to meet such expenses constitutes in itself no reason why liability should be fastened upon the plaintiff, who has been guilty of no irregularity, and who, so far from seeking any improper advantage, has succeeded in his suit by obtaining the relief asked, namely, a decree of foreclosure and sale.

*Atlantic Trust,* 208 U.S. at 375-376.

Here, the court should also apply the general rule that the costs and expenses of the receivership should be a charge on the property or fund under control of the receiver. The order appointing the receiver states that the unsecured debts incurred by the receiver will be a charge on the property of the receivership estate. ECF Doc. 150 at 11. The parties have not shown special circumstances that would justify charging the debts to Digital Media. There is no evidence that Digital Media knew that the receiver would fail to pay rent to the Landlords and there is no evidence that Digital Media has unfairly benefitted by filing this lawsuit. Many of the Landlords' complaints are actually against the receiver, not Digital Media. Equity does not weigh in favor of charging the accrued rent as a cost to Digital Media in this case. The stay has

been lifted as to the Landlords in this case. Therefore, nothing prevents them from filing separate lawsuits to protect and preserve their rights.

### III. Conclusion

Because the amended receivership order does not anticipate that Digital Media would bear the costs of this action, and because the Landlords have not shown special circumstances justifying shifting the unpaid rent as a cost to Digital Media, I recommend that the Court DENY the Landlords' motions to charge rent as a cost to Digital Media.

Dated: April 15, 2019

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).