UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) CASE NO. 1:19-cv-145 |
| | ) |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, | ) |
| LLC, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**APPLICATION OF RECEIVER TO RETAIN BAKER & HOSTETLER LLP AS SPECIAL COUNSEL FOR THE RECEIVER TO PERFORM LIMITED SERVICES RELATED TO EMPLOYEE BENEFIT MATTERS EFFECTIVE AS OF APRIL 15, 2019**

**NOTICE OF DEADLINE FOR THE FILING OF OBJECTIONS**

Mark E. Dottore, the duly-appointed and acting receiver herein (the "**Receiver**"), respectfully represents to the Court that, in order to fulfill his duties to marshal and preserve the Receivership Entities and the Receiver Property[1] and to address certain immediate legal exigencies related to the Receivership Entities' employee benefit plans, he will require the assistance of attorneys. To that end, and pursuant to the Order Appointing Receiver, the Receiver requests that the Court enter an order authorizing him to engage the firm of Baker & Hostetler LLP ("**BakerHostetler**") for the limited purposes of advising and assisting the Receiver with certain employee benefit-related matters, including certain health plan

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Order Appointing Receiver [Docket no. 8].

matters and 401(k) plan matters (collectively, the "**Benefits Matters**"), effective as of April 15, 2019.

BakerHostetler is not being retained as anything other than special counsel for the limited purposes set forth in this Application, and BakerHostetler will not advise the Receiver on matters other than Benefits Matters absent BakerHostetler's consent and the further approval of this Court. Moreover, as described more fully below, BakerHostetler's agreement to represent the Receiver in the Benefits Matters is expressly conditioned upon the firm's receipt of a $100,000 retainer.

In support of this Application, the Receiver submits the Verified Statement of Brian A. Bash, attached as **Exhibit A**, and states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act of 1933 (the "**Securities Act**") [15 U.S.C. § 77v] and Section 27 of the Securities Exchange Act of 1934 (the "**Exchange Act**") [15 U.S.C. § 78aa].

2. Venue is proper in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa].

3. The relief sought in this Application is governed by FED. R. CIV. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio, and the Order Appointing Receiver.

## BakerHostetler's Qualifications and Compensation

4. The Receiver requests the appointment of BakerHostetler as special counsel on the Benefits Matters because BakerHostetler is well-qualified to advise the Receiver on such matters. BakerHostetler's employee benefits practice is among the largest in the country, and BakerHostetler has extensive experience advising employers on the implementation, administration and termination of a wide variety of health and welfare, retirement and savings, and other benefit plans. BakerHostetler also has significant experience in receivership and insolvency matters, which will allow BakerHostetler to advise the Receiver on the Benefits Matters while also understanding how the circumstances of the receivership may impact those matters.

5. BakerHostetler anticipates that Partners Brian A. Bash and Michael A. VanNiel, from BakerHostetler's bankruptcy, insolvency and creditors' rights group, and Partner Susan Whittaker Hughes and Brian M. Murray, from BakerHostetler's employee benefits group, will be the primary attorneys working on this engagement. Other BakerHostetler partners, associates and paralegals may also provide services as needed.

6. A current rate list is attached to Mr. Bash's Verified Statement, which is attached hereto as **Exhibit A**. The hourly rates for BakerHostetler's attorneys varies depending upon the experience and expertise of the attorney providing the service and the type of work being handled. The current standard billing rates for the attorneys expected to be primarily involved in this engagement are as follows:

| | |
|---|---|
| Brian A. Bash | $865/hr. |
| Michael A. VanNiel | $615/hr. |
| Brian M. Murray | $550/hr. |
| Susan Whittaker Hughes | $390/hr. |

7. These rates reflect BakerHostetler's customary hourly compensation charged by the firm's lawyers in cases of like kind and complexity. In addition to fees for professional services, BakerHostetler may also charge for other costs and expenses that it incurs in performing services on the Receiver's behalf.

8. Due to the circumstances of this case, BakerHostetler has requested a $100,000 advance payment retainer (the "**Retainer**") as an express condition to accepting this engagement. BakerHostetler understands that its fees and expenses will still be subject to review and approval by the Court in accordance with the terms of the Order Appointing Receiver. (*See* Order Appointing Receiver ¶¶ 16-19.) If BakerHostetler's fees and expenses are approved by the Court, BakerHostetler will deduct the amount of its fees and expenses from the Retainer. Any Retainer amount that remains at the end of BakerHostetler's representation of the Receiver will be remitted to the Receiver and the estate.

