# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DIGITAL MEDIA SOLUTIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SOUTH UNIVERSITY OF OHIO, LLC,** *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00145-DAP<br><br>JUDGE DAN AARON POLSTER<br><br>MAGISTRATE JUDGE<br>THOMAS M. PARKER |

## UNOPPOSED MOTION OF CAZ 1 DE LLC TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, CAZ 1 DE LLC ("CAZ 1"), as landlord under a lease with Dream Center Education Holdings, LLC, hereby moves the Court to intervene in this action. CAZ 1's support for the Motion is set forth in the accompanying Memorandum attached hereto and fully incorporated herein by reference.  A copy of the proposed order granting the requested relief is also attached hereto. Prior to filing this Motion and Memorandum, CAZ 1 conferred with counsel to the receiver, and counsel stated that he had no objection to CAZ 1's intervention.

Dated:  April 17, 2019

                                                  Respectfully submitted,

                                                  */s/* Dean J. Formanek
                                                  Dean J. Formanek, Esq.
                                                  Warner Angle Hallam Jackson & Formanek PLC
                                                  2555 E. Camelback Road, Suite 800
                                                  Phoenix, AZ  85016
                                                  Tel.:  (602) 264-7101
                                                  Fax:  (602) 234-0419
                                                  Email: dformanek@warnerangle.com

                                                  *Counsel for CAZ 1 DE LLC*

**MEMORANDUM IN SUPPORT**

CAZ 1 DE LLC, a Delaware limited liability company ("CAZ 1"), by and through its attorneys, files this Motion and supporting Memorandum because Dream Center Education Holdings, LLC ("DCEH") have not made payments under the Lease (as defined below) since January 3, 2019 and are using the Receivership Order (defined below) to prevent CAZ 1 from exercising its contractual rights and remedies.  CAZ 1 seeks to intervene in this action so that it can attempt reach an agreement to mutually terminate the Lease (defined below) or to file a Motion Seeking Timely Payment of Rent and Relief from Stay.  Although Federal Rule of Civil Procedure 24(a) requires that a Motion to Intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," CAZ 1 requests, as with other landlords who have sought to intervene in this matter, to await further guidance from this Court and the Receiver as to whether a formal claim and course of action against the receivership estate is necessary.

### I.    BACKGROUND

CAZ 1 is a Delaware limited liability company and the owner of an office building located at 1255 South Spectrum Boulevard, Chandler, Arizona 85286 (the "Premises").  CAZ 1 and Dream Center Education Holdings, LLC ("DCEH") are parties to that certain Lease Agreement dated September 20, 2010 (as amended and assigned, the "Lease") pursuant to which CAZ 1 leases the Premises to DCEH.  A true and correct copy of the Lease (including amendments and assignments) is attached hereto as Exhibit A.

At the Premises, DCEH operated through 2019 as a call center providing back office support for Argosy University and since that time has had no personnel in the Premises rendering the space inactive and essentially vacant.  The term of the Lease expires on January 31, 2022.

The total monthly base rent due to CAZ 1 for the Premises is $170,831.93 plus applicable operating expenses and rental tax and such payments are due on the first of the month.

On January 18, 2019, the Plaintiff filed its *Emergency Motion for the Appointment of Receiver* [Doc. #3] and the United States District Court for the Northern District of Ohio (the "Court") entered the *Order Appointing Receiver* [Doc. #8] (the "Receivership Order"). The Receivership Order provides that creditors, including landlords, are enjoined from taking action against any of the entities in receivership and any property which could be part of the receivership estate. *See* Receivership Order ¶¶ 10, 11.

DCEH has failed to make monthly payments to CAZ 1 for the months of January to April, 2019 which payments total $731,155.98 ($180,541.39 for the month of January, $184,914.75 for the month of February, $180,785.09 for the month of March, $184,914.75 for the month of April), plus applicable late fees and interest as set forth in the Lease. DCEH's failure to pay its monthly rent obligations is causing significant harm to CAZ 1 and is impairing its interest in the Premises. Therefore, CAZ 1 requests the Court permit CAZ 1 to intervene in the present action to protect its claims against the receivership estate arising from DCEH's default under the Lease and to permit CAZ 1 to file a motion for relief from the stay provisions of the Receivership Order so that CAZ 1 may proceed to terminate DCEH's right to possess the Premises and attempt to mitigate its damages by re-leasing the Premises.

## II. LAW AND DISCUSSION

The Sixth Circuit has held that the standards for both intervention of rights and permissive intervention under Fed. R. Civ. P. 24 should be broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

### A. **Intervention of Right**

Intervention should be granted to CAZ 1 as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure which governs intervention of right by non-parties. Rule 24(a)(2) provides, in pertinent part, that:

(a) Intervention of Right. On a timely motion, the court must permit anyone to intervene who:

(2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit has held that an applicant seeking to intervene as a matter of right under Rule 24(a) must establish the following elements: (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest. *Ne. Ohio Coal. For the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006) (internal citations omitted). CAZ 1 satisfies the foregoing standard for intervention of right under Rule 24.

