UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) CASE NO. 1:19-cv-145 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF RECEIVER'S MOTION FOR RECONSIDERATION OF ORDER ALLOWING STUDENT INTERVENORS' TO CONDUCT DISCOVERY [DOC. 246]**

**I.      INTRODUCTION**

Student intervenors Marina Awed, Kendrick Harrison, and Jayne Kenney (collectively, the "Student Intervenors") filed a motion with this Court, asking for leave to either serve expedited discovery upon the Receiver or, in the alternative, file a claim against the Receiver. [Doc. 236].  The motion was filed on April 5, and this Court ruled on it April 10 [Doc. 246], before the 14 days allowed by Local Rule 7.1(d) for the Receiver's brief in opposition had elapsed.  Although the Court denied the Student Intervenors their requested relief, expedited discovery or leave to sue the Receiver, the Court stated, in its Order, that the Student Intervenors "may conduct standard discovery in accordance with the Federal Rules of Civil Procedure." Order at 2 [Doc. 246].  The Receiver therefore asks that this Court reconsider its Order to the extent that it may allow the Student Intervenors to conduct discovery in accord with the Civil Rules in this case.

There are three substantive grounds upon which the Receiver asks this Court to reconsider its Order. First and foremost, although the Student Intervenors have set forth

{01309219-6}

compelling stories regarding the impact of the missing money, none has suffered damages as the Department of Education has issued a discharge, meaning the Student Intervenors' student loan obligations for this semester (which loans served as the source of the stipends) have been negated. Their failure to state a claim (and inability to do so) renders them unable to invoke the Federal Rules of Civil Procedure to conduct discovery. Second, the proposed discovery is both overbroad, as it seeks a wealth of information regarding other students and their stipend experiences, and disproportional to their claimed damages of $26,000. Considering the Student Intervenors have no damages, thanks to the loan discharges, the disparity between the discovery requests and the cost to the Receivership Estate grows even greater. Third, and finally, the Student Intervenors lack standing.

## II. BACKGROUND

One of the focuses of the Receiver, since it came to his attention in late February, has been the pre-Receivership Entities' failure to pay Title IV, HEA credit balances ("Student Stipends").[1] He has made three reports to this Court regarding the Student Stipends, *see* [Docs. 55, 68, and 91 at 10-11], and his CFO has reported, in open court, regarding the status of his forensic investigation, *see* 3/11/19 Tr. 72-75 [Doc. 165]. But, as the Receiver's counsel cautioned during the March 11 hearing, "this really is going to require a deep-dive forensic accounting." *Id.* at 75:17-18. In response, the Court agreed: "Oh, I'm well aware of that. I – and I'll need to decide what to do." *Id.* at 75:19-20.

---

[1] Title IV's regulations call these funds "credit balances," *see, e.g.*, 34 C.F.R. § 668.164(h); however, since it has been the practice of the parties to refer to these funds as "stipends" before this Court, the Receiver will maintain this practice.

{01309219-6}

Even though the Receiver has repeatedly explained to the Student Intervenors' counsel that he is in the midst of a deep-dive forensic accounting, that has not been sufficient for the Student Intervenors' counsel. Instead, the Student Intervenors sought leave from this Court to conduct expedited discovery. [Doc. 236]. Five days later, this Court denied that request as stated, without allowing the Receiver to weigh in on the Student Intervenors' motion, but stated that the Student Intervenors "may conduct standard discovery in accordance with the Federal Rules of Civil Procedure." Order at 2 [Doc. 246]. Then, the same day this Court issued its Order, the Student Intervenors served interrogatories and requests for the production of documents on the Receiver. Ex. A (Student Intervenors' Interrogatories & Requests for Production of Documents).

To say the Student Intervenors' discovery requests are overbroad would be an understatement. Only one of the discovery requests actually seeks information directly related to the Student Intervenors. *See* RFPD No. 7. The remainder of the discovery requests either seek detailed information on the Receiver's investigation (*see, e.g.*, Interrogatory Nos. 10-13 and RFPD Nos. 6 and 11-13) or financial and other records relating to the Receivership Entities' certifications to the Department of the Education to draw down funds from the Department (*see, e.g.*, RFPD Nos. 8-10).

