IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) | Case No. 1:19-cv-145 |
| ) | |
| Plaintiff,Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY ) | |
| OF OHIO, LLC, *et al.* ) | |
| ) | **ORDER** |
| DefendantsDefendants. ) | |

On April 11, 2019, Mark E. Dottore (the "receiver") filed an emergency motion for an order requiring Studio Enterprise Manager, LLC ("Studio") and John J. Altorelli to show cause why they should not be held in contempt of this court for their alleged violation of the injunctions contained in the amended order appointing receiver.  ECF Doc. 252.  On April 15, 2019, Studio filed an opposition to the receiver's motion for contempt.  ECF Doc. 261.  On April 22, 2019, the receiver filed a reply in support of his motion.  ECF Doc. 273.

The receiver reports that Studio and Mr. Altorelli are violating the amended receivership order in three ways: 1) by hiring DCEH compliance employees who are critical to the operation of the shared IT platform; 2) by negotiating a sublease with the landlord of the Pittsburgh DCEH data center; and 3) by trying to take control of IP addresses that are the property of DCEH.

Studio responds that Mr. Altorelli is not a "corporate officer" of Studio; he is outside counsel.  It further argues that he has not taken any actions that could be deemed contempt of

court. Studio argues that it is the receiver who has consistently refused to cooperate with numerous parties and ignore basic obligations of operating the receivership entities. Finally, Studio contends that each of the actions identified by the receiver are either mischaracterized, authorized by the parties' reorganization documents, or both.

By way of background, DCEH Holdings, LLC ("DCEH"), Dream Center South University, LLC ("South University"), Art Institutes International, LLC ("AI") and other entities entered into a comprehensive set of agreements the purpose of which was to restructure the three university systems owned and operated by DCEH. This plan of reorganization was tacitly approved by the United States Department of Education. Included among the agreements were a Transition Services and License Agreement ("TSA") and certain Managed Services Agreements ("MSAs"), including one between Studio and South University. Studio asserts that these agreements will necessarily transition South University and the Art Institute campuses out of their use of DCEH's IT Platform. These restructuring agreements were acknowledged in a settlement agreement between Studio and the receiver, which agreement, as later amended, was approved by the court (ECF Docs. 82, 85 and 118). The TSA and MSAs were filed in the related case of *Dottore v. Studio Education Management, LLC*, 1:19-cv-380. The court further notes that the parties' Amended and Restated Framework Agreement ("ARFWA") was also filed in the *Dottore* action.

The parties' existing agreements are in force and require or permit actions by Studio. Under one such potential action, Studio was granted the right to hire DCEH IT Platform-related employees and other DCEH employees. It was authorized to do so by Section 4.12 of the ARFWA. Presumably, these employees were at-will employees. The receiver doesn't cite any agreement or covenant preventing the employees from choosing their employer. Thus, they were

free to choose Studio as their employer, and Studio was permitted to hire them. The receiver's argument that Studio violated the receivership order by hiring DCEH IT platform employees lacks merit, particularly given the receiver's obligation to honor the terms of the restructuring agreements.

Studio also negotiated with the landlord of the premises DCEH occupies in Pittsburgh so that it could assume the rental payments for DCEH's Pittsburgh data center. The receiver argues that this act interfered with his rights and obligations under the amended receivership order. However, it does not appear that the receiver has attempted to negotiate with the landlord and he has not presented any better option to the parties. And, given the numerous motions to intervene filed by landlords seeking to force rental payments by the receiver, the court is not confident that the receiver would even fulfill such an obligation. The court agrees with Studio that nothing prevented it from negotiating with a third party and presenting a proposed sublease to the receiver and the court for approval. The receiver's argument that Studio violated the amended receivership order by merely negotiating a proposed lease with the landlord of the Pittsburgh data center is not well taken.

Finally, the receiver contends that Studio attempted to "steal" a series of IP addresses under DCEH's control that allegedly are worth in excess of one million dollars. Studio offers a simple explanation for this allegation – it has been assisting the Arts Institutes to migrate the IP addresses to the Arts Institutes' servers. Studio cites section 4.3 of the ARFWA, which requires DCEH to provide Studio and its representatives with access to information. Studio argues that it was merely attempting to act under the provisions of the restructuring agreements. And it points out that it has been impeded by adversarial postures taken by the receiver at every turn. Notably, the receiver only accuses Studio of "attempting" to "steal" the IP addresses. There is no

evidence that any IP addresses were actually misappropriated or that Studio actually lacked the right to do what it started to do. A hearing on this issue would undoubtedly devolve into a battle of fact witnesses testifying about something that did not actually happen. There are better uses for the receiver's – and the court's – time and resources. The receiver's argument that Studio is in contempt for *attempting* to "steal" IP addresses is not well taken.

From the information submitted, the court reaches the following conclusions without need of an evidentiary hearing:

1. DCEH, South University, AI and Studio entered into agreements effective January 7, 2019 to restructure the DCEH university systems.

2. Those agreements obligated or enabled Studio and the parties to take defined actions to perform the agreements.

3. The receiver, from immediately after his appointment, took steps to undo these agreements, as evidenced by his filings in the separate action he filed against Studio.

4. The receiver settled his case against Studio and obligated himself to abide by – and not interfere with – the restructuring agreements.

5. The court approved the settlement agreement entered into between the receiver and Studio.

6. Studio has done nothing other than attempt to perform under the terms of the restructuring agreements.

The receiver's emergency motion for an order requiring Studio and John J. Altorelli to show cause why they should not be held in contempt (ECF Doc. 252) is not well taken and is DENIED.

IT IS SO ORDERED.

Dated: April 24, 2019

                                                *s/Dan Aaron Polster*

                                                Thomas M. Parker
                                                United States Magistrate Judge