UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) | CASE NO. 1:19-cv-145 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECEIVER'S REPLY TO STUDIO'S RESPONSE TO
REPORT OF THE RECEIVER REGARDING PLAN TO PROVIDE ONGOING
SERVICES TO UNIVERSITIES [DOC. 274]**

Studio Enterprise Manager, LLC ("Studio") does not dispute that it has failed to pay the Receiver *anything* since the settlement of the *Dottore v. Studio Enterprise Manager, LLC et al.* matter at the end of February. Instead, Studio claims that because it has not received TSA Fees from Dream Center South University, LLC ("South University") and The Arts Institute International, LLC ("Ai"), it is relieved from paying the Receiver anything under the Transition Services and License Agreement ("TSLA"). Before proceeding further, we must address Studio's contention that it owes nothing in part because it has received no money from Ai. The contention is curious given that Ai is affiliated with Studio. Studio, through one of its affiliates, Education Principle Foundation, owns and controls Ai. *See* Equity and Asset Purchase Agreement at Recital ¶ C & § 1.1 (noting that "Studio has designated (a) [Education Principle] Foundation to purchase the Equity Interests of [Ai] . . . .").[1]  Thus, Studio must have directed its

---

[1] The contract was attached to the Receiver's Complaint as Exhibit E (Doc. 1-8) in the *Dottore v. Studio Enterprise Manager, LLC et al.*, Case No. 1:19-cv-380 (N.D. Ohio) matter.

{01310696-7}

affiliate to pay it nothing so, in turn, it can claim it owes the Receiver nothing. Ai's failure to pay is *Studio's* failure to pay.

Studio's arguments also conveniently ignore its promises to this Court that it would timely pay the bills related to the DCEH IT System and it ignores this Court's orders. When the Court considered South University's limited objection to the Receiver and Studio's settlement agreement, Studio's representative, John J. Altorelli ("Altorelli"), stood before the Court and, falsely, told the Court, "All the bills have been paid. They're still up and running. We've committed in the agreement, in the settlement, to provide the services and to pay for those services. So there is no issue." 3/18/19 Tr. 13:18-21 [Doc. 188]; *see also* 3/19/19 Minutes of Proceedings & Order at 1 [Doc. 190] ("Counsel for Studio indicated that, although it had the right to hold amounts paid for forty-five days, it was not doing so. It was paying all bills for which it had received invoices and backup documents.").

At the March 18 hearing, the Court stated that it was "keeping the platform going. The users will have to pay for it, pay as you go. I don't know how much that is. ***If you want the platform, you'll have to pay for it***." 3/18/19 Tr. 11:23-25 (emphasis added). And the Court ordered "that those bills [for ongoing payroll and utilities for operating the DCEH IT System] be funded by the schools." *Id.* at 22:7; s*ee also* 3/19/19 Minutes of Proceedings & Order at 1 [Doc. 190] ("The court also conditioned approval of the settlement agreement on funds being provided for prompt payment of all bills related to the IT platform."). The Court explained that that if it found those bills were "not being paid, there are going to be people brought in here, and they may not leave the courtroom. All right? And I'm being serious about that. If I find that these bills aren't getting pay, we're going to have a show-cause hearing, and you better bring your toothbrushes." 3/18/19 Tr. 22:9-14 [Doc. 188].

Despite Altorelli's boasts and this Court's orders, the bills related to the IT platform have not been paid by Studio, Ai, or South University — in violation of this Court's orders.[2] Studio and Ai have been riding on the platform for free since the end of February, which is a fact that Studio does not even bother to dispute in its recent response to this Court's order. *See* Studio Resp. [Doc. 274]. Studio and Altorelli like to carp about their supposed fidelity to the "Reorganization Documents" (as that term is defined in Studio's response [Doc. 274 at 1 n.1]), but they do not like to live up to their representations to this Court.

Finally, Studio's assertion that it owes nothing since it has not been receiving the services due under the TSLA, is simply false. The Receiver *has* been providing the majority of the services identified in the TSLA, including: accounting services (Declaration of Jesse Smith, attached as Exhibit A); HR/Benefits services and payroll services (Declaration of Stacie Carter, attached as Exhibit B); procurement services (Declaration of Carl Huhn, attached as Exhibit C); marketing services[3]; state licensing services and central student financial services (Declaration of Deana Henderson, attached as Exhibit D); information technology (Declaration of Drew Smith, attached as Exhibit E); and service center services (Henderson Decl.).[4] Yet, Studio has paid the Receiver nothing under the TSLA. In fact, the only time Studio has *ever* paid under the TSLA is after the Receiver filed suit for Studio's failure to pay.

---

[2] South University and Ai have funded the payroll.
[3] Anne Dean is the DCEH employee with knowledge regarding the marketing services provided to Ai and South. While the Receiver would have preferred to have filed this reply with her declaration attached, Ms. Dean is at a funeral as the moment. The Receiver will therefore supplement this reply with Ms. Dean's declaration when she is available to tender it.
[4] What is especially curious about Studio's completely unsupported assertion that it has not been receiving services under the TSLA is that neither South University nor Ai (or their students) have complained about not receiving these services.

The Receiver does agree with one aspect of Studio's Response: Court intervention may be necessary to force Studio, South and Ai to comply with the TSLA and this Court's order and ensure that the invoices regarding the Shared IT Platform and the facility costs are, in fact, paid.

Dated: April 25, 2019

Respectfully submitted,

/s/ Nicholas R. Oleski
Robert T. Glickman (0059579)
Charles A. Nemer (0009261)
Robert R. Kracht (0025574)
Hugh D. Berkson (0063997)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
can@mccarthylebit.com
rrk@mccarthylebit.com
hdb@mccarthylebit.com
nro@mccarthylebit.com

*Special Counsel for the Receiver*

and

Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
Robert M. Stefancin (0047184)
WHITMER & EHRMAN LLC
2344 Canal Road, Suite 401
Cleveland, Ohio 44113-2535
(216) 771-5056 – Telephone
(216) 771-2450 – Facsimile
mkw@WEadvocate.net
jwe@WEadvocate.net
rms@WEadvocate.net

*Counsel for Mark E. Dottore, Receiver*

## CERTIFICATE OF SERVICE

The foregoing was electronically filed this 25th day of April, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Nicholas R. Oleski
Nicholas R. Oleski (0095808)

{01310696-7}