IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | |
| | ) | **ORDER RE TERMINATION** |
| Defendants. | ) | **OF RECEIVERSHIP** |
| | ) | **AS OF MAY 31, 2019** |
| | ) | |

**I.     Introduction**

Currently before the court is the motion (ECF Doc. 230) of Studio Enterprise Manager, LLC ("Studio") seeking an order requiring the Receiver, Mark E. Dottore, to execute a sublease on behalf of DCEH Educational Holdings, LLC ("DCEH") respecting DCEH's Pittsburgh data center and requiring the receiver to comply with the terms of parties' Reorganization Documents and the court approved settlement agreement (ECF Doc. 126) between the receiver and Studio. The receiver has filed a brief in opposition (ECF Doc. 269).  Intervenor Dream Center South University, LLC ("South University") initially filed a brief in opposition (ECF Doc. 240) but later submitted a statement indicating it had accepted Studio's plan to separate the Art Institutes International, LLC campuses (AI) and South University campuses from use of the DCEH IT Platform by September 2019 (ECF Doc. 267).  And South University also requested the

opportunity to submit a further statement of its position with respect to Studio's motion (ECF Doc. 275) by April 29, 2019. The court will rule on Studio's motion in due course.

The parties have continued to file status reports and position statements which collectively confirm their inability to work together for the preservation of the DCEH IT platform. *See, e.g.*, ECF Doc. 247, ECF Doc. 252, ECF Doc. 256, ECF Doc. 257, ECF Doc. 261, ECF Doc. 267, ECF Doc. 268, ECF Doc. 274, ECF Doc. 282, ECF Doc. 283, ECF Doc. 284.

## II. Termination of Receivership

The court has concluded this receivership must be terminated and hereby notifies the parties, intervenors and public that the termination date shall be **May 31, 2019**.

### A. Reasons for Termination of Receivership

The receiver was appointed at a time when teach-outs were in process or being contemplated at numerous campuses of Argosy University, two campuses of South University and a small number of AI campuses. The justification for the appointment of a receiver was that if the financially troubled DCEH or the entities under its control were to seek bankruptcy protection it would immediately impair the rights of the various DCEH schools to receive funding under Title IV of the Higher Education Act. When the receiver order was filed, the court was not informed that DCEH, South University, AI and Studio and their related entities had entered into a comprehensive set of contracts to reorganize and separate the three DCEH university systems ("Reorganization Agreements"). When it was not apprised that the United States Department of Education ("US DOE") had been informed of and expressed its views concerning the elements of Reorganization Agreements before the agreements were finalized. And the court was not informed that US DOE had indicated that the appointment of a receiver

for the DCEH schools would further restrict – and potentially impair – the ability of those schools to obtain Title IV funds.

Not long after the receiver was appointed, it was discovered that DCEH entities had not properly handled Title IV funds for certain Argosy University campuses. As a result, US DOE advised the receiver that it would no longer allow Title IV funds to be distributed to those Argosy institutions. This loss of funding doomed the Argosy schools, and the receiver was forced to close them precipitously on March 8, 2019. Once the Argosy schools closed, the court began to be inundated with communications from Argosy employees, DCEH employees and others about non-payment of salaries, non-provision of employee benefits, non-payment of rent and non-payment of other ongoing operations expenses of DCEH and its university systems. The court has ordered the receiver to pay what he can of those expenses but has had to come to grips with the reality that the receiver has insufficient funds to satisfy all of the obligations he faces.

Apart from the completion of the current semester of Western State College of Law and the attempts to preserve the Art Institute of Las Vegas, no other ongoing educational activities remain under the receiver's control. Thus, the original reasons for having a receivership have now evaporated. Western State will conclude its Spring semester on or about May 17, 2019 and have its commencement the next day. Even allowing time for Spring semester examinations to be graded, the court concludes that most urgent business of the receivership can be wrapped up by May 31, 2019, and any further court oversight of DCEH entities in receivership can more appropriately be conducted in the United States Bankruptcy Court.

In many respects, this receivership has become a de facto declaratory judgment action in which the receiver, Studio, South University and others have sought rulings from the court concerning how their Reorganization Agreements should be interpreted and enforced. Because

the parties seem unable to agree regarding such matters, the court would be required to conduct mini-adversary proceedings on a continuous basis. But a receivership is not to be used as a vehicle to obtain court interpretation of collateral agreements such as the Reorganization Agreements which primarily govern the affairs of entities not in receivership. And a receivership should not be a vehicle by which the receiver – acting on behalf of a subset of the parties – should be permitted to seek to modify, undo or interfere with negotiated agreements entered into prior to his appointment. This is particularly so when, as here, the receiver is obligated to abide by and honor the Reorganization Agreements as a result the settlement of his action against Studio.

Considering how DCEH entities have been or are being separated under the Reorganization Agreements and given the lack of business prospects for future educational activities by DCEH entities in receivership, it is apparent that the receiver does not now have nor will likely obtain in the future sufficient cash flow from operations to sustain what remains of DCEH. The receiver's counsel has indicated there may be opportunities to pursue adversary actions seeking recoveries from those the receiver contends harmed DCEH. The court acknowledges that such recoveries may well be pursued and may bear some fruit. But any such recovery would be too far in the future to sustain the current operations of DCEH. And any such recoveries could just as readily be sought by a trustee in bankruptcy. In short, not enough remains of DCEH to justify having a receivership.

### B. Orders in Light of Imminent Termination of Receivership

The court makes the following orders in light of the imminent termination of this receivership:

1. The receiver on behalf of DCEH, Studio, South University and AI shall proceed under the terms of the Reorganization Agreements and the parties' Settlement Agreement approved by the court on March 19, 2019 (ECF Doc. 190).

2. Studio must certify not later than May 10, 2019 its compliance with the requirements of the Reorganization Agreements, including its obligations to pay DCEH under the requirements of said agreements. Said certification shall be filed under oath.
3. Studio and the receiver shall file not later than May 10, 2019 a **joint** report concerning how the needs or activities itemized in the receiver's Report regarding plan to provide ongoing services to universities (ECF Doc. 268) will be met or conducted between now and May 31 and how they might be addressed in the period after May 31.
4. The receiver shall file an accounting of all funds received and expended during the receivership not later than May 15, 2019.
5. The receiver's application to retain Baker & Hostetler, LLP as special counsel (ECF Doc. 265) is DENIED.
6. The receiver has moved for an order authorizing the purchase of a "tail" extension of its D&O insurance policies (ECF Doc. 263). The court hereby establishes a deadline of May 1, 2019 for any party to file a brief in regard to said motion.
7. The receiver shall continue in his efforts to secure a buyer for Western State College of Law and otherwise continue to act in accordance with the requirements of the amended order appointing the receiver and other orders of the court.
8. The court invites the parties, intervenors and the US DOE to file, not later than May 10, 2019 position statements concerning specific items they believe should be included in the final order terminating the receivership.
.

IT IS SO ORDERED.

Dated: April 26, 2019

*s/Dan Aaron Polster*

Thomas M. Parker
United States Magistrate Judge