EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH UNIVERSITY OF OHIO, LLC, et al.,<br><br>Defendants. | CASE NO.: 1:19-CV-145<br><br>JUDGE DAN AARON POLSTER<br><br>MAGISTRATE JUDGE THOMAS M. PARKER |

**DECLARATION OF MARK E. DOTTORE, RECEIVER, IN SUPPORT OF MOTION FOR TEMPORARY AND PERMANENT INJUNCTIONS PURSUANT TO THE ALL-WRITS ACT**

Mark E. Dottore, an individual over the age of 18 years, and the Receiver in the within action, deposes and says that, to the best of his knowledge:

1. Dream Center Education Holdings, LLC ("**DCEH**") provided various benefits, including medical and prescription drug benefits (the "**Benefits**") to certain of its and its direct or indirect subsidiaries' employees, their dependents and some other covered individuals (collectively, the "**Plan Participants**"), pursuant to an employee welfare benefit plan (the

{00021559-1 }

"**Plan**") established under the Employee Retirement Income Security Act of 1974, as amended. 29 U.S.C. § 1001, *et seq.* ("**ERISA**").

2. The Benefits that DCEH made available to the Plan Participants were self-insured by DCEH, meaning that all Benefits obligations under the Plan are obligations of DCEH. Pursuant to a certain Master Services Agreement (the "**MSA**"), Aetna Life Insurance Company ("**Aetna**") provided claim administration services for the Plan.

3. While neither DCEH nor Aetna has been unable to identify an executed version of the MSA between Aetna and DCEH, the parties performed in accordance with the terms and conditions of the unexecuted MSA throughout their relationship. A true copy of the MSA is attached as Exhibit "1" to the Declaration of Kristen Miller [Dkt. No. 249].

4. Under the MSA, DCEH paid Aetna a monthly fee (the "**Fee**") for Aetna to provide claims administration services. As part of the Fee, Aetna processed claims from healthcare providers for Benefits obtained by the Plan Participants (the "**Claims**") and determined the amount approved for payment.

5. DCEH terminated the MSA effective December 31, 2018 ("**Termination Date**"). In addition, DCEH did not pay the December 2018 Fees owed to Aetna in the amount of $110,872.06 nor did it pay any fees to Aetna after the Termination Date. ("**Unpaid Fees**").

6. Thereafter, Aetna received Claims from health care providers for services rendered prior to the Termination Date to be processed and paid, which as of April 3, 2019, are in the approximate amount of $5,980,083.56, which continue to increase ("**Runoff Claims**").

{00021559-1 }

7.      DCEH's has not paid any of the Runoff Claims because it is unable to do so. Because DCEH filed to pay Aetna for the Fee or fund the Claims, Aetna ceased all Claims processing.

8.      After December 31, 2018, DCEH established a new ERISA employee welfare benefit plan (the "**Second Plan**") which provided the various Benefits to the Plan Participants. The Benefits under the Second Plan were also self-insured by DCEH.

9.      On or about December 19, 2018, DCEH entered into a Welfare Plan Services Agreement (the "**BAS Services Agreement**") with Benefit Administrative Systems ("**BAS**") pursuant to which BAS was to administer the Second Plan. Under the BAS Services Agreement, BAS was paid an administration fee, in part, to process claims from healthcare providers for Benefits obtained by the Plan Participants (the "**Second Plan Claims**").

10.     DCEH did not pay BAS any fees that were due for administering the Second Plan (the "**BAS Fees**") under the BAS Services Agreement. The Receivership was completely without any means to pay the BAS Fees or the Second Plan Claims.

11.     Thereafter, BAS received Second Plan Claims from health care providers for services rendered to be processed and paid. BAS administered Second Plan Claims in the amount of $953,785.99. In addition, as of April 18, 2019, there are additional Second Plan Claims that have been submitted for administration that are in the approximate amount of $7,252,982.72, and which continue to increase ("**Second Plan Runoff Claims**").

12. DCEH has not paid any of the Second Plan Claims or the Second Plan Runoff Claims because it is unable to do so. Because DCEH filed to pay BAS for the Fee or fund the Second Plan Claims, BAS ceased all Claims processing.

13. The Claims, the Runoff Claims, the Second Plan Claims and the Second Plan Runoff Claims (collectively, the "**Covered Claims**") continue to be due and owing to the Providers, who are expected to take Collection Actions.

14. The Receiver believes that DCEH possesses certain causes of action against third-parties that, if successfully pursued, could provide additional assets sufficient to pay the Covered Claims in whole or in part.

15. The pursuit of those causes of action, however, will take time. The Receiver is aware of the Court' recent Order stating that the receivership is to be terminated. Regardless of how long the Receivership lasts, the Receiver is requesting that the Court offer what protection is possible to the Beneficiaries.

_____
Mark E. Dottore

SWORN TO BEFORE ME and subscribed in my presence, this 2nd day of May, 2019.

_____
Notary Public

JAMES W. EHRMAN, Attorney at Law
Notary Public — State of Ohio
My Commission Has No Expiration Date
Sec. 147.03 R. C.

{00021559-1 }