**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIGITAL MEDIA SOLUTIONS, LLC,** | ) | **CASE NO. 1:19 CV 145** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **SOUTH UNIVERSITY OF OHIO, LLC,** | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 11, 2019, Hemingway at Richmond, LLC ("Hemingway") filed a motion to charge all accrued and ongoing post-receivership rent as a cost to Plaintiff Digital Media Solutions, LLC ("DMS"). **Doc #: 139**. On March 19, 2019, 3601 Sunflower, LLC ("Sunflower") filed a similar motion relying on the same cases as Hemingway. **Doc #: 189**. Magistrate Judge Parker reviewed the motions, the response briefs, Doc ##: 201, 202, and Sunflower's reply, Doc #: 218.

On April 15, 2019, the Magistrate Judge issued an R&R recommending that the Court deny the motions. **Doc #: 260**. In doing so, he found the landlords' arguments compelling. However, he also found that it appeared the receivership did "some good" and that it would be inequitable to charge DMS with millions of dollars in damages resulting from the receiver's failure to pay rent after taking possession of the receivership estate. *Id*. at 2. He determined that there was no evidence that DMS knew the receiver would fail to pay rent to the landlords or that DMS had been advised pre-suit that the U.S. Department of Education would imminently cut off

Title IV funding to the Argosy campuses, "funds the receiver required in order to maintain the Argosy campuses as going educational institutions." *Id*. Accordingly, absent "special circumstances" justifying what is, in effect, an onerous sanction, the Magistrate Judge recommended that the undersigned follow the "general rule" that costs and expenses of the receivership should be a charge on the property or fund under control of the receiver. *Id*. at 3 (citing *Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 375-76 (1908)).

Presently before the Court is Sunflower's timely filed Objections to the R&R.[1] **Doc #: 286**. According to Sunflower, the Magistrate Judge has erred in not finding that special circumstances accompanying the creation of this particular receivership warrant charging costs to DMS. And, if the Court does not agree with Sunflower, it asks the Court hold its decision in abeyance and permit Sunflower to conduct discovery on this issue. Alternatively, Sunflower argues that the Magistrate Judge erred by not considering its request for alternative relief, "in which it sought priority over the receiver and his counsel's fees when distributions are made from the receivership estate." *Id*. at 1.

There are several problems with Sunflower's argument. First, Sunflower has failed to provide the evidence necessary to grant the requested sanction and there is no time to conduct discovery before the termination of the receivership on May 31, 2019. *See* Doc #: 285. Furthermore, Sunflower did not request the alternative relief in its initial motion, first mentioned alternative relief in the concluding paragraph of its reply brief, and cited no applicable legal

(continued on next page)

---

[1]The time for filing objections to the R&R has expired and Hemingway did not file Objections.

authority that would allow this Court to dictate the priority of creditors in bankruptcy. *See* Doc #: 218 at 9. "[A] reply brief is not the proper place to raise an issue for the first time." *Ross v. Choice Hotels Int., Inc.*, 882 F.Supp.2d 951, 958 (S.D. Ohio Aug. 1, 2012) (omitting citations to numerous Ohio district court cases declining to address an argument improperly raised for the first time in a reply memorandum). The Court declines to entertain the requested alternative relief now.

Accordingly, the Court **OVERRULES** Sunflower's Objections, **Doc #: 286**, **AFFIRMS** Magistrate Judge Parker's thorough, well-written R&R, **Doc #: 260**, and **DENIES** the pending motions, **Doc ##: 139** (Hemingway), **189** (Sunflower).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     May 2, 2019*
**Dan Aaron Polster**
**United States District Judge**