**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) | CASE NO. 1:19-cv-00145-DAP |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF RECEIVER'S MOTION FOR RECONSIDERATION OF ORDER ALLOWING STUDENT INTERVENORS' TO CONDUCT DISCOVERY [DOC. 246]**

**I.    INTRODUCTION**

Student intervenors Marina Awed, Kendrick Harrison, and Jayne Kenney (collectively, the "Student Intervenors") claim that they are entitled to far reaching discovery even though they assert no claims in this action and have not been granted leave by this Court to assert claims in the context of this case or anywhere else.  The Federal Rules of Civil Procedure allow discovery only when the discovery sought "is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Conversely, if the discovery sought is irrelevant to any party's claim or defense, then the discovery should not be permitted.  The Student Intervenors assert no claim and do not even argue that their requested discovery is relevant to any party's claim or defense.  *See* Student Intervenors' Resp. [Doc. 297].  Instead, they claim that not permitting their extensive discovery would be "unjust."  But they cite no authority for the extraordinary proposition that a party can serve discovery that is irrelevant to any of the asserted

claims or defenses in the action. They cannot because such a result would be in contradistinction to the plain language of Rule 26.

In any event, the impending termination of the Receivership does not, as the Student Intervenors argue, mitigate in favor of the Receiver and his counsel devoting substantial time and resources responding to their overbroad discovery requests. Instead, the Receiver should be focused on attempting—as best he can—to continue efforts to sell the Western State College of Law and the Art Institute of Las Vegas by the Court-imposed May 31, 2019 termination date. Stated simply, as this Receivership winds up in short order, the Receiver should be focused on attempting to save the operating schools and their students in the Receivership, not on providing documentation to plaintiffs' lawyers trying to determine whether they have basis to file a class action lawsuit.

Accordingly, the Receiver asks the Court to reconsider its Order [Doc. 246] to the extent that it permits the Student Intervenors to serve discovery upon the Receiver that is irrelevant to any of the claims or defenses in this action.

## II. ARGUMENT

### A. Reconsideration is Appropriate Since the Receiver Was Not Afforded the Chance to Oppose the Student Intervenors' Initial Motion.

The Student Intervenors offer no riposte to the Receiver's argument that reconsideration of the Court's Order [Doc. 246] is appropriate because the Receiver was not afforded the opportunity to oppose the Student Intervenors' initial motion. Instead, the Student Intervenors say that the Receiver has not demonstrated a "manifest injustice" warranting reconsideration. But a "manifest injustice" is simply "[a]n error in the trial court that is direct, obvious, and observable" and results in an injustice.

2

*Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 331 (6th Cir. 2014).  Here, the error is obvious: the Court ruled without allowing the Receiver to weigh in on the Student Intervenors' motion.  And the error resulted in an injustice: a party without any claims or defenses being allowed to serve overbroad discovery requests.[1]

### B. The Student Intervenors Cite No Authority For the Proposition that an Intervenor May Conduct Discovery that is Irrelevant to any Party's Claims or Defenses.

The Student Intervenors cite no case decided under Rule 26 and do not argue that their discovery requests are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This omission dooms their requested discovery.  Although the Student Intervenors fault the Receiver for failing to cite a case decided under the intervention rule, Rule 24,[2] that rule is irrelevant.  Quite simply, any discovery sought by any party—plaintiff, defendant, third-party defendant, intervenor, etc.—in a district court must be relevant to any party's claims or defenses.  If, like here, the discovery is irrelevant, "[a] district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x 43, 51 (6th Cir. 2010) (quoting *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999)).

---

[1] Although this Court effectively denied the Student Intervenors the relief they sought—either to conduct expedited discovery or leave of Court to sue the Receiver (*see* Student Intervenors' Mot. at 2 [Doc. 236])—the Court said in its Order that the Student Intervenors "may conduct standard discovery in accordance with the Federal Rules of Civil Procedure." Order at 2 [Doc. 246].

[2] The Receiver notes, in passing, that the intervention rule requires, among other things, that the proposed intervenor's motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).  The Student Intervenors' motion was not.  *See* [Doc. 234].

3

The Student Intervenors' fallback equity arguments likewise fail in light of the plain language of Rule 26.  The Student Intervenors say that not permitting discovery in this action is particularly unjust in light of the injunctions and stays contained in the Amended Receiver Order [Doc. 150].  But the Student Intervenors could simply ask this Court to lift the injunctions and stays and allow them to file an action in which the discovery they seek would presumably be relevant.  In fact, that's exactly what the Student Intervenors did here; they asked in their motion for expedited discovery, as alternative relief, for this Court to lift the stays.  *See* Student Intervenors' Mot. at 2 [Doc. 236].  The Court declined to lift the stays.  *See* Order [Doc. 246].  And with the Receivership soon ending, and with those corresponding stays presumably ending as well, the urgency of the Student Intervenors' requests have diminished.  Once the stays terminate, they can institute whatever action against Dream Center Education Holdings, LLC or others they think appropriate in the appropriate jurisdiction to attempt to recoup the missing stipends.  But absent any claim in this action, their requested discovery must be denied.

### C. This Court's April 26 Order Terminating the Receivership Effective May 31 Does Not Alter this Analysis.

Although this Court's April 26 Order notified all parties that the Court intends to terminate the Receivership on May 31, the Order does not mitigate in favor of allowing the Student Intervenors to conduct their requested discovery.  Instead, it mitigates against allowing the discovery.  After all, the Receiver has much work ahead of him to wind down the Receivership in three weeks.  This work includes attempting to close transactions involving two of the operating schools in the Receivership: the Western State College of Law and the Art Institute of Las Vegas.  While the Receiver does not

4

minimize the hardship the Student Intervenors and all affected Argosy students may be experiencing, his efforts as he winds down the Receivership should focus on protecting those students in still in the Receivership Estate's remaining schools (including Student Intervenor Awed).  Obviously, should the Court require the Receiver to issue a report on the status of his investigation before the termination of the Receivership, the Receiver will comply.

## IV.    CONCLUSION

For the reasons stated herein and in the Receiver's initial motion, the Receiver prays that the Court reconsider its Order [Doc. 246] and thereby deny the Student Interveners the right to conduct discovery in this action.

Dated: May 9, 2019                                    Respectfully submitted,

/s/ Hugh D. Berkson
Robert T. Glickman (0059579)
Charles A. Nemer (0009261)
Robert R. Kracht (0025574)
Hugh D. Berkson (0063997)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
can@mccarthylebit.com
rrk@mccarthylebit.com
hdb@mccarthylebit.com
nro@mccarthylebit.com

*Special Counsel for the Receiver*

**CERTIFICATE OF SERVICE**

The foregoing was electronically filed this 9th day of May, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hugh D. Berkson
Hugh D. Berkson (0063997)
