## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) |
| | ) CASE NO. 1:19-CV-145 |
| Plaintiff, | ) |
| | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| SOUTH UNIVERSITY OF OHIO, LLC, | ) THOMAS M. PARKER |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

**INTERVENORS EMMANUEL DUNAGAN, JESSICA MUSCARI,
ROBERT J. INFUSINO AND STEPHANIE PORRECA'S POSITION
STATEMENT CONCERNING THE FINAL RECEIVERSHIP ORDER**

The Court has invited the parties, Intervenors and the United States to submit position statements for items that should be included in the final order terminating the Receivership. (Dkt. 285.) Intervenors Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino and Stephanie Porreca ("Dunagan Intervenors")[1] respectfully request that the Court order the Receiver to file a report that: (i) describes all steps taken to date to comply with the terms of the Corrective Action Plan described below; (ii) provides an accounting of the assets available to satisfy the terms of the Corrective Action Plan, including the existence of any insurance policies; (iii) identifies who will control the Receivership entity defendants in the Dunagan litigation—Dream Center Educational

---

[1] Dunagan Intervenors are named representatives in a proposed class-action lawsuit pending in the United States District Court for the Northern District of Illinois against three Receivership entities (Dream Center Education Holdings LLC, the Illinois Institute of Art LLC, and Illinois Institute of Art-Schaumburg, LLC) and one non-Receivership entity (the Dream Center Foundation). *See Dunagan et al. v. Illinois Institute of Art, LLC, et al.*, No. 19-cv-0809 (N.D. Ill.).

Holdings, LLC ("DCEH"), the Illinois Institute of Art, LLC ("IIA"), and the Illinois Institute of Art-Schaumburg, LLC ("IIA-Schaumburg")—once the Receivership terminates; and (iv) describes how DCEH, IIA, and IIA-Schaumburg plan to meet their legal obligation to preserve all records potentially relevant to the Dunagan litigation, including both hard copy and electronic records.

As the Court is aware, the Receiver is bound by a Consent Judgment with 40 state attorneys general, overseen by Settlement Administrator Thomas J. Perrelli, who has also intervened in this case. (Dkts. 77, 144.) On March 12, 2019, the Court ordered Mr. Perrelli to provide "a list of any current obligations" that the Administrator "contends the receiver must take in order to be in compliance with the consent judgment." (Dkt. 144.)

On March 22, 2019, Mr. Perrelli explained that the Receiver is legally required to satisfy the terms of a Corrective Action Plan that requires the return of millions of dollars in tuition payments to, among others, students who attended the Illinois Institute of Art on, or after, January 20, 2018. (Dkt. 199 at 3.) Those students include the Dunagan Intervenors and proposed class in the Dunagan litigation. This obligation arises from Mr. Perrelli's finding that these Illinois Institute of Art students, along with students who attended the Art Institute of Colorado, were "wrongfully induced to pay tuition" based on substantial misrepresentations and omissions regarding the schools' loss of accreditation on January 20, 2018. (*Id.* at 3-4.) Exercising his authority under the Consent Judgment, Mr. Perrelli found that these misrepresentations and omissions constitute "an egregious act of non-compliance" under the Consent Judgment. (*Id.* at 4.)

To date, the Dunagan Intervenors have heard nothing from the Receiver regarding satisfaction of their claims or compliance with the Corrective Active Plan. Aware that

Receivership assets are limited, the Dunagan Intervenors also have received no information from the Receiver regarding assets available to satisfy these obligations or the existence of any insurance policies that might provide coverage. The Receivership should not terminate without a report detailing the steps taken toward compliance and an accounting of the assets available to satisfy the Receiver's obligations.

The Dunagan Intervenors are also concerned that, with termination of the Receivership, no one will be left accountable to preserve critical records relevant to their ongoing litigation, including emails and other electronic records stored on DCEH, IIA, and/or IIA-Schaumburg servers. Clearly, DCEH, IIA, and IIA-Schaumburg are legally obligated to preserve records in light of the pending litigation. The Receiver should therefore state who will be in charge of DCEH, IIA, and IIA-Schaumburg upon termination of the Receivership, and provide a report describing the plan to ensure that all records relevant to the Dunagan litigation will be preserved.

## **CONCLUSION**

For the above stated reasons, the Dunagan Intervenors respectfully request that the Court order the Receiver to file a report that: (i) describes all steps taken to date to comply with the terms of the Corrective Action Plan; (ii) provides an accounting of the assets available to satisfy the terms of the Corrective Action Plan, including the existence of any insurance policies; (iii) identifies who will control DCEH, IIA, and IIA-Schaumburg once the Receivership terminates; and (iv) describes how DCEH, IIA, and IIA-Schaumburg plan to meet their legal obligation to preserve all records relevant to the Dunagan litigation, including both hard copy and electronic records.

Dated: May 10, 2019                    Respectfully submitted,

                                                *s/Richard S. Gurbst*
Richard S. Gurbst (Bar # 0017672)
Eleanor M. Hagan (Bar # 0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Telephone: +1 216 479 8500
E-mail: *richard.gurbst@squirepb.com*
       *eleanor.hagan@squirepb.com*

Eric Rothschild
(Admitted Pro Hac Vice)
Alexander S. Elson
(Admitted Pro Hac Vice)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC  20005
Telephone:  +1 202 734 7495
E-mail:  *alex@nsldn.org*
       *eric@nsldn.org*

Counsel for Intervenors,
Emmanuel Dunagan, Jessica Muscari,
Robert J. Infusino and Stephanie Porreca

## CERTIFICATE OF SERVICE

It is hereby certified that on the 10th day of May, 2019, the foregoing Position Statement was electronically filed through the Court's CM/ECF system, which caused the parties or counsel to be served by electronic means.  The parties may access this filing through the Court's ECF system.

                                           *s/Richard S. Gurbst*
                                           One of the Attorneys for Intervenors
                                           Emmanuel Dunagan, Jessica Muscari,
                                           Robert J. Infusino and Stephanie Porreca