IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:19-cv-145 |
| | ) | |
| SOUTH UNIVERSITY | ) | JUDGE DAN AARON POLSTER |
| OF OHIO, LLC, *et al.* | ) | MAGISTRATE JUDGE |
| Defendants. | ) | THOMAS M. PARKER |

**UNITED STATES' STATEMENT OF INTEREST
CONCERNING RECEIVERSHIP TERMINATION ORDER**

In response to the Order re Termination of Receivership as of May 31, 2019 (ECF No. 285) ("Termination Notice Order") seeking input about what an order terminating the receivership (the "Termination Order") should contain, the United States, on behalf of the Department of Education ("Education"), files this Statement of Interest pursuant to 28 U.S.C. § 517.[1]

## STATUTORY AND REGULATORY BACKGROUND

Title IV of the Higher Education Act ("HEA") establishes federal student financial aid programs through which the government forwards student loan proceeds to eligible higher education institutions. *See* 20 U.S.C. § 1070(a). To demonstrate financial responsibility, an institution must meet certain specified financial obligations and regulatory measures. *See* 34 C.F.R. §§ 668.171-668.173.

Even if an institution is found to no longer be eligible under the HEA to participate in Title IV programs, it must continue comply with applicable regulations. *E.g.*, 34 C.F.R.

---

[1] 28 U.S.C. § 517 provides that "any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

§§ 668.26, 674.17(a).  After an institution stops receiving Title IV funds, for example, it must arrange for an independent audit of all Title IV funds received, and submit the resulting "close-out" audit report to Education within 90 days after the end of its participation.  34 C.F.R. § 668.26(b)(2); *see also* 34 C.F.R. § 668.82(b)(1) ("In the capacity of a fiduciary—(1) A participating institution is subject to the highest standard of care and diligence in administering the programs and in accounting to the Secretary for the funds received under those programs.").

A closed institution must "[i]nform the Secretary of the arrangements that the institution has made for the proper retention and storage for a minimum of three years of all records concerning the administration of that program."  34 C.F.R.  § 668.26(b)(3).

Institutions have additional obligations if they participate in the Federal Perkins Loan program ("Perkins Loan Program"), 20 U.S.C. §§ 1087aa-1087hh.  This program "provides low-interest loans to financially needy students attending institutions of higher education to help them pay their educational costs."  34 C.F.R. § 674.1.  Loans made under Perkins Loan Program are funded by contributions from the government and the eligible institution.  *See* 34 C.F.R. § 674.8.  An institution participating in the Federal Perkins Loan Program must establish and maintain a fund ("Perkins Fund") into which it deposits federal contributions allocated to such fund, as well as institutional contributions to the fund, together with any repayments of principal and interest and any other earnings on the assets.  34 C.F.R. § 674.8.  If an institution responsible for the Perkins Fund closes, Education's regulations provide for a "capital distribution of the liquid assets of the Fund according to section 466(c) of the Act [i.e., 20 U.S.C. § 1087ff(c)]" and "assignment of the outstanding loans to the United States."  34 C.F.R. § 674.17(a).  A closed institution must also "inform the Secretary of how the institution will provide for the collection of any outstanding loans made under that program."  34 C.F.R. § 668.26(b)(4).

Closed institutions are also required to "inform the Secretary of how the institution will provide for the collection of any outstanding loans made under the National Defense/Direct Student Loan programs." *See* 34 C.F.R. § 668.26(b)(6).

Closed institutions likewise must continue to comply with the requirements of 34 C.F.R. § 668.22 for the treatment of Title IV program funds when a student withdraws. 34 C.F.R. § 668.26(b)(7).

In addition, closed institutions must return to Education "any unexpended funds that the institution has received under the Title IV, HEA programs for attendance at the institution, less the institution's administrative allowance, if applicable . . . ." 34 C.F.R. § 668.26(c)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants South University of Ohio, LLC; DCEH Education Holdings, LLC; and Argosy Education Group, LLC (collectively, "Dream Center") own higher education institutions that received Title IV funds. ECF No. 1 ("Complaint" or "Compl.") ¶¶ 4-6, 37; ECF No. 6 ("Answer" or "Ans.") ¶ 4 (admitting allegations of Complaint ¶¶ 4-39). On January 18, 2019, the Court appointed Mark Dottore ("Receiver") as Dream Center's receiver. *See* Receivership Order ¶¶ 1, 10-11.

On February 27, 2019, Education denied a request from Argosy University ("Argosy") for approval of a change in ownership or structure resulting in a change of control. *See* Letter from Michael J. Frola, Director, Multi-Regional and Foreign Schools Participation Division, U.S. Department of Education, to Mark Dottore, Dottore Companies, and Randall K. Barton, Chairman, Dream Center Education Holdings (Feb. 27, 2019), *available at* https://studentaid.ed.gov/sa/sites/default/files/argosy-cio-denial-redacted.pdf (the "Denial Letter").

On April 26, 2019, the Court entered the Termination Notice Order, which states that the receivership will be terminated on May 31, 2019.  The Termination Notice Order invited parties in interest (including Education) to file position statements regarding provisions that the Court should consider including in the Termination Order.

On May 9, 2019, Education sent a letter to the Receiver (the "Education Letter") setting forth the Receiver's failure to arrange for a close-out audit, reminding the Receiver of his regulatory obligations under 34 C.F.R. § 668.26, and requesting certain information from the Receiver. *See* Exhibit 1.

On May 10, 2019, the Receiver filed a status report with the court, disclosing his receipt of the Education Letter and stating that he will not be able to comply with the close-out audit obligations by May 31, 2019.  *See* ECF No. 316 at 3.

## POSITION OF THE UNITED STATES

As long as the receivership is in effect, the Receiver must manage the receivership estate in compliance with Education's regulations.  *See* ECF No. 150 ("The Receiver shall have the authority to operate and manage the Receivership Entities and the Property . . . subject to . . . *applicable law*.") (emphasis added).  Accordingly, to ensure that Education receives the information requested in the Education Letter before the Receiver is relieved of his duties, the United States suggests that the Receiver be required to provide a response that addresses the substance of all requests in the Education Letter no later than seven days before the receivership is terminated.

May 10, 2019

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        JUSTIN E. HERDMAN
        United States Attorney

        SUZANA K. KOCH
        Assistant United States Attorney

        /s/ Danielle A Pham
        RUTH A. HARVEY
        LLOYD H. RANDOLPH
        DANIELLE A. PHAM
        Attorneys
        United States Department of Justice
        P.O. Box 875, Ben Franklin Station
        Washington, D.C. 20044-0875
        Phone: (202) 514-7451
        Email: danielle.pham@usdoj.gov

        Attorneys for the United States

Case: 1:19-cv-00145-DAP  Doc #: 322  Filed:  05/10/19  6 of 6.  PageID #: 9275

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2019, I electronically filed the foregoing UNITED STATES' STATEMENT OF INTEREST CONCERNING RECEIVERSHIP TERMINATION ORDER with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Danielle A. Pham
Danielle A. Pham
Trial Attorney
U.S. Department of Justice