**EXHIBIT 1**



May 9, 2019

*By e-mail transmission only*
*mark@dottoreco.com*

Mr. Mark Dottore
Dottore Companies
2344 Canal Road
Cleveland, OH  44113

Re:  OPEID: 021799 – Argosy University
     OPEID: 007470 – Art Institute of Pittsburgh (The)
     OPEID: 022913 – Art Institute of Seattle (The)[1]

Dear Mr. Dottore:

When a school closes or its participation in the Title IV, HEA programs ends, whether by action of the Department of Education ("Department") or because the school closes, an institution must comply with the regulations set forth in 34 C.F.R. § 668.26.  The Department ended the participation of Argosy University on February 27, 2019, which included the Western State College of Law ("WSCL"), although WSCL continues to operate.  You, as the receiver, closed the Art Institute of Pittsburgh and the Art Institute of Seattle on March 8, 2019 (the Art Institute of Las Vegas continues to operate).[2]

Under 34 C.F.R. § 668.26(b)(2)(ii), an institution must submit to the Department a letter of engagement for a close out audit), within 45 days of the end of participation.  The audit itself must be submitted 45 days thereafter.  No audit engagement letter has been submitted for Argosy, the Art Institute of Pittsburgh, or the Art Institute of Seattle.  The 45-day period to submit the audit engagement letter has expired for all these institutions.  The audit submission date will expire for Argosy on May 28, 2019 will expire for the Art Institutes of Pittsburgh and Seattle on June 6, 2019.

I am writing to remind you of the audit obligation, as well as the other obligations under 34 C.F.R. § 668.26.  Those other obligations include:

---

[1] This letter corrects my letter on the same subject dated May 8, 2019.
[2] Although the entities which own South University Novi and Cleveland were included in the receivership, those schools are in a teach-out administered by South University.



Federal Student Aid, School Participation Division – Multi-Regional and Foreign Schools
830 First Street, NE Washington, DC 20202
StudentAid.gov

1. Informing the Department regarding the arrangements that have been made for the institutions to comply with their obligations to retain and store all records concerning the administration of all Title IV programs as required by 34 C.F.R. § 668.26(b)(3);

2. In regard to the institutions' obligations pursuant to 34 C.F.R. § 668.26(b)(4)(Perkins loans), to inform the Department of the status of the Perkins loan portfolio and the arrangements that have been made to assign the remaining loans to the Department;

3. Informing the Department regarding the arrangements that have been made for the institutions to comply with their obligations under 34 C.F.R. § 668.26(b)(6);

4. Continued compliance with the requirements of 34 C.F.R. § 668.22 for returns to Title IV for students who withdrew; and

5. Compliance with the requirements of 34 C.F.R. § 668.26(c)(i) for unexpended funds.

In addition, please provide us the following information:

1. The identity of any bank account where Perkins funds are deposited, or any planned transfer of those funds to another account as a result of the termination of the receivership; and

2. The arrangements that have been made for students to obtain official transcripts and other records, including diplomas.

Please contact Tara Sikora at Tara.Sikora@ed.gov if you have any questions regarding the content of this letter.

Sincerely,

Michael J. Frola
Director,
Multi-Regional and Foreign Schools Participation Division