UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | : | Case No. 1:19-CV-145 |
| | : | |
| Plaintiff, | : | |
| v. | : | JUDGE DAN AARON POLSTER |
| | : | |
| SOUTH UNIVERSITY OF OHIO, LLC., et al., | : | MAGISTRATE JUDGE |
| | : | THOMAS M. PARKER |
| Defendants. | : | |

**DREAM CENTER SOUTH UNIVERSITY, LLC'S POSITION STATEMENT
CONCERNING THE FINAL ORDER TERMINATING RECEIVERSHIP**

Dream Center South University, LLC ("South"), pursuant to this Court's Order Re

Termination of Receivership (ECF # 285), hereby submits South's Position Statement

Concerning the Final Order Terminating Receivership.

## I.     INTRODUCTION

This Court has expressed its intent to terminate the Receivership as of May 31,

2019.  With the Receivership's termination, South is concerned about continued access to critical

services provided through an IT platform that is an asset of Receivership entity Dream Center

Education Holdings ("DCEH").  Further, during the course of the Receivership, the Receiver has

sought to recover from South fees that South has already paid or fees that are simply

unreasonable and unjustified.  South, therefore, requests that the Final Order Terminating

Receivership (the "Final Order") provide that: (1) South will have continued access to the DCEH

IT Platform; (2) the Receiver shall execute and enter into Studio Enterprise Manager, LLC's

("Studio") proposed Sublease, as described in the (ECF # 230); (3) South bears no obligation to

pay DCEH or the Receiver fees or amounts that are not related to services actually furnished to

South or amounts duplicating payments already made; and (4) South retains all rights, claims,

and defenses it may have against DCEH and any other Receivership Entities.  South reserves the

right to file a supplement or update as may be required in light of potential future developments.

## II.     BACKGROUND

South is a nonprofit university system that, through its subsidiaries, currently consists of ten physical campuses in southeastern America as well as a robust online campus.  Today, more than 10,000 students are enrolled at South, pursuing studies in a wide variety of fields including nursing, information technology, business, and healthcare.  DCEH acquired South and its then subsidiaries, along with certain Arts Institutes schools and Argosy schools, in 2017.  In transactions preceding the Receivership, South and ten of its subsidiaries were transferred from DCEH to Studio's designee, Education Principle Foundation in January 2019 pursuant to certain transactional documents.  DCEH along with various Argosy institutions, South University of Michigan, LLC, South University of Ohio, LLC, and several Arts Institutes institutions entered into receivership.  (ECF 8, Order Appointing Receiver.)  On January 18, 2019, the Court entered an order appointing Mark E. Dottore as Receiver in this case (*Id.* amended Mar. 13, 2019, ECF 72, 150 (the "Receiver Order")).  Pursuant to the Receiver Order, the Receiver was authorized to take control of all assets of the Receivership Entities and to operate and manage the Receivership Entities in his discretion, subject to further orders of the Court and applicable law.

Although the educational curricula offered by South both before and after the January 2019 transactions were separate from the Argosy and Arts Institutes systems, the schools did share certain administrative services and IT systems.  On January 7, 2019, Studio entered into a Transition Services and License Agreement with DCEH ("TSA") under which DCEH was to continue to provide "Shared IT Services," as defined in the TSA, to South with respect to the Shared IT Systems that were jointly used among the three university systems.  (ECF 283-11, TSA ¶ 3.2.)  At that same time, the transactional documents included a Master Services Agreement (the "MSA") between South and Studio through which South was entitled to receive

2

transitional IT services. Under the MSA, Studio's obligations are tied to DCEH's performance of the TSA. (*See* ECF 283-10, MSA at ¶ 1.2.) Studio, DCEH, and South, among others, are parties to a January 7, 2019 Amended and Restated Framework Agreement, which expressly acknowledges that South has the right to use the Shared IT Systems of the institutions. (ECF 283-1, Framework Agreement at ¶ 2.19(b).) Both the MSA and the TSA purport to contain the terms of payment for South's receipt of the Shared IT Services and use of the Shared IT Systems. The Court specifically recognized that South and the Art Institutes, which are not in receivership, rely on the DCEH IT platform to serve their combined 15,000 students. (ECF 162 at 3.)

## III.    ARGUMENT

### A.  The Final Order Should State that South Shall Be Ensured Continued Access to the DCEH IT Platform to Ensure the Availability of Critical Services.

As a court of equity, "a district court has broad powers in fashioning relief in an equity receivership proceeding." *Liberte Capital Group, LLC v. Capwill*, 421 F.3d 377, 382 (6th Cir. 2005). All relevant parties and the Court agree that access to the DCEH IT Platform and related services is critical for South's continued operations. If South were to lose such access, it would experience irreparable injury. Specifically, South itself and thousands of its students would be cut off from all of South's digital services, effectively rendering South unable to remain open as an operational, accredited school.

In the past, DCEH employed the individuals who provided these services to South through the DCEH IT Platform. Currently Studio employs the individuals necessary to provide (1) Compliance Services and (2) other IT Services to South. Those employees require continued access to the DCEH IT Platform—a DCEH asset—in order to provide those services. Upon termination of the Receivership, there will be risks and uncertainties relating to Studio's continued access to the DCEH IT Platform, although Studio claims to have a contractual right for

3

such access. (ECF 261 at PageID 5057-5060.) To minimize those risks, South requests that the Court order that South or those providing services to South on its behalf shall have continued access to the DCEH IT Platform through September 30, 2019.

