IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

On April 23, 2019, the receiver moved for reconsideration of the order allowing student intervenors ("students") to conduct discovery. ECF Doc. 277. Because the receiver is in the process of doing an investigation and should not be required to prioritize the students' discovery over other pressing concerns of the receivership, the court GRANTS the receiver's motion for reconsideration. (ECF Doc. 277). He will not be required to respond to the discovery requests of the student intervenors.

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Additionally, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991) (internal citations omitted); *see also Leelanau Wine Cellars Ltd. v. Black & Red, Inc.,* 118 F. App'x 942, 945-46 (6th Cir. 2004) (unpublished) (partial grant of summary judgment remains an interlocutory order).

The receiver argues that the court should reconsider its order denying the student intervenors' emergency discovery because it indicated that the students were permitted to conduct discovery. The receiver contends that the students do not have standing because their student loans will be discharged. He points out that he did not have any opportunity to respond to the students' motion before the court issued its initial order granting their motion. He argues that the students' discovery requests are overbroad and disproportional to their claims. Finally, he contends that he should not be forced to prioritize the students' concerns over those of other interested stakeholders.

The students' filed a response on May 2, 2019. ECF Doc. 297. The students argue that their discovery requests are not overly broad and that they are not trying to represent all of the students (as suggested by the receiver.) However, they acknowledge that his discovery responses to their requests may be related to all students who did not receiver their stipend money. They argue that they should be permitted to conduct discovery because the receivership is nearing an end and the receiver must disclose what he has learned in his investigation.

This court enjoys "significant discretion" in "considering a motion to reconsider an interlocutory order." *Rodriguez,* 89 F. App'x at 959, n. 7. The students' have more than a mere

"curiosity" in the receiver's investigation into the stipend money.  However, upon reconsideration, the court finds that the receiver should not be placed in an adversarial position against the students.  Nor should he be required to prioritize their discovery demands over the interests of numerous other parties to this receivership.  As noted in his motion, the receiver intends to file a report once his investigation of the stipend issue is complete.  He will be required to file this report before the receivership is terminated.  For these reasons, the court GRANTS the receiver's motion for reconsideration.  ECF Doc. 277.  The receiver is not required to respond to the discovery requests of the student intervenors.

    IT IS SO ORDERED.

Dated: May 20, 2019

Thomas M. Parker
United States Magistrate Judge