

# STATE OF MINNESOTA

### OFFICE OF THE ATTORNEY GENERAL

**KEITH ELLISON**
**ATTORNEY GENERAL**

SUITE 1800
445 MINNESOTA STREET
ST. PAUL, MN 55101-2134
TELEPHONE: (651) 297-2040

May 10, 2019

*By E-mail And First Class Mail*

The Honorable Thomas M. Parker
Magistrate Judge, U.S. District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue, Room 11B
Cleveland, Ohio 44113-1845

The Honorable Dan Aaron Polster
District Court Judge, U.S. District Court
Northern District of Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Room 18B
Cleveland, Ohio 44113

*Re:* *Digital Media Solutions, LLC vs. South University of Ohio, LLC, et al.*
*Civil File No. 1:19-cv-145*

Dear Magistrate Judge Parker and Judge Polster:

The Minnesota Office of Higher Education (OHE) submits this position statement pursuant to the Court's Order Re: Termination Of Receivership, dated April 26, 2019. [Doc. No. 285] The Order invited "parties, intervenors and the US DOE to file, not later than May 10, 2019, position statements concerning specific items they believe should be included in the final order terminating the receivership." OHE appeared in this matter as an interested party on April 5, 2019. [Doc. No. 233]

For the reasons stated below, OHE respectfully requests that the following items be included in the Court's final termination order:

1. Repayment to OHE of $2,520 in Minnesota GI Bill aid;
2. Repayment to OHE of $54,802 in Minnesota Child Care Grant aid; and
3. Repayment to OHE of $154,825 in Minnesota SELF Loan funds.

OHE's request is supported by the enclosed Affidavit of Betsy Talbot, Manager of OHE's Institutional Registration & Licensing department, with accompanying exhibits.

Toll Free Line: (800) 657-3787 • Minnesota Relay: (800) 627-3529 • www.ag.state.mn.us
Printed on 30% Postconsumer Material Paper



The Honorable Thomas M. Parker
The Honorable Dan Aaron Polster
May 10, 2019
Page 2

## BACKGROUND

The Minnesota Office of Higher Education (OHE), formerly the Minnesota Higher Education Services Office (MHESO), is an executive branch agency authorized by statute to coordinate financial aid programs in the State of Minnesota. Minn. Stat. Ch. 136A. OHE submits this position statement to respectfully request a Court order requiring Receiver Mark E. Dottore (the Receiver) to remit to OHE undisbursed financial aid money transferred to Dream Center Education Holdings, Inc. (DCEH), parent company of receivership entity University – Twin Cities (Argosy - TC). As explained below, the undisbursed aid includes Minnesota GI Bill, Child Care, and SELF Loan funds.

## POSITION STATEMENT

### I.  IMPROPERLY WITHHELD STATE GRANT AID SHOULD BE REPAID TO OHE.

On March 29, 2019, counsel for the Receiver submitted to the Court an Amended Report Regarding Status Of Employees (the Report). [Doc. No. 214] The Report identified "cash accounts that were on deposit at Bank of America," which were moved into Receivership accounts during the week of March 25, 2019. *Id.* at 2. Among the cash accounts transferred into the Receiver's possession was "an account labeled Argosy MN State Grant with $62,348.00." *Id.* OHE now seeks to recoup this $62,348 in State Grant aid and other funds improperly withheld by Argosy – TC.

#### A.   The Court Should Order Repayment of $2,520 in GI Bill Funds.

During the 2018-2019 academic year, Argosy - TC participated in Minnesota's GI Bill program, which is facilitated by OHE. (Affidavit of Betsy Talbot ("Talbot Aff.") ¶2.) The Minnesota GI Bill program was established in 2007 as a means of providing postsecondary financial assistance to Minnesota veterans and service members as well as spouses and children of deceased or severely disabled Minnesota veterans. (*Id.*)

Argosy-TC's participation in the GI Bill Program was governed by a general institutional participation agreement (General Agreement). (Talbot Aff., Ex. 1.) In turn, the General Agreement incorporates by reference OHE's Minnesota Financial Aid Manual (FA Manual), which states:

2

The Honorable Thomas M. Parker
The Honorable Dan Aaron Polster
May 10, 2019
Page 3

> Unless otherwise authorized by the student, whenever an institution applies state financial aid disbursements to a student's account and determines that the amount of those disbursements exceeds or exceeded the amount of allowable charges the institution assessed the student, the institution must pay that balance directly to the student as soon as possible but ***within 14 days*** of the later of:
>
> a. the date that balance occurs,
> b. the first day of classes of a payment period/period of enrollment as applicable, or
> c. the date the student rescinds his or her authorization to hold funds.

(Talbot Aff., Ex. 1 at 1 (incorporating by reference the FA Manual), Ex. 2 at 83 (emphasis added).) By signing the General Agreement, Argosy – TC also agreed to honor any requests for return of excess cash balances sent by OHE throughout the aid year, and return the requested amount within 10 days of receiving the request. (*Id., Ex.* 2 at 117.)

