IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

### I.     Introduction

On May 2, 2019, Receiver Mark E. Dottore filed a motion for preliminary and permanent injunctions pursuant to the All-Writs Act.  ECF Doc. 295.  The receiver reports that, since December 2018, neither he nor Dream Center Education Holdings, LLC ("DCEH"), has paid for administration services received from two different entities.  Further, neither the receiver nor DCEH has paid any claims for medical services received by DCEH's employees during that time period.  According to the receiver, millions of dollars are owed to medical providers for services provided to DCEH's employees.

The receiver moves the court to:

1) issue an injunction permanently enjoining all persons or entities from seeking to collect money from the receiver or the receivership assets; and

2) temporarily and/or permanently enjoin health care providers from seeking to collect from beneficiaries whose medical expenses should have been paid by DCEH and/or the receiver.

Because the receivership is in its final stages and because the requested injunction is not necessary to prevent the frustration of this court's orders or for the administration of justice, the court DENIES the receiver's motion.

## II. Law & Analysis

When ruling on a motion for a preliminary injunction, a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See, e.g., Sandison v. Michigan High Sch. Athletic Ass'n,* 64 F.3d 1026, 1030 (6th Cir. 1995).

The receiver asks this court broadly to enjoin thousands of medical providers from collecting payments for services rendered to DCEH's former employees. DCEH's employees continued to receive medical services after DCEH and the receiver decided to stop paying for them. The receiver does not mention this issue in his motion, but the employees presumably continued to have money deducted from their paychecks so they could receive medical benefits through their employer. Some of these employees have contacted the court with concerns over their unpaid medical bills and have reported that money continued to be deducted from their paychecks for medical insurance they did not receive after the receiver was appointed.

The receiver requests an ex-parte injunction under the authority of the All Writs Act that would impact numerous people and entities who are not parties to this lawsuit. These entities have probably not received any notice of the receiver's motion and would have no opportunity to oppose the injunction requested by the receiver. The All-Writs Act empowers federal courts to "issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to

the usages and principles of law." 28 U.S.C. § 1651. The Act authorizes a court, in "exceptional circumstances to issue such orders against persons or entities 'who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.'" *Benjamin v. Malcolm*, 803 F.2d 46, 52 (2d Cir. 1986), quoting, *United States v. New York Telephone Co.,* 434 U.S. 159, 174, 54 L. Ed. 2d 376, 98 S. Ct. 364 (1977).

As noted in prior orders, the receiver was appointed at a time when teach-outs were in process or being contemplated at numerous campuses of Argosy University, two campuses of South University and a small number of AI campuses. The justification for the appointment of a receiver was that if the financially troubled DCEH or the entities under its control were to seek bankruptcy protection it would immediately impair the rights of the various DCEH schools to receive funding under Title IV of the Higher Education Act. The court has expressed its intent to terminate the receivership (ECF Doc. 285) and does not wish to expand its purposes.

The first preliminary injunction factor, likelihood of success on the merits, weighs against the issuance of the broad injunctive relief requested by the receiver. The receiver does not deny that he has failed to pay for medical services provided by numerous providers to DCEH's employees. The receiver does not deny that these medical providers are entitled to payment. Rather, he moves for an injunction to protect DCEH's remaining assets so that they can be equitably distributed. But this request strays far from the original purpose of the receivership.

The second factor – whether the movant would suffer irreparable injury without the injunction – also weighs against injunctive relief. At page seven of his motion, the receiver states that when the receivership ends, "DCEH will have no management authority over its assets

unless [its] parent entity hires management or files a bankruptcy and requests a trustee." ECF Doc. 295 at 7. The receiver concedes that there are other ways to provide management over DCEH's assets that do not involve this court. This receivership is in the process of winding down or being substantially restricted because its original purpose no longer exists. It is not necessary for the court to exercise the exceptional circumstances authority of the All-Writs Act. There are other ways for DCEH to protect its assets for its creditors. It may seek bankruptcy court protection, or it may become the subject of an involuntary petition filed by creditors.

