IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC ) | |
| ) | Case No. 1:19-cv-145 |
| Plaintiff ) | |
| ) | JUDGE DAN AARON POLSTER |
| vs. ) | |
| ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, ) | MAGISTRATE JUDGE |
| et al. ) | THOMAS M. PARKER |
| ) | |
| Defendants. ) | |
| ) | |

### SAVE THE ART INSTITUTE'S LIMITED OBJECTION AND/OR RESPONSE TO MOTION TO APPROVE SECOND SETTLEMENT AGREEMENT DEADLINE FOR FLING OBJECTIONS INCLUDED HEREIN (RELATED DOC. #331)

Intervener Save the Art Institute of Las Vegas Limited ("Save the Art"), by and through its undersigned counsel Howard & Howard Attorneys PLLC, hereby files this limited Objection and/or Response to the Motion to Approve Second Settlement Agreement Deadline for Filing Objections Included Herein (Doc. #331) and respectfully requests that the Court require that any Order approving the Second Settlement Agreement entered into by and between the Mark E. Dottore, the Receiver for the Receivership Entities ("Receiver") and Studio Enterprise Manager, LLC ("Studio") requires Studio (i) to provide a full and complete accounting of the funds that Studio received belonging to the Art Institute of Las Vegas ("AiLV") and the students of AiLV's from October 2018 to the present and (2) to immediately turn over to AiLV all funds that were

1

received from and/or paid by or on behalf of the AiLV students from October 2018 forward, but which were inadvertently or otherwise paid to, diverted and received by Studio, including but not limited to the VA funds totaling $112,462.48 and cash tuition payments paid through Tuition Options. Save the Art further requests that the Order approving Second Settlement also requires Studio to provide and/or turn over historical and financial data of AiLV to Save the Art. Finally, Save the Art respectfully requests that this Court Order Studio and its affiliates to cease and desist with actions that interfering with AiLV's successful operation.

### A. Studio Should Be Required to Provide Full Accounting And Turn Over Funds Belonging to AiLV.

Save the Art consists of dedicated faculty, current students, alumni and local community professionals united together to form this entity with the sole purpose of saving AiLV for the students and this local community[1]. Save the Art is dedicated to saving AiLV so that it remains for the direct benefit of its students, faculty and for the Las Vegas greater community. Save the Art has been working diligently with the Receiver, the Department of Education ("DOE"), the ACICS Accreditor, the Nevada Commission of Postsecondary Education and other related education authorities for an orderly transfer of the AiLV to assure its continued operation and success. To Save the Art's knowledge, AiLV, which has its own OPIED number, is the only school still owned by DCEH that is currently generating income from the students *vis a vis* VA funds, Tuition Options Cash Payer System ("Tuition Options") and DOE Title IV funding. AiLV is still in full operation and is currently registering students for the Summer Quarter, which begins on July 8, 2019.

---

[1] At the onset of the formation of Save the Art, this group gathered nearly 4,000 signatures from students, faculty and local community members in support of this effort.

2

SAVE THE ART INSTITUTE'S LIMITED OBJECTION AND/OR
RESPONSE TO MOTION TO APPROVE SECOND SETTLEMENT AGREEMENT
DEADLINE FOR FLING OBJECTIONS INCLUDED HEREIN (RELATED DOC. #331)

In its efforts to save the school, Save the Art has recently become aware that the 2019 Spring Quarter[2] AiLV tuition funds, which were paid by AiLV students and which belong to AiLV, were not received by AiLV but instead were "inadvertently" diverted and received by Studio. These funds paid by AiLV students for their tuition clearly belong to AiLV and were to be used by AiLV for payroll and other school related expenses. Pursuant to the Managed Services Agreement ("MSA") entered into between Save the Art and the Receiver, the tuition for 2019 Spring Quarter were to be paid to Save the Art, who in turn was to use those funds to pay AiLV's operating expenses. The 2019 Spring Quarter tuition payments, if received, are clearly sufficient to successfully operate AiLV. In continuing to operate the school pursuant to the MSA, Save the Art became aware that tuition payments that were to be received by AiLV were made to Studio instead. However, despite receiving funds that clearly did not belong to them, Studio has not returned such funds to AiLV.[3]

