UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECEIVER'S RESPONSE TO LETTER FILED BY MINNESOTA OFFICE OF HIGHER EDUCATION [DOC. 342]**

**I.  INTRODUCTION**

On May 10, 2019, the State of Minnesota's Office of Higher Education submitted a position statement [Doc. 342] in which it demanded the return of certain monies.  Thereafter, on May 24, this Court ordered the Receiver to respond to Minnesota's letter by June 3.  The provision of the within response is made difficult as a result of two principal factors: the lack of detail, and conflicting detail, provided by Minnesota; and, the complete lack of staff remaining with first-hand knowledge of the accounting for the Argosy Minnesota campuses.  Minnesota's lack of detail is discussed below, but the Receiver asks the Court to note that all of Argosy's staff responsible for the accounting function for the Minnesota campuses departed as the schools closed in March 2019.  What data the Receiver has been able to uncover to prepare this response was gathered using South's staff, since there is no Argosy accounting staff remaining.

{01308694-6}

## II. DISCUSSION

Minnesota demands the return of three pools of money:

1. $2,520 in Minnesota GI Bill Aid;

2. $54,802 in Minnesota Child Care Grant Aid; and,

3. $154,825 in Minnesota SELF Loan funds.

Each of these is discussed below.

### 1. GI Bill

South's accounting staff cannot reconcile the figures Minnesota has provided in support of its claim that it is entitled to a return of $2,520 in GI Bill aid. First, we note that Minnesota claims an advance payment of $4,020 was made in October 2018. Accordingly, any sums due therefrom would be pre-Receivership debts and should be treated accordingly. Second, we note that Minnesota's Exhibit 4 is internally inconsistent and does not support the demand for returned funds. Putting aside the fact that *all* student data was redacted, leaving the Receiver unable to confirm the accuracy of any line item on the Exhibit, we see two line items, totaling $1,000 with the note "awarded and paid on student record." And at the bottom of the form, it reads "Amounts appropriately used $1,500." There is therefore a discrepancy on the calculation of monies appropriately used (albeit the discrepancy is in the Receivership's favor). The exhibit shows total disbursements of $6,500, but uses "Total Advance Payments" as the figure against which appropriate payments are measured. There is no support anywhere for the calculation of the total advance payments. Were Minnesota to provide support for the $4,020 allegedly advanced, and provide enough detail that the Receiver could assess the validity of the claim that funds were or were not properly advanced to individual students, the Receiver would be in a

2

{01308694-6}

position to confirm or contest the contention that a particular sum is due back to the State (without regard to whether the debt was pre- or post-Receivership).

2. **Child Care Grant**

Minnesota alleges that a total of $80,000 was advanced to Argosy's Minnesota campus in 2018, meaning that any claim is one for a pre-Receivership debt. The Receiver's own notes show that the vast majority of disbursements made for the Child Care Grant were made before January 15. A small amount - $3,341 – was made after the Receiver was appointed, but seem to have been made in error. Regardless, the entirety seems to relate to pre-receivership obligations. But, and once again, the detail Minnesota provides in support of its claim for a return of $54,802 is internally inconsistent. Exhibit Six purportedly supports the State's claim. Yet a review of the document shows a "FINAL REFUND TO OHE" OF $7,348. Thus, the State's sole accounting document provided shows that $7,348 is due to be returned, not the $54,802 demanded. No student-level data is provided that would allow the Receiver to confirm or deny the validity of the State's demand for the return of the Child Care Grant funds.

3. **SELF Loan**

Minnesota contends that it intends to reverse the Spring 2019 SELF Loan funds (i.e., cancel the students' debt) and therefore the Receiver should return those funds to the State. We note first that Minnesota has not actually canceled the debts, but merely intends to do so. It is improper to request the return of the funds until and unless the debts are actually canceled. The State further argues that the students did not receive the stipends due from the SELF loan funds. The Receiver does not have the staff presently to complete the audit for the SELF loan funds and cannot at this point comment on whether the stipends were or were not paid. He can comment, however, on the allegation that "Argosy-TC students who borrowed SELF Loans for the Spring

2019 semester received no benefit for any tuition paid using their SELF loan funds." The school closed on March 8, 2019. Two students graduated and many received credit for the courses that were being completed in March. The Receiver does not know how many students transferred and enjoyed their new institutions' recognition of the completion of their Spring 2019 Argosy courses. The Argosy-TC students certainly gained some benefit from the semester (if not the benefit of the completion of the entire semester). Accordingly, the request for the return of all of the SELF Loan funds of $154,825 is improper.

Finally, the Court is asked to note that of the $154,825 Minnesota demands, only $107,513 was disbursed to Argosy after the Receiver was appointed, making a significant portion of the debt a pre-Receivership debt.

### III. CONCLUSION

For the forgoing reasons, the Court should deny Minnesota's request for the return of GI Bill, Child Care Grant, and SELF Loan monies as stated and should require the State to provide granular detail to support its requests.

[Balance of page left intentionally blank]

Dated: April 18, 2019

Respectfully submitted,

/s/ Hugh D. Berkson
Robert T. Glickman (0059579)
Charles A. Nemer (0009261)
Robert R. Kracht (0025574)
Hugh D. Berkson (0063997)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
can@mccarthylebit.com
rrk@mccarthylebit.com
hdb@mccarthylebit.com
nro@mccarthylebit.com

*Special Counsel for the Receiver*

## CERTIFICATE OF SERVICE

The foregoing was electronically filed this 3rd day of June, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hugh D. Berkson
Hugh D. Berkson (0063997)