UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et. al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT REGARDING THE DESTRUCTION OF EDUCATION TRAINING FILES AT ARGOSY UNIVERSITY, ATLANTA CAMPUS**

Mark E. Dottore, (the "**Receiver**") duly appointed and acting Receiver of the Receivership Entities files this statement regarding the destruction of education training files at Argosy University, Atlanta campus. So that the Court is aware, the Receiver's office attempted to secure and store every student file and was successful in securing student files all over the country. The Receiver sent DCEH and university employee teams to every location and secured the "hard copy" student records for storage. The Receiver transferred some of the student records to storage facilities and in some cases sent them to state regulatory agencies. Some of the student files were sent to the Dottore warehouse here in Cleveland.

In Atlanta, Dr. Craig Scott, who had formerly been Associate Vice President/National Director of Student Affairs with EDMC, and who was serving as an Executive Consultant with DCEH, went to Atlanta and secured the "hard copy"

{00022088-1 }

student records for transfer to the Receiver's warehouse in Cleveland. The boxed records were located on two floors at the Atlanta facility: the third floor (the "**Third Floor Records**") and the first floor (the "**First Floor Records)**." On both floors, the student records were locked into rooms which were designated "DO NOT ENTER." During the process of emptying the Atlanta premises for turnover to the landlord, the liquidator inadvertently designated the First Floor Records for destruction. The Third Floor Records survived.

When the Receiver could not locate the First Floor Records, an investigation was launched. Initially, the Receiver's team tried to track down the First Floor Records to see if they had somehow survived the destruction or could otherwise be saved. It was ultimately determined that the files had been destroyed. The Receiver's team is informed that some material might be located in the Third Floor Records, and we are investigating if this might be true. There is a great volume of Third Floor Records and it will take time to go through them and find any relevant material.

The Receiver then began to investigate how any damage to the implicated students might be ameliorated. He learned that the First Floor Records were the training records for (we believe) thirty three clinical psychology students. We understand that the training files were principally comprised of (i) hard copy records of time spent at clinical training; (ii) evaluations of performance; and (iii) recommendations. As part of our research into solving the problem, we contacted the Dean of Argosy's College of Clinical Psychology. The Dean advised us

that the students kept their clinical training time in hard copy *and* electronically on a software called, "Time to Track." We have contacted Time to Track through its President and have worked to preserve those electronic records.

The Dean also said that many of the students would have their own copies of their evaluations. He suggested that if students did not have copies of the evaluations, that it was possible to replicate the evaluations by contacting the reviewer. The Receiver recognizes that this is cumbersome and unpleasant, but it is likely the only way to replace this material. With regard to recommendations that are in a student's training file, we understand that it is likely that these are also part of the student's electronic file, which has been preserved. Otherwise, they will need to be replicated.

Obviously, the Receiver's team is extremely unhappy about the destroyed records, but to our knowledge, these are the only records that did not make it through the 27 location moves that were achieved in under 30 days. The Receiver tried hard to preserve all student records. He is doing what he can to assist the students who have been affected by this unfortunate situation to preserve the electronic records and recreate the important student documents that were contained in the files. Resolving it, though, will require the active participation and cooperation of the affected students as well as time and attention on the Receiver's part.

Dated: June 4, 2019	Respectfully submitted,

                                              */s/ Mary K. Whitmer*  
Mary K. Whitmer (0018213)  
James W. Ehrman (0011006)  
Robert M. Stefancin (0047184)  
WHITMER & EHRMAN LLC  
2344 Canal Road, Suite 401  
Cleveland, Ohio 44113-2535  
Telephone: (216) 771-5056  
Telecopier: (216) 771-2450  
Email: mkw@WEadvocate.net  
        jwe@WEadvocate.net  
        rms@WEadvocate.net

*Counsel for Mark E. Dottore, Receiver*