IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

On May 30, 2019, Mark E. Dottore (the "receiver") filed a proposed plan to modify and streamline the receivership.  ECF Doc. 349.  The receiver's proposed plan would modify and limit the receivership to the following areas: 1) operating and transitioning Western State Law School and AI Las Vegas;  2) maintaining and completing the teach-out periods of South University of Ohio and South University Michigan; 3) liquidating assets to support Western State Law School, AI Las Vegas and receivership operations;  4) transferring all student services and records;  5) alleviating the burden on employees of the universities;  6) transferring fiduciary responsibilities for the DCEH 401(k) plan; and 7) possibly transitioning the receivership to a liquidating trust.  ECF Doc. 349.

On May 31, 2019, Tech Park 6, LLC filed a limited objection to the receiver's plan.  ECF Doc. 352.  Tech Park 6, LLC argues that the receiver's plan seeks a drastic and unwarranted reduction in the payment of rent to Tech Park 6, LLC.  ECF Doc. 352 at 2.  On June 5, 2017, the receiver filed a response to Tech Park 6, LLC's objection.  ECF Doc. 358.  The receiver

represents that his original budget incorrectly showed a $25,000 monthly payment to Tech Park 6, LLC rather than a $25, 000 *weekly* payment.  The receiver submitted a revised budget with his response correcting this mistake.  ECF Doc. 358-1.  The receiver discussed this mistake with Tech Park 6, LLC and Tech Park 6, LLC was "willing to have its limited objection deemed withdrawn."  ECF Doc. 358 at 1.  For this reason, Tech Park 6, LLC's limited objection is overruled as moot.

On June 5, 2019, CSU Fullerton Auxiliary Services Corporation ("CSU Fullerton") filed a limited objection to the receiver's plan.  ECF Doc. 357.  CSU Fullerton argues that the receiver improperly required it to deduct monthly rent out of the security deposit previously posted by the tenant.  It also argues that the receiver's plan anticipates a drastic reduction of rent to CSU Fullerton.  ECF Doc. 357 at 2.  CSU Fullerton indicates that it has no interest in negotiating a new lease with Westcliff, a potential purchaser for the Western State Law School.  It requests that the court order the immediate surrender and return of the property to CSU Fullerton.  ECF Doc. 357 at 4.

The receiver filed a response to CSU Fullerton's limited objection on June 10, 2019.  ECF Doc. 361.  The receiver argues that CSU Fullerton rent has been paid from the significant security deposit it held.  The receiver publicly informed the court that he was using the security deposit to pay for rent during the receivership.  ECF Doc. 190 at 2.  He argues that his proposed budget accounts for a $50,000 payment to CSU Fullerton in July 2019 because the security deposit will only cover $100,000 of July's rent and CAM charges.  Starting in August, the receiver has budgeted $150,000 for rent and CAM charges to CSU Fullerton.  The receiver argues that this will cover the rent while a temporary lease could be negotiated with CSU Fullerton.  The receiver is attempting to close a transaction with Westcliff and the law school's

students need a place where they can be taught.  The receiver requests that the court overrule CSU's limited objection.

One of the remaining goals of the receivership is to keep the law school open.  Unlike many of the landlords involved in this case, CSU Fullerton had a security deposit in place and has been able to apply it to cover expected rent payments and CAM charges during the receivership period.  The receiver has budgeted limited resources to ensure that CSU Fullerton will continue to receive rent during the remaining months until the law school can be moved to a different location.  Given the extenuating circumstances inherent in this case and the receivership's remaining purposes, the court finds that CSU Fullerton's limited objection is not well taken and is hereby overruled.

On June 7, 2019, a group of intervening students filed a limited objection to the receiver's plan.  ECF Doc. 359.  The intervening students argue that the court should not order a liquidating trust that will give the receiver authority to liquidate the receivership's assets without court approval.  ECF Doc. 359 at 2.  The students also request that the court set a date certain for the receiver's report on the stipend investigation.  The students' limited objection is premature. The proposed plan to modify the receivership would not terminate the receivership.  Rather, it permits the receiver to continue operations with a limited and streamlined purpose.  As previously indicated, the court may require the receiver to file a report regarding his stipend investigation.  His proposed plan will not eliminate this obligation to do so.

For the reasons stated herein, the limited objections filed by Tech Park 6, LLC (ECF Doc. 352), CSU Fullerton (ECF Doc. 357), and the intervening students (ECF Doc. 359) are OVERRULED.

IT IS SO ORDERED.

3

*s/Dan Aaron Polster*

Dated: June 11, 2019

Thomas M. Parker
United States Magistrate Judge

4