IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

On May 16, 2019. Receiver Mark E. Dottore moved for an order approving payment of his receiver fees and expenses incurred from January 18, 2019 through May 10, 2019. ECF Doc. 333. Dottore's fees and expenses were represented to be $973,672.50 and $36,616.74 respectively. On the same date, the receiver moved for an order approving his payment of outside counsel fees and expenses incurred during the same period. ECF Doc. 334. The total sought for payment of outside counsel was $1,141,392.37. Together, the receiver's applications sought court approval to pay $2,151,681.61. No parties or intervenors have objected to the fee applications.

Also before the court is the receiver's request to approve a plan to streamline the receivership. ECF Doc. 349. That proposed plan included a budget for the operation of the receivership from May 31, 2019 through August 26, 2019. ECF Doc. 349-1, ECF Doc. 349-2. Later, the receiver updated the budget to correct one inadvertent error. ECF Doc. 358-1. Although the budgeted receipts and expenditures included the operation of Western State

College of Law for the proposed period, the receiver did not include in his budgeted receipts any potential to receive up to $1 million the receiver has requested the United States Department of Education to permit DCEH to draw from a certain letter of credit in order to pay the law school's operational expenses.  Further, the receiver's budget does not expressly allocate some $1.5 million in what earlier had been represented to be restricted Title IV funds DCEH entities received for student stipends.  On the expense side, the receiver's budgets reflect the proposed payment of "professional fees" in the amount of $1,500,800 during the week of June 17, 2019 and $300,000 in the week of June 24, 2017.  The court assumes some of these $1.80 million in professional fee payments relate to the amounts described in ECF Doc. 333 and ECF Doc. 334. Left unexplained is how the remaining $350 thousand now being sought would be paid and when.

As the court has indicated on multiple occasions, our primary concern in maintaining this receivership is with the successful transition of Western State College of Law, the successful completion of teach-outs at South University of Ohio and South University of Michigan, the preservation and/or proper disposition of student records, and the payment of payroll for work done by DCEH employees and other expenses incurred during the receivership period.  The receivership is cash-strapped.  Before the court can approve payment of more than two million dollars in professional fees – thereby placing the receiver and outside counsel in a better position than unsecured creditors – the court requires the receiver to indicate:

1. Whether and to what extent cash receipts reflected in the budgets that have been submitted to the court have been received.

2. Whether actual expenditures have varied from what has been budgeted.

3. What expenses from those budgeted have actually been paid to date.

4. What source of funds – explicitly – does the receiver anticipate using for payment of his fees and expenses and to pay the fees and expenses of his outside counsel.

The receiver shall submit his response to this order as soon as possible.

IT IS SO ORDERED.

Dated: June 12, 2019

*s/Dan Aaron Polster*
Thomas M. Parker
United States Magistrate Judge