IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) | |
| ) | Case No. 1:19-cv-00145 |
| *Plaintiff*, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | Magistrate Judge Thomas M. Parker |
| SOUTH UNIVERSITY OF OHIO, LLC *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |
| ) | |

## REPLY OF THE SETTLEMENT ADMINISTRATOR REGARDING THE DCEH ACCREDITATION CORRECTIVE ACTION PLAN

The Receiver admits and has stipulated that the student victims of Dream Center Education Holdings ("DCEH") were defrauded—and that DCEH owed restitution pursuant to the Consent Judgment—well before the Receiver's appointment. *See* Receiver's Response at 2, Dkt. No. 360; Joint Stipulations, Dkt No. 323-1. This means neither DCEH nor the Receiver properly possessed the students' money at the time of his appointment. Under a straightforward application of Ohio law, the restitution funds should therefore be excluded from the receivership estate and from any DCEH assets the Receiver seeks to apply toward his own asserted fees. *See Ferguson v. Owens*, 459 N.E.2d 1293, 1295 (Ohio 1984). As discussed in the Administrator's Position Statement at Dkt. No. 323, these funds include the $1.5 million the Receiver already set aside pursuant to this Court's order to be "held in trust to be paid to students" if appropriate. Receiver's Report Regarding Pay Status of Employees at 2, Dkt. No. 183. The Receiver's claim that these funds belong to the receivership estate, for distribution to other creditors and the costs of the receivership, is wrong as a matter of law.

First, a pre-existing judicial finding is not necessary for the creation of a constructive trust. "[P]ursuant to Ohio law, a court need not declare that a constructive trust has been created, but rather such a trust arises by operation of law to prevent unjust enrichment." *In re Hines*, 193 F. App'x 391, 395 (6th Cir. 2006); *see also Ferguson*, 459 N.E.2d at 1295 (concluding that a constructive trust arises by "operation of law . . . against one who, by fraud . . . has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy"); *Cundall v. U.S. Bank*, 909 N.E.2d 1244, 1252 (Ohio 2009) (same); *Estate of Cowling v. Estate of Cowling*, 847 N.E.2d 405, 411 (Ohio 2006) (same). The Receiver is simply incorrect to assert otherwise. The one case on which the Receiver relies, *In re Omegas Group, Inc.*, 16 F.3d 1443 (6th Cir. 1994), interprets Kentucky law, not Ohio law; arises in a post-bankruptcy petition context; and in any event has been limited by the Sixth Circuit. *See, e.g.*, *FDIC v. AmFin Fin. Corp.*, 757 F.3d 530, 537 (6th Cir. 2014); *In re Morris*, 260 F.3d 654, 666 (6th Cir. 2001); *In re McCafferty*, 96 F.3d 192, 196 (6th Cir. 1996). Indeed, not only has the Sixth Circuit moved away from *Omegas Group*, but the decision has been rejected and criticized by other circuits. *See, e.g.*, *In re Miss. Valley Livestock, Inc.*, 745 F.3d 299, 305-06 (7th Cir. 2014) (explicitly rejecting *Omegas Group* and explaining that "to the extent that [*Omegas Group*] relied on the idea that a constructive trust cannot exist until a court has expressly imposed that remedy, we understand that issue to be controlled by state law").

Second, the law is clear that the student victims here are differently situated from other creditors. The reasoning of *Omegas Group* itself supports the conclusion that the victims of DCEH's pre-receivership *fraud* are differently situated from post-receivership creditors, such as landlords and banks, seeking recovery on *contracts* that DCEH cannot perform due to its recent insolvency. As the Sixth Circuit has repeatedly "made clear, *Omegas Group* addressed the

relatively common situation in which a creditor with a claim arising *in the ordinary course* appeals to the bankruptcy court for preferential treatment." *In re Morris*, 260 F.3d at 666 (emphasis added). Thus, *Omegas Group* speaks to "postpetition scrambling by" ordinary creditors attempting to convert contract claims into fraud claims. *See In re Newpower*, 233 F.3d 922, 936 (6th Cir. 2000). But there is no dispute that the restitution owed to student victims under the Consent Judgment arose from fraud, and that this fraud was committed and the restitution amount established prior to the receivership. The fact that the claim here arose pre-receivership—which the Receiver suggests absolves the Receiver of responsibility—is precisely why the constructive trust arises as a matter of law: As DCEH itself had recognized, this money was never DCEH's to begin with and therefore "would not have been available for distribution to [its] creditors" even if DCEH were in bankruptcy, which it is not. *In re McCafferty*, 96 F.3d at 196 (quoting *Begier v. IRS*, 496 U.S. 53, 58 (1990)). These are precisely the circumstances where a constructive trust is appropriate, as the funds never belonged to DCEH and "the parties never intended [the] []funds to belong to [DCEH] in the first place." *AmFin Financial*, 757 F.3d at 537.

Well before the motion requesting receivership was filed, DCEH recognized that under the judicially ordered Consent Judgment it owed restitution to defrauded students in the amount of at least $3.1 million. DCEH cannot avoid returning what it never rightfully owned, even if the Receiver would prefer to redirect the students' money to contract creditors or the costs of the receivership.

For the foregoing reasons, the Administrator respectfully reiterates his request that the Court's final receivership order (1) require the Receiver to discharge the institutional debts of students enrolled at Ai-Colorado and Ai-Illinois between January 20, 2018 and June 15, 2018, and (2) recognize a constructive trust that consists of, to the extent available from existing or future

proceeds, at least $3.1 million of DCEH's assets, including the $1.5 million already set aside for this purpose by the Receiver, for the return of fraudulently obtained tuition payments pursuant to the Consent Judgment.  To the extent the Court declines to recognize a constructive trust at this time, the Administrator respectfully requests that the issue be reserved for future proceedings in an appropriate forum; or, in the alternative, that any ruling of the Court be limited to the Administrator and his specific request for a constructive trust in his position statement at Dkt. No. 323, and not in any way preclude affected students from seeking appropriate relief to which they are entitled.

DATED: June 17, 2019

s/Grant J. Keating
Grant J. Keating (#0079381)
Richard N. Selby, II (#0059996)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 | (440) 352-3469 Fax
Email: gkeating@dworkenlaw.com
rselby@dworkenlaw.com

Thomas J. Perrelli (appearing *pro hac vice* )
Jenner & Block LLP
1099 New York Avenue, NW
Washington, DC 20001
tperrelli@jenner.com
Telephone: (202) 639-6004
Facsimile: (202) 639-6066

Brian Hauck (appearing *pro hac vice*)
Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
bhauck@jenner.com
Telephone: (213) 239-2244
Facsimile: (213) 239-5199
*Attorneys for Intervenor*
*Thomas J. Perrelli, Settlement Administrator*

## CERTIFICATE OF SERVICE

  I hereby certify that on June 17, 2019 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        s/Grant J. Keating
        Grant J. Keating (#0079381)
        DWORKEN & BERNSTEIN CO., L.P.A.
        60 South Park Place
        Painesville, Ohio 44077
        Email: gkeating@dworkenlaw.com
        *Attorney for Intervenor Thomas J. Perrelli,*
        *Settlement Administrator*