# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF KIMBERLY MILBRANDT IN SUPPORT OF MOTION TO INTERVENE**

I, Kimberly Milbrandt, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am an intervening party in the above-captioned case.

2. I was a third-year student at the Georgia School of Clinical Psychology at Argosy University's Atlanta Campus, when it closed in March 2019.

3. I have retained the National Student Legal Defense Network (NSLDN) to represent me for the purposes of intervening in the Receivership to find out what happened to my training and academic files after my school closed and to advocate for actions on the part of the Receiver that will help myself and other students locate their missing files or ameliorate the harm caused by their loss or destruction.

4. My third-year cohort-mates selected me to represent their interests in obtaining the files that remain in the Receiver's possession and establishing a process for those whose files were destroyed to create as complete a record as possible of the work they did in the

1

school's psychology program. I have also been delegated by the student body to explore legal options regarding our missing records. In that capacity, I have communicated with the Court, developed the relationship with NSLDN, and provided information and documents to NSLDN to assist their representation.

5. Because Argosy's Atlanta Campus closed before the Clinical Psychology program established an articulation agreement with another degree-granting institution, our training and academic files were not transferred to another school.

6. I need my training and academic files for my transferee Clinical Psychology program at the Chicago School of Professional Psychology's Washington D.C. Campus, to apply for post-doctoral internships, and to get my license, so I can start the career I have spent many years and thousands of dollars working towards.

7. Our academic files contain documents we need for post-doctoral internships and for licensure. These documents include: clinical competency exam results, professor evaluations about students' progress, and clinical research project (dissertation) defense paperwork.

8. I have learned from some of my classmates who transferred to National Louis University (NLU) that they are having difficulty registering for courses and receiving proper clinical training placements without the evaluations contained in their academic files, because of issues with NLU's accreditation status.

9. Similarly, my training director at the Chicago School of Professional Psychology's D.C. Campus has expressed concerns about not having my academic file, as the absence of the documents in the file affects the school's accreditation status.

10. I have been trying to obtain my files from the Receiver since March 25, 2019.

11. For weeks, I was told by the Receiver and his employees that our training and academic files were being sent to Cleveland for storage, my name would be added to a list of

students whose files needed to be pulled, and they would contact me when my files were located.

12. On May 3, 2019, after weeks of emailing with several of the Receiver's employees without receiving any updates about the location of my files or when I would be able to obtain them, I wrote an email to Judge Parker asking him to help me and my classmates get our files from the Receiver.

13. On May 29, 2019, I learned that some files were destroyed.

14. After learning that some files were destroyed and attempting to get more information about the destruction from the Receiver, I wrote another email to this Court explaining that some students' files had been destroyed and asking for further assistance in resolving this matter.

15. On June 3, 2019, this Court issued an order requiring the Receiver to file a report explaining the destruction of the files.

16. The Receiver's report was submitted on June 4, 2019. The report confirmed that all the files contained on the first floor of the Argosy Georgia Campus facility were destroyed. According to the Report, the destroyed records contained the files for thirty-three psychology students.

17. The Receiver's report also stated that the records contained on the third floor of the facility survived.

18. At the time Argosy closed, approximately 70 students were enrolled in the Clinical Psychology program at the Georgia Campus, meaning up to half the student body's files could remain intact.

19. The report also suggested that students could replicate most of their academic and training files via electronically stored records. This is not accurate, as I have previously explained to the Receiver.

20. On June 10, 2019, NSLDN reached out to the Receiver's counsel in an attempt to reach a collaborative resolution for the problems created by the destruction of the files. According to NSLDN, the Receiver agreed to take some steps on behalf of myself and other students who NSLDN represents but would not agree to take actions on behalf of our classmates, who have delegated us to advocate on their behalf.

21. Argosy's closing significantly derailed my education. The failure to obtain my training and academic files, or recreate them to the fullest extent possible, in a prompt manner will further interfere with my education and the career plans I have dedicated a great deal of time and money towards pursuing.

22. I declare under penalty of perjury that foregoing is true and correct.



_____

Kimberly Milbrandt

Executed on June _20_ , 2019

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF SARAH WATTS IN SUPPORT OF MOTION TO INTERVENE**

I, Sarah Watts, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am an intervening party in the above-captioned case.

2. I was a fourth-year student at the Georgia School of Clinical Psychology at Argosy University's Atlanta Campus, when it closed in March 2019.

