IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| | ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, ET AL., | ) | **3601 SUNFLOWER LLC'S BRIEF IN** |
| | ) | **OPPOSITION TO AMENDED FEE** |
| | ) | **APPLICATIONS OF RECEIVER AND** |
| Defendants. | ) | **RECEIVER'S COUNSEL** |

## I.  **INTRODUCTION**

3601 Sunflower, LLC ("Sunflower"), by and through undersigned counsel, hereby submits

its Brief in Opposition to the Amended Fee Applications of Receiver [ECF No. 372] and

Receiver's Counsel [ECF No. 371].  In their Response [ECF No. 370] to Sunflower's Objections,

the Receiver and his counsel attempt to deflect responsibility and ignore the true concerns

regarding their egregious billing practices.  Rather than address the serious concerns raised by

Sunflower, the Receiver and his counsel focused their Response and Amendments on again

highlighting their efforts in this litigation and explaining away unreasonable expenses and

questionable billing practices as oversights.  In doing so, they intentionally attempt to deflect from

the overall point of Sunflower's objections—which is that the billing practices of the Receiver and

his counsel have tremendously undermined their credibility, and, therefore, their Fee Applications

should be heavily scrutinized and significantly reduced.

## II.  **ARGUMENT**

The Receiver's attempt to explain away the "make up something for Charlie" entry as a

placeholder is wholly inadequate and, frankly, absurd.  Of course, the Receiver cannot simply

admit to the billing practice of "making up entries" because that would call into question the entire Fee Application; so, instead the Receiver would have this Court believe that "make up something" is akin to a placeholder entry.  This argument shows just how little regard the Receiver and his counsel have for the integrity of this process and both the Court's and Sunflower's ability to differentiate true billing errors from fabrications.

In an attempt to deflect that egregious time entry, the Receiver concentrates on the temporal and monetary value of this specific entry being for only 0.2 hours (or $60). Yet, this conveniently ignores the fact that the practice of "making up" entries—even if this specific example was of little value—calls into question their entire billing practice and raises significant concerns regarding the integrity of the invoices.  Moreover, whether the "make up something" or "placeholder" terms are used, the fact remains that the Receiver did not, and does not, put any emphasis on his billing practices.  These facts alone are grounds for the Court to heavily scrutinize the Fee Applications. If the Receiver does not find it important to precisely and accurately capture and report his time, then the receivership should not be burdened with the exorbitant fees and expenses the Receiver seeks to recover.

Sunflower's concerns are further compounded by the "block-billing" practices undertaken by the Receiver and his counsel.  While the Receiver and his counsel have emphasized a bankruptcy court's tendency to permit certain fees and expenses as an argument for approving their applications, they have neglected to address the bankruptcy court's prohibition against lumping tasks together in one time entry.  Specifically, the United States Bankruptcy Court for the Northern District of Ohio's Guidelines for Compensation and Expense Reimbursement of Professionals (the "Bankruptcy Guidelines") state that "[i]f separate tasks are performed on a single day, the fee application shall disclose the time required for each task (**i.e., no 'grouping' or**

**'lumping'**)."[1] (emphasis added). Here, the Fee Applications are riddled with block-billed entries, which explicitly runs afoul of the Bankruptcy Guidelines. Such practice is further grounds for scrutiny and reduction of the invoices.

The Bankruptcy Guidelines prohibit lumping because, when billed in such a way, there is no way to determine exactly how much time was spent on individual tasks.  Some tasks might reasonably be expected to be completed in a shorter timeframe and others might not be compensable at all (or should be compensable at a lower rate).  For example, the Receiver and his counsel have submitted several fee invoices and expenses pertaining to their travel. The Bankruptcy Guidelines state that "[t]ravel time is ordinarily compensable at not more than one-half the professional's allowed hourly rate [and that] [t]ravel of one hour or less round-trip is not compensable."  Without the benefit of separate entries, the reviewer is unable to determine exactly how much time in a given travel day was actually spent on the other activities listed and how much time should be billed at a lower travel-rate.  Ultimately, lumping significant amounts of time into one entry without properly and adequately describing each task performed on that day does not allow the Court or the other parties to assess the value added by the Receiver.

## III.   CONCLUSION

For the foregoing reasons, Sunflower reaffirms its strong objections to the Fee Applications and respectfully requests that this Court scrutinize and substantially reduce them so as to minimize the drain on the already diminished receivership estate.  In addition, Sunflower once again renews its request that the fees of the Receiver and his counsel be subordinated to the claims for unpaid,

---

[1] The Guidelines can be found at: https://www.ohnb.uscourts.gov/guidelines-compensation-and-expense-reimbursement-professionals

post-receivership rent attributable to those periods of time where the Defendants and the Receiver occupied the lease premises of Sunflower.

Respectfully submitted,

_/s/ William J. Stavole_

William J. Stavole (0040828)
Frederick D. Cruz (0093598)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel:            216.592.5000
Fax:           216.592.5009
E-mail:        william.stavole@tuckerellis.com
               frederick.cruz@tuckerellis.com

_Attorneys for 3601 Sunflower LLC_

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

*/s/ William J. Stavole*
William J. Stavole (0040828)
Frederick D. Cruz (0093598)
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Tel:        216.592.5000
Fax:        216.592.5009
E-mail:     william.stavole@tuckerellis.com
            frederick.cruz@tuckerellis.com

*Attorneys for 3601 Sunflower LLC*