## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, and | ) | Case No. 1:19-cv-145 |
| | ) | |
| MANAGEMENT SERVICES GROUP, INC. | ) | Honorable Dan Aaron Polster |
| d/b/a MARKETING SUPPORT NETWORK, | ) | Magistrate Thomas M. Parker |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION OF PLAINTIFF-INTERVENOR MANAGEMENT SERVICES GROUP, INC. d/b/a MARKETING SUPPORT NETWORK TO INTERVENE

AND NOW, comes Plaintiff-Intervenor Management Services Group, Inc. d/b/a Marketing Support Network ("MSN"), Pursuant to Rule 24 of the Federal Rules of Civil Procedure, by and through its undersigned counsel, hereby moves this Court to intervene in the above-captioned action.  The grounds supporting this Motion are set forth in the accompanying Memorandum of Law, which includes a proposed Order granting the relief requested herein.

Dated:  June 27, 2019

Respectfully submitted,

DINGESS, FOSTER, LUCIANA, DAVIDSON &
 CHLEBOSKI LLP

BY:     /s/ Jeremy K. Knaebel_____
         Jeremy K. Knaebel
         OH. ID. No. 0092893
         20 Stanwix Street, Third Floor
         Pittsburgh, PA  15222
         jknaebel@dfllegal.com
         (412) 926-1800
         (412) 926-1801 (Fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

DIGITAL MEDIA SOLUTIONS, LLC,  )
              )
    Plaintiff, and    )  Case No. 1:19-cv-145
              )
MANAGEMENT SERVICES GROUP, INC. )  Honorable Dan Aaron Polster
d/b/a MARKETING SUPPORT NETWORK, )  Magistrate Thomas M. Parker
              )
    Plaintiff-Intervenor,  )
              )
    v.       )
              )
SOUTH UNIVERSITY OF OHIO, LLC,  )
              )
    Defendants.   )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

  This Memorandum of Law is respectfully submitted in support of MSN's Motion to Intervene in the above captioned action pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

  MSN provides inbound and outbound call management and data entry services in connection with the operation of post-secondary educational institutions throughout the United States.  From October 2017 through December 31, 2018, MSN provided DCEH with inbound and outbound call management and data entry services under a Support Services Agreement.

  By letter dated October 29, 2018 (provided by email to MSN on October 31, 2018), DCEH provided notice that it was terminating the Support Services Agreement effective December 31, 2018. MSN continued to provide inbound and outbound call management and data entry services through December 31, 2018 and properly billed DCEH for those services.  DCEH owes MSN the total amount of $591,405.88 for services provided by MSN through December 31, 2018.

On February 20, 2019, MSN filed a complaint in civil action against DCEH in Allegheny County, Pennsylvania at GD-19-002633.  On March 19, 2019, the sheriff effectuated service on DCEH. Counsel for MSN received a voicemail from an individual purporting to be counsel for Mark Dottore on March 19, 2019.  He informed counsel for MSN that Mr. Dottore was appointed the receiver under a Receivership Order, and he would send the Order to MSN in order to file a claim.  MSN never received a copy of the Receivership Order. MSN subsequently obtained a copy of the Order from this docket.

Pursuant to the Receivership Order, the Receiver was authorized to operate and manage the Receivership Entities, pay all necessary expenses related to the operation of the Receivership Entities and perform pursuant to the terms of any existing contracts executed by the Receivership Entities. [Docket No. 8 Receivership Order, ¶ 2(q).]  Notwithstanding the authority granted to the Receiver pursuant to the Receivership Order, MSN has not been paid for services provided by MSN through December 31, 2018.

## LEGAL ARGUMENT

**A.**    **MSN Is Entitled to Intervene as of Right**

Fed. R. Civ. P. 24, provides, in relevant part:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit Court of Appeals has stated that Rule 24 is to be "broadly construed in favor of potential intervenors." *Purnell v. City of Akron,* 925 F.2d 941 950 (6th Cir. 1991).  The Advisory Committee Note to Rule 24(a)(2) states, "[I]f an [applicant] would be substantially affected in a

practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene…."

An applicant seeking to intervene as a matter of right under Rule 24(a) must establish the following elements:  (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest.  *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006) (internal citations omitted). MSN satisfies the standard for mandatory intervention under Rule 24.

### 1. MSN's motion is timely.

First, the requested intervention is timely.  In determining the timeliness of a motion for intervention as of right, courts consider five factors:  (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.  *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).  No one factor is dispositive; rather, "the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances."  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000) (internal citation and quotation marks omitted).

These proceedings were commenced on January 18, 2019.  [Docket No. 1.]  The Court entered a receivership order on January 8, 2019, and later amended the order on March 13, 2019.  [Docket Nos. 8, 150.]  MSN was not made aware of the receivership order until after it filed suit locally in Allegheny County, Pennsylvania. There has been no improper delay or prejudice to the parties.  Due to the

3

receivership order, MSN seeks to intervene in this action to recover its losses. Granting the motion will not delay the proceedings or prejudice any party.

