# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | Case No. 1:19-cv-145 |
|     Plaintiff, | Judge: Dan Aaron Polster |
| v. | |
| SOUTHERN UNIVERSITY OF OHIO, LLC, et al, | |
|     Defendant(s). | |

## THE STATE OF NEVADA, COMMISSION ON POSTSECONDARY EDUCATION'S GOOD FAITH LIMITED OBJECTION TO THE RECEIVER'S SALE OF THE ART INSTITUTE OF LAS VEGAS, LLC

Comes now, the State of Nevada, Commission on Postsecondary Education ("Commission"), through its attorney of record, State of Nevada Attorney General AARON FORD, through his Deputy, Deputy Attorney General Robert A. Whitney, and hereby files its Good Faith Limited Objection to the Receiver's Sale of the Art Institute of Las Vegas, LLC ("Objection").

## I.
## FACTS

1. On July 15, 2019, Receiver Mark Dottore filed his Emergency Motion for an Order Authorizing the Sale of Substantially all of the Assets of the Art

Institute of Las Vegas LLC, Free and Clear of All Liens, Encumbrances, Claims and other Interests (with Certain Exceptions) and for Transfer of the Interests of Unpaid Holders of Interests to the Proceeds of the Sale ("Emergency Motion").  ECF # 390.

2. An Asset Purchase Agreement ("APA") was filed as an attachment to the Emergency Motion.

3. Page 13 of the Emergency Motion provided for the filing of objections to the sale of the Art Institute of Las Vegas, LLC.

4. Mark Dottore (hereinafter "Receiver"), filed his Motion for an Order Expediting Consideration of and Shortening the Notice and Objection Periods for the Emergency Motion ("Motion for Order") on July 15, 2019. ECF # 391.

5. The Court granted Receiver's Motion for Order on July 16, 2019.  ECF # 392.

6. The Court's Order (ECF # 392) allowed for good faith objections to Receiver's Emergency Motion to be filed on or before July 23, 2019, 5:00 p.m.

7. The Commission is the designated State Approving Agency ("SAA") for purposes of assuming responsibilities delegated under 38 U.S.C. chapter 36,

which includes approving courses of education for veterans. See 38 CFR §
21.4150; NAC 394.375.

## II.

## OBJECTION

The Commission has a limited objection to the sale of the Art Institute
of Las Vegas, LLC, because it appears that the parties to the APA have agreed to
limit liabilities so that there may be no actual party liable for possible violations of
Nevada Revise Statute ("NRS")/ Nevada Administrative Code ("NAC") Chapter
394 if the violations occurred prior to April 1, 2019 after the Art Institute of Las
Vegas, LLC is sold and the receivership in this case ends. In particular, Section
2.2 and 5.3 of the APA divides up the liabilities of the Buyer and Seller, and make
Seller responsible for liabilities prior to April 1, 2019. The Seller, pursuant to the
APA, pages one and Section 3.1 page 14 apparently is the Art Institute of Las
Vegas, LLC.

Once the sale of the Art Institute of Las Vegas, LLC is completed it is the
Commission's understanding that the receivership will cease to exist soon after the
sale, along with Seller the Art Institute of Las Vegas, LLC. If that happens there
apparently would be no actual party liable for actions by the Art Institute of Las
Vegas, LLC, that occurred prior to April 1, 2019, which could have violated
NRS/NAC Chapter 394, as the Art institute of Las Vegas, LLC, would no longer

3

exist, and as the APA limits the purchaser's liability to actions that occurred after April 1, 2019.  Pursuant to NRS 394.520(1) students have until either one year after the last date of the student's last date of attendance or the date on which the particular damage occurred (whichever is later) to file a complaint with the Commission's Administrator if a student is claiming he or she was damaged as a result of a licensed postsecondary educational institution's actions that violated NRS 394.383-NRS 394.560 or NAC Chapter 394.300-394.685.

It is possible that the Art Institute of Las Vegas, LLC committed a violation of NRS 394.383-NRS 394.560 or NAC Chapter 394.300-394.685 and caused one of its students or former students damage.  If this indeed turns out to be the case and the violation that caused the student or former student damage occurred prior to April 1, 2019 then there apparently would be no way to address the violation after the Art Institute of Las Vegas, LLC, was sold and the receivership ended.

As noted above, the Commission is the SAA for the purpose of approving courses for veterans.  Additionally, pursuant to 38 CFR § 21.4209(f), records and accounts must be kept by a school/institution approved to teach veteran approved courses for at least three years following the end of the enrollment period.  Another duty of the Commission is that it performs audits of school records of institutions with approved to teach courses for veterans, and during the audits the Commission would look for errors or mistakes, such as overpayments.

Pursuant to 38 CFR § 21.4009(f), a school that has been approved to teach courses for veteran's would not be relieved of liability in certain circumstances. Thus, it is conceivable that the Commission could be auditing records of student veterans in possession of Buyer institution and find an error or mistake by the Art Institute of Las Vegas, LLC, which occurred prior to April 1, 2019.  However, as noted above, the APA purports to limit liability of the Buyer institution, and it appears that liability of the Art Institute of Las Vegas, LLC, may end when the receivership ends.  Such a lack of liability could conceivably result in the Commission being required to suspend the Buyer institution pursuant to 38 CFR § 21.4259.

/ / /

/ / /

/ / /

5

The Commission does not want to hold up the sale of the Art Institute of Las Vegas LLC, but it objects to any provision in the APA that would in fact prevent any recovery pursuant to NRS 394.520 for violations of NRS 394.383-NRS 394.560 or NAC Chapter 394.300-394.685, or for any recovery for potential violations of 38 CFR § 21.4009(f) if the Art Institute of Las Vegas, LLC, was sold and the receivership subsequently ended.

Dated: July 23, 2019.

AARON FORD
Attorney General

By: /s/ Robert A. Whitney
ROBERT A. WHITNEY
Deputy Attorney General
Nevada Bar No. 8726
Office of Nevada Attorney General
555 East Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 483-3104
rwhitney@ag.nv.gov

*Attorney for State of Nevada,*
*Commission on Postsecondary*
*Education*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd day of July,  2019 a copy of the foregoing THE STATE OF NEVADA, COMMISSION ON POSTSECONDARY EDUCATION'S GOOD FAITH LIMITED OBJECTION TO THE RECEIVER'S SALE OF THE ART INSTITUTE OF LAS VEGAS, LLC  was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Marilyn Millam
An employee of the Office of the
Nevada Attorney General