UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | ) | Case No. 1:19–cv–145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MOTION OF THE RECEIVER FOR AN ORDER (a) EXPEDITING
CONSIDERATION OF AND (b) SHORTENING THE NOTICE AND
OBJECTION PERIODS FOR THE EMERGENCY MOTION OF MARK E.
DOTTORE, RECEIVER OF DREAM CENTER ARGOSY UNIVERSITY
OF CALIFORNIA, LLC, FOR AN ORDER AUTHORIZING THE SALE
OF SUBSTANTIALLY ALL OF THE ASSETS OF WESTERN STATE
COLLEGE OF LAW AT ARGOSY UNIVERSITY, FREE AND CLEAR OF
ALL LIENS, ENCUMBRANCES, CLAIMS AND OTHER INTERESTS
AND TO TRANSFER THE INTERESTS OF UNPAID
LIENHOLDERS TO THE PROCEEDS OF THE SALE

Mark E. Dottore, the duly appointed and acting receiver herein (the

"**Receiver**") for the Receivership Entities (as defined in the Amended Order

Appointing Receiver [Dkt. No. 150] (the "**Receiver Order**")), hereby moves the

Court for the entry of an order expediting the consideration of and shortening the

notice and objection periods applicable to the Emergency Motion of Mark E. Dottore,

Receiver of Dream Center Argosy University of California, LLC, for an Order

Authorizing the Sale of All or Substantially All of the Assets of Western State

College of Law at Argosy University, Free and Clear of All Liens, Encumbrances,

Claims, and Other Interests and to Transfer the Interests of Unpaid Lienholders to the Proceeds of the Sale [Dkt. No. 397] (the "**Sale Motion**")[1]. A proposed order granting the relief requested in this motion is attached hereto as Exhibit A. In support of this motion, the Receiver says as follows:

## Introduction

1.        Earlier today, the Receiver filed the Sale Motion seeking, *inter alia*, authorization to sell to Westcliff Management Group d/b/a Westcliff University ("**Westcliff**" or the "**Buyer**") or its assignee substantially all of the assets of Western State College of Law at Argosy University (the "**Law School**" or "**WSCL**") free and clear of liens, encumbrances, claims and other interests (the "**Sale**"). The timeframe for completion of the Sale is extremely short. There are imminent deadlines approaching that must be met for WSCL to be able to continue to operate as a law school. Buyer's teach out of current law students which is scheduled to begin on August 1, 2019, is contingent upon approval of the sale of the Assets of WSCL to Buyer. Further, in order to sell the Assets as a continuing educational enterprise in good standing, the Receiver must complete its sale transaction immediately. The school cannot continue as an educational institution for even a short time without financial assistance, and there is no one other than the Buyer to provide it. If the Sale is not completed, WSCL will cease to operate as an

---

[1] Capitalized terms used but not defined in this motion shall have the meanings given to them in the Sale Motion.

{00022506-1 }

educational institution, and its students will be unable to complete their programs of study. Thus, time is of the essence.

## Jurisdiction and Venue

2.      The relief requested in this motion is governed by Fed. R. Civ. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio (the "**Local Rules**"), and the Receiver Order.

## Basis for Relief Requested

3.      Fed. R. Civ. P. 6(c)(1) provides, in pertinent part: "A written motion and notice of the hearing must be filed at least 14 days before the time specified for the hearing, with the following exceptions: . . . (C) when a court order—which a party may, for good cause, apply for ex parte—sets a different time."

4.      Local Rule 7.1(d) provides that "[u]nless otherwise ordered . . . each party opposing a motion must serve and file a memorandum in opposition ... within fourteen (14) days after service of any non-dispositive motion. If a party opposing a motion was served with the motion under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F), three days shall be added to the prescribed period . . .." Using that calculation, the earliest that a hearing could be held on the Sale Motion would be August 9, 2019, assuming that the Receiver were to choose to forego the filing of a reply memorandum. *See* Local Rule 7.1(e).

5.      The Receiver respectfully requests that (i) the Sale Motion be heard no later than 5:00 p.m. on July 31, 2019, (ii) the time period for notice in connection with the Sale Motion be shortened so that the Sale Motion can be heard no later

{00022506-1 }

than 5:00 p.m. on July 31, 2019, and (iii) any objections to the Sale Motion be filed no later than 5:00 p.m. on July 29, 2019 and any responses to any objections to the Sale Motion be filed no later than four (4) hours before the time as scheduled by the Court for the hearing.

6. Cause exists to shorten the notice period and objection deadline for the relief sought in the Sale Motion and to hold an expedited hearing on the Sale Motion, to wit: Unless the Sale Motion is heard and the relief requested in the Sale Motion is granted in time to close the Sale so that Westcliff can take over operation of the Law School by August 1, 2019, there will be no way to begin the teach-out or for Westcliff to keep the process going to be allowed to take on new students. The Law School will have no choice but to close.

7. Pursuant to Fed. R. Civ. P. 6(c)(1)(C), the Court may rule on this motion without the need for a hearing, and the Receiver requests that this motion be granted forthwith without a hearing.

## No Prior Request

8. No prior request for the relief sought in this motion has been made to this or to any other court in connection with this case.

## Notice

9. Notice of this motion will be given to all parties in this case by means of the Court's electronic filing system and on various interested non-parties, including the American Bar Association, the United States Department of Justice, the United States Department of Education, the United States Department of

{00022506-1 }

Labor, and the Internal Revenue Service by FedEx or UPS overnight delivery. Proof of such service will be placed on the record following completion of the service.

WHEREFORE, the Receiver respectfully requests that this Court enter an order substantially in the form of Exhibit A (i) setting the Sale Motion for hearing no later than 5:00 p.m. on July 31, 2019; (ii) shortening the time period for notice in connection with the Sale Motion sufficiently that the Sale Motion can be heard no later than 5:00 p.m. on July 31, 2019; (iii) requiring that any objections to the Sale Motion be filed no later than 5:00 p.m. on July 29, 2019 and any responses to any objections to the Sale Motion be filed no later than four (4) hours before the scheduled hearing; and (iv) granting such other and further relief as the Court may deem proper.

Dated: July 24, 2019

Respectfully submitted,

 /s/ Mary K. Whitmer
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
Robert M. Stefancin (0047184)
WHITMER & EHRMAN LLC
2344 Canal Road, Suite 401
Cleveland, Ohio 44113-2535
Telephone: (216) 771-5056
Telecopier: (216) 771-2450
Email: mkw@WEadvocate.net
        jwe@WEadvocate.net
        rms@WEadvocate.net

*Counsel for Mark E. Dottore, Receiver*

{00022506-1 }