IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

On July 24, 2019, Receiver Mark E. Dottore ("the receiver") filed an emergency motion for an order authorizing the sale of substantially all the assets of the Western State College of Law at Argosy University, LLC ("WSCL"). ECF Doc. 398. He also requested that the court set an expedited schedule for the notice and objection period on said motion and a hearing no later than July 31, 2019. ECF Doc. 399.

The court has had ongoing, substantial dealings with the receiver concerning: the ongoing operation of WSCL during the Spring 2019 term; the efforts to find a buyer for WSCL; the reaching of an agreement between the receiver and Westcliff University to acquire the assets of WSCL; the receiver's dealings with the U.S. Department of Education concerning the transition of WSCL from the current owner to Westcliff University; the efforts of Westcliff University and the receiver to assure that the transfer of WSCL would not compromise the accreditation status of WSCL; the efforts between the receiver, Cal State Fullerton and Westcliff University to reach an agreement concerning the lease for the existing law school building; and the efforts of the

receiver to monitor Westcliff University's efforts to secure a longer term leasehold space for its operation of WSCL. Over the past six months, dealings related to the transfer of WSCL have been reflected in many docket entries filed in this case. Apart from CSU Fullerton, the U.S. Department of Education, WSCL staff members and the intervening law students, no party has expressed views concerning the sale of WSCL transfer. From the court's perspective the concerns of the current landlord, the Department of Education, the faculty and students of WSCL have all been accommodated. The court has also reviewed the proposed transaction documents filed by the receiver and finds them to be in proper order and approvable.

Because the court cannot set a schedule that allows a meaningful amount of time for the submission of objections to the proposed sale while also accommodating the hearing date requested by the receiver, and because the receiver already is vested with the authority needed to effect the sale of WSCL, the court finds the receiver's motion for an expedited hearing to be not well taken.

Paragraph 2(n) of the Amended Order Appointing Receiver states:

n. Subject to paragraphs 13 and 14, the Receiver is authorized to negotiate and effect an orderly sale, transfer, use or assignment of all or a portion of any of the Property in or outside of the ordinary course of business of the Receivership Entities and, from the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real Property. Subject to paragraphs 13 and 14, payments to creditors by the Receiver shall include trade indebtedness which arises during the course of the Receiver's operation of the Property, which shall be paid first from the sale proceeds, together with the fees and expenses of the Receiver and his attorneys, accountants and other professionals. The Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion, believes will maximize the proceeds received from the sale.

Thus, the receiver already has the authority to sell the assets of WSCL.

In light of the foregoing the court hereby ORDERS the receiver to:

    a. Proceed with the transaction reflected in the receiver's emergency motion, ECF Doc. 398.

    b. Apply proceeds from the sale of WSCL assets as required by Paragraph 2(n) of the Amended Order Appointing Receiver.

    c. Preserve all remaining funds resulting from the sale of WSCL until further order of the court.

In light of and subject to these orders, the court hereby DENIES the receiver's request for an expedited hearing of the motion to sell the assets of WSCL. The motion for approval of the sale of the assets of WSCL is DENIED as moot given the court's order to the receiver to proceed.

IT IS SO ORDERED.

Dated: July 26, 2019

                                              *s/Dan Aaron Polster*

                                              Thomas M. Parker
                                              United States Magistrate Judge