UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING EMERGENCY MOTION OF MARK E. DOTTORE, RECEIVER OF THE ART INSTITUTE OF LAS VEGAS, LLC, FOR AN ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ART INSTITUTE OF LAS VEGAS, LLC, FREE AND CLEAR OF LIENS, ENCUMBRANCES, CLAIMS AND OTHER INTERESTS (WITH CERTAIN EXCEPTIONS) AND FOR TRANSFER OF THE INTERESTS OF UNPAID HOLDERS OF INTERESTS TO THE PROCEEDS OF THE SALE**

This matter having come before the Court on the Motion (the "**Sale Motion**") of Mark E. Dottore (the "**Receiver**"), Receiver of The Art Institute of Las Vegas LLC, for an Order Authorizing the sale of substantially all of the assets of The Art Institute of Las Vegas, LLC, an Arizona nonprofit limited liability company that is registered in the State of Nevada as The DC Art Institute of Las Vegas, LLC OPE ID #04051300 (the "**School**"), free and clear of all mortgages, pledges, security interests, liens, encumbrances, claims, charges, and any other interests of any kind or type whatsoever (the "**Interests**") (with certain exceptions as hereinafter provided) and for the transfer the Interests of unpaid holders of Interests to the Proceeds of the Sale. In the Sale Motion, the Receiver seeks the entry of an Order: (i) authorizing the sale of all or substantially all of the assets (the "**Assets**") of the

{00022593-2 }

School to Save the Art Institute of Las Vegas Limited ("**Save Las Vegas**" or the "**Buyer**"), consistent with the terms of an Asset Purchase Agreement (the "**APA**") dated July15, 2019; (ii) determining and directing that the sale of the Assets is free and clear of all Interests except for amounts that are required to be paid as part of the process of approval of the Sale at the direction of the United States Department of Education (the "**DOE**") or the Nevada Department of Employment, Training and Rehabilitation, Commission of Postsecondary Education (the "**DETR**") (the "**DOE/DETR Required Amounts**"); and (iii) and transferring any unpaid claims of the holders of Interests and other interest holders in the Assets to the proceeds of sale; and (iv) granting such other and further relief as is warranted in the circumstances.

The Court having reviewed the Sale Motion, the Declaration of the Receiver, and all other pleadings, motions, objections, and other responses (the "**Written Statements**") related thereto, to consider the proposed sale (the "**Sale**") of the Assets pursuant to the terms and conditions of the APA, at which time all parties in interest were afforded an opportunity to be heard and the Court having weighed and considered the Written Statements :

IT IS HEREBY FOUND AND DETERMINED THAT:

A. All capitalized terms not defined herein shall have the same meaning as set forth in the Sale Motion and the APA;

B. The relief requested in this motion is governed by FED. R. CIV. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District

   Court for the Northern District of Ohio (the "**Local Rules**"), federal common law and the Receiver Order;

C.  The Interim Receiver Order provides,

> 2.n. The Receiver is authorized to negotiate and effect an orderly sale, transfer, use or assignment of all or a portion of any of the Property in or outside of the ordinary course of business of the Receivership Entities and, for the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real Property . . . The Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion, believes will maximize the proceeds received from the sale.;

D.  The Amended Receiver Order provides that the Receiver's authority to negotiate and effect a sale of the assets is subject Paragraphs 13 and 14 of the Amended Receiver Order. Paragraph 13 affirms that the regulatory authority of the United States may not be stayed or constrained and Paragraph 14 affirms the validity of the Federal Priority Statute, 31 U.S.C. § 3713;

E.  Notice of the Sale Motion and the Sale was provided to hundreds of persons, who the Receiver identified as having an interest in the sale proceeding. Notice was served upon all parties to this lawsuit and their lawyers, the federal, state and local taxing authorities, all secured creditors, unsecured creditors that have demonstrated an interest in the assets, the Department of Justice, the Department of Education, the Nevada state education regulators, the Nevada Attorney General, and all regulatory and accrediting agencies. The list

