UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, | ) | |
| LLC, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING EMERGENCY MOTION OF MARK E. DOTTORE, RECEIVER OF DREAM CENTER ARGOSY UNIVERSITY OF CALIFORNIA, LLC, FOR AN ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF WESTERN STATE COLLEGE OF LAW AT ARGOSY UNIVERSITY, FREE AND CLEAR OF LIENS, ENCUMBRANCES, CLAIMS AND OTHER INTERESTS AND FOR TRANSFER OF THE INTERESTS OF UNPAID LIENHOLDERS TO THE PROCEEDS OF THE SALE**

This matter having come before the Court on the Motion (the "**Sale Motion**") of Mark E. Dottore (the "**Receiver**"), Receiver of Dream Center Argosy University of California, LLC ("**DCAUC**"), for an Order Authorizing the sale of substantially all of the assets of Western State College of Law at Argosy University ("**WSCL**"), free and clear of all mortgages, pledges, security interests, liens, encumbrances, claims, charges and other interests of any kind or type whatsoever including any lien or priority payment pursuant to 31 U.S.C. § 3713  (the "**Interests**") and for the transfer of the Interests of unpaid holders of Interests to the proceeds of the sale. In the Sale Motion, the Receiver seeks the entry of an Order: (i) authorizing the sale of all or substantially all of the assets (the "**Assets**") of WSCL to Westcliff

{00022665-3 }

Management Group d/b/a Westcliff University or its assignee ("**Westcliff**" or the "**Buyer**"), consistent with the terms of an Asset Purchase Agreement between Westcliff and the Receiver (the "**APA**") dated July 22, 2019; (ii) determining and directing that the sale of the Assets is free and clear of all Interests whatsoever except for amounts that are required to be paid as part of the process of approval of the Sale at the direction of the U.S. Department of Education ("USDE Required Amounts"); and (iii) and transferring any unpaid claims of holders of Interests and other interest holders in the Assets to the proceeds of the sale; and (iv) granting such other and further relief as is warranted in the circumstances.

The Court having reviewed the Sale Motion, the Declaration of the Receiver, and all other pleadings, motions, and other responses (the "**Written Statements**") related thereto, and no objections having been filed, and the Court having weighed and considered the Written Statements:

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  All capitalized terms not defined herein shall have the same meaning as set forth in the Sale Motion and the APA;

B.  The relief requested in this motion is governed by 28 U.S.C. § 3103(b)(1), FED. R. CIV. P. 66, Rule 66.1(c) and (d) of the Local Rules for the United States District Court for the Northern District of Ohio (the "**Local Rules**"), federal common law and the Receiver Order;

C.  The Interim Receiver Order provides,

> 2.n. The Receiver is authorized to negotiate and effect an orderly sale, transfer, use or assignment of all or a portion

        of any of the Property in or outside of the ordinary course of business of the Receivership Entities and, for the proceeds thereof, to pay the secured and unsecured indebtedness of the Property, including the Real Property . . . The Receiver is authorized to conduct such a sale of the Property in any manner which he, in his good faith and reasonable discretion, believes will maximize the proceeds received from the sale.

D.    The Amended Receiver Order provides that the Receiver's authority to negotiate and effect a sale of the assets is subject Paragraphs 13 and 14 of the Amended Receiver Order. Paragraph 13 affirms that the regulatory authority of the United States may not be stayed or constrained, and Paragraph 14 affirms the validity of the Federal Priority Statute, 31 U.S.C. § 3713.

E.    Notice of the Sale Motion and the Sale was provided to hundreds of persons, whom the Receiver identified as having an interest in the sale proceeding. Notice was served upon all parties to this lawsuit and their lawyers, the federal, state and local taxing authorities, all secured creditors, unsecured creditors that have demonstrated an interest in the Assets, the Department of Justice, the Department of Education, the California Bureau of Post-Secondary Education, the California Attorney General, and all applicable regulatory and accrediting agencies. The list of persons served through the Court is a matter of record; the additional parties served is contained in a certificate of service filed with the Court.

F. Proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing and the proposed Sale has been provided to all interested parties.

