UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| SOUTH UNIVERSITY OF OHIO, LLC, | ) | THOMAS M. PARKER |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF INTERVENORS KIMBERLY MILBRANDT, ASHLEY YORK, SARAH WATTS AND BRANDY CHANDLER TO ENFORCE PREVIOUS ORDER OF THIS COURT**

Intervenors Kimberly Milbrandt, Ashley York, Sarah Watts and Brandy Chandler ("Intervenors"), former students at the Georgia School of Professional Psychology ("GSPP") whose training and academic files were destroyed after the school closed, move this Court to enforce its Order dated June 3, 2019. Dkt. 353.

That Order required the Receiver to file a report explaining the destruction of the educational and training files belonging to Intervenors and their classmates in the Clinical Psychology program at Argosy's Atlanta Campus. *Id.* That explanation "must include . . . a statement as to whether there is any recourse available to either the receiver or the students against the entity that destroyed the files." *Id.* The Receiver's report, which was filed on June 4, 2019, does not comply with this requirement. *See* Dkt. 356. Since the filing of the Report, Intervenors have repeatedly asked the Receiver to comply with the Order—openly expressing their desire not

to burden the Court with motion practice about a requirement it had already imposed. The Receiver has admitted he must do so, but still has not.

Accordingly, Intervenors move the Court to enter an Order, in the form attached, requiring the Receiver to provide them with the information necessary to assess what recourse is available to them against the entity that destroyed their files.

## **DISCUSSION**

The Court issued its Order requiring an explanation of what happened to the student records, and what recourse they had, on June 3, after receiving communications from GSPP students who could not get answers about the status of their files from the Receiver. Dkt. 353; Dkt. 374 at 2-4; Dkt. 374-2; Dkt. 374-5. The Receiver's time records indicate that he had discovered the loss of the files no later than May 6, 2019 but nevertheless did not tell the students. Dkt. 333-6; Dkt. 334 at 49.

The report filed by the Receiver did not include the required "statement as to whether there is any recourse available to either the Receiver or the students against the entity that destroyed the files." Dkt. 356. It states only that an unnamed "liquidator" "inadvertently designated" the records for destruction—plainly not enough information for students to determine their recourse. Dkt. 356 at 2. Intervenors sent multiple emails to counsel for the Receiver asking that he comply with the Order. Exh. A (emails exchanged between Rothschild and Berkson from July 16-August 16). For several weeks, the Receiver ignored the requests. *Id.* Finally, on August 9, his counsel agreed to "get the names of the people responsible and will forward those to you when I have them." *Id.* He also made clear that the Receiver would not "spend resources pursuing the folks responsible for the record destruction." *Id.* As of August 16, he claimed he still did not have the information requested. *Id.* There have been no further communications from the Receiver on the subject of

who destroyed the records.

The Receiver's claim not to have information about who destroyed the documents, and how it happened, defies credulity—and is inexcusable if true. The documents were destroyed while under the custody and control of the Receiver. Dkt. 356. The Receiver has acknowledged that preservation of student records is among his core responsibilities—for which he is charging, and depleting, the estate. Dkt. 365-2; Dkt. 370 at 2. He is in fact charging the estate for finding out about the destruction of Intervenors' records on May 6, even though he did not disclose that discovery to students—who had been asking—until a month later, when the Court required him to do so. Dkt. 336 at 6; 334 at 49.

In his report, the Receiver claims to have conducted ***an investigation*** into the loss of the records ***and discovered*** that a "liquidator inadvertently designated the First Floor Records for destruction." Dkt. 356 at 2 (emphasis added). In communications with the Intervenors, the Receiver claimed that "a contractor ignored instructions to preserve documents and destroyed records of Ms. Milbrandt [one of the Intervenors] kept by the school." Exh. A (8/15/19 Email from Rothschild to Berkson). The Receiver could not have made those representations without knowing who destroyed the documents and how it happened. Yet, he has not provided this information to Intervenors, as he was ordered to do by this Court. He has no excuse for not complying with an Order issued two and a half months ago.

To comply with this Court's June 3rd Order, the Receiver must explain how the files were destroyed and who is responsible for the destruction. The Receiver must produce the name of the "liquidator" or "contractor" that he claims mishandled the files and disclose the instructions it was given, how the instructions were violated, and when. In order to determine their rights, Intervenors need to know whether the entity that destroyed the files violated instructions, followed instructions,

or weren't given sufficient instructions at all. This is particularly the case given that the Receiver has indicated that he will not seek recourse for the students—they must fend for themselves. Exh. A (8/9/19 Email from Berkson to Rothschild).

The need for a comprehensive explanation of how the files were destroyed and who is responsible for the destruction is greater now than it was when this Court first requested this information in its June 3rd Order. When the Receiver filed his report on June 4th, there was still the possibility that some student records remained intact. Dkt. 356 at 2 (stating "[t]he Receiver's team is informed that some material might be located in the Third Floor Records, and we are investigating if this might be true"). However, since that report was issued, the Receiver has informed the Intervenors that their records could not be located. Dkt. 382-1. With any possibility of their files still existing extinguished, the Intervenors' right to recourse is even more clearly established now than it was when the Court issued its June 3rd Order.

Accordingly, the Intervenors respectfully request this Court to enter an order, in the form attached, requiring the Receiver to comply with its previous Order compelling him to explain how the students' files were destroyed, who is responsible for the destruction, and whether the students have any recourse against the entity that destroyed the files.

                                                            *s/Richard S. Gurbst*
Richard S. Gurbst (Bar # 0017672)
Eleanor M. Hagan (Bar # 0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: +1 216 479 8500
E-mail*: richard.gurbst@squirepb.com*
      *eleanor.hagan@squirepb.com*

Eric Rothschild Admitted Pro HacVice
Alexander S. Elson Admitted Pro HacVice
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC 20005
Telephone: +1 202 734 7495
E-mail: *eric@nsldn.org*
　　　　 *alex@nsldn.org*

Counsel for Intervenors,
Kimberly Milbrandt, Ashley York,
Sarah Watts, and Brandy Chandler

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing Motion was served upon all parties of record by the Court's electronic filing system this 21st day of August, 2019.

>	*/s/ Richard S. Gurbst*
>	Richard S. Gurbst
>	One of the Attorneys for Intervenors