UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>SOUTH UNIVERSITY OF OHIO, LLC, )<br>*et al.* )<br>)<br>Defendants. ) | CASE NO. 1:19-cv-145<br><br>JUDGE DAN AARON POLSTER<br><br>MAGISTRATE JUDGE<br>THOMAS M. PARKER |

**CORRECTED ARGOSY INTERVENORS' LIMITED RESPONSE
TO THE RECEIVER'S OCTOBER 1, 2019 STATUS REPORT**

The Argosy Intervenors file this Response to the Receiver's Status Report, Dkt. 428, in which the Receiver purports to update the Court on his related investigations into fraudulent transfers and missing student stipends. Argosy Intervenors respectfully request that the Court: (i) clarify that the Receiver must still file a report on his student stipend investigation prior to termination of the Receivership, as required by this Court's May 20, 2019 Order (Dkt. 336) and (ii) require the Receiver to include the results of his related investigations into fraudulent transfers and bonus payments in the upcoming report.

Intervenors are former Argosy students seeking information in the Receiver's control regarding the diversion of their student stipends so that they can determine what remedies are available to them. Although they no longer owe the federal government for these student loans, the diversion of funds caused them damage which they may be entitled to recover. As the Court previously noted, "[t]he students have more than a mere 'curiosity' in the receiver's investigation

into the stipend money." Dkt. 336 at 2-3. For example, as a result of the stipend diversion, Argosy Intervenor Kendrick Harrison was evicted from his home, forced to relocate—with his wife and six children—to an extended stay motel, and suffered severely damaged credit. Dkt. 236-2 (Harrison Declaration).

On May 20, 2019, the Court ordered the Receiver to "file a report once his investigation of the stipend issue is complete." Dkt. 336 at 3. The Court required that the Receiver "file this report before the Receivership is terminated." *Id.*

The three paragraph section of the Status Report titled "Status of Investigation into Student Stipend Issue" does not comply with the Court's May 20 Order. Since February 2019, the Receiver has engaged in what he has described as a "detailed, forensic investigation" (Dkt. 68 at 2), and he and his counsel have billed thousands of dollars to the Estate for the investigation and the preparation of a Report.[1] Over seven months later, his Status Report still describes his investigation as "preliminary." He provides not a single new fact, stating—without documentation—that he "believes" amounts were improperly requested and that it "appears" funding was used to pay "general expenses." In fact, in purporting to update the Court and the public on the status of his investigation, the Receiver has simply repeated statements in his February 22 Report—with only cosmetic alterations—in his October 1 Status Report.[2] Plainly,

---

[1] *See, e.g.,* Dkt. 333-3 at 25 (DL block-billed entry for 3.50 hours, $1,137.50, including "work on investigation into unpaid stipends, staff bonuses paid immediately prior to receivership and student credit balance issues"); *id.* at 58 (DL block-billed entry for 5.50 hours, $1,787.50, including "work on stipend investigation and documentation issues"); *id.* at 66 (DL block-billed entry for 8.00 hours, $2,600, including "work on stipend investigation summary"). There are many more entries of this nature in the fee submissions.

[2] *Compare* Dkt. 68 at 1-2 ("It appears that amounts improperly requested by the pre-Receivership Dream Center Entities and then advanced by the United States Department of Education were not remitted to students, either before the submission of the request for payment (as was required), or after the money was received by the pre-Receivership Dream Center Entity. It also appears that when the funding was received by the pre-receivership Dream Center Entities, it was used to pay their operating expenses.") *with* Dkt. 428 at 15 ("The Receiver believes that amounts were improperly requested by the pre- Receivership Dream Center Entities and then advanced by the USDE; these advances were not remitted to students, either before the submission of the request for payment (as was

threadbare speculation about what the Receiver "believes," cut directly from a report he filed at the outset of the investigation, does not satisfy the Court's May 20 order requiring him to "file a *report* once his investigation of the stipend issue is *complete*." Dkt. 336 at 3 (emphasis added).

