UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC ) | Case No. 1:19–cv–145 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF THE RECEIVER TO THE FURTHER POSITION STATEMENT OF THE SETTLEMENT ADMINISTRATOR TO RECEIVER'S STATUS REPORT AND TO THE DUNAGAN INTERVENORS' STATEMENT IN SUPPORT THEREOF**

Mark E. Dottore, the duly appointed and acting receiver herein (the

"**Receiver**") for the Receivership Entities[1], hereby responds to the Further Position

---

[1] The "Receivership Entities" are South University of Ohio LLC, Dream Center Education Holdings LLC ("**DCEH**"), The DC Art Institute of Raleigh-Durham LLC, The DC Art Institute of Charlotte LLC, DC Art Institute of Charleston LLC, DC Art Institute of Washington LLC, The Art Institute of Tennessee - Nashville LLC, AiTN Restaurant LLC, The Art Institute of Colorado LLC, DC Art Institute of Phoenix LLC, The Art Institute of Portland LLC, The Art Institute of Seattle LLC, The Art Institute of Pittsburgh, DC LLC, The Art Institute of Philadelphia, DC, LLC, DC Art Institute of Fort Lauderdale LLC, The Illinois Institute of Art LLC, The Art Institute of Michigan LLC, The Illinois Institute of Art at Schaumberg LLC, DC Art Institute of Phoenix, LLC and its direct subsidiaries the Art Institute of Las Vegas LLC, the Art Institute of Indianapolis, LLC, and AiIN Restaurant LLC; Dream Center Argosy University of California LLC and its direct subsidiaries, and Argosy Education Group LLC; Dream Center Education Management LLC; and South University of Michigan LLC. *See* Amended Order Appointing Receiver [Docket no. 150, filed March 13, 2019].

Statement in Response to Receiver's Status Report [Docket no. 433] filed by the Settlement Administrator[2] on October 4, 2019 (the "**Settlement Administrator's Further Position Statement**") and to the Dunagan Intervenors' Statement in Support of the Settlement Administrator's October 4, 2019 Position Statement and in Response to the Receiver's October 1, 2019 Status Report [Docket no. 439].

**I. The "funds that never belonged to DCEH" are long gone.**

The Settlement Administrator fixates on "funds that never belonged to DCEH and are not part of any estate to be administered by the Receiver or to be distributed to other creditors." Settlement Administrator's Further Position Statement, p. 1 first paragraph. There are no such funds: When the former AI-Colorado and AI-Illinois students made their payments to their schools the funds were probably used to pay corporate expenses, perhaps even the salaries of the teachers who taught their unaccredited classes. The Settlement Administrator has not and cannot trace any of the funds he so cavalierly declares "never belonged to DCEH" to any funds held in any account that became part of the receivership estate a year later. Whether or not the funds "belonged" to DCEH when DCEH received them, DCEH spent them; those funds are gone. Nonetheless, the Settlement Administrator would have this Court declare a "constructive trust" over funds

---

[2] The Settlement Administrator is one Thomas J. Perrelli who was appointed to monitor the compliance of Dream Center Education Holdings, LLC with consent judgments entered with 40 state Attorneys General (the "**Consent Judgments**"). *See* Position Statement of the Settlement Administrator Regarding the DCEH Accreditation Corrective Action Plan [Docket no. 323] (the "**Settlement Administrator's Statement**").

received from other sources and for other purposes. His "constructive trust" arguments are all based on phrases plucked from cases that are not instructive, let alone controlling, for the situation before this Court.

Indeed, the Corrective Action Plan[3] that was proposed by DCEH and accepted by the Settlement Administrator "would have *refunded* approximately $3.1 million of DCEH's assets representing tuition payments made by Affected Students." Settlement Administrator's Statement, p. 5 (*emphasis added*). "Refunded" because a debt was due to the students; not because DCEH was holding property that belonged to the students.

