UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, | ) | |
| LLC, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF THE RECEIVER FOR EXTENTION OF
DEADLINE TO FILE FINANCIAL INFORMATION**

On October 24, 2019, this Court entered an order requiring that on or before November 4, 2019, the Receiver file a report listing all obligations and accounts payable for any receivership entity reflecting any sums due. The Receiver's report is to identify pre- and post-receivership amounts, identify entities owed rent or other commercial real estate occupancy expenses since January 18, 2019, and include a list of pre- and post-receivership obligations to Buncher Company. By this Motion, the Receiver requests that the due date for the Receiver's report be extended from November 4, 2019, to November 12, 2019.

The Receiver faces many challenges in gathering the information requested by the Court and then putting the accumulated data into a format that is usable, including—

1. The Receiver does not have access to the pre-receivership accounting employees of DCEH, all of whom resigned *en masse* on December 31,

{00023438-1 }

2018. Furthermore, the difficult financial situation throughout the life of this receivership has left the Receiver with only two of the former DCEH employees still on the receivership's payroll. The terminated former employees would have historical knowledge that would facilitate the process of claims quantification.

2. The Receiver does not have easy access to the computer system upon which much of the information is stored. While Studio Enterprise Manager, LLC has been cooperative, retrieving information can be complicated and delayed.

3. The Receiver has entered into a great many agreements and compromises that were put of record with the Court. Those agreements have altered the claims that would have appeared on the pre-receivership books; therefore, he must review numerous docket entries to determine the status of some claims. For example, the many landlord claims that are subject to compromises that have been entered as orders of the Court.

4. The pre-receivership allocation of expenses to various Receivership Entities was subject to certain EDMC-dictated protocols. It is important that the Receiver understand those protocols before the Receiver uncritically adopts those protocols in the allocation of expenses to specific Receivership Entities. The Receiver is attempting to learn the protocols from DCEH's former employees.

5. Many claims are not quantified. The Receiver is trying to obtain information about the amount of the debt from the claimant or to use information on hand to estimate the amount of valid claims. For example, the Receiver has requested pay out balances from the primary secured lender. In addition, the Receiver is attempting to determine the amount of the United States government's claim(s).

6. The Receiver is attempting to estimate the ongoing costs of completing the receivership which, although not a current liability, would seem to be the kind of information the Court would find useful.

7. Healthcare claims must be quantified to the extent possible and the information required resides with outside vendors Aetna and BAS.

8. Many vendors made deals with New AI and New South and the amounts in DCEH's accounts payable may reflect (or not reflect) those agreements.

9. The Receiver is attempting to review the amount of federal, state and local taxes that may be due and owing.

The assembling of a complete and accurate report as requested by the Court that is sufficiently accurate to be of use to the Court and to any others who might review it would be a complicated and difficult task for a dedicated accounting staff; a task that is all the more challenging when the staff is skeletal and without detailed background knowledge of the DCEH accounting systems.

For all of these reasons, the Receiver requests an extension of the due date for his financial report from November 4, 2019 to November 12, 2019.

WHEREFORE the Receiver respectfully that the Court extend the due date for the filing of his financial to November 12, 2019.

Dated: November 1, 2019								Respectfully submitted,

                                                                                                            */s/ Mary K. Whitmer*
                                                          Mary K. Whitmer (0018213)
                                                          James W. Ehrman (0011006)
                                                          Robert M. Stefancin (0047184)
                                                          WHITMER & EHRMAN LLC
                                                          2344 Canal Road, Suite 401
                                                          Cleveland, Ohio 44113-2535
                                                          Telephone: (216) 771-5056
                                                          Telecopier: (216) 771-2450
                                                          Email: mkw@WEadvocate.net
                                                                               jwe@WEadvocate.net
                                                                               rms@WEadvocate.net

                                              *Counsel for Mark E. Dottore, Receiver*