UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) CASE NO. 1:19-cv-145 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| V. | ) |
| | ) MAGISTRATE JUDGE THOMAS |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) M. PARKER |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF THE CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, BUREAU FOR PRIVATE POSTSECONDARY EDUCATION TO APPEAR AS AN INTERESTED PARTY FOR LIMITED PURPOSE**

The California Department of Consumer Affairs, Bureau for Private Postsecondary Education (the "Bureau"), respectfully submits this motion for leave to appear in this case as an interested party for the limited purpose of responding to the Joint Motion of the Receiver and Studio Enterprise Manager, LLC's (I) Authorizing the Sale of Shared Assets Free and Clear of Liens; (II) Approving Certain Procedures Regarding Access to the DCEH Data; and (III) Granting Further Relief (ECF No. 446) filed on November 6, 2019 (the "Sale Motion") pursuant to Federal Rule of Civil Procedure 24(a)(2) and 24(b)(2).

Federal Rule of Civil Procedure 24(a)(2) states that a party may intervene in a case as a matter of right when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Alternatively, Federal Rule of Civil Procedure 24(b)(2) permits the court to allow a "state governmental officer or agency to intervene if a party's claim or defense is based on . . . (A) a statute or executive order administered by the officer or agency; or (B) any

1

regulation, order, requirement, or agreement issued or made under the statute or executive order."

The Bureau is the California state agency responsible for protecting students and consumers through the oversight of California's private postsecondary educational institutions, including certain of the educational institutions located in California and subject to the Court's receivership order. *See* Cal. Educ. Code § 94875. Several of the entities subject to the receivership in this case operate in California, and are subject to regulation by the Bureau. (First Report of the Receiver, ECF No. 91, at 3–4 & Ex. A; Compl., ECF No. 1, at ¶¶ 5–6; Answer, ECF No. 6, at ¶ 4.) As such, the Bureau has an interest in ensuring that the receiver complies with applicable California consumer protection law. *See* 28 U.S.C. § 959(b) (obligating receiver to "manage and operate the property in his possession . . . according to the requirements of the valid laws of the State in which such property is situated"). These laws include the maintenance and retention of student records by private educational institutions operating in California, even after those institutions close. *See, e.g.*, Cal. Educ. Code § 94927.5; Cal. Code Regs. tit. 5, § 71930(f).

The Bureau meets the requirements for intervention under either Federal Rule of Civil Procedure 24(a)(2) or 24(b)(2). For the reasons set forth in more detail in the Bureau's forthcoming Objection to the Sale Motion, the terms of the Sale Motion permit the destruction of the student records, and it is not clear that the receiver has made arrangements to fully comply with applicable law requiring the receiver to continue to make those records available to the students. Because the destruction of these records "may as a practical matter impair or impede" the Bureau's interest in ensuring compliance with applicable state law, California should be permitted to intervene on this limited basis. Fed. R. Civ. P. 24(a)(2). Alternatively, the Bureau

2

is a governmental agency acting pursuant to its duty to enforce California statutes and regulations related to the retention of student records, and should be permitted to appear on that basis as well. Fed. R. Civ. P. 24(b)(2).

The Bureau's proposed appearance is limited to its response to the Sale Motion and its interest in ensuring that the receiver complies with applicable California consumer protection law. *See Dry Clime Lamp Corp. v. Edwards*, 389 F.2d 590, 598 (5th Cir. 1968) (limiting jurisdiction over non-resident party to that party's interest in property subject to the in rem jurisdiction of the court). The Bureau reserves its rights to assert jurisdictional arguments on matters unrelated to the Sale Motion. *See id.*; *see also* 11 U.S.C. § 362(b)(4) (setting forth exception for actions to enforce police and regulatory powers to automatic stay in bankruptcy for state governmental units); Local Rule 66.1 ("In all other respects the receiver or similar officer shall administer the estate as nearly as may be in accordance with the practice in the administration of estates in bankruptcy, except as otherwise ordered by the Court.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

For the reasons set forth above, the Bureau respectfully requests that the Court grant its motion to appear as an interested party for the limited purpose of responding to the Sale Motion.

Dated: November 21, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MOLLY K. MOSLEY
Supervising Deputy Attorney General

CRAIG D. RUST*
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
Telephone: 916-322-0253
Fax: 916-324-5205
Email: craig.rust@doj.ca.gov
*Attorneys for California Department of Consumer Affairs, Bureau for Private Postsecondary Education*

*Motion for admission to appear pro hac vice pending

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Digital Media Solutions, Inc. v. South University of Ohio, LLC, et al.**
No.:              **1:19-cv-145**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>November 21, 2019</u>, I served the attached:

> - MOTION OF THE CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, BUREAU FOR PRIVATE POSTSECONDARY EDUCATION TO APPEAR AS AN INTERESTED PARTY FOR LIMITED PURPOSE
> - MEMORANDUM IN SUPPORT OF MOTION OF THE CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, BUREAU FOR PRIVATE POSTSECONDARY EDUCATION TO APPEAR AS AN INTERESTED PARTY FOR LIMITED PURPOSE
> - [PROPOSED] ORDER GRANTING MOTION OF THE CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, BUREAU FOR PRIVATE POSTSECONDARY EDUCATION TO APPEAR AS AN INTERESTED PARTY FOR LIMITED PURPOSE

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

**Robert T. Glickman**
MCCARTHY, LEBIT, CRYSTAL
& LIFFMAN CO., LPA
**101 West Prospect Avenue**
**1800 Midland Building**
**Cleveland, Ohio 44115**
*Special Counsel for the Receiver*

**Mary K. Whitmer (0018213)**
**2344 Canal Rd., Suite 401**
**Cleveland, OH 44113**
*Attorney for Mark E. Dottore, Receiver*

**M. Colette Gibbons**
MCDONALD HOPKINS LLC
600 Superior Ave., E., Ste. 2100
Cleveland, OH 44114
*Counsel for Studio Enterprise Manager, LLC*

**American Bar Association**
321 North Clark Street
Chicago, IL 60654

Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC  20224

Internal Revenue Service – Insolvency
Group 6
1240 East Ninth Street, Room 493
Cleveland, OH  44199

Judson R. Baker
Great American Insurance Company
301 East Fourth Street, 24th Floor
Cincinnati, OH  45202

The following parties were served via Electronic Mail:

Danielle A. Pham
United States Department of Justice
Danielle.pham@usdoj.gov

Donna S. Mangold
United States Department of Education
Donna.mangold@.ed.gov

James Goldstein
United States Department of Labor
Goldstein.james@dol.gov

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 21, 2019, at Sacramento, California.

| P. Pimentel | *P. Pimentel* (signature) |
|---|---|
| Declarant | Signature |

SA2019300444
Digital Media Proof-Motion.docx