# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>SOUTHERN UNIVERSITY OF OHIO, LLC, et al,<br><br>　　Defendant(s). | Case No. 1:19-cv-145<br><br>Judge: Dan Aaron Polster |

## MOTION FOR THE LIMITED LIFTING OF RECEIVERSIP STAY

Comes now, the State of Nevada, Commission on Postsecondary Education ("Commission"), through its attorney of record, State of Nevada Attorney General AARON FORD, through his Deputy, Deputy Attorney General Robert A. Whitney, and hereby files its Motion for the Limited Lifting of Receivership Stay. The Commission's Motion is based on Local Rule 7.1 and on and the Point and Authorities below.

/ / /

/ / /

/ / /

1

## POINTS AND AUTHORITIES

## I.
## FACTS

1. The Art Institute of Las Vegas ("Art Institute") is a postsecondary educational institution licensed by the Commission.

2. On January 18, 2019, this Court signed an Order Appointing Receiver ("Order" or "Order Appointing Receiver"; Document No. 8) which encompassed the Art Institute, as the Art Institute is owned by Dream Center Educational Holdings, LLC.

3. Paragraph 10 on page 12 of the Court's Order states:

> All creditors, claimants, bodies politic, parties in interest and their respective attorneys, servants, agents and employees, and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against the Property, or its Books and Records or Property, or against the Receiver in any court. The parties are further stayed from executing or issuing or causing the execution or issuance out of any court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession or interfering with, or enforcing any claim or lien upon the Property owned by or in possession of the Receivership Entities, or the Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of his duties in this proceedings or with the exclusive jurisdiction of this Court over the Property, its Books and Records and Property and the said Receiver.

       Thus, it appears that this Court's stay might need to be lifted for the Commission to take any action against the Art Institute which would impact a property right such as a license to operate.

4. On July 31, 2019, the Commission's Administrator, Kelley Wuest, informed the Art Institute that she could not renew the Art Institute's postsecondary license under the circumstances.  See Exhibit 1.

5. Administrator Wuest determined she could not renew the Art Institute's license for several reasons, including the Art Institute's apparent lack of financial stability (including its failure to pay its staff), its failure to pay quarterly fess due to the Commission pursuant to NRS, 394.557, and its failure to refund students pursuant to NRS 394.449 for Winter and Spring terms upon withdrawal of students.  See Exhibit 1.

6. After being informed of this, the Art Institute exercised its right to a hearing before the Commission concerning the renewal of its postsecondary license.

7. The hearing concerning the renewal of the Art Institute's postsecondary license was held on September 18, 2019.  See Exhibit 2

8. At the end of the hearing the Commission voted to postpone the effective date of the license denial until February 2020, and the Commission imposed certain conditions upon the Art Institute.  See Exhibit 2.

9. One of the conditions the Commission placed upon the Art Institute was that it was not to enroll new students. See Exhibit 2.

10. On or about November 12, 2019, Administrator Wuest learned that the Art Institute had apparently enrolled two new students in apparent violation of the Commission's decision.

11. Pursuant to NRS 394.510(1),

> The Commission may impose an administrative fine of not more than $10,000 against a licensee, revoke a license, or make a license conditional after its issuance, if the Commission reasonably believes that the holder has violated the provisions of NRS 394.383 to 394.560, inclusive, or regulations adopted pursuant to those sections, or has failed to comply with a lawful order of the Commission. The Administrator shall notify the institution of the reasons for the action by certified mail to its last known address, 20 days before the meeting of the Commission at which the action will be considered.

12. As a result of this apparent violation, Administrator Wuest is seeking to bring the apparent violation of the Commission's order before the Commission through a hearing in order to determine if the Art Institute in fact violated the Commission's decision, and then whether the Commission should take action against the Art Institute, which could include revoking the Art Institute's license prior to the effective date of the license denial.

