UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) <br> ) CASE NO. 1:19-CV-00145 <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) JUDGE DAN AARON POLSTER <br> ) |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) <br> ) MAGISTRATE JUDGE THOMAS |
| Defendants. | ) M. PARKER <br> ) |

**RESPONSE OF STUDIO ENTERPRISE MANAGER, LLC TO DUNAGAN INTERVENORS' SUPPLEMENT TO THEIR RESPONSE (DKT. 486) TO STUDIO'S MOTION FOR A BAR ORDER AND OTHER RELIEF (DKT. 449)**

Studio Enterprise Manager, LLC ("Studio") hereby files this response to the Dunagan Intervenors' Supplement to their Response (Docket No. 486) to Studio's Motion for a Bar Order and other Relief (Docket No. 449).

The Court now has written confirmation that the Dunagan Intervenors and their counsel Student Defense affirmatively made misrepresentations to the Court in their initial Response, in Court yesterday and in their Supplement. The question from the Court was simple and straightforward and only required a yes or no answer. The Court asked whether any of the Dunagan Intervenors (i) received institutional loans from their DCEH institution for the educational period that included January 20, 2018 through June 15, 2018, and (ii) have had any of said loan funds collected by the lending DCEH institution, its successor or Studio Enterprise Manager. (Docket No. 494).

The answer is unequivocally NO. Yet Stephanie Porreca and her counsel Student Defense refuse to provide this answer.

{8499528: }

According to Studio's records and Studio checked again today, none of the Student Intervenors, and specifically not Stephanie Porreca as she and Student Defense continue to falsely claim, obtained any student loans from DCEH during the period of the alleged misrepresentations -- January 20, 2018 through June 15, 2018 – (the "DCEH Misrepresentation Period") or paid any payments in respect any student loans obtained from DCEH during the DCEH Misrepresentation Period.  All of the payments that were made by Stephanie Porreca were in respect of student loans that she obtained prior to the DCEH Misrepresentation Period.  She knew this and Student Network knew this and yet they still try to claim they didn't understand the definition of the period covered by the HLC Student Loan Forgiveness as an excuse to cover up their blatant misrepresentations.  They further insult the Court by attaching information that simply confirms their misrepresentations as if the Court would not understand that because payments may have been made to Tuition Options during the DCEH Misrepresentation Period that does not mean those payments were in respect of loans actually obtained during the DCEH Misrepresentation Period—a fact they obviously know and are trying to obfuscate.

Regardless, if Stephanie Porreca is able to demonstrate that she is entitled to the HLC Student Loan Forgiveness, she can follow the process and receive the same benefits as the other HLC Students.

What makes these misrepresentations even more egregious is that Student Defense had a telephone conversation with Studio's counsel prior to Studio's filing of the initial Supplement (Docket No. 466) and this very issue was discussed and clarified.  Although the Student Defense would like to deny that any requests were made by Student Defense, the telephone discussion

occurred and in response Studio included in the initial Supplement the following changes to the original Motion:

> (e) clarifying that the HLC Student Loan Forgiveness will include the termination of any auto-debit or credit card collections by the Arts Institutes (including by any credit card processing vendor such as Tuitions Options, LLC that is engaged by the Arts Institutes) with respect to the HLC Student Loan Forgiveness; (f) clarifying that, although the period covered by the HLC Student Loan Forgiveness is from January 20, 2018 through June 15, 2018 (the "DCEH Misrepresentation Period"), the Arts Institutes will refund the HLC Student Loan Collections from the applicable HLC Students and forgive the collection of any outstanding balances on the HLC Student Loans of the applicable HLC Students, in each case, that were incurred during the academic quarter(s) that commenced after January 20, 2018 but prior to June 15, 2018 (the "HLC Student Loan Forgiveness Period").

There can be no misunderstanding that the HLC Student Loans means the loans that were incurred during the academic quarter(s) that commenced after January 20, 2018 but prior to June 15, 2018.  It may be possible, although doubtful, that Stephanie Porreca was not able to understand this plain language, but there is no excuse for Student Defense to suggest that the they don't understand the language.  Studio understands that the Student Defense is a not-for-profit legal organization, but that does not exempt them from malpractice or the rules of professional responsibility, and Studio hopes that the Court takes notice of their behavior in this matter.  It is clear that the Dunagan Intervenors and their counsel Student Defense are not trying to protect the rights of other students.  They want to leverage the pain and suffering of thousands of students and employees to seek to obtain loan forgiveness and refunds for loans that were incurred prior to the DCEH Misrepresentations.  This is type of reprehensible behavior should be sanctioned and is exactly the reason for the Bar Order.

The Court asked two simple questions at the hearing yesterday and could not get a straight answer from the Settlement Administrator's counsel, the Dunagan Intervenors or Student Defense.  The answers are clearly NO in both cases.  The was never a DECH Corrective Action

Plan and none of the Dunagan Intervenors (i) received institutional loans from their DCEH institution for the educational period that included January 20, 2018 through June 15, 2018, and (ii) have had any of said loan funds collected by the lending DCEH institution, its successor or Studio Enterprise Manager. (Docket No. 494).  The students and employees do not deserve to have Studio's Motion denied by parties who have no stake in the Motion.  The Court has ample reason to deny the objections of the Settlement Administrator and the Dunagan Intervenors.

WHEREFORE, Studio respectfully requests that this Court deny the notices, objections and responses of the Settlement Administrator (Docket Nos. 464, 472 and 485) and the Dunagan Intervenors (Docket Nos. 475, 486 and 496) and enter an order: (a) permitting South University and the Arts Institutes to assume the Covered Claims that arose during the Covered Period; (b) permitting the Arts Institutes to arrange for the HLC Student Loan Forgiveness; (c) issuing the Bar Order prohibiting further claims against Studio, the Arts Institutes, South University, or any of the Released Parties relating to the Global Released Claims; and (d) granting such other and further relief as is just and proper.

*[Remainder of page intentionally blank; signature page follows]*

December 4, 2019                                Respectfully submitted,

                                                 /s/ *M. Colette Gibbons*
M. Colette Gibbons (0003095)
Scott N. Opincar (0064027)
Maria G. Carr (0092412)
Adam C. Smith (0087720)
MCDONALD HOPKINS LLC
600 Superior Ave., E., Ste. 2100
Cleveland, OH 44114
T: (216) 348-5400
F: (216) 348-5474
Email: cgibbons@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
asmith@mcdonaldhopkins.com

*Counsel for Studio Enterprise Manager, LLC*

{8499528: }

## CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2019, a copy of the foregoing Response of Studio Enterprise Manager LLC to the Dunagan Intervenors' Supplement to their Response (Docket No. 486) to Studio's Motion for a Bar Order and other Relief (Docket No. 449) was filed electronically. Notice of this filing will be sent to all parties by the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/ *M. Colette Gibbons*

                                          M. Colette Gibbons (0003095)

{8499528: }