**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) | |
| ) | CASE NO. 1:19-CV-145 |
| Plaintiff, ) | |
| ) | JUDGE DAN AARON POLSTER |
| v. ) | |
| ) | |
| SOUTH UNIVERSITY OF OHIO, LLC, ) | |
| *et al.* ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| Defendants. ) | |

**DUNAGAN INTERVENORS' REPLY TO STUDIO'S RESPONSE (DKT. 497) TO INTERVENORS SUPPLEMENT (DKT. 496) TO THEIR RESPONSE (DKT. 486) TO STUDIO'S MOTION FOR A BAR ORDER AND OTHER RELIEF (DKT. 449)**

Intervenors Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino and Stephanie Porreca ("Dunagan Intervenors") submit this brief pleading in Reply to Studio's assertion that they did not answer the Court's questions about whether any of the Dunagan Intervenors (i) received institutional loans from their DCEH institution for the educational period that included January 20, 2018 through June 15, 2018, and (ii) have had any of said loan funds been collected by the lending DCEH institution, its successor or Studio Enterprise Managers. (Dkt. 494).[1]

The answers to these questions are "yes" and "yes," as set forth in the first paragraph of page 2 of intervenors' supplement (Dkt. 496) and the supporting documents:

- Ms. Porreca had institutional debt to her school, the Illinois Institute of Art-Schaumburg, comprised of an installment plan administered by Tuition Options

---

[1] Intervenors do not intend to engage in accusations or ad hominem towards Studio, nor respond to same in Studio's pleading. Given the tenor of Studio's pleading, intervenors concluded that a reply was necessary, but will abstain from further back and forth unless expressly ordered by the Court.

- for paying tuition. Dkt. 496-3. Tuition Options' loan information document identifies Illinois Institute of Art-Schaumburg as the "Lender," along with other details of Ms. Porreca's loan obligations. *Id.*

- Payments made on that obligation were recorded on Ms. Porreca's account ledger by the lender—*her school*—as "Tuition Options 2017-**18**." Dkt. 496-1 at 5 (emphasis added).

- These loan funds were collected by the school, through Tuition Options, in 2018, including between January 20, 2018 and June 15, 2018. Dkt. 496-1 at 5; Dkt. 496-2.

- These loan funds continued to be collected by Tuition Options in monthly increments in 2019, after Studio purchased the receivable. Dkt. 496-2 at 2.

Studio does not dispute any of these facts. It appears that the only disagreement is over which tuition loan repayments Studio means to include in its loan forgiveness and refund plan. Studio is taking the position that it will not refund payments "made to Tuition Options during the DCEH Misrepresentation Period [unless] those payments were in respect of loans actually obtained during the DCEH Misrepresentation Period," regardless of whether those payments were applied to tuition for the DCEH Misrepresentation Period. Dkt. 497-2. Prior to any court judgments or enforcement of the Consent Judgment, Studio is entitled to limit its refunds to payments fitting that formulation—although that was hardly clear from its earlier pleadings. But that scope of relief is not coextensive with the potential claims that Ms. Porreca and similarly situated borrowers have for refunds of the installment payments they made towards tuition during the DCEH Misrepresentation Period. Yet the proposed Bar Order would prohibit her from ever bringing such a claim. Ms. Porreca's interest in Studio's motion is even more

compelling if she is excluded from the loan forgiveness program and barred from otherwise pursuing a claim against Studio for a refund by the proposed Bar Order, than it would be if she were included in the refund opportunity.  Dkt. 496 at 2-3. [2]

Respectfully Submitted,

*/s/ Richard S. Gurbst*
Richard S. Gurbst (Bar # 0017672)
Eleanor M. Hagan (Bar # 0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Telephone: +1 216 479 8500
E-mail*: richard.gurbst@squirepb.com*

Eric Rothschild
Admitted Pro Hac Vice
Alexander S. Elson
Admitted Pro Hac Vice

NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC  20005
Telephone:  +1 202 734 7495
E-mail:  *alex@nsldn.org*
              *eric@nsldn.org*

---

[2] Studio allows that Ms. Porreca may be "able to demonstrate that she is entitled to the HLC Student Loan Forgiveness" (Dkt. 497 at 2), but it is not clear how or in what forum that would happen.  This Court will eventually relinquish jurisdiction over this Receivership, and, even in the interim, Studio only has intervenor status in the proceeding. Studio has not provided any documentation of which students will receive the benefit, or precise, verifiable criteria for determining who is eligible that this or any Court could monitor. (Indeed, no documentation has been entered into the record confirming that the obligations arising in the DCEH Misrepresentation Period, as Studio has defined it, actually amount to the $2 million-plus represented in Studio's motion, nor is any process in place to confirm it is so.)  It appears that if the Court grants the motion, eligibility for the loan cancellation plan will be at Studio's unilateral discretion. If Studio was merely volunteering to forgive the loans without conditions, this would be of no moment for the Court—but given that it also insists on an expansive Bar Order, this uncertainty over which debt qualifies for cancellation (whether through Studio's proposal, or potentially through enforcement of the Consent Judgment or as the product of an independent proceeding) is much more consequential.

3

        Counsel for Intervenors,
        Emmanuel Dunagan, Jessica Muscari,
        Robert J. Infusino and Stephanie Porreca

### **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing Response to Studio's Motion was served upon all parties of record by the Court's electronic filing system this 5th day of December 2019.

        */s/ Richard S. Gurbst*
        Richard S. Gurbst
        One of the Attorneys for Intervenors