# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-00145 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| Defendants. | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| | ) | **ORDER** |

Studio Enterprise Manager, LLC ("Studio") filed a motion (ECF Doc. 449, the "Motion") seeking an order (a) permitting South University – Member, LLC (collectively with all of its direct and indirect subsidiaries "South University") and The Arts Institutes International, LLC (collectively with all of its direct and indirect subsidiaries the "Arts Institutes") to assume certain employee benefit obligations that arose between January 1, 2019 through April 30, 2019 that neither the Receivership Entities[1] nor Mark E. Dottore, the receiver (the "Receiver") have paid; (b) permitting the Arts Institutes to forgive certain loan obligations for students who were the victims of misrepresentations made by Dream Center Education Holding LLC ("DCEH") between

---

[1] The Receivership Entities are Dream Center Education Holding LLC ("DCEH"), Dream Center Education Management LLC, Dream Center Argosy University of California LLC and its direct subsidiary Argosy Education Group LLC (together, "Argosy"), South University of Ohio LLC, South University of Michigan LLC, The DC Art Institute of Raleigh-Durham LLC, The DC Art Institute of Charlotte LLC, DC Art Institute of Charleston LLC, DC Art Institute of Washington, LLC, The Art Institute of Tennessee-Nashville LLC, AiTN Restaurant LLC, The Art Institute of Colorado LLC, DC Art Institute of Phoenix LLC, The Art Institute of Portland LLC, The Art Institute of Seattle LLC, The Art Institute of Pittsburgh, DC LLC, The Art Institute of Philadelphia, DC, LLC, DC Art Institute of Fort Lauderdale LLC, The Illinois Institute of Art LLC, The Art Institute of Michigan LLC, The Illinois Institute of Art at Schaumberg LLC, DC Art Institute of Phoenix, LLC, The Art Institute of Las Vegas LLC, The Art Institute of Indianapolis, LLC, and AiIN Restaurant LLC.

January 20, 2018 and June 15, 2018; (c) issuing a bar order prohibiting further claims against Studio, South University, the Arts Institutes, and certain other related parties relating to the unpaid employee healthcare claims and other previously released claims, and including certain releases (the "Bar Order"); and (d) granting such other and further relief as is just and proper; and

The court required Studio to provide appropriate notice of the Motion, set a deadline for opposition briefs and objections thereto, and provided an opportunity for a hearing on the Motion. The court has fully reviewed the Motion and the asserted legal and factual bases therefor and has concluded that Studio has established just cause for the relief sought.

Further, the court conducted a hearing on December 3, 2019 to hear arguments concerning objections filed by two parties, namely Settlement Administrator Thomas J. Perrelli ("Perrelli") (ECF Doc. 464, ECF Doc. 472 and ECF Doc. 485) and Intervenors Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, and Stephanie Porreca ("Dunagan Intervenors") (ECF Doc. 475, ECF Doc. 486, ECF Doc. 496 and ECF Doc. 500)  Having fully considered Perrelli's and the Dunagan Intervenors' arguments and objections, the court finds them to lack merit.

**IT IS HEREBY ORDERED THAT:**

1. The objection filed by Perrelli (ECF Doc. 485) is overruled.

2. The objection filed by the Dunagan Intervenors (ECF Doc. 486) is overruled.

3. The Motion is granted as set forth herein.

4. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Supplements to the Motion to which the Bar Order was attached as an Exhibit.

*Covered Claims*

5. South University shall assume all of the South Covered Claims, and the Arts Institutes shall assume all of the Ai Covered Claims (together with the South Covered Claims, the "Covered Claims"); *provided, however,* the aggregate amount of South Covered Claims that South University shall assume is capped at $3.0 million (the "South Coverage Limit"), and the aggregate amount of Ai Covered Claims that the Arts Institutes shall assume is capped at $1.6 million (the "Ai Coverage Limit"), for a total maximum amount of $4.6 million (collectively, the "Coverage Limit"). South University and the Arts Institutes maintain the right to make reductions to the Covered Claims assumed for each Covered Employee on any reasonable basis in their discretion if the Coverage Limit reduces the amount that would otherwise be assumed. In addition, South University and the Arts Institutes have the right, but not the obligation, to increase the South Coverage Limit or the Ai Coverage Limit, as applicable.

