IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

On May 16, 2019, Receiver Mark E. Dottore moved for an order approving payment of his receiver fees and expenses incurred from January 18, 2019 through May 10, 2019. ECF Doc. 333. At the time, Dottore's fees and expenses were represented to be $973,672.50 and $36,616.74 respectively. On the same date, the receiver moved for an order approving his payment of outside counsel fees and expenses incurred during the same period. ECF Doc. 334. The total sought for payment of outside counsel was $1,141,392.37. Together, the receiver's applications sought court approval to pay $2,151,681.61. Since the receiver's May filings, additional fees have been generated by the receiver and his attorneys.

On June 12, 2019, 3601 Sunflower, LLC ("Sunflower") filed an objection to the receiver's fee applications. ECF Doc. 367. Sunflower objected to some of the fees charged by the receiver as well as the "block-billing" method for calculating fees, making it difficult to verify the legitimacy of the receiver's requested fees. Although these criticisms did not relate directly to money owed to Sunflower, the receiver responded to Sunflower's objection (ECF

Doc. 370) and filed amendments to his applications for fees and payment of outside counsel. ECF Doc. 371 and ECF Doc. 372. On June 26, 2019, 3601 Sunflower, LLC filed an opposition to the receiver's amended fee applications. ECF Doc. 379. Sunflower is the only intervening party who filed an opposition to the receiver's applications for fees.

The receiver has filed several different financial status reports and updates. See e.g., ECF Doc. 428, ECF Doc. 458, ECF Doc. 499. On November 19, 2019, he filed a notice that he had paid the March 15, 2019 payroll for DCEH employees. ECF Doc. 462. This issue was of particular concern to the court and the receiver prioritized it accordingly.

Local Rule 66.1(c), provides:

> **(c) Compensation of Receivers, Attorneys, and Others.** The compensation of receivers or similar officers, their counsel and all those who may have been appointed by the Court to aid in the administration of the estate, the conduct of its business, the discovery and acquisition of its assets, the formation of reorganization plans, and the like, shall be ascertained and awarded by the Court in its discretion. Such an allowance shall be made only on such notice to creditors and other persons in interest as the Court may direct. The notice shall state the amount claimed by each applicant. Application shall be made in accordance with appropriate Bankruptcy Rules.

Here, the receiver provided notice by filing the motions for his fees and the fees of his attorneys. As noted above, only one party objected. Unfortunately, as shown by the receiver's various financial updates, the receivership will likely not have the resources to fully compensate all the creditors of the receivership estate. Nonetheless, parties such as 3601 Sunflower, LLC will be notified and given an opportunity to state the amount owed to them before the receiver and his attorneys are fully compensated for their work. Because the instant order deals only with an interim payment of fees and expenses, the court will defer final determination of 3601 Sunflower, LLC's objection and consider it preserved until further order of the court.

Many parties and non-parties have voiced concerns and criticisms of the receivership's actions.  The court has heard those concerns and takes them seriously.  However, the court is also aware of the difficult undertaking the receivership has assumed and the benefits the receivership has achieved.  The receivership has successfully saved several different DCEH campuses, including the Western State College of Law, and he is in the final stages of transitioning the Art Institute of Las Vegas to new ownership.  The receivership also assisted in transferring thousands of students to different schools and helping them continue their education.  Further, the receiver has successfully marshalled and begun the process of disposing of DCEH assets in order to bring funds into the receivership.  The receiver and his attorneys have been working on this case for nearly a year and the court has not yet approved any fee requests.

For good cause shown, the court hereby GRANTS, *in part*, the receiver's motion for an order approving payment of his receiver fees and expenses incurred from January 18, 2019 through May 10, 2019, ECF Doc. 333, and his motion for an order approving his payment of outside counsel fees and expenses incurred during the same period.  ECF Doc. 334.  The court will authorize payment in the amount of $750,000.00 for the receiver's fees and expenses, as requested in ECF Doc. 333 and $750,000.00 for payment to outside counsel, as requested in ECF Doc. 334.  This amount of approved fees will not fully compensate the receiver and his attorneys for the work they have done on this case to date.  The court anticipates that additional payments will be approved with notice to creditors and interested parties as contemplated by Local Rule 66.1.

IT IS SO ORDERED.

                                              *s/Dan Aaron Polster*

Dated: December 6, 2019

Thomas M. Parker
United States Magistrate Judge

4