# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-00145 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | JUDGE DAN AARON POLSTER |
|  | ) |  |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) |  |
|  | ) | MAGISTRATE JUDGE THOMAS |
| Defendants. | ) | M. PARKER |
|  | ) |  |

## AGREED JOINT MOTION OF STUDIO ENTERPRISE MANAGER, LLC AND THE RECEIVER FOR AN ORDER (I) AMENDING THE BAR ORDER, (II) AUTHORIZING THE ASSIGNMENT OF THE HLC STUDENT LOAN RECEIVABLES; (III) APPROVING THE HLC STUDENT LOAN FORGIVENESS;AND (IV) GRANTING SUCH OTHER RELIEF AS IS JUST AND PROPER

Studio Enterprise Manager, LLC ("Studio") and Mark E. Dottore, the receiver (the "Receiver") of the Receivership Entities,[1] agree to jointly move (the "Joint Motion") this Court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for the entry of an order (i) amending the Bar Order (as defined below); (ii) authorizing the assignment of the HLC Student Loan Receivables (as defined below) pursuant to the terms of the Assignment Agreement attached hereto as Exhibit A (the "Assignment Agreement"); (iii) approving the HLC

---

[1] The Receivership Entities are Dream Center Education Holding LLC ("DCEH"), Dream Center Education Management LLC, Dream Center Argosy University of California LLC and its direct subsidiary Argosy Education Group LLC (together, "Argosy"), South University of Ohio LLC, South University of Michigan LLC, The DC Art Institute of Raleigh-Durham LLC, The DC Art Institute of Charlotte LLC, DC Art Institute of Charleston LLC, DC Art Institute of Washington, LLC, The Art Institute of Tennessee-Nashville LLC, AiTN Restaurant LLC, The Art Institute of Colorado LLC, DC Art Institute of Phoenix LLC, The Art Institute of Portland LLC, The Art Institute of Seattle LLC, The Art Institute of Pittsburgh, DC LLC, The Art Institute of Philadelphia, DC, LLC, DC Art Institute of Fort Lauderdale LLC, The Illinois Institute of Art LLC, The Art Institute of Michigan LLC, The Illinois Institute of Art at Schaumburg LLC, DC Art Institute of Phoenix, LLC, The Art Institute of Las Vegas LLC, The Art Institute of Indianapolis, LLC, and AiIN Restaurant LLC.

Student Loan Forgiveness (as defined below); and (iv) granting such other and further relief as is just and proper.

The Bar Order is currently the subject of three appeals to the U.S. Court of Appeals for the Sixth Circuit that create some uncertainty about whether this Court has jurisdiction to grant the relief requested in this Joint Motion while those appeals are pending.  Under Rule 42(b) of the Federal Rules of Appellate Procedure, however, those appeals may be voluntarily dismissed by the appellants with the agreement of all the parties to those appeals, after which that jurisdictional concern will be eliminated.  Accordingly, immediately after this Joint Motion is filed, the appellants will file agreed motions for the voluntary dismissal of those appeals and promptly give notice to this Court once they have done so, and when the appeals are dismissed.

## AMENDMENT TO BAR ORDER

On December 5, 2019, the Court issued an order (the "Bar Order") (Docket No. 501) approving the motion (Docket No. 449) requested by Studio on behalf of South University – Member, LLC (collectively with all of its direct and indirect subsidiaries "South University") and The Arts Institutes International, LLC (collectively with all of its direct and indirect subsidiaries the "Arts Institutes") that offered to provide millions of dollars of relief to students and employees related to obligations of the Receivership Entities.[2]

Prior and subsequent to the issuance of the Bar Order, objections and appeals, respectively, were filed by the Settlement Administrator Thomas J. Perrelli ("Perrelli") (Docket No. 511), Intervenors Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, and Stephanie Porreca ("Dunagan Intervenors") (Docket No. 511) and non-parties, Illinois and Colorado

---

[2]  All initially capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed thereto in the Bar Order, the Motion and the Supplements to the Motion, as applicable.

Attorneys General (Docket No. 513) and Megan Tuyls and National Student Legal Defense Network (Docket No. 514) (collectively, the "Objecting Parties").

