IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-00145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF | ) | |
| OHIO, LLC, et al., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

**ORDER GRANTING JOINT MOTION TO (I) AMEND THE BAR ORDER, (II) AUTHORIZE THE ASSIGNMENT OF THE HLC STUDENT LOAN RECEIVABLES; (III) APPROVE THE HLC STUDENT LOAN FORGIVENESS; AND (IV) GRANT SUCH OTHER RELIEF AS IS JUST AND PROPER**

Studio Enterprise Manager, LLC ("Studio") and Mark E. Dottore, the receiver (the "Receiver") of the Receivership Entities (together, the "Movants"), filed a joint motion (ECF Doc. 547) (the "Joint Motion") for the entry of an agreed order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, (i) amending the Bar Order (ECF Doc. 501); (ii) authorizing the assignment of the HLC Student Loan Receivables pursuant to the terms of the Assignment Agreement attached as Exhibit A to the Joint Motion; (iii) approving the HLC Student Loan Forgiveness; and (iv) granting such other and further relief as is just and proper.

On December 5, 2019, the Court issued the Bar Order (ECF Doc. 501) approving the motion (ECF Doc. 449) requested by Studio on behalf of South University – Member, LLC (collectively with all of its direct and indirect subsidiaries "South University") and The Arts Institutes International, LLC (collectively with all of its direct and indirect subsidiaries the "Arts

Institutes") that offered to provide millions of dollars of relief to students and employees related to obligations of the Receivership Entities.

Subsequent to the issuance of the Bar Order, notices of appeal were filed by the Settlement Administrator Thomas J. Perrelli ("Perrelli") (ECF Doc. 511), Intervenor Stephanie Porreca, non-parties Megan Tuyls and National Student Legal Defense Network (ECF Doc. 522); and by non-parties, Illinois and Colorado Attorneys General (ECF Doc. 520). In addition, motions to alter, amend or modify the Bar Order were filed by the State of Illinois and State of Colorado attorneys general (ECF Doc. 513) and by Intervenor Stephanie Porreca, non-parties Megan Tuyls and National Student Legal Defense Network (ECF Doc. 515) (collectively, the "Objecting Parties").

The Court ordered Studio and the Receiver to meet and confer with the Objecting Parties (ECF Doc. 519) to attempt to resolve the objections and concerns raised by the Objecting Parties. Studio and the Receiver discussed the objections and concerns raised by the Objecting Parties and filed the Joint Motion to address and render moot all arguments, objections and appeals by the Objecting Parties, all of whom have consented to the Joint Motion. The Objecting Parties have filed or promptly will file agreed motions for the voluntary dismissal of the appeals referenced above and given prompt notice to this Court that they have done so, and when the appeals were dismissed. *See* ECF Doc. 548, ECF Doc. 549 and ECF Doc. 550.

The Court, having reviewed the matter and the Joint Motion, determined that the Movants have established just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1) The Joint Motion is GRANTED as set forth herein, rendering MOOT the Objecting Parties' motions to modify, alter or amend the Bar Order (ECF Doc. 513, ECF Doc. 515), and they are accordingly DENIED AS MOOT.

2

2) Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Motion.

## AMENDMENT TO BAR ORDER

3) Paragraphs 15-20 of the Bar Order are hereby deleted in their entirety. The remaining provisions of the Bar Order remain in full force and effect.

## ASSIGNMENT OF HLC STUDENT LOAN RECEIVABLES

4) Studio and the Arts Institutes shall assign the HLC Student Loan Receivables and the HLC Student Loan Collections to the Receivership Entities pursuant to the Assignment Agreement. The Receiver will hold the HLC Student Loan Receivables in trust solely for the benefit of the HLC Students, until such time as the HLC Student Loan Forgiveness, as defined below, is complete. The Receiver may, however, assign the HLC Student Loan Receivables if necessary and for the singular purpose of effecting the HLC Student Loan Forgiveness. The Receiver will also hold the HLC Student Loan Collections in trust solely for the benefit of the borrowers of the DCEH Misrepresentation Period HLC Student Loans until such time as the HLC Student Loan Forgiveness, as defined below, is complete.

