## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-00145 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | JUDGE DAN AARON |
|  | ) | POLSTER |
|  | ) |  |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) |  |
|  | ) | MAGISTRATE JUDGE |
| Defendants. | ) | THOMAS M. PARKER |
| _____ | ) |  |

**RECEIVER MARK E. DOTTORE'S MOTION TO DELAY ENFORCEMENT OF THE MARCH 23, 2020 ORDER GRANTING THE JOINT MOTION [ECF Doc. 547] TO AMEND THE DECEMBER 5, 2019 ORDER [ECF Doc. 501] [Related Doc. 554]**

As this Court is well aware, much has been made of the Higher Learning Commission's accreditation of four Receivership entities:  The Art Institute of Colorado LLC, The Art Institute of Michigan LLC, The Illinois Institute of Art LLC and The Illinois Institute of Art at Schaumburg LLC (the "HLC Campuses").  The underlying issue related to HLC's revocation of the schools' accreditation status, and the effect of the students' enrollment at schools they believed were accredited, but were not.  Thanks to a tremendous amount of work by the stakeholders, including the Attorneys General for Colorado and Illinois, Studio Enterprise, and counsel for a number of select affected former students, a settlement was reached to provide relief to students who were affected by misrepresentations concerning the schools' accreditation status, and the closing of those schools (which closing was in large part thanks to the accreditation issues).  On March 23,

2020, this Court granted the parties' Joint Motion to Amend the December 5, 2019 Bar Order.  The March 23 Order is reflected in Docket entry 554 (the "Order").

Following the settlement agreement and entry of the Order, the HLC informed the Receiver that it is considering changing its mind concerning the HLC Campus accreditation status.  HLC has stated that, on April 23, its Board will hold a special meeting to consider reversing course and deeming the HLC Campuses accredited from their respective dates of initial accreditation through January 8, 2019.  Should the HLC Board modify its original position and thereby deem the HLC Campuses accredited through January 8, 2019, the "HLC Misrepresentation Students" would have received the benefit of their bargain: class credits from an accredited institution.  The debts they undertook for the DCEH HLC Misrepresentation Period would be legitimate debts.   Given the Receiver's obligation to *all* stakeholders to maximize the benefit of the Receivership Estate, he expects that creditors would not bless the discharge of legitimate account receivables.

For the sake of clarity, the Receiver states that the HLC's decision – no matter what it may be – will not affect the Receiver's position that the Closed School HLC Loan Discharge should proceed as the parties agreed, and as this Court has ordered.  The fact would remain that the HLC Campuses closed and students affected by those closures should receive the negotiated student loan discharge.

The Receiver has been working with the Colorado and Illinois Attorneys General, as well as staff at Tuition Options (the student loan servicer) and Studio, to comply with the Order.  They have all agreed that the Order's Effective Date is this Thursday, April 23.  Thus, on April 23, the Order would deem the DCEH Misrepresentation Period HLC Student Loans discharged.  Studio, Tuition Options, the Attorneys General, and the Receiver have all been working diligently to abide by the Order on Thursday.  However, given the very real possibility that the HLC will change the

core basis upon which all parties have negotiated – the HLC Campuses' accreditation status – the Receiver believes it best to delay the implementation of the Order until the HLC's position is clarified.

WHEREFORE, The Receiver asks that this Court issue a ruling delaying the implantation of that Order until such time as HLC decides whether or not to deem the HLC Campuses accredited through January 9, 2019.  If HLC decides to leave its accreditation ruling unchanged, the Receiver intends to comply with the Order with all due haste.  And if HLC changes the accreditation status for the HLC Campuses, he intends to seek a modification of the Settlement Agreement and Order.

April 22, 2020                                             Respectfully submitted,


*/s/ Hugh D. Berkson*
Robert T. Glickman (0059579)
Charles A. Nemer (0009261)
Robert R. Kracht (0025574)
Hugh D. Berkson (0063997)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
can@mccarthylebit.com
rrk@mccarthylebit.com
hdb@mccarthylebit.com
nro@mccarthylebit.com

*Special Counsel for the Receiver*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Hugh D. Berkson*
Hugh D. Berkson (0063997)