UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-CV-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AETNA LIFE INSURANCE COMPANY'S MOTION TO LIFT STAY AND AUTHORIZE RECOUPMENT AND/OR SETOFF OF PHARMACY REBATES AGAINST AMOUNTS OWED TO AETNA LIFE INSURANCE COMPANY**

I.  STATEMENT OF FACTS

   A.   The Plan and the MSA.

Pursuant to an employee welfare benefit plan (the "**Plan**") established under the Employee Retirement Income Security Act of 1974, as amended. 29 U.S.C. § 1001, *et seq.*, Dream Center Education Holdings, LLC ("**DCEH**") provided various benefits, including medical and prescription drug benefits (the "**Benefits**"), to certain of its and its direct or indirect subsidiaries' employees, their dependents, and certain other covered individuals (collectively, the "**Plan Participants**").

The Benefits that DCEH made available to the Plan Participants were self-insured by DCEH, meaning that all Benefits obligations under the Plan were the financial obligation of DCEH. Aetna provided claim administration services for the Plan pursuant to a form of Master Services Agreement (the "**MSA**"), the operative version of which was attached as Exhibit "1" to the Declaration of Kristen Miller that was previously filed with this Court in connection with *Motion of Aetna Life Insurance Company to Compel Receiver to Satisfy Health Insurance*

3

*Obligations or, In the Alternative, for Order Authorizing Aetna to Terminate All Administrative Obligations and Related Relief* [Docket No. 248] (the "**Motion to Compel**").

After Aetna filed the Motion to Compel, Aetna and Mark E. Dottore, as the duly appointed receiver in this case (the "**Receiver**") stipulated to an *Agreed Order Concerning Termination of Master Services Agreement and Related Obligations Between the Receivership Entities and Aetna Life Insurance Company, and Related Relief, which was entered by this Court* [Docket No. 343] (the "**Agreed Order**"). In the Agreed Order, Aetna and the Receiver stipulated that the MSA was the governing contract between Aetna and the entities in this receivership. *See, e.g.,* Agreed Order, ¶¶ A. and B. In the Agreed Order, the parties also stipulated to additional facts, including that:

(i) DCEH terminated the MSA effective December 31, 2018 (the "**Termination Date**"). Agreed Order, ¶ B;

(ii) DCEH had not paid the December 2018 administrative fees to Aetna in the amount of $110,872.06 (the "**Unpaid Fees**"). *Id.*; and

(iii) DCEH had failed to reimburse Aetna for the amount of approximately $3,011,826.28 on account of claims for which Aetna advanced payment for Benefits under the Plan (the "**Unreimbursed Claims**"). Agreed Order, ¶ C.[1]

Based on the stipulations set forth in the Agreed Order, the Court authorized Aetna to terminate its obligations under the MSA and lifted all injunctive provisions and stays contained in the *Order Approving Receiver* dated January 18, 2019, as amended [Docket Nos. 8 and 150] (the

---

[1] Separate from the Unreimbursed Claims, Aetna had received additional claims from providers and/or Plan Participants under the Plan incurred prior to the Termination Date, which as of April 3, 2019, were in the approximate amount of $5,980,083.56. As contemplated by the Agreed Order, Aetna has since denied all of these additional claims given DCEH's inability to fund its benefit obligations. Accordingly, DCEH does not owe Aetna amounts on account of these additional claims.

4

"**Receivership Order**") with respect to the matters set forth therein.  Agreed Order, ¶¶ 1 and 2. The Agreed Order also provides that "Aetna reserves all right to seek payment of the Unpaid Fees and Unreimbursed Claims in accordance with the Receivership Order and other applicable law and to seek any further relief."  Agreed Order, ¶ 4.

After termination of the MSA in accordance with the Agreed Order, the total amount due and owing from DCEH to Aetna is $3,122,698.34 for the Unpaid Fees and Unreimbursed Claims.

**B.    The Pharmacy Rebates.**

Aetna is currently holding approximately $1,034,944.19 in pharmacy rebates in connection with administration of the Plan under the MSA (the "**Rebates**").  Under the MSA, after Aetna advanced payment for a prescription drug benefit on behalf of a Plan Participant, the pharmaceutical company may have from time-to-time offered a rebate with respect to the medication, which was remitted to Aetna.  *See,* MSA, ¶ IV.B.  The MSA provides that Aetna is entitled to retain those rebates for its own account in the event there are outstanding fees and claims owing from DCEH to Aetna under the MSA, as is the case here.  In particular, the Self Funded Prescription Drugs Services Statement of Available Services attached to the MSA provides in paragraph IV.B.5 (page 62), that "Aetna may delay payment of Rebates to Customer to allow for **final adjustments or reconciliation** of Service Fees or other amounts owed by Customer upon termination of this Statement of Available Services."  Aetna is also entitled to setoff and recoup all such amounts under applicable state law, which the MSA provides is governed by the law of the Commonwealth of Pennsylvania.  MSA, ¶ 19(S) (page 19).

5

### C. Conference with Receiver's Counsel.

Aetna's counsel contacted the Receiver's counsel to request that the parties stipulate to setoff the Pharmacy Rebates against amounts owed to Aetna under the MSA. To date, the Receiver has not consented to or declined to enter into such a stipulation.

