UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC | CASE NO. 1:19-cv-145 |
| Plaintiff, | |
| v. | JUDGE DAN AARON POLSTER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | MAGISTRATE JUDGE THOMAS M. PARKER |
| Defendants. | |

**DECLARATION OF CRAIG G. MARGULIES IN SUPPORT OF MOTION FOR AN ORDER (1) REQUIRING PACIFIC CENTER, LLC AND ITS COUNSEL OF RECORD, MARK A. KOMPA, ESQ. OF LAW OFFICES OF MARK A. KOMPA ("RESPONDENTS") TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT FOR THEIR KNOWING, WILLFUL AND INTENTIONAL VIOLATIONS OF THIS COURT'S STAY ORDER; (2) ISSUING SANCTIONS AGAINST RESPONDENTS (JOINTLY AND SEVERALLY); AND (3) DEEMING VOID THE STATE COURT DEFAULT JUDGMENT OBTAINED IN VIOLATION OF THIS COURT'S STAY ORDER**

I, Craig G. Margulies, declare as follows:

1. I am a managing partner with the law firm of Margulies Faith LLP, counsel for Pastor Matthew W. Barnett, in his sole capacity as a former manager of Argosy Education Group, LLC's[1] former board of multiple managers ("Barnett" and/or "Movant")

2. I have personal knowledge of the facts set forth in this Declaration and, if called upon as a witness, I could and would competently testify thereto.

3. I submit this Declaration in support of the Motion ("OSC Motion") for an order (1) Requiring Pacific Center, LLC and its Counsel of Record Mark. A. Kompa, Esq. of Law Offices of Mark A. Kompa ("Respondents") to Show Cause Why They Should Not Be Held in Contempt for Their Knowing, Willful And Intentional Violations of

---

[1] Argosy Education Group, LLC ("Argosy") is one of the Receivership Entities in the above-captioned case.

This Court's Stay Order; (2) Issuing Sanctions Against Respondents (Jointly And Severally); and (3) Deeming Void The State Court Default Judgment Obtained in Violation of This Court's Stay Order.  Capitalized terms used herein and not defined have the same meaning as set forth in the OSC Motion.

4. On January 18, 2019 (the Receivership Commencement Date), this Court entered the "Order Appointing Receiver," which was later amended on March 13, 2019 ("Receivership Stay Order", Dkt. Nos. 8, 150).  This Receivership Stay Order, among other things, listed all of the 26 receivership entities ("Receivership Entities") that are now subject to this Receivership, including Argosy.  A true and correct copy of the Receivership Stay Order is attached hereto as **Exhibit "1"**.

5. The Receivership Stay Order enjoins acts or causing of the execution or issuance from any court of any writ, process, summons, subpoena to enforce any claim or lien upon property (including Books and Records) owned by or in the possession of a Receivership Entity (including Argosy), or interference with the exclusive jurisdiction of this Federal Court over such Property (including Books and Records) and (exclusive jurisdiction) of the Receiver.  (See Exhibit "1", Receivership Stay Order, para. 10, pg. 12).

6. On January 25, 2019, the Receiver, by and through his counsel, filed a "Notice of Order Appointing Receiver Pursuant to 28 U.S.C. § 754" ("Notice of Stay Order") with the United States District Court, Central District of California.  A true and correct copy is attached hereto as **Exhibit "2"**.  This Notice of Stay Order provided jurisdiction to this Federal Court and the Receiver over all Property (including the Books and Records) of all Receivership Entities in California, including Argosy.

7. On or about April 26, 2019, this Court issued an order to show cause why the Receivership should not be terminated as of May 31, 2019 ("April 26 Order", Dkt. No. 285).

8. As this Court is well aware, this order did not terminate the Receivership.

It listed items for the Receiver to respond to, and the Receiver did timely respond to all issues of concern by this Court.  The Receivership remains ongoing today.

