# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) | |
| ) | CASE NO. 1:19-CV-145 |
| Plaintiff, ) | |
| ) | JUDGE DAN AARON POLSTER |
| v. ) | |
| ) | |
| SOUTH UNIVERSITY OF ) | |
| OHIO, LLC, ) | |
| *et al.* ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| Defendants. ) | |

**STUDENT INTERVENORS' RESPONSE TO MOTION OF MARK E. DOTTORE, RECEIVER (I) TO TRANSFER AND TURNOVER [SIC] STUDENT RECORDS TO STATE EDUCATIONAL AUTHORITIES OR DESTROY THEM; AND (II) APPROVING CERTAIN PROCEDURES REGARDING ACCESS TO THE DCEH DATA; AND FOR SUCH OTHER AND FURTHER RELIEF AS IS JUST AND PROPER. (DKT. 655)**

Intervenors Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino and Stephanie Porreca ("Dunagan Intervenors"), Marina Awed, Kendrick Harrison, and Jayne Kenney ("Argosy Intervenors") and Kimberly Milbrandt, Ashley York, Sarah Watts and Brandy Chandler ("Georgia School of Professional Psychology Intervenors") (collectively "Student Intervenors") submit this brief response to the motion of Mark E. Dottore, Receiver: (i) to Transfer and Turnover (sic) Student Records to State Educational Authorities or Destroy Them; and (ii) Approving Certain Procedures Regarding Access to the DCEH Data; and for Such Other and Further Relief as is Just and Proper. Dkt. 655.

The Student Intervenors welcome the Receiver's proposal to continue providing access to the DCEH Data previously maintained by Studio. *See* Dkts. 446 and 495. However, Student Intervenors request that the Court not approve—at this time—the "Storage Expiration Date" proposed by the Receiver: "the later of (i) the first anniversary of the date of this Motion; or (ii) the conclusion of Litigation brought or contemplated to be brought by the Receiver," after which the Receiver "will have no obligation to retain, and will have the right to erase . . . the DCEH Data." Dkt. 655 at 6.

The Receiver, during the duration of his appointment overseeing the interests of the schools in Receivership, remains bound by document retention requirements of state and federal law, *see e.g.* 34 C.F.R. 668.24, requirements of the United States Department of Education and state authorizers, and litigation holds in cases pending, even if presently stayed, against receivership entities, including the class action lawsuit brought by the Dunagan Intervenors. *See Dunagan et al. v. Illinois Institute of Art, LLC, et al.*, No. 19-cv-0809 (N.D. Ill.). (The *Dunagan* case, while stayed against Receivership entities, is proceeding against non-receivership entity the Dream Center Foundation, the parent of DCEH.)

In particular, Student Intervenors have an interest in the preservation of their account ledgers which are part of the DCEH data, which is the record of their tuition obligations, grants, payments, and existing obligations. In the *Dunagan* case, for example, the ledgers will be important evidence of damages suffered by class members, and a necessary resource for identifying class members for class

2

communications. Until the class is certified, however, the named *Dunagan* plaintiffs cannot subpoena the Receiver for those records. Access to these important records should not depend on whether the class is certified within a year, or after. These records are also relevant to the resolution of the diversion of the Argosy student stipends and to any DCEH students, who find themselves in a dispute over loan obligations, including potentially with third party debt collectors.

To be sure, the Receiver's obligation to maintain institutional records does not extend into perpetuity. However, rather than ordering a date certain upon which the Receiver can, in his sole discretion, decide to destroy institutional records, Student Intervenors propose that the Court order that, if after the conclusion of the year that he has committed to maintaining the documents the Receiver determines it is not in the interests of the Receivership Estate to continue doing so, he provide notice, on the court docket, of his intention. Parties would then have the opportunity to present to the Court any continuing needs they have for access to the documents, as well as propose alternative custodians for the records to relieve the Receiver of the burden of maintaining them. In short, there is no need to set a document destruction date now.

Dated: November 24, 2020	Respectfully Submitted,

*/s/ Eleanor Hagan*
Richard S. Gurbst (Bar # 0017672)
Eleanor M. Hagan (Bar # 0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Telephone: +1 216 479 8500
E-mail: Eleanor.hagan@squirepb.com

Eric Rothschild
Admitted Pro Hac Vice
Alexander S. Elson
Admitted Pro Hac Vice

NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC  20005
Telephone:  +1 202 734 7495
E-mail:  alex@defendstudents.org
           eric@defendstudents.org

Counsel for Intervenors,
Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, Stephanie Porreca, Kimberly Milbrandt, Ashley York, Sarah Watts, Brandy Chandler, Marina Awed, Kendrick Harrison, and Jayne Kenney

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing Response to the Receiver's Motion was served upon all parties of record by the Court's electronic filing system 24th day of November 2020.

                                         */s/ Eleanor Hagan*

                                         Eleanor Hagan
                                         One of the Attorneys for Intervenors