UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) |   THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et. al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER APPROVING PROCEDURES REGARDING ACCESS TO DCEH DATA**

Upon the Motion of Mark E. Dottore, Receiver to (i) Transfer and Turnover Student Records to State Educational Authorities or Destroy Them; and (ii) Approving Certain Procedures Regarding Access to the DCEH Data; and for such Other and Further Relief as is Just [Dkt. No. 655] (the "**Motion**") and further upon the Student Intervenors' Response to the Motion [Dkt. No. 659] (the "**Response**") and the Court having considered the arguments made in the Motion and the Response

NOW THEREFORE IT IS ORDERED THAT

- Until further order of this Court, following notice and opportunity for parties and intervenors to respond, the Receiver will use reasonable efforts to not cause the deletion of the DCEH Data.

- Until further order of this Court, (i) any governmental or regulatory authority or agency with jurisdiction over any of the Receivership Entities (each, a "**Government Entity**"); or (ii) any third party who has a valid court issued subpoena or order to access the DCEH Data (each, an "**Authorized Third Party**" and collectively, the "**Authorized Access Parties**") may copy

- the DCEH Data at their sole cost and expense, subject to compliance with applicable laws, regulations and data privacy requirements.

- Until further order of this Court, upon reasonable prior written notice and during normal business hours, solely for the purpose of accessing information relevant to the Receivership Entities, the Receiver will provide access to the DCEH Data to any Authorized Access Party. The Receiver's sole obligation shall be to provide access to the DCEH Data, and the Receiver shall not be required to conduct any searches, downloads, analyses or deciphering of any of the DCEH Data. All costs and expenses to access the DCEH Data shall be the sole responsibility of the Authorized Access Party. The Receiver may charge $150 per hour for its personnel to assist with any request from an Authorized Access Party to access the DCEH Data. Any Authorized Third Party must pay the fees and costs of the Receiver's involvement (if any) and the involvement of the Receiver's attorneys (if any) at their normal rates. All access granted shall be subject to applicable laws, regulations and data privacy requirements.

- The Receiver shall not have any responsibility or obligation to identify, exclude or password protect any files that may contain PII. Any Authorized Third Party seeking documents that might include PII shall be required to state in the subpoena that the Authorized Third Party shall keep the PII strictly confidential and obey any legal or statutory requirements regarding PII (the "**PII Protections**"). Any release of the PII shall be actionable by the Receiver or the person whose PII was released.

- The Receiver shall not be required to seek any approvals from or provide any notices to any party prior to providing access to or copies of the DCEH Data to any Authorized Access Party. The Receiver may, but shall not be required to, review or screen any DCEH Data for confidentiality, data privacy requirements, personally identifiable information, restricted HIPPA information, attorney-client privilege, attorney work-product immunity, the common-interest privilege, any other applicable privileges, or any other concerns that may be raised by any party regarding the access to such DCEH Data. DCEH Data may be stored in file formats that require passwords and software programs to access, search, view and/or download. The Receiver shall not have any responsibility or obligation to search or access any password protected files, to convert any data to a particular file format or to provide the applicable software programs necessary to access, search, view and/or download the DCEH Data. To the extent the Receiver deems it necessary or advisable to screen the DCEH data for privileged or PII information, the Authorized Access Party will be responsible for payment of the Receiver's and Receiver's attorneys' fees associated with said screening. To the extent that any party seeks to prevent access to the DCEH Data, the

- Receiver shall not be required to provide any access without an order from a court of competent jurisdiction directing the Receiver provide such access and which contains the PII Protections.

- The Receiver shall use commercially reasonable efforts to maintain any existing security and data protection requirements for DCEH Data that are in place as of the Effective Date. The Receiver will not be required to conduct any maintenance, upgrades, monitoring, data downloads, searches or respond to any subpoenas, discovery or information requests related to the DCEH Data.

- The Receiver shall engage Innovative Discovery Solutions ("**Innovative**") or a similar consultant on fair, comparative, and similar terms to the current arrangement with Innovative (the "**Innovative Agreement**") to act as the authorized electronic discovery vendor with respect to requests for access to DCEH Data from Authorized Access Parties. Authorized Access Parties shall be required to enter into a separate agreement with Innovative (or the consultant selected) and pay the fees of Innovative or the consultant to access the DCEH Data.

- The Receiver is not and shall not be obligated or responsible to provide any Student Credentials and Records or any other records or information related to the Receivership Entities. All requests for Student Credentials and Records for the Receivership Entities shall be directed to Parchment. Any fees charged by Parchment shall be the sole responsibility of the person or party seeking the Student Credentials and Records. The Receiver is not under any obligation to continue to maintain the CARS data.

- The Receiver will have no liability whatsoever to any person as a result of providing access to or copies of the DCEH Data.

**IT IS SO ORDERED.**

                                       *s/ Judge Dan Aaron Polster*
                                       JUDGE DAN AARON POLSTER

                                       MAGISTRATE JUDGE THOMAS M. PARKER

Respectfully submitted,


*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
Robert M. Stefancin (0047184)
WHITMER & EHRMAN LLC
2344 Canal Road, Suite 401
Cleveland, Ohio 44113-2535
Telephone: (216) 771-5056
Email: mkw@weadvocate.net

*Attorneys for Mark E. Dottore Receiver*



*/s/ Eleanor M. Hagan*
Richard S. Gurbst (0017672)
Eleanor M. Hagan (0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone +1 216 479 8500
Email: Eleanor.hagan@squirepb.com

Eric Rothschild
Admitted Pro Hac Vice
Alexander S. Elson
Admitted Pro Hac Vice
NATIONAL STUDENT LEGAL DEFENSE
NETWORK
1015 15th Street NW, Suite 600
Washington, DC 20005
Telephone +1 202 734 7495
Email:: alex@defendstudents.org
eric@defendstudents.org

*Attorneys for Interventors Emmanuel Dunagen, et. al.*