# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>SOUTH UNIVERSITY OF OHIO, LLC, *et al.*,<br><br>Defendants | Case No. 1:19-CV-00145<br><br>Judge Dan Aaron Polster<br>Magistrate Judge Thomas M. Parker |

**CHAPTER 7 TRUSTEE'S OBJECTION TO RECEIVER'S MOTION FOR ENTRY OF ORDER (1) APPROVING GLOBAL SETTLEMENT AND COMPROMISE AMONG RECEIVER AND ALL INSUREDS UNDER THE PORTFOLIOSELECT FOR NON-PROFIT ORGANIZATIONS LIABILITY INSURANCE POLICY; (2) APPROVING PAYMENT OF DEFENSE COSTS; AND (3) BARRING AND PROHIBITING PARTIES FROM ASSERTING CERTAIN CLAIMS**

George L. Miller, chapter 7 trustee (the "<u>Trustee</u>") to the estates of the debtors listed herein[1] (collectively, the "<u>Debtors</u>"), hereby submits this objection (the "<u>Objection</u>") to the

---

[1] The last four digits of the Debtors' taxpayer identification numbers are as follows: American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359);

*Receiver's Motion for Entry of Order (1) Approving Global Settlement and Compromise Among Receiver and All Insureds Under the PortfolioSelect for Non-Profit Organizations Liability Insurance Policy: (2) Approving Payment of Defense Costs; and (3) Barring and Prohibiting Parties from Asserting Certain Claims* (the "<u>Motion</u>") filed by Mark E. Dottore, the duly appointed and acting receiver (the "<u>Receiver</u>") for the Receivership Entities.[2] In support of the Objection, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Receiver's attempt to obtain the global release contemplated by the Bar Order and bar any claims the Debtors' estates possess against the Insured Released Parties, which includes the Receivership Entities, is a willful and direct violation of the automatic stay provided by 11 U.S.C. § 362. By its broad terms, the Bar Order would prevent any Barred Person, including the Trustee and the Debtors' estates, from pursuing any claim, suit or action against any of the Insured Released Parties that may relate to or derive from any claim, demand or cause of action against the Receivership Entities. This is problematic because of the claims the Debtors estates have against the Receivership Entities.

2. First, the Debtors' estates have claims that arise under the purchase agreement with the Receivership Entities that was entered into and closed prior to the appointment of the Receiver. Those same claims may extend to former officer and directors of the Receivership Entities that will also be released and protected by the Bar Order if it is approved. The working capital adjustment of $10.0 million under the purchase agreement

---

The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558); Western State University of Southern California (3875).

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Motion.

2

remains unresolved and due and owing to the Debtors' estates. Second, DCEH admits in the claim it filed in the Chapter 7 Cases that the Debtors have certain claims against DCEH arising from the purchase of the Debtors' assets prior to the filing of the Bankruptcy Cases and the Receivership Case. Third, the Debtors' estates may have counterclaims and affirmative defenses that can be asserted in response to the breach of fiduciary claims asserted by DCEH in its other claim.

3.  The attempt to bar the Trustee's claims against the Insured Released Parties arising from claims against the Receivership Entities violates sections 362(a)(3) and (6) of the Bankruptcy Code, which provides that the filing of a petition under title 11 operates as a stay of, among other things, (a) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and (b) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under [title 11] . . . ." 11 U.S.C. §§ 362(a)(3) and (6). Because the Debtors' estates have claims against the Receivership Entities that are property of the Debtors' estates pursuant to 11 U.S.C. § 341, the Bar Order, if approved, would violate the automatic stay by barring the prosecution of those claims against the Insured Released Parties.

4.  The Receiver has knowledge of the Chapter 7 Cases. The filing of the Motion and request to enter the Bar Order is void *ab initio* as against the Debtors' estates. The Receiver cannot be allowed to violate the automatic stay and eliminate the Debtors' known and potential claims against the Receivership Entities and any and all potential other claims against the other Insured Released Parties.

3

## BACKGROUND

### Debtors' Case Background

5. On June 29, 2018 (the "Petition Date"), each Debtor commenced with the United States Bankruptcy Court for the District of Delaware a voluntary case under chapter 7 of title 11 of Bankruptcy Code (each, individually, the "Chapter 7 Case" or collectively, the "Chapter 7 Cases").

6. George L. Miller was appointed as the Trustee for each of the Debtors in their Chapter 7 Cases.

7. The Art Institute of Philadelphia LLC together with its Debtor affiliates, were among the largest providers of postsecondary education in North America, operating 110 primary locations across 32 U.S. states and in Canada. The Debtors were organized into four separate education systems: The Art Institutes; South University; Argosy University; and Brown Mackie Colleges.

