IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY | ) | |
| OF OHIO, LLC, *et al.* | ) | |
| | ) | **CIVIL CONTEMPT ORDER** |
| Defendants. | ) | |

On January 20, 2021, the Court issued an on order granting, in part, the receiver's motion for a contempt order against William Turbay, Tim Kelly, Daniel Taylor and Richard Rock. Turbay, Kelly and Taylor were ordered to pay the receiver the following amounts: Turbay: $5,000; Kelly: $4,505; and Taylor: $5,000. Richard Rock was ordered to pay the receiver $25,000 forthwith or on such a schedule as negotiated with the receiver. ECF Doc. 670.

Thereafter, the Court was informed that Turbay, Kelly, Taylor and Rock had not paid the receiver or made any arrangements to do so. The Court then ordered them to do so on or before noon on April 23, 2021 or to show cause whey they should not be held in contempt. ECF Doc. 700. The Court also warned Turbay, Kelly, Taylor and Rock that failure to comply with the Court's order would result in them being held in contempt and being subjected to fines and other penalties, including incarceration. ECF Doc. 700.

On April 22, 2021, Turbay, Kelly, Taylor and Rock filed a response to the Court's order. Rather than explaining why they have not complied with the Court's order, Turbay, Kelly, Taylor and Rock continue to argue that they should not be required to do so. Turbay, Kelly,

Taylor and Rock were given a full opportunity to be heard on these issues.  They were permitted to brief the issues and participated in a two-hour show cause hearing on October 21, 2020.  ECF Doc. 643.  Then, they were permitted to file post-hearing briefs.  ECF Doc. 651; ECF Doc. 660.

As this Court has already recognized, Turbay, Kelly, Taylor and Rock have painted a "rather stark picture" of the conditions for AiLV personnel working without pay for most of 2019.  The Court is not unsympathetic to those conditions and intends to prioritize the payment of AiLV's staff and faculty from any monies collected into the receivership.  However, the Court is unsympathetic to Turbay, Kelly, Taylor and Rock who unilaterally placed themselves at the front of the line and took money that could have been used to pay other AiLV faculty and staff.  And, Turbay, Kelly, Taylor and Rock do not seem to recognize that their self-help payments were unfair to other AiLV faculty and staff who also worked without pay and were not in a similar position to re-coup some of their money.  This unfair recoupment cannot be tolerated when the Court is also receiving numerous letters and grievances from the unpaid AiLV employees who were asked to work without pay.  Turbay, Kelly, Taylor and Rock were not entitled to go to the front of the line and, unfortunately, their refusal to comply with the Court's orders must now be addressed.

**The Court hereby finds Turbay, Kelly, Taylor and Rock to be in CONTEMPT for failing to comply with the Court's January 20 and April 12 orders.**  ECF Doc. 670; ECF Doc. 700.  "The primary purpose of a civil contempt order is to compel obedience to a court order and compensate for injuries caused by noncompliance." *McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir. 2000)(quoting *TWM Manuf. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983)).  Here, beginning on April 26, 2021, the Court will assess a **fine of $1,000.00 per day** against each contemnor, Turbay, Kelly, Taylor and Rock, until they comply with the Court's order.  The receiver should keep track of the assessed fines and may use them as an

offset in the event there is money available to pay claims made by these four individuals.  And, if requested, the Court will issue a judgment against each contemnor in the total assessed fines amount in favor of the receivership estate at the close of the receivership.  The receiver will be permitted to use whatever methods are legally available to him to collect on those judgments. Turbay, Kelly, Taylor and Rock may purge this contempt order at any time by paying the amounts ordered in the Court's orders along with any accrued fines.

IT IS SO ORDERED.

Dated: April 23, 2021

*s/Dan Aaron Polster*
JUDGE DAN AARON POLSTER

*s/Thomas M. Parker*
Thomas M. Parker
United States Magistrate Judge