UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>SOUTH UNIVERSITY OF OHIO, LLC, *et al.*,<br><br>        *Defendants*. | CASE NO. 1:19-cv-145<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Thomas M. Parker |

### *DUNAGAN* INTERVENORS' MOTION FOR CLARIFICATION OF THE COURT'S APRIL 21, 2021 ORDER WITH RESPECT TO DISCOVERY

Intervenors Emanuel Dunagan, Jessica Muscari, Robert J. Infusino, and Stephanie Porreca (collectively, the "*Dunagan* Intervenors") respectfully move for clarification of this Court's April 21, 2021 Order (Dkt. 708) with respect to the Receiver's obligation to respond to the *Dunagan* Intervenors' April 7 discovery requests. The *Dunagan* Intervenors interpret the Order as not altering the Receiver's obligation to respond to their discovery requests by May 7, as such date is set by Federal Rules of Civil Procedure 33 and 34 and no extension of those deadlines were expressly granted in the Order, which they read as related to the deadlines and hearing on the Receiver's Motion. The Receiver takes the position that the Order eliminated his obligation to respond to discovery indefinitely. The *Dunagan* Intervenors therefore seek clarification to resolve this difference between the parties.

Although the Receiver moved this Court to stay the *Dunagan* Intervenors' discovery requests indefinitely, *see* Dkt. 705 at 3, the Order is silent regarding that request. *See* Dkt. 708. Despite that, the Receiver did not respond to the *Dunagan* Intervenors' discovery requests by the May 7 deadline. When the *Dunagan* Intervenors communicated to the Receiver that they

believed his responses were overdue, the Receiver responded that the Court had extended all deadlines. Ex. A, Email from Eric Rothschild, counsel to the *Dunagan* Intervenors, to Mary Whitmer, counsel to the Receiver (May 11, 2021 12:15 pm EST); Ex. B, Email from Mary Whitmer, counsel to the Receiver, to Eric Rothschild, counsel to the *Dunagan* Intervenors (May 11, 2021 12:16 PM EST). The *Dunagan* Intervenors also extended the opportunity to the Receiver to join this motion seeking clarification, as well as offered to stipulate to an extension of the discovery deadline, but the Receiver declined to do either. Ex. C, Email from Eric Rothschild, counsel to the *Dunagan* Intervenors, to Mary Whitmer, counsel to the Receiver (May 17, 2021 12:03 pm EST); Ex. D, Email from Mary Whitmer, counsel to the Receiver, to Eric Rothschild, counsel to the *Dunagan* Intervenors (May 17, 2021 12:05 pm EST).

Because the parties disagree about the meaning of the Order, the *Dunagan* Intervenors move for clarification, specifically that the Order did not extend indefinitely the Receiver's discovery response deadline. The *Dunagan* Intervenors also request that this Court order the Receiver to respond to their limited discovery requests within five business days. In the alternative, they request an order setting a deadline for discovery responses that will allow sufficient time for the parties to meet and confer about objections and present any disagreements to the Court, if necessary, prior to the new hearing date on the Receiver's amended motion to approve settlement.[1]

---

[1]  In particular, the parties will likely have a dispute over whether the Receiver must produce his demand letter to DCF and the Ds&Os in which he purports to describe his alleged claims against them. Dkt. 674 ¶ 10. The Receiver has never disputed the *Dunagan* Intervenors' argument that he must demonstrate that he has standing to bring the claims he is settling and the interrelatedness of those claims with those he seeks to bar. *See* Dkt. 692. Nevertheless, he claims that the only record of those claims—the descriptions he sent to DCF and the Ds&Os—is protected by federal settlement privilege. Dkt. 697 at 9. The scope of that privilege, and whether it can be asserted to protect information that the Receiver has placed directly at issue in his motion, are issues this Court will likely have to resolve. In this regard, the *Dunagan* Intervenors

2

## CONCLUSION

For the foregoing reasons, the *Dunagan* Intervenors respectfully move this Court to clarify its April 21 Order regarding the Receiver's May 7 deadline to respond to the *Dunagan* Intervenors' discovery requests.

Date: May 20, 2021

Respectfully Submitted,

*/s/ Eleanor Hagan*
Eleanor M. Hagan (Bar # 0091852)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: +1 216 479 8500
E-mail: Eleanor.hagan@squirepb.com

Eric Rothschild (Admitted Pro Hac Vice)
Alexander S. Elson (Admitted Pro Hac Vice)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington DC 20005
Email:     eric@defendstudents.org
           alex@defendstudents.org
Telephone:  202-734-7495

Counsel for Intervenors
Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, and Stephanie Porreca

---

seek only communications between the Receiver and other settling parties that describe the Receiver's claims against DCF and the Ds&Os, as that information is essential for determining the legality of any proposed bar order and no other records describing those claims have been produced or otherwise identified. *See* Discovery Requests 1 and 2 [Dkt. 696-5] at 5. The *Dunagan* Intervenors do not seek records from the settlement negotiations more broadly, *i.e.*, the parties' back and forth about the dollar amount that DCF and the Ds&Os agreed to pay.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing motion for clarification was served upon all counsel of record by the Court's electronic filing system this 20th day of May 2021.

                                       */s/ Eleanor Hagan*
                                       Eleanor Hagan
                                       One of the Attorneys for Intervenors