IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | Case No. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

On May 20, 2021, Intervenors, Emmanuel Dunagan, Robert Infusino, Jessica Muscari and Stephanie Porreca ("Dunagan Intervenors") filed a motion for clarification of the Court's April 21, 2021 Order. ECF Doc. 713. The Dunagan Intervenors had previously sought expedited discovery from the receiver related to settlement negotiations between the receiver and an insurer. ECF Doc. 696. The Court denied the Dunagan Intervenors' motion for expedited discovery on April 13, 2021. ECF Doc. 701. In denying their motion, the Court noted that the Dunagan Intervenors had not explained why they needed the general background discovery of the receiver's settlement negotiations to prepare for an upcoming hearing. The Dunagan Intervenors had already identified how the receiver's proposed settlement agreement might affect their claims and had filed an objection to the receiver's motion.

On April 21, 2021, the Court removed all deadlines and canceled the hearing scheduled for May 7, 2021 at 4:00 p.m. on the receiver's motion for order approving the settlement with the insurer. ECF Doc. 674. The Court's order also established a new deadline of May 25, 2021 for

the receiver to file an amended motion to approve any amended, proposed settlement agreement. ECF Doc. 708.

The Dunagan Intervenors now seek clarification of the Court's April 21, 2021 order. They question how it impacts their discovery requests to the receiver, which they claim were due on May 7th. ECF Doc. 713. The answer to their question is found in the Court's order denying the Dunagan Intervenors' motion for expedited discovery. There, the Court stated that the Dunagan Intervenors had not shown any need for the background information related to the Receiver's potential agreement with the third-party insurer. ECF Doc. 701. The Court further stated the Dunagan Intervenors had not shown that the scope of their discovery was "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues," pursuant to Fed. R. Civ. P. 26 (b)(1). That continues to be true.

Receiverships are not like regular adversary cases – receivers are charged with managing and protecting assets and not engaging in typical back and forth litigation activity. And, as pointed out by the receiver, the discovery requested by the Dunagan Intervenors is unnecessary because (i) their claims are of dubious worth given the forgiveness of their loans and (ii) their claims fall behind those of the government and the secured creditors. They have little chance to recover under any foreseeable circumstance.

At the moment, the Receiver is continuing to work on reaching a settlement agreement with the insurer and has not yet filed a motion to approve the amended settlement agreement. There are many moving parts of the potential agreement. The Dunagan Intervenors have not shown any need for detailed information about the possible settlement agreement. And the Court has already indicated that it will schedule new deadlines for filing objections and a hearing after the motion to

approve an amended settlement agreement is filed. Thus, the Dunagan Intervenors will have an opportunity to be heard on this matter. Because they have not shown any need to be informed or involved in the receiver's settlement negotiations with the third-party insurer, the Dunagan Intervenors are not entitled to discovery responses from the receiver.

To the extent that this order "clarifies" the Court's April 21, 2021 order, the Dunagan Intervenors' motion for clarification is GRANTED. ECF Doc. 713. However, the Court will not require the Receiver to respond to the Dunagan Intervenors' discovery requests regarding the Receiver's settlement negotiations with the insurer, which continue to unfold and which are not currently the subject of any pending motions.

IT IS SO ORDERED.

Dated: May 24, 2021

*s/Dan Aaron Polster*
JUDGE DAN AARON POLSTER


s/*Thomas M. Parker*
Thomas M. Parker
United States Magistrate Judge