UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> SOUTH UNIVERSITY OF OHIO, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | **Case No. 1:19-cv-00145** <br><br> Judge Dan Aaron Polster <br><br> Magistrate Judge Thomas M. Parker |

**RECEIVER'S FIRST AMENDED MOTION FOR ENTRY OF ORDER
(1) APPROVING GLOBAL SETTLEMENT AND COMPROMISE AMONG
RECEIVER AND ALL INSUREDS UNDER THE PORTFOLIOSELECT FOR
NON-PROFIT ORGANIZATIONS LIABILITY INSURANCE POLICY;
(2) APPROVING PAYMENT OF DEFENSE COSTS; AND
(3) BARRING AND PROHIBITING PARTIES FROM ASSERTING CERTAIN CLAIMS**

Mark E. Dottore, the duly appointed and acting receiver (the "**Receiver**") for the Receivership Entities,[1] by and through undersigned counsel, respectfully states as follows in support of this amended motion ("the **Amended Motion**"):

---

[1] The "**Receivership Entities**" include (i) South University of Ohio LLC; (ii) Dream Center Education Holdings, LLC; (iii) The DC Art Institute of Raleigh-Durham LLC; (iv) the DC Art Institute of Charlotte LLC; (v) DC Art Institute of Charleston, LLC; (vi) DC Art Institute of Washington LLC; (vii) The Art Institute of Tennessee - Nashville LLC; (viii) AiTN Restaurant LLC; (ix) The Art Institute of Colorado LLC; (x) DC Art Institute of Phoenix LLC; (xi) The Art Institute of Portland LLC; (xii) The Art Institute of Seattle LLC; (xiii) The Art Institute of Pittsburgh, DC LLC; (xiv) The Art Institute of Philadelphia, DC, LLC; (xv) DC Art Institute of Fort Lauderdale LLC; (xvi) The Illinois Institute of Art LLC; (xvii) The Art Institute of Michigan LLC; (xviii) The Illinois Institute of Art at Schaumberg LLC; (xix) DC Art Institute of Phoenix, LLC, and its direct subsidiaries (xx) the Art Institute of Las Vegas LLC; (xxi) the Art Institute of Indianapolis, LLC; (xxii) AiIN Restaurant LLC; (xxiii) Dream Center Argosy; (xxiv) University of California LLC, and its direct subsidiaries; (xxv) Argosy Education Group LLC; (xxvi) Dream Center Education Management LLC; and (xxvii) South University of Michigan LLC. *See* Order Appointing Receiver ("**Initial Receiver Order**") [ECF No. 8] at 3-4; *see also* Order Clarifying Order Appointing Receiver ("**Clarifying Receiver Order**") [ECF No. 14] at 1 (removing AU Student Funding, LLC as a "Receivership Entity"). All capitalized terms not initially defined in this Motion shall have the same meaning(s) as defined later in this Motion; and all capitalized terms not otherwise defined in this Motion, shall have the same meaning(s) as ascribed in the Settlement Agreement. In the event of any inconsistency between the terms of the Settlement Agreement and this Motion, the Settlement Agreement shall control.

## I.     RELIEF REQUESTED

1.     As was the case under the Receiver's Motion for Entry of Order (1) Approving Global Settlement and Compromise Among Receiver and All Insureds Under the PortfolioSelect for Non-Profit Organizations Liability Insurance Policy; (2) Approving Payment of Defense Costs; and (3) Barring and Prohibiting Parties from Asserting Certain Claims [Dkt. No. 674] (the "**Original Motion**"), the Receiver requests entry of an order, substantially in the form attached hereto as Exhibit A (the redlined version is attached as Exhibit B) (the "**Amended Settlement and Bar Order**"): (a) approving that certain Settlement Agreement ("**Settlement Agreement**"),[2] a copy of which is attached hereto as Exhibit C, entered into by and among the Parties;[3] (b) approving a Bar Order (as was attached to the original Motion and amended as described below) in favor of the Insureds and National Union Fire Insurance Company of Pittsburgh, Pa ("**Insurer**" or "**National Union**");[4] and (c) authorizing the Insurer to make the Settlement Payment and pay the Approved Payments (including Defense Costs) and, to the extent necessary, lifting the

---

[2] The Settlement Agreement remains the same as was attached to the Original Motion and is subject to the Insurer's review and approval, and may be amended or supplemented, as necessary, prior to the hearing on this Motion.

