## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DIGITAL MEDIA SOLUTIONS, LLC,** | ) | CASE NO. 1:19-cv-00145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| **SOUTHERN UNIVERSITY OF OHIO,** | ) | |
| **LLC**, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

### AGREED ORDER CONCERNING THE COMMUTATIUON AND RELEASE OF CERTAIN WORKERS COMPENSATION INSURANCE POLICIES ISSUED BY THE HARTFORD TO THE RECIEVERSHIP ENTITIES, AND OTHER RELATED RELIEF

Upon consideration of the agreement of (i) Mark E. Dottore, as the duly appointed receiver in this case (the "Receiver") pursuant to that certain *Order Appointing Receiver* dated January 18, 2019 [ECF Doc. 8] (as amended by ECF Doc. 150, the "Receivership Order"), (ii) Defendant Dream Center Education Holdings, LLC ("DCEH") and the other related entities referenced in the Receivership Order (together with DCEH, the "Receivership Entities") and (iii) Intervenor, Hartford Fire Insurance Company ("The Hartford"), as evidenced by the signatures of their respective undersigned attorneys, the Court finds and orders as follows:

A.      At the request of DCEH, The Hartford issued the following workers compensation insurance policies for DCEH and the other Receivership Entities subject to, *inter alia*, a $250,000 per claim deductible:  (i) Policy No. 40 WN S59300 for the periods of 10/17/2017 to 10/17/2018 and 10/17/2018 to 10/17/2019, and (ii) Policy No. 40 WBR S59301 for the periods of 10/17/2017 to 10/17/2018 and 10/17/2018 to 10/17/2019 (collectively, the "WC Policies").

B.      Pursuant to that certain Insurance Program Agreement by and between DCEH and The Hartford (the "Insurance Program Agreement"), and that certain Trust Participation Agreement by and between DCEH, The Hartford and U.S. Bank, N.A. (the "Trust Agreement"), and in accordance with Sections 9-104 and 9-314 of the Uniform Commercial Code, The Hartford maintains an equitable ownership interest and a valid, perfected first priority secured interest in and to certain funds maintained in a trust account at U.S. Bank, N.A., account no. 235923000 (the "Trust Account"), to secure the obligations of DCEH for, *inter alia*, the premiums, deductibles, claim fees and other charges owed under the WC Policies.

C.      In addition, The Hartford also holds as security under the Insurance Program Agreement a Loss Deposit of $30,732.00 (the "Loss Deposit").

D.      On March 20, 2019, The Hartford filed its motion to intervene in the Receivership Case.  [ECF Doc. 191].  On March 21, 2019, the Court entered an order on the docket granting The Hartford's motion to intervene.  On that same day, the Court entered a further order directing the Receiver to meet and confer with The Hartford over a seven-day period to reach an agreement on the claims and issues raised by The Hartford in its motion to intervene concerning, amongst others, the WC Policies and related agreements.  [ECF Doc. 196].

E.      The Hartford and the Receiver filed Joint Interim Reports with the Court on April 2, 2019 [ECF Doc. 221] and April 9, 2019 [ECF Doc. 243], concerning the status of their discussions about a proposed resolution for certain past due obligations owed under the WC Policies.

F.      The Receiver determined in his business judgment that continued coverage under the WC Policies was needed and required by the applicable law for certain of the Receivership Entities, and thus entered into an Agreement with The Hartford pursuant to which the WC Policies, as modified, were assumed and reaffirmed by DCEH and the other Receivership Entities, as

memorialized and authorized by that certain Amended Agreed Order entered by the Court on April 30, 2019 [ECF Doc. 288].

G.      The Receiver and The Hartford have now agreed to extinguish and release any further obligations of DCEH and the other Receivership Entities under the WC Policies, the Insurance Program Agreement and the Trust Agreement in accordance with the terms and provisions of that certain Commutation and Release Agreement annexed hereto as **Exhibit A** (the "Commutation Agreement").

H.      The Commutation Agreement falls within the reasonable business judgment of the Receiver and will result in significant benefits to the Receivership Entities, including, without limitation, the release of any further obligations to pay deductibles under the WC Policies and the return to DCEH of $220,057.86 in cash collateral from the Trust Account, as more further detailed in the Commutation Agreement.

I.      In view of the above facts, the Receiver (on behalf of DCEH and the other Receivership Entities), DCEH and The Hartford have agreed to the relief set forth below, so that The Hartford and DCEH may enter into and perform under the Commutation Agreement. Accordingly, it is hereby

ORDERED that:

1.      Pursuant to the authority granted to the Receiver in paragraphs 2(c) and 2(q) of the Receivership Order, and as further provided for herein, the Commutation Agreement annexed hereto as Exhibit A be and hereby is found and determined to be fair, reasonable and in the best interests of the Receivership Entities and their creditors, and thus constitutes a reasonable exercise of the Receiver's business judgment.

2.      Pursuant to the authority granted to the Receiver in Paragraph 22 of the Receivership Order, and as further provided for herein and in the Commutation Agreement, The

Hartford is hereby authorized to immediately pay to itself the Settlement Amount of $62,550.00 as follows:  (a) $30,732.00 from the Loss Deposit, and (b) $31,818.00 from the Trust Account. Further, The Hartford is hereby authorized to pay the Remainder of the Trust Account to the Receiver in an amount not less than $220,057.86.

3.      U.S. Bank, N.A., as Trustee of the Trust Account is hereby authorized and directed to comply with the terms of this Agreed Order and the Commutation Agreement concerning the agreed upon payments from the Trust Account to the Receiver and The Hartford.

4.      All injunctive provisions and stays contained in the Receivership Order (including, without limitation, those set forth in paragraphs 9, 10 and 14, and in any future amendments or additions thereto) be and hereby are vacated and terminated as to The Hartford and U.S. Bank, N.A., with respect to the matters set forth herein concerning the Commutation Agreement, the WC Policies, the Insurance Program Agreement, the Trust Agreement and the Trust Account.

5.      The Receiver is hereby authorized and directed to perform all acts and execute and deliver all documents reasonably requested by The Hartford that are necessary to effectuate the terms and provisions of this Agreed Order and the Commutation Agreement.

6.      Nothing contained in this Agreed Order shall be deemed to waive, release, modify or impair any rights, claims, defenses or remedies of The Hartford with respect to any matters that are not expressly the subject of this Agreed Order, or with respect to any persons or entities who are not expressly named as a party to this Agreed Order.

Dated:  ___July 1_____, 2022

_____
UNITED STATES DISTRICT JUDGE

269717282v.1

Agreed to and submitted by:

/s/ Mark G. Ledwin
MARK G. LEDWIN (Admitted Pro Hac Vice)
mark.ledwin@wilsonelser.com
WILSON ELSER MOSKOWITZ
 EDELMAN& DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604
914-872-7148 (phone)

*Counsel for Hartford Fire Insurance Company*


/s/ Charles A. Nemer
Charles A. Nemer (0009261)
MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
can@mccarthylebit.com

*Counsel for Dream Center Education Holdings, LLC*
*and Special Counsel for the Receiver*


/s/ James W. Ehrman
MARY K. WHITMER (0018213)
mkw@weadvocate.net
JAMES W. EHRMAN (0011006)
jwe@weadvocate.net
WHITMER & EHRMAN LLC
2344 Canal Road, Suite 401
Cleveland, Ohio 44113
Telephone: (216) 771-5056
Facsimile: (216) 771-2450

*Counsel for Mark E. Dottore, the Receiver for*
*(among other entities) Dream Center Education Holdings, LLC*