# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC, | ) | CASE NO. 1:19-cv-145 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOUTH UNIVERSITY OF OHIO, | ) | |
| LLC, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECEIVER'S MOTION TO APPROVE DCEH LITIGATION TRUST AND AUTHORIZE HIM TO RETAIN COUNSEL ON A CONTINGENT FEE BASIS

As this Court is well aware, Mark Dottore, as Receiver for the Dream Center Education Holdings enterprise ("DCEH"), has either wound down or transferred all of the school campuses within the Receivership Estate.  While there are no ongoing school operations, there are still assets to be marshalled for the benefit of the Receivership Estate's creditors.  The vast majority of those assets are comprised of the Receiver's breach of fiduciary duty and negligence claims against the former officers and directors of DCEH and its subsidiaries.  While the Receiver is working to negotiate a settlement of those claims with DCEH's primary insurer, there are layers of excess insurance coverage against which the Receiver is also making claims.  He cannot, however, resolve the outstanding claims before the statutes of limitations expire.  He must therefore file suit in order to preserve the claims and maximize the value of the estate.

While the majority of the claims are those against the former directors and officers, there are other outstanding issues to be resolved.  For example, he is also in negotiations

{01958274-2}

with Aetna regarding monies Aetna is holding, which the Receiver contends belong to the estate.  There are other smaller issues outstanding, all of which will take some time to resolve.

In an effort to minimize the burden on this Court, and remove this matter from the active docket, the Receiver proposes that he transfer all claims to a litigation trust.  He would serve as trustee and prosecute, settle, or dismiss those claims as appropriate without the need to continue to draw this Court's resources in the oversight of the minutia of the various claims.  This matter could then move to the Court's inactive docket.

Given the limited resources of the Receivership Estate, the Receiver seeks the Court's permission for the Trust to retain legal counsel on a contingent fee basis, with said fee not to exceed 33 1/3% of any gross funds recovered on the Trust's behalf.  The Receiver has already identified and retained such counsel and they would merely transfer their representation from the Receivership to the Trust.

The Receiver therefore requests that the Court's order include terms as to how funds recovered from litigation are to be distributed.  The Receiver suggests the following:

      i.      Upon any recovery, after payment of fees and expenses, the eligible Beneficiaries meet and attempt to resolve any dispute regarding the distribution of funds;

      ii.      If the Beneficiaries cannot resolve the dispute, the Trustee shall attempt to negotiate a resolution through non-binding mediation;

      iii.      If mediation fails, the Court shall maintain jurisdiction to determine the priority of claims and make an equitable distribution of funds or the Court shall order the Trustee to file a declaratory judgment action in the United States District Court for the Northern District of Ohio requesting the Court determine the priority of claims and issue an order distributing the funds consistent with same.

A copy of the proposed Trust and Bill of Assignment, is attached for the Court's review.

WHEREFORE, Mark E. Dottore, as Receiver for DCEH and its subsidiaries, moves this Court for an Order:

1. Approving the DCEH Litigation Trust attached as Exhibit A;

2. Authorizing him to transfer to the DCEH Litigation Trust the claims identified in the exhibit to the Trust; and,

3. Authorizing him to retain legal counsel to represent the Trust immediately and without delay, on a contingent fee basis, to file and begin prosecution of claims against DCEH's former officers and directors.

Since the litigation against DCEH's former officers and directors must be commenced on or before December 31, 2023, the Receiver requests an expedited ruling on the third issue: his ability to retain legal counsel to represent the Trust immediately and without delay on a contingent fee basis.

The Receiver therefore proposes the following schedule to address the within motion:

| | |
|---|---|
| December 4, 2023: | Deadline to file objections to the within Motion |
| December 11, 2023: | Deadline to file reply briefs in support of the within Motion; and, |
| December 15, 2023: | Hearing on the within Motion and objections thereto (if necessary). |

Dated: November 20, 2023             Respectfully submitted,

*/s/* Hugh D. Berkson
Robert T. Glickman (0059579)
Charles A. Nemer (0009261)
Hugh D. Berkson (0063997)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
1111 Superior Avenue E., Suite 2700
Cleveland, Ohio 44114
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
can@mccarthylebit.com
hdb@mccarthylebit.com

*Special Counsel for the Receiver*

## CERTIFICATE OF SERVICE

The foregoing was electronically filed this 20th of November, 2023.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/* Hugh D. Berkson
Hugh D. Berkson (0063997)