## DCEH INSURANCE LITIGATION TRUST AGREEMENT

This Insurance Litigation Trust Agreement (the "Agreement"), dated as of December __, 2023, and effective as of the later of the date on which all parties to this Agreement have executed this Agreement ("Effective Date"), is entered into by and among the entities listed on Exhibit A attached hereto (the "Debtors" or the "Settlors") and MARK E. DOTTORE (the "Trustee").

## RECITALS

WHEREAS, on January 18, 2019, Digital Media Solutions, LLC filed a complaint in the United States District Court for the Northern District of Ohio, Eastern Division (the "Court"), Case Number 1:19-cv-00145-DAP (the "Receivership Case"), asserting that defendants, South University of Ohio and Dream Center Educational Holdings LLC, are indebted to the plaintiff for a sum in excess of two hundred fifty thousand dollars ($250,000), and indebted to other secured, trade, and unsecured creditors for a sum in excess of one hundred million dollars ($100,000,000); and

WHEREAS, on January 18, 2019, the Court issued an order appointing MARK E. DOTTORE as receiver for the Debtors ("Receiver"), to take possession and control of all of the real and personal property arising out of, or pertaining to the Debtors, including but not limited to, any and all cash and cash deposits, receivables and accounts receivable, obligations or commitments owed by any person or entity, including the United States Department of Education, equipment, furniture, fixtures, and deposit accounts held by third parties, the general intangibles, any real property, any and all tax attributes, and all other assets of whatever kind or nature belonging to the Debtors; and

WHEREAS, MARK E. DOTTORE, as Receiver, has administered the receivership and liquidated or otherwise disposed of the majority of the assets of the receivership; and

WHEREAS, of the various assets of the receivership, only a few assets remain in the form of litigation and other claims held by the Debtors (the "DCEH Claims") against various third parties; and

WHEREAS, included in the DCEH Claims are the Debtors' claims against THE DREAM CENTER FOUNDATION, and its former and current officers, directors, employees and affiliates (collectively, "DCF"); BRENT RICHARDSON ("B. Richardson"); CHRISTOPHER RICHARDSON ("C. Richardson"); JOHN CROWLEY ("Crowley"); CHAD GARRETT ("Garrett"); MONICA CARSON ("Carson"); MELISSA ESBENSHADE ("Esbenshade"); SHELLEY GARDNER ("Gardner"); MICHAEL LACROSSE ("Lacrosse"); RANDALL BARTON ("Barton"); SHELLY MURPHY ("Murphy"); ROB PAUL ("Paul"); DEBBI LANNON-SMITH ("Lannon-Smith"); STACEY SWEENEY ("Sweeney"); PASTOR MATTHEW BARNETT ("Barnett"); TIMOTHY SLOTTOW ("Slottow"); RUFUS GLASPER ("Glasper"); JACK DEBARTOLO ("DeBartolo"); CYNTHIA BAUM ("Baum"); and JAMES TERRELL ("Terrell"). B. Richardson, C. Richardson, Crowley, Garrett, Carson, Esbenshade, Gardner, Lacrosse, Barton, Murphy, Paul, Lannon-Smith, Sweeney, Barnett, Slottow, Glasper, DeBartolo, Baum and Terrell are referred to herein collectively as the "Ds&Os," and together with

{01959576-1}

1

DCF and any and all other persons who are an "Insured" as defined in either of the Policies. The Debtors' Claims against the Insureds shall hereinafter be referred to as the "Insurance Claims;" and

WHEREAS, the Receiver alleges that the Insurance Claims are covered by policies of insurance, to wit: National Union Fire Insurance Company of Pittsburgh Policy Nos. 02-420-25-70 and 02-420-25-71, Everest National Insurance Policy No. SC5EX00110-171, Starr Indemnity & Liability Co. Policy No. 1000620558171, Landmark American Insurance Company Policy No. HS674187, and Ironshore Indemnity Inc. Policy No. 003319600 (the "Policies"); and

WHEREAS, in order to provide for an equitable distribution of any proceeds that are derived from the Policies (the "Policy Proceeds") pursuant to a settlement or litigation by the Receiver on behalf of the Beneficiaries and end the race to the proceeds of the Policies that is resulting from competing claims against the Policies, the Court now desires to institute this Trust; and

WHEREAS, the purpose of this Agreement is to establish a trust (the "Trust") to hold the Insurance Claims of the Debtors and to allow MARK E. DOTTORE, in his capacity as Trustee of the Trust, to fully manage and prosecute the Insurance Claims on behalf of the Beneficiaries; and

WHEREAS, in the event that there is a monetary recovery resulting from the prosecution of the Insurance Claims, such amounts will be held in trust and distributed as set forth herein; and

WHEREAS, the Receiver hereby transfers, assigns, and delivers to the Trust, without recourse, all of the Debtors' respective rights, title, and interests in the prosecution of the Insurance Claims; and

WHEREAS, the Trust, on behalf of the Receiver, owes certain funds to certain parties, as outlined below, with the Trust serving as a pass-through to ensure said sums are paid; and

WHEREAS, the Receiver contemplates the substantial likelihood that another trust will be later created, to be titled the "DCEH Liquidation Trust," the purpose of which will be to prosecute other claims maintained by the Receiver against other parties, and to distribute the funds generated thereupon, or which are transferred therein from the within Trust, as described below;

NOW, THEREFORE, for good and valuable consideration, it is hereby agreed as follows:

## Section I
## AGREEMENT OF TRUST

**1.1.** **Creation and Name.** The Debtors through the Receiver, as Settlors, hereby create the DCEH Insurance Litigation Trust ("Trust"). The Trustee may transact the business and affairs of the Trust in the name of the Trust.

**1.2.** **Purpose.** The purpose of the Trust is to assume the Debtors' Insurance Claims, prosecute, compromise, dismiss, and otherwise resolve the Insurance Claims, and to use the

{01959576-1}

proceeds or recoveries from such Insurance Claims to pay the Beneficiaries in accordance with the terms of this Trust.

**1.3.** **Transfer of Assets.** Upon the Effective Date, the Debtors, through the Receiver, will transfer, issue, or assign as appropriate and deliver to the Trustee all of their rights, title, and interests in and to (a) all prosecution of Insurance Claims, identified on that certain Assignment of Insurance Claims by and among the Debtors and the Trustee, dated as of the date hereof, attached as Exhibit [B] hereto, and (b) the Policies and Policy Proceeds (collectively, the "Trust Assets"). The transfer of the Trust Assets is made by the Debtors for the sole benefit of the Beneficiaries. Upon the transfer of the Trust Assets to the Trust, the Trust shall succeed to all of the Debtors' rights, title, and interests in and to the Insurance Claims and no other person has any interest, legal, beneficial or otherwise, in the Insurance Claims as of their transfer and assignment to the Trust. For the avoidance of doubt, the Trust Assets include, but are not limited to, the insurance proceeds available under the Policies.

**1.4.** **Acceptance of Assets and Assumption of Liabilities.**

(a)      In furtherance of the purposes of the Trust, the Trustee, on behalf of the Trust, expressly accepts the transfer and assignment to the Trust of the Insurance Claims.

(b)      In furtherance of the purposes of the Trust, the Trustee, on behalf of the Trust expressly assumes liability for all Insurance Claims and the Specified Receivership Expenses (as defined below). The Trust shall have all defenses, cross-claims, offsets, and recoupments, as well as rights of indemnification, contribution, subrogation, and similar rights, regarding such claims that the Debtors had, have or would have had under applicable law or under any agreement related thereto.