9. The Receiver, in his reasoned business judgment, believes it is in the best interest of the receivership estate to pay the Retainer. The Benefits Matters facing the Receiver are highly-urgent, highly-technical and complex matters that must be handled by attorneys who have the experience and skill to deal with those issues on an expedited basis. BakerHostetler is one of a limited number of firms with the skill and experience necessary to handle these issues, and it is only willing to provide services if it is granted some assurance that it will be timely paid. Given

the circumstances in this case, the Receiver, in his reasoned business judgment, believes it is unlikely another firm with the same or similar experience and abilities would be willing to provide services to the estate without receiving a retainer.

### Services To Be Provided by BakerHostetler

10. Subject to full satisfaction of all conditions to BakerHostetler's retention, BakerHostetler's representation of the Receiver shall be for the limited and specific purpose of advising and assisting the Receiver on matters related to the Receivership Entities' employee benefit plans, including providing advice and assistance regarding health plan matters, 401(k) plan matters and other employee benefits matters that the Receiver and BakerHostetler may mutually agree are directly related to the foregoing.

11. The Receiver anticipates that the services provided by BakerHostetler may include, without limitation, (i) analyzing employee benefit plan issues, (ii) drafting employee benefit-related documents, (iii) researching related law, (iv) communicating with the Receiver, parties in interest or government agencies on issues related to the Benefits Matters, and (v) advising on general strategy related to the Benefits Matters.

12. BakerHostetler is not being retained as anything other than special counsel for the limited purposes set forth in this Application. Absent BakerHostetler's consent and the further approval of this Court, BakerHostetler will not advise or assist the Receiver on any matters other than Benefits Matters.

13. To the knowledge of the Receiver, BakerHostetler represents no interest adverse to that of the receivership estate.

14. The address of proposed counsel is as follows: Baker & Hostetler LLP, Key Tower, 127 Public Square, Suite 2000, Cleveland, Ohio 44114.

## Notice

15. Notice of this application will be given to all counsel of record by operation of the Court's electronic filing system. In light of the nature of the relief requested herein, the Receiver submits that no other or further notice is required.

WHEREFORE, the Receiver respectfully requests that this Court enter an order substantially in the form of the attached **Exhibit B**, authorizing him to retain BakerHostetler as special, limited purpose counsel in this case, effective as of April 15, 2019, and granting such other and further relief as the Court may deem proper.

## NOTICE OF DEADLINE FOR THE FILING OF OBJECTIONS

PLEASE TAKE NOTICE that this Application is filed for the purpose of providing information to the parties and other persons interested in these proceedings. Any objection to this Application must be filed within 14 days from the date of service as set forth on the certificate of service. If no response or objection is timely filed, the Court may grant the relief requested without further notice.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 66 and in accord with the practice in the administration of bankruptcy and receivership estates in this district, BakerHostetler will commence representation immediately upon the filing of this Application.

Date: April 16, 2019

WHITMER & EHRMAN LLC
/s/
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
2344 Canal Rd., Suite 401
Cleveland, OH 44114
Telephone: (216) 771-5056
Facsimile: (216) 771-2450
Email: mkw@weadvocate.net
*Attorney for the Receiver*

- 8 -

## CERTIFICATE OF SERVICE

      I hereby certify that on April 16, 2019 a copy of the foregoing *APPLICATION OF RECEIVER TO RETAIN BAKER & HOSTETLER LLP AS SPECIAL COUNSEL FOR THE RECEIVER TO PERFORM LIMITED SERVICES RELATED TO EMPLOYEE BENEFIT MATTERS EFFECTIVE AS OF APRIL 15, 2019* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties on the Electronic Mail Notice List as set forth below. Parties may access this filing through the Court's system. I further certify that I caused a copy of the foregoing to be served on each of the persons on the Manual Notice List below by placing a copy thereof in the regular United States mail, first class postage prepaid, addressed as indicated, on April 16, 2019.