#### 1. **CAZ 1's request is timely.**

First, the requested intervention is timely. In determining the timeliness of a motion for intervention as of right, courts consider five factors: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to

4

promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances mitigating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

CAZ 1's request for intervention is being made just a few months after the commencement of this proceeding and the suit has not significantly progressed. CAZ 1 is acting promptly to protect its interests as a landlord at the Premises. CAZ 1 only learned of this proceeding on January 24, 2019, when counsel to the Receiver sent CAZ 1 notice of the Receivership Order. Since that time, CAZ 1 has been attempting to negotiate a mutual termination of the Lease with counsel for the Receiver which has been unsuccessful. Lastly, there are unusual circumstances here that require CAZ 1's intervention. The Plaintiff and Defendants are using receivership as a substitute for a bankruptcy filing leaving CAZ 1 and other landlords without the typical protections granted landlords under the bankruptcy laws. Based upon the foregoing, the first element for intervention as a matter of right under Rule 24(a) is satisfied.

### 2. CAZ 1's has a substantial legal interest in this matter.

Second, CAZ 1 has a substantial legal interest in the case as a property owner of the Premises. The Lease is part of the Receivership Property. *See* Receivership Order ¶ 1. The Receivership Order damages CAZ 1's ability to protect its interest in the Premises as it grants complete control over the Premises to the Receiver and stays CAZ 1 from exercising its remedies under the Lease Agreement. *Id.* ¶ 10-11. As stated above, DCEH has failed to pay any rent to CAZ 1 from several months and there has been no indication from the Receiver that he plans to satisfy DCEH's financial obligations to CAZ 1 in the future. Therefore, CAZ 1 has a substantial legal interest justifying intervention.

### 3. CAZ 1 will be unable to protect its interest in the Premises without intervention

The Receivership Order prohibits CAZ 1 from exercising its remedies under the Lease and applicable state law including, but not limited to, retaking possession of the Premises and attempting to mitigate its damages by re-leasing the Premises. These restrictions impair CAZ 1's interests as a landlord, creditor, and property owner. Further, CAZ 1 has not received a rent payment since January 3, 2019 and has no real source of repayment other than the property held by the Receiver. Thus, CAZ 1 is unable to protect its interests in the Premises without intervention.

### 4. CAZ 1 is not adequately represented by the parties in this action.

"[T]he requirement of impairment of a legally protected interest is a minimal one: the requirement is met if the applicant shows 'that representation of his interest 'may be' inadequate.'" *Blackwell*, 467 F.3d at 1007 (*quoting Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Given the differing interests of the current parties to the litigation, any representation by other parties in this action will be inadequate. The Plaintiff is an unsecured creditor of the Defendants, whose interest is to maximize collection of the funds it is owed. The Defendants' interest is to minimize their liabilities. The Receiver's interest is as a fiduciary for the Court. None of the interest of these other parties to the proceeding align with CAZ 1's interest as landlord and creditor as CAZ 1's interest is to recover possession of the Premises to mitigate its damages, enforce its statutory landlord's lien on the property of DCEH in the Premises and recover the sums owed under the Lease.

Since all four elements for intervention as a right under Rule 24(a) are satisfied, CAZ 1's motion to intervene as of right should be granted.

### B. Permissive Intervention

Even where an applicant fails to satisfy the requirements of intervention as of right, the Court has discretion to grant permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.  "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).  Once the proposed intervenor establishes those two requirements, the "court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*.

As set forth above, this Motion is timely and CAZ 1's rights as a landlord are adversely affected by the Receivership Order.  Accordingly, if this Court is unable to grant intervention as of right under Rule 24(a), it should grant intervention on a permissive basis pursuant to Rule 24(b).

### III. CONCLUSION

For the foregoing reasons, CAZ 1 respectfully requests that this Court enter the Proposed Order granting CAZ 1's request to intervene as of right in this proceeding.

Dated:  April 17, 2019

                                                Respectfully submitted,

                                                */s/* Dean J. Formanek  
                                                Dean J. Formanek, Esq.  
                                                Warner Angle Hallam Jackson & Formanek PLC  
                                                2555 E. Camelback Road, Suite 800  
                                                Phoenix, AZ  85016  
                                                Tel.:   (602) 264-7101  
                                                Fax:   (602) 234-0419  
                                                Email: dformanek@warnerangle.com

                                                *Counsel for CAZ 1 DE LLC*

**CERTIFICATE OF SERVICE**

In accordance with Section 14 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rule of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's CM/ECF system on all counsel of record on April 17, 2019.

/s/ Dean J. Formanek
Dean J. Formanek, Esq.
Warner Angle Hallam Jackson & Formanek PLC

*Counsel for CAZ 1 DE LLC*