When evaluating the scope of the Student Intervenors' discovery requests, it's important to recall the amount of stipends each of the Student Intervenors allege was unpaid:

- Student Intervenor Kendrick Harrison asserts that he "should have received a stipend in the amount of $6000.00 for the semester beginning January 2019," Declaration of Kendrick Harrison ¶ 8 [Doc. 236-2];

- Student Intervenor Marina Awed asserts that she "should have received a stipend in the amount of $15,000 for the semester beginning January 2019," Declaration of Marina Awed ¶ 6 [Doc. 236-3]; and

- Student Intervenor Jayne Kenney asserts she "should have received a stipend in the amount of approximately $2300" for the semester beginning in January 2019 and that she "also should have received [a] $2700 additional stipend from the university, from a scholarship," Declaration of Jayne Kenney ¶ 6 [Doc. 236-4].

Collectively, the Student Intervenors allege, at best, they are entitled to $26,000 in missing stipend monies (even though they no longer owe any money on the student loans that would have funded those stipends). Balance that against the remainder of the Receivership. The Receiver was appointed for the benefit of all interested parties—not just the three Student Intervenors. Although the hardships the Student Intervenors allege they have experienced as a result of the missing Stipends are great, the Receiver should not be forced to focus solely on their concerns to the exclusion of all other interested stakeholders.[2]

The Student Intervenors' requested discovery should be denied and/or stayed.

### III. ARGUMENT

#### A. The Court Should Reconsider Its Order to the Extent that It May Allow the Student Intervenors to Conduct Discovery in this Case.

Although the Court effectively denied the Student Intervenors' motion for leave to conduct expedited discovery, the Court stated in its Order that they may conduct standard discovery in this case. The Student Intervenors' jumped at that opportunity and promptly served the attached discovery requests on counsel for the Receiver. The Receiver,

---

[2] The Receiver notes, as this Court is well aware, that two Receivership Entities, the Western State College of Law and the Art Institute of Las Vegas, are still operating and still teaching hundreds of students, including Student Intervenor Marina Awed, who is a 3L at the law school. The Receiver is focused on, among other things, marketing these schools to potential suitors to save the schools and the students attending them.

4

{01309219-6}

therefore, respectfully moves this Court to reconsider its Order to the extent that it may allow the Student Intervenors to conduct discovery in this case.

Reconsideration is warranted for four different reasons. First, the Receiver never had the opportunity to weigh in on the Student Intervenors' motion. If he had, the Receiver would have made the arguments that he is making here that the Student Intervenors have no right to conduct any discovery – let alone expedited – in this case. Second, since the Student Intervenors assert no claims in this case, the discovery they seek is irrelevant. Third, the discovery they seek is overbroad and disproportional to their allegations of missing stipends. Fourth, they lack standing.

### 1. *Legal Standard for Reconsideration.*

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 641–42 (N.D. Ohio 2016). Courts enjoy "significant discretion" in "considering a motion to reconsider an interlocutory order." *Settle-Muter Electric, Ltd. v. Siemens Industry, Inc.*, No. 2:15-cv-2470, 2016 WL 5025747, at *2 (S.D. Ohio Sept. 20, 2016). Such motions are justified "where there is: (1) an intervening change on controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id*. "'Manifest injustice' is an amorphous concept difficult to clearly define." *In re Detweiler*, No. 09-63377, 2017 WL 1483489, at *4 (N.D. Ohio Apr. 25, 2017). "[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (N.D. Ohio 2004).

As set forth below, absent a correction of the Court's Order, an inequitable result will occur. Specifically, precious Receivership resources will be wasted accelerating a process that is already underway, simply to satisfy the curiosity of people who have not suffered compensable damages.