In addition to granting South continued access to the DCEH IT Platform, South requests that the Court order the Receiver to execute the sublease proposed by Studio. If DCEH enters bankruptcy after the termination of the Receivership, DCEH's lease of the Pittsburgh datacenter would be subject to treatment as an unexpired lease under 11 U.S.C. § 365. The bankruptcy trustee would be entitled to reject the lease, terminating DCEH's rights and obligations thereunder. In turn, the services provided through the DCEH IT Platform housed at the data center would all but certainly be eliminated, thereby freezing South's operations. The sublease will provide certainty in the event of a DCEH bankruptcy by ensuring that the data center and the DCEH IT Platform remain operational for the period contemplated in the sublease, allowing South and AI to unwind from the shared IT systems. The sublease is also beneficial to DCEH in that the datacenter rent obligations would be met through the sublease term.

To lessen the injury that would befall South if South's access to services provided through the DCEH IT Platform was harmed, South requests that the Final Order state that:

(i) South will have continued access to the DCEH IT Platform through September 30, 2019; and

(ii) The Receiver shall execute and enter into Studio's proposed sublease.

**B. South Bears No Obligation to Pay the Receiver or DCEH Fees or Other Charges that Are Unreasonable or Unrelated to Services Actually Furnished to South.**

On April 16, 2019, the Receiver sent an "Invoice" to South requesting immediate payment of $1,037,985. South has numerous meritorious legal and factual defenses to the fees that the Receiver has demanded. Through its January and February TSA payments, South paid the amounts it was contractually obligated to pay for facilities and services fees and any other

charges through February 2019.  South has also already paid for the services it received from DCEH in March and April.  The Receiver and DCEH are not entitled to payments from South for services that were not received.  Moreover, DCEH cannot recoup the costs of this Receivership under the guise of services payments under the TSA or otherwise.

For these reasons, South requests that the Final Order include provisions as follows:

(i)     South bears no obligation to pay Receiver fees or costs; and

(ii)    South bears no obligation to pay DCEH (or the Receiver) amounts that it already paid or amounts for services that have not been received.

In the alternative, the Court should either (a) conduct an evidentiary hearing on the merits of the Receiver's claims and South's defenses thereto before making any final distribution or (b) deny the Receiver's request for a final distribution with a full reservation of rights for the parties to adjudicate these claims and defenses.  To do otherwise would be inequitable and a denial of South's due process rights.

**C.  Developments in the Near Future May Require South to File a Supplement or Further Update With the Court.**

Studio represented to the Court today that it did not pay TSA Fees to the Receiver because South and the Arts Institutes have not paid TSA Fees to Studio since February 2019. (ECF 324 at PageID 9302.)  Studio jointly with the Receiver also represented for the first time today that they may reach a settlement resolving these issues.  (ECF 317 at PageID 9244.)  In the interest of efficiency, South files this Position Statement but reserves its rights to file a supplement to the Position Statement, object, or otherwise respond further to the invoice and the potential settlement until and if it receives more information about its terms.

**D.  The Final Order Should Acknowledge that South Retains its Rights and Claims as it relates to DCEH.**

South intervened in this action primarily to address its interests and needs relating to the

DCEH IT Platform and other trailing entanglements with DCEH. South has not asserted affirmative claims in this action against DCEH or the other Receivership Entities, nor has the Court made any determinations on South's legal or equitable rights vis-à-vis DCEH or the Receivership Entities. For purposes of clarification, South requests that the Final Order acknowledge that: South retains all rights, claims, or interests it may have against or in any every Receivership Entity.

## IV.    CONCLUSION

For all the foregoing reasons, South respectfully requests that the Final Order provide that: (1) South will have continued access to the DCEH IT Platform through September 30, 2019; (2) the Receiver shall execute and enter into Studio Enterprise Manager, LLC's ("Studio") proposed sublease, as described in (ECF # 230); (3) South bears no obligation to pay DCEH or the Receiver fees or amounts that are not related to services actually furnished to South or amounts duplicating payments already made; and (4) South retains all rights and claims it may have against DCEH and any other Receivership Entities. South reserves the right to file a supplement or update as may be required in light of potential future developments.

Respectfully submitted,

COHEN & GRIGSBY, P.C.
By: /s/ Ingrid A. Bohme
Fridrikh V. Shrayber (Ohio Bar No. 0095330)
Ingrid A. Bohme (admitted *pro hac vice*)
Morgan J. Hanson (admitted *pro hac vice*)
Helen S. Ward (admitted *pro hac vice*)
625 Liberty Avenue
Pittsburgh, PA  15222-3152
412-297-4900 / 412-209-0672 (Fax)
fshrayber@cohenlaw.com
ibohme@cohenlaw.com
mhanson@cohenlaw.com
hward@cohenlaw.com
*Attorneys for Intervenor,*
*Dream Center South University, LLC*

Dated: May 10, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2019, the foregoing was filed with the Court electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. Parties identified as not receiving electronic filing notifications will be served by U.S. First Class Mail.

*/s/ Ingrid A. Bohme*