On October 1, 2018, Argosy - TC received an advance payment of $4,020 in Minnesota GI Bill funds. (*Id.*, ¶5 and Ex. 3.) According to OHE's 2019 Auditor Report for the Minnesota GI Bill, $2,520 is currently owed to OHE as undisbursed financial aid. (*Id.* ¶6; Ex. 4 at 1.) As such, and pursuant to the General Agreement, OHE respectfully requests that the Court order the Receiver to repay $2,250 in Minnesota GI Bill Grant aid prior to termination of the receivership.

### B. The Court Should Also Order Repayment of $58,414 in Minnesota Child Care Grant Funds.

During the 2018-19 academic year, Argosy - TC also participated in OHE's Child Care Grant Program, which is intended to reduce the costs of child care for students who attend certain eligible postsecondary institutions. (*Id.*, ¶7.) *See also* Minn. Stat. § 136A.125, subd. 1. Argosy - TC's participation in the Child Care Grant Program was governed by the General Agreement and FA Manual. (*Id.*, Exs. 1 and 2.)

On August 8, 2018, Argosy - TC received from OHE an advance payment of $22,737 in Child Care Grant Funds, and an additional advance payment of $57,623 on December 12, 2018. (Talbot Aff.. Ex 5.) According to Argosy - TC's End of Year Report reconciliation statement, Argosy - TC properly paid itself $3,612 in administrative

The Honorable Thomas M. Parker
The Honorable Dan Aaron Polster
May 10, 2019
Page 4

fees, disbursed $24,798 to students, and improperly withheld $54,802 that is now owing to OHE under the terms of the General Agreement and FA Manual. (*Id.* ¶9, Ex. 6.) OHE therefore respectfully requests a Court order requiring Receiver to repay $54,802 in withheld Child Care Grant aid.

## II. IMPROPERLY WITHHELD SELF LOAN FUNDS SHOULD BE REPAID TO OHE.

During the 2018-2019 academic year, Argosy - TC participated in Minnesota's SELF Loan Program. (*Id.*, ¶10.) A SELF Loan is a long-term, low-interest educational loan for students who need assistance paying for education beyond high school. (*Id.*) Participation in the SELF loan program was governed, in part, by an institutional participation agreement (SELF Loan Agreement), executed on October 29, 2001 by Argosy - TC. (*Id.*, Ex. 7.) The SELF Loan Agreement required that Argosy - TC return to OHE any SELF loan proceeds that were not disbursed to students within 30 days of delivery of the loan funds. (*Id.* at 3.)

Between January 3, 2019 and February 25, 2019 OHE delivered to Argosy - TC $154,825 in SELF Loan funds. (*Id.*, ¶11, Ex. 8.) Pursuant to the SELF Loan Agreement, Argosy - TC was required to apply those funds to students' costs of attendance, including tuition and room and board charges, and then transfer to students any remaining amount in the form of a stipend. (*Id.*, Ex. 7 at 2.) Students rely on the stipends to pay for critical living expenses, like rent, utilities, food and transportation. (Talbot Aff., ¶12.)

Using Argosy - TC's financial statements, however, OHE has learned that $88,940.92 of SELF Loan funds due as stipends were never disbursed to students. (*Id.*, ¶11, Ex. 9.) Pursuant to the executed SELF Loan Agreement, OHE requests from the Court an order requiring the Receiver to repay to OHE $154,825 in Minnesota SELF Loan funds. Ordering repayment of the full amount ($154,825) of SELF Loan funds is appropriate given that Argosy - TC students who borrowed SELF loans for the Spring 2019 semester received no benefit for any tuition paid using their SELF loan funds. (*Id.*, ¶14.) OHE intends to reverse the Spring 2019 SELF Loan disbursement for students affected by Argosy - TC's abrupt closure. (*Id.*)

The Honorable Thomas M. Parker
The Honorable Dan Aaron Polster
May 10, 2019
Page 5

## CONCLUSION

For the reasons stated above, OHE respectfully requests an order requiring the Receiver to repay to OHE $2,520 in Minnesota GI Bill aid, $54,802 in Minnesota Child Care Grant aid; and $154,825 in Minnesota SELF Loan funds. Should the Court determine that additional information is required of OHE in order to include these items in its termination order, the undersigned will provide additional briefing at the Court's request.

Dated: 5.10.2019          Respectfully submitted,

IAN M. WELSH
Assistant Attorney General
Atty. Reg. No. 0396287

445 Minnesota Street, Suite 1800
St. Paul, Minnesota 55101-2128
(651) 757-1018 (Voice)
(651) 297-1235 (Fax)
ian.welsh@ag.state.mn.us

ATTORNEY FOR MINNESOTA OFFICE
OF HIGHER EDUCATION