The third preliminary injunction factor – whether issuing an injunction would cause substantial harm to others – also weighs against the receiver's requested injunctive relief. The injunction could cause substantial harm to medical providers and beneficiaries whom the receiver admits are creditors of DCEH. The receiver represents that the injunction would protect DCEH's assets so that they could be properly distributed. However, this representation is questionable because the requested injunction would only prohibit a certain group of creditors from pursuing their rights. Other creditors, such as landlords, who would not be covered by the injunction may already seek judgments that could further deplete DCEH's assets during the final phase of the receivership.

The final preliminary injunction factor – whether the public interest would be served by issuance of the injunction – may weigh in favor of granting the injunction by benefiting DCEH employees who are the subject of collection efforts by their health care providers. But, as already noted, this would benefit some individuals to the detriment of others. The beneficiaries of the medical services might be temporarily assisted by an injunction, but many medical providers would be harmed. On balance, the court finds that the preliminary injunction factors weigh against the issuance of the requested injunction.

The court also notes that the cases the receiver cites – purportedly decided on "indistinguishable facts" – are readily distinguishable. Attached to the receiver's motion are several filings from various district courts. He has attached an order from *Acosta v. AEU Benefits, LLC,* a case brought by the Department of Labor against several employee benefit plans in the Northern District of Illinois. *Acosta v. AEU Benefits, LLC, et al.,* 1:17-cv-07931. ECF Doc. 295-2 at 1. This order establishes an independent fiduciary to adjudicate and determine claims made by persons or entities against the plans. If the court were to follow a similar pattern in this case, it would completely overshadow the original purpose of this receivership.

The receiver attaches a decision from *SEC v. Faulkner*, a case brought in the Northern District of Texas against individuals who allegedly defrauded investors. *SEC v. Faulkner,* 3:16-CV-1735-D. ECF Doc. 295-2 at 5. The district court was asked to clarify whether its stay order extended to a related state court case in which the officers and directors of a company alleged that a company had negligently or fraudulently conducted an audit. The district court affirmed that the state court case should be stayed because it impacted the receivership assets. This case is distinguishable because here, the receiver seeks to prevent a class of creditors from seeking damages caused, in part, by the receiver's own decisions. And, this group of creditors is involved because of an issue completely unrelated to the original reasons justifying the receivership. Here, the court would need to do much more than clarify a receivership order. The receiver's requested injunctive relief would significantly broaden the scope of the receivership.

The receiver attaches an order from *Education Corporation of America v. United States Department of Education,* in the Northern District of Alabama. 2:18-cv-016968. ECF Doc. 295-2 at 15. It is difficult to ascertain the nature of this case from the filing. However, it appears that the district court stayed actions by landlords at the outset of the receivership action but limited

5

the stay to the period of approximately one week. This court is not in the beginning phase of the receivership and has already lifted its stay against landlords. And, the injunctive relief requested by the receiver is not limited to a week; he seeks essentially a permanent injunction protecting the receivership assets. *Education Corporation* does not support the receiver's current request for injunctive relief.

The receiver attaches a consent judgment entry from *Acosta v. Riverstone Capital, LLC,* CV 19-778-MWF, from the Central District of California. ECF Doc. 295-2 at 21. *Acosta* was filed by the Secretary of Labor for alleged ERISA violations. Here, there are no proven ERISA violations and the parties are not consenting to the receiver's requested injunction. Similarly, the receiver attaches a stipulated order from an ERISA case from the District of New Jersey, *Chao v. New Jersey Licensed Beverage Assoc, Inc.,* 3:04-cv-05692. ECF Doc. 295-2 at 40, and another order from an ERISA case from the District of Nevada, *Chao v. Graf,* CV-N-01-6098. ECF Doc. 295-2 at 59. This receivership was ordered to provide protection to students during teach-out periods and to protect Title IV funding. There are no ERISA claims currently pending before this court. The ostensible ERISA claims that may now exist arose after this action commenced and may have resulted from decisions made by the receiver. The injunction requested by the receiver would be more appropriate in an ERISA case like those cited in his brief. This court declines to broaden the scope of this receivership to deal with these prospective claims.

The receiver's motion for preliminary and permanent injunction (ECF Doc. 295) is not well taken and is DENIED.

IT IS SO ORDERED.

Dated: May 28, 2019

*s/Dan Aaron Polster*

Thomas M. Parker
United States Magistrate Judge