At this time, Save the Art is aware that Studio is, at minimum, in receipt of the following 2019 Spring Quarter funds belonging to AiLV: VA funds totaling the sum of $112,462.48 and cash tuition payments made online through Tuition Options, estimated to be approximately $68,000. In the Second Settlement Agreement, which Studio and the Receiver seeks this Court's approval, Studio acknowledged its "inadvertent" receipt of AiLV's VA funds[4] and has agreed to return such funds to AiLV by May 20, 2019[5]. The Court should note that the Second Settlement

---

[2] 2019 Spring Quarter runs from April 1, 2019 through June 15, 2019.
[3] In fact, had a request for return of such funds not been made, Studio would have likely not even acknowledged its receipt of these funds. Studio clearly did not take any action to turn those funds over to AiLV or returning them to VA, which it should have done immediately upon receipt of funds that did not belong to them.
[4] It was only after Save the Art and the Receiver advised Studio of the fact that VA inadvertently wired the AiLV funds to Studio's account, that Studio ultimately confirmed and acknowledged the receipt of those funds.
[5] Upon information and belief, Studio has not yet turned over the VA funds to AiLV or the Receiver, despite the fact that those funds clearly do not belong to Studio.

Agreement does not address the "inadvertent receipt" of the cash tuition payments made online through Tuition Options that Studio has received from AiLV students for the 2019 Spring Quarter. It appears that Studio failed to inform the Receiver of the fact that it is in possession of additional funds that belong to AiLV. To date, Studio has also failed to forward the funds that it received from Tuition Option belonging to AiLV to AiLV or the Receiver. Like the VA payments, these payments must also be turned over to AiLV. Thus, Save the Art respectfully quests that any Order approving the Second Settlement Agreement should require Studio to turn over any and all funds that Studio received on or behalf of AiLV students, including but not limited to, the VA funds and the Tuition Option funds received by Studio for the 2019 Spring Quarter.

It is likely that from October 2018 forward Studio has received funds, other than the VA and Tuition Option funds referenced above, belonging to AiLV. Save the Art is unable to determine the exact amount of funds belonging to AiLV in Studio's possession. Up to now, Studio has not been transparent with respect to funds received by Studio belonging to AiLV, nor has Studio been willing to voluntarily turn over these funds to AiLV. Unless called out, it is apparent that Studio had no intention of returning funds, which Studio received but which funds do not belong to it. Since Studio has clearly been receiving and then keeping funds that belong to AiLV, Studio should be required to provide a full and complete accounting from October 2018 to the present, to ensure that all payments belonging to AiLV are accounted for and returned to AiLV. In view of Studio's actions and lack of transparency, it is clear that unless Studio is ordered by this Court to provide a full and complete accounting of funds that it received belonging to the AiLV, Studio will not do so voluntarily. Moreover, unless Studio is ordered to turn over all funds belonging to AiLV, Studio will not do so voluntarily. Therefore, to ensure that AiLV receives all

4

SAVE THE ART INSTITUTE'S LIMITED OBJECTION AND/OR
RESPONSE TO MOTION TO APPROVE SECOND SETTLEMENT AGREEMENT
DEADLINE FOR FLING OBJECTIONS INCLUDED HEREIN (RELATED DOC. #331)

funds that were "inadvertently paid or received by Studio" from AiLV students, Save the Art requests that any Order approving the Second Settlement Agreement should require Studio to provide a full and complete accounting of any and all funds that Studio has received from or on behalf of AiLV and its students from October 2018 forward within ten (10) days of the Court's Order. The accounting should include any funds received by Studio from or on behalf of any of the AiLV students, including but not limited to, any funds from Tuition Options, Title IV or VA. Moreover, Save the Art requests that any Order approving the Second Settlement Agreement should require Studio immediately turn over to AiLV the VA funds totaling $112,462.48 and all cash tuition payments made online through Tuition Options, which are estimated to be at least $68,000. Finally, Save the Art requests that any Order approving the Second Settlement Agreement should require Studio to turn over to AiLV all other funds belonging to AiLV, which remain in Studio's possession within ten (10) days of the completion of the accounting ordered by this Court.