3. I have retained the National Student Legal Defense Network (NSLDN) to represent me for the purposes of intervening in the Receivership to find out what happened to my academic file after my school closed and to advocate for actions on the part of the Receiver that will help myself and other students locate their missing files or ameliorate the harm caused by their loss or destruction.

4. My fourth-year cohort-mates selected me to represent their interests in obtaining the files that remain in the Receiver's possession and establishing a process for those whose files were destroyed to create as complete a record as possible of the work they did in the

1

school's psychology program.

5. Because Argosy's Atlanta Campus closed before the Clinical Psychology program established an articulation agreement with another degree-granting institution, our training and academic files were not transferred to another school.

6. By sheer luck, on April 5, 2019, the Receiver permitted me to obtain my training file from Craig Scott, the man that was assigned to box up all the files. However, I am still missing my academic file.

7. After obtaining my training file, I created a table of contents, attached as Exhibit 1 to this declaration, listing the documents in my file to help my classmates determine which records they were missing.

8. Because Argosy certified that I was academically qualified to participate in an internship before it closed, I have been allowed to finish my last few classroom credits at the Chicago School of Professional Psychology's Washington D.C. Campus.

9. Although I will be starting my internship when I finish my final classroom credits, I still need my academic file to get licensed, so I can start the career I have spent many years and thousands of dollars working towards.

10. After picking up my file on April 5, 2019, I reached out to Cheri Tate, the Receiver's employee who had helped me obtain my file from Craig Scott, asking her to follow-up with me when the files arrived in Cleveland for storage, so I could help my classmates obtain their files.

11. Ms. Tate told me she did not know when the files would be shipped.

12. On April 9, 2019, I once again followed-up with Ms. Tate to see if the files had been shipped and determine whether a process had been established for my classmates to obtain

their files.

13. Ms. Tate responded on April 10, 2019. She told me that the files had not been shipped yet, but there was no one on site to hand them out to students. She also informed me that she had been in touch with several students, and when the files reached the Receiver's office she would look for their files.

14. On May 3, 2019, after weeks of not hearing from the Receiver, I emailed the Court to explain that we still had not obtained our files and ask for help in resolving the matter.

15. On May 8, 2019, one of the Receiver's employees, Anne Dean, emailed me explaining that the Court had forwarded her my email and informing me that she would be my designated contact moving forward. She told me she was looking into the matter, but that she wanted to schedule a time to speak with me about it the following day.

16. Despite me following up with my availability to speak with her, Anne Dean never called me.

17. On June 3, 2019, this Court issued an order requiring the Receiver to file a report explaining the destruction of the files.

18. The Receiver's report was submitted on June 4, 2019. The report confirmed that all the files contained on the first floor of the Argosy Georgia Campus facility were destroyed. According to the Report, the destroyed records contained the files for thirty-three psychology students.

19. The Receiver's report also stated that the records contained on the third floor of the facility survived.

20. At the time Argosy closed, approximately 70 students were enrolled in the Clinical Psychology program at the Georgia Campus, meaning up to half the student body's files could remain intact.

21. The report also suggested that students could replicate most of their academic and training files via electronically stored records. This is not accurate, as some of my classmates have previously explained to the Receiver.

22. The non-existence of electronic versions of our academic and training files is particularly problematic for fifth year students, as the online system was not available for the first few years we were enrolled in the Clinical Psychology program.

23. Additionally, the electronic records that are available do not include records of the clinical work we have completed on campus, which is a major component of our work product as students.

24. On June 10, 2019, NSLDN reached out to the Receiver's counsel in an attempt to reach a collaborative resolution for the problems created by the destruction of the files. According to NSLDN, the Receiver agreed to take some steps on behalf of myself and other students who NSLDN represents but would not agree to take actions on behalf of our classmates, who have delegated us to advocate on their behalf.

25. Argosy's closing significantly derailed my education. The failure to obtain my academic file, or recreate it to the fullest extent possible, in a prompt manner will further interfere with my education and the career plans I have dedicated a great deal of time and money towards pursuing.