> **2.      MSN has a substantial legal interest in this case.**

The proposed intervenor must establish that it "has a substantial legal interest in the subject matter of the case." *Blackwell*, 467 F.3d 999, 1007.  "The Sixth Circuit has adopted a rather expansive notion of the type of interests sufficient to invoke intervention of right." *Bds. of Trs. of the Ohio Laborers v. Ford Dev. Corp.,* 2010 WL 3365927, at \*4 (S.D. Ohio Aug. 20, 2010) (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).  Further, "close cases are to be decided in favor of recognizing an interest." *Id*.  The Receivership Order grants the Receiver control over the Receivership Property, which includes the Support Services Agreement, and stays any proceeding against such assets.  The Receivership Order impairs MSN's rights, which is a substantial legal interest justifying intervention.

> **3.      MSN's legal interest will be impaired if the intervention is denied.**

In order to establish the third element for mandatory intervention — impairment of a proposed intervenor's interest if it is not permitted to intervene — MSN "must show only that impairment of [its] substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247.  "[T]he requirement of impairment of a legally protected interest is a minimal one: the requirement is met if the applicant shows 'that representation of his interest 'may be' inadequate.'" *Blackwell*, 467 F.3d at 1007 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538, n.10 (1972)).  The Receivership Order prohibits MSN from exercising its remedies under the Support Services Agreement and applicable state law.  DCEH received a benefit, the fair and reasonable value of which is outstanding, for services provided by MSN through December 31, 2018 for the amount of $591,405.88.  Absent intervention, MSN's rights will continue to be impaired without a remedy as it will continue to not be paid.

**4. No other party can adequately represent MSN's interests absent its intervention as a party.**

The Supreme Court has explained that an applicant's burden on this factor is "minimal" because "the Rule is satisfied if the applicant shows that the representation of his interest 'may be' inadequate." *Trbovich,* 404 U.S. at 538 n.10.  No other party would have reason to intervene to recover MSN's loss.  No other party in this case was a party to the Support Services Agreement.

**B.  MSN Is Entitled to Permissive Intervention**

Even where an applicant fails to satisfy the requirements of intervention as of right, the Court has discretion to grant permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24 provides, in pertinent part:

> (b) Permissive Intervention.
>
>> (1)    In General.  On timely motion, the court may permit anyone to intervene who:
>>
>>> (A) is given a conditional right to intervene by a federal statute; or
>>>
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

MSN shares common questions of law and fact with the parties interested in the disposition of DCEH's assets.

Once the proposed intervenor establishes either of those two requirements, the "court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

As discussed in detail above, this Motion is timely, and MSN's rights are adversely affected by the Receivership Order.  Accordingly, if this Court is unable to grant intervention as of right under Rule 24(a), it should grant intervention on a permissive basis pursuant to Rule 24(b).  Accordingly, MSN seeks leave to file a Complaint in Intervention, a copy of which is attached hereto as Exhibit A.

## **CONCLUSION**

Therefore, pursuant to Federal Rules of Civil Procedure Rule 24, MSN should be permitted to intervene in this action.

Dated:  June 27, 2019                    Respectfully submitted,

                                         DINGESS, FOSTER, LUCIANA, DAVIDSON &
                                         CHLEBOSKI LLP

                                         BY:    /s/ Jeremy K. Knaebel_____
                                                Jeremy K. Knaebel
                                                OH. ID. No. 0092893
                                                20 Stanwix Street, Third Floor
                                                Pittsburgh, PA  15222
                                                jknaebel@dfllegal.com
                                                (412) 926-1800
                                                (412) 926-1801 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, and | ) | Case No. 1:19-cv-145 |
| | ) | |
| MANAGEMENT SERVICES GROUP, INC. | ) | Honorable Dan Aaron Polster |
| d/b/a MARKETING SUPPORT NETWORK, | ) | Magistrate Thomas M. Parker |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AUTHORIZING MANAGEMENT SERVICES GROUP, INC. d/b/a MARKETING**
**SUPPORT NETWORK TO INTERVENE**

This matter having come before the Court upon the Motion to Intervene (the "Motion"), and

Memorandum in Support thereof, of Management Services Group, Inc. d/b/a Marketing Support

Network ("MSN"), seeking, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure to intervene

in this action; and it appearing that the standards of Rule 24(a) are satisfied, it is HEREBY ORDERED

that:

1.     The Motion is granted;

2.     MSN is authorized to intervene in this action pursuant to Rule 24(a) of the Federal

Rules of Civil Procedure; and

3.     The Court shall file and docket MSN's Complaint in Intervention attached as

Exhibit "A".

IT IS SO ORDERED

Dated:_____, 2019          _____

                                    Honorable Dan Aaron Polster

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 27, 2019 I electronically filed the foregoing document with the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that all parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system.

/s/ Jeremy K. Knaebel_____
Jeremy K. Knaebel, Esq.