{00022593-2 }           3

of persons served through the Court is a matter of record; the additional parties served is contained in a certificate of service filed with the Court;

F. Proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing and the proposed Sale has been provided to all interested parties;

G. Objections were filed as follows:

1. *Tech Park 6, LLC's Limited Objection to Emergency Motion of Mark E. Dottore, Receiver of The Art Institute of Las Vegas, LLC, for an Order Authorizing the Sale of Substantially all of the Assets of The Art Institute of Las Vegas, LLC, Free and Clear of All Liens, Encumbrances, Claims, and Other Interests (With Certain Exceptions) and for Transfer of the Interests of Unpaid Holders of Interests to the Proceeds of the Sale* (Doc. No. 395) (the "**Tech Park Objection**");

2. *The State of Nevada, Commission on Postsecondary Education's Good Faith Limited Objection to the Receiver's Sale of the Art Institute of Las Vegas, LLC* (Doc. No. 396) *(*the "**DETR Objection**"*)*; and

3. *Studio Enterprise Manager, LLC's Limited Objection and Reservation of Rights to Emergency Motion of Mark E. Dottore, Receiver of The Art Institute of Las Vegas, LLC, for an Order*

*Authorizing the Sale of Substantially all of the Assets of The Art Institute of Las Vegas, LLC, Free and Clear of All Liens, Encumbrances, Claims, and Other Interests (With Certain Exceptions) and for Transfer of the Interests of Unpaid Holders of Interests to the Proceeds of the Sale* (Doc. No. 395) (the "**Studio Objection**").

H. In addition to the Objections, the parties to the transaction received an inquiry from the DOE (the "**DOE Inquiry**");

I. This Court has the authority to approve a Sale of the Assets free and clear of all Interests (except for the DOE/DETR Required Amounts), and to transfer all Interests whatsoever to the proceeds derived from the respective sales of the Assets;

J. Liens reported against the Assets are as stated in the Sale Motion;

K. The DOE and DETR have an interest in the Assets in the amount that is required to be paid prior to the change of ownership to Save Las Vegas;

L. Those other holders of Interests who did not object to the Sale Motion are deemed to have consented to the Sale. Those holders of Interests who did object, if any, are adequately protected by having their Interests, if any, attach to the proceeds of Sale;

M. Prior to the appointment of the Receiver, the School advertised itself as for sale to a willing buyer. The School was one of the Excluded

    Campuses; that is, it was not selected for acquisition by Education Principle Foundation, The Arts Institute International, LLC or the Dream Center South University, LLC. Immediately after his appointment, the Receiver was approached by Save Las Vegas and another group who were seriously interested in acquiring the School;

N. Since his appointment in this case, the Receiver has marketed all of the Assets in a manner that was designed to attract the maximum number of individuals and groups with an interest in purchasing one or multiple campuses. Further, this case has been the subject of extensive press coverage. Through the press coverage and through earlier efforts to sell the institution, the Receiver's interest in a sale transaction and its financial situation were widely known among educators, educational institutions and investors in educational institutions and in excess of twenty prospective buyers have contacted the Receiver about the possibility of purchasing one or more campuses of the Receivership Entities;

O. The APA submitted by Buyer is the highest and best offer received for the Assets. It represents the highest in terms of money offered for the Assets and also includes the opportunity to continue the institution and honor the students' wishes to complete their programs of study. The APA offers the School's creditors the most money and the School's students an uninterrupted education. Principals of Buyer have

      demonstrated postsecondary education experience and knowledge and are more likely than other prospective purchasers to be successful in obtaining approvals from regulatory authorities which are required to complete the sale transaction. Buyer also seeks to close at the earliest possible time and demonstrates the financial wherewithal to do so. A Sale to Buyer is consistent with good business judgment and is approved by this Court;