G. No Objections were filed.

H. This Court has the authority to approve a Sale of the Assets free and clear of all Interests (except for the USDE Required Amounts), and to transfer all Interests whatever solely to the proceeds derived from the respective sales of the Assets.

I. Liens reported against the Assets are as stated in the Sale Motion.

J. Westcliff has not assumed any liabilities of WSCL or the Receivership Entities.

K. The U.S. Department of Education ("USDE") has regulatory authority over the Sale and may direct that certain amounts be paid prior to the change of ownership to Westcliff.

L. Those other holders of Interests who did not object to the Sale Motion are deemed to have consented to the Sale.

M. Prior to the appointment of the Receiver and pursuant to documents relating to a transaction between, Studio Enterprise Manager, LLC ("Studio") and DCAUC among others, was provided a right of first refusal to purchase WSCL which was terminated in the Second Settlement Agreement between the Receiver and Studio dated May 14, 2019 and approved by the Court on June 3, 2019 (Doc. 331).

N.  Since his appointment in this case, the Receiver has marketed all of the Assets in a manner that was designed to attract the maximum number of individuals and groups with an interest in purchasing one or multiple campuses. Further, this case has been the subject of extensive press coverage. Through the press coverage and through earlier efforts to sell the institution, the Receiver's interest in a sale transaction and its financial situation were widely known among educators, educational institutions and investors in educational institutions and in excess of twenty prospective buyers have contacted the Receiver about the possibility of purchasing one or more campuses of the Receivership Entities;

O.  The APA submitted by Buyer is the highest, best and only offer received for the Assets. It represents the highest in terms of money offered for the Assets and also includes the opportunity to continue the institution and honor the students' wishes to complete their programs of study. Further, the APA provides an opportunity for current students to complete their programs, which will mitigate against the potential for millions of dollars of closed school discharge claims by current students against the Receivership Entities. The APA offers WSCL's creditors the most money and WSCL's students an uninterrupted education. Principals of Buyer will use their own institutional licensure, accreditation and USDE approvals to operate

      the school and have demonstrated postsecondary education experience and knowledge and are more likely than other prospective purchasers to be successful in obtaining approvals from regulatory authorities which are required to complete the sale transaction. Buyer also seeks to close at the earliest possible time and demonstrates the financial wherewithal to do so. A Sale to Buyer is consistent with good business judgment and is approved by this Court.

P.   If the Assets are not sold to Buyer at this time, they will be substantially devalued, or the Sale will fail and WSCL will close. The Assets are more valuable when sold as a "going concern," that is, as an educational institution. The Sale to Buyer will also benefit WSCL's students, faculty and the community as WSCL will remain open. In order to sell the Assets as a continuing educational enterprise in good standing, the Seller must complete its sale transaction immediately, as it cannot continue to operate as an educational institution even for a short time without financial assistance and is in danger of losing both its accreditation and its ability to participate in federal student aid programs.

Q.   A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested herein has been afforded to all interested persons and entities, including but not limited to, all parties and intervenors to this action, all secured lenders, all unsecured

creditors who have requested that notices be sent to them, Attorney General of the State of California, all full time faculty members, all of WSCL's educational accrediting agencies, and other parties that the Receiver believes would have an interest in the Sale or who have requested that they be notified of any sale.

R. The Receiver has demonstrated that approval of the Sale Motion and consummation of the Sale to the Buyer at this time is in the best interests of WSCL, its creditors and its students. The Receiver has advanced good and sufficient business justification supporting the Sale of the Assets to the Buyer as set forth in the Sale Motion and at the Sale Hearing, and it is a reasonable exercise of the Receiver's business judgment to consummate the Sale of the Assets on the terms and conditions set forth in the APA, and to execute, deliver and perform its obligations thereunder. Sound business judgment includes, but is not limited to, the fact that (i) there is a risk of immediate and irreparable loss of value of the Assets if the Sale is not consummated; (ii) there is a substantial risk of loss of accreditation from the WASC Senior College and University Commission ("WSCUC") and American Bar Association ("ABA"), loss of licensure by the California Bureau of Private Postsecondary Education ("BPPE"), and loss of eligibility to participate in federal student aid programs; (iii) WSCL cannot continue as an educational institution for even a short time without

financial assistance; (iv) if WSCL ceases to operate as an educational institution, its students will be unable to complete their programs of study, resulting in potentially millions of dollars of closed school discharge claims by current students against the Receivership Entities; and (v) the consummation of the transaction contemplated under the APA presents the best opportunity to realize the value of the Assets to avoid further decline and devaluation thereof; (vi) the Sale is at arm's length; and (vii) the Receiver has exercised reasonable diligence and good faith judgment.