Perhaps recognizing that he has provided no information in over seven months, the Receiver foists responsibility for the investigation onto the Department of Education and the Department's Office of Inspector General ("OIG"), claiming he has "made as much information available as possible" to the OIG and that the "government is in the best position" to conduct the investigation. Dkt. 428 at 14. There is no description of what information he has provided and we have not heard from the government on this matter. The last time we heard from the Department it did not agree with the Receiver, stating on July 26, 2019 that the Court should consider the Receiver's "lack of reporting on the stipend investigation," when it "considers future actions as it winds up the receivership action." Dkt. 400 at 3. Without more, the Receiver should not be permitted to pass the buck on the "detailed, forensic investigation" that he is required to report on—and that he has been billing the estate for—since February 2019.

Finally, Intervenors request that the Receiver be required to report on the results of his related investigations into fraudulent transfers to the Dream Center Foundation (and potentially others) and bonus payments made to Dream Center officials as the schools were collapsing. As this Court is aware, according to time records supporting a petition for attorneys' fees filed by the Receiver's counsel, there were at least "two $750,000 transfers to Dream Center Foundation," and, as of at least March 1, 2019, the Receiver was investigating whether these "were fraudulent transfers from any of the pre-receivership entities." Dkt. 334-1 at 27. In addition, time records filed by the Receiver indicate that, as of April 15, 2019, he was in possession of a pre-Receivership

---

required), or after the money was received by the pre- Receivership Dream Center Entity. It also appears that the funding was used to pay the general expenses of the pre-Receivership Dream Center Entities.").

"bonus payment list" and his team was investigating "staff bonuses paid immediately prior to receivership." Dkt. 333-3 at 25. Like the stipend investigation, the Receiver and his counsel have submitted multiple billing entries seeking compensation for their time spent investigating these matters. Approximately half a year later, these billing records remain the most detailed information provided by the Receiver regarding the results of these investigations. In his recent Status Report, the Receiver says nothing about bonuses and, regarding transfers, states only that "[t]he wrongdoing includes approving fraudulent transfers to related parties." Dkt. 428 at 9. Because these fraudulent transfers and bonus payments may be directly related to the missing stipend money, Argosy Intervenors request that the Receiver also be required to report on the results of his investigation into these matters.

At this point, there can be little doubt that the Receiver is concealing what he knows. Accordingly, the Argosy Intervenors respectfully request an order clarifying that the Receiver must still satisfy his obligations under this Court's May 20, 2019 Order, and, in addition, that he be required to report on the results of his related investigations into the fraudulent transfers and bonus payments.

Dated: October 16, 2019

          Respectfully submitted,

          *s/Richard S. Gurbst*
          Richard S. Gurbst (Bar # 0017672)
          Eleanor M. Hagan (Bar # 0091852)
          SQUIRE PATTON BOGGS (US) LLP
          4900 Key Tower
          127 Public Square
          Cleveland, Ohio 44114
          Telephone: +1 216 479 8500
          E-mail*: richard.gurbst@squirepb.com*
                *eleanor.hagan@squirepb.com*

Eric Rothschild
Admitted Pro HacVice
Alexander S. Elson
Admitted Pro HacVice
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC 20005
Telephone: +1 202 734 7495
E-mail: *eric@nsldn.org*
 *alex@nsldn.org*

Counsel for Argosy Intervenors,
Marina Awed, Jayne Kenney and Kendrick Harrison

## CERTIFICATE OF SERVICE

It is hereby certified that on the 16th day of October, 2019, the foregoing Corrected Limited Response to the Receiver's October 1, 2019 Status Report was electronically filed through the Court's CM/ECF system, which caused the parties or counsel to be served by electronic means. The parties may access this filing through the Court's ECF system.

                                           */s/Richard S. Gurbst*
                                           Richard S. Gurbst