## II.  The Settlement Administrator misstates this Court's prior orders.

The Settlement Administrator attempts to mislead this Court by claiming a status for some of the funds held in the Receivership as "funds this Court previously ordered 'held in trust to be paid to students.'" Settlement Administrator's Further Position Statement, p. 1, second paragraph.

The first mention of this "restricted fund" was at the March 8, 2019, status conference held before Magistrate Judge Parker.

> During the status conference, receiver's counsel, Mary Whitmer, stated that, on February 20, 2019, she first learned that the Title IV money that should have been disbursed to students had had been used for

---

[3] The history the Consent Judgments and their extension from the original set of defendants—the Education Management Corporation ("**EDMC**") and its subsidiaries of for-profit schools—to Dream Center Education Holdings LLC ("**DCEH**") and its subsidiaries of non-profit schools—is fully explained in the Settlement Administrator's Statement at pp. 2-3. The subsequent violations of the Consent Judgments by DCEH and the resulting Corrective Action Plan are fully explained in the Settlement Administrator's Statement at pp. 3-5.

> payroll and operating expenses. The receiver is investigating the handling of the student stipend money. The receiver currently holds 1.5 million dollars in a designated account. It is not authorized to transfer this money without prior court authorization.

Minutes of Proceedings, Docket no. 143, final paragraph.

The next mention of the "restricted fund" is in the Receiver's Report Regarding Pay Status of Employees.

> These account balances, and others that might be applied, might have restrictions on their use. The Receiver is investigating to determine if he can apply the funds to the unpaid payroll balances. Also, as the Court is aware, the Receiver is holding $1.5 million upon the Court's Order, *until it can determined whether it should be held in trust to be paid to students*.

Docket no. 183, page 2 final paragraph *emphasis added*. Note that this reference about being "paid to students" is a reference to the students who were owed student stipends—stipends that DCEH was supposed to have already paid to the students so that DCEH would qualify for reimbursement under Title IV.

If this Court had "previously ordered" that the restricted funds referenced above were to be "held in trust to be paid to students", the Settlement Administrator would have been able to cite to such an order. There was no such citation because there was no such order.

### III. The Settlement Administrator has misstated the Receiver's position about the claims of the AI-Colorado and the AI-Illinois students.

The Settlement Administrator mischaracterizes the position of the Receiver in Settlement Administrator's Further Position Statement, p. 3, carry-over paragraph: "The fact that the claim here arose pre-receivership—which the Receiver suggests absolves the Receiver of responsibility[.]"

- 4 -

The Receiver has never denied the debts due to the former students of AI-Colorado and AI-Illinois which arose out of the misdeeds of pre-receivership DCEH. What the Receiver has tried to say (more subtly in his prior pleadings than the statement that follows) is that the failure of the Settlement Administrator to *do* anything to recover money for these students during the time that millions of dollars were flowing through the accounts of the DECH entities does not elevate their claim priority over the claim priority of any other pre-receivership claimants.

## IV. Conclusion

The Settlement Administrator is asking this Court to give him a remedy to which he is not entitled. The Dunagan Intervenors pile on. Any decisions about claim priorities should be based on more than a misleading "position statement". The establishment of a claims process with priorities rankings should be done only on notice to those being affected with an opportunity for a hearing at which objections can be heard. All victims should have an equal opportunity.

Dated: October 25, 2019            Respectfully submitted,

 */s/ James W. Ehrman*
Mary K. Whitmer  (0018213)
James W. Ehrman  (0011006)
Robert M. Stefancin  (0047184)
WHITMER & EHRMAN LLC
2344 Canal Road, Suite 401
Cleveland, Ohio  44113-2535
Telephone: (216) 771-5056
Telecopier: (216) 771-2450
Email: mkw@WEadvocate.net
          jwe@WEadvocate.net
          rms@WEadvocate.net

*Counsel for Mark E. Dottore, Receiver*