# II.
# ARGUMENT

Although the Sixth Circuit has not explicitly articulated a test for determining if and when a receivership stay should be lifted, it appears that Sixth Circuit Courts follow the standards for the lifting of receivership stays in the *Wencke* cases (*SEC v. Wencke,* 622 F.2d 1363 (9th Cir.1980) (*"Wencke I"* ) and *SEC v. Wencke,* 742 F.2d 1230 (9th Cir.1984) (*"Wenke II"* )). *See S.E.C. v. One Equity Corp.,* No. 2:08-CV-667, 2010 WL 4878993, at *6 (S.D. Ohio Nov. 23, 2010). With respect to whether a stay in a receivership should be lifted, the three part test stated by the *Wencke* Court is:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim. In reviewing the district court's application of this test and ultimate decision, we apply an abuse of discretion standard.

*S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984).

With respect to the first *Wencke* factor, whether a refusal to lift the stay would genuinely preserve the status quo of the situation, or whether the moving party would suffer substantial injury if it was not permitted to proceed, the Court balances the interests in preserving the receivership estate with the interests of the movants. *Huntington Nat'l Bank v. Saint Catharine Coll., Inc.,* No. 3:16-CV-465-

5

DJH, 2017 WL 6347971, at *6 (W.D. Ky. Dec. 12, 2017). *S.E.C. v. Stanford Int'l. Bank Ltd.*, 424 Fed.Appx. 338, 341 (5th Cir. 2012). It has been recognized in non-receivership cases that States have a legitimate interest in enforcing their laws. *Maine v. Taylor*, 477 U.S. 131, 137, 106 S. Ct. 2440, 2446, 91 L. Ed. 2d 110 (1986); *See Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971).

In the present case the State of Nevada will suffer substantial injury if it not permitted to proceed with its action concerning possible violation of a Commission order and then to consider possible action against the Art Institute's license. "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King,* 567 U.S. 1301, 133 S. Ct. 1, 3, 183 L. Ed. 2d 667 (2012) quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351, 98 S. Ct. 359, 54 L.Ed.2d 439 (1977) (Rehnquist, J., in chambers).

Because it will be prohibited from effectuating its statutes enacted by representatives of the State of Nevada concerning the fact that alleged violations of Commission orders can be set for a hearing before the Commission to determine if action should be taken in the event there was a violation of an order, the State of Nevada will suffer substantial injury if it is not allowed to proceed to a hearing in

6

order for the Commission to reach a determination on whether the Art Institute violated the Commission's order or not.

As noted in NRS 394.125, it is the purpose of NRS Chapter 394 "to provide for the protection, education and welfare of the residents of the State of Nevada, its educational, vocational and professional institutions, and its students . . . ." One of the ways protection is provided to Nevada residents and students is through the Commission hearing various matters and issuing orders. At the conclusion of the Art Institute's licensure hearing, as noted in Exhibit 2, the Commission did not reverse Administrator Wuest's decision to not issue the Art Institute a license, it simply postponed the effective date of the license denial and imposed certain conditions.

Finally, the Commission has an interest in determining whether or not its order was violated, as it has the responsibility to provide for the protection and welfare of Nevada students through taking action against postsecondary educational institutions that are in violation of its orders. Thus, in balancing the interests of the State of Nevada with the interests of preserving the receivership estate the facts and circumstances of the case favor the State of Nevada.

The second *Wenke* factor also favors the limited lifting of the stay imposed by the Court. "Timing in a receivership process is fact specific, based on the number of entities, the complexity of the scheme, and any number of other

7

factors." *S.E.C. v. Stanford Int'l Bank Ltd.,* 424 F. App'x 338, 341 (5th Cir. 2011). Such factors courts appear to consider with respect to the second *Wencke* factor include the length of time a stay had been in existence, along with whether the stay is in essence still necessary. *See* 742 F.2d at 1231–32; See S.*E.C. v. Universal Fin.,* 760 F.2d 1034, 1039 (9th Cir. 1985). For example, courts have considered, in deciding if stays should be lifted, whether important facts were still coming to light in a receivership, and whether or not the receiver had time to become familiar with the subject of the receivership. 760 F.2d at 1039.

At this time the receivership has been in place for over 10 months, and the Receiver has had time to collect and identify assets, and the Court has even granted orders authorizing the sale of some of the assets (Documents # 413, # 419), and the Receiver has compromised certain controversies (Document # 440).