6. Each of the Covered Claims must be submitted by the Covered Employees and/or their applicable medical providers to South University or the Arts Institutes, directly or through Benefit Administrative Systems, LLC ("BAS") and Anasazi Medical Payment Solutions. Inc. ("AMPS"), or such other administrator as South University and the Arts Institutes determine (the "Claims Administrator"), prior to March 31, 2020 (the "Claim Cutoff Date").

7. Each of the Ai Covered Claims and the South Covered Claims will be subject to all of the provisions (e.g., deductibles, co-pays and other exclusions and limitations) of the RBR Plan which was to be administered by BAS and AMPS (the "Covered Plan").

8. Each of South University and the Arts Institutes will engage a Claims Administrator to administer the Covered Plan, and South University and the Arts Institutes will pay the respective

3

service fees of the Claims Administrator to administer the validation, allowance, settlement and payment processes for the Covered Claims.

9. None of Studio, South University, the Arts Institutes, or any of the Released Parties[2] will have any liability or obligations with respect to (i) the Covered Claims (except to the extent expressly stated in the Motion), COBRA, or any other matters related thereto, (ii) any claims for any other employee of DCEH or the Receivership Entities, (iii) any claims not included in the Covered Claims for the Covered Employees during the Coverage Period, (iv) any claims not submitted prior to the Claim Cutoff Date, (v) any claims in excess of the Coverage Limit, (vi) any liabilities for claims for Benefits (even for Covered Employees) under any plans of DCEH, including the DCEH Plan or the RBR Plan, prior to the Covered Period, or (vii) any claims for Unpaid Fees, Unreimbursed Claims, Runoff Claims or to pay any additional service fee for processing of Runoff Claims (collectively, items (i) through (vii) above, the "Excluded Benefit Liabilities").

---

[2] The Released Parties shall include Studio Enterprise Manager, LLC, a Delaware limited liability company ("Studio"), Colbeck Partners IV, LLC, a Delaware limited liability company ("Colbeck Partners"), CB CA Lending, LLC, Delaware limited liability company ("CBCA"), Studio Enterprise, LLC, a Delaware limited liability company ("Studio Enterprise" and, collectively and together with Studio, CBCA, Colbeck Partners, and Colbeck Foundation, the "Studio Parties"), Education Principle Foundation, a non-profit Delaware non-stock corporation ("EPF"), South University – Member, LLC, an Arizona limited liability company formerly known as Dream Center South University, LLC, (collectively with all of its direct and indirect subsidiaries "South University"), The Arts Institutes International, LLC, an Arizona limited liability company (collectively with all of its direct and indirect subsidiaries the "Arts Institutes"), and each of their respective past and present, direct and indirect equity holders, directors (other than the Former DCEH Officers and Directors), members, managers, partners, affiliates, subsidiaries, officers, employees, attorneys (including John J. Altorelli, Aequum Law, LLC, Covington & Burling LLP and McDonald Hopkins LLC), agents, and representatives, and each of their respective heirs, executors, administrators, personal representatives, successors and assigns (collectively and together with the Studio Parties, EPF, South University, and the Arts Institutes, the "Released Parties"). The definition of Released Parties specifically excludes (a) the Receiver, DCEH, the Receivership Entities, The Dream Center Foundation, and Dream Center Education Management, LLC (the "DCEH Excluded Parties"), and (b) any person who was a former officer, director, manager or trustee of the DCEH Excluded Parties, South University or the Arts Institutes prior to the Reorganization Date (the "Former DCEH Officers and Directors"), but specifically includes any person was or is an officer, director, manager or trustee of South University or the Arts Institutes on or after the Reorganization Date (as defined in the Motion).

4

10. The assumption of the Covered Claims by South University and the Arts Institutes is not an adoption of any employee benefit plan.

11. Each Covered Employee[3] (and, if applicable, his or her beneficiaries) who desires to have his or her Covered Claim assumed by South University or the Arts Institutes, as applicable, shall execute a broad general release of the Released Parties, substantially in the form attached hereto as Exhibit 1 (the "Covered Employee Release"), for all Claims relating to or arising out of the Excluded Benefit Liabilities.

12. South University and the Arts Institutes will not be obligated to pay or reimburse the Covered Claims of any Covered Employee who does not return an executed Covered Employee Release on or before the deadline set forth in the Covered Employee Notice.

13. None of DCEH, the Receivership Entities, the Receiver, the Covered Employees or any other party shall commence any claims, demands, suits, causes of action, liabilities, obligations, judgments, orders, debts, liens, contracts, agreements, covenants and causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, concealed or hidden, vested or contingent, in law or equity, existing by statute, common law, contract or otherwise (collectively, the "Claims") or in any manner seek relief against any of the Released Parties through any suit or proceeding based on any Excluded Benefit Liabilities with respect to the subject matter of this Motion or otherwise assist (unless required to do so by law) the efforts of any other party attempting to do so.