The Court ordered Studio and the Receiver to meet and confer with the Objecting Parties (Docket No. 519) to attempt to resolve the objections and concerns raised by the Objecting Parties. Studio and the Receiver have discussed the objections and concerns with the Objecting Parties and have determined to file this Joint Motion to address and render moot all arguments, objections and appeals by the Objecting Parties, all of whom have consented to this Joint Motion.

Studio, on behalf of South University and the Arts Institutes, hereby requests that the Court amend the Bar Order to delete paragraphs 15 – 20 in their entirety (the "Proposed Amendment"). Studio, on behalf of itself, South University and the Arts Institutes, and the Receiver agree not to withdraw or otherwise amend this motion, for the benefit of the Objecting Parties, as the Joint Motion embodies the settlement reached between Studio, the Receiver, and the Objecting Parties. Further, Studio, on behalf of itself, South University and the Arts Institutes, and the Receiver hereby waive the right to all objections, motions to reconsider or amend, and appeals to both the Proposed Amendment and to the Proposed Order attached hereto as Exhibit C.

## ASSIGNMENT OF HLC STUDENT LOAN RECEIVABLES

In addition to the Proposed Amendment, Studio, the Arts Institutes and the Receiver have agreed to assign back to the Receivership Entities all outstanding student loan receivables (the "HLC Student Loan Receivables") related to students (the "HLC Students") who attended four Receivership Entities – The Art Institute of Colorado LLC, The Art Institute of Michigan LLC, The Illinois Institute of Art LLC and The Illinois Institute of Art at Schaumburg LLC (the "HLC Campuses") -- which were formerly accredited by the Higher Learning Commission ("HLC").

3

*See* Assignment Agreement, Exhibit A.  The HLC Campuses lost HLC accreditation on January 20, 2018, and the Receiver has acknowledged that DCEH misrepresented the accreditation status to the HLC Students until June 15, 2018 (the "DCEH Misrepresentation Period").  (*See* Docket No. 323-1).  The loans connected to the DCEH Misrepresentation Period are loans that were: (i) made to HLC Students who attended an HLC Campus during the DCEH Misrepresentation Period; (ii) originated prior to June 15, 2018; and (iii) incurred by such HLC Students specifically for the academic quarters January 8, 2018 through March 24, 2018 or April 2, 2018 through June 16, 2018 (the "DCEH Misrepresentation Period HLC Student Loans").

The HLC Student Loan Receivables are all outstanding student loan receivables (approximately $9 million) owned by Studio and Arts Institutes where the borrower attended any classes at an HLC Campus.  The HLC Student Loan Receivables include (a) outstanding student loan receivables due from HLC Students for classes they attended at campuses other than the HLC Campuses, (b) outstanding student loan receivables due from HLC Students for classes they attended at the HLC Campuses prior to January 20, 2018 or after June 15, 2018, and (c) approximately $1.6 million of outstanding DCEH Misrepresentation Period HLC Student Loans.

In addition to the proposed assignment by Studio and the Arts Institutes of the HLC Student Loan Receivables to the Receivership Entities, the Arts Institutes has agreed to assign approximately $133,279 to the Receivership Entities in moneys received through collections from HLC Students in respect of the DCEH Misrepresentation Period HLC Student Loans (the "HLC Student Loan Collections").  The Receiver will hold the HLC Student Loan Receivables in trust solely for the benefit of the HLC Students until such time as the HLC Student Loan Forgiveness, as defined below, is complete.  The Receiver will also hold the HLC Student Loan

Collections in trust solely for the benefit of the borrowers of the DCEH Misrepresentation Period HLC Student Loans until such time as the HLC Student Loan Forgiveness, as defined below, is complete.[3]

In connection with the Assignment Agreement, Studio and the Receiver have entered into an Irrevocable Direction Letter Regarding Certain Accounts Receivable with Tuition Options LLC attached hereto as Exhibit B (the "Direction Letter").  Attached to the Direction Letter is a summary of the tasks that will be performed to implement the HLC Student Loan Forgiveness pursuant to this Order, which was coordinated by the Illinois and Colorado Attorneys General, the methods that will be used in performing those tasks, and the timeline for completion of those tasks (collectively, the "Implementation Plan").  The Implementation Plan shall apply to any debt collectors, as well as the servicer of the HLC Student Loan Receivables ("the Servicer").