5) In connection with the Assignment Agreement, Studio and the Receiver have entered into an Irrevocable Direction Letter Regarding Certain Accounts Receivable with Tuition Options LLC attached as **Exhibit B** to the Joint Motion (the "Direction Letter"). Attached to the Direction Letter is a summary of the tasks that will be performed to implement the HLC Student Loan Forgiveness pursuant to this Order, which was coordinated by the Illinois and Colorado Attorneys General, the methods that will be used in performing those tasks, and the timeline for completion of those tasks (collectively, the "Implementation Plan"). The Implementation Plan shall apply to any debt collectors, as well as the servicer of the HLC Student Loan Receivables

("the Servicer").

## HLC STUDENT LOAN FORGIVENESS

6) On the Effective Date (as defined below), and as outlined below, the Receiver shall (a) forgive the approximately $1.6 million of outstanding DCEH Misrepresentation Period HLC Student Loans, (b) forgive any institutional student loans taken out by HLC Students that are part of the HLC Student Loan Receivables so long as the HLC Student did not graduate or complete his/her course work and was either attending an HLC Campus when it closed or withdrew from such HLC Campus on or after January 20, 2018 ("Closed School Discharge HLC Student Loans") and (c) reimburse the applicable HLC Students the approximately $133,279 of HLC Student Loan Collections (collectively, the "HLC Student Loan Forgiveness"). The Receiver shall rely on the Illinois and the Colorado Attorneys General to match and deliver the HLC Student Loan Collections to the proper HLC Students. For purposes of the HLC Student Loan Forgiveness, the "Effective Date" means the date on which all of the conditions below have been satisfied. The HLC Student Loan Forgiveness is conditioned upon the (i) withdrawal of all objections and appeals to the Bar Order (ECF Doc. 501) and the expiration of any further appeal periods, and (ii) the entry of a final non-appealable order of the Court approving this Joint Motion.

7) The HLC Student Loan Forgiveness shall be executed as follows.

   a) On the Effective Date, the Receiver is permanently restrained and enjoined from engaging in any collection activity with respect to the DCEH Misrepresentation Period HLC Student Loans; however, the Receiver will not be regarded as in violation of this Order if he sends out routine statements or notices that could be considered collection activity within 20 days after the Effective Date.

      b) On the Effective Date, the Receiver is permanently restrained and enjoined from accepting any payment on the DCEH Misrepresentation Period HLC Student Loans, provided, however, that in the event that such a payment is discovered to be accepted and processed, the Receiver will return the payment to the borrower within a reasonable time.

      c) The Receiver shall provide whatever information is in his possession to the Attorneys General, the Servicer, any debt collector, or any designated third-party vendor, so that HLC Student Loan Receivables may be reviewed in order to identify the Closed School Discharge HLC Student Loans. Studio and the Arts Institutes shall provide the Receiver, the Attorneys General, the Servicer, any debt collector, and any third-party vendor any information Studio or the Arts Institutes possesses that is necessary to identify Closed School Discharge HLC Student Loans. The Closed School Discharge HLC Student Loans shall be identified within 30 days of the Effective Date.

      d) Thirty days following the Effective Date, the Receiver will be permanently restrained and enjoined from engaging in any collection activity on the Closed School Discharge HLC Student Loans; however, the Receiver will not be regarded as in violation of this Order if he sends out routine statements or notices that could be considered collection activity within 20 days after the Effective Date.

      e) Thirty days following the Effective Date, the Receiver will be permanently restrained and enjoined from accepting any payment on the Closed School Discharge HLC Student Loans, provided, however, that in the event that such a payment is discovered to be accepted and processed, the Receiver will return the payment to the borrower within a reasonable time.