### RELIEF REQUESTED

For the reasons discussed in this Memorandum, Aetna respectfully requests that the Court enter the proposed order, attached to the Motion as **Exhibit A** (the "**Proposed Order**").

### THE COURT SHOULD LIFT THE STAY AND AUTHORIZE RECOUPMENT AND/OR SETOFF OF THE PHARMACY REBATES

### A. The Requested Relief Is Not Stayed By This Receivership.

As an initial matter, the stay and injunction imposed by the Receivership Order, including, without limitation, those set forth in paragraphs 9, 10, 11, 12 and 14, arguably do not to stay or enjoin the relief requested herein – adjustment and reconciliation and/or recoupment or setoff – because the requested relief falls outside of the scope of those provisions. Paragraph 9 of the Receivership Order involves enforcement of liens. Paragraph 10 involves payment to third parties and collection efforts. Paragraphs 11 and 12 prohibit commencing or continuing any action, using service of process and interfering with the Receiver in the discharge of his duties. Paragraph 14 involves the Federal Priority Statute. Aetna's exercise of its right of recoupment and/or offset does not fall expressly within any of these prohibited collection actions.

Further, as discussed above, in the Agreed Order, the Court lifted any injunctive and stay provisions as it relates to the termination of the MSA and authorizes Aetna to take "all such other actions as reasonable and appropriate to effectuate Aetna's termination of obligations under the Plan." This relief includes claims denial and reconciliation.

6

However, out of an abundance of caution, Aetna requests an Order to authorize it to adjust and reconcile the Rebates against amounts owed to it under the MSA and/or to otherwise recoup or setoff the Rebates against amounts owed to it under the doctrines of recoupment and setoff.

**B.     In the Event the Receivership Order Has Stayed the Relief Requested Herein, the Court Should Lift that Stay and Authorize Relief.**

Assuming there is a stay or injunction in effect regarding the relief requested herein – reconciliation and/or recoupment or setoff – when determining whether a stay or injunction should be lifted, a court considers three factors.  Those factors are: (1) whether refusing to lift the stay genuinely preserves the *status quo* or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.  *SEC v. Wencke,* 742 F.2d 1230, 1231 (9th Cir.1984).  *See also United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 442 (3d Cir.2005); *Huntington National Bank v. Saint Catharine College, Inc.*, 2017 WL 6347971, at *6 (W.D. Ky., Dec. 12, 2017, No. 3:16-CV-465-DJH) ("The Court concludes that the widely-accepted Wencke test is appropriate to the analysis here.").

Here, all three factors weight in favor of lifting the stay and injunction.  As to the first factor, refusing to lift the stay does not genuinely preserve the *status quo* because the receivership entities are not entitled to the Rebates.  Rather, Aetna is entitled to the Rebates under the MSA and applicable law.  On the other hand, Aetna will suffer substantial injury if Aetna is not allowed to exercise its contractual rights of final adjustment and reconciliation, or its setoff and recoupment remedies allowed under applicable law.  *See generally Household Consumer Discount Co. v. Vespaziani*, 490 Pa. 209, 219 n.8 (1980) (discussion setoff and recoupment generally).  *See also Northwestern Nat. Bank v. Commonwealth*, 345 Pa. 192, 201-202 (1942) (Under Pennsylvania law, a recoupment is a counterclaim arising out of the contract sued upon; a set-off is a

counterclaim arising from an independent transaction); *Com. v. Berks County*, 364 Pa. 447, 450 (1950) ("[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded."); M.*N.C. Corp. v. Mount Lebanon Medical Center, Inc.*, 510 Pa. 490, 495 (1986) ("A set-off is a . . . demand which defendant holds against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action."); *Cohen v. Goldberg*, 554 Pa. 201, 205-206 (1988) ("Recoupment is the setting up of a demand *arising from the same transaction* . . . strictly for the purpose of abatement or reduction of such claim.").

As to the second factor, this receivership has been ongoing for a very long time and it has been over one-year since the Court entered the Agreed Order. Finally, as to the third factor, there is no dispute to the merit of Aetna's assertion because the parties have previously stipulated and the Court has entered the Agreed Order that (i) the MSA governs the parties' relationship, which includes the adjustment and reconciliation provision cited above, and (ii) Aetna is owed over $3 million for Unpaid Fees and Unreimbursed Claims.

## CONCLUSION

Wherefore, Aetna respectfully requests that the Court enter the Proposed Order granting its Motion.

Respectfully submitted,

Dated: July 21, 2020

/s/ *Branden P. Moore*
Branden P. Moore (0092716)
McGuireWoods LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
Phone: 412.667.6000
Fax: 412.667.6050
bmoore@mcguirewoods.com

and

8

          Aaron McCollough (Admitted *Pro Hac Vice*)
          McGUIREWOODS LLP
          77 West Wacker Drive, Suite 4100
          Chicago, IL 60601
          Phone:  312.849.8256
          Fax: 312.698.4522
          amccollough@mcguirewoods.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record via the Court's ECF system on this 21st day of July 2020:

          */s/ Branden P. Moore*