9. In fact, on September 11, 2019, this Court ordered Receiver Mark Dottore that "on or before October 1, 2019, Receiver Mark Dottore ("the receiver") must file a status report stating his current activities in wrapping-up the receivership and any additional activities he anticipates before the receivership may be terminated" [emphasis added] and confirming that the Receivership Stay Order is still binding and in full force and effect (the "Status Report Order").  A true and correct copy of the Status Report Order is attached hereto as **Exhibit "3"**.

10. FSP claims in its pleadings in the State Court Action, that on February 4, 2019, it first obtained a default judgment against Argosy on its "unlawful detainer" action, and then it obtained possession of the Premises on February 28, 2019.  A true and correct copy of Kompa's Summary of the Case in Support of Default Judgment ("Kompa Case Summary") is attached hereto as **Exhibit "4"**.

11. Kompa asserts that he only served the pleadings in the unlawful detainer action on Argosy's corporate registered agent CSC-Lawyers Incorporating Service.  See Kompa Case Summary, Exhibit "4", Page 13, Line 27.

12. On March 8, 2019, prior to the filing of the Complaint in the State Court Action, Kompa wrote a letter entitled "Notice of Right to Reclaim Abandoned Personal Property and Exhibit A."  This Notice has a Proof of Service listing that it was served on Argosy (listed as "Tenant at Principal Place of Business") at 3 different locations, as well as, Studio Enterprise LLC (listed as "Secured Party"); CDO Services, U.S. Bank National Association, as Collateral Agent (listed as "Secured Party"); AU Student Funding LLC (listed as "Secured Party"; Matthew Barnett (Movant herein)(listed as "Manager of Tenant"), and Randall Barton (listed as "Manager of Tenant").

13. Despite knowledge of these parties, no notice of any pleadings in the State Court Action were ever served on them (until receipt recently of this post-default

3

judgment Subpoena served on Movant, as discussed herein), nor the Receiver or his counsel.  A true and correct copy of the Notice of Right to Reclaim Abandoned Personal Property and Exhibit A is attached hereto as **Exhibit "5"**.

14. On April 11, 2019 (less than three months AFTER entry of the Receivership Stay Order on January 18, 2019), FSP and its counsel (Respondents) again ignored the clear language of the Receivership Stay Order and the Notice of Stay Order and proceeded to file a "Complaint for: 1) Breach of Written Office Lease; and 2) Declaratory Relief" (the "Complaint") against Argosy, in the Superior Court for the State of California – County of Orange, thereby commencing the civil collection action (the State Court Action).  A true and correct copy of the Complaint is attached hereto as **Exhibit "6"**.

15. This State Court Action (separate and apart from the Unlawful Detainer action) was a mere collection action for money, as FSP had already obtained possession of its Premises on February 28, 2019 (and constructively knew the Argosy schools were put out of business due to the well-known national Receivership).

16. Respondents never served the Complaint and related Summons on the Receiver or its counsel, or any other interested party.  A true and correct copy of the Case Management Statement is attached hereto as **Exhibit "7".**

17. Respondents proceeded to take all of the following actions in the State Court Action **in direct violation of the Receivership Stay Order**:

   a. On June 5, 2019, FSP, Respondents filed a Request for Entry of Default.  A true and correct copy of the Request for Entry of Default is attached hereto as **Exhibit "8".**

   b. On or about August 7, 2019, Respondents filed a Case Management Statement.  The Case Management Statement filed by Respondents failed to disclose the pending Receivership or the Receivership Stay Order to the court in the State Court Action.  *See* Case Management

4

Statement attached hereto as Exhibit "7".

    c.    On or about August 14, 2019, the court in the State Court Action (without being informed by Respondents of the Receivership or Receivership Stay Order) ordered a Default Prove-Up Hearing to be scheduled for September 26, 2019.

    d.    On or about September 12, 2019, Respondents filed a Request for Dismissal of Does and a Request for Court Default Judgment against Argosy – again never serving anything on the Receiver or his counsel, or any other interested party.

    e.    On September 24, 2019, Respondents' Default Judgment was entered.  The Default Judgment was never determined on the merits as nothing was served on the Receiver, his counsel, or any other interested party. **Respondents never sought relief from the stay in this Receivership**.