### The Relationship of the Parties

### The Debtors Sell Their Assets to the Dream Center

8. On January 18, 2017, the Debtors entered into an Asset Purchase Agreement (the "Purchase Agreement") with Dream Center Foundation ("DCF"), a not for profit entity, and certain of its newly formed subsidiaries (collectively with DCF and DCEH, the "DCF Buyers") for the sale (the "Sale") of substantially all of the assets of (a) the various components of the Debtors that collectively provided certain administrative services to school locations, and (b) all of the Company's remaining school locations, specifically South University, Argosy University (including one campus being taught-out), and all of the "core" Art Institutes school locations (other than The Art Institute of Vancouver) which were not being taught-out. The

4

Purchase Agreement was amended and restated on February 24, 2017, and further amended on July 20, 2017, and October 13, 2017.

9. There were two closing dates due to a delay in the receipt of regulatory approvals for institutions accredited by The Higher Learning Commission (four locations) and Middle States Commission on Higher Education (two locations including the fully online programs offered by The Art Institute of Pittsburgh), with the first closing occurring on October 17, 2017, and the second closing occurring on January 19, 2018. The DCF Buyers paid $35.0 million to acquire the schools, with $25.0 million payable at closing, subject to a net working capital adjustment.

10. As a result of the Sale, the Debtors had no remaining operating assets or employees after completion of the school teach-outs, and all of the Debtors' books and records were transferred to DCEH.

**Appointment of Receiver and the DCEH Claims**

11. On October 15, 2018, prior to the Receiver's appointment, DCEH filed proofs of claim 36-1 (the "DCEH Unliquidated Claim") and 86-1 (the "DCEH Purchase Agreement Claim", together, the "DCEH Claims") against the Debtors in the Chapter 7 Cases. Copies of the DCEH Claims are attached hereto as Exhibits A and B, respectively.

12. The DCEH Unliquidated Claim asserts an unliquidated claim of no less than $280,000,000 against the Debtors and its directors and officers relating to purported breaches of fiduciary duties arising from the sale of the Debtors' assets to DCEH.

13. The DCEH Purchase Agreement Claim asserts that DCEH is owed $5,223,000 for certain post-closing adjustments and contract claims arising from the sale of the Debtors' assets to DCEH. The DCEH Purchase Agreement Claim admits that Debtor Education

5

Management Corporation and certain Debtor subsidiaries are entitled to $12,950,000 but asserts that DCEH's claims of over $18 million offset the amount due and owing to the Debtors.

14.     On January 18, 2019, the Receiver was appointed as Receiver for the Receivership Entities after Digital Media Solutions LLC initiated an action in the United States District Court for the Northern District of Ohio (the "District Court").

## OBJECTION

15.     Section 541(a)(1) of the Bankruptcy Code expressly provides that the commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The term "property of the estate" is expansive and encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *See In re Johnson*, 548 B.R. 770, 790 (Bankr. S.D. Ohio 2016) *citing Klarcheck Family Trust v. Costello (In re Klarchek)*, 508 B.R. 386, 395 (Bankr. N.D. Ill. 2014).

16.     The DCEH Claims give rise to both claims for breach of contract (for failure to pay the working capital adjustment due and owing under the DCEH Purchase Agreement) and breaches of fiduciary duty, good faith and fair dealing and other related causes of action that arise from the Sale against not only the Receivership Entities but also the directors and officers of those same entities that would be protected by the Bar Order. That the Debtors' estates have claims against DCEH and the other Receivership Entities is unassailable. The DCEH Purchase Agreement Claim itself acknowledges that the Debtors' estates have claims against the Receivership Entities. The Debtors' rights under the DCEH Purchase Agreement are part of the bankruptcy estates. *See Johnson*, 548 B.R. at 791 (finding that the [d]ebtor's rights

6

under a contract entered into prepetition were part of the bankruptcy estate). The Debtors may have other claims or defenses to assert in response to the DCEH Claims or otherwise, including, but not limited to, causes of action for breaches of fiduciary duties and good faith and fair dealing (collectively, the "Debtors' Claims"). Such claims and causes of action are property of the Debtors' estates. *See Johnston*, 548 B.R. at 793 *quoting In re Nicole Gas Prod., Ltd.*, 519 B.R. 723, 738 (Bankr. S.D. Ohio) ("As the Sixth Circuit has recognized, 'it is well established that 'interests of the debtor in property' include 'causes of action,' making causes of action existing as of the commencement of the bankruptcy case property of the estate under § 541(a)(1).'" The Debtors' Claims (a) may be asserted not only against the Receivership Entities but against other Insured Released Parties, (b) are property of the Debtors' estates and (c) are protected by the automatic stay.