[3] The Parties to the Settlement Agreement are as follows: the RECEIVER, as the federal equity receiver, custodian and liquidator for the Receivership Entities; THE DREAM CENTER FOUNDATION, and its former and current officers, directors, employees and affiliates (collectively, "**DCF**"); BRENT RICHARDSON ("**B. Richardson**"); CHRISTOPHER RICHARDSON ("**C. Richardson**"); JOHN CROWLEY ("**Crowley**"); CHAD GARRETT ("**Garrett**"); MONICA CARSON ("**Carson**"); MELISSA ESBENSHADE ("**Esbenshade**"); SHELLEY GARDNER ("**Gardner**"); MICHAEL LACROSSE ("**Lacrosse**"); RANDALL BARTON ("**Barton**"); SHELLY MURPHY ("**Murphy**"); ROB PAUL ("**Paul**"); DEBBI LANNON-SMITH ("**Lannon-Smith**"); STACEY SWEENEY ("**Sweeney**"); PASTOR MATTHEW BARNETT ("**Barnett**"); TIMOTHY SLOTTOW ("**Slottow**"); RUFUS GLASPER ("**Glasper**"); JACK DEBARTOLO ("**DeBartolo**"); CYNTHIA BAUM ("**Baum**"); and JAMES TERRELL ("**Terrell**"). B. Richardson, C. Richardson, Crowley, Garrett, Carson, Esbenshade, Gardner, Lacrosse, Barton, Murphy, Paul, Lannon-Smith, Sweeney, Barnett, Slottow, Glasper, DeBartolo, Baum and Terrell are referred to herein collectively as the "**Ds&Os**," and together with DCF and any and all other persons who are an "Insured" as defined in either of the Policies (including, with respect to the defined Primary Policy, the Receivership Entities and any non-Receivership Entities covered under the Primary Policy including without limitation DCF), the "**Insureds**." The Receiver, the Ds&Os, and DCF are collectively referred to herein as the "**Parties**" or singularly as a "**Party**."

[4] All references to the Insurer include National Union Fire Insurance Company of Pittsburgh, Pa and AIG Claims, Inc., on behalf of themselves and their respective predecessors, successors-in-interest, assigns, subrogees, and persons acting by or through any of the foregoing.

stay imposed by this Court's prior Orders [ECF Nos. 8 and 150], as may be amended, modified, or supplemented.

## II. BACKGROUND

### A. Receivership

2. On January 8, 2019, Digital Media Solutions, LLC ("**Digital Media**") filed a receivership Complaint against South University of Ohio, LLC, a/k/a DC South University of Ohio, LLC, d/b/a South University, DCEH, and Argosy Education Group, LLC, in the United States District Court, Northern District of Ohio ("**Court**"), thereby initiating the above-styled receivership case ("**Receivership**," "**Receivership Estate**," or "**Receivership Case**").

3. On January 18, 2019, the Court entered the Initial Receiver Order [ECF No. 8], as clarified [ECF No. 14] and amended [ECF No. 150], appointing Mark E. Dottore as the Receiver of the Receivership Entities.

4. The Receivership remains open, including the stay orders issued therein, in order to allow the Receiver to close certain open issues, including among other matters, the Receiver's Alleged Claims (defined below) against the Insureds.

### B. The Original Motion

5. On February 18, 2021, the Receiver filed the Original Motion; it was served on interested persons consistent with this Court's Order granting Motion for an Order Approving Form and Manner of Notice Regarding the Receiver's [Original Motion] [Dkt. No. 676]. The Original Motion is incorporated into this Amended Motion as if fully rewritten herein, and the representations made in the Original Motion shall be made in this Amended Motion unless modified or superseded by the specific representations, terms and conditions contained in this Amended Motion.

6. Various parties filed formal objections to the Original Motion and several parties expressed private reservations. The parties who have raised issues regarding the to the Original Motion are as follows:

   a. The Chapter 7 Trustee of Education Management Corporation and related entities the "**Trustee Issues**");

   b. The United States of America, including the United States Department of Education and the United States Department of Labor (the "**U.S. Issues**");

   c. Four students known to the Court as the "Dunagan Intervenors":

      i. Emmanuel Dunagan, who attended the Illinois Institute of Art, LLC-Chicago campus from 2014 through December 2018;

      ii. Jessica Muscari, who attended the Illinois Institute of Art, LLC-Chicago campus from 2015 through December 2018;

      iii. Robert J. Infusino, who attended the Illinois Institute of Art-Schaumburg LLC from 2015 until he withdrew in September, 2018;

      iv. Stephanie Porreca, who attended Art Institute of Illinois Institute of Art-Schaumburg LLC from 2014 until she graduated in June, 2018.