**1.5** **Beneficiaries**

The Beneficiaries of this Agreement are as follows: The Debtors (or a liquidating trust to be established by further order of the Court, as successor in interest to the Debtors (such trust, the "Liquidating Trust") (collectively, the "Debtor Beneficiaries")).

**Section II**

**POWERS AND TRUST ADMINISTRATION**

**2.1.** **Powers.**

(a)      The Trustee is and shall act as the fiduciary to the Trust in accordance with the provisions of this Agreement and shall have the power, on behalf of the Trust, to exercise all rights and fulfill all obligations of the Trust hereunder. The Trustee shall, at all times, administer the Trust and Insurance Claims in accordance with the purpose set forth in Section 1.2, above. Subject to the limitations set forth in this Agreement, the Trustee shall have the power to take any and all actions that, in the judgment of the Trustee, are necessary or proper to fulfill the purposes of the Trust, including, without limitation,

each power expressly granted in this <u>Section 2.1</u>, any power reasonably incidental thereto, and any trust power now or hereafter permitted under the laws of the State of Ohio.

(b)     Except as required by applicable law or otherwise specified herein, the Trustee need not obtain the order or approval of the Court in the exercise of any power or discretion conferred on the Trustee hereunder.

(c)     Without limiting the generality of <u>Section 2.1(a)</u>, above, and except as limited below, the Trustee shall have the power to:

(i)     receive and hold legal title to the Insurance Claims;

(ii)     prosecute, compromise, dismiss, or otherwise resolve the Insurance Claims at the reasonable discretion of the Trustee including, but not limited to, retaining counsel to prosecute actions with a reasonable contingency fee agreement;

(iii)     invest the monies held from time to time by the Trust for the benefit of the Beneficiaries;

(iv)     pay Trust expenses and obligations, including but not limited to (but, in all cases, subject to the other provisions of this Agreement):

(A)     reasonable compensation to employees, and legal, financial, accounting, investment, auditing, forecasting, and others hired or retained by the Trust, including, without limitation, any such persons hired or retained in connection with the litigation activities of the Trust;

(B)     compensation of the Trustee as set forth herein, and reimbursement of the Trustee for all reasonable out-of-pocket costs and expenses actually incurred by the Trustee in connection with the performance of his duties hereunder;

(C)     obligations of Mark E. Dottore, as receiver, including the allowed fees and expenses of his attorneys, accountants and other professionals, as described in Section 3.2 *infra*; and

(D)     the medical claims (the "<u>Medical Claims</u>") that are required to be paid in accordance with the terms and conditions of applicable orders of the Court.

(v)     establish such reserves and accounts, including but not limited to reserves for the Trust expenses, deemed by the Trustee to be useful in carrying out the purposes of the Trust;

(vi)    participate, as a party or otherwise, in any judicial, administrative, arbitrative, or other proceeding;

(vii)    establish, supervise, and administer the Trust in accordance with this Agreement;

(viii)    appoint such officers and hire employees, and engage legal, financial, accounting, investing, auditing, forecasting, and other consultants and agents as the business of the Trust may require, with the understanding that litigation legal counsel may be retained on a contingent fee basis, with said fees for all counsel, in the aggregate, not to exceed 33 1/3% of any gross recoveries had; and to delegate to such person power and authority as the fiduciary duties of the Trustee permit and the Trustee, in his reasonable discretion, deems advisable or necessary to carry out the purposes of the Trust in accordance with this Agreement;

(ix)    execute and deliver such instruments as the Trustee considers proper in administering the Trust;

(x)    enter into such other arrangement with third parties as are deemed by the Trustee to be useful in carrying out the purposes of the Trust, provided such arrangements do not conflict with any other provision of this Agreement;

(xi)    defend and indemnify, and, if appropriate, purchase customary insurance indemnifying (a) the Trustee, and (b) the officers and employees of, and legal, financial, accounting, investing, auditing, forecasting, and other advisors or consultants hired or retained by the Trust (the "Additional Indemnities"), to the fullest extent that a corporation or trust organized under the law of the State of Ohio is from time to time entitled to indemnify and/or insure its directors, officers, employees, agents, advisors, and representatives;

(xii)    make, pursue (by litigation or otherwise), collect, compromise or settle, in the name of the Trust, any Claim before any court of competent jurisdiction and/or arbitration forum, in the reasonable discretion of the Trustee;

(xiii)    process and resolve, as appropriate, the Insurance Claims as provided in this Agreement; and

(xiv)    make arrangements for fair and reasonable funding and/or financing on behalf of the Trust in order to pay any Trust expenses specified herein; provided, that the Trustee shall provide at least 10 business

days' notice to the Notice Parties (as defined herein) prior to obtaining any such funding or financing.

(d)     The Trustee shall not have the power to cause the Trust to guarantee debt of any other entity.

(e)     Notwithstanding anything to the contrary herein, the aggregate amount of fees, contingency fees, legal fees, professional fees, costs, overhead, and any other obligations or expenses of any kind that are actually paid under or in connection with this Agreement (but excluding the Specified Receivership Expenses) shall not exceed 50% of the gross recoveries obtained by the Trust on account of the Insurance Claims without either:  (i) consent of U.S. Bank, National Association, as administrative agent and collateral agent under the loan documents governing the Debtors' funded secured indebtedness (in such capacity, the "Collateral Agent") and the U.S. Department of Education, or (ii) further order of the Court on motion with a minimum of 10 business days' notice to counsel of record for the Collateral Agent, that certain Delaware grantor trust known as "Education Creditor Trust" established pursuant to a trust agreement dated as of January 9, 2020 that holds a majority of the Debtors' funded secured indebtedness ("Education Creditor Trust"), and the U.S. Department of Education.

## 2.2.   General Administration.

(a)     The Trustee shall act in accordance with this Agreement.

(b)     The Trustee shall: (i) timely file such income tax and other returns and statements required to be filed by the Trust and shall timely pay all taxes required to be paid by the Trust; and (ii) comply with all withholding obligations, as required under the applicable provisions of the Internal Revenue Code and of any state law and any regulations promulgated thereunder.

## Section III

## DISTRIBUTIONS

**3.1   Notice to Beneficiaries**.  Notice of the Web Posting (as defined below) shall be delivered by U.S. Mail to all filers on the ECF docket for the Receivership Suit, Northern District of Ohio case number 1:19-cv-00145-DAP, as well as the state taxing authorities and other parties identified on Exhibit C hereto. Within three months of the establishment of this Trust, the Trustee shall make available for review a copy of this Trust Agreement on his website: https://www.dottoreco.com/dream-center-education-holdings      (the      "Web      Posting"). Notwithstanding anything to the contrary herein, the Trustee shall provide at least 10 business days' notice to the U.S. Department of Education, the U.S. Department of Labor, the Collateral Agent, and Education Creditor Trust (the "Notice Parties") prior to making any distribution to any Beneficiaries hereunder.