### 2. *The Receiver Never Had the Opportunity to Respond to the Student Intervenors' Motion.*

Local Rule 7.1(d) sets a 14-day deadline after service of a motion for a party to respond to the motion. This Court ruled on the Student Intervenors' motion just five days after it was filed and before the Receiver could oppose it. Although the Receiver takes no issue with this Court denying the Student Intervenors the relief sought, the Court's statement that the Student Intervenors "may conduct standard discovery in accordance with the Federal Rules of Civil Procedure" is problematic. Order at 2 [Doc. 246]. Put simply, the Student Intervenors are not entitled to conduct discovery in this case under the Federal Rules.

The Receiver would have raised these objections when he opposed the Student Intervenors' motion. Accordingly, the Receiver respectfully requests that this Court reconsider its Order and deny the Student Intervenors the ability to conduct any discovery in this case.

### 3. *The Student Intervenors Have No Claim in this Case.*

This Court stated that the Student Intervenors may serve discovery in accord with the Federal Rules of Civil Procedure. What the Student Intervenors have not done, and what they cannot do, is assert a claim. It is axiomatic that discovery flows from the parties' claims and defenses. Fed. R. Civ. P. 26(b)(1) sets forth the general scope of discovery: "Unless otherwise limited by court order . . . Parties may obtain discovery regarding any

6

{01309219-6}

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." The Student Intervenors have served discovery, but have not served any claims. How, then, can there be any relevance to any questions they pose?

It should then be noted that even if the Student Intervenors were given leave to assert claims (and then use those claims as a foundation for discovery), they have none to assert. They allege that they borrowed money, which was supposed to have been forwarded to them by their schools. But, since the DOE has discharged those loans, those students do not owe anyone for the money they did not receive.[3] Rather, and seemingly on the basis of questions regarding diverted stipends, the Student Intervenor Awed is enjoying a tuition-free final semester of law school. The other two Student Intervenors will owe nothing whatsoever for their failed Spring semester. If the students do not owe anyone for the stipends they did not receive, one questions their ability to assert any compensable claims.

### 4. *The Discovery Student Intervenors Seek Is Overbroad and Disproportional to Their Claims.*

Of the fifteen interrogatories and thirteen requests for production Student Intervenors served, only one actually requests information regarding the stipends they claim they were due. *See* RFPD No. 7. The other requests do not make so much as the slightest attempt to hide the fact that the Student Intervenors are trying to gain information regarding *all* affected students. Take, for example, Request No. 4: "Produce all documents that support your assertion that 'once money was received [from DOE],

---

[3] Representatives of DOE, including Diane Auer-Jones, Donna Mangold, and Michael Frola represented to the Receiver during the course of a telephone conference held on April 17, 2019, that the Spring Semester student loans were discharged, meaning that the Student Intervenors would owe the lenders nothing.

Argosy and DCEH voided their bookkeeping entries that showed the students had been paid.' *See* First Report of the Receiver filed on March 4, 2019 (Dkt.91)." This request would require the production of records regarding thousands of students, not just the three Student Intervenors. Accordingly, even if we were to presume the Student Intervenors had asserted claims against which the relevance of the discovery requests could be assessed, this particular request demands the production of irrelevant information in violation of Fed. R. Civ. P. 26(b)(1). Given Rule 26(b)(1)'s clear focus on relevance, "[a] district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x 43, 51 (6th Cir. 2010) (quoting *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999)).

While all but one of the discovery requests is overbroad and therefore objectionable, the requests also seek, time and time again, information protected by the work-product doctrine. Take, for example, Interrogatory No. 13: "Identify all persons who the Receiver plans to interview, but who have not yet been interviewed, as part of the 'detailed investigation' about the receipt and disbursement of student stipend funds described in the First Report of the Receiver filed on March 4, 2019 (Dk. 91)." The Student Intervenors would invade the thought processes of the Receiver as he conducts his investigation, the results of which will play a role in his determination of who, if anyone, he will pursue for recovery based upon their wrongdoing. Fed. R. Civ. P. 26(b)(3) provides protection for work-product prepared in preparation for litigation. *See also Carolina Cas. Ins. Co. v. Sharp*, No. 1:10cv2492, 2013 U.S. Dist. LEXIS 39628 (N.D. Ohio Mar. 1, 2013). Identifying the witnesses the Receiver intends to interview would invade his thought process concerning the litigation and would therefore also fall under the work-product

8

protection. The problem is not limited to that single example, but is found regarding Interrogatory 12, and Requests for Production nos. 11 and 12.