### B. Studio Should Be Required to Provide Save the Art All AiLV's Historical Student and Financial Data That Is on the Shared IT Platform Maintained by Studio.

Before the receivership is terminated and for orderly transition of AiLV to Save the Art, Save the Art will need all of the student data (financial and educational records) and financial and accounting records maintained by DCEH/Studio for AILV to be provided (in electronic format), which is located on the Shared IT Platform maintained by Studio. These records include, but are not limited to, the following:

    (1)    Campus Nexus and CARS Databases:

        a.    Personal information (DOB, SS#, *etc.*);

        b.    Contact Information;

      c.     Educational background History (HS, College *etc.*);

      d.     Military Background History;

      e.     International Student History;

      f.     Enrollment History;

      g.     Attendance;

      h.     Course Audit History (course status changes, when, by whom);

      i.     Grades/transcripts;

      j.     SAP History;

      k.     Transfer/Proficiency credits;

      l.     Degree History; and

      m.     Demographic Data (ethnicity, age, *etc.*).

(2)     Scanned Student File Records in ImageNow, which also called Perceptive Content (HS Transcript, applications, enrollment agreements *etc.*):

(3)     Accounting Statements/ledgers;

(4)     Hiperion Financial Data;

(5)     Financial Aid History;

(6)     H.R. Data (Lawson);

(7)     SFP (Student Financial Planning) Tool; and

(8)     Verification C Code, unusual enrollment history (UEH), citizenship documents.

6

SAVE THE ART INSTITUTE'S LIMITED OBJECTION AND/OR
RESPONSE TO MOTION TO APPROVE SECOND SETTLEMENT AGREEMENT
DEADLINE FOR FLING OBJECTIONS INCLUDED HEREIN (RELATED DOC. #331)

Additionally, Save the Art has recently became aware of the DOE HCM2 letter of January 25, 2019, which required DCEH an audit to be performed relative the Title IV funds. To date, such an audit has not been performed, which is in turn causing a delay in the disbursement of Title IV funds. Without full, compete, and accurate accounting and audit, the orderly transition of AiLV will be all but impossible, because part of the orderly transition involves Save the Art receiving the assets of AiLV free and clear, including the ability to continue to receive Title IV funds.

To the to assist Save the Art and AiLV with the DOE financial aid compliance, with a goal for DOE to remove AiLV from the HCM2 status, Save the Art has negotiated and is ready to engage Global Financial Aid Services, Inc. ("Global") upon approval of the Receiver and this Court, to conduct an audit of AiLV of all the Title IV, VA, cash tuition funds and other payments (*i.e.*, stipends) made to or for the benefit of its students. For Global to be able to conduct such audit, and in turn for Save the Art to be able to provide DOE with the information that DOE requires prior to disbursement of any further Title IV funds and to otherwise meet the HCM2 documentation requirements, this Court should order Studio to provide, or make otherwise available to the Receiver, Save the Art and Global, the following information, which again is located on the Shared IT Platform, within seven (7) days of the Court's Order:

Section D from HMC2 Letter:

- ISIR – Institutional Student Information Report
- Official Institutional Student Tuition Account Records
- Credit Balance Documentation
- Proof of Academic Qualifications
- Enrollment Agreement / Contract