26. I declare under penalty of perjury that foregoing is true and correct.

_____
Sarah Watts

Executed on June 19, 2019

4

# Exhibit 1

Documents in Training File:

| | |
|---|---|
| Therapy Practicum – Seminar Leader Fall and Final Project Evaluation | Signed by Therapy Practicum Seminar Professor |
| Therapy Practicum Site Supervisor Evaluation – Spring 2018 | Signed by Therapy Practicum Site Supervisor (Time2Track) |
| Student Record Review Sheet – 2019 Internship Applicant | We filled out his form for Manulkin to write our DOT statement in the APPI |
| Internship Readiness Form: 2019 Class (Entered program Fall 2015) | We filled out his form to make sure we were ready for internship |
| Practicum Individual Field Training Agreement – Fall 2018 – Summer 2019 | Signed by Student, Practicum Site Supervisor, and Manulkin |
| Practicum Individual Field Training – Fall 2017-Summer 2019 | Signed by Student, Practicum Site Supervisor, and Manulkin |
| An email from Melissa About Therapy Practicum Assignments and Instructions for Therapy Practicum Placement | An email Melissa sent on Jan 18, 2017 |
| Clinical Training Advisement Form (Fall 2017 Placement) | The form we filled out listing preferences for Therapy Practicum sites. Signed by Student, Advisor, and Manulkin |
| Therapy Practicum Readiness Checklist (Fall 2017 Placement | Checklist of completed courses signed by Student and Advisor |
| CV | Your CV (You should have this) |
| Practicum Individual Field Training Agreement (Fall 2016-Summer 2017) | Signed by Student, Practicum Site Supervisor, and Manulkin |
| Practicum Interview Outcome Form: Fall 2016 | Just saying if we excepted or declined Diagnostic Practicum Externship Offers |
| An email from Melissa About Diagnostic Practicum Assignments and Instructions for Therapy Practicum Placement | An email Melissa sent on Jan 29, 2016 |
| Clinical Training Advisement Form | The form we filled out listing preferences for Diagnositc Practicum sites. Signed by Student, Advisor, and Manulkin |
| Diagostic Practicum Readiness Checklist (Fall 2016 placement) | Checklist of Completed courses signed by student and advisor |
| Grading Checklist for Spring 2018 Practicum | Checklist done by Seminar Leader |
| Therapy Site Supervisor Evaluation Form | Therapy Site Supervisor (Time 2 Track) |
| Therapy Practicum Seminar Leader Fall and Final Project Evaluation (Spring 2018) | Signed by Seminar Leader |
| Activity Summary – For therapy Practicum | Time 2 Track |
| Grading Checklist for Fall 2017 Practicum | Checklist done by Seminar Leader |
| Official Practicum Grade Sheet – Fall 2017 | Signed by Instructor, Giving us a PR. |

| | |
|---|---|
| Therapy Practicum Site Supervisor Evaluation – Fall 2017 | Time 2 Track |
| Therapy Practicum Seminar Leader Fall and Final Project Evaluation – Fall 2017 | Evaluation Signed by Therapy Seminar Professor |
| Practicum Site Mid-Year Evaluation Form (2017-2018 academic year) | It was an evaluation we filled out about our Therapy Practicum Site |
| Change of Grade Form for Clinical Practicum | You may not have this it is from Dr. Muskat to change my grade from PR to CR |
| Grading Checklist for Spring 2017 Practicum | A checklist filled out by Melissa to make sure we had everything |
| Diagnostic/Master's Practicum Site Supervisor Evaluation (Spring 2017) | Time 2 Track |
| Diagnostic Practicum Seminar Leader DPCE Evaluation Spring 2017 | Signed by Seminar Leader |
| Activity Summary – Diagnostic Practicum | Time 2 Track |
| Grading Checklist for Fall 2016 Practicum | Checklist filled out by Melissa to make sure we had everything |
| Student Rotation Evaluation (Fall 2016) | Time2Track |
| Diagnostic Practicum Seminar Leader DPCE Evaluation | Evaluation completed by Diagnostic Seminar Professor |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF ASHLEY YORK IN SUPPORT OF MOTION TO INTERVENE**

I, Ashley M. York, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am an intervening party in the above-captioned case.

2. I was a second-year student at the Georgia School of Clinical Psychology at Argosy University's Atlanta Campus, when it closed in March 2019.

3. I have retained the National Student Legal Defense Network (NSLDN) to represent me for the purposes of intervening in the Receivership to find out what happened to my training and academic files after my school closed and to advocate for actions on the part of the Receiver that will help myself and other students locate their missing files or ameliorate the harm caused by their loss or destruction.

4. My second-year cohort-mates selected me to represent their interests in obtaining the files that remain in the Receiver's possession and establishing a process for those

1

whose files were destroyed to create as complete a record as possible of the work they did in the school's psychology program.

5. Because Argosy's Atlanta Campus closed before the Clinical Psychology program established an articulation agreement with another degree-granting institution, our training and academic files were not transferred to another school.

6. I need my training and academic files for my transferee Clinical Psychology program at the Chicago School of Professional Psychology's Chicago Campus, to apply for post-doctoral internships, and to get my license, so I can start the career I have spent many years and thousands of dollars working towards.