P. If the Assets are not sold to Buyer at this time, they will be substantially devalued or the sale will fail and the School will close. The Assets are more valuable when sold as a "going concern," that is, as an educational institution. The sale to Buyer will also benefit the School's students, faculty and the community as the school will remain open. In order to sell the Assets as a continuing educational enterprise in good standing, the Seller must complete its sale transaction immediately, as it cannot continue to operate as an educational institution even for a short time without financial assistance and is in danger of losing both its accreditation and its ability to participate in federal student aid programs;

Q. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested herein has been afforded to all interested persons and entities, including but not limited to, all parties and intervenors to this action, all secured lenders, all unsecured

creditors who have requested that notices be sent to them, Attorney General of the State of Nevada, all full time faculty members, all of the School's educational accrediting agencies, and other parties that the Receiver believes would have an interest in the Sale or who have requested that they be notified of any sale;

R. The Receiver has demonstrated that approval of the Sale Motion and consummation of the Sale to the Buyer at this time is in the best interests of the School, its creditors and its students.  The Receiver has advanced good and sufficient business justification supporting the sale of the Assets to the Buyer as set forth in the Sale Motion, and it is a reasonable exercise of the Receiver's business judgment to consummate a sale of the Assets on the terms and conditions set forth in the APA, and to execute, deliver and perform its obligations thereunder.  Sound business judgment includes, but is not limited to, the fact that (i) there is a risk of immediate and irreparable loss of value of the Assets if the Sale is not consummated, (ii)  there is a substantial risk of loss of accreditation from the Accrediting Counsel for Independent Colleges and Schools ("**ACICS**") and American Culinary Federation Education Foundation's Accrediting Commission ("**ACFEFAC**"), and loss of eligibility to participate in federal student aid programs (iii) the School cannot continue as an educational institution for even a short time without financial assistance, (iv) if the

School ceases to operate as an educational institution, its students will be unable to complete their programs of study, and (v) the consummation of the transaction contemplated under the APA presents the best opportunity to realize the value of the Assets to avoid further decline and devaluation thereof; (vi) the sale is at arm's length; and (vii) the Receiver has exercised reasonable diligence and good faith judgment;

S. The consideration to be paid by the Buyer for the Assets constitutes adequate and fair value for the Assets and the terms and conditions of the APA are fair and reasonable;

T. The Receiver is authorized and directed to negotiate, execute and deliver all documents necessary to consummate the Sale with the Buyer on the same general terms and conditions as the APA with such changes as the Receiver, in his sole discretion, deems necessary or desirable, and is further authorized to execute other ancillary agreements and other documents to sell the Assets and to complete the Sale of the Assets without further order of this Court free and clear of all Interests (except for the DOE/DETR Required Amounts), as long as the terms and conditions of the APA and other documents are not materially worse, in the aggregate, to the School, or materially worse with respect to the interests of individual secured creditors, than the terms and conditions contained in the APA;

U. The School has good title to the Assets, and accordingly the sale of such Assets to the Buyer will be a legal, valid and effective sale of the Assets;

V. The terms and conditions of the APA were negotiated, proposed and entered into in good faith, from arm's length bargaining positions by the Receiver and the Buyer and constitute the highest or otherwise best offer for the Assets after a period in which third parties had ample opportunity to seek information and enter into discussions or negotiations with the Receiver concerning a sale of the Assets. The Buyer is entitled to the protections of a good faith purchaser with respect to the Sale approved hereby;

W. The APA is conditioned upon several events, which include (i) all of the terms and conditions of the sale must be approved by the Court through an Order of Sale and the Order of Sale must be final and not appealable; (ii) the sale must be free and clear of all Interests (except for the DOE/DETR Required Amounts); and (iii) all necessary approvals from the Governing Authorities and Educational Agencies are obtained. The Buyer will not consummate the transactions contemplated in the APA, thus adversely affecting the School, its creditors and its students, if the sale of the Assets to the Buyer is not free and clear of all Interests, or if the Buyer would, or in the future

        could, be liable for any of the Interests (except for the DOE/DETR Required Amounts);