S. The consideration to be paid by the Buyer for the Assets constitutes adequate and fair value for the Assets and the terms and conditions of the APA are fair and reasonable.

T. The Receiver is authorized and directed to negotiate, execute and deliver all documents necessary to consummate the Sale with the Buyer on the same general terms and conditions as the APA with such changes as the Receiver, in his sole discretion, deems necessary or desirable, and is further authorized to execute other ancillary agreements and other documents to sell the Assets and to complete the Sale of the Assets without further order of this Court free and clear of all Interests whatsoever (except for the USDE Required Amounts), as long as the terms and conditions of the APA and other documents are not materially worse, in the aggregate, to WSCL, or materially worse

    with respect to the interests of individual secured creditors, than the terms and conditions contained in the APA.

U.    DCAUC has good title to the Assets, and accordingly the sale of such Assets to the Buyer will be a legal, valid and effective Sale of the Assets.

V.    The terms and conditions of the APA were negotiated, proposed and entered into in good faith, from arm's length bargaining positions by the Receiver and the Buyer and constitute the highest or otherwise best offer for the Assets after a period in which third parties had ample opportunity to seek information and enter into discussions or negotiations with the Receiver concerning a sale of the Assets. The Buyer is entitled to the protections of a good faith purchaser with respect to the Sale approved hereby.

W.    The APA is conditioned upon several events, which include (i) all of the terms and conditions of the sale must be approved by the Court through an Order of Sale (as defined in the APA) and the Order of Sale must be final and not appealable; and (ii) the Sale must be free and clear of all Interests whatsoever (except for the USDE Required Amounts); and (iii) obtaining all necessary Pre-Closing Educational Consents (as defined in the APA). The Buyer will not consummate the transactions contemplated in the APA, thus adversely affecting WSCL, its creditors and its students, if the Sale of the Assets to the Buyer is

    not free and clear of Interests whatsoever, or if the Buyer would, or in the future could, be liable for any of the Interests of any kind or type whatsoever (except for the USDE Required Amounts).

 X. USDE and Buyer have previously communicated in regard to the proposed Sale and the Buyer's acquisition of WSCL as an additional location of Westcliff University, and some of the potential terms of such an acquisition.

 Y. The Receiver does not have any interest in Buyer, or any party affiliated with Buyer.

 Z. The Sale was non-collusive, fair and reasonable and conducted in good faith.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

 1. The Sale of the Assets is approved and authorized on terms consistent with those in the APA which is attached to the Sale Motion and made a part hereof;

 2. The APA is hereby approved, and the Receiver is hereby authorized and empowered to fully perform under and consummate the Sale as contemplated under the APA on the same general terms and conditions as the APA.  To the extent that changes are needed to consummate the Sale as contemplated under the APA, the Receiver, in his sole discretion, and without further order of this Court, is authorized to execute such additional instruments and documents that may be reasonably necessary or desirable to implement the APA and to take all further

actions as may reasonably be requested by the Buyer for the purpose of selling, assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession, any or all of the Assets free and clear of all Interests;

3. As of the Closing of the Sale of the Assets (as defined in the APA), the sale of the Assets to the Buyer will be a legal, valid, enforceable, and effective sale of the Assets, and will vest the Buyer with all right, title, and interest in the Assets free and clear of all Interests of any kind or type whatsoever (except for the USDE Required Amounts) and all pre-Closing liabilities incurred or accrued by Argosy or WSCL, other than the Assumed Liabilities, shall be for the account of Argosy and attach to the proceeds of the Sale of the Assets, and Buyer shall have no liability therefor;