Thus, the receivership appears to be well along in its course so that the limited lifting of the Court's stay to allow the Commission to hold a hearing and then possibly take action against the Art Institute's license would have no real impact on progress of the receivership. Although it is the Commission's understanding that the Receiver is in negotiations for the sale of the Art Institute with Save the Art Institute, allowing the Commission to proceed with holding a hearing to determine whether or not the Art Institute is in violation of terms of the

Commission's decision does not impact the duties of the Receiver essential to the receivership, such as the locating and collection of assets.

The third *Wencke* factor is the merit of the moving party's underlying claim. In this matter the Commission's claim has substantial merit.

Although standards that apply in bankruptcy court do not determine outcomes in non-bankruptcy receiverships, these standards can "still "be instructive as to general principles of law or [in] determining what is equitable." *S.E.C. v. Spongetech Delivery Sys., Inc.,* 98 F. Supp. 3d 530, 557 (E.D.N.Y. 2015) (Quoting *S.E.C. v. Mgmt. Solutions, Inc.,* No. 11–cv–1165, 2013 WL 594738, at *2 (D. Utah Feb. 15, 2013)). Although not directly applicable to non-receivership stays, Federal Bankruptcy statutes recognize the importance of government units being able to enforce their police or regulatory power, including the enforcement of non-monetary judgments obtained in actions or proceedings "by the governmental unit to enforce such governmental unit's or organization's police or regulatory power . . . ." 11 U.S.C.A. § 362(b)(4).

The Commission is the State of Nevada agency charged with licensing postsecondary educational institutions (NRS 394.415) and establishing minimum criteria for "quality of education, ethical and business practices, health and safety, and fiscal responsibility . . ." that must be met by licensed postsecondary educational institutions such as the Art Institute. See NRS 394.421(1)(a).

9

Additionally, the Commission serves as the State enforcement agency with respect to postsecondary educational institutions pursuant to NRS 394.510, and may revoke postsecondary educational institution licenses to operate if the postsecondary educational institution violates "the provisions of NRS 394.383 to 394.560, inclusive, or regulations adopted pursuant to those sections . . . ." NRS 394.510(1).

By seeking to lift the stay imposed by this Court in its Order Appointing Receiver for the limited purpose of holding a hearing to determine if the Art Institute violated the Commission's order, and to consider possible further action against the Art Institute's license, the Commission would be fulfilling its duty as an enforcement and regulatory agency looking to the protection, education and welfare of the residents of the State of Nevada and its students. In effect, the Commission is simply "attempting to "implement the . . . statutory purpose of protecting the public interest" (*In re Luskin's, Inc.,* 213 B.R. 107, 111 (D. Md. 1997) (Internal quotations omitted), by holding a hearing to determine if the Art Institute violated its order, and then by possibly taking action against the Art Institute's license to operate. Therefore, the third factor of the *Wencke* test, the merit of the moving party's underlying claim, favors the Commission.

## III.
## CONCLUSION

Thus, based on the above arguments, the stay imposed when the Receiver was appointed in this case respectfully should be lifted to a limited extent to allow the Commission to hold a hearing to determine whether or not the Art Institute is in violation of the Commission's decision/order from its September 2019 hearing, and then possibly take action against the Art Institute's license if the Art Institute is indeed found to have violated the Commission's order.  This action is nothing out of the ordinary, and respectfully the stay imposed by this Court when appointing the Receiver should not function to shield the Art Institute from a hearing to determine if it violated a Commission order/decision, and from possible action against the Art Institute's license if a violation is found.

DATED: November 27, 2019.

AARON FORD
Attorney General

By: /s/ Robert A. Whitney
ROBERT A. WHITNEY (Bar No. 8726)
Deputy Attorney General
Office of Nevada Attorney General
555 East Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 483-3104
rwhitney@ag.nv.gov

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of November, 2019 a copy of the foregoing MOTION FOR THE LIMITED LIFTING OF RECEIVERSHIP STAY was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Marilyn Millam
An employee of the Office of the
Nevada Attorney General