14. If any Claims are brought by DCEH, the Receivership Entities, the Receiver, any Covered Employee or any other party (e.g., the DOL, Aetna, BAS, AMPS, any health care provider

---

[3] For all purposes in the Motion, the Supplement, the Bar Order and the Covered Employee Release, the definition of Covered Employee shall include his or her beneficiaries.

or Plan Participant) against any of the Released Parties seeking to impose liability for the Excluded Benefit Liabilities with respect to the subject matter of this Motion, or such parties otherwise assist (unless required to do so by law) the efforts of any party attempting to do so, South University and the Arts Institutes shall be released from the obligation to assume the Covered Claims; *provided, however*, if (a) a Covered Employee fails to provide a Covered Employee Release, (b) a Covered Employee makes a Claim against any of the Released Parties regarding any of the Excluded Benefit Liabilities, or (c) a health care provider makes a Claim against any of the Released Parties regarding a Covered Claim regarding a Covered Employee; the rights of any other Covered Employee who has provided a Covered Employee Release and has not made a Claim against any of the Released Parties regarding any of the Excluded Benefit Liabilities shall not be affected, and South University and the Arts Institutes shall continue to assume the Covered Claims of such other Covered Employees pursuant to the terms of this Bar Order.

### *HLC Student Loan Forgiveness*

15.     The Arts Institutes will refund the HLC Student Loan Collections from the applicable HLC Students and forgive the collection of any outstanding balances on the HLC Student Loans, which are included in the Studio Receivables that have been assigned to the Arts Institutes, of the applicable HLC Students at the four HLC Campuses (together, the "HLC Student Loan Forgiveness"), in each case, that were incurred during the academic quarter(s) that commenced after January 20, 2018 but prior to June 15, 2018 (the "HLC Student Loan Forgiveness Period").

16.     The Arts Institutes will terminate any auto-debit or credit card collections by the Arts Institutes (including by any credit card processing vendor – such as Tuitions Options, LLC – that is engaged by the Arts Institutes) with respect to the HLC Student Loan Forgiveness.

17. Each HLC Student who desires to receive the benefit of the HLC Loan Forgiveness shall execute a broad general release of the Released Parties, substantially in the form attached hereto Exhibit 2 (the "HLC Student Release"), for all Claims relating to or arising out of the EDMC Consent Judgment Obligations or the HLC Student Loan Forgiveness.

18. The Arts Institutes will not be obligated to forgive the HLC Student Loans or reimburse the HLC Student Loan Collections of any HLC Student who does not return an executed HLC Student Release on or before the deadline set forth in the HLC Student Notice.

19. None of DCEH, the Receivership Entities, the Receiver, the HLC Students, the Settlement Administrator, the National Student Legal Defense Network, the Attorneys General, or any other party shall commence any Claims or in any manner seek relief against any of the Released Parties through any suit or proceeding based on any EDMC Consent Judgment Obligations or otherwise assist (unless required to do so by law) the efforts of any other party attempting to do so.

20. If any Claims are brought by DCEH, the Receivership Entities, the Receiver, any HLC Student, the Settlement Administrator, the National Student Legal Defense Network, the Attorneys General or any party against any of the Released Parties seeking to impose liability for the EDMC Consent Judgment Obligations with respect to the subject matter of this Motion, or such parties otherwise assist (unless required to do so by law) the efforts of any party attempting to do so, the Arts Institutes shall be released from the obligation to provide the HLC Student Loan Forgiveness; *provided, however,* if (a) a HLC Student fails to provide a HLC Student Release, (b) a HLC Student makes a Claim against any of the Released Parties regarding any of the EDMC Consent Judgment Obligations, or (c) the Settlement Administrator, the National Student Legal Defense Network, or the Attorneys General makes a Claim against any of the Released Parties

regarding the EDMC Consent Judgment Obligations; the rights of any other HLC Student who has provided a HLC Student Release and has not made a Claim against any of the Released Parties regarding any of the EDMC Consent Judgment Obligations shall not be affected, and the Arts Institutes shall continue provide the HLC Student Loan Forgiveness for such other HLC Students pursuant to the terms of this Bar Order.