## HLC STUDENT LOAN FORGIVENESS

On the Effective Date (as defined below), and as outlined below, the Receiver shall (a) forgive the approximately $1.6 million of outstanding DCEH Misrepresentation Period HLC Student Loans  (b) forgive any institutional student loans taken out by HLC Students that are part

---

[3]  Studio determined which loans were DCEH Misrepresentation Period HLC Student Loans and which payments were HLC Student Loan Collections as described in this footnote, and the Objecting Parties have consented to this method.  Studio defined Accounts Receivables existing prior to the DCEH Misrepresentation Period as the amounts owed by each HLC Student to each student's schools on January 1, 2018 as reflected on Studio's Account Ledger.  Studio defined each HLC Student's DCEH Misrepresentation Period Accounts Receivables as the new debt incurred by that HLC Student in connection with attendance at an HLC Campus between that date and June 16, 2018 as reflected on Studio's Account Ledger.  Studio then allocated payments made by such HLC Student on or after January 1, 2018 on what Studio describes as "a First In First Out" basis, such that any payments made toward the HLC Student's debts would first pay down or extinguish any debt incurred by the HLC Student prior to January 1, 2018, before next being allocated to debt incurred by the HLC Student in connection with attendance at an HLC Campus during the DCEH Misrepresentation Period.  If the payments made by HLC Students extinguished the pre-DCEH Misrepresentation Period debt, then subsequent payments were allocated to debts the HLC Student incurred for attendance at an HLC Campus during the DCEH Misrepresentation Period, up to and including the full amount of the DCEH Misrepresentation Period Receivables.  Any payments made from January 1, 2018 through January 6, 2019 were made to DCEH rather than Studio and thus are not part of the HLC Student Loan Collections.

of the HLC Student Loan Receivables so long as the HLC Student did not graduate or complete his/her course work and was either attending an HLC Campus when it closed or withdrew from HLC Campus on or after January 20, 2018 ("Closed School Discharge HLC Student Loans") and (c) reimburse the applicable HLC Students the approximately $133,279 of HLC Student Loan Collections (collectively the "HLC Student Loan Forgiveness").  The Receiver shall rely on the Illinois and the Colorado Attorneys General to match and deliver the HLC Student Loan Collections to the proper HLC Students.  For purposes of the HLC Student Loan Forgiveness, the "Effective Date" means the date on which all of the conditions below have been satisfied. The HLC Student Loan Forgiveness is conditioned upon the (i) withdrawal of all objections and remand of all appeals to the Bar Order (Docket No. 501) and the expiration of any further appeal periods, and (ii) the entry of a final non-appealable order of the Court approving this Joint Motion substantially in the form attached hereto as Exhibit C.

The HLC Student Loan Forgiveness shall be executed as follows (and as further explained in Exhibit B).  On the Effective Date, the Receiver will cease any collection activity with respect to the DCEH Misrepresentation Period HLC Student Loans and will not accept any payment on the DCEH Misrepresentation Period HLC Student Loans.  In the event that such a payment is discovered, the Receiver will return the payment to the borrower within a reasonable time.

The Receiver will work with the Attorneys General, the Servicer, any debt collector, and any designated third-party vendor to review the HLC Student Loan Receivables in order to identify the Closed School Discharge HLC Student Loans.  Studio and the Arts Institutes will provide the Receiver, the Attorneys General, the Servicer, any debt collector, and any third-party vendor any information Studio or the Arts Institutes possess that is necessary to identify Closed

School Discharge HLC Student Loans.  The Closed School Discharge HLC Student Loans will be identified within 30 days of the Effective Date, at which time the Receiver will cease collection activity on those loans and will not accept payments on those loans.  In the event that such a payment is discovered, the Receiver will return the payment to the borrower within a reasonable time.