      f) Within 60 days of the Effective Date, the Receiver shall direct the Servicer

and any debt collectors to correspond with any credit reporting agency to which it furnished trade line information regarding the Closed School Discharge HLC Student Loans and direct such credit reporting agency to delete the consumer trade lines associated with the Closed School Discharge HLC Student Loans. The Receiver shall direct the Servicer and any debt collectors to correspond with any credit reporting agency it furnished trade line information to regarding the DCEH Misrepresentation Period HLC Student Loans and direct such credit reporting agency to delete the consumer trade lines associated with the DCEH Misrepresentation Period HLC Student Loans where the borrower has a zero-balance following the forgiveness of said loans.

        g)      With the understanding that the Receiver shall not be responsible for sending the notices described herein, the Receiver shall work with the Attorneys General, the Servicer, any debt collectors, and any designated third party vendor to cause a notice to be sent to all applicable HLC Students whose loans meet the criteria for DCEH Misrepresentation Period HLC Student Loans or HLC Students with Closed School Discharge HLC Student Loans, notifying them that the Receiver has

cancelled their HLC Student Loans and, if applicable, include the return of any HLC Student Loan Collections. Such notices shall be sent within 120 days of the Effective Date.

    8)      Should any HLC Student present Studio or the Arts Institutes with verifiable evidence of outstanding student loan receivables that meet the criteria for DCEH Misrepresentation Period HLC Student Loans or HLC Students with Closed School Discharge HLC Student Loans, but that were not included in the assignment of HLC Student Loan Receivables to the Receiver, Studio and the Arts Institutes will assign such outstanding student loan receivables to the Receiver who will subsequently forgive such loans as described in this Order, with the understanding that the work required to complete the discharge, other than the

provision of the notice of discharge, shall be performed by the Receiver or his designee(s)

9) Should any HLC Student present the Receiver or his designee with verifiable evidence that any HLC Student Loan Receivables included in the assignment to the Receiver meet the criteria for DCEH Misrepresentation Period HLC Student Loans or Closed School Discharge HLC Student Loans, but were not identified by Studio for forgiveness, the Receiver will take steps to ensure forgiveness of such loans as described in this Order, with the understanding that the work required to complete the discharge, other than the provision of the notice of discharge, shall be performed by the Receiver or his designee(s).

10) Should any HLC Student present Studio, the Arts Institutes or the Receiver, as applicable, with verifiable evidence that Studio, the Arts Institutes or the Receiver, as applicable, received moneys through collections from HLC Students in respect of loans that meet the criteria for DCEH Misrepresentation Period HLC Student Loans, then Studio, the Arts Institutes or the Receiver, as applicable, shall refund such moneys to such HLC Students as described in this Order.

11) Other than the applicable HLC Students, no other creditor shall have a claim to the HLC Student Loan Receivables or the HLC Student Loan Collections related to the DCEH Misrepresentation Period HLC Student Loans.

12) Notwithstanding anything else contained in this Order, nothing herein shall be construed to release or otherwise affect any student claims that are assigned to, or otherwise held by, the United States Department of Education.

13) In order to minimize the financial burden on the Receivership Estate, whenever possible, the Receiver shall assign or delegate his obligations set forth within this Order to the Attorneys General or other third parties to complete the required tasks. Should the Receiver so

assign those obligations, he shall use all reasonable efforts to ensure that the assignee or delegee has the information necessary to complete the task(s) and completes the task(s) assigned. With the exception of discharging the DCEH Misrepresentation Period HLC Student Loans and Closed School Discharge HLC Student Loans and refunding the HLC Student Loan Collections related to the DCEH Misrepresentation Period HLC Student Loans as described within this Order, if no other person or entity will assume a particular task, the Receiver shall be excused from the performance of that task.

14) The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15) This Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Order.

IT IS SO ORDERED.

Dated: March 23, 2020               *s/Dan Aaron Polster*
                                    United States District Judge


                                    Thomas M. Parker
                                    United States Magistrate Judge