    f.    The Default Judgment is for declaratory relief and monetary damages in the amount of $3,718,618.70, and in favor of FSP and against Argosy (a Receivership Entity).  A true and correct copy of the Default Judgment is attached hereto as **Exhibit "9"**.

    g.    On June 3, 2020, Respondents' caused a "Notice of Judgment Lien" to be filed with the California Secretary of State.  A true and correct copy of the Notice of Judgment Lien is attached hereto as **Exhibit "10"**.

    h.    This Secretary of State filing caused a Judgment Lien over the "Property" of Argosy (a Receivership Entity) in violation of the Receivership Stay Order.  The Judgment Lien form completed by Kompa lists "Argosy Education Group, LLC, a California non-profit limited liability company" as the "Judgment Debtor" – a clear violation of the Receivership Stay Order.  This form is signed by "Mark A. Kompa" on May 27, 2020.  There is no Proof of Service attached, so again no notice was provided to the Receiver or his counsel that Kompa caused

5

a lien to be placed on Receivership Property – all in violation of the Receivership Stay Order.

  i. On July 1, 2020, pursuant to Respondents' request, an Abstract of Judgment was issued.  A true and correct copy of the Abstract of Judgment is attached hereto as **Exhibit "11"**.  On information and belief, Kompa caused the Court-issued Abstract of Judgment to be recorded with various counties in California, in an attempt by Respondents to place a real property lien over Argosy real property, if any exists (which is also Receivership Property).

  j. On August 3, 2020, based upon the "void" Default Judgment, Respondents filed an Application and Order for Appearance and Examination (of judgment debtor) with the state court ("Application").  In the Application, Kompa admits (*for the first time to the state court*) to detailed knowledge of the Receivership, including the Receivership Stay Order, instituted by this Federal Court, yet he informs the state court that the Receivership is "terminated" (albeit falsely) and continues with collection efforts on behalf of FSP.  A true and correct copy of the Application is attached hereto as **Exhibit "12".**

  k. Concurrently, on August 3, 2020, FSP and Kompa issued a Civil Subpoena Duces Tecum upon Movant Barnett ("Subpoena").

  l. Time is of the essence for this Federal Court to address the stay violations, as an appearance and examination of Barnett is currently scheduled for October 2, 2020.  Barnett is not a judgment debtor, nor a defendant in the State Court Action.

  m. Concurrently, on August 3, 2020, Kompa recites in his own declaration, signed under penalty of perjury, to his lengthy review of the Receivership docket and pleadings, including but not limited to the Receivership Stay Order.  A true and correct copy of the "Kompa Subpoena Declaration" is attached hereto as **Exhibit "13"**.  In the Subpoena Declaration he acknowledges

6

the Receivership Stay Order:

> ". . . as recounted in the District Courts Order Re: Termination of Receivership as of May 31, 2019 (entered and e-filed April 26, 2019) at Pages 2-3…"

*See* Exhibit "13", Para 13.

18. Despite his asserted detailed knowledge of the Receivership, Kompa fails to state "when" he learned such detailed knowledge of the existence of the Receivership and the Receivership Stay Order, or any triggering event that caused him to learn such detailed information about the Receivership. Kompa interestingly (and likely intentionally) omits any date that he learned of the Receivership and the Receivership Stay Order, yet merely states his knowledge is subject to "Attorney Work Product". *See* Kompa Subpoena Declaration, Exhibit 13, Para 12. Kompa and FSP have continued with all the collection proceedings (as described above) willfully, intentionally and in violation of the Receivership Stay Order.