17. "The automatic stay provides one of the fundamental protections for debtors found in the Bankruptcy Code." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011). The automatic stay "is prescribed by statute, not by any court, and applies in every bankruptcy case automatically without any court order." *Del. Trust Co. v. Energy Future Intermediate Holding Co. (In re Energy Future Holdings Corp.)*, 527 B.R. 178, 197 (Bankr. D. Del. 2015); *see also, e.g., In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2003) ("The automatic stay is a self-executing injunction, and therefore, for contempt purposes, constitutes an order issuing from the bankruptcy court."). Although the Court may grant relief from the stay for good "cause," the party seeking such relief bears the burden to affirmatively move for and make a prima facie case for such relief. *See, e.g., Del. Trust Co. v. Energy Future Intermediate Holding Co. (In re Energy Future Holdings Corp.)*, 533 B.R. 106, 117 (Bankr. D. Del. 2015). Absent such relief being sought and granted, the automatic stay

7

remains in full effect and must be respected. Indeed, allowing parties to proceed with actions against debtors without first obtaining relief from stay would quickly erode one of the most important protections provided by the Bankruptcy Code. *See Bartlette v. Kmart Corp.*, 312 F. App'x 441, 442 (3d Cir. 2008) ("Consolidating all pre-petition claims against the debtor in one collective proceeding before a bankruptcy court is the essence of bankruptcy. Permitting creditors to continue filing claims against the debtor outside of bankruptcy proceedings would defeat this purpose."); *see also Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 382-383 (6th Cir. 2001) ("The stay helps ' . . . prevent[] a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different court.'")

    18. The proposed Settlement and Bar Order ignore this black-letter law by purporting to prevent the Debtors from seeking to recover property of their estates. Specifically, as a holder of Specified Litigation and Potential Claims, the proposed Settlement and Bar Order is explicitly but improperly intended to control assets of the Debtors' estates by prohibiting the Debtor from, among other things, pursuing claims against the Insured Released Parties. This attempted end around of the very purpose of the automatic stay should not be countenanced. *See Clark v. United States (In re Clark)*, 207 B.R. 559, 565-66 (Bankr. S.D. Ohio 1997) ("The purposed of the automatic stay is not to . . . ultimately prevent the exercise of the available rights of any party. . . [but instead is] to prevent any creditor from becoming a self-determined arbiter of what constitutes property of the estate and what actions are permitted or prohibited by the stay.")

    19. The Receiver's attempt to bar any claims the Trustee may assert against the Insured Release Parties is a *prima facie* violation of sections 362(a)(3) and (6) of the Bankruptcy Code, which provide that the filing of a petition under title 11 operates as a stay of,

8

among other things, (a) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and (b) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under [title 11] . . . ." 11 U.S.C. §§ 362(a)(3) and (6). Granting the Receiver's requested relief and entering the Bar Order would be an exercise of control over property of the Debtors' estates.

20. The request to have the Bar Order entered and impede the Debtors' claims against the Receivership Entity and the Insured Released Parties violates the automatic stay imposed in the Chapter 7 Cases by Bankruptcy Code section 362(a) and should be denied.

*[Remainder of Page Intentionally Left Blank.]*

| | |
|---|---|
| Dated: April 8, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/  Colin R. Robinson* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | John A. Morris (NY Bar No. 266326) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | 919 N. Market Street, 17th Floor |
| | P O Box 8705 |
| | Wilmington, DE  19899 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Email:    bsandler@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | |
| | -and- |
| | |
| | */s/ Robert D. Barr* |
| | Robert D. Barr (OH Bar No. 0067121) |
| | KOEHLER FITZGERALD LLC |
| | 1111 Superior Avenue East, Suite 2500 |
| | Cleveland, Ohio 44114 |
| | Telephone: (216) 744-2739 |
| | Direct: (216) 402-2678 |
| | Email:    rbarr@koehler.law |
| | |
| | Counsel to George L. Miller, Chapter 7 Trustee |

### CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021, a copy of the foregoing Chapter 7 Trustee's Objection to Receiver's Motion was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  A copy was also sent by regular U.S. mail, postage prepaid, to the following:

> Mary K. Whitmer, Esq.
> Whitmer & Ehrman LLC
> 2344 Canal Road, Suite 401
> Cleveland, Ohio 44113
> *Attorney for Mark E. Dottore, Receiver*

> */s/ Robert D. Barr*
> Robert D. Barr, Attorney  (OH Bar No. 0067121)
> KOEHLER FITZGERALD LLC
> Counsel to George L. Miller, Chapter 7 Trustee