   d. Students who did not object to the fairness of the settlement but did object to the bar order, and sought to preserve their claims against the Receivership Estate (if any) (collectively the "**Inland Campus Claimants**"):

      i. Victoria Rice, whose claims were against the predecessor institution, Education Management Corporation and related entities ("**EDMC**")

      ii. Cherisse Hunter-Southern, whose claims were against EDMC.

      iii. Tito Thomas, whose claims were for harassment arose out of an incident on June 21, 2016, when EDMC operated the school.

      iv. Tiar Duke, who does not state the nature of the claim, but who attended EDMC operated colleges from May, 2014 through August, 2017. Mr. Duke took his last 3 credit hours during the semester that commenced August 31, 2017, at the school operated by EDMC, and finished the semester at Argosy University Inland Empire, then operated by DCEH. He received his degree on January 19, 2018 from Argosy University while it was operated by DCEH and prior to the commencement of the Receivership.

      v. Earma Washington attended EDMC campuses from January 2009 through December, 2017.

      vi. Megan Castillo attended EDMC campuses until August 23, 2018.

e. Employees who worked for Save AI Las Vegas, the entity that sought to purchase the Arts Institute of Las Vegas (the "**Save AI Employees**"). The Save AI Employees did not object to the settlement or the bar order but rather made an informal claim for their earnings.

      i. Kristin Albert

      ii. Kenneth J. Cioe

      iii. William J. Ramsey

      iv. Bridgette Davidson

      v. Michael McShea

      vi. Loretta Hernandez

       vii.   Michael Brown

7. The Amended Motion was filed to address, to the extent possible, the claims and issues that arose after the filing of the Original Motion through objection or otherwise. The Receiver has resolved the Trustee Issues (subject to approval of the Delaware Bankruptcy Court), and addressed the U.S. Issues. Consistent with the terms of the Amended Settlement and Bar Order, the Dunagan Intervenors, the Inland Campus Claimants and the Save AI Employees all shall have the right to assert their claims against the Receivership Entities and the Receivership Estate and further participate in any claims process.

8. The purpose of the Amended Motion is to present the Amended Settlement and Bar Order to this Court and to interested persons and request that the Court approve it consistent with the terms and conditions of this Amended Motion.

**C.**    **The Amendments Incorporated into the Amended Settlement and Bar Order.**

9. The Receiver has incorporated the following language into Para. 8(c):

> (iv) impair the ability of the Barred Persons to assert claims against Education Management II LLC or its current or former affiliates or subsidiaries or any of their respective current or former directors or officers and any applicable insurance; nor, (v) impair the ability of Barred Persons who have not released the Receivership Estates pursuant to the terms of this Settlement Agreement or otherwise to take such actions as are necessary to assert their claims against the Receivership Entities or their respective estates.

The purpose of the language was to ensure that all creditors with unreleased claims of any nature against EDMC and/or the Receivership Entities would be able to prosecute their claims within EDMC's bankruptcy estate or in the Receivership Estate and seek ordinary administration of those claims. Ordinary administration of the creditor claims within the EDMC bankruptcy estate or the Receivership Estate includes but is not limited to allowance or disallowance of the claim and the assignment of proper priority among the estate's various classes of creditors.

10. The Receiver has added Para. 8(d) as follows:

>Notwithstanding anything herein to the contrary, the Barred Claims shall not include, and expressly exclude, any and all claims that (i) the Receiver and Receivership Entities, (ii) the chapter 7 bankruptcy estates of The Art Institute of Philadelphia, LLC, et al. [1] (collectively, the "Education Management Debtors"), and (iii) George L. Miller, the chapter 7 trustee (the "Trustee") of the Education Management Debtors, had, have or may have, whether asserted or not, against one another, that arose from or are related to: (i) that certain Asset Purchase Agreement, as amended (the "DCEH Purchase Agreement") by and among the Education Management Debtors and Dream Center Foundation, a not for profit entity, Dream Center Education Holdings, LLC, and certain of its newly formed subsidiaries (collectively, the "DCEH Buyers"), and (ii) any and all claims, counterclaims or defenses, whether in equity or under law, regarding any and all proofs of claim filed by the Receiver or Receivership entities (the the "DCEH Claims") in the bankruptcy cases of the Education Management Debtors. For the avoidance of doubt: (a) the Barred Claims prohibit (i) the Education Management Debtors, their current and former officers and directors, and the Trustee from bringing any claims against the Ds&Os and DCF; and, (ii) the Receiver, the Receivership Entities, the Education Management Debtors and the Trustee from bringing any claims against the Policies; and, (b) the Barred Claims shall not include, and expressly exclude, and shall not impair or preclude, any and all claims the Education Management Debtors or Trustee have asserted in Adversary Proceeding No. 20-50627 (LSS) pending in the United States Bankruptcy Court for the District of Delaware.