{01959576-1}

**3.2.   Distribution; Withholding.**   All proceeds of the Insurance Claims shall be distributed, from time to time, in the following order of priority:

- *first*,  to pay or reserve for any taxes imposed on the Trust or in respect of the Insurance Claims;

- *second*, to pay or reserve for the Medical Claims in accordance with the terms of the Medical Claim Payment Plan;

- *third*, to pay or reserve, in the Trustee's reasonable discretion, such administrative expenses as set forth in Paragraph 2.1(c)(v)(A) and (B);

- *fourth*, to pay (i)  allowed fees and expenses of the Receiver and his attorneys, accountants and other professionals that were incurred in his capacity as receiver for the Debtors; and, (ii) $900,000 to satisfy the receiver note issued by the Receiver to the Agent, dated as of October 31, 2019 (collectively, the "Specified Receivership Expenses");

- *fifth*, to pay further expenses of the Receiver as ordered by the Court after notice to the Notice Parties;

- *sixth*, any remaining proceeds shall be paid to the Debtor Beneficiaries.

The Trustee may withhold from amounts distributable to the Debtor Beneficiaries any and all amounts, determined in the Trustee's reasonable discretion, to be required by this Agreement or any law, regulation, rule, ruling, directive, or other governmental requirement.

Nothing in this section 3.2 shall serve as an admission by any party of the actual extent or propriety of any other party's alleged claims.

**3.3.   Manner of Payment or Distribution.**  After the distributions are made from the Initial Settlement, subsequent distributions will be made in accord with Section 3.2 above, with notice of the distributions being given to the Agent, Education Creditor Trust, and the U.S. Department of Education by regular U.S. Mail (supplemented by email if the Trustee so elects), ten business days before the distribution is made.  The Trustee may make distributions by wire, check, or such other method as the Trustee deems appropriate under the circumstances.

**3.4.   Delivery of Litigation Trust Distributions.**   All distributions under this Agreement to any Beneficiary shall be made at the address of such Beneficiary or in such other manner as such Beneficiary shall have specified for payment purposes in a written notice to the Trustee at least twenty (20) days prior to such distribution date. In the event that any distribution

{01959576-1}

to any Beneficiary is returned as undeliverable, the Trustee shall be entitled to rely on the most current information available from the Court to determine the current address of such Beneficiary, but no distribution to such Beneficiary shall be made unless and until the Trustee has determined the then current address of such Beneficiary, at which time such distribution shall be made to such Beneficiary without interest; provided, however, that such undeliverable or unclaimed distributions shall be deemed unclaimed property at the expiration of one year from the date of distribution. The Trustee shall reallocate the undeliverable and unclaimed distributions for the benefit of other Beneficiaries as in accordance with this Agreement.

3.5.    **Cash Distributions.**  No cash distributions shall be required to be made to any Beneficiary in an amount less than one hundred dollars ($100). Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions. Notwithstanding the foregoing, all cash shall be distributed in the final distribution of the proceeds from the Insurance Claims.

**Section IV**

**ACCOUNTS AND PAYMENTS**

4.1.    **Accounts.**  The Trustee may, from time to time, create such accounts and reserves as he may deem necessary, prudent, or useful to (a) provide for the payment, or to make provision for future payment, of Trust expenses, (b) provide for the payment, or to make provision for future payment, on account of Insurance Claims, and/or (c) account for any tax withholding and tax payments that may be necessary with respect to amounts to be paid to the Beneficiaries; and may, with respect to any such account or reserve, restrict the use of monies therein.

4.2.    **Source of Payments.**  All Trust expenses and all other liabilities of the Trust shall be payable solely by the Trustee out of the Trust assets.  Neither the Trustee in his personal capacity, nor any of his respective officers, agents, advisors, or employees shall be liable for the payment of Trust expenses or any other liability of the Trust.

4.3.    **Litigation Settlement Trust Expenses.**  Trust expenses shall be paid as and when incurred by the Trust in accordance with the terms and conditions of this Agreement.

4.4.    **Claim Payments; Withholding.**  The Insurance Claims shall be submitted to the Trust in the manner prescribed in this Agreement and resolved and paid in accordance with the terms of this Agreement.  The Trustee shall withhold from any distributions to be made to the Beneficiaries any and all amounts determined pursuant to the Trustee's reasonable discretion, as required under applicable law, regulation, rule, ruling, directive, or other governmental requirement. The Trustee shall (a) remit such amounts to the appropriate governmental entity, and (b) report to such appropriate governmental entity any distributions and withholdings on account of a Claim, as required by applicable law, regulation, rule, ruling, directive, or other governmental requirement.  Notwithstanding the foregoing, each Beneficiary that is to receive a distribution pursuant to the Court's instructions shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligation imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution.

{01959576-1}

## Section V

## TRUSTEE

**5.1.** **Number.** There shall be one (1) Trustee. The initial Trustee shall be MARK E. DOTTORE.

**5.2.** **Term of Service.**

(a) The initial Trustee named pursuant to Section 5.1, above, shall serve from the Effective Date until the earlier of (i) his death, (ii) his resignation pursuant to Section 5.2(b), below, (iii) his or her removal pursuant to Section 5.2(c), below, or (iv) the termination of the Trust pursuant to Section 6.3, below.

(b) The Trustee may resign at any time by written notice to the Court. Such notice shall specify a date when such resignation shall take place, which shall not be less than ninety (90) days after the date such notice is given, where practicable. Should the Trustee resign, the Court retains jurisdiction to appoint a successor Trustee.

(c) The Trustee may be removed by order of a court of competent jurisdiction in the event the Trustee becomes unable to discharge his or her duties hereunder due to accident or physical or mental deterioration, or upon motion of any third party for other good cause. Good cause shall be deemed to include, without limitation: (i) substantial failure to comply with the general administrative provisions of Section 2.2, above; (ii) a consistent pattern of neglect and failure to perform or participate in performing the duties of the Trustee hereunder; (iii) repeated nonattendance at scheduled meetings; or, (iv) one of the circumstances set forth in Section 5.7 of this Agreement. Notwithstanding the foregoing, the Trustee may be removed by the United States District Court, Northern District of Ohio, upon the Court's own motion and at its sole discretion. Removal shall take effect at such time as the Court shall determine.

**5.3.** **Appointment of Successor Trustee**

(a) In the event of a vacancy in the position of Trustee, the Court shall appoint a successor (the "Successor Trustee"). A Trustee who is removed for cause may not subsequently serve as Trustee.

(b) Immediately upon the appointment of any Successor Trustee, all rights, duties, powers, and authority of the predecessor Trustee hereunder shall be vested in, and undertaken by, the Successor Trustee without any further act. No Successor Trustee shall be liable personally for any act or omission of his or her predecessor Trustee.

{01959576-1}

(c)      A Successor Trustee shall serve until the earlier of (i) his or her death, (ii) his or her resignation pursuant to <u>Section 5.2(b)</u>, above, (iii) his or her removal pursuant to <u>Section 5.2(c)</u>, above, or (iv) the termination of the Trust pursuant to <u>Section 6.3</u>, below.

**5.4.**      **<u>Liability of the Trustee</u>.**  The Trustee shall not have any liability to the Trust, the Beneficiaries, or to any other person or entity for actions taken or not taken in connection with the operation of the Trust or the administration, processing, settlement, liquidation, and/or satisfaction of the Litigation Claims; and/or payment to the Beneficiaries, except for a breach of fiduciary duty committed through fraud, gross negligence, or willful misconduct.