Likewise, the Student Intervenors' requested discovery is disproportional to their claims. Rule 26, which governs the scope of discovery and its limits, provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and ***proportional to the needs of the case***, considering the importance of the issues at stake in the action, ***the amount in controversy***, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and ***whether the burden or expense of the proposed discovery outweighs its likely benefit***.

Fed. R. Civ. P. 26(b)(1) (emphasis added). The rule "is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CIV10067KPFSN, 2017 WL 3610511, at *6 (S.D.N.Y. Aug. 21, 2017) (citation and internal quotation marks omitted).

To respond to the Student Intervenors' discovery requests as stated, the Receiver would have to search DCEH's email databases for all communications with the U.S. Department of Education regarding stipends (RFPD No. 1); all documents reflecting representations made by Receivership Entities that stipends had been advanced to the students, and all documents regarding DOE's responses to those representations (RFPD Nos. 3 and 9); all documents tracing the funds received from DEO in response to the representations that stipends had been advanced (RFPD No. 5); and all documents by which the Receivership Entities made any certifications to DOE in order to draw monies

9

(RFPD No. 8, 10, and 13). Putting aside the fact the requests would encompass data regarding thousands of students aside from the Student Intervenors, the effort required to respond would be massive. On balance, the proportionality factors that this Court must consider when deciding whether a party may obtain discovery, *see* Fed. R. Civ. P. 26(b)(1), weigh in favor of the Receiver.

The Student Intervenors collectively assert that they are entitled to, at most, $26,000 in missing stipends. *See* Harrison Decl. ¶ 8 [Doc. 236-2]; Awed Decl. ¶ 6 [Doc. 236-3]; Kenney Decl. ¶ 6 [Doc. 236-4]. Even if the Student Intervenors were entitled to those funds at one point in time, and ignoring the fact that their student loan obligations underlying those stipends have been wiped out, the claimed damages must be balanced against the Receivership's limited resources and the other focuses of the Receivership. The cost associated with finding and producing every document that relates to the stipends and the use of Argosy funds is monumental and far outweighs whatever claims the Student Intervenors could conceivably make – especially since the Receiver is already in the process of investigating the stipend issue (albeit not on a timeline satisfactory to the Student Intervenors).

### 5. *In Any Event, the Student Intervenors Lack Standing.*

Although the Student Intervenors are each allegedly missing Student Stipends, only one of their discovery requests actually directly relate to them. *See* RFPD No. 7. Instead, the Student Intervenors and their counsel appear to once again be advocating on behalf of every student who may be missing Stipends. The Supreme Court's "standing decisions," however, "make clear that 'standing is not dispensed in gross.'" *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (quoting *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008)). "To the contrary, a plaintiff must

demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (internal quotations and citations omitted).

The Student Intervenors thus lack standing to press claims on behalf of all students. They likewise should not be entitled to discovery that is not directly related to themselves.

## IV. CONCLUSION

To the extent the Student Intervenors' discovery requests stem not from any actual claims, but rather their unbridled curiosity, they will have the opportunity to review the Receiver's report once his investigation of the stipend issue is complete. Their curiosity simply cannot be allowed to waste precious Receivership Estate resources. Accordingly, the Receiver respectfully requests this Court reconsider its Order allowing the Student Intervenors to conduct discovery and instead deny their Motion [Doc 236] outright.

Dated: April 23, 2019

Respectfully submitted,

*/s/ Nicholas R. Oleski*
Robert T. Glickman (0059579)
Charles A. Nemer (0009261)
Robert R. Kracht (0025574)
Hugh D. Berkson (0063997)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
can@mccarthylebit.com
rrk@mccarthylebit.com
hdb@mccarthylebit.com
nro@mccarthylebit.com

*Special Counsel for the Receiver*