- Institutional Pre-Enrollment Documents (if any)
- Complete Verification Documentation
- Documentation of Return to Title IV Funds
- Attendance Documentation
- Proof of Satisfactory Academic Progress
- Award Calculation
- Documentation to support any institutional intervention
- Documentation resolving conflicting and discrepant information
- Additional relevant student file documents
- For Direct Loan recipients - entrance counseling documentation
- For Perkins Loan recipients – not applicable to AILV
- For FWS recipients – FWS Time Sheets, Job Description, Hourly Wages, Proof of Disbursements

<u>Section E from HCM2 Letter:</u>

- School Catalog
- Student Handbook
- Consumer Information handouts/addendums
- Satisfactory Academic Progress policy
- Attendance policy and description of method/system of documenting attendance
- Return to Title IV policy
- FSEOG student selection policy

8

SAVE THE ART INSTITUTE'S LIMITED OBJECTION AND/OR
RESPONSE TO MOTION TO APPROVE SECOND SETTLEMENT AGREEMENT
DEADLINE FOR FLING OBJECTIONS INCLUDED HEREIN (RELATED DOC. #331)

- Procedures for determining a withdrawn student's last day of attendance
- Selection procedures for campus-based recipients
- Award formulas for each title IV program and for each academic program
- Pell and Campus-Based/Direct Loan cost of attendance/budget for each academic program
- Key/legend for any submitted documentation, *e.g.*, account ledger, academic transcript
- Independent test administrator's ATB certification
- Formula for calculating students GPA if not included in Student Handbook or catalog
- Method of disbursement of FWS wages
- For Campus-Based programs, method of matching federal share
- Information describing characteristics for each academic program to determine program type and method of delivery, Pell grant formula, disbursement schedule, academic year definition, minimum full time and borrower based vs. scheduled academic year.

As the above-referenced documentation is crucial for AiLV's successful operation, Save the Art respectfully requests that any Order approving the Second Settlement Agreement require Studio to provide Save the Art with the above-referenced information.

9

### C. Studio and its Affiliates Should Be Ordered to Cease and Desist Interfering with AiLV's Operations.

Finally, Save the Art seeks an Order from the Court requiring Studio and its affiliates to cease and desist with "sabotaging" activities that undermine AiLV's operations. It has recently come to Save the Art's attention that South University of Ohio, LLC ("South University), an entity owned by Studio, has been cancelling Title IV processing activities for AiLV. In addition, AiLV's 2018/19 verification/c-code and packaging activities are being cancelled by South University centralized processing team. Save the Art respectfully requests that any Order approving the Second Settlement Agreement directs Studio and its affiliates, including South University or anyone else under Studio's control to immediately cease and desist with any actions that undermine AiLV's operations or otherwise interfere with any of AiLV's activities, including but not limited to, ceasing any cancellation of Title IV processing, or verification/c-code and packaging activities.

Dated this 29th day of May, 2019.

                                  **HOWARD & HOWARD ATTORNEYS PLLC**

                                  /s/ Anthony J. Long
                                  Anthony J. Long (OH 0081534)
                                  Robert E. Graziani (OH0089960)
                                  450 W. 4th Street
                                  Royal Oak, MI 48067
                                  Telephone: (248) 645-1483
                                  Facsimile: (248) 645-1568
                                  Email: rgraziani@howardandhoward.com
                                              along@howardandhoward.com

*Counsel for Save the Art Institute of Las Vegas Limited*

10

SAVE THE ART INSTITUTE'S LIMITED OBJECTION AND/OR
RESPONSE TO MOTION TO APPROVE SECOND SETTLEMENT AGREEMENT
DEADLINE FOR FLING OBJECTIONS INCLUDED HEREIN (RELATED DOC. #331)

## CERTIFICATE OF SERVICE

In accordance with Section 1.4 of the Electronic Filing and Procedures Manual of the Northern District of Ohio and Federal Rules of Civil Procedure 5(b)(2)(E), a copy of the foregoing has been served through the Court's filing system on all counsel of record on May 29, 2019.

/s/Kelly Whiting
An employee of Howard & Howard Attorneys, PLLC

4844-1191-6696, v. 4