7. On May 29, 2019, I learned that some files were destroyed.

8. On June 3, 2019, this Court issued an order requiring the Receiver to file a report explaining the destruction of the files.

9. The Receiver's report was submitted on June 4, 2019. The report confirmed that all the files contained on the first floor of the Argosy Georgia Campus facility were destroyed. According to the Report, the destroyed records contained the files for thirty-three psychology students.

10. The Receiver's report also stated that the records contained on the third floor of the facility survived.

11. At the time Argosy closed, approximately 70 students were enrolled in the Clinical Psychology program at the Georgia Campus, meaning up to half the student body's files could remain intact.

12. The report also suggested that students could replicate most of their academic and training files via electronically stored records. This is not accurate, as some of my classmates have previously explained to the Receiver.

13. On June 10, 2019, NSLDN reached out to the Receiver's counsel in an attempt to reach a collaborative resolution for the problems created by the destruction of the files. According to NSLDN, the Receiver agreed to take some steps on behalf of myself and other students who NSLDN represents but would not agree to take actions on behalf of our classmates, who have delegated us to advocate on their behalf.

14. Argosy's closing significantly derailed my education. The failure to obtain my training and academic files, or recreate them to the fullest extent possible, in a prompt manner will further interfere with my education and the career plans I have dedicated a great deal of time and money towards pursuing.

15. I declare under penalty of perjury that foregoing is true and correct.

*/s/ Ashley M. York*

Ashley M. York

Executed on June 20, 2019

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF BRANDY CHANDLER IN SUPPORT OF MOTION TO INTERVENE**

I, Brandy Chandler, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am an intervening party in the above-captioned case.

2. I was a fourth-year student at the Georgia School of Clinical Psychology at Argosy University's Atlanta Campus, when it closed in March 2019.

3. I have retained the National Student Legal Defense Network (NSLDN) to represent me for the purposes of intervening in the Receivership to find out what happened to my training and academic files after my school closed and to advocate for actions on the part of the Receiver that will help myself and other students locate their missing files or ameliorate the harm caused by their loss or destruction.

4. My fourth-year cohort-mates selected me to represent their interests in obtaining the files that remain in the Receiver's possession and establishing a process for those whose files were destroyed to create as complete a record as possible of the work they did in the

school's psychology program.

5. Because Argosy's Atlanta Campus closed before the Clinical Psychology program established an articulation agreement with another degree-granting institution, our training and academic files were not transferred to another school.

6. Because Argosy certified that I was academically qualified to participate in an internship before it closed, I have been allowed to finish my last few classroom credits at the Chicago School of Professional Psychology's Washington D.C. Campus.

7. Although I will be starting my internship when I finish my final classroom credits, I still need my training and academic file to get licensed, so I can start the career I have spent many years and thousands of dollars working towards.

8. I have been trying to obtain my files from the Receiver since April 10, 2019.

9. For weeks, I was told by the Receiver and his employees that our training and academic files were being sent to Cleveland for storage, my name would be added to a list of students whose files needed to be pulled, and they would contact me when my files were located.

10. On June 3, 2019, this Court issued an order requiring the Receiver to file a report explaining the destruction of the files.

11. The Receiver's report was submitted on June 4, 2019. The report confirmed that all the files contained on the first floor of the Argosy Georgia Campus facility were destroyed. According to the Report, the destroyed records contained the files for thirty-three psychology students.

12. The Receiver's report also stated that the records contained on the third floor of the facility survived.

13. At the time Argosy closed, approximately 70 students were enrolled in the Clinical Psychology program at the Georgia Campus, meaning up to half the student body's files

could remain intact.

14. The report also suggested that students could replicate most of their academic and training files via electronically stored records. This is not accurate, as some of my classmates have previously explained to the Receiver.

15. On June 10, 2019, NSLDN reached out to the Receiver's counsel in an attempt to reach a collaborative resolution for the problems created by the destruction of the files. According to NSLDN, the Receiver agreed to take some steps on behalf of myself and other students who NSLDN represents but would not agree to take actions on behalf of our classmates, who have delegated us to advocate on their behalf.

16. Argosy's closing significantly derailed my education. The failure to obtain my training and academic files, or recreate them to the fullest extent possible, in a prompt manner will further interfere with my education and the career plans I have dedicated a great deal of time and money towards pursuing.

17. I declare under penalty of perjury that foregoing is true and correct.

_____
Brandy Chandler

Executed on June __19__ , 2019