X.    The Receiver does not have any interest in Buyer or any party affiliated with Buyer;

Y.    The Sale was non-collusive, fair and reasonable and conducted in good faith.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Sale of the Assets is approved and authorized on terms consistent with those in the APA which is attached to the Sale Motion and made a part hereof;

2.    Any objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits;

3.    The APA is hereby approved and the Receiver is hereby authorized and empowered to fully perform thereunder and to consummate the sale as contemplated under the APA on the same general terms and conditions as the APA. To the extent that changes are needed to consummate the sale as contemplated under the APA, the Receiver, in his sole discretion and without further order of this Court, is authorized to execute such additional instruments and documents that may be reasonably necessary or desirable to implement the APA and to take all further actions as may reasonably be requested by the Buyer

for the purpose of selling, assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession, any or all of the Assets free and clear of all Interests;

4. As of the closing of the Sale of the Assets, the sale of the Assets to the Buyer will be a legal, valid, enforceable, and effective sale of the Assets, and will vest the Buyer with all right, title, and interest in the Assets free and clear of all Interests (except for the DOE/DETR Required Amounts);

5. Subject to Paragraphs 14 and 16, and except as may be expressly permitted by the contemplated APA, all persons and entities holding liens or interests, including the Secured Claimants, are hereby barred from asserting such liens or interests against the Buyer, its successors or assigns, or the Assets;

6. Proper, timely, adequate and sufficient notice of the proposed Sale has been provided by the Receiver to all relevant parties, and no other or further notice is required;

7. The foregoing notwithstanding, subject to Paragraphs 14 and 16, the provision of this Order authorizing the Sale of the Assets free and clear of all Interests (except for the DOE/DETR Required Amounts) shall be self-executing, and notwithstanding the failure of the Receiver, the Buyer or any other party to execute, file or obtain releases, discharges, termination statements, assignments, consents or other instruments to effectuate, consummate and/or implement the provisions hereof or the contemplated APA with respect to the Sale of the Assets, all liens, claims, encumbrances and interests on such Assets shall be deemed

13

released and shall attach to the proceeds of the Sale except for the DOE/DETR Required Amounts;

8. Subject to Paragraphs 14 and 16, this Order shall be binding upon and govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Assets;

9. Subject to Paragraphs 14 and 16, from and after entry of this Order, neither the School nor any creditor or other party in interest shall take or cause to be taken any action that would interfere with the sale of the Assets to the Buyer in accordance with the terms of this Order;

10. Subject to Paragraphs 14 and 16, from and after entry of this Order, no creditor or other party in interest shall assert any claims or take any legal or other actions relating to the Assets to be sold to Buyer, before the closing of the Sale against Buyer, its principals or the Assets;

11. The Receiver is authorized to execute such other documents as are necessary or desirable to implement this Order;

12. This Court shall retain jurisdiction (i) to enforce and implement the terms and provisions of the contemplated APA and all amendments thereto, any waivers and consents thereunder and any other agreements executed in connection therewith, (ii) to resolve any disputes arising under or related to the APA, except as otherwise provided therein, and (iii) to interpret, implement and enforce the provisions of this Order.

13. The Tech Park Objection shall be deemed resolved effective as of entry by this Court of the proposed form of *Order Surrendering Possession of Premises to Intervening Landlord, Tech Park 6, LLC, Relieving Injunction and Stay as to Leased Premises and the Lease and Related Relief* submitted to this Court jointly by the Receiver, the Buyer and Tech Park.

14. The DETR Objection is resolved. Nothing in the APA or this Order shall constrain the regulatory authority of DETR to require the Buyer to assume any obligation, claim, encumbrance, lien or liability which the School may owe or be required by DETR or the United States Department of Veterans Affairs to pay or otherwise be responsible for, relating to any student stipend(s), unearned tuition, student reimbursements, errors, omissions or other monetary obligation(s) incurred or accrued by the School prior to April 1, 2019 or, to the extent applicable, otherwise prevent any recovery pursuant to NRS 394.520 for violations of NRS 394.393-NRS 394.560 or NAC Chapter 394.300-394.685, or for any recovery for potential violations of 38 CFR § 21.4009(f).