4. Subject to Paragraph 12 and Buyer's funding obligations, all persons and entities holding or asserting any Interests arising under or out of, in connection with, or in any way relating to WSCL, the Receivership Entities, the Assets, the operation of WSCL's businesses prior to Closing or the transfer of the Assets to the Buyer, are hereby forever barred, estopped and permanently enjoined from asserting such Interests against the Buyer or any of the Assets. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Receiver to transfer the Assets to the Buyer in accordance with the terms of the APA and this Order;

5. Subject to Paragraph 12, the Buyer is not, shall not be, nor be deemed to be, a successor to WSCL, the Receiver or the Receivership Entities by reason of any theory of law or equity and the Buyer shall not assume or in any way be responsible for any liability, obligation, commitment or responsibility of WSCL, the Receiver or the Receivership Entities, or any debts, liabilities, responsibilities or commitments in any way relating to the Assets, or WSCL's, the Receiver's or the Receivership Entities' use of the Assets prior to Closing;

6. Subject to Paragraph 12, All persons and entities holding liens or interests, including the Secured Claimants, are hereby barred from asserting such liens or interests against the Buyer, its successors or assigns, or the Assets;

7. Effective upon Closing, all persons in possession of any of the Assets shall deliver such Assets to the Buyer at its request. All holders of Interests on any of the Assets are hereby directed to prepare and file promptly after the Closing, releases of such encumbrances reasonably satisfactory to the Receiver and the Buyer;

8. Proper, timely, adequate and sufficient notice of the proposed Sale has been provided by the Receiver to all relevant parties, and no other or further notice is required;

9. The foregoing notwithstanding, the provision of this Order authorizing the Sale of the Assets free and clear of all Interests whatsoever (except for the USDE Required Amounts) shall be self-executing, and notwithstanding the failure of the Receiver, the Buyer or any other party to execute, file or obtain releases, discharges, termination statements, assignments, consents or other instruments to

effectuate, consummate and/or implement the provisions hereof or the contemplated APA with respect to the Sale of the Assets, all liens, claims, encumbrances and interests on such Assets shall be deemed released and shall attach to the proceeds of the Sale (except for the USDE Required Amounts);

10. Subject to Paragraph 12, this Order shall be binding upon and govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Assets, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA;

11. Subject to Paragraph 12, from and after entry of this Order, neither WSCL nor any creditor or other party in interest shall take or cause to be taken any action that would interfere with the sale of the Assets to the Buyer in accordance with the terms of this Order;

12. Nothing in the APA or this Order shall constrain the regulatory authority of any agency of the United States, including USDE, or affect USDE's

authority to set conditions for participation under the Title IV program of the Higher Education Act;

13. Subject to Paragraph 12, from and after entry of this Order, no creditor or other party in interest shall assert any claims or take any legal or other actions relating to the Assets to be sold to Buyer, before the Closing of the Sale against Buyer, its principals or the Assets;

14. The Receiver is authorized to execute such other documents as are necessary or desirable to implement this Order;

15. The agreements entered into in November 2015 between Education Management Corporation and 39 state attorneys general and the District of Columbia do not apply to WSCL or the Assets following Closing;

16. This Court shall retain jurisdiction (i) to enforce and implement the terms and provisions of the contemplated APA and all amendments thereto, any waivers and consents thereunder and any other agreements executed in connection therewith, (ii) to resolve any disputes arising under or related to the APA, except as otherwise provided therein, and (iii) to interpret, implement and enforce the provisions of this Order;

17. Pursuant to Fed. R. Civ. R. 54(B), this Order is a final Order and there is no just reason for delay.

IT IS SO ORDERED.

Dated: August 2, 2019

*s/ Dan Aaron Polster*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

THOMAS M. PARKER
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
Robert M. Stefancin (0047184)
WHITMER & EHRMAN LLC
2344 Canal Road, Suite 401
Cleveland, Ohio 44113-2535
Telephone: (216) 771-5056
Email: mkw@weadvocate.net

*Attorney for Mark E. Dottore, Receiver*

{00022665-3} 15