21. Notwithstanding anything else contained in this Bar Order, nothing herein shall be construed to interpret or modify any rights or obligations under the Consent Judgment entered in *Kentucky v. Education Management Corporation,* No. 15-CI-1201 (Ky. Cir. Court Nov. 16, 2015) and related cases.

### *Bar Order Against Global Released Claims*

22. Each of the Receiver, the Receivership Parties, and any other party, including their respective past and present, direct and indirect equity holders, directors, members, managers, partners, affiliates, subsidiaries, officers, employees, attorneys, agents, and representatives, and each of their respective heirs, executors, administrators, personal representatives, beneficiaries, successors and assigns (collectively, the "Releasors") are hereby barred, enjoined and restrained from asserting any Claims against any of the Released Parties in each case arising from, related to or in connection with any of the following: the EDMC Consent Judgment Obligations, the Payroll Obligations, the Employee Payroll Expenses, the DCEH Payments, the Covered Claims, the HLC Student Loans, the HLC Student Loan Collections, the HLC Student Loan Forgiveness, the HLC the Employee Bonuses, the Receiver Allegations, the Excluded Benefit Liabilities, the Excluded Liabilities (as defined in the Bill of Sale), the Reorganization Documents, the First Settlement Agreement, the Second Settlement Agreement, DCEH, the Receivership Entities, the Receiver, the receivership, the Receiver Released Claims and any other claims, liabilities, obligations that

were excluded, limited, released and/or indemnified against by the Receivership Entities pursuant to the Reorganization Documents, the First Settlement Agreement, the Second Settlement Agreement, the Motion, the Supplement to the Motion and/or this Bar Order, including any Claims that any of the Releasors ever had, now have, or hereafter can, shall or may have, made or could have made against any of the Released Parties, from the beginning of time through the Bar Order Effective Date (collectively, the "Global Released Claims").

23. From and after the Bar Order Effective Date, the Releasors shall not commence or in any manner seek relief against any of the Released Parties through any suit or proceeding based on any Global Released Claims or otherwise assist (unless required to do so by law) the efforts of any third-party attempting to do so.

24. The terms and conditions of this Bar Order shall be immediately effective and enforceable upon its entry (the "Bar Order Effective Date").

25. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Bar Order.

IT IS SO ORDERED.

12/5/2019                                     s/ Judge Dan Aaron Polster
DATE                                    JUDGE DAN AARON POLSTER


12/5/2019
DATE                                    MAGISTRATE JUDGE THOMAS M. PARKER

{8479501:2 }

# **EXHIBIT 1**

# **FORM OF COVERED EMPLOYEE RELEASE**

## RELEASE

In consideration for the assumption of my Covered Claim[4] by South University or the Arts Institutes, and other good and valuable consideration, the sufficiency and receipt of which is acknowledged, [Name of Covered Employee], on behalf of him/herself, his/her heirs, successors, assigns, executors, administrators, personal representatives, agents, and beneficiaries (collectively, the "Releasors"), hereby fully, irrevocably, and unconditionally releases, remises, acquits, and forever discharges Studio Enterprise Manager, LLC, a Delaware limited liability company ("Studio"), Colbeck Partners IV, LLC, a Delaware limited liability company ("Colbeck Partners"), CB CA Lending, LLC, Delaware limited liability company ("CBCA"), Studio Enterprise, LLC, a Delaware limited liability company ("Studio Enterprise" and, collectively and together with Studio, CBCA, Colbeck Partners, and Colbeck Foundation, the "Studio Parties"), Education Principle Foundation, a non-profit Delaware non-stock corporation ("EPF"), South University – Member, LLC, an Arizona limited liability company formerly known as Dream Center South University, LLC, (collectively with all of its direct and indirect subsidiaries "South University"), The Arts Institutes International, LLC, an Arizona limited liability company (collectively with all of its direct and indirect subsidiaries the "Arts Institutes"), and each of their respective past and present, direct and indirect equity holders, directors (other than the Former DCEH Officers and Directors), members, managers, partners, affiliates, subsidiaries, officers, employees, attorneys (including John J. Altorelli, Aequum Law, LLC, Covington & Burling LLP and McDonald Hopkins LLC), agents, and representatives, and each of their respective heirs, executors, administrators, personal representatives, successors and assigns (collectively and together with the Studio Parties, EPF, South University, and the Arts Institutes, the "Released Parties"), of and from any and all claims, demands, suits, causes of action, liabilities, obligations, judgments, orders, debts, liens, contracts, agreements, covenants and causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, concealed or hidden, vested or contingent, in law or equity, existing by statute, common law, contract or otherwise (collectively, the "Claims") relating to or arising out of (i) the Covered Claims (except with regard to the assumption of my Covered Claim), COBRA, or any other matters related thereto, (ii) any claims not included in the Covered Claims for the Covered Employees during the Coverage Period, (iii) any claims not submitted prior to the Claim Cutoff Date, (iv) any claims in excess of the Coverage Limit, (v) any liabilities for claims for Benefits (even for Covered Employees) under any plans of DCEH, including the DCEH Plan or the RBR Plan, prior to the Covered Period, or (vi) any claims for Unpaid Fees, Unreimbursed Claims, Runoff Claims or to pay any additional service fee for processing of Runoff Claims (collectively, items (i) through (vi) above, the "Released Claims"), which the Releasors ever had, now have, or hereafter can, shall or may have, against the Released Parties, from the beginning of time through the date of execution of this Release.