The Receiver, or his designee, will direct the Servicer and any debt collectors to correspond with any credit reporting agency it may have furnished trade line information to regarding the Closed School Discharge HLC Student Loans and direct such credit reporting agency to delete the consumer trade lines associated with the Closed School Discharge HLC Student Loans.  The Receiver, or his designee, will direct the Servicer and any debt collectors to correspond with any credit reporting agency to which it may have furnished trade line information regarding the DCEH Misrepresentation Period HLC Student Loans and direct such credit reporting agency to delete the consumer trade lines associated with the DCEH Misrepresentation Period HLC Student Loans where the borrower has a zero balance following the forgiveness of said loans.  To the extent he is able, the Receiver will provide the Attorneys General, the Servicer, and any debt collectors, and any designated third party vendor the information necessary to allow them, or their designees, to send a notice to all applicable HLC Students whose loans meet the criteria for DCEH Misrepresentation Period HLC Student Loans or Closed School Discharge HLC Student Loans, notifying them that the Receiver has cancelled such loans and, if applicable, include the return of any HLC Student Loan Collections.

Studio represents that it has reviewed all information that was available to Studio in order to identify all loans that meet the criteria for DCEH Misrepresentation Period HLC Student

Loans, and are therefore eligible for forgiveness or refund by the Receiver pursuant to this Joint Motion.

Should any HLC Student present Studio or the Arts Institutes with verifiable evidence of outstanding student loan receivables that meet the criteria for DCEH Misrepresentation Period HLC Student Loans or HLC Students with Closed School Discharge HLC Student Loans, but that were not included in the assignment of HLC Student Loan Receivables to the Receiver, Studio and the Arts Institutes will assign such outstanding student loan receivables to the Receiver who will subsequently forgive such loan(s) as described in this Joint Motion.

Should any HLC Student present the Receiver with verifiable evidence that any HLC Student Loan Receivables included in the assignment to the Receiver meet the criteria for DCEH Misrepresentation Period HLC Student Loans or Closed School Discharge HLC Student Loans, but were not identified by Studio for forgiveness, the Receiver will forgive such loans as described in this Joint Motion.

Should any HLC Student present Studio, the Arts Institutes or the Receiver, as applicable, with verifiable evidence that Studio, the Arts Institutes or the Receiver, as applicable, received moneys through collections from HLC Students in respect of loans that meet the criteria for DCEH Misrepresentation Period HLC Student Loans, then Studio, the Arts Institutes or the Receiver, as applicable, shall refund such moneys to such HLC Students as described in this Joint Motion.

Notwithstanding anything else contained in this Joint Motion, nothing herein shall be construed to release or otherwise affect any student claims that are assigned to, or otherwise held by, the United States Department of Education.

WHEREFORE, Studio and the Receiver respectfully request that this Court: (i) amend the Bar Order pursuant to the terms of this Joint Motion, (ii) authorize the assignment of the HLC Student Loan Receivables pursuant to the terms of the Assignment Agreement attached hereto as Exhibit A; (iii) approve the HLC Student Loan Forgiveness; and (iv) grant such other and further relief as is just and proper.

*[Remainder of page intentionally blank; signature page follows]*

March 20, 2020

Respectfully submitted,

/s/ Hugh D. Berkson
Hugh D. Berkson (0063997)
Robert T. Glickman (0059579)
Charles A. Nemer (0009261)
Robert R. Kracht (0025574)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
can@mccarthylebit.com
rrk@mccarthylebit.com
hdb@mccarthylebit.com
nro@mccarthylebit.com

*Special Counsel for the Receiver*

/s/ M. Colette Gibbons
M. Colette Gibbons (0003095)
Scott N. Opincar (0064027)
Maria G. Carr (0092412)
Adam C. Smith (0087720)
MCDONALD HOPKINS LLC
600 Superior Ave., E., Ste. 2100
Cleveland, OH 44114
T: (216) 348-5400
F: (216) 348-5474
Email: cgibbons@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com
asmith@mcdonaldhopkins.com

*Counsel for Studio Enterprise Manager, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2020, a copy of the foregoing Joint Motion of Studio Enterprise Manager, LLC and the Receiver requesting the entry of an order (i) approving the Proposed Amendment to the Bar Order, (ii) authorizing the assignment of the HLC Student Loan Receivables pursuant to the terms of the Assignment Agreement; (iii) approving the HLC Student Loan Forgiveness; and (iv) granting such other and further relief as is just and proper was filed electronically.  Notice of this filing will be sent to all parties by the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *M. Colette Gibbons*

M. Colette Gibbons (0003095)

**Exhibit A**

**Form of Assignment Agreement**

**<u>Exhibit B</u>**

**<u>Form of Direction Letter</u>**

**Exhibit C**

**Form of Proposed Order**