19. When looking up Argosy Education Group LLC in an internet search engine such as Google.com, the second link option that comes up is a website for Argosy University. The statement beneath the link states, "Argosy University entered into federal receivership on January 18, 2019 and its schools closed on March 9, 2019." Argosy University, https://www.argosy.edu/closed-school-information (last visited Sept. 22, 2020). A true and correct copy of the screenshot is attached hereto as **Exhibit "14".**

20. The fourth link option is the Wikipedia page for Argosy University. It provides that, "on February 27, 2019, the US Department of Education stated that they were cutting off federal funding to Argosy University." It also indicates that, "All Argosy campuses were officially closed on March 8, 2019." Wikipedia, Argosy University https://en.wikipedia.org/wiki/Argosy_University (last visited Sept. 22, 2020). A true and correct copy of the screenshot is attached hereto as **Exhibit "15".**

21. On or about August 10, 2020, Pastor Barnett was personally served with the Subpoena. A true and correct copy of the "Subpoena" is attached to the Declaration of Pastor Matthew W. Barnett (filed separately and concurrently) as **Exhibit "A"** and is incorporated herein by this reference.

22. Movant's State Court Action counsel has communicated numerous times in writing with Kompa (and to 'meet and confer') in efforts to have Respondents cease all collection actions and to stipulate to return the matter to the status quo. However, all efforts have failed as Kompa continues to belligerently claim that Respondents have not violated the stay as the Receivership was somehow allegedly terminated as of May 31, 2020. *See* **Exhibit B** through **Exhibit F** attached to the Wong Declaration (filed separately and concurrently) and incorporated herein by this reference.

23. On September 21, 2020, in an effort to avoid having to file the OSC Motion (and related lengthy pleadings), I had a further telephonic "meet and confer" with Kompa regarding his ongoing stay violations connected to the State Court Action and the Receivership. I advised him that, on behalf of Pastor Barnett, I was proceeding to file the OSC Motion, including the relief sought therein unless he had a change of position to rectify the numerous stay violations.

24. Kompa continued to assert that he and his client committed (and continue to commit) no stay violations because his position remains (albeit falsely, as this Court is well are) that the April 24th Order "terminated" the Receivership and the stay therein. I requested that he cite me to an order removing the stay, which he could not do as no such order exists.

25. In our "meet and confer" call Kompa continued to refuse to cease and desist from the collection actions stemming from the Default Judgment against Argosy, refused to set aside the Default Judgment, and stated he is prepared to argue his position before this Federal Court.

26. Between my recent 'meet and confer' communications, and his communications with Movant's state court counsel, Ms. Wong, for the past 3-4 weeks, I believe Respondents have clearly had sufficient opportunity and advance notice to rectify their violations and avoid this OSC Motion from being filed.

27. Movant has incurred and continues to incur substantial attorneys' fees and costs associated with addressing and responding to Respondents' past and ongoing violations. The violations include blatant disregard of this Court's orders, including but not limited to the Receivership Stay Order, and their ongoing post-default judgment collection actions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of September, at Encino, California.

Craig G. Margulies

## **CERTIFICATE OF SERVICE**

The foregoing was electronically filed this 22nd day of September 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  Further, I am familiar with my office's process for service. My office served the following persons and/or entities by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows pursuant to the Secretary of State Statement of No Change form LLC-12NC, attached hereto and California Corporations Code Section 1505 Certificate also attached hereto:

FSP Pacific Center, LLC
515 S. Flower Street, 32nd Floor
Los Angeles, California 90071

FSP Pacific Center, LLC
Attn: Connie Leguizamo, Senior Vice President
515 S. Flower Street, 32nd Floor
Los Angeles, California 90071

FSP Pacific Center, LLC
Agent for Service of Process
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, California 90017

Mark A. Kompa, Esq.
Law Office of Mark A. Kompa
23113 Plaza Point Drive
Suite 110
Laguna Hills, CA 92653-1475


The following party were served via Electronic Mail:

Mark A. Kompa, Esq.
Law Office of Mark A. Kompa
Mark@kompalawoc.com

              s/ Craig G. Margulies_____
              Craig G. Margulies (CA SBN 185925)

| | | |
|---|---|---|
| ![Seal] **Secretary of State**<br>**Statement of No Change**<br>**(Limited Liability Company)** | **LLC-12NC** | **19-D71701**<br>**FILED**<br>In the office of the Secretary of State<br>of the State of California<br><br>SEP 30, 2019 |
| **IMPORTANT — Read instructions** before completing this form.  This form may be used only if a complete Statement of Information has been filed previously and there has been no change.<br><br>**Filing Fee** – $20.00<br><br>**Copy Fee** – $1.00;<br>    Certification Fee - $5.00 plus copy fee | | *This Space For Office Use Only* |

**1. Limited Liability Company Name** (Enter the **exact** name of the LLC as it is recorded with the California Secretary of State.  Note: If you registered in California using an alternate name, see instructions.)

FSP PACIFIC CENTER, LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201126410021 | DELAWARE |

**4. No Change Statement** (Do not alter the No Change Statement.  If there has been any change, please complete a Statement of Information (Form LLC-12).)

*There has been no change in any of the information contained in the previous complete Statement of Information filed with the California Secretary of State.*

**5.** The information contained herein is true and correct.

| 09/30/2019 | Connie Leguizamo | Senior Vice President | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)**  (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document, enter the name of a person or company and the mailing address.  This information will become public when filed. (SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:  ⌐                                                              ⌐
Company:
Address:
City/State/Zip:  ⌐                                                    ⌐

LLC-12NC (REV 01/2017)                    11                    2017 California Secretary of State
                                                                www.sos.ca.gov/business/be

| 1505 | California Corporations Code Section 1505 Certificate | A0837927 |

To become authorized to be designated as a corporate agent for service of process for other entities in California, you can fill out this form or prepare your own document, and submit for filing along with:

- A **$30** filing fee.
- A separate, non-refundable **$15** service fee also must be included, if you drop off the completed form or document.
- For information about expedited filing requests and current processing times, go to www.sos.ca.gov/business/be/service-options.htm.

Any California corporation or any foreign corporation qualified in California is eligible to file this 1505 certificate as long as the corporation is active on the records of the California Secretary of State. The status of the corporation can be checked online at kepler.sos.ca.gov.

After your 1505 certificate is filed, if any of the information changes you may file a new fully completed 1505 certificate.

FILED
Secretary of State
State of California
JAN 06 2020

IPC

This Space For Office Use Only

① **Corporation's Exact Name** (on file with CA Secretary of State)
CT Corporation System

② **Corporate File No.** (issued by CA Secretary of State)
C0168406
*If you don't know the file number, leave Item 2 blank.*

**Address for Service of Process** (List the complete street address in California of the office where any entity designating your corporation as agent for service of process may be served with process. Do not list a P.O. Box address.)

③ 818 West Seventh Street, Suite 930    Los Angeles    CA 90017
Street Address for Service of Process    City (no abbreviations)    State    Zip

**Authorized Employees** (List the names of all the persons employed by your corporation who are authorized to accept delivery of any copy of service of process, at the address listed in item 3, on any entity who has designated your corporation as its agent for service of process.)

④ Authorized Employees: Amanda Garcia, Vivian Imperial, Gladys Aguilera, Gabriela Sanchez
Daisy Montenegro, Beatrice Casarez-Barrientez, Carlos Paz, Alberto Damonte
Jessie Gastelum, Peter Cayetano

**Statement of Consent**

⑤ This corporation consents that delivery of a copy of service of process to an authorized employee at the address designated in item 3 shall constitute delivery of any such copy to the corporation, as the agent for service of process.

**Read and sign below:** This form must be signed by an officer of the corporation.

▶ *[signature]*    Ann Roberson    Vice President
Sign here    Print your name here    Your business title

| Make check/money order payable to: **Secretary of State** | **By Mail** | **Drop-Off** |
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State<br>Business Entities, P.O. Box 944260<br>Sacramento, CA 94244-2600 | Secretary of State<br>1500 11th Street, 3rd Floor<br>Sacramento, CA 95814 |

Corporations Code § 1505
1505 (REV 01/2013)

12

2013 California Secretary of State
www.sos.ca.gov/business