This paragraph was added to address the concerns of George Miller, Trustee (the "**Trustee**") in the EDMC Chapter 7 bankruptcy cases (the "**Chapter 7 Cases**", which were filed on June 29, 2018, in the United States Bankruptcy Court for the District of Delaware and are currently jointly administered). The Trustee filed an Objection [Dkt No. 694] (the "**Trustee's Objection**"). In addition to the insertion of the language above into the Amended Settlement and Bar Order, the Trustee and the Dream Center Foundation, a non-receivership entity (the "**Foundation**"), have agreed to mutually release one another. To resolve the Trustee's Objection, the following preconditions to the entry of the Proposed Amended Settlement and Bar Order must be met: (i) the Delaware Bankruptcy Court's approval of the settlement agreement and mutual releases between the Trustee and the Foundation; (ii) the Foundation's withdrawal of the claim it filed in the EDMC Chapter 7 Cases.

  11. The Receiver has added Para. 8(e) as follows:

> Nothing contained in this Order (and no action taken by any party in this case) shall require, stay or otherwise constrain any action or proceeding by any federal government unit (as that term is defined in 11 U.S.C. 101(27)). Furthermore, nothing in this Order shall preclude the United States from arguing at any time that any provision in this Order is void or inapplicable to the United States.

This paragraph, which is also included in the Amended Order Appointing Receiver [Dkt. No. 150] as Para. 13, was added to ensure that the United States' right of sovereign immunity is preserved.

12. The final amendment to the Original Motion is that the Receiver obtain Court approval for a plan (the "**Medical Claim Payment Plan**") to pay the pre- and post-receiver employee medical claims (the "**Medical Payments**") in form as is attached hereto as <u>Exhibit D</u>. The Medical Claim Payment Plan was developed with the cooperation, input and approval of the United States Department of Labor (the "**DOL**") and the secured lender and is made possible by virtue of a "carve out" from the collateral of the secured lender. The Medical Claim Payment Plan envisions that the Receivership Estate will pay over 6,000 medical claims on behalf of thousands of employees who were participants in DCEH's self-funded medical plan and who were left "on their own" to pay medical claims they thought were covered under their insolvent medical plan. The Court's simultaneous approval of the (i) Amended Settlement and Bar Order and (ii) Medical Claim Payment Plan is a pre-condition for implementation of the Settlement Agreement and the Amended Settlement and Bar Order.

### III.  NOTICE

13. Notice of this Amended Motion will be provided to the (i) ECF filing list; (ii) to all those who filed objections, comments or responses to the Original Motion; (iii) to the United States Department of Justice, and DOL; (v) to parties and persons who have expressed a new potential claim or interest in the receivership proceedings after the filing of the Original Motion. Parties who received notice of the Original Motion by service of a copy or by newspaper publication in

the *USA Today* and who did not object to the Original Motion will not receive further notice by newspaper publication or otherwise.

## IV. CONCLUSION

14. For the reasons stated above, the Receiver respectfully submits that the Amended Settlement and Bar Order together with the Medical Claims Payment Plan meets the applicable legal standards for approval contained in the Original Motion, is in the best interest of the Receivership Estate and its creditors and represents the exercise of the Receiver's sound and prudent business judgment. Moreover, subject to the Court's approval, the Settlement will avoid lengthy, burdensome, and expensive litigation, and bring substantial cash to this Estate.

**WHEREFORE**, the Receiver respectfully requests that this Court (a) grant this Amended Motion; (b) approve the terms of the Settlement Agreement in form as is attached as Exhibit C, (c) enter the Amended Settlement and Bar Order, in substantially the form attached hereto as Exhibit A simultaneously with the Medical Claims Payment Plan with the Proposed Order in form as is attached as Exhibit E, and (d) and approve and grant such other and further relief as the Court deems appropriate.

RESPECFULLY SUBMITTED this 18th day of June, 2021.

                                  */s/ Mary K. Whitmer*
                                  Mary K. Whitmer (0018213)
                                  James W. Ehrman (0011006)
                                  Robert M. Stefancin (0047184)
                                  WHITMER & EHRMAN LLC
                                  2344 Canal Road, Suite 401
                                  Cleveland, Ohio 44113-2535
                                  Telephone: (216) 771-5056
                                  Telecopier: (216) 771-2450
                                  Email: mkw@WEadvocate.net
                                                     jwe@WEadvocate.net
                                                     rms@WEadvocate.net

                                  *Counsel for Mark E. Dottore, Receiver*