**5.5.**      **<u>Compensation and Expenses of the Trustee</u>.**

(a)      For all time expended: (i) administering the Trust in accordance with the terms of this Agreement; (ii) preparing for and attending Trust meetings; and, (iii) processing, administering, resolving, liquidating, and/or paying sums to the Beneficiaries, the Trustee shall receive the sum of $400 per hour, and the sum of $200 per hour for non-working travel time, in both cases computed on a quarter-hour basis.  Sums due under this section shall be paid periodically in accord with the Trustee's reasonable discretion, but not more often than monthly.

In addition, upon application to the United States District Court, Northern District of Ohio and upon a showing of good cause, the Court may, in its discretion, award additional compensation to the Trustee up to but not exceeding seven and two/thirds percent (7.67%) of any monies obtained in resolution of any Insurance Claims.

(b)      The Trust will promptly reimburse the Trustee for all reasonable out-of-pocket costs and expenses incurred by the Trustee in connection with the performance of his or her duties hereunder, provided, however, that the Court may make such order as it deems advisable to seek disgorgement of any cost or expense for which the Trustee has received reimbursement that the Court determines was not reasonable under the circumstances.

(c)      The Trustee shall provide at least 10 business days' notice to the Notice Parties identified in Exhibit C hereof prior to making any payment of any contingent fee set forth in Section 5.5(a) hereunder.

**5.6.**      **<u>Trustee's Employment of Experts</u>.**  The Trustee may, but shall not be required to, retain and/or consult with counsel, accountants, appraisers, auditors, forecasters, experts, financial and investment advisors, and such other parties deemed by the Trustee to be qualified as experts on the matters submitted to them (a "<u>Trust Professional</u>").  In the absence of the Trustee's gross negligence, the written opinion of, or information provided by, any such Trust Professional on the particular matter in respect of which such Trust Professional is an expert may be relied upon by the Trustee and shall be full and complete authorization and protection to the Trustee in respect of any action taken or not taken in good faith by the Trustee otherwise consistent with this Agreement

and in accordance with the written opinion of or information provided by such Trust Professional. Fees paid to Trust Professionals shall be deemed Trust expenses.

**5.7.** **Trustee's Independence.** The Trustee shall not, during the term of his service, hold a financial interest in, act as attorney or agent for, or serve as any other professional for any entity with a financial interest in the operation of the Trust.

**5.8.** **Bond.** The Trustee shall not be required to post any bond or other form of surety or security unless otherwise ordered by the Court.

**Section VI**

**GENERAL PROVISIONS**

**6.1.** **Indemnification.**

(a)     The Trust shall indemnify, hold harmless, and defend the Trustee and the Additional Indemnitees (the "Indemnified Parties") in the performance of their respective duties hereunder to the fullest extent that a corporation or trust organized under the laws of the State of Ohio is entitled to indemnify and defend such persons against any and all liabilities, expenses, claims, damages, or losses incurred by them in the performance of their duties hereunder. Notwithstanding the foregoing, no individual shall be indemnified or defended in any way for any liability, expense, claim, damage, or loss for which he or she is ultimately held liable as a result of such individual's own breach of fiduciary duty committed through fraud, gross negligence, or willful misconduct.

(b)     The Trust may purchase and maintain reasonable amounts and types of insurance on behalf of an Indemnified Party to provide for payment of the obligations of the Trust under this Section 6.1.

**6.2.** **Irrevocability.** The Trust is irrevocable.

**6. 3.** **Termination.** The Trust shall automatically terminate on the date that is ninety (90) days after the date that all Insurance Claims have been resolved and all proceeds related to recoveries from the Insurance Claims have been paid to the Beneficiaries to the extent provided in this Agreement.

**6.4.** **Amendments.** The Trustee, after consultation with the Court and ten business days' notice to the Notice Parties, may modify or amend this Agreement; provided, that the Trustee may not amend this Agreement in a manner that is materially adverse to the Beneficiaries without further order of the Court and the opportunity for the Beneficiaries to object.

**6.5.** **Severability.** Should any provision of this Agreement be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Agreement.

**6.6.**  **Notices.**  Any notices or other communications required or permitted hereunder to the following parties shall be in writing and delivered at the address designated below, or sent by email or facsimile pursuant to the instructions listed below, or mailed by registered or certified mail, return receipt requested, postage prepaid, addressed as follows, or to such other address or addresses as may hereafter be furnished in writing to each of the other parties listed below in compliance with the terms hereof.

|  |  |
|---|---|
| To the Trust and Trustee: | c/o Mark E. Dottore<br>2344 Canal Road<br>Cleveland, Ohio  44113<br>With a copy to:<br>Rob Glickman<br>McCarthy Lebit Crystal & Liffman Co., LPA<br>1111 Superior Ave., Suite 2700<br>Cleveland, OH  44114 |
| To the Court: | c/o Clerk of Courts<br>United States District Court<br>for the Northern District of Ohio<br>801 West Superior Avenue<br>Cleveland, Ohio  44113<br>Case Number: 1:19-cv-00145-DAP |

All such notices and communications if mailed shall be effective when physically delivered at the designated address or, if electronically transmitted, when the communication is received at the designated addresses and confirmed by the recipient by return transmission.

**6.7.**  **Successors and Assigns.**  The provisions of this Agreement shall be binding upon and inure to the benefit of the Trust, the Trustee, and their respective successors and assigns, except that neither the Trust or Trustee may assign or otherwise transfer any of its or their rights or obligations under this Agreement except as contemplated by Section 2.1, above.

**6.8.**  **Entire Agreement; No Waiver.**  The entire agreement of the parties relating to the subject matter of this Agreement is contained herein, and this Agreement and such documents supersede any prior oral or written agreements concerning the subject matter hereof.  No failure to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof or of any other right, power, or privilege.  The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

**6.9.**  **Headings.**  The headings used in this Agreement are inserted for convenience only and do not constitute a portion of this Agreement, nor in any manner affect the construction of the provisions of this Agreement.

**6.10.**  **Governing Law.**  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Ohio, without regard to conflict of law principles.

{01959576-1}

**6.11.  Representations and Cooperation.**  The Debtors are hereby irrevocably designated as settlors and are hereby authorized to take any action required of the settlors in connection with this Agreement.  Pursuant to the terms of the Agreement, the Debtors agree to reasonably cooperate as may be requested by the Trustee in implementing the goals and objectives of the Trust.

**6.12.  Dispute Resolution.**  Any disputes that arise under this Agreement will be resolved by (i) submission of the matter to an alternative dispute resolution ("ADR") process mutually-agreeable by the parties involved with such dispute, or (ii) application to the United States District Court for the Northern District of Ohio, in each case, for a determination of the matter in accordance with the terms of this Agreement and, if not addressed herein, in accordance with generally accepted principles of equity.  Any review by the Court of a dispute that is first submitted to non-binding ADR shall be *de novo*.

**6.13.  Effectiveness.**  This Agreement shall not become effective until it has been executed and delivered by all parties hereto.

**6.14.  Counterpart Signatures.**  This Agreement may be executed in any number of counterparts, each of which shall constitute an original, but such counterparts shall together constitute but one and the same instrument.

[Remainder of Page Intentionally Left Blank; Signature Page Follows]


IN WITNESS WHEREOF, the parties have executed this Agreement this _____ day of _____, 2023.