15. The Studio Objection is resolved. The parties shall amend the APA as follows:

   a. The last sentence of the definition of "Accounts Receivable" in the APA is modified to read "Accounts Receivable shall not include any account receivable that Studio or its affiliates are entitled to, including pursuant to that certain Amended and Restated Framework Agreement, dated January 7, 2019, by and among Studio, Seller, Dream Center Education Holdings, LLC and the other parties thereto."

   b. The last sentence of the definition of "Excluded Receivables" in the APA is modified to read "Excluded Receivables shall include any account receivable that Studio or its affiliates are entitled to, including pursuant to that certain Amended and Restated Framework Agreement, dated January 7, 2019, by and among Studio, Seller, Dream Center Education Holdings, LLC and the other parties thereto."

   c. The following language shall be added to the end of Section 5.4 of the APA: "Notwithstanding the foregoing, any data or access provided hereunder expressly excludes any information or data of any other schools or students of any other schools.

16. The inquiry of the DOE is resolved. Nothing in the APA or this Order shall constrain the regulatory authority of any agency of the United States, including DOE, or affect DOE's authority to set conditions for participation under the Title IV program of the Higher Education Act, including but not limited to

requiring the Buyer to assume any obligation, claim, encumbrance, lien or liability which the School may owe or be required by DOE or the United States Department of Veterans Affairs to pay or otherwise be responsible for, relating to any student stipend(s), unearned tuition, or other monetary obligation(s) incurred or accrued by the School prior to April 1, 2019; provided, however, for avoidance of doubt that under no circumstances will the Buyer be responsible for any trailing liabilities associated with any institution or OPE ID associated with or under the ownership of Seller, Dream Center Education Holdings, Argosy University of California, LLC, Dream Center South University, LLC or The Arts Institute International, LLC other than the School.

17. Pursuant to Fed. R. Civ.R. 54(B), this Order is a final Order and there is no just reason for delay.

IT IS SO ORDERED.

Dated: July 26, 2019

*s/Dan Aaron Polster*
Dan Aaron Polster
United States District Judge

Thomas M. Parker
United States Magistrate Judge

Respectfully submitted,

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
Robert M. Stefancin (0047184)
WHITMER & EHRMAN LLC
2344 Canal Road, Suite 401
Cleveland, Ohio 44113-2535
Telephone: (216) 771-5056
Email: mkw@weadvocate.net

*Counsel for Mark E. Dottore, Receiver*


 /s/    *Gwen Rutar Mullins*
Gwen Rutar Mullins (NV-003146) (admitted pro hac vice)
Howard & Howard Attorneys PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV  89169
Telephone:  702.667.4818
Email:  gmullins@howardandhoward.com

*Counsel for Save the Art Institute of Las Vegas Limited*

AGREED AS TO PARAGRAPH 13

Richard A. Chesley (OH-0029442)
DLA Piper LLP
444 West Lake Street, Suite 900
Chicago, IL  60606
Telephone:  312.368.4000
Email:  richard.chesley@dlapiper.com

- and -

 /s/    *Joshua D. Morse*
Joshua D. Morse (admitted pro hac vice)
DLA PIPER LLP
555 Mission Street, Suite 2400
San Francisco, CA
Telephone:  415.836.2500
Email:  joshua.morse@dlapiper.com
*Counsel to Tech Park 6, LLC*

{00022593-2 }                                       17

AGREED AS TO PARAGRAPH 14

  /s/  *Robert A. Whitney*
Robert A. Whitney (NV-008726)
Aaron Ford – Attorney General
Office of Nevada Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas NV  89101
Chicago, IL  60606
Telephone:  702.483.3104
Email:  rwhitney@ag.nv.gov

*Counsel for The State of Nevada,*
*Commission on Postsecondary Education*