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Covered Employee Notice, and the Motion, the Supplement and the Bar Order attached thereto, that accompanied this Release.

The definition of Released Parties specifically excludes (a) the Receiver, DCEH, the Receivership Entities, The Dream Center Foundation, and Dream Center Education Management, LLC (the "DCEH Excluded Parties"), and (b) any person who was a former officer, director, manager or trustee of the DCEH Excluded Parties, South University or the Arts Institutes prior to the Reorganization Date (the "Former DCEH Officers and Directors"), but specifically includes any person was or is an officer, director, manager or trustee of South University or the Arts Institutes on or after the Reorganization Date (as defined in the Motion).

<u>Waiver of California Civil Code Section 1542 (Applicable for Covered Employees residing in California)</u>.  Except as provided herein, in connection with the foregoing releases, I hereby expressly waive the benefit of California Civil Code Section 1542, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

I hereby acknowledge and agree as follows:

(a) that none of the Released Parties have assumed or will assume any Excluded Benefit Liabilities;

(b) that the assumption of the Covered Claims by South University and the Arts Institutes is not an adoption of any employee benefit plan; it is only an assumption of liabilities that would otherwise be obligations of the Receivership Entities by South University and the Arts Institutes;

(c) that the payment or reimbursement of my Covered Claims by South University and the Arts Institutes may have tax consequences;

(d) that neither Studio, South University and the Arts Institutes has provided or is providing me with legal or tax advice with respect to this release or the payment or reimbursement of my Covered Claims by South University and the Arts Institutes;

(e) that I am solely responsible for any federal, state or local tax or contribution that may be owed or payable with respect to the payment or reimbursement of my Covered Claims by South University and the Arts Institutes;

(f) that South University and the Arts Institutes intend to comply with (including making all filings and notices, such as IRS Form 1099) all applicable federal, state and local tax laws;

(g) that I have been advised to seek legal and tax advice prior to executing this release;

(h) that I have received a copy of the Covered Plan and the amount of the Covered Claims and my elections under the Covered Plan that were listed in or attached to the Covered Employee Notice or in the Covered Employee Discrepancy Notice are correct to the best of my knowledge;

(i) that I shall not commence or in any manner seek relief against any of the Released Parties through any suit or proceeding based on any Released Claims;

(j) that I shall not assist (unless required to do so by law) the efforts of any third-party attempting seek relief against any of the Released Parties through any suit or proceeding based on any Released Claims; and

(k) that I have voluntarily and knowingly executed this release without any undue influence on the part or behalf of Studio, South University or the Arts Institutes.