ON BEHALF OF ALL OF THE DEBTORS

**DRAFT**

By: Mark E. Dottore _____
Its: Receiver _____


TRUSTEE

**DRAFT**

By: Mark E. Dottore _____
Its: Trustee _____

**Exhibit A**
**DEBTORS**

1. South University of Ohio LLC
2. Dream Center Education Holdings LLC
3. The DC Art Institute of Raleigh-Durham LLC
4. The DC Art Institute of Charlotte LLC
5. DC Art Institute of Charleston LLC
6. DC Art Institute of Washington LLC
7. The Art Institute of Tennessee – Nashville LLC
8. AiTN Restaurant LLC
9. The Art Institute of Colorado LLC
10. DC Art Institute of Phoenix LLC
11. The Art Institute of Portland LLC
12. The Art Institute of Seattle LLC
13. The Art Institute of Pittsburgh, DC LLC
14. The Art Institute of Philadelphia, DC, LLC
15. DC Art Institute of Fort Lauderdale LLC
16. The Illinois Institute of Art LLC
17. The Art Institute of Michigan LLC
18. The Illinois Institute of Art at Schaumberg LLC
19. DC Art Institute of Phoenix, LLC and its direct subsidiaries
20. The Art Institute of Las Vegas LLC
21. The Art Institute of Indianapolis, LLC
22. AiIN Restaurant LLC
23. Dream Center Argosy University of California LLC and its direct subsidiaries
24. Argosy Education Group LLC
26. Dream Center Education Management LLC
27. South University of Michigan LLC

**EXHIBIT B**

**DCEH INSURANCE LITIGATION TRUST AGREEMENT
ASSIGNMENT OF CLAIMS**

WHEREAS, the entities listed on Exhibit 1 (the "Debtors") are in receivership within the matter captioned *Digital Media Solutions, LLC v. South University of Ohio, LLC, et al.*, case number 1:19-cv-145, United States District Court, Northern District of Ohio case number 1:19-cv-145 (the "Receivership"):

In accord with the lawful order of the Court overseeing the Receivership, the undersigned, MARK E. DOTTORE, as Receiver for the Debtors, hereby assigns all of his as Receiver and the Debtors' rights, titles, and interests in and to the following claims and various causes of action (the "Insurance Claims"), to MARK E. DOTTORE, TRUSTEE OF THE DCEH INSURANCE LITIGATION TRUST DATED _____, 2023. The Claims being assigned include, but are not limited to:

> Claims against the Debtors' former officers and directors including, but not limited to: Brent Richardson, Chris Richardson, Pastor Matthew Barnett, John Crowley, Chad Garrett, Monica Carson, Melissa Ebenshade, Shelly Gardner, Mike Lacrosse, Shelly Murphy, Rob Paul, Debbi Lannon-Smith, Stacey Sweeney, Randall Barton, Timothy Slottow, Rufus Glasper, and Jack DeBartolo. Said Claims include, but are not limited to:
>
> > a. Those relating to the establishment, maintenance, and funding of health care coverage plans for Debtors, including those related to the failure to pay plan participants' legitimate health care bills that should have been paid by the plans;
> >
> > b. Those relating to alleged misrepresentations made to secured lenders, including Banc of America Credit Products, Inc., Bank of America NA, Barclays Bank PLC, Candlewood Special Situations Master Fund II, LP Credit Suisse AG Cayman Islands Branch, Flagler Master Fund SPC Ltd acting for and on behalf of the Class A segregated portfolio and the Class B segregated portfolio, and JP Morgan Chase Bank (together, the "Secured Lenders") to obtain financing therefrom;
> >
> > c. Those relating to their decision to not pay students or students' parents the credit balances ("stipends") due;
> >
> > d. Those relating to alleged misrepresentation to current and prospective students concerning schools' accreditation status;
> >
> > e. Those relating to the alleged failure to notify current and prospective students of the Debtors' precarious financial position in December 2018 and January 2019, and the accordant likely failure of the schools to complete the newly-started terms;
> >
> > f. Those relating to their decision to pay friends and family undue bonuses shortly before the Debtors entered Receivership;

    g.  Those relating to their decision to pay the Dream Center Foundation more than $1.5 million; and,

    h.  All claims arising out of their alleged negligence and breach of fiduciary duty arising out of their management of, or performance of duties to, the Debtors.

In accord with the lawful order of the Court overseeing the Receivership, the undersigned, MARK E. DOTTORE, as Receiver for the Debtors, hereby assigns all of his as Receiver and the Debtors' rights, titles, and interests in and to the following claims and various causes of action (the "Potential Claims"), to MARK E. DOTTORE, TRUSTEE OF THE DCEH INSURANCE LITIGATION TRUST DATED _____, 2023.  The Claims being assigned include, but are not limited to:

    a.  All claims against Aetna, or Aetna-related entities, regarding monies due the Debtors; and,

    b.  All claims against the former officers and directors of Education Management Corporation, including Brian J. Curtin, John Danielson, Chad M. Garrett, Frank Jalufka, Jerome Kramer, J. Devitt Kramer, Mark A. McEachen, Teresa L. Nelson, and Mark E. Novad.

This Assignment is effective as of _____, 2023.

ON BEHALF OF ALL OF THE DEBTORS

By: <u>Mark E. Dottore</u>

Its: <u>Receiver</u>

## RECEIPT OF CLAIMS

The undersigned, MARK E. DOTTORE, TRUSTEE OF THE DCEH LITIGATION TRUST DATED _____, 2021, hereby acknowledges receipt, as of this _____ day of _____, 2020, of the Claims.

MARK E. DOTTORE, TRUSTEE OF THE DCEH LITIGATION TRUST DATED _____, 2023

By: <u>Mark E. Dottore</u>

Its: <u>Trustee</u>

{01610839-3}

**Exhibit 1**
**DEBTORS**

1. South University of Ohio LLC
2. Dream Center Education Holdings LLC
3. The DC Art Institute of Raleigh-Durham LLC
4. The DC Art Institute of Charlotte LLC
5. DC Art Institute of Charleston LLC
6. DC Art Institute of Washington LLC
7. The Art Institute of Tennessee – Nashville LLC
8. AiTN Restaurant LLC
9. The Art Institute of Colorado LLC
10. DC Art Institute of Phoenix LLC
11. The Art Institute of Portland LLC
12. The Art Institute of Seattle LLC
13. The Art Institute of Pittsburgh, DC LLC
14. The Art Institute of Philadelphia, DC, LLC
15. DC Art Institute of Fort Lauderdale LLC
16. The Illinois Institute of Art LLC
17. The Art Institute of Michigan LLC
18. The Illinois Institute of Art at Schaumberg LLC
19. DC Art Institute of Phoenix, LLC and its direct subsidiaries
20. The Art Institute of Las Vegas LLC
21. The Art Institute of Indianapolis, LLC
22. AiIN Restaurant LLC
23. Dream Center Argosy University of California LLC and its direct subsidiaries
24. Argosy Education Group LLC
25. AU Student Funding, LLC
26. Dream Center Education Management LLC
27. South University of Michigan LLC