Dated: _____

                                                                   _____
Printed Name: _____

# **EXHIBIT 2**

# **FORM OF HLC STUDENT RELEASE**

Case: 1:19-cv-00145-DAP Doc #: 501 Filed: 12/05/19 15 of 18. PageID #: 11881

**RELEASE**

In consideration for the forgiveness of my HLC Student Loans and/or the refund of my HLC Student Loan Collections[5] by the Arts Institutes, and other good and valuable consideration, the sufficiency and receipt of which is acknowledged, [Name of HLC Student], on behalf of him/herself, his/her heirs, successors, assigns, executors, administrators, personal representatives, agents, and beneficiaries (collectively, the "Releasors"), hereby fully, irrevocably, and unconditionally releases, remises, acquits, and forever discharges Studio Enterprise Manager, LLC, a Delaware limited liability company ("Studio"), Colbeck Partners IV, LLC, a Delaware limited liability company ("Colbeck Partners"), CB CA Lending, LLC, Delaware limited liability company ("CBCA"), Studio Enterprise, LLC, a Delaware limited liability company ("Studio Enterprise" and, collectively and together with Studio, CBCA, Colbeck Partners, and Colbeck Foundation, the "Studio Parties"), Education Principle Foundation, a non-profit Delaware non-stock corporation ("EPF"), South University – Member, LLC, an Arizona limited liability company formerly known as Dream Center South University, LLC, (collectively with all of its direct and indirect subsidiaries "South University"), The Arts Institutes International, LLC, an Arizona limited liability company (collectively with all of its direct and indirect subsidiaries the "Arts Institutes"), and each of their respective past and present, direct and indirect equity holders, directors (other than the Former DCEH Officers and Directors), members, managers, partners, affiliates, subsidiaries, officers, employees, attorneys (including John J. Altorelli, Aequum Law, LLC, Covington & Burling LLP and McDonald Hopkins LLC), agents, and representatives, and each of their respective heirs, executors, administrators, personal representatives, successors and assigns (collectively and together with the Studio Parties, EPF, South University, and the Arts Institutes, the "Released Parties"), of and from any and all claims, demands, suits, causes of action, liabilities, obligations, judgments, orders, debts, liens, contracts, agreements, covenants and causes of action of every kind and nature, whether known or unknown, suspected or unsuspected, concealed or hidden, vested or contingent, in law or equity, existing by statute, common law, contract or otherwise (collectively, the "Claims") relating to or arising out of (a) the DCEH Misrepresentations, HLC Student Refunds or the DCEH Corrective Action Plan (collectively, the "EDMC Consent Judgment Obligations") or (b) the HLC Student Loans and/or the HLC Student Loan Collections (except with regard to the forgiveness of my HLC Student Loans and/or reimbursement of my HLC Student Loan Collections) which the Releasors ever had, now have, or hereafter can, shall or may have, against the Released Parties, from the beginning of time through the date of execution of this Release (collectively, the "Released Claims").

Waiver of California Civil Code Section 1542 (Applicable for HLC Students residing in California). Except as provided herein, in connection with the foregoing releases, I hereby expressly waive the benefit of California Civil Code Section 1542, which provides:

---

[5] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the HLC Student Notice, and the Motion, the Supplement and the Bar Order attached thereto, that accompanied this Release.

The definition of Released Parties specifically excludes (a) the Receiver, DCEH, the Receivership Entities, The Dream Center Foundation, and Dream Center Education Management, LLC (the "DCEH Excluded Parties"), and (b) any person who was a former officer, director, manager or trustee of the DCEH Excluded Parties, South University or the Arts Institutes prior to the Reorganization Date (the "Former DCEH Officers and Directors"), but specifically includes any person was or is an officer, director, manager or trustee of South University or the Arts Institutes on or after the Reorganization Date (as defined in the Motion).

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

I hereby acknowledge and agree as follows:

(l) that none of the Released Parties have assumed or will assume any EDMC Consent Judgment Obligations;

(m) that the HLC Student Loan Forgiveness by the Arts Institutes is not an adoption of any employee benefit plan; it is only an assumption of liabilities that would otherwise be obligations of the Receivership Entities by South University and the Arts Institutes;

(n) that the HLC Student Loan Forgiveness by the Arts Institutes may have tax consequences;

(o) that neither Studio nor the Arts Institutes has provided or is providing me with legal or tax advice with respect to this release or the HLC Student Loan Forgiveness by the Arts Institutes;

(p) that I am solely responsible for any federal, state or local tax or contribution that may be owed or payable with respect to the HLC Student Loan Forgiveness by the Arts Institutes;

(q) that the Arts Institutes intends to comply with (including making all filings and notices, such as IRS Form 1099-C) all applicable federal, state and local tax laws;

(r) that I have been advised to seek legal and tax advice prior to executing this release;

(s) that the amount of the HLC Student Loan Forgiveness that was listed in the HLC Student Notice or in the HLC Student Discrepancy Notice is correct to the best of my knowledge;

(t) that I shall not commence or in any manner seek relief against any of the Released Parties through any suit or proceeding based on any Released Claims;

(u) that I shall not assist (unless required to do so by law) the efforts of any third-party attempting to seek relief against any of the Released Parties through any suit or proceeding based on any Released Claims; and

(v) that I have voluntarily and knowingly executed this release without any undue influence on the part or behalf of Studio or the Arts Institutes.

Dated: _____

                                                                       _____
Printed Name: _____