## Exhibit C

## Parties To Receive Notice By Ordinary Mail

| Party to Receive Notice | Address |
|---|---|
| Everest National Insurance Company | Willis Towers Watson<br>200 Liberty Street, 7th Floor<br>New York, NY  10281 |
| Starr Indemnity and Liability Company | Starr Adjustment Services, Inc.<br>399 Park Avenue, 9th Floor<br>New York, NY  10022<br><br>AND<br><br>Starr Indemnity & Liability Company<br>Attn:  Financial Lines Department<br>399 Park Avenue, 8th Floor<br>New York, NY  10022 |
| Landmark American Insurance Carrier | Landmark American Insurance Company<br>7135 E. Camelback, Suite F240<br>Scottsdale, AZ  85251 |
| Ironshore Indemnity Inc. | Ironshore Indemnity Inc.<br>c/o Ironshore Insurance Services, LLC<br>One State Street Plaza, 8th Floor<br>New York, NY  10004 |
| All Parties: Bolden Action (Darlene Bolden, Superior Court of CA, Case No. 37-2018-00038876-CU-BT-CTL | Edward D. Chapin, Esq.<br>Sanford Heisler Sharp, LLP<br>655 West Broadway, 17th Floor<br>San Diego, CA  92101<br><br>AND<br><br>Gregory M. Garrison, Esq.<br>Gregory M. Garrison, APC |

{01959576-1}

15

| | |
|---|---|
| | 9255 Towne Centre Drive, Suite 500<br>San Diego, California 92121<br><br>AND<br><br>Alexander E. Papaefthimiou, Esq.<br>Papaefthimiou APC<br>215 E. Daily Drive, Suite 28<br>Camarillo, CA 93010<br><br>AND<br><br>Chris Richardson, Esq.<br>Lopes Capital LLC<br>6230 E. Exeter Blvd.<br>Scottsdale, AZ 85251 |
| George L. Miller, Trustee, EDMC,<br>*In re The Art Institute of<br>Philadelphia, LLC* U.S.<br>Bankruptcy Court, Delaware, Case<br>No. 18-11535 | Evelyn Meltzer<br>Pepper Hamilton LLP<br>1313 N. Market Street, Suite 5100<br>Wilmington, DE 19899-1709<br><br>AND<br><br>Francis X. Lane<br>Steven M. Coren<br>Benjamin M. Mather<br>Kaufman, Coren & Ress, P.C.<br>Two Commerce Square<br>Suite 3900<br>2001 Market Street<br>Philadelphia, PA 19103<br><br>Colin Robinson<br>Bradford J. Sandler<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street<br>17th Floor<br>Wilmington, DE 19801 |
| U.S. Department of Labor | James Goldstein<br>Senior Investigator<br>U.S. Department of Labor<br>Employee Benefits Security Administration |

| | |
|---|---|
| | 35 N. Lake Avenue, Suite 300<br>Pasadena, CA  91101 |
| U.S. Department of Education | Donna S. Mangold, Esq.<br>United States Department of Education<br>Office of General Counsel – Division of Postsecondary Education<br>400 Maryland Avenue, S.W. - Room 6E108<br>Washington, D.C. 20202 |
| U.S. Department of Justice | John R. Kresse, Esq.<br>Corporate-Financial Litigation Section<br>Commercial Litigation Branch, Civil Division<br>U.S. Department of Justice<br>1100 L Street NW, Room 7012<br>Washington, DC 20044-0875 |
| Internal Revenue Service | 1111 Constitution Avenue, NW<br>Washington, DC  20224 |
| Internal Revenue Service – Insolvency Group 6 | 1240 East Ninth Street, Room 493<br>Cleveland, OH  44199 |
| Accrediting Counsel for Independent Colleges and Schools (ACICS) | Accrediting Counsel for Independent Colleges and Schools<br>1350 Eye Street, NW, Suite 560<br>Washington, DC 20005 |
| Higher Learning Commission | Higher Learning Commission<br>230 South LaSalle Street, Suite 7-500<br>Chicago, Illinois 60604-1411 |
| Middle States Commission on Higher Education | Middle States Commission on Higher Education<br>3624 Market St.<br>Philadelphia, PA 19104 |

| Settlement Administrator Consent Decree | DCEH Case Electronic Notice |
|---|---|
| General Revenue Corporation | Jennifer Hamilton<br>Client Liaison Supervisor<br>General Revenue Corporation<br>4660 Duke Drive, Suite 200<br>Mason, OH 45040-8466 |

## Additional DCEH-Related Suit Counsel To Receive Notice By Ordinary Mail

| Case Number | Case Caption | Counsel |
|---|---|---|
| W.D. PA Dist. Court 2:19-cv-00151-NB | *Carl Clemons v. Dream Center Education Holdings LLC and Argosy Education Group LLC* | William Harvey<br>Klehr Harrison Harvey Branzburg LLP<br>1835 Market Street<br>Suite 1400<br>Philadelphia, PA 19103 |
| E.D. Va Dist. Ct. 3:18-cv-00476-MHL | *Paula Faith Bingman v. South University of Virginia Inc d/b/a South University - Richmond, Education Management Corp., Dream Center Foundation, Dream Center Education Holdings LLC* | Michael Lorraine Donner, Sr.<br>Setliff Law PC<br>4940 Dominion Blvd.<br>Glen Allen, VA 23060<br><br>AND<br><br>Padraic Kevin Keane<br>Virginia Margaret Sadler<br>Jordan Coyne LLP<br>10509 Judicial Drive, Suite 200<br>Fairfax, VA 22030 |
| N.D. Ill Dist. Ct. 1:18-cv-05844 | *Robert Gillman v. Dream Center Education Holdings d/b/a/ The Art Institutes d/b/a/ The Art Institute of Pittsburgh* | James Joshua Parr<br>Michael S. Agruss<br>Taylor Leigh Kosla<br>Agruss Law Firm, LLC<br>Suite 419<br>4809 N. Ravenswood Ave.<br>Chicago, IL 60640<br><br>John C. Ochoa |

| | | Michael Matthew Chang<br>Smith Amundsen LLC<br>150 North Michigan Ave.<br>Suite 3300<br>Chicago, IL 60601<br><br>Michael A. Schern<br>Yusra B. Bokhari<br>Schern Richardson Finter, PLC<br>1640 S. Stapley Drive, Suite #132<br>Mesa, AZ 85204 |
|---|---|---|
| Superior Court<br>Los Angeles<br>County Case No.<br>BC683000 | *Tito Thomas v. Argosy University* | Todd Brian Scherwin, Esq.<br>Andrew J. Hongin<br>Fisher & Phillips LLP<br>444 S. Flower Street, Suite 1500<br>Los Angeles, GA 90071<br><br>AND<br><br>Tito A. Thomas<br>P.O. Box 1814<br>Hawthorne, CA 90251 |
| DOE OCR<br>Complaint No.<br>04-19-2007 | *Nancy Bent v. Argosy Education Group LLC, dba Argosy University Sarasota* | Nancy Bent<br>8788 Townsquare Court<br>Jacksonville, FL 32216<br><br>AND<br><br>U.S. Department of Education<br>Office for Civil Rights<br>Lyndon Baines Johnson Department of Education Building<br>400 Maryland Avenue, SW<br>Washington, DC 20202-1100 |
| Philadelphia<br>Court of<br>Common Pleas<br>Case No. 3805 | *Ryan Lund v. The Art Institute of Philadelphia* | David H. Denenberg, Esq.<br>1315 Walnut Street, Suite 500<br>Philadelphia, PA 19107 |

| Arizona Officer of Attorney General Complaint # 18-009452 | *Vallerie Hancock v. Argosy University, Phoenix* | Vallerie Hancock<br>13820 S. 44th Street, Apt. 1104<br>Phoenix, AZ 85044 |
|---|---|---|
| San Diego Superior Court Case No. 37-2018-00018512 | *Darcy Totten v. Dream Center Education Holdings* | Julian Hammond, Esq.<br>Hammond Law, PC<br>1829 Reisterstown Rd., Ste. 410<br>Baltimore, MD 21208 |
| San Bernadino Superior Court Case No. CIV DS 1721382 | *Cherisse Hunter-Southern v. Argosy University I.E. Dream Center Education Holding LLC* | Cherisse Hunter-Southern<br>10142 Victoria St<br>Alta Loma, CA 91701 |
| N.D. Ill Dist. Ct. 1:18-cv-03095 | *Jill Olmsted v. Illinois Institute of Art - Schaumburg, Inc., Illinois Institute of Art - Schaumburg, LLC, Education Management LLC, and Dream Center Education Holdings LLC* | Colleen M. McLaughlin, Esq.<br>Law Offices of Colleen M. McLaughlin<br>1751 S. Naperville Road, Ste. 209<br>Wheaton, IL 60189 |
| San Francisco Superior Court Case No. CGC-18-564745 | *Raymond Gonzalez v. Education Management Corporation, The Dream Center Foundation* | Frank E. Marchetti, Esq.<br>Marchetti Law<br>650 Sierra Madre Villa Ave., Suite 102<br>Pasadena, CA 91107 |
| EEOC Charge 533-2018-00488 | Justin Erlichman | U.S. Equal Employment Opportunity Commission - Pittsburgh Area Office<br>1000 Liberty Avenue, Room 1112<br>Pittsburgh, PA 15222<br><br>AND<br><br>Nelson D. Berardinelli, Esq.<br>NDB Law Firm, LLC<br>BNY Mellon Center<br>500 Grant Street, Suite 2900<br>Pittsburgh, PA 15219 |

| | | |
|---|---|---|
| EEOC Charge 540-2019-00399 | Douglas Brekan | Douglas Brekan<br>5419 S. Lighthouse Lane<br>Tempe, AZ 85283<br><br>AND<br><br>U.S. Equal Employment Opportunity Commission - Phoenix Office<br>3300 N Central Ave., # 690<br>Phoenix, AZ 85012 |
| Williamson County, Texas Case No.18-1167-C368 | *Tolani Akamo v. South University* | Larry Boje, Esq.<br>Law Firm of Boje & Associates<br>9898 Bissonnet, Ste. 419<br>Houston, TX 77036 |
| EEOC Charge No. 37B-2018-00170 | Kendall Juchter | Kendall Juchter<br>1255 Nusanu Avenue, #3113<br>Honolulu, HI 96817<br><br>AND<br><br>Hawaii Civil Rights Commission<br>830 Punchbowl Street, Room 411<br>Honolulu, HI 96813-5095 |
| Los Angeles Superior Court | Colby Lombardo | Coleby Lombardo<br>1215 Amethyst St., Unit B<br>Redondo Beach, CA 90277 |
| EEOC Charge 540-2018-04603 | Kira Davis | Kira Davis<br>3400 N. Alma School Road, Apt. 2006<br>Chandler, AZ 85224 |
| 12th Judicial Circuit for Sarasota County Court, Case No. 2019 CA 000277 | *LV17 LLC v. Argosy Education Group LLC and Dream Center Education Holdings LLC* | LV17 LLC<br>5250 17th Street, Suite 115<br>Sarasota, FL, 34245 |
| Dist. Ct. for Middle Dist. N.C., Case No. 1:18-cv-01049-TDS-JEP | *Adina Long v. Education Management Corporation, South University, Dream Center Holdings, and John South III* | Amos Jones, Esq.<br>Amos Jones Law Firm<br>1150 K Street, NW, Ste. 902<br>Washington, D.C. 20005-6809 |

| Orange County Superior Court Case No. 30-2019-01050428-CU-CR-CJC | *Robbie Munoz v. Western State College of Law, John Does 1 through 10* | Faulkner Post Law Firm<br>625 The City Drive<br>Suite 350<br>Orange, CA 92868 |
|---|---|---|
| Superior Court of Arizona, Maricopa County Case No. CV2018-011334 | *Concorde Office LLC v. Dream Center Education Holdings LLC* | Bryan Gottfredson, Esq.<br>Sacks Tierney P.A.<br>4250 N. Drinkwater Blvd., Fourth Floor<br>Scottsdale, Arizona 85251-3693 |
| ND of Georgia Case No. 1-16-cv04299 RWS | *Burge v. Educational Management Corp.* | DeLong Caldwell Bridgers & Fitzpatrick, LLC<br>101 Marietta Street, NW<br>3100 Centennial Tower<br>Atlanta, GA 30303 |

## State Taxing Authorities To Receive Notice By Ordinary Mail

| State | Department Name | Address |
|---|---|---|
| Alaska | Department of Revenue | PO Box 110400<br>Juneau, AK 99811-0400 |
| Alabama | Department of Revenue | 50 North Ripley Street<br>Montgomery, AL 36104 |
| Arkansas | Department of Finance and Administration | Ragland Building<br>1900 W. 7th St, Rm 1130<br>Little Rock, AR 72201<br><br>Ledbetter Building<br>1816 W 7th St, Rm 1380<br>Little Rock, AR 72201 |
| Arizona | Department of Revenue | 1600 West Monroe Street<br>Phoenix, AZ 85007 |
| California | Franchise Tax Board | PO Box 942857<br>Sacramento CA 94257- 0500 |

| State | Department Name | Address |
|---|---|---|
|  |  | California Department of Tax and Fee Administration<br>PO Box 942879<br>Sacramento, CA  94279-0001 |
| Colorado | Department of Revenue | PO Box 17087<br>Denver, CO 80217-0087 |
| Connecticut | Department of Revenue Services | 450 Columbus Boulevard, Suite 1<br>Hartford, Connecticut 06103 |
| District of Columbia | Office of Tax and Revenue | 1350 Pennsylvania Avenue, NW, Suite 203, Washington, DC 20004 |
| Delaware | Division of Revenue | PO Box 830<br>Wilmington, Delaware 19801 – 830 |
| Florida | Department of Revenue | General Counsel<br>Mark Hamilton<br>PO Box 6668<br>Tallahassee, FL 32314-6668 |
| Georgia | Department of Revenue | DOR Headquarters<br>1800 Century Boulevard NE<br>Atlanta, GA 30345<br><br>PO Box 740397<br>Atlanta, GA 30374-0397 |
| Hawaii | Department of Taxation | 830 Punchbowl Street, Honolulu, HI 96813-5094 |
| Iowa | Department of Revenue | Corporation Tax<br>PO Box 10466<br>Des  Moines, IA  50306-0466 |
| Idaho | State Tax Commission | PO Box 36<br>Boise ID 83722-0410 |
| Illinois | Department of Revenue | PO Box 19048<br>Springfield, IL 62794-9048 |

| State | Department Name | Address |
|---|---|---|
|  |  | PO Box 19016<br>Springfield, IL 62794-9016<br><br>200 S. Wyman Street, Suite 306<br>Rockford, IL  61101-1234<br><br>PO Box 19035<br>Springfield, IL  62794-9035<br><br>Illinois Department of<br>Employment Security<br>33 S. State Street, 10th Floor<br>Chicago, IL  60603-2802<br><br>Illinois Department of<br>Employment Security<br>PO Box 19299<br>Springfield, IL  62794-9300 |
| Indiana | Department of Revenue | PO Box 7206<br>Indianapolis, IN 46207-7206<br><br>PO Box 1028<br>Indianapolis, IN  46206-1028<br><br>PO Box 0595<br>Indianapolis, IN  46206 |
| Kansas | Department of Revenue | Corporate Estimated<br>Tax/Withholding Tax<br>PO Box 3506<br>Topeka, KS 66625-3506<br><br>Corporate Tax<br>PO Box 750260<br>Topeka, KS 66699-0260<br><br>Division of Taxation<br>120 SE 10th Avenue<br>PO Box 3506<br>Topeka, KS  66601-3506 |

| State | Department Name | Address |
|---|---|---|
| Kentucky | Department of Revenue | 501 High Street<br>Frankfort, KY 40601 |
| Louisiana | Department of Revenue | PO Box 201<br>Baton Rouge, LA 70821-0201<br><br>617 North Third Street<br>Baton Rouge, LA 70802 |
| Massachusetts | Department of Revenue | PO Box 7003<br>Boston, MA 02204 |
| Maryland | Comptroller of Maryland | 110 Carroll Street<br>Annapolis, MD 21411-0001 |
| Maine | Revenue Services | PO Box 1065<br>Augusta, ME 04332-1065<br><br>PO Box 1060<br>Augusta, ME  04332-1060 |
| Michigan | Department of Treasury | PO Box 30778<br>Lansing, MI 48909<br><br>Department of Labor and Economic Opportunity –<br>Unemployment Insurance Agency<br>3024 W. Grand Blvd., # 12-100<br>Detroit, MI 48202<br><br>Department of Labor & Economic Opportunity<br>Unemployment Insurance Agency<br>PO Box 33598<br>Detroit, MI  48232-5598 |
| Minnesota | Department of Revenue | 600 North Robert St.<br>St. Paul, MN 55101<br><br>PO Box 64649<br>Saint Paul, MN  55164-0649 |

| State | Department Name | Address |
|-------|-----------------|---------|
|  |  | PO Box 64651<br>St. Paul, MN  55164-0651 |
| Missouri | Department of Revenue | Harry S Truman State Office Building<br>301 West High Street<br>Jefferson City, MO 65101<br><br>The Missouri Department of Labor and Industrial Relations – Division of Employment Security<br>PO Box 59<br>Jefferson City, MO 65104-0059<br><br>Taxation Department<br>PO Box 3375<br>Jefferson City, MO  65105-3375 |
| Mississippi | Department of Revenue | PO Box 1033<br>Jackson, MS 39215-1033<br><br>PO Box 23338<br>Jackson, MS 39225-3338<br><br>PO Box 22808<br>Jackson, MS 39225-2808 |
| Montana | Department of Revenue | PO Box 8021<br>Helena, MT 59604-8021 |
| North Carolina | Department of Revenue | PO Box 25000<br>Raleigh, NC 27640-0640<br><br>Post Office Box 871<br>Raleigh, NC 27602 |
| North Dakota | Department of Revenue | Office of State Tax Commissioner<br>600 E. Boulevard Ave., Dept. 127<br>Bismarck, ND  58505-0599 |
| Nebraska | Department of Revenue | PO BOX 98912<br>Lincoln, NE 68509-8912 |

| State | Department Name | Address |
|---|---|---|
| New Hampshire | Department of Revenue | Administration<br>Governor Hugh Gallen State Office Park<br>109 Pleasant Street<br>Concord, NH 03301 |
| New Jersey | Department of Revenue | NJ Division of Taxation<br>PO Box 245<br>Trenton, NJ 08695-0245<br><br>NJ Division of Taxation<br>PO Box 248<br>Trenton, NJ 08646-0248 |
| New Mexico | Department of Revenue | Corporate Income and Franchise Tax<br>PO Box 25127<br>Santa Fe, NM 87504-5127<br><br>Correspondence for the Secretary's Office, Legal and Other General Information<br>PO Box 630<br>Santa Fe, NM 87504-0630 |
| Nevada | Department of Taxation | Grant Sawyer Office Building<br>555 E. Washington Ave, Suite 1300<br>Las Vegas, NV 89101<br><br>1550 College Parkway, Suite 115<br>Carson City, NV 89706 |
| New York | State Department of Taxation | Attn: Office of Counsel<br>Building 9<br>W A Harriman Campus<br>Albany, NY 12227 |
| Ohio | Office of State Tax Commissioner | Ohio Department of Taxation<br>Attn: Business Compliance Division<br>PO Box 1090 |

{01959576-1}

27

| State | Department Name | Address |
|---|---|---|
| | | Columbus, OH 43216-1090<br><br>The City of Bowling Green Ohio<br>Attention:  Robert Wright<br>304 North Church Street<br>Bowling Green, Ohio  43402 |
| Oklahoma | Tax Commission | 2501 North Lincoln Boulevard<br>Oklahoma City, OK 73194<br><br>The Oklahoma Employment<br>Security Commission<br>PO Box 52003<br>Oklahoma City, OK 73152-2003 |
| Oregon | Department of Taxation | PO Box 14260<br>Salem, OR 97309-5060<br><br>PO Box 14950<br>Salem, OR 97309-0950<br><br>PO Box 4395, Unit 02<br>Portland, OR  97208<br><br>State of Oregon<br>Employment Department<br>875 Union Street, NE<br>Salem, OR  97311-0030<br><br>State of Oregon<br>Department of Revenue<br>955 Center St., NE<br>Salem, OR  97301-2555 |
| Pennsylvania | Department of Revenue | PO Box 280427<br>Harrisburg, PA 17128-0427 |
| Rhode Island | Department of Revenue | Division of Taxation<br>One Capitol Hill<br>Providence, RI 02908 |
| South Carolina | Department of Revenue | 300A Outlet Pointe Boulevard |

| State | Department Name | Address |
|---|---|---|
| | | Columbia, SC 29210 |
| South Dakota | Department of Revenue and Regulation | 445 East Capitol Ave<br>Pierre, SD 57501-3185 |
| Tennessee | Department of Revenue | 500 Deaderick Street<br>Nashville, TN 37242 |
| Texas | Comptroller of Public Accounts | Texas Comptroller of Public Accounts<br>PO Box 13528<br>Capitol Station<br>Austin, Texas 78711-3528 |
| Utah | State Tax Commission | 210 North 1950 West<br>Salt Lake City, Utah 84134 |
| Virginia | Department of Taxation | Office of Customer Services<br>PO Box 1115<br>Richmond, VA 23218-1115 |
| Vermont | Department of Taxes | PO Box 1881<br>Montpelier, VT 05601-1881 |
| Washington | Department of Revenue | Treasury Management<br>PO Box 47464<br>Olympia, WA 98504-7464 |
| Wisconsin | Department of Revenue | PO Box 8908<br>Madison, WI 53708-8908<br><br>PO Box 8901<br>Madison, WI 53708-8901 |
| West Virginia | Department of Revenue | Taxpayer Services<br>1124 Smith Street<br>Charleston, WV 25301 |
| Wyoming | Department of Revenue | 122 West 25th Street, Suite E301<br>Herschler Building, East<br>Cheyenne, Wyoming 82002 |